UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| BENJAMIN CRAIG, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>CENTURYLINK, INC., GLEN F. POST, III and R. STEWART EWING, JR.,<br><br>　　　　　　　　　Defendants. | **Civil Action No: 17-cv-01005**<br><br>Judge Robert G. James<br><br>Magistrate Judge Joseph H. L. Perez-Montes |
| DON J. SCOTT, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>CENTURYLINK, INC., GLEN F. POST, III, R. STEWART EWING, JR. and DAVID D. COLE,<br><br>　　　　　　　　　Defendants. | **Civil Action No.: 17-cv-01033**<br><br>Judge Robert G. James<br><br>Magistrate Judge Joseph H. L. Perez-Montes |
| AMARENDRA THUMMETI, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>CENTURYLINK, INC., GLEN F. POST, III, and R. STEWART EWING, JR.,<br><br>　　　　　　　　　Defendants | **Civil Action No.: 17-cv-04695**<br><br>*Joint Stipulation filed on August 16, 2017 to transfer case to U.S.D.C. Western District of Louisiana* |

## MEMORANDUM OF LAW IN SUPPORT OF MOVANT SONA ANDRESIAN'S MOTION TO CONSOLIDATE THE ACTIONS, TO BE APPOINTED LEAD PLAINTIFF AND TO APPRROVE HER SELECTION OF COUNSEL

Movant Sona Andresian ("Movant") respectfully submits this memorandum of law in support of her motion for: (1) consolidation of the above-captioned actions; (2) appointment as lead plaintiff in the action, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by Section 10(b) of the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (3) approval of Movant's selection of the law firm of Gainey McKenna & Egleston ("GM&E") as lead counsel and Pendley, Baudin & Coffin as liaison counsel for the Class.

## NATURE OF THE ACTION

This is a federal securities class action on behalf of investors who purchased or otherwise acquired CenturyLink, Inc. ("CenturyLink" or the "Company") common stock between March 1, 2013 and June 19, 2017, inclusive (the "Class Period"), seeking remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

CenturyLink is an integrated communications company engaged primarily in providing an array of services to residential and business customers. Its communications services include local and long-distance voice, broadband, Multi-Protocol Label Switching ("MPLS"), private line (including special access), Ethernet, colocation, hosting (including cloud hosting and managed hosting), data integration, video, network, public access, Voice over Internet Protocol ("VoIP"), information technology and other ancillary services. ¶ 2.[1]

---

[1] Allegations are from the action entitled *Don J. Scott v. CenturyLink, Inc., et al.*, Case 3:17-cv-01033.

CenturyLink publicly issued materially false and misleading statements and omitted material facts necessary to make their statements not false or misleading, regarding its unlawful business practices and its failure to comply with applicable laws and regulations. ¶ 3

Defendants failed to disclose that: (1) CenturyLink policies' had engaged the Company in unlawful business practices by allowing its employees to add services or lines to accounts without customer permission, resulting in millions of dollars in unauthorized charges to CenturyLink customers; (2) accordingly, the Company's revenues contained ill-gotten gains that originated from the Company's illicit conduct and were unsustainable; (3) the foregoing illicit conduct was likely to subject CenturyLink to heightened regulatory scrutiny; and (4) as a result of the foregoing, Defendants' statements about CenturyLink's business, operations, and prospects, were false and misleading and/or lacked a reasonable basis. ¶ 3.

On June 16, 2017, *Bloomberg* published an article entitled "CenturyLink Is Accused of Running a Wells Fargo-Like Scheme." The article reported on a lawsuit, recently filed in Arizona state superior court by former CenturyLink employee Heidi Heiser, alleging that Heiser "was fired for blowing the whistle on the telecommunications company's high-pressure sales culture that left customers paying millions of dollars for accounts they didn't request." The *Bloomberg* article stated that Heiser "was fired days after notifying Chief Executive Officer Glen Post of the alleged scheme during a companywide question-and-answer session held on an internal message board." ¶ 5.

