# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| BENJAMIN CRAIG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff(s),<br><br>v.<br><br>CENTURYLINK, INC., GLEN F. POST, III AND R. STEWART EWING JR,<br><br>Defendants | No.: 3:17-cv-01005<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CENTURYLINK INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** |
| DON J. SCOTT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff(s),<br><br>v.<br><br>CENTURYLINK, INC., GLEN F. POST, III, R. STEWART EWING, JR. AND DAVID D. COLE,<br><br>Defendants. | No.: 3:17-cv-01033 |

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS .........................................................................................................2

ARGUMENT .................................................................................................................................3

    A.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES ........................................................................................................3

    B.    THE CENTURYLINK INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF .................................................................................................4

        1.    The CenturyLink Investor Group is Willing to Serve as Class Representative ..............................................................................................5

        2.    The CenturyLink Investor Group Has the "Largest Financial Interest" .......................................................................................................6

        3.    The CenturyLink Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure..7

        4.    The CenturyLink Investor Group Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses ..................................................................................................9

    C.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ..........................................................................................................10

CONCLUSION.............................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.F.I.K. Holding SPRL v. Fass*,
    216 F.R.D. 567 (D. N.J. 2003)................................................................................6

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997).................................................................................................9

*Baby Neal v. Casey*,
    43 F.3d 48 (3d Cir. 1994) .......................................................................................8

*Bassin v. Decode Genetics, Inc.*,
    230 F.R.D. 313 (S.D.N.Y. 2005) ...........................................................................4

*Beck v. Maximus, Inc.*,
    457 F.3d 291 (3d Cir. 2006)...............................................................................8, 9

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
    252 F.R.D. 188 (S.D.N.Y. 2008) ...........................................................................3

*Danis v. USN Communs., Inc.*,
    189 F.R.D. 391 (N.D. Ill. 1999)..............................................................................8

*Fischler v. Amsouth Bancorporation*,
    176 F.R.D. 583 (M.D. Fla. 1997)...........................................................................7

*Gluck v. Cellstar Corp.*,
    976 F. Supp. 542 (N.D. Tex. 1997) ......................................................................7

*Greebel v. FTP Software*,
    939 F. Supp. 57 (D. Mass. 1996) .........................................................................7

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*,
    2004 U.S. Dist. LEXIS 10200 (E.D. Pa. Jun. 3, 2004)......................................6

*In re Comverse Tech., Inc., Sec. Litig.*,
    2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. Mar. 2, 2007)..................................6

*In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC),
    2009 U.S. Dist. LEXIS 69133 (S.D.N.Y. July 29, 2009) .................................4

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp.2d 286 (E.D.N.Y. 1998) ...............................................................6, 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ....................................................................7

*In re Tronox, Inc. Sec. Litig.*,
    262 F.R.D. 338 (S.D.N.Y. 2009) ...................................................................3

*In re Vicuron Pharms., Inc. Sec. Litig.*,
    225 F.R.D. 508 (E.D. Pa. 2004) .....................................................................6

*Janovici v. DVI, Inc.*, No. 03-4795,
    2003 U.S. Dist. LEXIS 22315 (E.D.Pa. Nov. 25, 2003) .................................6

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990) .........................................................................3

*Lax v. First Merch. Acceptance Corp.*,
    1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ..................................6

*Malcolm v. Nat'l Gypsum Co.*,
    995 F.2d 346 (2d Cir. 1993) ...........................................................................3

*Osher v. Guess ?, Inc.*,
    2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ...............................10

*Riordan v. Smith Barney*,
    113 F.R.D. 60 (N.D. Ill. 1986) .......................................................................9

## Statutes

15 U.S.C. § 78u-4(a)(3)(B)(iii) ..................................................................... *passim*

## Rules

Federal Rules of Civil Procedure Rule 23 .................................................... *passim*

Federal Rules of Civil Procedure Rule 42 ......................................................1, 3, 7

iii

Movants Allen Feldman, Mark D. Alger, Tae Yi, Essex Lacy, and Art Kleppen (collectively, the "CenturyLink Investor Group") respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for the entry of an Order: (1) consolidating the above-captioned related actions (the "Related Actions"); (2) appointing the CenturyLink Investor Group as Lead Plaintiff on behalf of all persons and entities that purchased or otherwise acquired the securities of CenturyLink Inc. ("CenturyLink" or the "Company") between March 1, 2013 and June 19, 2017, both dates inclusive (the "Class Period"); (3) approving Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") and Glancy Prongay & Murray LLP ("Glancy") as Co-Lead Counsel and Houck & Riggle, LLC ("Houck") as Liaison Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant or group of movants that possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The CenturyLink Investor Group, with losses of approximately $1,033,737 in connection with its purchases of CenturyLink securities during the Class Period, has the largest financial interest in the relief sought in this action. The CenturyLink Investor Group further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as it is an adequate representative with claims typical of the other Class members. Accordingly, the CenturyLink Investor Group respectfully submits that it should be appointed Lead Plaintiff.

