## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BENJAMIN CRAIG, Individually and on Behalf of All Others Similarly Situated, | : | No. 17-cv-01005 |
| Plaintiff, | : | **CLASS ACTION** |
| vs. | : | JUDGE ROBERT G. JAMES<br>MAGISTRATE JUDGE JOSEPH H L PEREZ-MONTES |
| CENTURYLINK, INC., GLEN F. POST, III and R. STEWART EWING, JR., | : | |
| Defendants. | : | |
| DON J. SCOTT, Individually and on Behalf of All Others Similarly Situated, | : | |
| Plaintiff, | : | No. 17-cv-01033 |
| vs. | : | **CLASS ACTION** |
| CENTURYLINK, INC., GLEN F. POST, III, R. STEWART EWING, JR. and DAVID D. COLE, | : | JUDGE ROBERT G. JAMES<br>MAGISTRATE JUDGE JOSEPH H L PEREZ-MONTES |
| Defendants. | : | |
| AMARENDRA THUMMETI, Individually and on Behalf of All Others Similarly Situated, | : | |
| Plaintiff, | : | No. 17-cv-____ |
| vs. | : | (Pending Transfer from USDC-SDNY) |
| CENTURYLINK, INC., GLEN F. POST, III, and R. STEWART EWING, JR., | : | **CLASS ACTION** |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF KBC ASSET MANAGEMENT NV FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................- 1 -

FACTUAL BACKGROUND ....................................................................................................- 2 -

ARGUMENT ..............................................................................................................................- 3 -

I. The Related Actions Should Be Consolidated ...............................................................- 3 -

II. KBC Should Be Appointed Lead Plaintiff .....................................................................- 4 -

    A. KBC's Motion Is Timely .....................................................................................- 5 -

    B. KBC Has the Largest Financial Interest in the Relief Sought by the Class .........- 5 -

    C. KBC Satisfies the Requirements of Federal Rule of Civil Procedure 23 ............- 5 -

        1. KBC Is Typical .........................................................................................- 6 -

        2. KBC Is Adequate ......................................................................................- 6 -

III. The Court Should Approve KBC's Selection of Counsel ..............................................- 7 -

CONCLUSION ...........................................................................................................................- 8 -

# TABLE OF AUTHORITIES

**CASES**

*Certified/LVI Envtl. Servs. v. PI Constr. Corp.*, Case No. SA-01-CA-1036 FB (NN), 2003
 U.S. Dist. LEXIS 5474 (W.D. Tex. Mar. 3, 2003) ................................................................ 3

*In re BP, PLC*, 758 F.Supp.2d 428 (S.D. Tex. 2010) ................................................................. 1

*In re Cendant Corp. Litigation*
 264 F.3d 201 (3d Cir. 2001) ............................................................................................. 6-7

*In re Equity Funding Corporation of America Securities Litigation*,
 416 F. Supp. 161 (C.D. Cal. 1976) ...................................................................................... 3

*Johnson v. Celotex Corporation*
 899 F.2d 1281 (2d Cir. 1990) .............................................................................................. 4

*Morrison v. National Australia Bank Ltd.*
 130 S. Ct. 2869 (2010) ........................................................................................................ 6

*Sgalambo v. McKenzie*
 268 F.R.D. 170 (S.D.N.Y. 2010) ......................................................................................... 5

*Takeda v. Turbodyne Technologies, Inc.*
 67 F. Supp. 2d 1129 (C.D. Cal. 1999) .............................................................................. 3-4

**STATUTES**

15 U.S.C. § 78u-4(a)(1) ............................................................................................................... 4
15 U.S.C. § 78u-4(a)(3)(A) ......................................................................................................... 4
15 U.S.C. § 78u-4(a)(3)(B) ......................................................................................................... 3

**OTHER AUTHORITIES**

1995 U.S.C.C.A.N. 679 ............................................................................................................... 6
1995 U.S.C.C.A.N. 730 ............................................................................................................... 6
H.R. Conf. Rep. No. 104-369 (1995) .......................................................................................... 6
S. Rep. No. 104-98 (1995) ........................................................................................................... 6

KBC Asset Management NV ("KBC") respectfully submits this memorandum of law in support of its motion for the entry of an order: (i) appointing KBC as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (ii) approving KBC's selection of Motley Rice LLC ("Motley Rice") as Lead Counsel on behalf of the proposed class.

