# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BENJAMIN CRAIG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CENTURYLINK, INC., GLEN F. POST III, and STEWART EWING JR.,<br><br>Defendants. | Case No. 3:17-cv-01005-RGJ-JPM |
| DON J. SCOTT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CENTURYLINK, INC., GLEN F. POST III, R. STEWART EWING JR., and DAVID D. COLE<br><br>Defendants. | Case No. 3:17-cv-01033-RGJ-JPM |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE DETROIT INSTITUTIONAL INVESTOR GROUP FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ............................................................................... 2

FACTUAL BACKGROUND.................................................................................. 4

ARGUMENT ........................................................................................................ 5

I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED ....................................... 5

II.     THE DETROIT INSTITUTIONAL INVESTOR GROUP SHOULD BE
APPOINTED LEAD PLAINTIFF.................................................................. 6

      A.     The PSLRA Standard For Appointing Lead Plaintiff............................................. 7

      B.     The Detroit Institutional Investor Group Is The "Most Adequate Plaintiff".......... 8

            1.     The Detroit Institutional Investor Group's Motion Is Timely ................... 8

            2.     The Detroit Institutional Investor Group Has The Largest Financial
Interest In The Relief Sought By The Class ................................................ 8

            3.     The Detroit Institutional Investor Group Satisfies Rule 23's
Typicality And Adequacy Requirements..................................................... 9

                    (i)     The Detroit Institutional Investor Group's Claims Are
Typical ........................................................................................ 9

                    (ii)     The Detroit Institutional Investor Group Will Fairly And
Adequately Protect The Interests Of The Class........................... 10

      C.     As A Cohesive Group Of Sophisticated Investors, The Detroit Institutional
Investor Group Is Precisely The Type Of Lead Plaintiff Congress
Envisioned When It Passed The PSLRA ........................................................... 11

III.    THE COURT SHOULD APPROVE THE DETROIT INSTITUTIONAL
INVESTOR GROUP'S CHOICE OF COUNSEL ....................................... 14

CONCLUSION..................................................................................................... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
258 F.R.D. 260 (S.D.N.Y. 2009) .............................................13

*In re Bear Stearns Co., Inc. Sec., Derivative, & ERISA Litig.*,
No. 08 M.D.L. No. 1963 (RWS), 2009 WL 50132 (S.D.N.Y. Jan. 5, 2009) ...........................1

*In re BP, plc Sec. Litig.*,
758 F. Supp. 2d 428 (S.D. Tex. 2010) ............................................ *passim*

*Canson v. WebMD Health Corp.*,
No. 11 Civ. 5382 (JFK), 2011 WL 5331712 (S.D.N.Y. Nov. 7, 2011) ..............................4, 14

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ................................................14

*Glauser v. EVCI Career Colls. Holding Corp.*,
236 F.R.D. 184 (S.D.N.Y. 2006) ............................................3

*Izadjoo v. Kratz*,
No. CV H-15-2213, 2016 WL 343989 (S.D. Tex. Jan. 28, 2016) ...........................13

*Kinzler v. First NBC Bank Holding Co.*,
No. 16-4243, 2016 WL 4496764 (E.D. La. Aug. 26, 2016) ....................................9

*In re Kosmos Energy Ltd. Sec. Litig.*,
No. 3:12-CV-373-B, 2012 WL 6199318 (N.D. Tex. Nov. 1, 2012) ........................9

*Parker v. Hyperdynamics Corp.*,
No. 4:12-CV-999, 2013 WL 623164 (S.D. Tex. Feb. 19, 2013) ........................9, 10

*In re Reliant Sec. Litig.*,
No. 02-cv-1810, 2002 U.S. Dist. LEXIS 27777 (S.D. Tex. Aug. 27, 2002) ..........................11

*In re Spectranetics Corp. Sec. Litig.*,
No. 08-cv-2048, 2009 WL 1663953 (D. Colo. June 15, 2009) ..............................13

*Stein v. Match Grp., Inc.*,
No. 3:16-cv-549-L, 2016 WL 3194334 (N.D. Tex. June 9, 2016) ...................12, 13

*Stirman v. Exxon Corp.*,
280 F.3d 554 (5th Cir. 2002) ................................................9

*Tarica v. McDermott Int'l. Inc.*,
  No. Civ.A.99-3831, 2000 WL 377817 (E.D. La. Apr. 13, 2000) ................................9, 11, 12

*Thompson v. Shaw Group, Inc.*,
  No. Civ.A.04-1685, 2004 WL 2988503 (E.D. La. Dec. 14, 2004)............................................8

