**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| BENJAMIN CRAIG, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CENTURYLINK, INC., GLEN F. POST, III and R. STEWART EWING JR.,<br><br>　　　　Defendants. | No. 3:17-CV-01005-RGJ-JPM |
| DON J. SCOTT, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CENTURYLINK, INC., GLEN F. POST, III, R. STEWART EWING, JR. and DAVID D. COLE,<br><br>　　　　Defendants. | No. 3:17-cv-01033-RGJ-JPM |

*Caption continued on next page.*

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE STATE OF OREGON BY AND THROUGH THE OREGON STATE TREASURER AND THE OREGON PUBLIC EMPLOYEE RETIREMENT BOARD, ON BEHALF OF THE OREGON PUBLIC EMPLOYEE RETIREMENT FUND, FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF THEIR SELECTION OF LEAD COUNSEL, <u>AND CONSOLIDATION OF RELATED ACTIONS</u>**

| | |
|---|---|
| AMARENDRA THUMMETI, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CENTURYLINK, INC., GLEN F. POST III and R. STEWART EWING, JR.,<br><br>　　　　　Defendants. | No. _____ |

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

I. INTRODUCTION .........................................................................................................1

II. FACTUAL BACKGROUND .......................................................................................3

III. ARGUMENT .................................................................................................................4

    A. Oregon Should Be Appointed Lead Plaintiff ...........................................................4

        i. Oregon Has Timely Moved for Appointment as Lead Plaintiff .................4

        ii. Oregon Has the Largest Financial Interest in the Relief Sought by the Class .............................................................................................................5

        iii. Oregon Satisfies the Requirements of Rule 23 ...........................................6

    B. Oregon's Selection of Counsel Should Be Approved .............................................8

    C. The Related Actions Should Be Consolidated ......................................................10

IV. CONCLUSION ............................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re BP, PLC Sec. Litig.*,
    758 F. Supp. 2d 428 (S.D. Tex. 2010) ............................................................................. 5, 10

*Buettgen v. Harless*,
    263 F.R.D. 378 (N.D. Tex. 2009) ......................................................................................... 6

*In re Reliance Acceptance Grp., Inc. Sec. Litig*,
    No. SA-98-CA-0044 OG, 1998 WL 388260 (W.D. Tex. June 29, 1998) ............................. 6

*In re Reliant Sec. Litig.*,
    No. 02-cv-1810, 2002 U.S. Dist. LEXIS 27777 (S.D. Tex. Aug. 27, 2002) .................... 8, 10

**Statutes and Rules**

15 U.S.C. § 78u-4(a)(3)(A) ............................................................................................................ 4, 5

15 U.S.C. § 78u-4(a)(3)(B) ....................................................................................................... *passim*

Fed. R. Civ. P. 23(a)(4) ..................................................................................................................... 7

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 (1995) .................. 2, 8

The State of Oregon by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund ("Oregon"), respectfully submits this memorandum of law in support of its motion for: (i) appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (ii) approval of its selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Stoll Berne as Lead Counsel for the Class; (iii) consolidation of the above-captioned actions and any related securities class actions (the "Related Actions") pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; and (iv) for any such further relief as the Court may deem just and proper.

## I.  INTRODUCTION

The Related Actions allege that from March 1, 2013 to June 19, 2017, inclusive (the "Class Period"), CenturyLink, Inc. ("CenturyLink" or the "Company") and certain of its senior officers defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). CenturyLink investors, including Oregon, incurred significant losses following the disclosure that a former CenturyLink employee was terminated after blowing the whistle on the Company's illicit sales practices and reporting those problems to CenturyLink's Chief Executive Officer ("CEO").

Pursuant to the PSLRA, the Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class in this litigation and whether that movant has made a *prima facie* showing that they are typical and adequate class

representatives under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, Oregon respectfully submits that it is the "most adequate plaintiff" under the PSLRA's analysis and should be appointed Lead Plaintiff. Oregon believes that it has the largest financial interest in this action by virtue of its substantial investments in CenturyLink common stock during the Class Period. Specifically, Oregon incurred significant losses of approximately ***$6.9 million*** when calculated on a first-in, first-out ("FIFO") basis and ***$6.3 million*** on a last-in, first-out ("LIFO") basis from its Class Period purchases of over 1.1 million shares of CenturyLink stock.[1]

In addition to asserting the largest financial interest in this litigation, Oregon also meets the applicable requirements of Rule 23 because its claims are typical of absent class members and because it will fairly and adequately represent the interests of the Class. Moreover, as a sophisticated institutional investor, Oregon is the prototypical lead plaintiff envisioned by Congress under the PSLRA, and its appointment would fulfill this critical legislative purpose. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").

