UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| BENJAMIN CRAIG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CENTURYLINK, INC., et al.,<br><br>Defendants. | Civil Action No. 3:17-cv-01005-RGJ-JPM<br><br><u>CLASS ACTION</u> |
| DON J. SCOTT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CENTURYLINK, INC., et al.,<br><br>Defendants. | Civil Action No. 3:17-cv-01033-RGJ-JPM<br><br><u>CLASS ACTION</u> |

[Caption continued on following page.]

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

| | |
|---|---|
| AMARENDRA THUMMETI, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 3:17-cv-_____ (Transferred from S.D.N.Y. on August 16, 2017, Case No. 1:17-cv-04695-PGG) |
| Plaintiff, | |
| vs. | <u>CLASS ACTION</u> |
| CENTURYLINK, INC., et al., | |
| Defendants. | |

Amalgamated Bank, as Trustee for the LongView Collective Investment Fund (the "Investment Fund") respectfully submits this memorandum in support of its motion for: (i) consolidation of the Related Actions[1]; (ii) appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (iii) approval of its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the class.

## I.   INTRODUCTION

Currently pending in this District are three putative securities class action lawsuits on behalf of purchasers or acquirers of CenturyLink, Inc. ("CenturyLink" or the "Company") securities between March 1, 2013 and June 19, 2017 (the "Class Period"),[2] seeking to pursue claims under the Securities Exchange Act of 1934 (the "Exchange Act"). The PSLRA requires district courts to resolve consolidation before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Here,

---

[1]   The "Related Actions" refer to: (1) *Thummeti v. CenturyLink, Inc., et al.*, S.D.N.Y. No. 1:17-cv-04695-PGG (filed June 21, 2017 in S.D.N.Y. and transferred to W.D. La. on 8/16/17) (the "*Thummeti* Action"); (2) *Craig v. CenturyLink, Inc., et al.*, No. 3:17-cv-01005-RGJ-JPM (filed June 22, 2017 filed in S.D.N.Y. and transferred to W.D. La. on 8/8/17) (the "*Craig* Action"); and (3) *Scott v. CenturyLink, Inc., et al.*, No. 3:17-cv-01033-RGJ-JPM (filed August 15, 2017 in W.D. La.) (the *Scott* Action"). The *Thummeti* Action was transferred to this District on August 16, 2017 but has not yet been docketed. When the *Thummeti* Action is docketed in this District, it should be consolidated with the other two pending actions.

[2]   The *Thummeti* Action alleges a class period between February 27, 2014 and June 15, 2017, inclusive. The *Craig* Action alleges a class period between March 1, 2013 and June 16, 2017, inclusive. The *Scott* Action alleges a class period between March 1, 2013 and June 19, 2017, inclusive. For purposes of the lead plaintiff motion, the longest class period is used. *See In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 269 (S.D.N.Y. 2009) (determining the largest financial interest based upon "the longest class period identified"); *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 403 (S.D.N.Y. 2006) ("For the purpose of determining lead plaintiff, I find that the use of the longer, most inclusive class period . . . is proper, as it encompasses more potential class members . . . ."); *In re Elan Corp. Sec. Litig.*, No. 08 Civ. 8761, 2009 U.S. Dist. LEXIS 39859, at *5 (S.D.N.Y. May 8, 2009) ("I do not find the claims which anchor the longer . . . class period to be implausible, and I find that it is appropriate to use that more inclusive period for present purposes.").

- 1 -

the Related Actions should be consolidated because they each involve substantially similar issues of law and fact.  *See* Fed. R. Civ. P. 42(a).

As soon as practicable after its decision on consolidation, "the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions."  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The Investment Fund should be appointed as lead plaintiff because it: (1) timely filed its motion; (2) to its counsel's knowledge, has the largest financial interest in the relief sought by the class; and (3) will fairly and adequately represent the interests of the class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Investment Fund's selection of Robbins Geller as lead counsel for the class should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.     STATEMENT OF FACTS

CenturyLink provides various communications services to residential, business, wholesale and governmental customers in the United States.  It operates through two segments, Business and Consumer. The Company offers broadband, ethernet, colocation, video entertainment and satellite digital television services.

