# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

------------------------------------------------------- x
| | |
|---|---|
| BENJAMIN CRAIG, Individually and on Behalf of All Others Similarly Situated, : | No. 17-cv-01005-SMH-JPM |
| : | |
| Plaintiff, : | <u>CLASS ACTION</u> |
| : | |
| vs. : | <u>ORAL ARGUMENT REQUESTED</u> |
| : | |
| CENTURYLINK, INC., GLEN F. POST, III and R. STEWART EWING, JR., : | |
| : | |
| Defendants. : | |
------------------------------------------------------- x
| | |
|---|---|
| DON J. SCOTT, Individually and on Behalf of All Others Similarly Situated, : | No. 17-cv-01033-SMH-JPM |
| : | |
| Plaintiff, : | <u>CLASS ACTION</u> |
| : | |
| vs. : | <u>ORAL ARGUMENT REQUESTED</u> |
| : | |
| CENTURYLINK, INC., GLEN F. POST, III, R. STEWART EWING, JR. and DAVID D. COLE, : | |
| : | |
| Defendants. : | |
------------------------------------------------------- x
| | |
|---|---|
| AMARENDRA THUMMETI, Individually and on Behalf of All Others Similarly Situated, : | No. 17-cv-01065-SMH-JPM |
| : | |
| Plaintiff, : | <u>CLASS ACTION</u> |
| : | |
| vs. : | <u>ORAL ARGUMENT REQUESTED</u> |
| : | |
| CENTURYLINK, INC., GLEN F. POST, III, and R. STEWART EWING, JR., : | |
| : | |
| Defendants. : | |
------------------------------------------------------- x

**MEMORANDUM IN FURTHER SUPPORT OF THE MOTION OF
KBC ASSET MANAGEMENT NV FOR CONSOLIDATION, APPOINTMENT
AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL,
<u>AND IN OPPOSITION TO THE COMPETING MOTIONS</u>**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

    I.      The Related Actions Should Be Consolidated.................................................................. 2

    II.     KBC Is the 'Most Adequate Plaintiff' under the PSLRA.................................................. 2

          A.      KBC Has the Largest Financial Interest in the Relief Sought by the Class............ 3

          B.      KBC Satisfies the Requirements of Rule 23...................................................... 5

    III.    The Competing Movants Do Not Qualify to Be Appointed Lead Plaintiff........................ 6

          A.      Oregon Cannot Benefit from a Presumption That It Is the Most Adequate Plaintiff ................................................................................................................ 6

          B.      Amalgamated Bank Cannot Benefit from a Presumption That It Is the Most Adequate Plaintiff .............................................................................................. 7

REQUEST FOR ORAL ARGUMENT ........................................................................................... 8

CONCLUSION................................................................................................................................ 8

# TABLE OF AUTHORITIES

**CASES**

*Burgraff v. Green Bankshares, Inc.*
  No. 10-cv-00253, 2011 WL 613281 (E.D. Tenn. Feb. 11, 2011) ............................................. 3

*In re BP, PLC*
  758 F.Supp.2d 428 (S.D. Tex. 2010) ..................................................................................... 7

*In re Cendant Corp. Litigation*
  264 F.3d 201 (3d Cir. 2001) ......................................................................................... 1, 2, 5

*City of Monroe Employees' Retirement System v. Hartford Financial Services Group, Inc.*, 269 F.R.D. 291 (S.D.N.Y. 2010) ................................................................................. 3-4

*In re CMED Securities Litigation*
  No. 11-cv-9297, 2012 WL 1118302 (S.D.N.Y. Apr. 2, 2012) ................................................ 3

*In re Comdisco Securities Litigation*
  150 F. Supp. 2d 943, 946 (N.D. Ill. 2001) ............................................................................. 7

*In re Enron Corp. Securities Litigation*,
  206 F.R.D. 427 (S.D. Tex. 2002) ........................................................................................... 6

*In re eSpeed, Inc. Securities Litigation*
  232 F.R.D. 95 (S.D.N.Y. 2005) ............................................................................................. 4

*Hall v. Rent-A-Center, Inc.*
  No. 16-cv-978, 2017 WL 1017716 (E.D. Tex. Mar. 16, 2017) .............................................. 6

*Lax v. First Merchants Acceptance Corp.*
  No. 97-cv-02715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) .............................................. 3

*Sgalambo v. McKenzie*
  268 F.R.D. 170 (S.D.N.Y. 2010) ........................................................................................... 5

