# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| BENJAMIN CRAIG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CENTURYLINK, INC., GLEN F. POST III, and STEWART EWING JR.,<br><br>Defendants. | Case No. 3:17-cv-01005-RGJ-JPM |
| DON J. SCOTT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CENTURYLINK, INC., GLEN F. POST III, R. STEWART EWING JR., and DAVID D. COLE<br><br>Defendants. | Case No. 3:17-cv-01033-RGJ-JPM |
| AMARENDRA THUMMETI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>CENTURYLINK, INC., GLEN F. POST III, and R. STEWART EWING JR.,<br><br>Defendants. | Case No. 3:17-cv-01065-RGJ-JPM |

## DETROIT INSTITUTIONAL INVESTOR GROUP'S RESPONSE TO COMPETING LEAD PLAINTIFF MOTIONS

On August 21, 2017, Proposed Lead Plaintiff Police and Fire Retirement System of the City of Detroit ("Detroit P&F") and Laborers Pension Trust Fund – Detroit and Vicinity ("Detroit Laborers") (collectively, the "Detroit Institutional Investor Group"), filed a motion for consolidation of the above-captioned related cases, for appointment of lead plaintiff, and for approval of its selection of proposed lead counsel. *See* Dkt. 26. Five other lead plaintiff movants timely filed motions similarly asking the Court to consolidate the above-captioned related cases, seeking to be appointed as lead plaintiff or plaintiffs, and seeking approval of the movant's selection of proposed lead counsel. They were: (1) Sona Adresian, *see* Dkt. 21; (2) Amalgamated Bank, as Trustee for the LongView Collective Investment Fund (the "Amalgamated Investment Fund"), *see* Dkt. 29; (3) CenturyLink Investor Group, *see* Dkt. 24; (4) KBC Asset Management NV ("KBC"), *see* Dkt. 25; and (5) Oregon Public Employee Retirement Fund ("Oregon"), *see* Dkt. 28. On August 24, 2017, Sona Adresian withdrew her motion. *See* Dkt. 35. On August 30, 2017, the CenturyLink Investor Group withdrew its motion. *See* Dkt. 41. Thus, at present, there are four remaining movants (including the Detroit Institutional Investor Group).

The Private Securities Litigation Reform Act of 1995 ("PSLRA") makes clear that the movant with the largest financial interest in the relief sought by the class who also satisfies Rule 23 of the Federal Rules of Civil Procedure is presumed to be the "most adequate plaintiff" to serve as the lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Having reviewed the competing motions and supporting papers provided by the other movants seeking appointment as lead plaintiff, it appears that the Detroit Institutional Investor Group does not possess the "largest financial interest in the relief sought by the class" as required by the PSLRA. Oregon's claimed "last in, first out" ("LIFO") losses from class period investments in CenturyLink securities are approximately $7 million, and KBC's claimed LIFO losses are roughly $13 million.

1

For the foregoing reasons, the Detroit Institutional Investor Group does not oppose the competing motions of Oregon and KBC. However, if the Court determines that those movants are not fit to serve as lead plaintiff in this action, and/or if they should withdraw their applications, the Detroit Institutional Investor Group, which has the largest loss among movants after Oregon and KBC, remains ready, willing and able to serve as lead plaintiff.

While the Amalgamated Investment Fund claims in its moving papers, *see* Dkt. 29-5 (Ex. C – Loss Chart), to have a larger loss than the Detroit Institutional Investor Group ($1.24 million versus $1.047 million), that is because the Amalgamated Investment Fund matches class period sales to purchases on a "first in, first out" ("FIFO") basis. However, most courts have held that, when calculating the financial interests of competing lead plaintiff movants, trades should be matched on a LIFO basis. This is because FIFO improperly inflates losses by ignoring gains from sales of the stock during the class period at prices that were allegedly inflated by fraud. *See, e.g.*, *Marcus v. J.C. Penney Co.*, No. 13 Civ. 736, 2014 U.S. Dist. LEXIS 197529, at *14 (E.D. Tex. Feb. 28, 2014) ("The LIFO Method takes into account gains that might have accrued by the potential lead plaintiff during the class period due to the inflation of the stock's price."); *see also In re AthroCare Corp. Sec. Litig.*, No. 08 Civ. 574, slip op. at 10-11 (W.D. Tex. Dec. 10, 2008) (adopting LIFO loss calculation method "in accordance with . . . the strong modern trend and . . . the convincing rationale set forth by other courts"); *Bo Young Cha v. Kinross Gold Corp.*, No. 12 Civ. 1203, 2012 WL 2025850, at *3 (S.D.N.Y. May 31, 2012) ("the overwhelming trend both in this district and nationwide" has been to use the LIFO loss calculation method). The effect of the Amalgamated Investment Fund's use of FIFO instead of LIFO was to ignore more than $3 million of proceeds that it received from sales of more than 95,000 shares of CenturyLink stock during the class period. When the Amalgamated Investment Fund's class period sales are properly matched

