## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

------------------------------------------------------------ x
BENJAMIN CRAIG, Individually and on : No. 3:17-cv-01005-SMH-JPM
Behalf of All Others Similarly Situated, :
                                              : CLASS ACTION
                  Plaintiff, :
                                              :
           vs. :
                                              :
CENTURYLINK, INC., GLEN F. POST, III :
and R. STEWART EWING, JR., :
                                              :
                 Defendants. :
------------------------------------------------------------ x

## "CORRECTIVE DOCUMENT"

## MEMORANDUM IN SUPPORT OF KBC ASSET MANAGEMENT NV'S APPEAL UNDER RULE 72(a) AND LOCAL RULE 74.1 OF THE MEMORANDUM ORDER ISSUED BY THE MAGISTRATE JUDGE ON OCTOBER 20, 2017

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii
I.   PRELIMINARY STATEMENT ................................................................................... 1
II.  PROCEDURAL HISTORY ........................................................................................... 3
III. ARGUMENT .................................................................................................................. 5
IV.  CONCLUSION ............................................................................................................. 10

# TABLE OF AUTHORITIES

**CASES**

*Aikins v. Microsoft Corp.*,
  No. Civ.A.00-0242, 2000 WL 310391 (E.D. La. Mar. 24, 2000) .............................. 9

*Carducci v. Regan*,
  714 F.2d 171 (D.C. Cir. 1983) ................................................................................. 5

*Choate v. State Farm Lloyds*,
  No. Civ.A.3:03-CV-2111-M, 2005 WL 1109432 (N.D. Tex. May 5, 2005) ........................... 2

*Esquivel v. BP Co. North America, Inc.*,
  Civ. Nos. B-10-227, B-10-236, B-10-237, 2010 WL 4255911 (S.D. Tex. Oct. 14, 2010) ................................................................................................................... 9

*Gallagher v. Ocular Therapeutix, Inc.*,
  No. 17-5011 (SDW) (LDW), 2017 WL 4882487 (D.N.J. Oct. 27, 2017) ................................ 10

*Gluck v. CellStar Corp.*,
  976 F. Supp. 542 (N.D. Tex. 1997) ......................................................................... 8

*In re DaimlerChrysler AG Securities Litigation*,
  216 F.R.D. 291 (D. Del. 2003) ................................................................................ 8

*In re Delphi Corp. Securities, Derivative & "ERISA" Litigation*,
  MDL No. 05-1725, 2007 WL 171330 (E.D. Mich. Jan. 18, 2007) ......................................... 10

*In re Korean Air Lines Co., Ltd., Antitrust Litigation*,
  642 F.3d 685 (9th Cir. 2011) ................................................................................ 2, 9

*In re Paoli Railroad Yard PCB Litigation*,
  916 F.2d 829 (3d Cir. 1990) ................................................................................... 6

*In re San Juan Dupont Plaza Hotel Fire Litigation*,
  117 F.R.D. 30 (D.P.R. 1987) ................................................................................... 2

*In re Spectrum Pharmaceuticals, Inc.*,
  No. 2:13-cv-00433-LDG (CWH), 2014 WL 1394162 (D. Nev. Mar. 20, 2014) ...................... 8

*In re Vicuron Pharmaceuticals, Inc. Securities Litigation*,
  225 F.R.D. 508 (E.D. Pa. 2004) .............................................................................. 8

*Kennedy v. Novartis Pharmaceuticals, Corp.*,
  No. Civ.A. 02-2331, 2002 WL 31051601 (E.D. La. Sept. 12, 2002) ...................................... 2

*Lehr v. Robertson*,
  463 U.S. 248 (1983) ............................................................................................... 5

*Meeuwenberg v. Best Buy Co.*,
  No. 03 Civ. 6193ADM/AJB, 2004 WL 950362 (D. Minn. Apr. 29, 2004) .............................. 8

*Murphy v. Lancaster*,
  960 F.2d 746 (8th Cir. 1992) .................................................................................. 6

*Piven v. Sykes Enterprises, Inc.*,
  137 F. Supp. 2d 1295 (M.D. Fla. 2000) ............................................................................... 8

