# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| BENJAMIN CRAIG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTURYLINK, INC., GLEN F. POST, III and R. STEWART EWING JR.,<br><br>Defendants. | No. 3:17-CV-01005-SMH-JPM (Lead)<br>No. 3:17-cv-01033-SMH-JPM (Member)<br>No. 3:17-cv-01065-SMH-JPM (Member)<br><br>Judge S. Maurice Hicks, Jr.<br><br>Magistrate Judge Joseph H. L. Perez-Montes<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN RESPONSE TO KBC ASSET MANAGEMENT NV'S APPEAL UNDER RULE 72(a) AND LOCAL RULE 74.1 OF THE MEMORANDUM <u>ORDER ISSUED BY THE MAGISTRATE JUDGE ON OCTOBER 20, 2017</u>**

# TABLE OF CONTENTS

                                              **Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT ...............................................................................................................................3

   A. Magistrate Judge Perez-Montes' Order Is A Non-Dispositive Order That Can Be Overturned Only If "Clearly Erroneous Or Contrary To Law" ..................................................................................................3

   B. Magistrate Judge Perez-Montes' Order Was Not Clearly Erroneous Or Contrary To Law ............................................................................3

   C. Oregon Was Entitled To Appointment As Lead Plaintiff As The Movant With The Largest Financial Interest In The Litigation ..............................7

   D. The KBC Managed Funds' Request For A Stay Should Be Denied ........................9

CONCLUSION ............................................................................................................................9

## TABLE OF AUTHORITIES

**Cases**                                                                                                                            **Page(s)**

*Aker Kvaerner/IHI v. Nat'l Union Fire Ins. Co. of La.*,
 No. 2:10CV0278, 2013 WL 3458194 (W.D. La. July 9, 2013)..................................................3

*Anderson v. City of Bessemer, N.C.*,
 470 U.S. 564 (1985)...................................................................................................................4

*Andrews v. Goodyear Tire & Rubber Co.*,
 191 F.R.D. 59 (D.N.J. 2000).....................................................................................................3

*In re Cavanaugh*,
 306 F.3d 726 (9th Cir. 2002) ....................................................................................................7

*Dura Pharm., Inc. v. Broudo*,
 544 U.S. 336 (2005)................................................................................................................7, 8

*In re Enron Corp. Sec. Litig.*,
 206 F.R.D. 427 (S.D. Tex. 2002)...........................................................................................4, 5

*Makhlouf v. Tailored Brands, Inc.*,
 No. H-16-0838, 2017 WL 1092311 (S.D. Tex. Mar. 23, 2017) ...............................................5

*Piven v. Sykes Enters., Inc.*,
 137 F. Supp. 2d 1295 (M.D. Fla. 2000) ....................................................................................4

*Ross v. Abercrombie & Fitch Co.*,
 No. 2:05-CV-819, 2007 WL 895073 (S.D. Ohio Mar. 22, 2007)..............................................3

*In re Waste Mgmt., Inc. Sec. Litig.*,
 128 F. Supp. 2d 401 (S.D. Tex. 2000) ......................................................................................5

**Statutes**

15 U.S.C. § 78u-4(a)(2)(A)(v) ..........................................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(iii) ........................................................................................................5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ..........................................................................................1, 7

15 U.S.C. § 78u-4(a)(3)(B)(vi) ........................................................................................................4

28 U.S.C § 636(b)(1)(A)..................................................................................................................3

**Other Authorities**

Local Rule 74.1.A ...................................................................................................................2, 3

S. Rep. 104-98 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679 (1995) ..............................................6

Court-appointed Lead Plaintiff Oregon respectfully submits this memorandum of law in response to the KBC Managed Funds' appeal of Magistrate Judge Perez-Montes' October 20, 2017 Memorandum Order appointing Oregon as Lead Plaintiff and approving Oregon's selection of Bernstein Litowitz and Stoll Berne as Lead Counsel.  *See* ECF No. 87.[1]

## PRELIMINARY STATEMENT

On October 20, 2017, Magistrate Judge Perez-Montes appointed Oregon as Lead Plaintiff in a thorough and well-reasoned decision that strictly adheres to the requirements of the PSLRA and Fifth Circuit law.  *See* ECF No. 80 ("Order").  The Order follows the PSLRA's process for identifying the "most adequate plaintiff" and correctly determined that Oregon has the "largest loss" of any qualified lead plaintiff movant.  *See* Order at 5-12.  Specifically, the PSLRA provides that the Court should appoint as Lead Plaintiff the movant with the "largest financial interest in the relief sought by the class" that is otherwise adequate and typical of the Class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  The Court correctly applied that standard.  Indeed, when the movants' financial interests are compared under controlling U.S. Supreme Court precedent, Oregon clearly has a far larger recoverable loss than the KBC Managed Funds.  Thus, Oregon plainly has "the largest financial interest in the relief sought by the class" under the PSLRA, and was entitled to appointment as Lead Plaintiff.

