**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

-------------------------------------------------------- x
BENJAMIN CRAIG, Individually and on         :   No. 3:17-cv-01005-SMH-JPM
Behalf of All Others Similarly Situated,            :
                                                                        :   CLASS ACTION
                    Plaintiff,                               :
                                                                        :
            vs.                                                 :
                                                                        :
CENTURYLINK, INC., GLEN F. POST, III       :
and R. STEWART EWING, JR.,                       :
                                                                        :
                    Defendants.                           :
-------------------------------------------------------- x


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT**
**OF KBC ASSET MANAGEMENT NV'S APPEAL UNDER RULE 72(a)**
**AND LOCAL RULE 74.1 OF THE MEMORANDUM ORDER**
**ISSUED BY THE MAGISTRATE JUDGE ON OCTOBER 20, 2017**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

I.     PRELIMINARY STATEMENT .................................................................... 1

II.    ARGUMENT ................................................................................................. 2

    A.    The Magistrate Judge's Legal Conclusions Should Be Reviewed *De Novo* .......... 2

    B.    The Professional Plaintiff Provision of the PSLRA Does Not Apply to Institutional Investors Such As KBC .................................................................. 3

    C.    KBC Was Not Afforded Notice or an Opportunity to Be Heard on the Professional Plaintiff Issue ......................................................................... 6

    D.    KBC, Not Oregon, Has the Largest Financial Interest of Any Lead Plaintiff Movant ................................................................................................. 8

    E.    A Stay Is Appropriate Under the Circumstances ................................................. 10

III.   CONCLUSION .......................................................................................... 10

i

# TABLE OF AUTHORITIES

## CASES

*Blitz v. AgFeed Industries, Inc.*,
  No. 3:11-0992, 2012 WL 1192814 (M.D. Tenn. Apr. 10, 2012) ............................................... 9

*Dura Pharmaceuticals, Inc. v. Broudo*,
  544 U.S. 336 (2005)................................................................................................................. 9

*Fischler v. AmSouth Bancorporation*,
  No. 96-1567-Civ-T-17A, 1997 WL 118429 (M.D. Fla. Feb. 6, 1997)...................................... 5

*Gluck v. Cellstar Corp.*,
  976 F. Supp. 542 (N.D. Tex. 1997) .......................................................................................... 4

*Goodman v. Albany Transport, Inc.*,
  103 F. Supp. 2d 112 (N.D.N.Y. 2000)....................................................................................... 6

*Greenlaw v. United States*,
  554 U.S. 237 (2008).................................................................................................................. 7

*Howard Gunty Profit Sharing Plan v. CareMatrix Corp.*,
  354 F. Supp. 2d 18 (D. Mass. 2000) .......................................................................................... 4

*In re Cree, Inc., Securities Litigation*,
  219 F.R.D. 369 (M.D.N.C. 2003) ............................................................................................. 4

*In re Delphi Corp. Securities, Derivative & "ERISA" Litigation*,
  MDL No. 1725, 2007 WL 171330 (E.D. Mich. Jan. 18, 2007)............................................... 10

*In re Gemstar-TV Guide International, Inc. Securities Litigation*,
  209 F.R.D. 447 (C.D. Cal. 2002)............................................................................................... 5

*In re Herley Industries Inc.*,
  No. 06-2596, 2010 WL 176869 (E.D. Pa. Jan. 15, 2010)......................................................... 3

*In re Landry's Seafood Restaurant, Inc.*,
  No. Civ.A. H-99-1948, 2000 WL 33999467 (S.D. Tex. Mar. 30, 2000) ................................... 4

*Kuriakose v. Federal Home Loan Mortgage Co.*,
  No. 1:08-cv-7281 (JFK), 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) ................................... 3

*McNeil v. Wisconsin*,
  501 U.S. 171 (1991)................................................................................................................... 7

*Meeuwenberg v. Best Buy Co.*,
  No. Civ.03-6193ADM/AJB, 2004 WL 950362 (D. Minn. Apr. 29, 2004) ............................... 4

