# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NECA-IBEW HEALTH & WELFARE FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>  v.<br><br>GOLDMAN SACHS & CO., et al.,<br><br>        Defendants. | Civil Action No. 1:08-cv-10783-MGC<br>ECF Case<br><br>CLASS ACTION<br><br>**REPLY IN SUPPORT OF THE MOTION OF THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL** |

The Public Employees' Retirement System of Mississippi ("MissPERS") respectfully submits this reply in support of its motion to be appointed as Lead Plaintiff pursuant to Section 27(a)(3)(B) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

I.  INTRODUCTION

MissPERS established in its opening memorandum of law that it is the presumptive Lead Plaintiff on behalf of a class of persons or entities who acquired the Mortgage Pass-Through Certificates or Asset-Backed Certificates of GS Mortgage Securities Corp. ("GS Mortgage") in the event that the two pending class actions before the Court are related and consolidated. Indeed, it is undisputed that MissPERS possesses the largest financial interest in the relief sought by GS Mortgage certificate purchasers. In addition, should the cases be consolidated, MissPERS otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. Despite this, competing Lead Plaintiff movant NECA-IBEW Health & Welfare Fund ("NECA-IBEW") raises a series of incongruous arguments in an attempt to rebut the presumption that MissPERS is the most adequate plaintiff. NECA-IBEW has not, and cannot, rebut the presumption that if these two cases are consolidated, MissPERS has the largest financial interest and otherwise satisfies the requirements of Rule 23. Accordingly, should these cases be consolidated, MissPERS should be appointed Lead Plaintiff.

NECA-IBEW asserts that MissPERS has no financial interest in the current litigation pending before the Court and on that basis fails to meet the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure. Memorandum of Law in Further Support of NECA-IBEW Health & Welfare Fund's Motion for Appointment as Lead Plaintiff and in Opposition to the Competing Motion ("Opp. Brief") at 6. This is incorrect. MissPERS purchased 60,000 GS Mortgage Certificates issued from GS Mortgage's Registration Statement and Prospectus Supplements issued during 2005 and 2006. Opp. Brief at 7-8. All GS Mortgage certificate purchasers share common questions of law and fact – specifically, whether false and misleading statements were made in the offering documents used to market and sell GS

1

Mortgage certificates to investors. Accordingly, should the cases be consolidated, MissPERS' claims are clearly typical of other GS Mortgage certificate purchasers.

NECA-IBEW also argues that MissPERS should not be appointed Lead Plaintiff because it is purportedly a "professional plaintiff" for having served as lead plaintiff in various other complex securities class actions. Opp. Brief at 9-11. As an institutional investor – precisely the sort of plaintiff that Congress intended to direct securities class actions as Lead Plaintiff under the PSLRA – MissPERS is not subject to the bar on the number of class actions for which it can serve as lead plaintiff under the PSLRA. Numerous courts within this District have rejected similar arguments. The number of class actions which MissPERS has been appointed to serve as lead plaintiff in demonstrates that is in fact more than qualified to serve as Lead Plaintiff.

II. MissPERS IS THE MOST ADEQUATE LEAD PLAINTIFF MOVANT

MissPERS indisputably is the most adequate plaintiff under the well-defined standards of the PSLRA which establishes a presumption that the "most adequate plaintiff" is the movant with the "largest financial interest in the relief sought by the class" that "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption "may be rebutted only upon *proof* by a member of the purported plaintiff class that the presumptively most adequate plaintiff" is inadequate to protect the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). On this basis, the overwhelming majority of courts have rejected challenges akin to those asserted here. *See, e.g., Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 105 (S.D.N.Y. 2007) (rejecting challenge, stating that "[s]peculation and conjecture from one interested party" was insufficient to establish proof of presumptive plaintiff's inadequacy); *Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324-25 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are, however, insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence of the existence of an actual or potential conflict of interest or a defense to which [the potential lead plaintiff] would be uniquely subject."); *Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 403-04 (S.D.N.Y.

2004) (emphasizing that the PSLRA requires proof of inadequacy and not mere speculation). As discussed below, NECA-IBEW has failed to rebut this presumption.