As a result of this news, the price of CenturyLink shares dropped $1.23 per share to close at $25.72 per share on June 16, 2017, a decline of nearly 5% on volume of 43 million shares. Then, on June 19, 2017, *Bloomberg* reported that a consumer complaint had been filed against CenturyLink based on the whistleblower complaint alleging fraud, unfair competition and unjust

enrichment. As a result of this news, CenturyLink share price declined another $0.36 per share to close at $25.36 per share on June 19, 2017. ¶¶ 7, 8.

## ARGUMENT

### I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.*

#### A.   The Court Should Resolve The Consolidation Issue As A Prerequisite To The Determination Of Lead Plaintiff

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a). The Court has broad discretion under this rule to consolidate cases pending within this District. *Johnson v. LeBlanc*, Civil Action No.: 6:10-cv-0985 Section P, 2010 U.S. Dist. LEXIS 68036, at *7 (W.D. La. July 7, 2010)

The above-captioned actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter, and present, for the most part, the same legal issues. Each alleges the same violations of the Exchange Act and each is based on the same wrongful course of conduct. Each names the Company and certain of its officers and/or directors as defendants. Because these actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate.

Once the Court decides the consolidation motion, the PSLRA mandates that the Court

decide the lead plaintiff issue "[a]s soon as practicable." Section 21D(a)(3)(B)(ii), 15 U.S.C. § 78u-4(a)(3)(B)(ii). Here, a prompt determination is reasonable and warranted under Rule 42(a), given the common questions of fact and law presented by the related actions now pending in this District.

### B. Movant Should Be Appointed Lead Plaintiff

The "PSLRA directs courts to consider all timely-filed motions by purported class members who seek appointment as lead plaintiff." *Bach v. Amedisys, Inc.*, Civil Action No.: 10-395-BAJ-CN, 2010 U.S. Dist. LEXIS 112758, at *21 (M.D. La. Oct. 22, 2010). In order to effectuate this purpose, the PSLRA prescribes a strict, detailed process for the appointment of a lead plaintiff in "each private action arising under [Title 15] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1).

First, the PSLRA requires that, within 20 days of the filing of a private securities class action, notice must be published informing absent class members of the pendency of the action and their right to petition the court for appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Notice in this action was published on the internet via *BusinessWire* on June 22, 2017. *See* Declaration of Gregory M. Egleston ("Egleston Decl.") at Exhibit ("Ex."). A. The Notice advised CenturyLink investors that motions for lead plaintiff should be lodged with the court no later than Monday, August 21, 2017. *See id.*

Next, the PSLRA provides that within ninety (90) days after publication of notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In order to guide a court in determining the "most adequate plaintiff," the PSLRA provides that:

5

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that --
>
> > (aa)   has either filed the complaint or made a motion in response to a notice . . .
> >
> > (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As such, the PSLRA sets up a rebuttable presumption that the plaintiff with the largest stake in the controversy will be the lead plaintiff.

    C.    <u>**Movant Has a Significant Financial Interest in the Relief Sought by the Class**</u>

In determining the "most adequate plaintiff," the court must be guided by a presumption that the most adequate plaintiff is the person who "has the largest financial interest in the relief sought by the class" and who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). This presumption may be rebutted by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

During Class Period, Movant purchased 2,000 shares and sold none, still holding all 2,000 shares at present. *See* Egleston Decl., Ex. B. The purchase price paid for each share was $36.899. *See id.* Multiplying the prices paid for CenturyLink shares by the shares purchased renders a total investment by Movant during the Class Period of approximately $74,000.00. Because of the decline in the price of CenturyLink shares, Movant has suffered a loss of $27,339.80. *See* Egleston Decl., Ex. B.