1

**STATEMENT OF FACTS**

CenturyLink, Inc. provides various communications services to residential, business, wholesale, and governmental customers in the United States. It operates through two segments, Business and Consumer. The company offers broadband, Ethernet, colocation, video entertainment and satellite digital television services.

Founded in 1968, the Company is headquartered in Monroe, Louisiana and its stock trades on the New York Stock Exchange ("NYSE") under the ticker symbol "CTL."

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) CenturyLink's policies allowed its employees to add services or lines to accounts without customer permission, resulting in millions of dollars in unauthorized charges to CenturyLink customers; (ii) accordingly, the Company's revenues were the product of illicit conduct and unsustainable; (iii) the foregoing illicit conduct was likely to subject CenturyLink to heightened regulatory scrutiny; and (iv) as a result of the foregoing, CenturyLink's public statements were materially false and misleading at all relevant times.

On June 16, 2017, *Bloomberg* published an article entitled "CenturyLink Is Accused of Running a Wells Fargo-Like Scheme". The article reported on a lawsuit, recently filed in Arizona state superior court by former CenturyLink employee Heidi Heiser, alleging that Heiser "was fired for blowing the whistle on the telecommunications company's high-pressure sales culture that left customers paying millions of dollars for accounts they didn't request." The *Bloomberg* article stated that Heiser "was fired days after notifying Chief Executive Officer Glen Post of the alleged scheme during a companywide question-and-answer session held on an internal message board."

2

On this news, CenturyLink's share price fell $1.23, or 4.56%, to close at $25.72 on June 16, 2017.

Then, on June 19, 2017, *Bloomberg* reported that a consumer complaint had been filed against CenturyLink based on the whistleblower complaint alleging fraud, unfair competition and unjust enrichment.

On this news, CenturyLink's share price fell another $0.36 to close at $25.36 on June 19, 2017.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### A.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED FOR ALL PURPOSES

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.
> Fed. R. Civ. P. 42(a).  See also Manual for Complex Litigation (Third), § 20.123 (1995).

Consolidation is appropriate when the actions before the court involve common questions of law *or* fact.  See Fed. R. Civ. P. 42 (a); *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990)); *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (consolidating securities class actions); *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) (same).

3

Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interest of judicial economy served by consolidation. *See In re GE Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 U.S. Dist. LEXIS 69133, at *4–8 (S.D.N.Y. July 29, 2009) (consolidating actions asserting different claims against different defendants over different class periods).

The Related Actions at issue here clearly involve common questions of law *and* fact. Each action was brought against the Company, as well as certain officers and directors of the Company, in connection with violations of the federal securities laws. Accordingly, the Related Actions allege substantially the same wrongdoing, namely that defendants issued materially false and misleading statements and omissions that artificially inflated the price of the Company's securities and subsequently damaged the Class when the Company's stock price crashed as the truth emerged. Consolidation of the Related Actions is therefore appropriate. *See Bassin v. Decode Genetics, Inc.*, 230 F.R.D. 313, 315 (S.D.N.Y. 2005) (consolidation of securities class actions is particularly appropriate in the context of securities class actions where the complaints are based on the same statements and the defendants will not be prejudiced); *In re GE*, 2009 U.S. Dist. LEXIS 69133), at *5 ("Consolidation promotes judicial convenience and avoids unnecessary costs to the parties.").

    **B.**    **THE CENTURYLINK INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF**

The CenturyLink Investor Group should be appointed Lead Plaintiff because it has the largest financial interest in the Action and otherwise meet the requirements of Rule 23. Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of lead plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as

4

lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the CenturyLink Investor Group satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1. The CenturyLink Investor Group is Willing to Serve as Class Representative

On June 21, 2017 counsel for plaintiff in the first of the above-captioned actions to be filed caused a notice to be published over *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of CenturyLink securities that they had 60 days—*i.e.*, until August 21, 2017—to file a motion to be appointed as Lead Plaintiff. *See* Declaration of Jeremy A.

Lieberman in Support of Motion of the CenturyLink Investor Group for Consolidation, Appointment as Lead Plaintiff and Approval of Counsel ("Lieberman Decl."), Ex. A.