## INTRODUCTION

Pending before the Court are the above-captioned securities fraud class action lawsuits (the "Related Actions") brought on behalf of all persons or entities who purchased or otherwise acquired CenturyLink, Inc. ("CenturyLink" or the "Company') securities during some period between March 1, 2013 and June 19, 2017, inclusive (the "Class Period").[1] The Related Actions charge CenturyLink and certain of its officers and directors with violations of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the PSLRA.

The Related Actions allege that Defendants issued numerous untrue and misleading statements concerning the Company's business, operational, and compliance policies, thus artificially inflating the price of the Company's common stock. The Related Actions further allege that when those misrepresentations were revealed to the public, the market price of CenturyLink securities declined precipitously, causing the proposed class to suffer significant losses and damages.

The PSLRA directs courts to appoint as lead plaintiff the movant with the largest interest in the relief sought by the class who also meets the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") at this stage in the litigation. KBC respectfully submits that, pursuant to the PSLRA, it should be appointed to serve as Lead Plaintiff on behalf of the putative class. KBC has the largest financial interest of any movant known to be before the Court, its

---

[1] The Related Actions plead slightly different class periods. When appointing a lead plaintiff pursuant to the PSLRA, courts generally rely on the longest pleaded class period. *See, e.g.*, *In Re BP, PLC Sec. Litig.*, 758 F.Supp.2d 428, 434 (S.D. Tex. 2010) ("For purposes of selecting a lead plaintiff, the Court will use the longest noticed class period unless the factual allegations supporting that period are 'obviously frivolous.'" (internal citation omitted)). Of the Related Actions, *Scott v. CenturyLink, Inc.*, Case No. 17-cv-01033 alleges the longest class period, from March 1, 2013 to June 19, 2017, inclusive.

- 1 -

funds having suffered losses of approximately $13.1 million.  *See* Certification and Loss Chart, Decl. of James P. Roy ("Roy Decl."), Exs. A, B.  KBC also meets the typicality and adequacy requirements of Rule 23.  In light of its significant losses, KBC has a large financial incentive to vigorously prosecute the Related Actions, and it has committed to fairly and adequately represent the interests of the putative class.  KBC's claims are typical of the claims of absent class members because, like all members of the putative class, KBC seeks recovery of losses incurred as a result of Defendants' allegedly false and misleading statements and omissions.

Finally, the Court should approve KBC's selection of Motley Rice as Lead Counsel for the putative class.  The claims of the class will be well protected by Motley Rice, which has the experience, expertise, and resources necessary to handle securities litigation of this scale.

**FACTUAL BACKGROUND**

Defendant CenturyLink provides various communications services to residential, business, wholesale, and governmental customers in the United States.  It operates through two segments, Business and Consumer.  The Company offers broadband, Ethernet, colocation, video entertainment, and satellite digital television services.  Founded in 1968, CenturyLink is headquartered in Monroe, Louisiana and its stock trades on the New York Stock Exchange ("NYSE") under the ticker symbol "CTL."

The Complaints currently on file allege that, throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational, and compliance policies.  Specifically, the Complaints allege that Defendants made false and/or misleading statements and/or failed to disclose that: (i) CenturyLink's policies allowed its employees to add services or lines to accounts without customer permission, resulting in millions of dollars in unauthorized charges to CenturyLink customers; (ii) accordingly, the Company's revenues were the product of illicit conduct and unsustainable; and (iii) the foregoing illicit conduct was likely to subject CenturyLink to heightened regulatory scrutiny.

On June 16, 2017, *Bloomberg* published an article entitled "CenturyLink Is Accused of Running a Wells Fargo-Like Scheme."  The article reported on a lawsuit filed in Arizona state

superior court by former CenturyLink employee Heidi Heiser, alleging that Heiser "was fired for blowing the whistle on the telecommunications company's high-pressure sales culture that left customers paying millions of dollars for accounts they didn't request." The *Bloomberg* article stated that Heiser "was fired days after notifying Chief Executive Officer Glen Post of the alleged scheme during a companywide question-and-answer session held on an internal message board."

In reaction to this news, CenturyLink shares dropped $1.23 per share, or 4.56%, to close at $25.72 per share on June 16, 2017.