**Rules & Statutes**

Fed. R. Civ. P. 23 .............................................................................................................. *passim*

Fed. R. Civ. P. 42(a) ...................................................................................................................1, 6

15 U.S.C. § 78u-4 *et seq.* ................................................................................................... *passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
  No. 04-cv-8141 (S.D.N.Y.)................................................................................................14, 15

*Beisel v. La Quinta Holdings Inc.*,
  No. 16-cv-03068 (S.D.N.Y.)......................................................................................................12

*In re Citigroup Inc. Sec. Litig.*,
  No. 07-cv-9901 (S.D.N.Y.)........................................................................................................15

*In re Conn's Inc. Sec. Litig.*,
  No. 14-cv-00548 (S.D. Tex.) .....................................................................................................12

*In re Countrywide Fin. Corp. Sec. Litig.*,
  No. 07-cv-5295 (C.D. Cal.) .......................................................................................................15

*Diaz v. Northern Dynasty Minerals Ltd.*,
  No. 17-cv-01241 (C.D. Cal.) .....................................................................................................15

*Esposito v. Am. Renal Assocs. Holdings, Inc.*,
  No. 16-cv-11797 (D. Mass.) ......................................................................................................15

*In re Fannie Mae 2008 Sec. Litig.*,
  No. 08-cv-7831 (S.D.N.Y.).........................................................................................................15

*In re Nat'l City Corp. Sec., Derivative & ERISA Litig.*,
  No. 08-cv-70004 (N.D. Ohio).....................................................................................................15

*Police and Fire Retirement System of the City of Detroit v. Crane*,
  No. 13-cv-00945 (N.D. Cal.) .......................................................................................................2

*In re SiRF Tech. Holdings, Inc. Sec. Litig.*,
  No. 08-cv-00856 (N.D. Cal.)......................................................................................................12

*In re Supreme Indus., Inc., Sec. Litig.*,
    No. 17-cv-00143 (N.D. Ind.) ...............................................................................15

*In re Wachovia Equity Sec. Litig.*,
    No. 08-cv-6171 (S.D.N.Y.) ...............................................................................15

*In re WSB Fin. Grp. Sec. Litig.*,
    No. 07-cv-01747 (W.D. Wash.) ...........................................................................12

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ..........................3, 11

Manual For Complex Litig., Fourth, § 11.631 (2004)..............................................................6

Proposed Lead Plaintiff Police and Fire Retirement System of the City of Detroit

("Detroit P&F") and Laborers Pension Trust Fund – Detroit and Vicinity ("Detroit Laborers")

(collectively, the "Detroit Institutional Investor Group"), respectfully submits this Memorandum

of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange

Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act

of 1995 (the "PSLRA"), in support of its motion for the entry of an Order:  (i) consolidating the

above-captioned actions[1] ("Related Actions") pursuant to Rule 42(a) of the Federal Rules of

Civil Procedure ("FRCP"); (ii) appointing the Detroit Institutional Investor Group as Lead

Plaintiff for a Class (as defined herein) of all persons or entities who purchased or otherwise

acquired the securities of CenturyLink, Inc. ("CenturyLink" or the "Company") between March

1, 2013 and June 19, 2017, inclusive[2] (the "Class Period"); (iii) approving the Detroit

Institutional Investor Group's selection of the law firms of Labaton Sucharow LLP ("Labaton

---

[1]      Three nearly identical securities class actions have been filed to-date, the first two actions initially filed in the United States District Court for the Southern District of New York ("S.D.N.Y."), *Thummeti v. CenturyLink, Inc.*, No. 17-cv-04695-PGG and *Craig v. CenturyLink, Inc.*, No. 17-cv-04740, while the third action filed in this Court, *Scott v. CenturyLink, Inc.*, No. 17-cv-01033-RGJ-JPM.  The *Craig* Action was subsequently transferred from the S.D.N.Y. to this Court pursuant to a Joint Stipulation and Order signed on August 8, 2017.  Similarly, the New York court entered an order to transfer the first-filed *Thummetti* Action to the Western District of Louisiana pursuant to Stipulation and Order dated August 16, 2017.  Accordingly, the Detroit Institutional Investor Group anticipates all three actions will proceed in the Western District of Louisiana as one consolidated action.  However, because the *Thummetti* Action was not officially closed in the S.D.N.Y. as of the date of this filing, the Detroit Institutional Investor Group has notified that court of the filing of this motion and supporting materials in this Court.