---

[1] Oregon's PSLRA-required Certification is attached as Exhibit A to the Declaration of Fred Williams Sartor, Jr. in Support of the Motion of The State of Oregon by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund for Appointment as Lead Plaintiff, Approval of Its Selection of Lead Counsel, And Consolidation Of Related Actions ("Sartor Decl."). A chart setting forth calculations of Oregon's losses is attached as Exhibit B to the Sartor Decl.

2

Further, Oregon fully understands the Lead Plaintiff's obligations under the PSLRA, and is willing and able to undertake the responsibilities of a Lead Plaintiff to guarantee vigorous prosecution of the action. To that end, Oregon has selected Bernstein Litowitz and Stoll Berne—law firms with substantial experience in successfully prosecuting securities class actions—to serve as Lead Counsel for the Class. Accordingly, Oregon requests that the Court appoint it Lead Plaintiff and otherwise grant its motion.

## II.   FACTUAL BACKGROUND

Based in Monroe, Louisiana, CenturyLink is an integrated communications company engaged primarily in providing an array of telephone, internet, and cable services to residential and business customers.

The Related Actions allege that the Company systematically engages in unlawful billing tactics to drive revenue and earnings growth. In light of this misconduct, many of the representations CenturyLink made to investors during the Class Period were false or misleading. For example, the Company's reported revenues and earnings throughout the Class Period were, at a minimum, misleading because they resulted, in part, from CenturyLink's fraudulent sales practices. The Company also routinely touted a customer-first approach, stating that its sales personnel "promote sales of services that meet the needs of our customers" and that CenturyLink "enhance[s] our communications services by offering a comprehensive bundle of services and deploying new technologies to further enhance customer loyalty." As a result of these misrepresentations, CenturyLink stock traded at artificially inflated prices during the Class Period.

The truth began to be revealed on June 16, 2017, when *Bloomberg* reported on a lawsuit, filed in Arizona state superior court by former CenturyLink employee Heidi Heiser, alleging that Heiser "was fired for blowing the whistle on the telecommunications company's high-pressure

3

sales culture that left customers paying millions of dollars for accounts they didn't request." *Bloomberg* further revealed that Heiser "was fired days after notifying Chief Executive Officer Glen Post of the alleged scheme during a companywide [sic] question-and-answer session held on an internal message board." As a result of these disclosures, the price of CenturyLink shares declined by $1.23 per share to close at $25.72 per share on June 16, 2017.

Then, on June 19, 2017, *Bloomberg* reported that a consumer fraud complaint had been filed against CenturyLink based on the whistleblower allegations. This disclosure caused the price of CenturyLink shares to decline by $0.36 per share to close at $25.36 per share on June 19, 2017.

### III.    ARGUMENT

#### A.    Oregon Should Be Appointed Lead Plaintiff

Oregon respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws. When selecting a Lead Plaintiff, the PSLRA establishes a presumption that the plaintiff "most capable of adequately representing the interests of class members" is the movant that has the "largest financial interest" in the relief sought by the Class, so long as it also satisfies the relevant requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As set forth below, Oregon believes it is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

##### i.    Oregon Has Timely Moved for Appointment as Lead Plaintiff

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff in a securities class action within 60 days of the publication of notice of the pendency of such action. *See* 15 U.S.C. § 78u-4(a)(3)(A). On June 21, 2017, *Thummeti v. CenturyLink, Inc.*, No. 1:17-cv-

4

04695, was filed in the U.S. District Court for the Southern District of New York.[2] That same day, a notice of pendency of the *Thummeti* action was published on *Globe Newswire*, alerting investors that the deadline to seek appointment as Lead Plaintiff is August 21, 2017.  *See* Sartor Decl., Ex. C.  On August 15, 2015, *Scott v. CenturyLink, Inc.*, No. 3:17-cv-01033, was filed in this District and expanded the Class Period to March 1, 2013 through June 19, 2017.[3]  That same day, a notice of pendency of the *Scott* action was published on *Business Wire*, alerting investors to the expanded Class Period.  *See* Sartor Decl., Ex. D.  The filing of subsequent complaints asserting substantially the same claims does not alter the Lead Plaintiff deadline, even if filed in a different court.