The complaints in the Related Actions allege that throughout the Class Period, defendants made materially false and misleading statements and/or failed to disclose adverse information regarding the Company's business and operations, including that CenturyLink allowed its employees to add services or lines to accounts without customer permission, resulting in millions of dollars in unauthorized charges to CenturyLink customers, and as a consequence of this misconduct, the Company's revenues were the product of illicit conduct and were unsustainable, and CenturyLink was likely to be subjected to heightened regulatory scrutiny.  As a result of these false statements and/or omissions, CenturyLink securities traded at artificially inflated prices during the Class Period, with its shares reaching prices of more than $41 per share.

On June 24, 2015, defendants partially disclosed the truth, causing CenturyLink stock to drop $2.63 per share over the course of two days, or more than 8%, to close at $29.92. On June 16, 2017, *Bloomberg* published an article, entitled "CenturyLink Is Accused of Running a Wells Fargo-Like Scheme," that reported on a lawsuit filed in Arizona state superior court by former CenturyLink employee Heidi Heiser ("Heiser"), which alleged that she was fired for blowing the whistle on a high-pressure sales culture at the telecommunications company that left customers paying millions of dollars for accounts they did not request. According to Heiser's complaint, the Company "allowed persons who had a personal incentive to add services or lines to customer accounts to falsely indicate on the CenturyLink system the approval by a customer of new lines or services." The *Bloomberg* article stated that Heiser "was fired days after notifying Chief Executive Officer Glen Post of the alleged scheme during a companywide question-and-answer session held on an internal message board." On this news, CenturyLink's share price fell $1.23 per share, or more than 4.5%, to close at $25.72 per share on June 16, 2017.

Then on June 19, 2017, *Bloomberg* reported that a consumer complaint alleging fraud, unfair competition and unjust enrichment had been filed against CenturyLink based on the whistleblower allegations in Heiser's complaint. On this news, the price of CenturyLink shares fell another $0.36 per share to close at $25.36 per share on June 19, 2017.

### III.   ARGUMENT

#### A.   The Related Actions Should Be Consolidated

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." Fed. R. Civ. P. 42(a). Here, the Related Actions assert claims on behalf of purchasers of CenturyLink securities for alleged violations of the Exchange Act during similar class periods.

The Related Actions name the Company and other similar defendants and involve similar questions of law and fact; namely, whether plaintiffs purchased CenturyLink securities at artificially inflated prices as a result of defendants' allegedly false and misleading statements, and whether defendants' conduct violates §§10(b) and 20(a) of the Exchange Act and Securities and Exchange Commission Rule 10b-5 promulgated thereunder. Thus, the Related Actions should be consolidated.

### B.  The Investment Fund Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4-1(a)(1). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service "[n]ot later than 20 days" after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The Investment Fund meets each of these requirements and should therefore be appointed as lead plaintiff.

#### 1.  The Investment Fund's Motion Is Timely

The notice published in this action on June 21, 2017, advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days of the notice, or by August 20, 2017. *See* Declaration of Andrew Lemmon in Support of Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Lemmon Decl."), Ex. A, filed

- 4 -

concurrently herewith. August 20, 2017 was a Sunday; thus, pursuant to Fed. R. Civ. P. 6(a)(1)(C), the "next day that is not a Saturday, Sunday, or legal holiday," is August 21, 2017. Because this motion is timely filed, the Investment Fund is entitled to be considered for appointment as lead plaintiff.

### 2. The Investment Fund Has the Largest Financial Interest in the Relief Sought by the Class

The Investment Fund purchased over $4.5 million worth of CenturyLink securities and suffered over $1.24 million in losses as a result of defendants' alleged wrongdoing. *See* Lemmon Decl., Exs. B-C. To the best of its counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, the Investment Fund satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. The Investment Fund Satisfies the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "Courts have consistently held that in a motion for appointment of lead plaintiffs, plaintiffs need only make a preliminary showing of typicality and adequacy under Rule 23(a)." *Tarica v. McDermott Int'l, Inc.*, No. 99-3831, 2000 U.S. Dist. LEXIS 5031, at *13 (E.D. La. Apr. 13, 2000). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4).