*Steamfitters Local 449 Pension Fund v. Central European Distribution Corp.*
  No. 11-cv-6247, 2012 WL 3638629 (D.N.J. Aug. 22, 2012) ................................................. 7

*Strong v. AthroCare Corp.*
  No. A-08-CA-574-SS, 2008 WL 11334942 (W.D. Tex. Dec. 10, 2008) ................................ 3

*Topping v. Deloitte Touche Tohmatsu CPA Ltd.*
  No. 14-cv-2814, 2015 WL 1499657 (S.D.N.Y. Mar. 27, 2015) ......................................... 3, 4

**STATUTES**

15 U.S.C. § 78u-4(a)(1) ................................................................................................................ 4
15 U.S.C. § 78u-4(a)(3)(B) ....................................................................................................... 1-3

**OTHER AUTHORITIES**

Manual for Complex Litigation (Fourth) §13.31 (2004) .............................................................. 3

KBC Asset Management NV ("KBC") respectfully submits this memorandum of law in further support of its motion for appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and in opposition to the competing motions.

## PRELIMINARY STATEMENT

Pending before the Court are the three above-captioned securities fraud class actions (the "Related Actions") against CenturyLink, Inc. ("CenturyLink") and certain of its officers and/or directors (together, "Defendants"). The lawsuits assert substantially identical claims on behalf of investors who purchased or otherwise acquired CenturyLink securities in some period between March 1, 2013, and June 19, 2017, inclusive (the "Class Period"). Pursuant to the PSLRA, the following members of the proposed class filed motions with the Court seeking consolidation of the Related Actions, appointment as lead plaintiff, and approval of selection of lead counsel for the proposed class: (1) KBC; (2) Amalgamated Bank, as Trustee for the LongView Collective Investment Fund ("Amalgamated Bank"); (3) the State of Oregon ("Oregon"); (4) Police and Fire Retirement System of the City of Detroit and Laborers Pension Trust Fund – Detroit and Vicinity (the "Detroit Group"); (5) Allen Feldman, Mark D. Alger, Tae Yi, Essex Lacy, and Art Kleppen (the "CenturyLink Investor Group"); and (6) Sona Andresian. ECF Nos. 21, 24, 25, 26, 28, 29.[1]

The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff, and establishes a rebuttable presumption that the most adequate plaintiff is "the person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of" Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). To benefit from this presumption, the movant with the largest financial interest must make a prima facie showing that it satisfies the requirements of Rule 23 at

---

[1] Sona Andresian's motion to withdraw her motion for appointment as lead plaintiff was granted on August 28, 2017. ECF No. 39. CenturyLink Investor Group's motion to withdraw its motion for appointment as lead plaintiff was granted on September 5, 2017. ECF No. 43. All citations to ECF No. __ refer to Case No. 17-cv-01005 in this District unless otherwise indicated.

this stage (i.e., typicality and adequacy). *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263-65 (3d Cir. 2001). Once the presumption has been triggered, it may only be rebutted by "proof" that the presumptive lead plaintiff will not fairly represent the interests of the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Of the six lead plaintiff movants in the Related Actions, KBC has the largest interest in the relief sought by the putative class, its funds having lost more than $13.1 million on their investments in CenturyLink securities during the Class Period. In contrast, the other movants claim losses of no more than $6,297,582, less than half KBC's loss. KBC, a sophisticated institutional investor, also satisfies Rule 23's typicality and adequacy requirements because its claims are based on the same facts and legal theories as the class, and it will provide effective and vigorous representation to absent class members. *See In re Cendant*, 264 F.3d at 265. In contrast, two of the remaining competing movants are susceptible to unique defenses that render each of them inadequate to serve as lead plaintiff. Because KBC has the largest financial interest in the relief sought by the class, has shown that it satisfies the requirements of Rule 23, and no proof can be offered that it would not adequately represent the class, KBC is the most adequate plaintiff under the PSLRA and its motion for appointment as lead plaintiff and approval of lead counsel should be granted. The competing motions should be denied.

## ARGUMENT

### I. The Related Actions Should Be Consolidated

Each of the six lead plaintiff movants moved the Court to consolidate the Related Actions as each action involves common questions of law and fact and consolidating the Related Actions would promote judicial economy. *See* Fed. R. Civ. P. 42(a); 15 U.S.C. § 78u-4(a)(3)(B) (Securities Exchange Act, Section D). In addition, Defendants have consented to consolidation. ECF No. 36. Accordingly, the Court should consolidate the Related Actions.