to its purchases on a LIFO basis, its loss is just $396,618, significantly less than the Detroit Institutional Investor Group's loss, and less than either member of the Detroit Institutional Investor Group. *See* Ex. A.

In addition to having a much smaller LIFO loss that the Detroit Institutional Investor Group, the Amalgamated Investment Fund is a net seller, having sold 164,507 shares of CenturyLink stock during the Class Period, while purchasing only 136,685 shares. As a result, the Amalgamated Investment Fund obtained $5.117 million in proceeds from its sales of CenturyLink shares during the Class Period (at prices that were allegedly artificially inflated by fraud), while spending only $4.505 million on purchases of CenturyLink stock during the same period. *See* Ex. A. Courts have consistently rejected such applications for lead plaintiff status made by net sellers, recognizing that they may in fact have profited, rather than suffered, because of the inflated stock prices. *See, e.g.*, *Deering v. Galena Biopharma, Inc.*, No. 14 Civ. 00367, 2014 U.S. Dist. LEXIS 140766, at *34-35 (D. Or. Oct. 3, 2014) (rejecting lead plaintiff movant for being "net seller"); *see also In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 308 (S.D.N.Y. 2005) (remarking that "courts usually reject these so-called net-gainers as lead plaintiffs, opting for net losers that will have less trouble proving damages"); *In re Comdisco Sec. Litig.*, 150 F. Supp. 2d 943, 945-46 (N. D. Ill. 2001) (rejecting FIFO methodology and finding that net seller's transactions during class period "caused it to derive unwitting benefits rather than true losses from the alleged securities fraud").

Accordingly, the Detroit Institutional Investor Group requests that, if KBC and Oregon are unwilling, or determined by the Court to be unable, to serve as lead plaintiff, the Court should appoint the Detroit Institutional Investor Group.

DATED:  September 11, 2017                    Respectfully submitted,

                                              */s/ Jason W. Burge*
                                                  Jason W. Burge

                                              **FISHMAN HAYGOOD L.L.P.**
                                              Jason W. Burge (La. Bar No. 30420)
                                              201 St. Charles Avenue, Suite 4600
                                              New Orleans, Louisiana 70170
                                              Telephone: (504) 586-5241
                                              Facsimile: (504) 586-5250
                                              jburge@fishmanhaygood.com

                                              *Proposed Liaison Counsel*

                                              **LABATON SUCHAROW LLP**
                                              Christopher J. Keller
                                              Eric J. Belfi
                                              Francis P. McConville
                                              140 Broadway
                                              New York, New York 10005
                                              Telephone: (212) 907-0700
                                              Facsimile: (212) 818-0477
                                              ckeller@labaton.com
                                              ebelfi@labaton.com
                                              fmcconville@labaton.com

                                              **KIRBY McINERNEY LLP**
                                              Peter S. Linden
                                              Ira M. Press
                                              Christopher S. Studebaker
                                              825 Third Avenue, Floor 16
                                              New York, New York 10022
                                              Telephone: (212) 371-6600
                                              Facsimile: (212) 751-2540
                                              plinden@kmllp.com
                                              ipress@kmllp.com
                                              cstudebaker@kmllp.com

                                              *Counsel for the Detroit Institutional*
                                              *Investor Group and Proposed Co-Lead*
                                              *Counsel for the Class*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 11, 2017, a copy of the foregoing Response to Competing Lead Plaintiff Motions was filed electronically and notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system.  Parties may access this filing through the court's CM/ECF System.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on September 11, 2017.


_____*/s/ Jason W. Burge*_____
Jason W. Burge

**FISHMAN HAYGOOD L.L.P.**
Jason W. Burge (La. Bar No. 30420)
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
Telephone: (504) 586-5241
Facsimile: (504) 586-5250
jburge@fishmanhaygood.com