*Sabre Industries, Inc. v. Module X Solutions, LLC*,
  No. 15-2501, 2017 WL 4128317 (W.D. La. Sept. 18, 2017) ................................................ 2, 5

*Stewart-Sterling One, LLC v. Tricon Global Restaurants, Inc.*,
  No. Civ.A. 00-477, 2002 WL 1889372 (E.D. La. Aug. 16, 2002) ............................................ 6

*U.L. Coleman Co., Ltd. v. Bossier City-Parish Metropolitan Planning Commission*,
  No. 08-2011, 2012 WL 2119401 (W.D. La. June 11, 2012) ...................................................... 5

*United States v. Bendolph*,
  409 F.3d 155 (3d Cir. 2005) ................................................................................................. 6

*United States v. Burke*,
  504 U.S. 229 (1992) ................................................................................................... 1, 5, 6

*United States v. Pryce*,
  938 F.2d 1343 (D.C. Cir. 1991) ............................................................................................ 5

*Wood v. City of San Diego*,
  239 F. App'x 310 (9th Cir. 2007) ..................................................................................... 1, 6

*Woods v. Wichita Falls Independent School District*,
  No. 7:11-cv-0065-O, 2011 WL 5334818 (N.D. Tex. Nov. 7, 2011) ........................................ 6

**S**TATUTES

15 U.S.C. § 78u-4(a)(3)(B) ........................................................................................................ 3

**T**REATISES

15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper,
  *Federal Practice & Procedure* § 3866 (3d ed. 2010) ............................................................. 2

*Manual for Complex Litigation, Fourth* § 20.132 (2004) ............................................................ 10

KBC Asset Management NV ("KBC") respectfully submits this memorandum of law in support of its appeal, under Rule 72(a) of the Federal Rules of Civil Procedure and Local Rule 74.1(A), of the Memorandum Order issued by the Magistrate Judge on October 20, 2017 (ECF No. 80) (the "Order"). The Order addressed the selection of lead plaintiff and lead counsel.

## I.  PRELIMINARY STATEMENT

Pursuant to Local Rule 74.1, following the appeal of a magistrate order a district court must "set aside any portion of the order found to be clearly erroneous or contrary to law." KBC respectfully submits that the Order is clearly erroneous and contrary to law because it denied KBC's motion for appointment as lead plaintiff in this securities fraud class action on the basis of an issue raised *sua sponte* by the Magistrate Judge in the Order. The Order thus deprived KBC of due process by denying it an opportunity to be heard on that issue. Simply put, the Order violated the principle that a court should not decide an issue that an affected party has not had an opportunity to address. *See United States v. Burke*, 504 U.S. 229, 246 (1992) (Scalia, J., concurring) ("The rule that points not argued will not be considered is more than just a prudential rule of convenience; its observance . . . distinguishes our adversary system of justice from the inquisitional one."); *Wood v. City of San Diego*, 239 F. App'x 310, 311 (9th Cir. 2007) ("[W]e emphasize that the preferred practice for district courts is to afford parties an opportunity to be heard . . . on any basis the court invokes *sua sponte*. . . . As this case demonstrates, district courts should always make every effort to afford the parties such an opportunity.").

The Magistrate Judge held that the "professional plaintiff" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") bars KBC from being appointed lead plaintiff—an issue that no party or lead plaintiff movant had raised. Whether the PSLRA's proscription on professional plaintiffs applies to an institutional investor such as KBC is an issue of first impression in the Western District of Louisiana. Significantly, in virtually all districts

that have considered the issue, the professional plaintiff restriction would not be applied against KBC. Because the statutory construction of the professional plaintiff provision is a legal question, the Court should review the Magistrate Judge's decision *de novo*. *See Sabre Indus., Inc. v. Module X Sols., LLC*, No. 15-2501, 2017 WL 4128317, at *1 (W.D. La. Sept. 18, 2017) ("This Court will review the Magistrate Judge's legal conclusions *de novo*, and will review his factual findings for clear error." (citing *Choate v. State Farm Lloyds*, No. Civ.A.3:03-CV-2111-M, 2005 WL 1109432, at *1 (N.D. Tex. May 5, 2005))).