The Court also correctly recognized that Oregon, as a sophisticated, experienced Lead Plaintiff that brings to bear the resources of the Oregon Treasurer, the Oregon Attorney General, and the Oregon Department of Justice, meets the typicality and adequacy requirements of Rule 23,

---

[1] All capitalized terms are defined in Oregon's initial, opposition, and reply briefs in support of its motion for appointment as Lead Plaintiff, unless otherwise indicated.  *See* ECF Nos. 28-1, 47, 68.  All emphasis is added and citations and internal quotations omitted unless otherwise noted.

and is more than qualified to represent the Class. Indeed, the KBC Managed Funds do not dispute Oregon's qualifications to serve as Lead Plaintiff.

Instead, the KBC Managed Funds ignore the fact that their loss is smaller than Oregon's, and contend that the Court was wrong to bar them for serving as Lead Plaintiff in too many cases. Specifically, Magistrate Judge Perez-Montes found that the KBC Managed Funds triggered a provision of the PSLRA that gives the Court discretion to reject a Lead Plaintiff movant who has served as a Lead Plaintiff in more than five securities class actions filed within the past three years. *See* Order at 9 (citing 15 U.S.C. § 78u-4(a)(3)(B)(vi)).[2] But because this aspect of Magistrate Judge Perez-Montes' ruling was discretionary, KBC cannot satisfy the requirements of Local Rule 74.1.A to show that the Order was "clearly erroneous" or "contrary to law." L.R. 74.1.A.

Critically, the KBC Managed Funds do not dispute that they, in fact, served as Lead Plaintiff in more than five securities class actions brought during the past three years. Accordingly, the KBC Managed Funds cannot show that the factual basis of the Order was "clearly erroneous." Similarly, because the KBC Managed Funds concede that this provision of the PSLRA is discretionary, they cannot show that Magistrate Judge Perez-Montes' exercise of discretion was "contrary to law." KBC is effectively arguing that Magistrate Judge Perez-Montes abused his discretion, which is insufficient under Local Rule 74.1.A.

The KBC Managed Funds separately contend that they were not given a fair hearing on this issue because it was not briefed by the parties. This is wrong. The Certification filed by the KBC Managed Funds put their prior litigation history at issue. *See* ECF No. 25-3. The KBC Managed Funds made a strategic decision to not preemptively address those cases and explain why

---

[2] The provision states that, "[e]xcept as the court may otherwise permit," a court should exclude from consideration any movant that has served as a lead plaintiff in "more than 5 securities class actions brought as plaintiff class actions . . . during any 3-year period." Order at 9 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(vi)).

2

this provision of the PSLRA did not preclude KBC from being appointed here; it cannot now complain that it was unaware of the law.

# ARGUMENT

### A. Magistrate Judge Perez-Montes' Order Is A Non-Dispositive Order That Can Be Overturned Only If "Clearly Erroneous And Contrary To Law"

Magistrate Judge Perez-Montes' Order should only be overturned if it is "clearly erroneous or contrary to law." L.R. 74.1.A; 28 U.S.C § 636(b)(1)(A). Like all non-dispositive motions, rulings on motions seeking lead plaintiff appointment are subject to a highly deferential standard of review. *See, e.g.*, *Ross v. Abercrombie & Fitch Co.*, No. 2:05-CV-819, 2007 WL 895073, at *3 (S.D. Ohio Mar. 22, 2007) ("The appointment of Lead Plaintiff is not a dispositive matter" and should only be set aside if "found to be clearly erroneous or contrary to law."). Because the "clearly erroneous or contrary to law" standard is "highly deferential" to the magistrate judge's decision, that "decision must be affirmed unless on the entire evidence the Court is left with a definite and firm conviction that a mistake has been committed." *Aker Kvaerner/IHI v. Nat'l Union Fire Ins. Co. of La.*, No. 2:10CV0278, 2013 WL 3458194, at *1 (W.D. La. July 9, 2013). Under this standard, a magistrate judge's "ruling should not be rejected merely because the court would have decided the matter differently." *Id.*[3]