*Naiditch v. Applied Micro Circuits Corp.*,
  No. 01-CV-0649-K-AJB, 2001 WL 1659115 (S.D. Cal. Nov. 5, 2001) ................................... 5

*Nicolow v. Hewlett Packard Co.*,
  No. 12-05980 CRB, 2013 WL 792642 (N.D. Cal. Mar. 4, 2013) ............................................. 9

*Prissert v. Emcore Corp.*,
  No. 08-1190 MV/RLP, 2010 WL 7926232 (D.N.M. July 14, 2010) ........................................ 4

*Rivers v. Walt Disney Co.*,
    980 F. Supp. 1358 (C.D. Cal. 1997) ........................................................................ 10

*Sabre Industries, Inc. v. Module X Solutions, LLC*,
    No. 15-2501, 2017 WL 4128317 (W.D. La. Sept. 18, 2017) ................................... 2

*Sgalambo v. McKenzie*
    268 F.R.D. 170 (S.D.N.Y. 2010) .............................................................................. 9

*Smith v. Suprema Specialties, Inc.*,
    206 F. Supp. 2d 627 (D.N.J. 2002) ........................................................................... 4

*Topping v. Deloitte Touche Tohmatsu CPA Ltd.*,
    No. 14 Civ. 2814(ER), 2015 WL 1499657 (S.D.N.Y. Mar. 27, 2015) ...................... 8

*U.L. Coleman Co., Ltd. v. Bossier City-Parish Metropolitan Planning Commission*,
    No. 08-2011, 2012 WL 2119401 (W.D. La. June 11, 2012) .................................... 2

*United States v. Montero-Camargo*,
    208 F.3d 1122 (9th Cir. 2000) .................................................................................. 8

*United States v. Oakar*,
    111 F.3d 146 (D.C. Cir. 1997) ................................................................................. 8

## STATUTES AND RULES

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) ................................................................................ 4

KBC Asset Management NV ("KBC") respectfully submits this reply memorandum of law in further support of its appeal, under Rule 72(a) of the Federal Rules of Civil Procedure and Local Rule 74.1(A), of the Memorandum Order issued by the Magistrate Judge on October 20, 2017 (ECF No. 80) (the "Order"), and in opposition to the response briefs filed by Oregon (ECF No. 90) (the "Oregon Response"), and Defendants (ECF No. 91) (the "CenturyLink Response").

## I.    PRELIMINARY STATEMENT

It is undisputed that no opposing lead plaintiff movant argued that KBC is a professional plaintiff, and that the Magistrate Judge raised the issue on his own.  The decision to apply the professional plaintiff provision of the Private Litigation Reform Act ("PSLRA") to an institutional investor is against the overwhelming weight of authority, and was made without affording KBC any opportunity to be heard on the issue.  As Congress made clear, a "professional plaintiff" is a party motivated by the payment of a bounty, and institutional investors, who are motivated by their fiduciary obligations to recover losses caused by fraud, "do not represent the type of professional plaintiff [the PSLRA] seeks to restrict."  H.R. Conf. Rep. No. 104-369 at 35 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 734 (1995).  Oregon's argument that KBC is barred from serving as lead plaintiff is belated, self-serving, and substantively wrong.

It also is undisputed that KBC has the largest financial interest in the relief sought by the proposed class under the standard most commonly applied by courts.  In addition, KBC made a prima facie showing of its adequacy to represent the class and no other movant, including Oregon, challenged KBC's adequacy. *See generally* ECF No. 47.  Therefore, KBC is entitled to appointment as lead plaintiff, and would have been appointed lead plaintiff had the professional plaintiff provision not been misapplied.