    A.    MissPERS Possesses A Greater Financial Interest In GS Mortgage Certificates Than NECA-IBEW Should The Actions Be Consolidated

"***A number of courts have found that the loss suffered during the class period is the most important factor in determining who should be the lead plaintiff***." *Strougo*, 243 F.R.D. at 104 (emphasis added). In connection with the litigation pending before the Court, MissPERS purchased 60,000 GS Mortgage certificates while NECA-IBEW only purchased approximately 4,400 GS Mortgage certificates. *See* Exhibit A to the Declaration of Gerald H. Silk in Support of the Motion of the Public Employees' Retirement System of Mississippi for Appointment as Lead Plaintiff and Approval of Its Selection of Lead Counsel, filed on February 9, 2009 [Docket Entry No. 9], and Exhibit A to the Affidavit of David A. Rosenfeld in Support of NECA-IBEW Health & Welfare Fund's Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Counsel, filed on February 9, 2009 [Docket Entry No. 5]. Accordingly, MissPERS has the largest financial interest of any movant seeking appointment as Lead Plaintiff in connection with this litigation.

    B.    MissPERS Satisfies The Requirements Of Rule 23

NECA-IBEW erroneously contends that MissPERS claims are atypical of other GS Mortgage certificate purchasers and that it is an inadequate representative under Rule 23 of the Federal Rules of Civil Procedure. Contrary to NECA-IBEW's contentions, should these cases be consolidated, MissPERS clearly satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. On a motion to serve as Lead Plaintiff, the movant must only "make a preliminary showing that it satisfies the typicality and adequacy requirements of F.R.C.P. 23." *Burch v. SLM Corp.*, 2008 U.S. Dist. LEXIS 55423, at \*10 (S.D.N.Y. July 23, 2008) (*quoting In re eSpeed Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005).

3

1.     MissPERS' Claims Are Typical Of
<u>Other GS Mortgage Certificate Purchasers</u>

As explained above, should the Court consolidate the *NECA-IBEW* and *MissPERS* actions, MissPERS' claims are typical of the claims of the class of other purchasers of GS Mortgage certificates. "The typicality requirement is satisfied where a plaintiff has suffered the same injuries as other class members as a result of the same conduct by defendants and has claims based on the same legal issues." *Burch*, 2008 U.S. Dist. LEXIS 55423, at *10; *see also In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002) ("Typicality is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise."). MissPERS' claims arise from the very same course of conduct as the claims of the other purchasers of GS Mortgage certificates, *i.e.*, the purchase of certificates that had a much greater risk profile than represented in the offering documents. Although the GS Mortgage certificates purchased by MissPERS and NECA-IBEW differ, both actions allege violations of the Securities Act based on false and misleading statements made in the offering documents for GS Mortgage certificates.

NECA-IBEW's attempt to raise a typicality issue with respect to the Securities Act claims asserted by MissPERS misses the point because both actions assert similar claims based on similar underlying conduct. Moreover, to the extent the Court deems the pending actions related and consolidates them, MissPERS will be a member of the purported class, contrary to NECA-IBEW's assertions. Opp. Brief at 7 and 8.

2.     <u>MissPERS Is An Adequate Representative</u>

If the cases are consolidated, MissPERS likewise satisfies the adequacy requirement of Rule 23. "In considering the adequacy of a proposed lead plaintiff, a court must consider whether: (1) the lead plaintiff's claims conflict with those of the class; and (2) class counsel is qualified, experienced, and generally able to conduct the litigation." *Burch*, 2008 U.S. Dist. LEXIS 55423, at *10; *see also Initial Pub. Offering*, 214 F.R.D. at 121 (finding the adequacy requirement satisfied where "the class members' interests are not antagonistic to one another,"

4

"the class has a sufficient interest in the outcome of the case to ensure vigorous advocacy," and where "class counsel is qualified, experienced, and generally able to conduct the litigation."). In fact, as discussed above, MissPERS' interests are perfectly aligned with those of the other purchasers of GS Mortgage certificates and are not antagonistic or conflicting in any way. Moreover, Congress intended to encourage large institutional investors, such as MissPERS, to serve as lead plaintiffs. *See* H.R. REP. NO. 104-369, at 34 (1995) (Conf. Rep.) ("Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake."); S. REP. NO. 104-98, at 11 (1995) ("Institutions with large stakes in class actions have much the same interests as the plaintiff class generally. . . .").