With over $27,339 in total recognizable losses, Movant is unaware of any moving plaintiff with a larger financial stake in the litigation. If this remains the case, Movant would

6

possess the largest financial interest in the outcome of the litigation and would be presumed to be the "most adequate" lead plaintiffs. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Moreover, Movant is qualified to represent the Class and is willing to serve as a representative party. In addition, Movant has selected counsel that is highly experienced in prosecuting securities class actions such as this one. *See* Egleston Decl., Ex. C. Accordingly, Movant satisfies the requirements for appointment as lead plaintiff under the PSLRA.

### D. Movant Satisfies the Requirements of Rule 23 and the PSLRA

The PSLRA requires that the lead plaintiff "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). With respect to the claims of class representatives, Rule 23(a) requires that: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) such claims are typical of those of the class; and (4) the representative will fairly and adequately protect the interests of the class. Typicality and adequacy of representation are the only provisions relevant to the selection of lead plaintiff under the PSLRA. *See In re Orthodontics Ctrs. OF America, Inc.*, Civ. A. No. 01-949 Section "T" (5), 2001 U.S. Dist. LEXIS 21816 (E.D. La. Dec. 17, 2001). In addition, a lead plaintiff need only make "preliminary showing" of typicality and adequacy at this early stage of the proceedings. *See id.* ("In deciding a lead plaintiff motion, only a preliminary showing is required that Rule 23's requirements of typicality and adequacy are satisfied.").

The claims of Movant are typical of those of the Class. Typicality is established where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." *Tarica v. McDermott Int'l Inc.*, Civ. A. No. 99-3831 Section "R" (5), 2000 U.S. Dist. LEXIS 5031, at *13 (E.D. La. Apr. 13, 2000). Here typicality is satisfied, because Movant, like

the other class members purchased shares of CenturyLink "during the Class Period at inflated prices and [was] damaged thereby." *Orthodontics Ctrs.*, 2001 U.S. Dist. LEXIS 21816, at *12. Accordingly, Movant's claims are typical of those of the purported class members. *See id.* Similarly, Movant easily satisfies the adequacy requirement of Rule 23(a)(4). The adequacy of representation requirement is satisfied where it is established that a representative party will "fairly and adequately protect the interests of the class . . . ." Fed. R. Civ. P. 23(a)(4).

### E. Movant's Choice of Counsel Should be Appointed Lead Counsel

The PSLRA vests authority in the lead plaintiff to select lead counsel, subject to approval by the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with lead plaintiff's selection when necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). *See* also Statement of Managers – "The Private Securities Litigation Reform Act of 1995," 141 Cong. Rec. H13691-08, at H13700 (daily edition Nov. 28, 1995). Here, Movant has selected GM&E to serve as Lead Counsel and Pendley, Baudin & Coffin to serve as Liaison Counsel. GM&E is extensively experiences in litigating securities class actions and has successfully prosecuted numerous class actions on behalf of injured investors. *See* Egleston Decl., Ex. C.

### CONCLUSION

For the reasons set forth herein, Movant respectfully requests that the Court: (1) consolidate the above-captioned actions; (2) appoint Movant as lead plaintiff; (3) appoint GM&E as lead counsel and Pendley, Baudin & Coffin as liaison counsel; and (4) grant such other relief as it may deem just and proper.

Dated: August 21, 2017

                                      Respectfully Submitted,

                                      **PENDLEY, BAUDIN & COFFIN**

                                      By: /s/ Patrick W. Pendley
                                          Patrick W. Pendley (LSBA 10421)
                                      P.O. Drawer 71
                                      24110 Eden Street
                                      Plaquemine, LA 70765
                                      Telephone: (888) 725-2477
                                      Facsimile: (225) 687-6398

                                      *Proposed Liaison Counsel for the Class*

                                      **GAINEY McKENNA & EGLESTON**
                                      Gregory M. Egleston
                                      Thomas J. McKenna
                                      440 Park Avenue South, 5th Floor
                                      New York, NY 10016
                                      Telephone: (212) 983-1300
                                      Facsimile: (212) 983-0383

                                      *Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2017, I authorized the electronic filing of the foregoing with the Clerk of Court using the CMF/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 21, 2017.

*/s/ Rabu Pendley*