The CenturyLink Investor Group has filed the instant motion pursuant to the Notice, and its members have attached Certifications attesting that they are willing to serve as representatives for the Class, and provide testimony at deposition and trial, if necessary. *See* Lieberman Decl., Ex. B. Accordingly, the CenturyLink Investor Group satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. The CenturyLink Investor Group Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

As of the time of the filing of this motion, the CenturyLink Investor Group believes that it has the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).[1] The most critical among the Lax Factors is the approximate loss suffered. *See*, *e.g.*, *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *Janovici v. DVI, Inc.*, No. 03-4795, 2003 U.S. Dist. LEXIS 22315, at *39 (E.D.Pa. Nov. 25, 2003); *In re Am. Bus.*

---

[1] *See also In re Olsten Corp. Sec. Litig.,* 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998). *Accord In re Comverse Tech., Inc., Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878, at *22-*25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

6

*Fin. Servs., Inc. Sec. Litig.*, 2004 U.S. Dist. LEXIS 10200, at *2–3 (E.D. Pa. Jun. 3, 2004); *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 572 (D. N.J. 2003).

During the Class Period, the CenturyLink Investor Group (1) purchased 104,563 shares of CenturyLink securities; (2) expended $3,426,093 on its purchases of CenturyLink securities; (3) retained 101,563 of its CenturyLink shares; and (4) as a result of the disclosures of the fraud, suffered a loss of $1,033,737 in connection with its Class Period purchases. *See* Lieberman Decl., Ex. C. Because the CenturyLink Investor Group possesses the largest financial interest in the outcome of this litigation, it may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. The CenturyLink Investor Group Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff

7

under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

The claims of the CenturyLink Investor Group are typical of those of the Class. The CenturyLink Investor Group alleges, as do all class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning the Company, or omitted to state material facts necessary to make the statements they did make not misleading. The CenturyLink Investor Group, as did all members of the Class, purchased CenturyLink securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "'serves to uncover conflicts of interest between named parties and the class they seek to represent.'") (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

The CenturyLink Investor Group is an adequate representative for the Class. There is no antagonism between the interests of the CenturyLink Investor Group and those of the Class, and its losses demonstrate that it has a sufficient interest in the outcome of this litigation. Moreover, the CenturyLink Investor Group has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### 4. The CenturyLink Investor Group Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing the CenturyLink Investor Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)  will not fairly and adequately protect the interest of the class; or
>
> (bb)  is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The ability and desire of the CenturyLink Investor Group to fairly and adequately represent the Class has been discussed above. The CenturyLink Investor Group is not aware of any unique

9

defenses defendants could raise that would render it inadequate to represent the Class. Accordingly, the CenturyLink Investor Group should be appointed Lead Plaintiff for the Class.

### C. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the CenturyLink Investor Group has selected Pomerantz and Glancy as Co-Lead Counsel and Houck & Riggle, LLC as Liaison Counsel for the Class. These firms are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firms' resumes. *See* Lieberman Decl., Exs. D-E. As a result of the firms' extensive experience in litigation involving issues similar to those raised in the Related Actions, the CenturyLink Investor Group's counsel have the skill and knowledge which will enable them to prosecute a consolidated action effectively and expeditiously. Thus, the Court may be assured that by approving the selection of Co-Lead and Liaison Counsel by the CenturyLink Investor Group, the members of the class will receive the best legal representation available.

### CONCLUSION

For the foregoing reasons, the CenturyLink Investor Group respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing the CenturyLink Investor Group as Lead Plaintiff for the Class; (3) approving Pomerantz and Glancy as Co-Lead

Counsel and Houck & Riggle, LLC as Liaison Counsel for the Class; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:   August 21, 2017

Respectfully submitted,

**HOUCK & RIGGLE, LLC**

*/s/*  Tracy Houck                           .
Tracy W. Houck, Esq.
La. Bar. No 26660
301 South Bonner Street, P.O. Box 1958
Ruston, Louisiana 71273
Phone: (318) 255-4066
Fax: (318) 366-8520
THouck@suddenlinkmail.com

*Counsel for Movants and Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email:  jalieberman@pomlaw.com
              ahood@pomlaw.com


**-** and -


**GLANCY  PRONGAY  &  MURRAY  LLP**
Lionel Z. Glancy
Robert V. Prongay
Lesley F. Portnoy
Casey E. Sadler
1925 Century Park East, Suite 2100

Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Movants and*
*Proposed Co-Lead Counsel for the Class*