As a result of Defendants' allegedly wrongful acts and omissions, and the resulting decline in the market price of the Company's securities, KBC and other class members have suffered significant losses and damages.

## ARGUMENT

### I.   The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title . . . has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). There are at least three related securities class actions pending in this District on behalf of investors who purchased CenturyLink securities during the Class Period:  (1) the *Craig* Action; (2) the *Scott* Action; and (3) the *Thummeti* Action.

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *See Certified/LVI Envtl. Servs. v. PI Constr. Corp.*, Case No. SA-01-CA-1036 FB (NN), 2003 U.S. Dist. LEXIS 5474, at *5-6 (W.D. Tex. Mar. 3, 2003).

Courts have recognized that shareholder class action suits, in particular, are ideally suited for consolidation pursuant to Rule 42(a) because consolidation of many actions involving the same parties and issues expedites pretrial and discovery proceedings, reduces duplication, and minimizes the costs and time expended by all persons involved. Likewise, Section 21D(a)(3)(B) of the Exchange Act contemplates the consolidation of multiple actions "asserting substantially

the same claim or claims." *See* 15 U.S.C. § 78u-4(a)(3)(B). "Neither Rule 42 nor the PSLRA demands that the actions be identical before they may be consolidated." *Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) (consolidating six actions with substantial overlap in defendants and different class periods).

Each of the Related Actions asserts essentially the same class claims brought on behalf of individuals and entities who purchased CenturyLink securities in reliance on Defendants' alleged materially false and misleading statements and/or omissions during the Class Period. Consolidation is appropriate since the Related Actions clearly involve common questions of law and fact. *See* Fed. R. Civ. P. 42(a); *Takeda*, 67 F. Supp. 2d at 1133; *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

## II.     KBC Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. § 78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B) (iii). KBC meets these requirements and should therefore be appointed Lead Plaintiff.

### A. KBC's Motion Is Timely

The notice published in this action on June 21, 2017, advised class members of (i) the pendency of the action; (ii) the claims asserted therein; (iii) the proposed class period; and (iv) the right to move the Court to be appointed lead plaintiff by August 21, 2017. *See* Roy Decl., Ex. C. Because KBC's motion is timely filed, it is entitled to be considered for appointment as Lead Plaintiff.

### B. KBC Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, KBC's funds suffered losses of approximately $13.1 million from their purchases of CenturyLink common shares. *See* Certification and Loss Chart, Roy Decl., Exs. A, B. To the best of its counsel's knowledge, there is no other lead plaintiff movant with a larger financial interest in the relief sought by the class.

### C. KBC Satisfies the Requirements of Federal Rule of Civil Procedure 23

In addition to possessing the largest financial interest, to benefit from a presumption that it is the most adequate lead plaintiff, a movant must "otherwise satisf[y] the requirements of Rule 23 . . . ." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). To satisfy this requirement, "[a]t the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (citation omitted). Typicality "requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Id.* at 173-74 (citation omitted). Adequacy "is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class . . . ." *Id.* at 174 (citation omitted). KBC satisfies both of these requirements.

### 1. KBC Is Typical

KBC's funds purchased or otherwise acquired a substantial amount of CenturyLink common stock during the Class Period at prices artificially inflated by Defendants' alleged materially false and misleading statements and omissions, and suffered damages when the truth was revealed to the market and the price of CenturyLink shares declined. *See Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 266-69 (2010) (holding that Section 10(b) applies to any transaction in securities listed on a U.S. stock exchange, without regard for the nationality of the shareholder). Because KBC's legal claims are substantially identical to and arise from the same factual predicate as those alleged in the Complaints, KBC satisfies the typicality requirement of Rule 23.

### 2. KBC Is Adequate

As noted above, KBC seeks to recover for substantially the same course of conduct and injuries for which the rest of the proposed class seeks recovery. KBC's interests are thus aligned with the interests of the other members of the class, and its large financial loss ensures that it will vigorously prosecute the Related Actions. In a case of this scale, it also is essential that any court-appointed lead plaintiff have sufficient resources and experience to play a meaningful role in managing the litigation. KBC, based in Brussels, Belgium, is a sophisticated institutional investor that manages assets of approximately \$225 billion.[2] It is capable of adequately overseeing the litigation and supervising class counsel. KBC understands the fiduciary duties of a lead plaintiff, having served in that capacity in the past, including as Co-Lead Plaintiff in *City of Sterling Heights General Employees' Retirement System v. Hospira, Inc.*, No 11-cv-08332-AJS (N.D. Ill.). The court in that action issued an order on August 5, 2014, granting final approval to a settlement that resolved all claims in exchange for payment of \$60 million to the class.