[2]      The Related Actions assert different, albeit overlapping, class periods.  For purposes of appointing a lead plaintiff, the longest alleged class period governs.  *See, e.g.*, *In re BP, plc Sec. Litig.*, 758 F. Supp. 2d 428, 434 (S.D. Tex. 2010) (evaluating financial interest of movants based on longest noticed class period that was not obviously frivolous and agreeing with other courts that "have found it generally inappropriate to narrow the class period at this stage of the litigation"); *In re Bear Stearns Co., Inc. Sec., Derivative, & ERISA Litig.*, No. 08 M.D.L. No. 1963 (RWS), 2009 WL 50132, at *8 (S.D.N.Y. Jan. 5, 2009) ("[I]n circumstances like the one here, the lead plaintiff analysis should utilize the most inclusive class period because 'it encompasses more potential class members . . . .'") (internal citations omitted).

Sucharow") and Kirby McInerney LLP ("Kirby McInerney") as Co-Lead Counsel and Fishman Haygood L.L.P. ("Fishman Haygood") as Liaison Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper.

### PRELIMINARY STATEMENT

The members of the Detroit Institutional Investor Group—like-minded, Detroit-based, institutional investors with a history of successful fiduciary leadership outside of this litigation—respectfully submit that they should be appointed Lead Plaintiff on behalf of all investors who purchased or otherwise acquired CenturyLink securities during the Class Period (the "Class"). The Related Actions allege violations of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and SEC Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against CenturyLink, Glen F. Post III, CenturyLink's Chief Executive Officer ("CEO"), President, and Director, R. Stewart Ewing Jr., CenturyLink's Chief Financial Officer ("CFO"), Executive Vice President and Assistant Secretary, and David D. Cole, CenturyLink's Executive Vice President[3] and Controller (collectively, the "Defendants").

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court must determine which person or groups of persons have the "largest financial interest" in the relief sought by the Class in the litigation, and also whether such movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

For the reasons discussed below, the Detroit Institutional Investor Group is the "most adequate plaintiff" by virtue of its substantial financial interest in this litigation.  The Detroit

---

[3]     The *Scott* Action is the only Action that names David D. Cole as a Defendant.

Institutional Investor Group incurred losses of more than ***$1,047,041*** on its Class Period

transactions in CenturyLink securities as calculated on a last-in-first-out ("LIFO") basis.[4]

Accordingly, the Detroit Institutional Investor Group has a substantial financial interest in

directing this litigation and recovering losses attributable to Defendants' violations of federal

securities laws—an interest believed to be greater than that of any other qualified movant.

The Detroit Institutional Investor Group also meets the typicality and adequacy

requirements of Rule 23 because its claims are typical of those of absent Class members, and

because it will fairly and adequately represent the interests of the Class.  Indeed, as institutional

investors responsible for overseeing approximately $4.6 billion in collective assets on behalf of

approximately 21,000 total beneficiaries, the Detroit Institutional Investor Group is the

prototypical lead plaintiff envisioned by Congress to represent shareholders in securities class

actions.  *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *as reprinted in* 1995 U.S.C.C.A.N.

730, 733 (explaining that "increasing the role of institutional investors in class actions will

ultimately benefit shareholders and assist courts by improving the quality of representation in

securities class actions"); *Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 188

(S.D.N.Y. 2006) ("the PSLRA was passed . . . to increase the likelihood that institutional

investors would serve as lead plaintiffs in actions such as this one") (citation omitted).

Moreover, the Detroit Institutional Investor Group has further demonstrated its ability to

effectively oversee this litigation and its commitment to working cohesively to prosecute the

Related Actions by conferring prior to filing this motion in order to establish a coordinated

---

[4]     A copy of the Certifications of Detroit P&F and Detroit Laborers ("Certifications"), is
attached as Exhibit A to the Declaration of Jason W. Burge (the "Burge Decl.").  The
Certifications set forth all transactions of the Detroit Institutional Investor Group in CenturyLink
securities during the Class Period.  In addition, a table reflecting the calculation of financial
losses sustained by the Detroit Institutional Investor Group on its Class Period transactions in
CenturyLink securities ("Loss Analysis"), is attached as Exhibit B to the Burge Declaration.

strategy for prosecuting the litigation, including overseeing proposed Lead Counsel.  *See* Joint Declaration of the Detroit Institutional Investor Group's Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Joint Decl.") ¶¶ 8-9, Burge Decl. Ex. C; *Canson v. WebMD Health Corp.*, No. 11 Civ. 5382 (JFK), 2011 WL 5331712, at *3 (S.D.N.Y. Nov. 7, 2011) (appointing group of two pension funds that "have stated their intention to work together on behalf of the class").  Accordingly, the Detroit Institutional Investor Group is the "most adequate plaintiff" and should be appointed Lead Plaintiff.