The PSLRA permits putative class members seeking appointment as Lead Plaintiff to file such a motion within 60 days of the first-published notice of the pendency of the first-filed action asserting substantially similar claims.  *See* 15 U.S.C. § 78u-4(a)(3)(A).  Oregon satisfies that requirement through this motion.

### ii.     Oregon Has the Largest Financial Interest in the Relief Sought by the Class

Oregon should be appointed Lead Plaintiff because it believes that it has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  As demonstrated herein, Oregon incurred losses of approximately ***$6.9 million*** on a FIFO basis and ***$6.3 million*** on a LIFO basis from its Class Period purchases of over 1.1 million shares of CenturyLink common stock.  *See* Sartor Decl., Exs. A-B.  To the best of Oregon's knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in the litigation.  Accordingly, Oregon has the largest financial interest of any qualified movant

---

[2] On August 16, 2017, Judge Gardephe entered an order transferring the *Thumetti* action to this District. *See Thummeti v. CenturyLink, Inc.*, No. 1:17-cv-04695 (S.D.N.Y.), ECF No. 7.

[3] For purposes of appointing a Lead Plaintiff, the longest, most inclusive class period governs.  *See In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 435 (S.D. Tex. 2010).

5

known to be seeking Lead Plaintiff status, and is the presumptive "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

### iii.  Oregon Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Oregon otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  On a motion to serve as Lead Plaintiff, the movant need only make a *prima facie* showing that it satisfies Rule 23's typicality and adequacy requirements.  *In re Reliance Acceptance Grp., Inc. Sec. Litig*, No. SA-98-CA-0044 OG, 1998 WL 388260, at *4 (W.D. Tex. June 29, 1998) (citations omitted); *see also Buettgen v. Harless*, 263 F.R.D. 378, 381 (N.D. Tex. 2009) (noting that the "inquiry at this stage is not as searching as would follow a motion for class certification").  Here, Oregon unquestionably satisfies both requirements.

The typicality requirement is satisfied where the proposed lead plaintiff's "claims have the same essential characteristics as those of the other class members; they arise from the same event or course of conduct, and are based on the same legal theory."  *Buettgen*, 263 F.R.D. at 381.  Here, Oregon and all other Class members' claims arise from the same course of events and their legal arguments to prove Defendants' liability are nearly identical.  Indeed, like all other Class members, Oregon: (1) purchased CenturyLink common stock during the Class Period; (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) was damaged thereby.  *See id.* at 383 (finding typicality requirement met when proposed Lead Plaintiff "demonstrated it purchased shares of [the defendant company's] stock during the class period, as did the other class members, which subsequently lost significant value as a result of [the defendants'] actions and false statements").  As such, Oregon is a typical Class representative.

6

Oregon similarly satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party must "fairly and adequately protect the interests of the Class." Fed. R. Civ. P. 23(a)(4). The adequacy of representation requirement is satisfied when it is established that a representative party "will fairly and adequately protect the interests of the class," and there is no antagonism between the proposed Lead Plaintiff's interests and those of the Class. *Id.* Oregon satisfies these elements because its substantial financial stake in the litigation provides the incentive to vigorously represent the claims of the Class. Oregon's interests are perfectly aligned with those of the other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between Oregon and other Class members.

Further, based on its past experience serving as Lead Plaintiff, Oregon is well aware of the Lead Plaintiff's obligations under the PSLRA to oversee and supervise the litigation separate and apart from counsel. Indeed, Oregon served as Lead Plaintiff in several cases subject to the PSLRA. *See, e.g.*, *In re Bank of New York Mellon Corp. Forex Transactions Litig.*, No. 12-md-2335 (S.D.N.Y.) (Oregon recovering $180 million for investors); *In re JPMorgan Chase & Co. Sec. Litig.*, No. 12-cv-3852 (S.D.N.Y.) (recovering $150 million for investors). In fact, Brian de Haan, Assistant Attorney General in the Oregon Department of Justice's Financial Fraud and Consumer Protection Section, submitted a Certification on behalf of Oregon affirming its understanding and acceptance of the duties and responsibilities owed to other Class members through its commitment to "serve as a lead plaintiff and representative party" and monitor the prosecution of this action in the best interests of the Class if appointed Lead Plaintiff in this action. Sartor Decl., Ex. A. As reflected by the involvement of Mr. de Haan, Oregon has the benefit of the resources and dedicated personnel of the Office of the Attorney General and the Department of Justice of the State of

7

Oregon who are highly experienced in conducting and supervising complex litigation, as well as the Oregon State Treasury.