"Under Rule 23(a), typicality is satisfied when 'the claims or defenses of the representative parties are typical of the claims or defenses of the class,' and adequacy is met when 'the representative parties will fairly and adequately protect the interests of the class.'" *Tarica*, 2000 U.S. Dist. LEXIS 5031, at *13-*14 (noting that "'the test for typicality is not demanding'") (citation

- 5 -

omitted). Here, the Investment Fund purchased the same securities that are the subject of the action and suffered the same alleged harm as all putative class members. Thus, the Investment Fund has "made a sufficient preliminary showing of typicality." *Id.* at *14.

"In order to satisfy adequacy of representation, counsel must be qualified, experienced, and able to prosecute the action vigorously, and the class representatives must not have interests antagonistic to the class members." *Id.* Here, the Investment Fund's injuries arise out of the same conduct as those of the putative class, its interests are aligned with the putative class and it has retained competent and experienced counsel to prosecute this case. As such, the Investment Fund has made "a sufficient preliminary showing of adequacy of representation." *Id.*

### C. The Court Should Approve the Investment Fund's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). The Investment Fund selected Robbins Geller as its counsel in this case.

Robbins Geller, a 200-lawyer firm with offices nationwide, is actively engaged in complex litigation, particularly securities litigation. *See* Lemmon Decl., Ex. D. District courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.) (commenting that the "experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"). As such, the Court may be assured that the class members will receive the

highest caliber of legal representation available from Robbins Geller if the Investment Fund's motion is granted.

Accordingly, the Investment Fund's selection of counsel should be approved.

## IV.    CONCLUSION

The Investment Fund has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, the Investment Fund respectfully requests that the Court appoint it as lead plaintiff, approve its selection of counsel and grant such other relief as the Court may deem just and proper.

DATED:  August 21, 2017                Respectfully submitted,

LEMMON LAW FIRM, LLC
ANDREW A. LEMMON (#18302)


                                              s/ ANDREW A. LEMMON
                                               ANDREW A. LEMMON

15058 River Road
Hahnville, LA  70057
Telephone:  985/783-6789
985/783-1333 (fax)

Local Counsel for Plaintiff

ROBBINS GELLER RUDMAN
   & DOWD LLP
TRICIA L. McCORMICK
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 21, 2017.

                                         s/ ANDREW A. LEMMON
                                         ANDREW A. LEMMON

                                         LEMMON LAW FIRM, LLC
                                         15058 River Road
                                         Hahnville, LA  70057
                                         Telephone:  985/783-6789
                                         985/783-1333 (fax)

                                         E-mail: andrew@lemmonlawfirm.com

# Mailing Information for a Case 3:17-cv-01005-RGJ-JPM Craig v. CenturyLink Inc et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **George Edward Anhang**
  ganhang@cooley.com

- **Adam M Apton**
  AApton@zlk.com

- **Brandon Wade Creekbaum**
  brandon@hhsclaw.com,monica@hhsclaw.com

- **Thomas M Hayes , III**
  tom@hhsclaw.com,mendy@hhsclaw.com,june@hhsclaw.com

- **Tracy W Houck**
  thouck@suddenlinkmail.com,pcharris@suddenlinkmail.com

- **Patrick W Pendley**
  pwpendley@pbclawfirm.com,nrockforte@pbclawfirm.com

- **Nicholas Ian Porritt**
  nporritt@zlk.com

- **Lyle Roberts**
  lroberts@cooley.com,asmith@cooley.com,cmalick@cooley.com,dsachs@cooley.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

# Mailing Information for a Case 3:17-cv-01033-RGJ-JPM Scott v. CenturyLink Inc et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **George Edward Anhang**
  ganhang@cooley.com

- **Thomas M Hayes , III**
  tom@hhsclaw.com,mendy@hhsclaw.com,june@hhsclaw.com

- **Matthew E Lundy**
  mlundy@lundylawllp.com,ldelcambre@lundylawllp.com

- **Lyle Roberts**
  lroberts@cooley.com,asmith@cooley.com,cmalick@cooley.com,dsachs@cooley.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)