### II. KBC Is the 'Most Adequate Plaintiff' under the PSLRA

The PSLRA directs the Court to appoint as lead plaintiff the member of the purported plaintiff class that "the court determines to be most capable of adequately representing the

interests of class members," referred to as "the 'most adequate plaintiff.'" 15 U.S.C. § 78u-4(a)(3)(B)(i). Under the PSLRA, the movant that timely demonstrates it has "the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23" is entitled to a presumption that it is the most adequate plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Here, KBC has the largest financial interest in this litigation and satisfies the typicality and adequacy requirements of Rule 23, and therefore is entitled to be appointed lead plaintiff.

### A. KBC Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA does not provide a methodology for determining which movant has "the largest financial interest" in the relief sought by the class. However, in making this determination, courts typically have looked at four factors outlined by the court in *Lax v. First Merchants Acceptance Corp.*, No. 97-cv-02715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997). The four *Lax* factors are: "(1) the number of shares that the movant purchased during the class period, (2) the number of net shares purchased during the class period, (3) 'the total net funds expended by the [movant] during the class period, and (4) the amount of loss suffered by the movant.'" *Burgraff v. Green Bankshares, Inc.*, No. 10-cv-00253, 2011 WL 613281, at *2 (E.D. Tenn. Feb. 11, 2011) (citing Manual for Complex Litigation (Fourth) §13.31 (2004)). Of these four factors, "[t]he fourth factor—financial loss—is viewed as the most important." *Topping v. Deloitte Touche Tohmatsu CPA Ltd.*, No. 14-cv-2814, 2015 WL 1499657, at *5 (S.D.N.Y. Mar. 27, 2015) (collecting cases).

In determining a movant's loss, courts often rely on last-in, first-out (or LIFO) accounting, which "calculates loss by assuming that the stocks purchased most recently were sold first." *In re CMED Sec. Litig.*, No. 11-cv-9297, 2012 WL 1118302, at *3 (S.D.N.Y. Apr. 2, 2012); *see also City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 295-96 (S.D.N.Y. 2010) ("While the PSLRA does not address which method of loss calculation should be employed [in determining the largest financial interest], courts in this district and others have stated a preference for LIFO over FIFO in assessing loss for the purposes

3

of the appointment of lead plaintiff."); *Strong v. AthroCare Corp.*, No. A-08-CA-574-SS, 2008 WL 11334942, at *6 (W.D. Tex. Dec. 10, 2008) ("In accordance with what appears to be the strong modern trend and based on the convincing rationale set forth by other courts, this Court adopts the LIFO method of accounting to determine the largest financial interest in the present litigation."). In contrast, first-in first-out (or FIFO) accounting "ignores sales occurring during the class period and may exaggerate losses." *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 101 (S.D.N.Y. 2005); *see also City of Monroe Emps.' Ret. Sys.*, 269 F.R.D. at 295-96 ("[W]e find that LIFO is the most accurate measure of actual losses suffered by stockholders in that it takes into account any gains accrued from sales during the class period.").[2]

The table below shows the "four factors" for the movants in this case, including the claimed loss as calculated by each movant consistent with LIFO accounting:[3]

| Movant | Claimed Loss | Shares Purchased | Net Shares Purchased | Net Funds Expended |
|---|---|---|---|---|
| KBC | **$13,166,113** | **3,220,632** | 455,868 | **$23,379,553** |
| Oregon | $6,297,582[4] | 1,160,139 | **560,340** | $17,628,243[5] |
| Amalgamated Bank | $1,243,105 | 136,685 | (23,773) | ($552,059) |
| Detroit Group | $1,047,042 | 132,414 | 37,596 | $1,885,411 |
| CenturyLink Investor Group | $1,033,737 | 104,563 | 94,563 | $3,075,491 |
| Sona Andresian | $27,340 | 2,000 | 2,000 | $73,740 |

---

[2] Some of the competing movants have calculated their losses using FIFO accounting exclusively or have proffered a FIFO loss chart in addition to a LIFO loss chart, perhaps because their losses appear larger under FIFO. *See* ECF No. 28-4 at 2-6 (showing FIFO and LIFO losses); ECF No. 29-5 at 4 (showing FIFO loss only); *compare with* ECF No. 26-5 (showing LIFO loss only). KBC funds' FIFO loss of $13.4 million is similar in amount to their LIFO loss.