KBC respectfully requests that the Court set aside the Order and stay the decision on the appointment of a lead plaintiff in this action until the Judicial Panel on Multidistrict Litigation ("JPML") makes a final determination regarding the pending Conditional Transfer Order. That order, if finalized, would result in the transfer of this action to the District of Minnesota. *See* Conditional Transfer Order (CTO-1), *In re CenturyLink Residential Customer Billing Disputes Litig.*, MDL No. 2795 (J.P.M.L. Oct. 6, 2017), ECF No. 63 (the "Conditional Transfer Order"); *see also Kennedy v. Novartis Pharm., Corp.*, No. Civ.A. 02-2331, 2002 WL 31051601, at *1 (E.D. La. Sept. 12, 2002) ("[T]he interests of judicial economy will best be served by a temporary stay in these proceedings pending a ruling by the Judicial Panel on Multidistrict Litigation."). If the action is transferred, the transferee court, which will oversee the litigation, would be best positioned to rule on the competing motions. *See, e.g.*, *In re Korean Air Lines Co., Ltd., Antitrust Litig.*, 642 F.3d 685, 699 (9th Cir. 2011) ("A district judge exercising authority over cases transferred for pretrial proceedings 'inherits the entire pretrial jurisdiction that the transferor district judge would have exercised if the transfer had not occurred.'" (quoting 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3866 (3d ed. 2010))); *In re San Juan Dupont Plaza Hotel Fire Litig.*, 117 F.R.D. 30, 32 (D.P.R. 1987) ("[I]n general terms, the law regarding multidistrict litigation would logically provide for a

unified concept of pretrial proceedings. . . . [The transferee judge's] powers as a transferee judge are nothing less than plenary."). Alternatively, if the action ultimately is not transferred, this Court could then choose a lead plaintiff consistent with the terms of the PSLRA.

## II. PROCEDURAL HISTORY

This action asserts securities fraud claims against CenturyLink, Inc. ("CenturyLink") and certain of its officers and/or directors (together, "Defendants") on behalf of a proposed class of investors who purchased or otherwise acquired CenturyLink securities between March 1, 2013 and June 16, 2017.[1] Pursuant to the PSLRA, within 60 days of the filing of a securities fraud class action, any member of a proposed class of investors may petition the court to be appointed lead plaintiff to direct the litigation on behalf of the proposed class. The PSLRA instructs courts to appoint the "most adequate plaintiff" as lead plaintiff and establishes a rebuttable presumption that the most adequate plaintiff is the person or group of persons that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B).

Here, six members or groups of members of the proposed class moved the Court to be appointed lead plaintiff pursuant to the PSLRA. Four of the movants later withdrew their motions or acknowledged that they did not have the largest financial interest in the relief sought in the action.[2] As of mid-September 2017, the only remaining candidates for appointment as lead plaintiff were KBC and the State of Oregon ("Oregon"). KBC claimed total losses of

---

[1] The action was consolidated with two other class actions asserting substantially identical claims by order issued October 19, 2017. ECF No. 79.

[2] *See* ECF No. 39 (granting Sona Andresian's motion to withdraw her motion for appointment as lead plaintiff on August 28, 2017); ECF No. 43 (granting CenturyLink Investor Group's motion to withdraw its motion for appointment as lead plaintiff on September 5, 2017); ECF No. 45 (recognizing that the Detroit Institutional Investor Group does not possess the largest financial interest); ECF No. 46 (recognizing that Amalgamated Bank, as Trustee for the LongView Collective Investment Fund, does not claim the largest financial interest).

3

$13,166,113.34 (ECF No. 25-4 at 10) and Oregon claimed total losses of $6,297,582.34 (ECF No. 28-4 at 10). On September 18, 2017, the Magistrate Judge granted KBC's motion for a hearing on the lead plaintiff appointment issue and set the hearing for October 4, 2017. ECF No. 51. On September 21, 2017, via telephone conference, KBC requested that the hearing be rescheduled due to a scheduling conflict and, on that same day, the Magistrate Judge reset the hearing for October 25, 2017. ECF No. 59.