### B. Magistrate Judge Perez-Montes' Order Was Not Clearly Erroneous Or Contrary To Law

In the Order, Magistrate Judge Perez-Montes exercised his discretion to bar the KBC Managed Funds from serving as Lead Plaintiff after finding that they served as lead plaintiff in eight securities class actions filed during the past three years. *See* Order at 9. The KBC Managed

---

[3] The KBC Managed Funds mischaracterize Magistrate Judge Perez-Montes' decision to apply the statutory bar as a "legal question" that requires *de novo* review. ECF No. 87-1 at 2. This is wrong. A "simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." *Andrews v. Goodyear Tire & Rubber Co.*, 191 F.R.D. 59, 68 (D.N.J. 2000).

3

Funds do not contend that Magistrate Judge Perez-Montes erred in calculating the number of cases in which they served as Lead Plaintiff. Instead, they contend that Magistrate Judge Perez-Montes' decision to apply this provision of the PSLRA to bar KBC was "clearly erroneous" because KBC is an institutional investor. *See* ECF No. 87-1 at 8-9.

While some courts have exercised their discretion under the PSLRA to not apply this provision to bar institutional investors in certain cases, there is no dispute that the decision to apply this provision is squarely within the court's discretion. Indeed, the plain language of the PSLRA makes clear that the decision of whether to apply the "five-in-three" bar is discretionary, and states that the bar should be applied "***except as the court may otherwise permit***." 15 U.S.C. § 78u-4(a)(3)(B)(vi). Even the KBC Managed Funds' own authority makes clear that application of the "five-in-three" bar is within the court's discretion. *See, e.g.*, *Piven v. Sykes Enters., Inc.*, 137 F. Supp. 2d 1295, 1304 (M.D. Fla. 2000) ("[T]he language in the PSLRA clearly grants the Court the power" to apply or waive the bar.). Because application of the bar is discretionary, a court's decision to apply the provision to bar a movant—whether an individual or institution—cannot be considered "clearly erroneous," and can only be challenged as an abuse of discretion. *See Anderson v. City of Bessemer, N.C.*, 470 U.S. 564, 572 (1985) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

Magistrate Judge Perez-Montes' decision to appoint Oregon is particularly sound here because Oregon has a larger recoverable loss than the KBC Managed Funds and is indisputably qualified to lead the action. Courts in the Fifth Circuit and around the country often take into account the availability of an alternate Lead Plaintiff with a significant financial interest when determining whether to apply the discretionary provision of the PSLRA to reject a movant like KBC. *See, e.g.*, *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 457 (S.D. Tex. 2002) (exercising

4

discretion to bar movant because "there are other competent and qualified institutional applicants").

Here, there is no dispute that Oregon is more than capable of leading this action. As set forth in its motion papers, Oregon is a sophisticated, experienced Lead Plaintiff that brings to bear the resources and dedicated personnel of the Oregon Treasurer, the Oregon Attorney General, and the Department of Justice of the State of Oregon.[4]  The staff of these state agencies are highly experienced in conducting and supervising complex litigation.  *See* ECF No. 47-2, de Haan Decl. ¶¶5-6, 9-13.  The involvement of the Oregon Attorney General and the Oregon Treasurer ensures the Court that Oregon will provide the Class with the best possible representation.  Indeed, the KBC Managed Funds themselves did not challenge Oregon's qualifications to serve as Lead Plaintiff or contest that Oregon is an adequate and typical member of the Class, and neither did any other movant.  *See* ECF No. 87-1; 15 U.S.C. § 78u-4(a)(3)(B)(iii).

The KBC Managed Funds separately claim that Magistrate Judge Perez-Montes' Order should be set aside because they "did not have notice that the issue would be raised, and [were] therefore deprived of the opportunity to be heard."  ECF No. 87-1 at 6.  But courts in the Fifth Circuit have routinely affirmed their inherent "supervisory power" to select Lead Plaintiffs under the PSLRA, including the statutory obligation to "*sua sponte* consider the adequacy of any proposed Lead Plaintiff."  *Makhlouf v. Tailored Brands, Inc.*, No. H-16-0838, 2017 WL 1092311, at *3 (S.D. Tex. Mar. 23, 2017); *see also In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 410 (S.D. Tex. 2000) (same); *Enron*, 206 F.R.D. at 439 (same).  The simple fact that Magistrate Judge Perez-Montes raised the issue on his own is not sufficient grounds to vacate the Order.