Before Oregon reversed its stance in its opposition to this appeal, it argued in a joint motion with KBC that this Action should be stayed until the Joint Panel on Multidistrict Litigation ("JPML") issued a final decision on its conditional order transferring the Action to the District of Minnesota. *See* ECF No. 75. That position is still the correct one. As Oregon and KBC explained at the time, "[b]y granting a continuance, the Court will conserve judicial resources and ensure that the arguments on Lead Plaintiff appointment will be considered by the court that will ultimately preside over the Securities Actions." *Id.* at 3. In that regard, neither Oregon nor Defendants dispute the proposition that the Minnesota court could, without the filing of a formal motion, vacate any lead plaintiff order made in Louisiana. *See* ECF No. 87-1 at 10 n.6.

Accordingly, KBC respectfully requests that the Court vacate the Order on the grounds that it is clearly erroneous and contrary to law, and hold any further decision on appointment of lead plaintiff in abeyance until the JPML makes a final determination on transferring the Action.

## II.    ARGUMENT

### A.    The Magistrate Judge's Legal Conclusions Should Be Reviewed *De Novo*

The Court should review the Magistrate Judge's legal conclusions *de novo*. *See, e.g.*, *Sabre Indus., Inc. v. Module X Solutions, LLC*, No. 15-2501, 2017 WL 4128317, at *1 (W.D. La. Sept. 18, 2017); *U.L. Coleman Co., Ltd. v. Bossier City-Parish Metro. Planning Comm'n*, No. 08-2011, 2012 WL 2119401, at *1 (W.D. La. June 11, 2012). Here, without the benefit of briefing or argument, the Magistrate Judge concluded that the PSLRA barred KBC from serving as lead plaintiff because KBC had been appointed lead plaintiff in eight actions in the past three years.[1] The legal question on appeal, then, is whether the professional plaintiff provision of the

---

[1] Since its initial motion to be appointed lead plaintiff in this Action, KBC has moved for appointment, and has been appointed, in two other securities actions. However, more than three years now have passed since KBC was appointed in two other actions listed on its certification

PSLRA is properly applied to institutional investors, who are not "professional plaintiffs," as Congress used that term, but rather fiduciaries on behalf of numerous individual investors. While Oregon attempts to recast this appeal as a "'simple disagreement with the magistrate judge's *findings*,'" *see* Or. Resp. at 3 n.3 (emphasis added), Oregon concedes that KBC has not raised a factual issue, *see id.* at 3-4 (admitting KBC "do[es] not contend that Magistrate Judge Perez-Montes erred in calculating the number of cases in which [it] served as Lead Plaintiff"). The Court should thus review the legal conclusions in the Order *de novo*.

### B.    The Professional Plaintiff Provision of the PSLRA Does Not Apply to Institutional Investors Such As KBC

As the legislative history of the PSLRA makes clear, "[p]rofessional plaintiffs . . . own a nominal number of shares in a wide array of public companies," and "are motivated by the payment of a bounty." H.R. Conf. Rep. No. 104-369 at 32-33, 1995 U.S.C.C.A.N. at 732-33. In contrast, because KBC's funds own or have owned millions of dollars of CenturyLink securities, KBC is motivated by its fiduciary obligations to recover losses on behalf of its allegedly defrauded beneficiaries. This is why numerous courts across the country have determined that the professional plaintiff provision does *not* apply to institutional investors. *See, e.g.*, *In re Herley Indus. Inc.*, No. 06-2596, 2010 WL 176869, at *4 n.4 (E.D. Pa. Jan. 15, 2010) ("Recognizing the disconnect between the PSLRA's purpose and the professional plaintiff provisions, 'the majority of courts applying the professional plaintiff restriction have concluded that the restriction does not apply to institutional investors.'"); *Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 1:08-cv-7281 (JFK), 2008 WL 4974839, at *8 (S.D.N.Y. Nov. 24, 2008) (noting institutional investors are "not subject to the PSLRA's strict ban on 'professional plaintiffs' who

---

(ECF No. 25-3). Therefore, the total number of securities class actions filed in the last three years in which KBC has moved for appointment as lead plaintiff remains unchanged at thirteen. KBC was appointed as lead plaintiff in eight of those actions; of those actions, only four remain pending.