In sum, NECA-IBEW's only argument against MissPERS' adequacy is based on the fact that MissPERS did not purchase GS Mortgage certificates pursuant to the 2007 Registration Statement. Opp. Brief at 8. NECA-IBEW does not, and cannot, contest that if the pending actions are consolidated, MissPERS would be a more than adequate representative under Rule 23. *Id.*

    C.    MissPERS Is Not Barred
            From Serving as Lead Plaintiff

NECA-IBEW asserts that MissPERS is barred from serving as Lead Plaintiff because it is supposedly a "professional plaintiff." Opp. Brief at 9. NECA-IBEW is wrong. The PSLRA does not bar institutional plaintiffs, such as MissPERS, from serving as lead plaintiff in various actions over any given period of time.[1]

---

[1] In furtherance of its argument, NECA-IBEW incorrectly asserts that MissPERS' lead plaintiff certification is defective because it did not list MissPERS' appointment as lead plaintiff in *State Universities Retirement System of Illinois v. Sonus Networks, Inc., et al.*, Civil No. 1:06-cv-10040-MLW(D. Mass). Opp. Brief at 9 fn. 6. The PSLRA is clear, however, that lead plaintiff movants need only identify "other action[s] under this title, **filed** during the 3 year period preceding the date on which the certification is signed . . . ." 15 U.S.C. 77z-1(a)(2)(A)(v). MissPERS' certification in this action is dated February 5, 2009, while the *Sonus* action was filed on January 6, 2006, more than three years before MissPERS' certification in this action.

5

The language of the relevant provision of the PSLRA provides that:

> Except as the court may otherwise permit, consistent with the purposes of this section, a person may be a lead plaintiff[] . . . in no more than 5 securities class actions brought as plaintiff class actions pursuant to the Federal Rules of Civil Procedure during any 3-year period.

15 U.S.C. 77z-1(a)(3)(B)(vi).[2]

However, one of the foremost purposes of the PSLRA is to promote institutional leadership in securities class actions and the statute's legislative history clarifies that the restriction was never intended to apply to institutional investors:

> The Conference Report seeks to restrict professional plaintiffs from serving as lead plaintiff by limiting a *person* from serving in that capacity more than five times in three years. ***Institutional investors seeking to serve as lead plaintiff may need to exceed this limitation and do not represent the type of professional plaintiff this legislation seeks to restrict***. As a result, the Conference Committee grants courts discretion to avoid the unintended consequence of disqualifying institutional investors from serving more than five times in three years. The conference committee does not intend for this provision to operate at cross purposes with the "most adequate plaintiff" provision.

H.R. Conf. Rep. No. 104-369, at *35, *reprinted in* 1995 U.S.C.C.A.N. 730, 734. (emphasis added).

In keeping with this unambiguous Congressional intent, virtually every court that has directly addressed the "professional plaintiff" provision of the PSLRA has held it inapplicable to institutional investors like MissPERS. *See, e.g., In re Pfizer Inc. Sec. Litig.*, 233 F.R.D. 334, 338 n.4 (S.D.N.Y. 2005) ("While the PSLRA disfavors 'professional plaintiffs' . . . [t]his provision

---

*See* Exhibit 1 to the Declaration of Gerald H. Silk in Support of the Reply of the Public Employees' Retirement System of Mississippi for Appointment as Lead Plaintiff, filed herewith.

[2] Attempting to turn the issue into one of statutory construction, NECA-IBEW ignores the plain language of the statute which grants the Court discretion in applying the provision and instructs that this discretion should be exercised in accordance with the purposes of the PSLRA. H.R. Conf. Rep. No. 104-369, at *35 ("Except as the court may otherwise permit, consistent with the purposes of this section . . . ."). Opp. Brief at 11.

6

was not intended to target institutional investors").[3] Indeed, NECA-IBEW's own counsel, Coughlin Stoia Geller Rudman & Robbins LLP, represented an institutional investor in this District (before Judge Keenan) less than four months ago where the PSLRA bar was found to be inapplicable. *See Kuriakose v. Fed. Home Loan Mortgage Co.*, 2008 U.S. Dist. LEXIS 95506, at *25 (S.D.N.Y. Nov. 24, 2008) ("Central States is not subject to the PSLRA's strict ban on 'professional plaintiffs' who have served as lead plaintiff in more than five class actions in the