---

[2] KBC obtained valid assignments that were executed before filing this motion for appointment as lead plaintiff. *See* Roy Decl., Ex. E.

Indeed, KBC is precisely the type of investor Congress sought, with the enactment of the PSLRA, to encourage to assume a more prominent role in securities litigation. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 244 (3d Cir. 2001) (finding that the PSLRA was designed "to increase the likelihood that institutional investors will serve as lead plaintiff" (quoting H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733)); *see also* S. Rep. No. 104-98 at 6 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 685.

KBC also has demonstrated its adequacy by selecting a highly qualified firm with significant experience and success prosecuting federal securities class actions to serve as Lead Counsel for the class. *See infra* Section II; *see also* Motley Rice Firm Resume, Roy Decl., Ex. D.

Therefore, KBC satisfies the requirements of Rule 23 at this stage.

### III. The Court Should Approve KBC's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Courts should not disturb a lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

KBC has selected as Lead Counsel for the class Motley Rice, a firm with substantial experience representing defrauded investors. The firm also has a demonstrated history of success, having served as lead counsel in numerous securities fraud class actions. *See In re Biogen, Inc.*, Case No. 16-12101-FDS, ECF No. 52 (D. Mass. Feb. 1, 2017) (approving lead plaintiff's choice of Motley Rice as lead counsel for the class and noting that "the firm has successfully handled a number of shareholder and securities class actions").

Motley Rice's experience in the prosecution of securities class actions is derived from, among other things, its service as co-lead counsel in *Bennett v. Sprint Nextel Corp.*, No. 2:09-cv-02122-EFM-KMH, ECF No. 23 (D. Kan. June 5, 2009). On August 12, 2015, the *Sprint* court approved a settlement of $131 million for the class. Motley Rice also served as sole lead counsel in *In re Barrick Gold Securities Litigation*, No. 1:13-cv-03851-RPP, ECF No. 26 (S.D.N.Y. Aug.

9, 2013). The court in that case approved a settlement of $140 million for the class on December 2, 2016. *See* Motley Rice Firm Resume, Roy Decl., Ex. D.

Accordingly, the Court should approve KBC's selection of Motley Rice as Lead Counsel for the putative class.

## CONCLUSION

For the foregoing reasons, KBC respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint KBC Lead Plaintiff pursuant to the PSLRA; and (3) approve KBC's selection of Motley Rice to serve as Lead Counsel for the putative class.

DATED: August 21, 2017                    Respectfully submitted,

**DOMENGEAUX WRIGHT ROY & EDWARDS LLC**

*s/ James P. Roy*
James Parkerson Roy (La. 11511)
John Parkerson Roy (La. 32048)
556 Jefferson St., Suite 500
Lafayette, LA  70501
Telephone:  (337) 233-3033
Facsimile:  (337)232-8213
jimr@wrightroy.com
johnr@wrightroy.com
*Counsel for KBC Asset Management NV*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.

Executed on August 21, 2017.

<div style="margin-left: 50%;">

*/s/James Parkerson Roy*
James Parkerson Roy (La. 11511)
John Parkerson Roy (La. 32048)
**DOMENGEAUX WRIGHT ROY & EDWARDS LLC**
James P. Roy
556 Jefferson St., Suite 500
Lafayette, LA  70501
Telephone:  (337) 233-3033
Facsimile:  (337)232-8213
jimr@wrightroy.com
johnr@wrightroy.com\
*Counsel for KBC Asset Management NV*

**MOTLEY RICE LLC**
James M. Hughes
Gregg S. Levin
20 Church St., 17th Floor
Hartford, CT  06103
Telephone:  (860) 882-1681
Facsimile:  (860) 882-1682
jhughes@motleyrice.com
glevin@motleyrice.com
*Counsel for KBC Asset Management NV and [Proposed] Lead Counsel for the Class*

</div>

- 9 -