Finally, pursuant to the PSLRA, the Detroit Institutional Investor Group respectfully requests that the Court approve the selection of Labaton Sucharow and Kirby McInerney as Co-Lead Counsel for the Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.").  Labaton Sucharow and Kirby McInerney are nationally recognized securities class action litigation firms that have recovered billions of dollars in damages for defrauded investors.

Accordingly, the Detroit Institutional Investor Group respectfully requests that the Court appoint it as Lead Plaintiff for the Class and approve its selection of Counsel.

## FACTUAL BACKGROUND

CenturyLink, Inc. provides various communications services to residential, business, wholesale, and governmental customers in the United States.  It operates through two segments, Business and Consumer.  The Company offers broadband, Ethernet, colocation, video entertainment and satellite digital television services.

The Related Actions allege that throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies.  Specifically, the Related Actions allege that Defendants made false and/or misleading statements and/or failed to disclose that: (i) CenturyLink's policies allowed its employees to add

- 4 -

services or lines to accounts without customer permission, resulting in millions of dollars in unauthorized charges to CenturyLink customers; (ii) accordingly, the Company's revenues were the product of illicit conduct and unsustainable; (iii) the foregoing illicit conduct was likely to subject CenturyLink to heightened regulatory scrutiny; and (iv) as a result of the foregoing, CenturyLink's public statements were materially false and misleading at all relevant times.

On June 16, 2017, *Bloomberg* published an article entitled "CenturyLink Is Accused of Running a Wells Fargo-Like Scheme".  The article reported on a lawsuit, recently filed in Arizona State Superior Court by former CenturyLink employee Heidi Heiser, alleging that Heiser "was fired for blowing the whistle on the telecommunications company's high-pressure sales culture that left customers paying millions of dollars for accounts they didn't request."  The *Bloomberg* article stated that Heiser "was fired days after notifying Chief Executive Officer Glen Post of the alleged scheme during a companywide question-and-answer session held on an internal message board."  On this news, CenturyLink's share price fell $1.23, or 4.56%, to close at $25.72 on June 16, 2017.

On June 19, 2017, *Bloomberg* published a second article reporting that a consumer complaint was filed against CenturyLink based on the whistleblower complaint alleging claims of fraud, unfair competition, and unjust enrichment.  On this news, CenturyLink's shares fell $0.36 per share, or 1.4 percent, to close at $25.36 on June 19, 2017.

Defendants' violations of the securities laws and the revelations thereof have caused the Detroit Institutional Investor Group and the Class to incur significant losses.

## ARGUMENT

## I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not

- 5 -

appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered."

15 U.S.C. § 78u-4(a)(3)(B)(ii).  Once the Court makes the consolidation ruling, the Court is

required to "appoint the most adequate plaintiff as lead plaintiff for the consolidated actions."

*Id*.

Under Rule 42(a) of the FRCP, consolidation is appropriate when actions involve

common questions of law or fact.  *See* Fed. R. Civ. P. 42(a); *see also In re BP*, 758 F. Supp. 2d at

432-33 (consolidating cases that have "substantial commonalities, and [] involve overlapping

[d]efendants and a common core of facts and legal issues") (internal quotation marks and citation

omitted).  Consolidation is particularly appropriate in the context of securities class actions if the

complaints are based on common evidence.  MANUAL FOR COMPLEX LITIG., FOURTH, § 11.631

(2004).

The Related Actions are well-suited for consolidation.  The complaints filed in each

action are substantially similar, as they allege nearly identical violations of law and arise from a

common nucleus of facts and circumstances—namely, the dissemination of materially false and

misleading statements concerning the Company's illegal sales practices.  The discovery to be

taken will, therefore, be virtually identical in each of these actions, and the overlap of legal and

factual issues means that consolidation will promote judicial efficiency and economy.

Accordingly, the Detroit Institutional Investor Group respectfully requests that the Court

consolidate the Related Actions, and any other subsequently filed action pursuant to 15 U.S.C. §

78u-4(a)(3)(B)(ii) and Rule 42(a) of the FRCP.

## II.   THE DETROIT INSTITUTIONAL INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

The Detroit Institutional Investor Group respectfully submits that it should be appointed

Lead Plaintiff because it filed the instant motion in a timely manner, believes it has the largest

financial interest in this litigation of any qualified movant, and satisfies the typicality and adequacy requirements of Rule 23.

### A.       The PSLRA Standard For Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(l); 15 U.S.C. § 78u-4(D)(3)(B).  Pursuant to the PSLRA, a court is to consider all motions made by class members within the sixty-day period prescribed by statute and appoint the movant that the court determines to be most capable of adequately representing the interests of the class as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A)(i).  Specifically, the PSLRA provides that a court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members ( . . . the "most adequate plaintiff") . . . .