The appointment of Oregon would also fulfill a critical legislative goal underlying the enactment of the PSLRA: encouraging sophisticated institutions with a large financial stake in the litigation to serve as lead plaintiff. *See* H.R. Conf. Rep. No. 104-369, at *34, *reprinted in* 1995 U.S.C.C.A.N. at 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *see also In re Reliant Sec. Litig.*, No. 02-cv-1810, 2002 U.S. Dist. LEXIS 27777, at *9-10 (S.D. Tex. Aug. 27, 2002) ("Large institutional investors . . . tend to be sophisticated investors capable of controlling attorneys in securities fraud litigation, and the [PSLRA], by emphasizing financial stake, expresses a preference for appointing such investors").

Finally, Oregon has demonstrated its adequacy through its selection of Bernstein Litowitz and Stoll Berne as Lead Counsel to represent the Class in this action. As discussed more fully below, Bernstein Litowitz and Stoll Berne are highly qualified and experienced in the area of securities class action litigation and have repeatedly demonstrated an ability to conduct complex securities class action litigation effectively.

### B. Oregon's Selection of Counsel Should Be Approved

The Court should approve Oregon's selection of Bernstein Litowitz and Stoll Berne to serve as Lead Counsel on behalf of the Class. Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), a movant shall, subject to court approval, select and retain counsel to represent the class they seek to represent, and the court should not disturb Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Bernstein Litowitz is among the preeminent securities class action law firms in the country. *See* Bernstein Litowitz's Firm Résumé, Sartor Decl., Ex. E. Bernstein Litowitz served as lead

8

counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-03288-DLC (S.D.N.Y.), in which settlements totaling in excess of $6 billion—one of the largest recoveries in securities class action history—were obtained for the Class. More recently, Bernstein Litowitz secured a recovery of $2.43 billion in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058-PKC (S.D.N.Y.), and a $730 million settlement in *In re Citigroup Inc. Bond Litigation*, No. 08-cv-9522-SHS (S.D.N.Y.) on behalf of the Class.

Other significant examples in which courts in this Circuit, including courts in this District, have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include: *In re Stone Energy Corp. Sec. Litig.*, No. 05-cv-2088 (W.D. La.) (recovering $10.5 million for investors); *Wyatt v. El Paso Corp.*, No. 02-cv-02717-LNH (S.D. Tex.) (recovering $285 million for investors); *In re Elec. Data Sys. Corp. Sec. Litig.*, No. 03-md-1512 (E.D. Tex.) (recovering $137.5 million for investors); *In re Med. Care Am., Inc. Sec. Litig.*, No. 92-cv-01996-MLR (N.D. Tex.) (recovering $60 million for investors); *In re Anadarko Petroleum Corp. Class Action Litig.*, No. 12-cv-00900 (S.D. Tex.) (recovering $12.5 million for investors).

In addition, Stoll Berne has extensive experience prosecuting individual and class securities cases, including litigating such cases to trial. *See* Stoll Berne's Firm Résumé, Sartor Decl., Ex. F. Stoll Berne won an $88 million jury verdict as co-lead counsel in *In re Melridge, Inc. Securities Litigation*, 87-1426-FR (D. Or. 1988), and has obtained significant settlements as lead or co-lead counsel in a number of other securities class actions, including: *Flecker v. Hollywood Entertainment Corp.* (D. Or. 1995) (recovering $15 million for investors); *In re Louisiana-Pacific Corp. Securities Litigation* (D. Or. 1995) (recovering $65.1 million for investors); *In re Assisted Living Concepts, Inc. Securities Litigation* (D. Or. 1999) (recovering

9

$43.5 million for investors); and *In re Southern Pacific Funding Corp. Securities Litigation* (recovering $19.5 million for investors).