[3] *See* ECF No. 21-5 at 3 (Sona Andresian); ECF No. 24-5 at 3 (CenturyLink Investor Group); ECF No. 25-4 at 4 (KBC); ECF No. 26-5 at 4 (Detroit Group); ECF No. 28-4 at 10 (Oregon); ECF No. 29-5 at 4 (Amalgamated Bank).

[4] Oregon's estimated losses include a gain of $121,363.50 on 40,350 CenturyLink bonds it purchased and then sold for a profit during the Class Period. *See* ECF No. 28-4 at 10.

[5] Oregon's net funds expended include net sales of $1,453,002 worth of bonds during the Class Period.

Critically, KBC's funds have a larger loss than any other movant. KBC's funds also purchased far more shares and expended more net funds than any other movant. Thus, KBC has the greatest financial interest in the relief sought by the class under three of the four factors, including "the most important factor," the approximate loss. *Topping*, 2015 WL 1499657, at *5. Moreover, Oregon's "Net Shares Purchased" of 560,340 does not take into account that Oregon sold nearly 14,000 bonds worth more than $1.3 million, or about four times as much per note as a share of CenturyLink common stock. Therefore, its advantage in that factor is overstated.

### B.    KBC Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest, KBC also has made a "'preliminary showing' that it will satisfy the typicality and adequacy requirements of Rule 23," entitling it to a presumption that it is the most adequate lead plaintiff. *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (citation omitted). KBC satisfies the typicality requirement because its claims against Defendants "arise[] from the same events" and rely on "on the same legal theory" as other members of the purported class. *In re Cendant*, 264 F.3d at 263-64. During the Class Period, KBC's funds purchased or otherwise acquired a substantial amount of CenturyLink common stock on the New York Stock Exchange at prices artificially inflated by Defendants' alleged materially false and misleading statements and omissions, and suffered damages when the truth was revealed to the market and the price of the shares declined. *See* ECF No. 25 at 6.

KBC satisfies the adequacy requirement because it seeks to recover for substantially the same course of conduct and injuries for which the rest of the proposed class seeks recovery. Indeed, KBC's large financial loss ensures that it is motivated to vigorously prosecute the Action, and it has sufficient resources and experience to ensure it will do so competently. *See* ECF No. 25 at 6-7; *see also In re Cendant*, 264 F.3d at 174 (holding that adequacy "is satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class . . . ." (citation omitted)). As explained in the memorandum

5

accompanying its motion, KBC also demonstrated its adequacy by selecting a highly qualified firm with significant experience prosecuting federal securities class actions to serve as Lead Counsel for the putative class. ECF No. 25 at 7.

Because KBC has the largest financial interest of any movant and has made a prima facie showing of typicality and adequacy, it is entitled to a presumption that it is the most adequate plaintiff. There is no evidence to rebut the presumption in KBC's favor, and its motion to be appointed lead plaintiff should be granted. The Court also should approve KBC's selection of Motley Rice to serve as lead counsel for the proposed class. *See* ECF No. 25 at 7-8.

### III.   The Competing Movants Do Not Qualify to Be Appointed Lead Plaintiff

None of the other movants qualifies to be appointed lead plaintiff pursuant to the PSLRA because, as demonstrated above, none of them has the largest financial interest in the relief sought by the class. Therefore, under the PSLRA's "sequential procedure for selecting a lead plaintiff," there is no need for the Court to consider whether the competing movants meet the requirements of Rule 23. *Hall v. Rent-A-Ctr., Inc.*, No. 16-cv-978, 2017 WL 1017716, at *1 (E.D. Tex. Mar. 16, 2017). In any event, two of the competing movants also do not qualify for appointment as lead plaintiff because they do not satisfy the requirements of Rule 23 at this stage.

#### A.   Oregon Cannot Benefit from a Presumption That It Is the Most Adequate Plaintiff

As shown above, Oregon's financial interest in the relief sought by the class is far smaller than KBC's. Even if Oregon had the largest financial interest (it does not), Oregon is susceptible to "unique defenses" that make it an inadequate or atypical lead plaintiff. *See In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 455–56 (S.D. Tex. 2002) ("[T]hese unique defenses are likely to more than distract [the movant] from duties of Lead Plaintiff."). The putative class in the Related Actions consists of all persons who purchased or otherwise acquired CenturyLink securities, including common stock and notes, during the Class Period. In addition to its claimed loss of $6,418,944.84 on its investment in CenturyLink common stock during the Class Period,