On October 6, 2017, the JPML issued an order conditionally transferring this action to the District of Minnesota, noting that it involved questions of fact common to nine consumer actions recently centralized in that District. *See* Conditional Transfer Order.[3] On October 10, 2017, following the entry of the Conditional Transfer Order, Oregon and KBC filed a joint motion, opposed by Defendants, requesting this Court to continue the October 25, 2017 hearing until the JPML decided the issue of transfer to "conserve judicial resources and ensure that the arguments on Lead Plaintiff appointment will be considered by the court that will ultimately preside over the Securities Actions." ECF No. 75 at 3.

Then, on October 20, 2017, without advance notice to the parties, the Magistrate Judge issued the Order denying KBC's motion for appointment as lead plaintiff, appointing Oregon lead plaintiff, and canceling the October 25 hearing as moot. The Magistrate Judge's decision to deny KBC's motion was based solely on his conclusion that KBC was a "professional plaintiff" as that term is used in the PSLRA—an issue that had not previously been raised.

---

[3] CenturyLink, itself, has acknowledged that, "[b]ecause the securities actions address the same predicate conduct as the consumer actions, . . . [a] common court and District Judge should oversee all of these actions to maximize efficiency, prevent wasteful duplication of judicial effort, and avoid inconsistent results." *See* Reply Mem. of CenturyLink, Inc. and Its Subsidiaries in Supp. of Their Mot. for Transfer of Actions Pursuant to 28 U.S.C. § 1407, *In re CenturyLink Residential Customer Billing Disputes Litig.*, MDL No. 2795 (J.P.M.L. Aug. 28, 2017), ECF No. 27 at 4.

## III. ARGUMENT

The Order is clearly erroneous and contrary to law because it deprived KBC of the opportunity to be heard on the issue of whether the "professional plaintiff" provision of the PSLRA barred it from serving as lead plaintiff in this action. In particular, the Order held that:

> KBC shows in its Certification (Doc. 245-3) that it has sought to serve as lead counsel in 13 SEC class actions within the last 3 years, and a cursory review of those cases shows KBC was appointed Lead Plaintiff in 8 of those cases. Therefore, KBC should be disqualified from being appointed lead counsel in this case pursuant to 15 U.S.C.A. § 78u-4(a)(3)(B)(vi).

Order at 9. This Court should "review the Magistrate Judge's legal conclusions *de novo*, and . . . his factual findings for clear error." *Sabre Indus., LLC*, 2017 WL 4128317, at *1; *accord U.L. Coleman Co., Ltd. v. Bossier City-Parish Metro. Planning Comm'n*, No. 08-2011, 2012 WL 2119401, at *1 (W.D. La. June 11, 2012).

A basic principle of our adversarial system is that only those issues raised by the parties should be considered, much less decided, by the court. "[T]he right to be heard is one of the fundamentals of [due process]." *Lehr v. Robertson*, 463 U.S. 248, 273 (1983). This principle "is more than just a prudential rule of convenience; its observance, at least in the vast majority of cases, distinguishes our adversary system of justice from the inquisitorial one." *Burke*, 504 U.S. at 246; *see also Carducci v. Regan*, 714 F.2d 171, 177 (D.C. Cir. 1983) ("The premise of our adversarial system is that . . . courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them."). Unfairness in the judicial process results where the court intervenes to *sua sponte* raise—and decide—an issue of significance to the matter before it. *See United States v. Pryce*, 938 F.2d 1343, 1353 (D.C. Cir. 1991) (Silberman, J., dissenting in part) ("We thus ordinarily have no right to consider issues not raised by a party in either briefing or argument, both because our system assumes and depends upon the assistance of counsel, and because of the unfairness of such a practice to the other party." (internal citation omitted)); *United States v. Bendolph*, 409

5

F.3d 155, 172 (3d Cir. 2005) ("Typically, it is not fair for courts to act as surrogate counsel for one side but not the other."). Courts in the Circuit have recognized this principle. *See, e.g.*, *Woods v. Wichita Falls Indep. Sch. Dist.*, No. 7:11-cv-0065-O, 2011 WL 5334818, at *4 n.3 (N.D. Tex. Nov. 7, 2011) ("[T]he Court will limit its analysis to the argument raised." (citing *Burke*, 504 U.S. at 246)); *Stewart-Sterling One, LLC v. Tricon Global Rests., Inc.*, No. Civ.A. 00-477, 2002 WL 1889372, at *3 (E.D. La. Aug. 16, 2002) ("Because the parties have not briefed the issue, the Court will not decide it at this time.").