---

[4] *See* ECF No. 47-2, Declaration Of Brian de Haan In Support Of The Motion Of The State Of Oregon By And Through The Oregon State Treasurer And The Oregon Public Employee Retirement Board, On Behalf Of The Oregon Public Employee Retirement Fund, For Appointment As Lead Plaintiff, Approval Of Its Selection Of Lead Counsel, And Consolidation Of Related Actions ("de Haan Decl.").

Moreover, the KBC Managed Funds' contention that they "did not have notice that the issue would be raised" is belied by the record. The KBC Managed Funds submitted a sworn Certification under that very provision of the PSLRA that detailed their prior service as a lead plaintiff. *See* ECF No. 25-3; 15 U.S.C. § 78u-4(a)(2)(A)(v). The purpose of requiring movants to disclose their prior service is to allow the court to determine in how many cases a movant served as a lead plaintiff in the prior three years. *See* S. Rep. 104-98, at *10 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 689 (1995) ("To further deter professional plaintiffs, the plaintiff must also identify . . . the other lawsuits in which the plaintiff has sought to serve as lead plaintiff in the last three years"). That is exactly what Magistrate Judge Perez-Montes did here. *See* Order at 9 ("KBC shows in its Certification (Doc. 245-3) that it has sought to serve as lead [plaintiff] in 13 SEC class actions within the last 3 years"). Indeed, KBC has previously been challenged for exceeding the "five-in-three" limit, and thus was plainly on notice that the issue could be raised here. *See Kaplan v. S.A.C. Capital Advisors, L.P.*, No. 1:12-cv-09350-NRB-KNF, slip op. at 2-4 (S.D.N.Y. Oct. 22, 2013), attached as Exhibit A to the Declaration of F. Williams Sartor submitted herewith.[5] KBC made a strategic decision to not address in its prior briefs the fact that it served as a lead plaintiff in eight cases during the three-year period, and therefore waived the opportunity to argue why the Court should not exercise its decision to reject KBC on that basis. Having made the decision to not address that issue, KBC cannot claim that it lacked a fair hearing or was surprised by the application of a clear provision of the statute pursuant to which KBC filed its motion.

---

[5] Although the *S.A.C.* Court ultimately declined to apply the discretionary bar to the KBC Managed Funds, unlike here, there were "no other competing applications to serve as lead plaintiff." *Id*. at 4.

6

### C.  Oregon Was Entitled To Appointment As Lead Plaintiff As The Movant With The Largest Financial Interest In The Litigation

Because Magistrate Judge Perez-Montes exercised his discretion to bar the KBC Managed Funds from serving as Lead Plaintiff, the Order did not address the parties' underlying arguments concerning their respective financial interests.  Indeed, the Order took at face value the assertions of the KBC Managed Funds regarding the loss they incurred as the result of the alleged fraud, noting simply that KBC had "one of the largest financial stakes in the litigation" and that Oregon appeared to have the "second-largest" loss.  Order at 9 & n.8, 10.  However, the extensive briefing below shows that, under the standards required by controlling U.S. Supreme Court precedent, Oregon, in fact, has a far larger recoverable loss than KBC.  *See generally* ECF Nos. 47, 68.  Thus, even though it was not necessary to reach this issue below, the Order's conclusion is entirely consistent with the PSLRA because Oregon possesses the largest financial interest.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Specifically, KBC's claimed loss is artificially inflated because a significant portion of that loss is not recoverable under controlling U.S. Supreme Court precedent.  As set forth in the parties' briefing, courts across the country interpret "largest financial interest" to mean the movant with the "most to gain from the lawsuit." *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).  In *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005), the Supreme Court held that securities plaintiffs must establish a causal connection between an investment loss and the defendant's fraudulent conduct.  In a case like this one, investors do so by establishing that they purchased shares prior to a "corrective disclosure" that revealed the defendants' fraud, and caused the price of the subject securities to decline.  *See id.* at 346.  Importantly, if an investor sells the shares before any "corrective disclosure," the Defendants' fraud "will not have led to any loss." *Id*. at 342.  Any losses resulting from sales that occur prior to any corrective disclosure are therefore not

recoverable, and cannot be included in the financial interest analysis. *See Galmi v. Teva Pharm. Indus. Ltd.*, No. 3:17-cv-00558-SRU, slip op. at 15 (D. Conn. July 11, 2017) (ECF No. 47-5) (regardless of the method applied, only "losses that can be tied to the alleged fraud" can be included in the financial interest analysis).[6]

Courts apply these loss causation principles at the lead plaintiff stage, and hold that a "movant can only include losses that will actually be recoverable in the class action" in assessing financial interest. *See Teva*, slip op. at 13(ECF No. 47-5) (courts "overwhelmingly agree" that at the lead plaintiff stage, "a movant may only include losses that will actually be recoverable in the class action.").