have served as lead plaintiff in more than five class actions in the previous three-year period");
*Meeuwenberg v. Best Buy Co.*, No. Civ.03-6193ADM/AJB, 2004 WL 950362, at *3 (D. Minn.
Apr. 29, 2004) ("The majority of courts have held institutional investors exempt from the
statutory professional plaintiff restriction."); *In re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369, 372
(M.D.N.C. 2003) ("[C]ourts have excepted institutional investors from this restriction based on
the legislative history of the PSLRA."); *Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627,
641 (D.N.J. 2002) ("The majority of courts that have considered this issue have determined that
the limitation does not apply to institutional investors.") (collecting cases); *see also* ECF No. 87-
1 at 7-8 (collecting cases).

Defendants' suggestion that only a "handful" of district court decisions have so
concluded is wrong.  *See* CenturyLink Resp. at 16.  More importantly, Defendants' submission
to this Court runs counter to the unequivocal language of the PSLRA:  the most adequate
plaintiff presumption "may be rebutted ***only upon proof by a member of the purported plaintiff
class***."  15 U.S.C. § 77z-1(a)(3)(B)(iii)(II) (emphasis added).  Defendants are not part of the
proposed plaintiff class here.  *See In re Landry's Seafood Rest., Inc.*, No. Civ.A. H-99-1948,
2000 WL 33999467, at *1 (S.D. Tex. Mar. 30, 2000). ("[F]rom the express language of the
statute, courts have concluded that defendants lack standing to challenge the adequacy or
typicality of the proposed lead plaintiffs at this early stage of the litigation."); *see also Prissert v.
Emcore Corp.*, No. 08-1190 MV/RLP, 2010 WL 7926232, at *3 (D.N.M. July 14, 2010) ("The
plain language of the PSLRA dictates that only members of the plaintiff class may offer evidence
to rebut the presumption in favor of the most adequate plaintiff."); *Howard Gunty Profit Sharing
Plan v. CareMatrix Corp.*, 354 F. Supp. 2d 18, 22 n.2 (D. Mass. 2000) ("[O]nly other plaintiffs
have standing to challenge petitions for lead plaintiff status."); *Gluck v. Cellstar Corp.*, 976
F. Supp. 542, 550 (N.D. Tex. 1997) ("The statute is clear that only *potential plaintiffs* may be

heard regarding appointment of a Lead Plaintiff."); *Fischler v. AmSouth Bancorporation*, No. 96-1567-Civ-T-17A, 1997 WL 118429, at *2 (M.D. Fla. Feb. 6, 1997) ("The plain language of the Act dictates only members of the plaintiff class may offer evidence to rebut the presumption in favor of the most adequate plaintiff."). Accordingly, this Court should disregard Defendants' submission. Indeed, Defendants' preference for who should be appointed as lead plaintiff may well be based on undisclosed motives that serve their interests. Whatever their motives, the Court can be assured that any defense preference was not made in the best interest of proposed class members.

What is more, many courts have concluded that lead plaintiffs that have significant prior experience leading securities class cases – such as KBC – provide an enormous benefit to the absent class members whose interests they protect. *See, e.g.*, *In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.*, 209 F.R.D. 447, 454 (C.D. Cal. 2002) (noting "experience acting as lead plaintiff will benefit the class" and the "mere fact that [a pension fund] has acted as lead plaintiff in seven cases over the past three years is unremarkable for an institutional investor in the business of managing [significant] assets"); *Naiditch v. Applied Micro Circuits Corp.*, No. 01-CV-0649-K-AJB, 2001 WL 1659115, at *3 (S.D. Cal. Nov. 5, 2001) ("For such a large institutional investor, 11 appointments as lead plaintiff is quite understandable, and in fact could evince a laudatory zeal to fulfill its fiduc[i]ary duties. Such experience will well equip [institutional movant] to oversee this litigation.").