---

[3] *See also Police & Fire Ret. Sys. v. SafeNet, Inc.*, 2007 U.S. Dist. LEXIS 97959, at *11 (S.D.N.Y. Feb. 21, 2007) ("it is clear that Congress did not intend to target institutional investors with this limitation."); *Nursing Home Pension Fund v. Oracle Corp.*, 2006 U.S. Dist. LEXIS 94470, at *14-15 (N.D. Cal. Dec. 20, 2006) ("Congress has indicated that legislation seeking to prohibit 'professional plaintiffs' from participating in securities class actions was not intended to apply to institutional investors."); *In re Fannie Mae Sec. Litig.*, 355 F. Supp. 2d 261, 264 (D.D.C. 2005) ("[T]he Court has the discretion to exempt an institutional investor from the 'professional plaintiff' restriction"); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 512 (E.D. Pa. 2004) ("[T]he limitation against professional plaintiffs was not designed to be applied mechanically to institutional investors"); *Meeuwenberg v. Best Buy Co.*, 2004 U.S. Dist. LEXIS 7686, at *7 (D. Minn. Apr. 29, 2004) ("[T]he majority of courts have held institutional investors exempt from the statutory professional plaintiff restriction."); *In re DaimlerChrysler AG Sec. Litig.*, 216 F.R.D. 291, 299 (D. Del. 2003) ("Consistent with this legislative intent, the majority of courts applying the professional plaintiff restriction have concluded that the restriction does not apply to institutional investors."); *In re Gemstar-TV Guide Int'l, Sec. Litig.*, 209 F.R.D. 447, 454 (C.D. Cal. 2002) (holding that the PSLRA's "professional plaintiff" bar does not apply to institutional investors and explaining that "[t]he mere fact that the [institutional movant] has acted as lead plaintiff in seven cases over the past three years is unremarkable for an institutional investor in the business of managing $10 billion in assets."); *Smith v. Suprema Specialties, Inc.*, 206 F. Supp. 2d 627, 641 (D.N.J. 2002) ("The majority of courts. . .have determined that the limitation does not apply to institutional investors."); *Naiditch v. Applied Micro Circuits Corp.*, 2001 U.S. Dist. LEXIS 21374, at *8 (S.D. Cal. Nov. 2, 2001) ("For such a large institutional investor, 11 appointments as lead plaintiff is quite understandable, and in fact could evince a laudatory zeal to fulfill its fiduciary duties. Such experience will well equip FSBA to oversee this litigation."); *In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 1112 (N.D. Cal. 2001) (appointing institutional investor as lead plaintiff despite having been appointed in more than five cases in three years); *Piven v. Sykes Enters., Inc.*, 137 F. Supp. 2d 1295, 1305 (M.D. Fla. 2000) ("[T]he Court is less concerned about a plaintiff in the business of security investments being lead plaintiff on numerous occasions than if the court were to find some sort of shell corporation created for the purpose of marshaling claims"); *Blaich v. Employee Solutions, Inc.*, 1997 WL 842417, at *2 (D. Ariz. Nov. 21, 1997) (professional plaintiff provision does "not apply to institutional investors."). NECA-IBEW also ignores this weight of authority directly addressing the inapplicability of the PSLRA bar to institutional plaintiffs and relies on a single non-controlling decision from the United States District Court for the Eastern District of Tennessee. Opp. Brief at 10.

7

previous three-year period."). Accordingly, MissPERS is not barred from serving as Lead Plaintiff.

III. CONCLUSION

As explained, should the *NECA-IBEW* and *MissPERS* cases be deemed related and consolidated, MissPERS is clearly the "most adequate plaintiff." It is undisputed that MissPERS has the "largest financial interest" arising out of the purchase of GS Mortgage certificates by virtue of, among other things, the purchase of 60,000 GS Mortgage certificates. If consolidated, MissPERS satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure as an adequate class representative with claims typical of the other purchasers of GS Mortgage certificates. For the foregoing reasons, and those articulated in its Motion for Appointment, MissPERS respectfully requests, should the Court consolidate these actions, the Court also grant its motion for appointment as Lead Plaintiff, approve its selection of Lead Counsel and deny the motion of NECA-IBEW.

Dated: March 3, 2009                    BERNSTEIN LITOWITZ BERGER
                                           & GROSSMANN LLP


                                        　　  */s/ Gerald H. Silk*
                                        　　　　GERALD H. SILK

                                        GERALD H. SILK
                                        1285 Avenue of the Americas, 38th Floor
                                        New York, NY 10019
                                        Tel:    (212) 554-1400
                                        Fax:    (212) 554-1444
                                        jerry@blbglaw.com
                                        　　　-and-
                                        DAVID R. STICKNEY
                                        TIMOTHY A. DeLANGE
                                        DAVID A. THORPE
                                        12481 High Bluff Drive, Suite 300
                                        San Diego, CA 92130
                                        Tel:    (858) 793-0070
                                        Fax:    (858) 793-0323
                                        davids@blbglaw.com
                                        timothyd@blbglaw.com
                                        davidt@blbglaw.com

8

POND, GADOW & TYLER
JOHN GADOW
BLAKE TYLER
502 South President Street
Jackson, MS 39201
johngadow@pgtlaw.com
btyler@pgtlaw.com

*Counsel for Plaintiff Public Employees'
Retirement System of Mississippi and Proposed
Lead Counsel for the Class*

9