15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a presumption that the "most adequate plaintiff" is the person or group of persons who: (1) filed a complaint or made a motion to serve as lead plaintiff; (2) has the "largest financial interest" in the relief sought by the class; and (3) who otherwise satisfies the requirements of Rule 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  This presumption may be rebutted only upon "***proof***" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).

- 7 -

**B.      The Detroit Institutional Investor Group Is The "Most Adequate Plaintiff"**

**1.      The Detroit Institutional Investor Group's Motion Is Timely**

The Detroit Institutional Investor Group filed its motion to serve as Lead Plaintiff in a

timely manner.  Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), Amarendra Thummeti—the plaintiff

in the first-filed action—published notice on *Globe Newswire* on June 21, 2017.  *See* Notice,

Burge Decl. Ex. D.  That notice, in accordance with the PSLRA, stated that applications for

appointment as Lead Plaintiff must be made no later than 60 days from the date on which the

notice was published; *i.e.*, August 21, 2017.  The Detroit Institutional Investor Group filed this

motion seeking appointment as Lead Plaintiff within this deadline and thus satisfied the

procedural requirements of the PSLRA.  15 U.S.C. §78u-4(a)(3)(A)(i)(II).

**2.      The Detroit Institutional Investor Group Has The Largest Financial**
**Interest In The Relief Sought By The Class**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate

plaintiff" for lead plaintiff purposes is the movant with "the largest financial interest in the relief

sought by the class," so long as the movant "otherwise satisfies the requirements of Rule 23."  15

U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Thompson v. Shaw Group, Inc.*, No. Civ.A.04-1685,

2004 WL 2988503, at *2 (E.D. La. Dec. 14, 2004) ("The chief criterion for selection of Lead

Plaintiff is the financial interest each plaintiff has in the litigation (*i.e.* loss sustained due to the

defendant's alleged fraud).")

The Detroit Institutional Investor Group incurred a loss of ***$1,047,041.88*** as calculated on

a LIFO basis on its Class Period transactions in CenturyLink securities.  *See* Loss Analysis,

Burge Decl. Ex. B.  The Detroit Institutional Investor Group is presently unaware of any other

movant with a larger financial interest in the outcome of the Related Actions.  Consequently, and

because it also satisfies Rule 23's typicality and adequacy requirements, the Detroit Institutional

- 8 -

Investor Group is entitled to the legal presumption that they are the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii);

### 3. The Detroit Institutional Investor Group Satisfies Rule 23's Typicality And Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See Kinzler v. First NBC Bank Holding Co*., No. 16-4243, 2016 WL 4496764, at *1 (E.D. La. Aug. 26, 2016). At the lead plaintiff selection stage, all that is required to satisfy Rule 23 is a "preliminary showing" that the lead plaintiff's claims are typical and adequate. *See Tarica v. McDermott Int'l. Inc.*, No. Civ.A.99-3831, 2000 WL 377817, at *4 (E.D. La. Apr. 13, 2000); *see also In re BP*, 758 F. Supp. 2d at 437 (recognizing the "limited inquiry appropriate at this stage of the litigation"); *see also In re Kosmos Energy Ltd. Sec. Litig*., No. 3:12-CV-373-B, 2012 WL 6199318, at *2 (N.D. Tex. Nov. 1, 2012) ("The Rule 23 inquiry is not rigorous here; at this stage of the proceedings, a lead plaintiff applicant 'need only make a preliminary showing that [it] satisfies these requirements.'") (citation omitted).

### (i) The Detroit Institutional Investor Group's Claims Are Typical

The typicality requirement of Rule 23(a)(3) is met when the claims of the representative plaintiff "arise from a similar course of conduct and share the same legal theory" as those of the class. *Stirman v. Exxon Corp*., 280 F.3d 554, 562 (5th Cir. 2002) (citation omitted); *see also Parker v. Hyperdynamics Corp*., No. 4:12-CV-999, 2013 WL 623164, at *3 (S.D. Tex. Feb. 19, 2013) (citation omitted). "'Typicality does not require a complete identity of claims. Rather, the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the

- 9 -

same legal theory, factual differences will not defeat typicality.'" *In re BP*, 758 F. Supp. 2d at

435 (quoting *James v. City of Dallas*, 254 F.3d 551, 571 (5th Cir. 2001)).