Working together, Bernstein Litowitz and Stoll Berne have represented Oregon in several complex securities actions and achieved significant recoveries for investors. *See, e.g.*, *In re Bank of New York Mellon Corp. Forex Transactions Litig.*, No. 12-md-2335 (S.D.N.Y.) (recovering $180 million for investors); *In re JPMorgan Chase & Co. Sec. Litig.*, No. 12-cv-3852 (S.D.N.Y.) (recovering $150 million for investors).

Stoll Berne also has represented Oregon in individual securities litigation since at least 1999. *See* Sartor Decl., Ex. F. The firm has extensive familiarity with the staff who manages the Oregon Public Employee Retirement Fund ("OPERF") as well as the outside investment managers, consultants, custodians and related third-parties that have a role in investing and protecting OPERF's funds.

Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Oregon's selection of Bernstein Litowitz and Stoll Berne as Lead Counsel for the Class.

### C.     The Related Actions Should Be Consolidated

Oregon also seeks consolidation of the following Related Actions:

| Case | Civil No. | Date Filed |
|---|---|---|
| *Craig v. CenturyLink, Inc.* | 17-cv-01005 | June 22, 2017 |
| *Scott v. CenturyLink, Inc.* | 17-cv-01033 | August 15, 2017 |
| *Thummeti v. CenturyLink, Inc.* | TBD[4] | June 21, 2017 |

---

[4] On August 16, 2017, Judge Gardephe signed an order transferring *Thummeti v. CenturyLink, Inc.*, No. 1:17-cv-04695 (S.D.N.Y.) to this District. Because the *Thummeti* action has not yet been administratively transferred, the case has not been assigned a civil action number in this District.

These actions present virtually identical factual and legal issues because they each arise out of the same alleged misstatements regarding the Company's revenues and earnings, as well as its sales practices.[5] Accordingly, consolidation of the *Scott* and *Thummeti* actions into the *Craig* action is appropriate under Rule 42(a) of the Federal Rules of Civil Procedure. *See, e.g.*, *Reliant*, 2002 U.S. Dist. LEXIS 27777, at *5-6 (consolidating five related "cases involving common questions of law and fact").

## IV. CONCLUSION

For the reasons discussed above, Oregon respectfully requests that the Court: (1) appoint it to serve as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B); (2) approve its selection of Bernstein Litowitz and Stoll Berne as Lead Counsel for the Class; (3) consolidate all related securities class actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; and (4) grant such other relief as the Court may deem just and proper.

Dated:  August 21, 2017                                      Respectfully submitted,

*/s/ Fred Williams Sartor, Jr.*
Fred Williams Sartor, Jr.
George M. Snellings, IV
**NELSON, ZENTNER, SARTOR &
   SNELLINGS, LLC**
1507 Royal Avenue (71201)
P. O. Box 14420 (71207-4420)
Monroe, Louisiana
Telephone: (318) 388-4454
Facsimile: (318) 388-4447

---

[5] While all three actions assert the same Exchange Act claims against overlapping defendants, the *Craig* action asserts a class period of March 1, 2013 to June 16, 2017, while the *Scott* action asserts a class period of March 1, 2013 to June 19, 2017, and the *Thummeti* action asserts a class period of February 27, 2014 to June 15, 2017. This minor difference does not render consolidation inappropriate, however, because the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation. *See BP*, 758 F. Supp. 2d at 440 ("differences in class periods . . . or differences in named defendants do not preclude consolidation") (citation omitted).

11

*Local counsel for Proposed Lead Plaintiff the State of Oregon by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund*

Gerald H. Silk
Avi Josefson
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jerry@blbglaw.com
avi@blbglaw.com

Keith A. Ketterling
Keith S. Dubanevich
Jennifer A. Wagner
Keil M. Mueller
**STOLL BERNE**
209 Southwest Oak Street
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840
kketterling@stollberne.com
kdubanevich@stollberne.com
jwagner@stollberne.com
kmueller@stollberne.com

*Special Assistant Attorneys General and Counsel for Proposed Lead Plaintiff the State of Oregon by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund, and Proposed Lead Counsel for the Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, August 21, 2017, I electronically filed the above Memorandum Of Law in Support of the Motion of The State of Oregon by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund for Appointment as Lead Plaintiff, Approval of Its Selection of Lead Counsel, And Consolidation Of Related Actions using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

*/s/ Fred Williams Sartor, Jr.*
Fred Williams Sartor, Jr.