6

Oregon made a profit of $121,362.50 on its investment in certain 6.875% bonds due 2033. *See* ECF No. 28-4 at 10. Additionally, during the Class Period, Oregon sold $1,395,000 worth of a 5.625% bond due 2020. *See id.* Oregon purchased the 5.625% bonds before the Class Period and before the price of those bonds allegedly became inflated by Defendants' false and/or misleading statements and omissions. Oregon then sold those bonds during the Class Period, while the prices of the bonds were so inflated, thereby profiting from Defendants' allegedly fraudulent conduct. *Id.*

Defendants undoubtedly will argue that Oregon is inadequate to represent class members who purchased the 6.875% bonds or the 5.625% bonds during the Class Period because Oregon's interests are antagonistic to those class members. *See In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 439 (S.D. Tex. 2010) (holding that movant's trading pattern "give[s] rise to a substantial risk of conflict with the interests of absent class members"). This creates a danger that the class will be burdened with a sideshow. *See Steamfitters Local 449 Pension Fund v. Cent. European Distrib. Corp.*, No. 11-cv-6247, 2012 WL 3638629, at *13 (D.N.J. Aug. 22, 2012) ("The Court must ensure that the lead plaintiff will not prejudice the class by subjecting the class to the delay, expense, and uncertainty of litigating unique defenses."). Because Oregon is susceptible to the argument that its interests are antagonistic to those of other class members, it is not an appropriate lead plaintiff.

### B. Amalgamated Bank Cannot Benefit from a Presumption That It Is the Most Adequate Plaintiff

As noted above, even accepting Amalgamated Bank's claimed loss of $1,242,897, which it calculated using FIFO accounting, Amalgamated Bank's financial interest in this litigation is far smaller than KBC's interest. Furthermore, Amalgamated Bank's loss under the appropriate standard, LIFO, is a mere $380,536. *See* Ex. A. This disparity is not surprising considering that Amalgamated Bank is a net seller and net gainer, meaning that, during the Class Period, it sold more shares than it purchased, and received more proceeds from selling shares than it expended on purchasing shares. *See, e.g.*, *In re Comdisco Sec. Litig.*, 150 F. Supp. 2d 943, 946 (N.D. Ill.

7

2001) (rejecting application of FIFO methodology, finding that net seller and net gainer status rendered movant "totally out of the running for designation as lead plaintiff"). Relying on FIFO accounting allows Amalgamated Bank to disguise its large class period sales by offsetting them against shares it purchased before the Class Period. In fact, during the Class Period, Amalgamated Bank received net proceeds of $552,059 by selling its CenturyLink shares.

Amalgamated Bank's status as a net seller and net gainer also makes it susceptible to the unique defense that it suffered no damages or even benefited from Defendants' alleged fraud. Specifically, because Amalgamated Bank was a net seller of shares during the Class Period—purchasing them before Defendants' allegedly false statements artificially inflated the share price, and selling them while the share price was artificially inflated—Amalgamated Bank on the whole benefited from Defendants' allegedly fraudulent conduct. For this reason, Amalgamated Bank cannot satisfy the adequacy or typicality requirements of Rule 23, and does not qualify to be appointed lead plaintiff.

## REQUEST FOR ORAL ARGUMENT

KBC hereby respectfully requests oral argument on its motion.

## CONCLUSION

For the foregoing reasons and the reasons given in its opening brief, KBC respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint KBC Lead Plaintiff pursuant to the PSLRA; and (3) approve KBC's selection of Motley Rice to serve as Lead Counsel for the putative class.

DATED:  September 11, 2017					Respectfully submitted,

**DOMENGEAUX WRIGHT ROY & EDWARDS LLC**

*s/ James P. Roy*
James P. Roy (La. 11511)
John P. Roy (La. 32048)
556 Jefferson St., Suite 500
Lafayette, LA  70501
Telephone:  (337) 233-3033
Facsimile:  (337) 232-8213
jimr@wrightroy.com
johnr@wrightroy.com
*Counsel for KBC Asset Management NV*

**MOTLEY RICE LLC**
James M. Hughes
Gregg S. Levin
20 Church St., 17th Floor
Hartford, CT 06103
Telephone: (860) 882-1681
Facsimile: (860) 882-1682
jhughes@motleyrice.com
glevin@motleyrice.com
*Counsel for KBC Asset Management NV and [Proposed] Lead Counsel for the Class*

9