At a minimum, when a court *sua sponte* raises an issue, it should give the parties a chance to be heard before a decision is reached. *See Wood*, 239 F. App'x at 311 (noting when court applies a particular legal theory *sua sponte* it should afford parties an opportunity to develop the record); *Murphy v. Lancaster*, 960 F.2d 746, 748 (8th Cir. 1992) (recognizing adversary process is "undercut" when a court decides an issue raised *sua sponte* without giving affected party chance to respond); *see also In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 854 (3d Cir. 1990) ("The adversarial process upon which our legal system is based assumes that a fact finder will give the parties an adequate opportunity to be heard.").

The Order contravened this basic principle by *sua sponte* raising the PSLRA's professional plaintiff provision for the first time and then resolving it against KBC. KBC did not have notice that the issue would be raised, and was therefore deprived of the opportunity to be heard, either through supplemental briefing or at oral argument. As an institutional investor with a fiduciary duty to its clients, KBC has a significant interest in being appointed lead plaintiff in this and other federal securities fraud class actions.[4] In the absence of a fully developed record,

---

[4] Having served as a lead plaintiff in several actions, KBC is an experienced class representative that is acutely familiar with the demands of securities-related litigation. That experience has allowed it to recover hundreds of millions of dollars for investors in numerous cases, including *City of Sterling Heights General Employees' Retirement System v. Hospira, Inc.*, No. 1:11-cv-08332-AJS (N.D. Ill.) ($60 million settlement); *Ross v. Career Education Corp.*, Civil Action No. 12 C 276 (N.D. Ill.) ($27.5 million settlement); *Birmingham Retirement & Relief System v.*

6

the summary conclusion that KBC is a "professional plaintiff" prejudices KBC's ability to participate as lead plaintiff in future cases.

The sole opposing movant here, Oregon, did not argue that KBC is barred from being appointed lead plaintiff because KBC is a "professional plaintiff." To the contrary, Oregon's counsel in this matter, Bernstein Litowitz Berger & Grossmann LLP ("BLBG"), has argued correctly on numerous occasions that the professional plaintiff provision of the PSLRA does *not* apply to institutional investors. *See, e.g.*, Reply Brief of Movant, *Dube v. Signet Jewelers Ltd.*, No. 1:16-cv-06728-JMF, at 1-2 (S.D.N.Y. July 25, 2017) (stating the "contention that [Movant] is subject to the 'professional plaintiff' provision of the PSLRA has been repeatedly rejected by the overwhelming majority of courts throughout the country, which recognize that this provision should not be applied to qualified institutional investors . . . .") (copy attached hereto as Ex. A); Reply Brief of Movant, *Anderson v. Spirit Aerosystems Holdings, Inc.*, No. 13-cv- 2261-EFM-DJW, 2013 WL 10197877, at *2 (D. Kan. Aug. 30, 2013) (noting "the 'professional plaintiff' provision does not apply to institutional investors").

The position articulated by Oregon's counsel in these other cases effectuates Congressional intent. As explained in the Congressional Conference Report, institutional investors, such as KBC and Oregon, "do not represent the type of professional plaintiff this legislation seeks to restrict." H.R. Conf. Rep. No. 104-369, at 35 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 734 (1995); *see also id.* at 32-33, 1995 U.S.C.C.A.N. at 731-32 (noting "professional plaintiffs" are "[i]ndividuals who are motivated by the payment of a bounty" and "who own a nominal number of shares in a wide array of public companies"). Moreover, in enacting the PSLRA, "Congress has unequivocally expressed its preference for securities fraud

---

*S.A.C. Capital Advisors, L.P.*, No. 13 Civ. 2459 (VM) (KNF) (S.D.N.Y.) ($10 million settlement); and *Aruliah v. Impax Laboratories, Inc.*, No. 3:14-cv-03673-JD ($4.75 million settlement). The more experienced the lead plaintiff, the better for the proposed class.