Here, the KBC Managed Funds sold a majority of their shares prior to ***any*** corrective disclosure—and therefore cannot recover a vast majority of their asserted loss. Indeed, five of the thirteen KBC Managed Funds sold out their ***entire position*** in CenturyLink stock up to two years before the first corrective disclosure that allegedly revealed the fraud. *See* ECF No. 47 at 2-3. Further, the remaining eight KBC entities similarly incurred the majority of their losses on sales of stock ***prior*** to the first corrective disclosure. *See id.* at 3. Because these investment losses were incurred on sales that occurred prior to any corrective disclosure, there is no basis to suggest that they were causally related to the fraud under *Dura*. Indeed, the KBC Managed Funds offer no argument to the contrary. Accordingly, these investment losses must be excluded when assessing the KBC Managed Funds' financial interest. When properly assessing the movants' losses under this standard, Oregon has a recoverable loss of $4.6 million whereas KBC has a recoverable loss of $1.8 million—demonstrating that Oregon's financial interest is more than ***twice as large*** as

---

[6] This includes the application of the "*Lax* factors"—cited by Magistrate Judge Perez-Montes as a method for determining financial interest—which, as set forth in the briefing below, likewise demonstrate Oregon's greater financial interest. *See* Order at 9; ECF No. 68 at 6-7.

KBC's.  *See* ECF No. 47 at 7.

Accordingly, even setting aside Magistrate Judge Perez-Montes' findings concerning the discretionary "five-in-three" provision, Oregon is entitled to appointment as Lead Plaintiff as the movant with the "largest financial interest" in all events.

### D. The KBC Managed Funds' Request For A Stay Should Be Denied

Because the decision to appoint Oregon as Lead Plaintiff was neither erroneous nor contrary to law, the KBC Managed Funds' request to stay the action should be denied.  Oregon has already begun fulfilling its role as Lead Plaintiff by, among other things, attempting to negotiate a schedule with Defendants, beginning to prepare a consolidated complaint, and preparing a response to Defendants' motion to vacate the conditional transfer order before the Judicial Panel on Multidistrict Litigation.  Staying the case at this juncture would leave the Class rudderless, exposed and would inhibit the Class's interest in prosecuting these claims.  Regardless of where this case proceeds, Oregon is ready, willing, and able to prosecute these claims in an efficient and expeditious manner.  As such, a stay is unnecessary and unwarranted.

### CONCLUSION

For the reasons discussed above, Oregon respectfully requests that the Court affirm Magistrate Judge Perez-Montes' Order appointing Oregon as Lead Plaintiff in this action.

Dated: November 17, 2017　　　　　　　　　　Respectfully submitted,

*/s/ Fred Williams Sartor, Jr.*
Fred Williams Sartor, Jr.
George M. Snellings, IV
**NELSON, ZENTNER, SARTOR &
    SNELLINGS, LLC**
1507 Royal Avenue (71201)
P.O. Box 14420 (71207-4420)
Monroe, Louisiana
Telephone: (318) 388-4454

9

Facsimile: (318) 388-4447

*Local counsel for Lead Plaintiff the State of Oregon, by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund*


Gerald H. Silk (*pro hac vice*)
John Browne (*pro hac vice* forthcoming)
Avi Josefson (*pro hac vice*)
Michael D. Blatchley (*pro hac vice*)
**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jerry@blbglaw.com
avi@blbglaw.com
michaelb@blbglaw.com

Keith A. Ketterling
Keith S. Dubanevich (*pro hac vice*)
Jennifer A. Wagner
Keil M. Mueller (*pro hac vice*)
**STOLL BERNE**
209 Southwest Oak Street
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840
kketterling@stollberne.com
kdubanevich@stollberne.com
jwagner@stollberne.com
kmueller@stollberne.com

*Counsel for Lead Plaintiff the State of Oregon, by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund and Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this day, November 17, 2017, I electronically filed the above Memorandum Of Law In Response To KBC Asset Management NV's Appeal Under Rule 72(A) And Local Rule 74.1 Of The Memorandum Order Issued By The Magistrate Judge On October 20, 2017 using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

                                                      */s/ Fred Williams Sartor, Jr.*
                                                      Fred Williams Sartor, Jr.