While Oregon did not raise a professional plaintiff argument in its lead plaintiff papers (because it knew such an argument is utterly devoid of merit), it now asserts that the "decision to apply this provision [to institutional investors] is squarely within the court's discretion." Or. Resp. at 4. But, Oregon's own counsel has repeatedly emphasized that the professional plaintiff provision is not applicable to institutional investors. *See* ECF No. 87-1 at 7; *see also*

Reply in Supp. of Mot. of Pub. Emps.' Ret. Sys. of Miss. for Appointment as Lead Pl. &
Approval of its Selection of Lead Counsel at 6, *NECA-IBEW Health & Welfare Fund v.
Goldman Sachs & Co.*, No. 1:08-cv-10783-MGC (S.D.N.Y. Mar. 3, 2009) (ECF No. 18) ("In
keeping with this unambiguous Congressional intent, virtually every court that has directly
addressed the 'professional plaintiff' provision of the PSLRA has held it inapplicable to
institutional investors like MissPERS.") (copy attached as Ex. 1).  When parties or their counsel
take contradictory, unprincipled positions, as Oregon and Bernstein Litowitz Berger & Grossman
LLP have done here, their credibility is severely undermined.  *See Goodman v. Albany Transp.,
Inc.*, 103 F. Supp. 2d 112, 118 (N.D.N.Y. 2000) ("A party may not freely maintain a position that
is inconsistent with one it has previously maintained.").

### C.   KBC Was Not Afforded Notice or an Opportunity to Be Heard on the Professional Plaintiff Issue

In its opening memorandum, KBC established that the Order is clearly erroneous and
contrary to law because it deprived KBC of an opportunity to be heard on the issue of whether
the "professional plaintiff" provision of the PSLRA should bar it from serving as lead plaintiff.
*See* ECF No. 87-1 at 5-7.  In response, Oregon asserts that KBC was on notice because, as
required by statute, KBC submitted a certification with its lead plaintiff motion listing the other
securities actions in which it has sought to serve as lead plaintiff in the preceding three years.
*See* Or. Resp. at 5-6.  That KBC was aware of the statutory requirement to submit such a
certification did not, in view of the case law cited above, put it on notice that the professional
plaintiff provision would be applied against it.  Significantly, Oregon had several opportunities
in its lead plaintiff briefing to challenge KBC's qualifications to serve as a lead plaintiff on that
basis yet chose not to do so.  Had Oregon raised the issue at the appropriate time, KBC would
have had a chance to respond to those arguments in its briefing.

Oregon also contends that KBC was "plainly on notice that the [professional plaintiff] issue could be raised" because it had faced a similar challenge in *Kaplan v. S.A.C. Capital Advisors, L.P.*, No. 12 Civ. 9350 (VM)(KNF) (S.D.N.Y.) ("*Kaplan*"). *See* Or. Resp. at 6. But *Kaplan* presented a far different situation. In that case, after the defendants filed a brief raising the professional plaintiff provision, KBC was provided an opportunity to submit arguments on that issue. *See* SAC Defs.' Submission Concerning Mot. for Appointment of Lead Pls. in the *Birmingham* Case at 14, *Kaplan* (Sept. 27, 2013) (ECF No. 110) (stating court "should hold a hearing to consider the above-discussed professional plaintiff bar") (copy attached as Ex. 2); [KBC]'s Mem. of Law in Resp. to SAC Defs.' Submission at 4, *Kaplan* (Oct. 7, 2013) (ECF No. 112) ("Courts in this district and elsewhere have explained in numerous cases that the professional plaintiff bar was not intended to apply to institutional investors such as KBC.") (copy attached as Ex. 3). Thus, in the *Kaplan* case KBC had the chance to respond – something it was denied here.