The typicality requirement is plainly satisfied here because the Detroit Institutional

Investor Group, which is not subject to any unique or special defenses, seeks the same relief and

advances the same legal theories as other Class members. Like all members of the Class, the

Detroit Institutional Investor Group seeks recovery for losses incurred as a result of Defendants'

misrepresentations and omissions that resulted in declines in the share price of CenturyLink

securities. These shared claims, which are based on the same legal theory and arise from the

same events and course of conduct as the Class' claims, satisfy Rule 23(a)(3)'s typicality

requirement.

> **(ii)     The Detroit Institutional Investor Group Will Fairly And
> Adequately Protect The Interests Of The Class**

The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a

representative party establishes that it "will fairly and adequately protect the interests of the

class." Fed. R. Civ. P. 23(a)(4). In order to satisfy this requirement, a prospective lead plaintiff

must show that it does not have any conflicts of interest with other class members and that the

plaintiff and counsel will vigorously prosecute the case. *See Parker*, 2013 WL 623164, at *3

("The standard for determining adequacy requires an inquiry into [1] the zeal and competence of

the representatives' counsel and [2] the willingness and ability of the representatives to take an

active role in and control the litigation and to protect the interests of absentees.") (citation

omitted).

Here, the Detroit Institutional Investor Group will fairly and adequately represent the

interests of the proposed Class. No antagonism exists between the Detroit Institutional Investor

Group's interests and those of the absent Class members; rather, the interests of the Detroit

Institutional Investor Group and Class members are squarely aligned.  In addition, the Detroit

Institutional Investor Group has retained counsel highly experienced in prosecuting securities

class actions vigorously and efficiently, and timely submitted its choice to the Court for

approval, in accordance with the PSLRA.  *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v); *see*

*also Tarica*, 2000 WL 377817, at *5.  In addition, the Detroit Institutional Investor Group

suffered substantial losses due to Defendants' alleged misconduct and, therefore, has a sufficient

interest in the outcome of this case to ensure vigorous prosecution of the Related Actions.  *See In*

*re Reliant Sec. Litig.*, No. 02-cv-1810, 2002 U.S. Dist. LEXIS 27777, at *9-10 (S.D. Tex. Aug.

27, 2002) ("[L]arge institutional investors . . . tend to be sophisticated investors capable of

controlling attorneys in securities fraud litigation, and the [PSLRA], by emphasizing financial

stake, expresses a preference for appointing such investors.").

      Accordingly, the Detroit Institutional Investor Group satisfies the adequacy requirement.

**C.**    **As A Cohesive Group Of Sophisticated Investors, The Detroit Institutional Investor Group Is Precisely The Type Of Lead Plaintiff Congress Envisioned When It Passed The PSLRA**

      The Congressional objective in enacting the lead plaintiff provisions of the PSLRA was

to encourage large, organized institutional investors to play a more prominent role in securities

class actions.  *See* Statement of Managers – The Private Securities Litigation Reform Act of

1995, H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733

("The Conference Committee believes that increasing the role of institutional investors in class

actions will ultimately benefit shareholders and assist courts by improving the quality of

representation in securities class actions.").  Congress reasoned that increasing the role of

institutional investors, which typically have a large financial stake in the outcome of the

litigation, would be beneficial because institutional investors with a large financial stake are

more apt to effectively manage complex securities litigation.  *See id.* at 34-35, 1995

- 11 -

U.S.C.C.A.N. at 733-34.  To this end, many courts have recognized that the legislative history reflects a clear preference for institutional investors to be appointed as lead plaintiff in securities class actions.  *See Tarica*, 2000 WL 377817, at \*5 ( "[c]ourts have . . . recognized that the PSLRA specifically encourages the appointment of institutional investors . . . as lead plaintiffs.")

Both Detroit P&F and Detroit Laborers are sophisticated institutional investors with sufficient resources to adequately litigate the Related Actions and supervise Class counsel. Detroit P&F has more than $4 billion in assets under management on behalf of more than 11,000 beneficiaries.  *See* Joint Decl. ¶ 2.  Detroit Laborers manages approximately $600 million in assets on behalf of more than 10,000 beneficiaries.  *See id.* ¶ 4.  Furthermore, both Detroit P&F and Detroit Laborers understand the fiduciary duties of a lead plaintiff and are willing to oversee the vigorous prosecution of the litigation.  *See id.* ¶¶ 2, 4, 11.  In fact, both members of the Detroit Institutional Investor Group are currently serving as lead plaintiff, Detroit Laborers in *In re Conn's Inc. Securities Litigation*, No. 14-cv-00548 (S.D. Tex.) and Detroit P&F in *Beisel v. La Quinta Holdings Inc.*, No. 16-cv-03068 (S.D.N.Y.).  Additionally, Detroit P&F has served as lead plaintiff in the past, and has recovered millions for investors.  *See, e.g.*, *In re WSB Financial Group Securities Litigation*, No. 07-cv-01747 (W.D. Wash.) (recovering $4.85 million for investors); *In re SiRF Technology Holdings, Inc. Securities Litigation*, No. 08-cv-00856 (N.D. Cal.) (recovering $2.9 million for investors); *Police and Fire Retirement System of the City of Detroit v. Crane* (**Epocrates Securities Litigation**), No. 13-cv-00945 (N.D. Cal.) (recovering $5.1 million for investors).