7

litigation to be directed by large institutional investors. . . . The legislative history of the Reform Act is replete with statements of Congress' desire to put control of such litigation in the hands of large, institutional investors." *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 548 (N.D. Tex. 1997).

That the Order undermines—and is squarely at odds with—Congressional policy is further evidenced by the fact that virtually every court to consider the question has declined to apply the PSLRA's professional plaintiff provision to institutional investors like KBC. *See, e.g.*, *In re Spectrum Pharm., Inc.*, No. 2:13-cv-00433-LDG (CWH), 2014 WL 1394162, at *2 (D. Nev. Mar. 20, 2014) ("The legislative history of the professional plaintiff restriction reflects that the provision was not intended to apply to institutional investors."); *In re DaimlerChrysler AG Sec. Litig.*, 216 F.R.D. 291, 299 (D. Del. 2003) ("[T]he majority of courts applying the professional plaintiff restriction have concluded that the restriction does not apply to institutional investors."); *Meeuwenberg v. Best Buy Co.*, No. 03 Civ. 6193ADM/AJB, 2004 WL 950362, at *3 (D. Minn. Apr. 29, 2004) ("The majority of courts have held institutional investors exempt from the statutory professional plaintiff restriction."); *In re Vicuron Pharm., Inc. Sec. Litig.*, 225 F.R.D. 508, 512 (E.D. Pa. 2004) (noting the PSLRA's legislative history "made it quite clear that the limitation against professional plaintiffs was not designed to be applied mechanically to institutional investors"); *Piven v. Sykes Enters., Inc.*, 137 F. Supp. 2d 1295, 1304 (M.D. Fla. 2000) ("[T]he language in the PSLRA clearly grants the Court the power to appoint a lead plaintiff despite its having served as lead plaintiff in five other suits within the past three years. Certainly the legislative history makes clear that institutional Plaintiffs with 'real' interests at stake are preferred plaintiffs in this context." (internal citation omitted)).[5]

---

[5] *See also Piven*, 137 F. Supp. 2d at 1305 ("[T]he Court is less concerned about a plaintiff in the business of security investments being lead plaintiff on numerous occasions than if the court were to find some sort of shell corporation created for the purpose of marshaling claims to be asserted in a class action securities claim. The latter 'professional plaintiff' is the one Congress appears to have had in mind when it created the presumptive bar against repeat plaintiffs.").

In sum, construing the professional plaintiff provision of the PSLRA to bar KBC from serving as lead plaintiff without allowing KBC an opportunity to submit arguments on that issue is clearly erroneous and contrary to law. As the movant with the largest financial interest in the relief sought that otherwise satisfies the requirements of Rule 23, KBC is entitled to appointment as lead plaintiff under the PSLRA. *See* ECF No. 44 at 2-6.

KBC respectfully requests that the Court vacate the Order denying KBC's motion for appointment as lead plaintiff on behalf of the purported class and appointing Oregon. In addition, KBC requests that the Court hold any further decision on the appointment of a lead plaintiff in abeyance until the JPML issues a final decision on whether the action should be transferred to the District of Minnesota. Courts in this Circuit have often stayed all proceedings in a case pending a final determination on transfer by the JPML. Those decisions recognize that permitting the JPML to do its work promotes judicial economy, preserves party resources, and prevents the possibility of inconsistent pre-trial rulings. *See, e.g.*, *Aikins v. Microsoft Corp.*, No. Civ.A.00-0242, 2000 WL 310391, at *1 (E.D. La. Mar. 24, 2000) (staying action and noting "[c]onsistency and economy are both served by resolution of these issues by a single court after transfer by the JPML"); *Esquivel v. BP Co. N. Am., Inc.*, Civ. Nos. B-10-227, B-10-236, B-10-237, 2010 WL 4255911, at *3 (S.D. Tex. Oct. 14, 2010) ("Motions for stay pending the resolution of a motion to consolidate before the JPML are frequently granted."). No party will suffer any prejudice from the short delay that will result from holding this action in abeyance until the JPML issues its decision regarding transfer. If the action ultimately is transferred to the District of Minnesota, KBC respectfully submits that the court there—which will oversee the litigation—will be best positioned to resolve the competing motions for appointment as lead plaintiff and to decide other scheduling and pre-trial matters. *See, e.g.*, *In re Korean Air Lines*, 642 F.3d at 699-700 ("[A] transferee judge can handle all types of pretrial matters that otherwise