Furthermore, that another party has made an argument against the appointment of KBC in a different action in the past does not put it on notice that the argument is at issue in every subsequent case. Such a rule would be tremendously wasteful of judicial resources as KBC would need to raise and defend against every conceivable argument that might be made against it so as not to risk being deprived of an opportunity to be heard. That scenario also would stand our adversarial legal system on its head. *See, e.g.*, *Greenlaw v. United States*, 554 U.S. 237, 243 (2008) ("In our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."); *McNeil v. Wisconsin*, 501 U.S. 171, 181 n.2 (1991) ("What makes a system adversarial . . . is . . . the presence of a judge who does not (as an inquisitor does) conduct the factual and legal

investigation himself, but instead decides on the basis of facts and arguments pro and con adduced by the parties.").[2]

An opportunity to be heard in this case was all the more significant because (i) the construction of the professional plaintiff provision is a question of first impression in the Western District of Louisiana, and (ii) the provision is being applied to displace the movant (KBC) who is statutorily entitled to the lead plaintiff appointment in view of its having the largest financial interest.

### D. KBC, Not Oregon, Has the Largest Financial Interest of Any Lead Plaintiff Movant

The PSLRA directs courts to appoint the "most adequate plaintiff" as lead plaintiff and creates a presumption that the most adequate plaintiff is the movant with the largest financial interest in the relief sought by the class. In their opening lead plaintiff briefs, both KBC and Oregon presented their respective financial interests in the litigation in terms of net losses on their investments in CenturyLink securities during the Class Period calculated using last-in first-out accounting (LIFO). *See* ECF No. 25-4 at 4; ECF No. 28-4 at 10. That is the metric that courts generally consider most significant. *See, e.g.*, *Topping v. Deloitte Touche Tohmatsu CPA Ltd.*, No. 14 Civ. 2814(ER), 2015 WL 1499657, at *5 (S.D.N.Y. Mar. 27, 2015) (noting "financial loss . . . is viewed as the most important [factor]") (collecting cases). KBC claimed a financial loss of $13,166,113, while Oregon claimed a loss of $6,297,582, or less than half as much. Thus, KBC has the largest financial interest using the standard both movants relied upon

---

[2] Such guidance from the Supreme Court cannot be cavalierly disregarded. *See, e.g.*, *United States v. Montero-Camargo*, 208 F.3d 1122, 1132 n.17 (9th Cir. 2000) ("We do not treat considered dicta from the Supreme Court lightly."); *United States v. Oakar*, 111 F.3d 146, 153 (D.C. Cir. 1997) ("'[C]arefully considered language of the Supreme Court, even if technically dictum, generally must be treated as authoritative.'").

in their respective opening briefs, and which courts across the country consistently have applied. *See* ECF No. 52 at 2-4.

In subsequent briefing on the lead plaintiff appointment issue, Oregon, having been soundly beaten on the LIFO loss it submitted, shifted its position to a "retained shares" loss calculation methodology. Courts should not countenance a movant's abandonment of a loss methodology midway through the appointment process. *See Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) (rejecting movant's request "to turn away from estimated losses and focus instead on 'net shares purchased'" after noting that "[t]ellingly, [the movant] itself made no reference to net shares purchased or a retained shares calculation in its opening motion seeking appointment as lead plaintiff, shifting its argument only after [a competing movant] came forward with larger LIFO losses"). Oregon now maintains that its late adoption of the "retained shares" methodology (after having reviewed KBC's funds' trade data, of course) is justified by the Supreme Court's holding in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005), but that is not so, as KBC demonstrated in its lead plaintiff reply brief. *See* ECF No. 52 at 5-7; *see also Blitz v. AgFeed Indus., Inc.*, No. 3:11-0992, 2012 WL 1192814, at *8 (M.D. Tenn. Apr. 10, 2012) (observing that, "simply on the basis of the losses stated in their initial Motions, AIG has the largest financial interest" and rejecting another movant's arguments about "*Dura* losses").

In addition to possessing the largest financial interest in the litigation, KBC also made a "'preliminary showing' that it will satisfy the typicality and adequacy requirements of Rule 23." *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (internal quotation marks omitted). Therefore, KBC (and not Oregon) is entitled to appointment as lead plaintiff. *See* ECF No. 52 at 7-8.