As a majority of courts in this Circuit and across the country have recognized, the PSLRA expressly permits the appointment of a small, cohesive group of class members to serve as Lead Plaintiff, such as the Detroit Institutional Investor Group.  *See, e.g.*, *Stein v. Match Grp.*,

*Inc.*, No. 3:16-cv-549-L, 2016 WL 3194334, at *6-8 (N.D. Tex. June 9, 2016) (appointing two-member group as lead plaintiff and two firms as co-lead counsel); *Izadjoo v. Kratz,* No. CV H-15-2213, 2016 WL 343989, at *4 (S.D. Tex. Jan. 28, 2016) (appointing two-member group as lead plaintiff).

Here, the members of the Detroit Institutional Investor Group include a small, cohesive partnership of sophisticated institutional investors based in the same community (Detroit, Michigan).  The members of the Detroit Institutional Investor Group, through this local relationship and shared dedication to corporate governance matters, determined on their own volition to jointly seek appointment as Lead Plaintiff to provide the Class with the best possible leadership.

The members of the Detroit Institutional Investor Group have already demonstrated their commitment to working cohesively in the efficient prosecution of this litigation, as reflected by the Joint Declaration executed following a joint telephonic conference.  *See* Joint Decl.; *see, e.g., In re Spectranetics Corp. Sec. Litig.*, No. 08-cv-2048, 2009 WL 1663953, at *6 (D. Colo. June 15, 2009) (appointing group of investors as lead plaintiff because "the certifications and declarations submitted by the . . . members of the [group] demonstrate that the [group members] can and will work together to actively oversee the litigation, and to monitor the work of counsel."); *see also In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y. 2009) (appointing group and noting "declarations demonstrating cooperative efforts among" the group's members).  Specifically, the Joint Declaration establishes, *inter alia*, that:

- Based on their respective financial losses, and to ensure the Class is represented by knowledgeable institutional shareholders, Detroit P&F and Detroit Laborers affirmatively decided to seek joint appointment as Lead Plaintiff (Joint Decl., ¶¶ 2-6);

- Detroit P&F and Detroit Laborers personally discussed seeking appointment in this case before filing a motion (*Id.*, ¶ 8);

- Detroit P&F and Detroit Laborers have explicitly acknowledged and accepted their duties and obligations to all Class members if selected as Lead Plaintiff and are committed to seeking the largest possible recovery for the Class (*Id.*, ¶¶ 2-6, 8, 10-11, 13, 15); and

- Detroit P&F and Detroit Laborers are committed to overseeing counsel to ensure that the case is efficiently litigated in the Class' best interest (*Id.*, ¶¶ 6, 8, 12-13, 16-17).

Given the substantial due diligence, consideration, and deliberation that Detroit P&F and Detroit Laborers independently conducted before deciding to seek appointment as Lead Plaintiff, *see* Joint Decl. ¶ 8, the Detroit Institutional Investor Group is precisely the kind of cohesive group that courts have appointed lead plaintiff under the PSLRA.  *See Canson*, 2011 WL 5331712 at *3 (appointing group of two pension funds that "have stated their intention to work together on behalf of the class").

## III.   THE COURT SHOULD APPROVE THE DETROIT INSTITUTIONAL INVESTOR GROUP'S CHOICE OF COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to the court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also In re BP*, 758 F. Supp. 2d at 442.  "[T]he court should generally employ a deferential standard in reviewing the lead plaintiff's choices."  *In re Cendant Corp. Litig.*, 264 F.3d 201, 274 (3d Cir. 2001).  The Detroit Institutional Investor Group has selected Labaton Sucharow and Kirby McInerney—each of whom has demonstrated its skill and expertise in successfully prosecuting securities fraud class actions—to serve as Co-Lead Counsel for the Class.