would have been handled by the transferor court. . . . There is much, of course, that an MDL court can do in its sound discretion in order to manage multidistrict litigation effectively. It can designate a lead counsel. It can hold some cases in abeyance while proceeding with others. In discretionary matters going to the phasing, timing, and coordination of the cases, the power of the MDL court is at its peak."). Indeed, just last week, one court ruled that "[i]t therefore seems to the Court unduly preemptive for it to decide the contested lead plaintiff motions under this District's and Circuit's precedent before determining whether the litigation should proceed here or in the District of Massachusetts. The court that will ultimately preside over the litigation should select the lead plaintiff, and which court that will be turns on the outcome of the transfer motion." *Gallagher v. Ocular Therapeutix, Inc.*, No. 17-5011 (SDW) (LDW), 2017 WL 4882487, at *3 (D.N.J. Oct. 27, 2017).[6]

## IV. CONCLUSION

For the foregoing reasons, KBC respectfully requests that the Court issue an order vacating the October 20, 2017 Order directed to the selection of lead plaintiff and lead counsel (ECF No. 80) and holding any further decision on such matters in abeyance until the JPML makes a final determination directed to the Conditional Transfer Order.

DATED: November 3, 2017　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　*s/ Gregg S. Levin*
　　　　　　　　　　　　　　　　　　Gregg S. Levin (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　James M. Hughes (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　Andrew P. Arnold (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　**MOTLEY RICE LLC**

---

[6] Should this action be transferred, "no motion [will] even [be] necessary for the Court to re-evaluate the lead-plaintiff rulings of the transferor courts. As this Court explained . . . , it is well-established in multi-district litigation that '[t]he transferee judge may vacate or modify *any* order of a transferor court.'" *In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, MDL No. 05-1725, 2007 WL 171330, at *1 (E.D. Mich. Jan. 18, 2007) (citing *Manual for Complex Litigation, Fourth* § 20.132 (2004)) (fourth alteration in original).

10

28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone:   (843) 216-9000
Facsimile:    (843) 216-9450
Emails:        glevin@motleyrice.com
                    jhughes@motleyrice.com
                    aarnold@motleyrice.com

William H. Narwold (admitted *pro hac vice*)
**MOTLEY RICE LLC**
20 Church St., 17th Floor
Hartford, CT  06103
Telephone:   (860) 882-1681
Facsimile:    (860) 882-1682
Email:         bnarwold@motleyrice.com

*Counsel for KBC Asset Management NV and Proposed Lead Counsel for the Class*

*/s/James Parkerson Roy*
James Parkerson Roy (La. 11511)
John Parkerson Roy (La. 32048)
**DOMENGEAUX WRIGHT ROY**
    **& EDWARDS LLC**
556 Jefferson St., Suite 500
Lafayette, LA  70501
Telephone:   (337) 233-3033
Facsimile:    (337) 232-8213
Emails:        jimr@wrightroy.com
                    johnr@wrightroy.com

*Counsel for KBC Asset Management NV*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record. In addition, on November 3, 2017, I also caused to be served a copy of the foregoing by Overnight Mail upon the following persons:

    Hon. S. Maurice Hicks, Jr.
    United States District Judge
    300 Fannin St., Suite 5101
    Shreveport, LA  71101

    Hon. Joseph H. L. Perez-Montes
    United States Magistrate Judge
    U. S. Court House and Post Office Building
    515 Murray St., Room 331
    Alexandria, LA  71301

Executed on November 3, 2017.

                                              *s/ Gregg S. Levin*
                                              Gregg S. Levin (admitted *pro hac vice*)