E.    A Stay Is Appropriate Under the Circumstances

Finally, Oregon asserts that the Action should not be stayed because doing so would be detrimental to the proposed class.  *See* Or. Resp. at 9.  This is a surprising (and unexplained) departure from the position Oregon previously took.  *See* ECF No. 75 at 3 (arguing for continuance of hearing on lead plaintiff appointment "until the [JPML] decides the issue of transfer").  As Oregon argued then, staying the Action is appropriate because it "will conserve judicial resources and ensure that the arguments on Lead Plaintiff appointment will be considered by the court that will ultimately preside over the Securities Actions."  *Id.* at 3; *see also Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997) ("[I]t appears that a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved.").[3]  One can only assume such an about face is a tacit recognition that the transferee court – one that has full briefing on these issues – will appoint KBC as lead plaintiff.  Indeed, a stay is appropriate in light of the fact that a transferee court "'may vacate or modify *any* order of a transferor court.'"  *In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, MDL No. 1725, 2007 WL 171330, at *1 (E.D. Mich. Jan. 18, 2007).

III.    CONCLUSION

For the foregoing reasons and the reasons provided in its opening brief, KBC respectfully requests that the Court issue an order vacating the October 20, 2017 Order and holding any further decision on appointment of lead plaintiff in abeyance until the JPML makes a final determination on transferring the Action to the District of Minnesota.

---

[3] Defendants assert that "the JPML is likely to grant the Motion to Vacate" the CTO. CenturyLink Resp. at 10.  But even a cursory review of the record shows that outcome is ***not*** likely.  *See* KBC's Opp'n to Defs.' Mot. to Vacate CTO No. 1, MDL No. 2795 (J.P.M.L. Nov. 17, 2017) (ECF No. 87) (copy attached as Ex. 4); Or.'s Resp. in Opp'n to Defs.' Mot to Vacate CTO No. 1, MDL No. 2795 (J.P.M.L. Nov. 17, 2017) (ECF No. 88) (copy attached as Ex. 5).

DATED:  November 24, 2017        Respectfully submitted,

*s/ Gregg S. Levin*

Gregg S. Levin (admitted *pro hac vice*)
James M. Hughes (admitted *pro hac vice*)
Andrew P. Arnold (admitted *pro hac vice*)
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone:  (843) 216-9000
Facsimile:  (843) 216-9450
Emails:     glevin@motleyrice.com
          jhughes@motleyrice.com
          aarnold@motleyrice.com

William H. Narwold (admitted *pro hac vice*)
**MOTLEY RICE LLC**
20 Church St., 17th Floor
Hartford, CT  06103
Telephone:  (860) 882-1681
Facsimile:  (860) 882-1682
Email:      bnarwold@motleyrice.com

*Counsel for KBC Asset Management NV and
Proposed Lead Counsel for the Class*

*/s/ James Parkerson Roy*

James Parkerson Roy (La. 11511)
John Parkerson Roy (La. 32048)
**DOMENGEAUX WRIGHT ROY
   & EDWARDS LLC**
556 Jefferson St., Suite 500
Lafayette, LA  70501
Telephone:  (337) 233-3033
Facsimile:  (337) 232-8213
Emails:     jimr@wrightroy.com
          johnr@wrightroy.com

*Counsel for KBC Asset Management NV*

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record.  In addition, I will cause to be served a copy of the foregoing by Overnight Mail upon the following persons:

> Hon. S. Maurice Hicks, Jr.
> United States District Judge
> 300 Fannin St., Suite 5101
> Shreveport, LA  71101
>
> Hon. Joseph H. L. Perez-Montes
> United States Magistrate Judge
> U. S. Court House and Post Office Building
> 515 Murray St., Room 331
> Alexandria, LA  71301

Executed on November 24, 2017.

> *s/ Gregg S. Levin*
> Gregg S. Levin (admitted *pro hac vice*)