Labaton Sucharow has extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions throughout the United States on behalf of injured investors.  *See* Burge Decl., Ex. E.  Labaton Sucharow served as a lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in

which it achieved a recovery totaling more than $1 billion for injured investors.  In addition, Labaton Sucharow was a lead counsel in *In re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.), which achieved a settlement of $624 million—one of the largest securities class action settlements arising from the financial crisis of 2007 and 2008.  Following six years of litigation, as co-lead counsel, Labaton Sucharow achieved a $170 million recovery for investors in *In re Fannie Mae 2008 Securities Litigation*, No. 08-cv-7831 (S.D.N.Y.).  Labaton Sucharow presently serves as lead or co-lead counsel in securities class actions against Goldman Sachs Group, Inc. and Facebook, Inc. among other significant investor class actions currently pending.  *See* Burge Decl., Ex. E.

Similarly, Kirby McInerney specializes in prosecuting complex class action litigation and is one of the leading law firms in its field.  *See* Burge Decl., Ex. F.  Kirby McInerney has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, including, among other complex actions: *In re Citigroup Inc. Securities Litigation*, No. 07-cv-9901 (S.D.N.Y.) (recovering $590 million for investors); *In re National City Corp. Securities, Derivative & ERISA Litigation*, No. 08-cv-70004 (N.D. Ohio)  (recovering $168 million for investors); and *In re Wachovia Equity Securities Litigation*, No. 08-cv-6171 (S.D.N.Y.) (recovering $75 million for investors).  Additionally, Kirby McInerney is currently serving as lead or co-lead counsel in several high profile securities class actions, including: *In re Supreme Industries, Inc., Securities Litigation*, No. 17-cv-00143 (N.D. Ind.); *Diaz v. Northern Dynasty Minerals Ltd.*, No. 17-cv-01241 (C.D. Cal.); and *Esposito v. American Renal Associates Holdings, Inc.*, No. 16-cv-11797 (D. Mass.).

Furthermore, Fishman Haygood has substantial litigation experience in this district.  *See* Burge Decl., Ex. G.  Thus, the firm is well qualified to represent the Class as Liaison Counsel.

- 15 -

In short, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

## CONCLUSION

For the foregoing reasons, the Detroit Institutional Investor Group respectfully requests that the Court: (i) consolidate the Related Actions; (ii) appoint the Detroit Institutional Investor Group as Lead Plaintiff; (iii) approve the Detroit Institutional Investor Group's selection of Labaton Sucharow and Kirby McInerney as Co-Lead Counsel and Fishman Haygood as Liaison Counsel for the Class; and (iv) grant such other and further relief as the Court may deem just and proper.

DATED:  August 21, 2017                    Respectfully submitted,

                                           */s/ Jason W. Burge*
                                           Jason W. Burge

                                           **FISHMAN HAYGOOD L.L.P.**
                                           Jason W. Burge (La. Bar No. 30420)
                                           201 St. Charles Avenue, Suite 4600
                                           New Orleans, Louisiana 70170
                                           Telephone: (504) 586-5241
                                           Facsimile: (504) 586-5250
                                           jburge@fishmanhaygood.com

                                           *Proposed Liaison Counsel*

                                           **LABATON SUCHAROW LLP**
                                           Christopher J. Keller
                                           Eric J. Belfi
                                           Francis P. McConville
                                           140 Broadway
                                           New York, New York 10005
                                           Telephone: (212) 907-0700
                                           Facsimile: (212) 818-0477
                                           ckeller@labaton.com
                                           ebelfi@labaton.com
                                           fmcconville@labaton.com

                                           **KIRBY McINERNEY LLP**
                                           Peter S. Linden
                                           Ira M. Press
                                           Christopher S. Studebaker
                                           825 Third Avenue, Floor 16
                                           New York, New York 10022
                                           Telephone: (212) 371-6600
                                           Facsimile: (212) 751-2540
                                           plinden@kmllp.com
                                           ipress@kmllp.com
                                           cstudebaker@kmllp.com

                                           *Counsel for the Detroit Institutional*
                                           *Investor Group and Proposed Co-Lead*
                                           *Counsel for the Class*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on August 21, 2017, a copy of the foregoing Memorandum of Law in

Support of the Motion of the Detroit Institutional Investor Group for Consolidation,

Appointment as Lead Plaintiff, and Approval of Selection of Counsel was filed electronically

and notice of this filing will be sent by e-mail to all parties by operation of the court's electronic

filing system.  Parties may access this filing through the court's CM/ECF System.


_/s/ Jason W. Burge_
Jason W. Burge

**FISHMAN HAYGOOD L.L.P.**
Jason W. Burge (La. Bar No. 30420)
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
Telephone: (504) 586-5241
Facsimile: (504) 586-5250
jburge@fishmanhaygood.com