# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID E. KAPLAN, et al.,<br><br>Plaintiffs,<br><br>- against -<br><br>S.A.C. CAPITAL ADVISORS, L.P., et al.,<br><br>Defendants. | No. 12 Civ. 9350 (VM) (KNF)<br><br>ECF Case |
| **This Document Relates to:**<br><br>BIRMINGHAM RETIREMENT AND RELIEF SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>- against -<br><br>S.A.C. CAPITAL ADVISORS, LLC, et al.,<br><br>Defendants. | No. 13 Civ. 2459 (VM) (KNF)<br><br><u>Oral Argument Requested</u> |

**THE SAC DEFENDANTS' SUBMISSION CONCERNING
MOTION FOR APPOINTMENT OF LEAD PLAINTIFFS
<u>IN THE BIRMINGHAM CASE</u>**

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Telephone: (212) 373-3020

WILLKIE FARR & GALLAGHER LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8102

*Attorneys for the SAC Defendants*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

RELEVANT PROCEDURAL HISTORY......................................................................................4

    A. KBC Did Not Disclose That It Served as Lead Plaintiff Five Times Over the Past Three Years. ...................................................................................5

    B. Three of the KBC Funds Did Not Trade in Wyeth Common Stock At Any Time During the Five-Year Repose Period .........................................................8

ARGUMENT ................................................................................................................................9

    I. KBC Did Not Disclose That It Has Tripped the PSLRA's Professional Plaintiff Prohibition .................................................................................9

    II. Three of the KBC Funds Have Not Traded Within the Repose Period and Thus Cannot Represent the Class .....................................................................11

        A. Sections 10(b) and 20A Are Governed by "Absolute" Five-Year Statutes of Repose. ...............................................................13

        B. Three of the KBC Funds Have No Trades Within Five Years of the Filing of the Complaint. ......................................................14

CONCLUSION ............................................................................................................................14

i

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ansfield* v. *Omnicare, Inc.*, 11-cv-173
 (E.D. Ky. 2011) ...................................................................................................................... 6

*Arco Capital Corp. Ltd.* v. *Deutsche Bank AG*,
 12-cv-7270, 2013 WL 2467986 (S.D.N.Y. June 6, 2013) ..................................................... 13

*Aronson* v. *McKesson HBOC, Inc.*,
 79 F. Supp. 2d 1146 (N.D. Cal. 1999) .................................................................................. 10

*City of Pontiac Gen. Emps.' Ret. Sys.* v. *Lockheed Martin Corp.*,
 844 F. Supp. 2d 498 (S.D.N.Y. 2012) ..................................................................................... 1

*City of Sterling Heights Gen. Emps.' Ret. Sys.* v. *Hospira, Inc.*,
 11-cv-8332 (N.D. Ill. 2011) ..................................................................................................... 6

*Ellenburg* v. *JA Solar Holdings Co. Ltd.*,
 262 F.R.D. 262 (S.D.N.Y. 2009) ............................................................................................. 4

*Fla. Carpenters Reg'l Council Pension Plan* v. *Eaton Corp.*,
 12-cv-2001 (N.D. Ohio 2012) ................................................................................................. 6

*King* v. *Livent, Inc.*,
 36 F. Supp. 2d 187 (S.D.N.Y. 1999) ....................................................................................... 1

*Koppel* v. *4987 Corp.*,
 96-cv-7570, 1999 WL 608783 (S.D.N.Y. Aug. 11, 1999) ...................................................... 4

*Levitt* v. *Rogers*,
 257 F. App'x 450 (2d Cir. 2007) ................................................................................. 4, 12, 14

*McCann* v. *Hy-Vee, Inc.*,
 663 F.3d 926 (7th Cir. 2011) ................................................................................................. 14

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust* v. *LaBranche & Co., Inc.*,
 229 F.R.D. 395 (S.D.N.Y. 2004) ........................................................................................... 11

*Police & Fire Ret. Sys. of Detroit* v. *IndyMac MBS, Inc.*,
 721 F.3d 95 (2d Cir. 2013) ....................................................................................... 3-4, 13, 14

*Ross* v. *Career Educ. Corp.*,
 12-cv-276 (N.D. Ill. 2012) ....................................................................................................... 6

*Roth* v. *Royal Caribbean Cruises Ltd.*,
 11-cv-22783 (S.D. Fla. 2011) .................................................................................................. 7

*In re Royal Caribbean Cruises Ltd. Sec. Litig.*,
    11-cv-22855 (S.D. Fla. 2011) ................................................................................................6, 7

*Savino* v. *Computer Credit, Inc.*,
    164 F.3d 81 (2d Cir. 1998) .........................................................................................................11

*In re Telxon Corp. Sec. Litig.*,
    67 F. Supp. 2d 803 (N.D. Ohio 1999) .......................................................................................10

*Thompson* v. *Shaw Grp., Inc.*,
    04-cv-1685, 2004 WL 2988503 (E.D. La. Dec. 14, 2004) .......................................................10

**STATUTES**

15 U.S.C. § 78t-1 ...............................................................................................................................12, 13

15 U.S.C. § 78u-4 ............................................................................................................................passim

28 U.S.C. § 1658 ......................................................................................................................................13

Defendants CR Intrinsic Investors, LLC, CR Intrinsic Investments, LLC, S.A.C. Capital Advisors, LLC, S.A.C. Capital Associates, LLC, S.A.C. International Equities, LLC, S.A.C. Select Fund, LLC and Steven A. Cohen (together, the "SAC Defendants") respectfully submit this response to the motion of Birmingham Retirement and Relief System ("Birmingham") and seven funds managed by KBC Asset Management NV ("the KBC Funds" or "KBC"), dated September 20, 2013, for appointment as Lead Plaintiffs (the "Motion for Appointment") pursuant to the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(a)(3) (the "PSLRA").[1]

**Preliminary Statement**

The SAC Defendants make this submission to bring to the Court's attention certain information concerning KBC's qualifications to serve as co-lead plaintiff and representative of the putative class in this action. As several courts in this District have recognized, courts should consider submissions from defendants before selecting lead plaintiff and lead counsel, particularly where, as here, the motion is uncontested.[2]

---

[1] In making this submission, the SAC Defendants, particularly those that are offshore entities, do not consent to the court's jurisdiction or waive any of their defenses in this action. Defendants also do not concede that any of the named SAC Defendants are proper defendants in this action.

[2] Judge Rakoff has observed that "the PSLRA contemplates that the Court itself will make an independent inquiry before selecting lead plaintiff and lead counsel, and, *a fortiori*, the Court is free to solicit the views of any interested party, including the defendants, in making this inquiry." *City of Pontiac Gen. Emps.' Ret. Sys.* v. *Lockheed Martin Corp.*, 844 F. Supp. 2d 498, 501 n.3 (S.D.N.Y. 2012). As "nothing in . . . the PSLRA, forbids a defendant from *arguing* against appointment," Judge Rakoff found that the goals of the PSLRA were "best served by having more argument, not less, from any interested source," particularly where the motion to be appointed was uncontested. *Id.*; *accord King* v. *Livent, Inc.*, 36 F. Supp. 2d 187, 190 (S.D.N.Y. 1999) (Sweet, J.) (holding defendants had standing to bring challenge in PSLRA action).

1

Specifically, in its Motion for Appointment, KBC failed to identify or address two important issues necessary for this Court to consider under the PSLRA in selecting a lead plaintiff.

*First*, KBC failed to advise the Court that it has served as a lead plaintiff in five securities class actions during the prior three years, and thus has tripped the PSLRA's statutory bar against "professional plaintiffs." Under the PSLRA, a plaintiff may not serve as lead plaintiff more than five times over three years (the "five-in-three rule") unless the Court makes a finding that appointment in excess of the presumptive limit is appropriate. 15 U.S.C. § 78u-4(a)(3)(B)(vi). Congress implemented the five-in-three rule to ensure that litigation is directed by shareholders with a real financial stake in the outcome, rather than by lawyers representing repeat players without significant financial interests in the case.

In its sworn certification submitted in support of the Motion for Appointment, KBC purports to identify the securities cases in which it has *sought to serve* as a class representative over the past three years. KBC did not disclose, however, that it has *actually served* as lead plaintiff in five of these cases, and thus has tripped the five-in-three rule. Having failed to disclose this issue to the Court and address it in its papers, KBC does not offer the Court any basis to exercise its discretion to determine whether KBC may exceed the statutory cap.

This omission is particularly troubling in light of KBC's recent litigation history: In only three years, KBC has sought to serve as a class representative in at least 10 securities class actions, before filing its motion in this case. In eight of those ten cases, KBC has been represented by Motley Rice LLC ("Motley Rice"), the same law

2

firm that seeks appointment as co-lead counsel to the putative class here, raising the question of whether KBC's involvement in these cases is lawyer-driven. And, in all 10 of the cases, the certifications KBC submitted to the courts *affirmatively* disclose the number of cases in which KBC has *actually served* as lead or co-lead plaintiff over the prior three years. It is not clear why KBC—which only claims a loss of $1,313.70 in the Insider Selling Period and identifies no loss in the Insider Buying Period—and its regular outside counsel changed their usual form and departed from their usual practice and decided in this case not to disclose to the Court that KBC has exceeded the five-in-three rule.

*Second*, KBC has failed to address in its Motion for Appointment the fact that at least three of the KBC Funds have not traded in Wyeth common stock within the five-year repose period, and thus cannot possibly have any timely claims. The PSLRA requires lead plaintiff applicants to provide trading records so that the Court can confirm that these applicants have a true financial interest in representing the putative class. Based on this trading data, it is clear that three of the seven KBC Funds that seek to serve as lead plaintiff did not buy or sell *any* Wyeth common stock within the five-year period that preceded the filing of the complaint on April 12, 2013. As a result, any claims those funds might have are barred by the five-year statute of repose that applies to claims under Sections 10(b) and 20A of the Securities Exchange Act of 1934.

Two Second Circuit decisions make clear that only KBC Funds that have traded during the five-year repose period can possibly represent the putative class. The Second Circuit recently emphasized in *IndyMac* that statutes of repose are "'absolute' and not subject to equitable tolling." *Police & Fire Ret. Sys. of Detroit* v. *IndyMac MBS,*

3

*Inc.*, 721 F.3d 95, 107 (2d Cir. 2013) (citations omitted). And, in *Levitt* v. *Rogers*, the Second Circuit reversed a District Court decision maintaining the appointment of a lead plaintiff under the PSLRA who was asserting untimely claims. 257 F. App'x 450 (2d Cir. 2007) (summary order). The Second Circuit explained: "[I]t is difficult to believe that [the first Lead Plaintiffs] were in a position to adequately represent the class, since the majority of [those Lead Plaintiffs] did not have any valid claims against [defendant]." *Id.* at 452.

For these reasons, as described in greater detail below, at least three of the KBC Funds do not have timely claims and cannot serve as lead plaintiffs here.[3] As the Second Circuit has recognized, it does not make any sense—and would be terribly inefficient—to appoint a fund that does not have a timely claim to serve as lead plaintiff in a securities class action.

The SAC Defendants respectfully suggest that the Court hold a hearing to consider the issues raised below.

**Relevant Procedural History**

On April 12, 2013, Birmingham filed this putative class action alleging insider trading by the SAC Defendants based on information about a drug being jointly

---

[3] Some or all of the remaining KBC Funds may also face statute of repose issues, and the SAC Defendants reserve the right to raise those arguments at an appropriate later stage of this litigation. The SAC Defendants also expressly reserve the right challenge the adequacy of the proposed co-lead plaintiffs on any other grounds at subsequent stages of this action, as appropriate. *See, e.g.*, *Ellenburg* v. *JA Solar Holdings Co. Ltd.*, 262 F.R.D. 262, 267 (S.D.N.Y. 2009) (Koeltl, J.) (noting, in opinion on lead plaintiff motions, that "defendants may of course challenge at the class certification stage whether each of the requirements of Rule 23 has been established"); *Koppel* v. *4987 Corp.*, 96-cv-7570, 1999 WL 608783, at *8 (S.D.N.Y. Aug. 11, 1999) (Carter, J.) (noting that a finding of adequacy for purposes of appointment as lead plaintiff "does not prejudice the defendants' capacity to contest plaintiff's adequacy on a motion for class certification").

4

developed by Wyeth and Elan Corporation, plc ("Elan").[4] Birmingham's complaint largely mirrored the allegations made in the *Kaplan* action, a suit brought on behalf of buyers of Elan securities over the same period. This Court subsequently consolidated the two actions. (Order of May 21, 2013, ECF No. 58.)[5]

On July 22, 2013, counsel to Birmingham, Scott+Scott, Attorneys at Law, LLP, published a PSLRA notice advising class members of the pendency of the class action. (ECF No. 108-1.) On September 20, 2013, Birmingham moved for appointment as Lead Plaintiff, together with a Belgian entity, KBC Asset Management NV, which had not previously appeared in this action. (ECF No. 106.) The Motion for Appointment lists seven KBC-related funds that purportedly traded in Wyeth securities. (ECF No. 108-2 at 5-7; Soloway Decl. Ex. 17.)

### A. KBC Did Not Disclose That It Served as Lead Plaintiff Five Times Over the Past Three Years.

In its certification submitted in support of the Motion for Appointment, KBC disclosed that it has sought to be appointed lead plaintiff in 10 securities actions brought during the past three years. (ECF No. 108-2 at 3-4 ¶ 6.) KBC did not disclose that it was appointed lead plaintiff in five of those actions, triggering the PSLRA's bar against movants who have served as lead plaintiff in five federal securities class actions in a three-year period. (Soloway Decl. Exs. 11-15); 15 U.S.C. § 78u-4(a)(3)(B)(vi).

---

[4] The original complaint sought to bring claims on behalf of all persons who *purchased* Wyeth common stock over a nine-day period during which the SAC Defendants purportedly sold stock on the basis of material nonpublic information—from July 21, 2008 to July 29, 2008 (the so-called "Insider Selling Class Period"). On July 15, 2013, Birmingham amended the complaint to add new claims on behalf of all persons who *sold* Wyeth common stock from July 1, 2006 to July 18, 2008 (the so-called "Insider Buying Class Period").

[5] All docket citations are to *Kaplan* v. *S.A.C. Capital Advisors, L.P.*, No. 12 Civ. 9350 (VM) (KNF) (S.D.N.Y.).

5

KBC's other papers in support of its Motion for Appointment also make no mention of the PSLRA's presumptive five-case limit, or KBC's recent history serving as a lead plaintiff in five actions.[6]

In its application, KBC altered the form of sworn certification it usually submits when it seeks lead plaintiff status, and obscured the fact that it had violated the five-in-three rule. The SAC Defendants were able to locate public records of KBC's sworn certifications in the 10 cases in which KBC has sought to serve as lead plaintiff or co-lead plaintiff in the past three years, eight of which were filed by the same law firm representing KBC here. (Soloway Decl. Exs. 1-10.) In all 10 of these certifications, KBC expressly disclosed the actions in which KBC had been appointed to serve as a lead plaintiff. (*Id.*) In fact, at the time it filed five of these certifications, KBC had exceeded the five-in-three rule, but it still disclosed the number of cases in which it had been appointed. (Soloway Decl. Exs. 1-5.) And, just this past April, KBC filed a certification in the Southern District of New York before Judge Hellerstein disclosing that it had served as lead plaintiff in six federal securities class actions in the prior three years. (Soloway Decl. Ex. 1.)

Notwithstanding that the certification submitted to this Court is substantively identical to these 10 earlier certifications in every other respect, the paragraph listing the cases in which KBC *actually* was appointed to serve as lead was

---

[6] Four of these five cases remain active. Two of these suits are still being litigated in federal district court. *City of Sterling Heights Gen. Emps.' Ret. Sys.* v. *Hospira, Inc.*, 11-cv-8332 (N.D. Ill. 2011); *Ross* v. *Career Educ. Corp.*, 12-cv-276 (N.D. Ill. 2012). Two were dismissed on 12(b)(6) grounds, but those dismissals are now being appealed to the Sixth Circuit Court of Appeals. *Fla. Carpenters Reg'l Council Pension Plan* v. *Eaton Corp.*, 12-cv-2001 (N.D. Ohio 2012); *Ansfield* v. *Omnicare, Inc.*, 11-cv-173 (E.D. Ky. 2011). The fifth case was dismissed and no appeal is pending. *In re Royal Caribbean Cruises Ltd. Sec. Litig.*, 11-cv-22855 (S.D. Fla. 2011).

6

omitted from KBC's sworn certification submitted to this Court. Indeed, while Birmingham, which also seeks to be appointed co-lead plaintiff in this case, submitted a sworn certification that lists the securities class actions in which it had both "served or sought to serve" as lead plaintiff, and specifically identified each case in which it actually had been appointed (ECF No. 108-2 at 1 ¶ 6; Soloway Decl. Ex. 16), KBC's sworn certification omits this information.

KBC's sworn certification also differs from the form usually used by its counsel Motley Rice. The SAC Defendants have reviewed the lead plaintiff filings made by the Motley firm in the 18 federal securities class actions listed on Motley Rice's "Firm Résumé" supplied to this Court. (ECF No. 108-5 at 4-6; Soloway Decl. Ex. 32.) We located 13 certifications filed by Motley Rice on behalf of its clients in eight of those cases. (Soloway Decl. Exs. 19-31.) All nine of the certifications filed by movants with a prior history of seeking appointment to serve as lead plaintiff contained a paragraph disclosing the number of cases in which the movant had *actually been appointed* lead plaintiff in the prior three years.[7] It is this paragraph that is omitted from KBC's certification here.

KBC's disclosure is inaccurate in another important respect. In its sworn certification, KBC lists one case as *Todd Roth* v. *Royal Caribbean Cruises Ltd.*, with docket number 11-cv-22783. KBC sought lead plaintiff appointment in that case, and the record indicates that the case was voluntarily dismissed before the court ruled on KBC's motion. KBC's sworn certification does not, however, list the related case *In re Royal Caribbean Cruises Ltd. Securities Litigation*, docket number 11-cv-22855, where KBC

---

[7] The remaining four of the 13 certifications contained a statement that movant had not sought appointment in the prior three years. (Soloway Decl Exs. 20, 21, 29, 31.)

7

also sought and was appointed lead plaintiff (Soloway Decl. Ex. 15)—an appointment that brings KBC's total lead plaintiff appointments in the last three years to five and triggers the PSLRA's presumptive bar against professional plaintiffs. In other words, simply reviewing the matters KBC listed in its sworn certification would not uncover the fact that KBC had violated the five-in-three rule; only additional research into related cases that KBC did not disclose would reveal that fact.

In short, KBC's sworn certification was neither candid nor complete. It may be that there are other cases in which KBC has sought or received appointments to serve as lead plaintiff, but this is what our research of the public record has uncovered in the seven days since KBC filed its application.

**B.     Three of the KBC Funds Did Not Trade in Wyeth Common Stock At Any Time During the Five-Year Repose Period.**

As required by the PSLRA, KBC submitted to the Court a trading history for each fund that purports to establish the fund's financial interest in this litigation. (ECF No. 108-2 at 5-7; Soloway Decl. Ex. 17.)[8] KBC's financial stake in this litigation is miniscule. It claims, in the aggregate, to have suffered a loss of only $1,313.70 during the Insider Selling Class Period and it does not disclose any loss figures for the Insider Buying Class Period. (ECF No. 108-3 at 2; Soloway Decl. Ex 18.)

Specifically, KBC and Birmingham claim that they have collectively suffered losses of over $24,874.62 through purchases during the Insider Selling Class Period. (Movants' Br., ECF No. 107, at 4.) Even that small number, however, vastly

---

[8]   KBC provided trading information for the following seven funds: Index Fund – United States; Index Fund – World; KBC Equity Fund – Global Leaders; KBC Equity Fund – High Dividend; KBC Equity Fund – Pharma; Plato Inst.I.F. North American Eq.; and Privileged Portfolio Equity. (ECF No. 108-2 at 5-7; Soloway Decl. Ex. 17.)

8

overstates KBC's interest in this litigation, as is clear from the "Loss Charts" attached to Mr. Guglielmo's declaration, which indicate that Birmingham suffered losses of $23,560.92 and KBC suffered losses of only $1,313.70 during the Insider Selling Class Period. (ECF No. 108-3; Soloway Decl. Ex 18.) And KBC did not provide any loss figures for the Insider Buying Class Period.

This trading information also makes it clear that three of the KBC funds—the Index Fund – United States, Index Fund – World, and Privileged Portfolio Equity—did not suffer any cognizable injury at all. That is because none of those funds purchased or sold any Wyeth securities at any time in the five years prior to April 12, 2013, when plaintiffs filed the original complaint in this action. (ECF No. 108-2 at 5-7; Soloway Decl. Ex. 17.) The Index Fund – United States last bought or sold Wyeth stock on January 17, 2008 (*id*. at 5); the Index Fund – World last bought or sold Wyeth stock on February 22, 2008 (*id.*); and the Privileged Portfolio Equity fund last bought or sold Wyeth stock on November 14, 2007 (*id.* at 7).

## Argument

### I.
### KBC DID NOT DISCLOSE THAT IT HAS TRIPPED THE PSLRA'S PROFESSIONAL PLAINTIFF PROHIBITION

In passing the PSLRA, Congress sought to curb abuses of the securities laws through provisions that would prevent so-called "professional plaintiffs" from taking control of class action litigation. Among other things, Congress created a rebuttable presumption that would prevent professional plaintiffs from being appointed as representatives of a class. In particular, the PSLRA states that

> [e]xcept as the court may otherwise permit, consistent with
> the purposes of this section, a person may be a lead
> plaintiff, or an officer, director, or fiduciary of a lead

9

> plaintiff, in no more than 5 securities class actions brought
> as plaintiff class actions pursuant to the Federal Rules of
> Civil Procedure during any 3-year period.

15 U.S.C. § 78u-4(a)(3)(B)(vi). Congress thus sought to wrest control from repeat players—small shareholders who lacked significant financial interests in the outcome of the litigation, and who allowed their lawyers to direct the litigation—and redirect control to sophisticated shareholders who would themselves direct the litigation and serve diligently as fiduciaries of the class. *Aronson* v. *McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1156 (N.D. Cal. 1999) ("Congress also desired to increase client control over plaintiff's counsel, and allowing simultaneous prosecution of six securities actions is inconsistent with that goal."). As one court explained: "Although the legislative history appears to favor institutional investors, a policy of equal force is the general prevention of over-representation regardless of the plaintiff's status." *Thompson* v. *Shaw Grp., Inc.*, 04-cv-1685, 2004 WL 2988503 (E.D. La. Dec. 14, 2004).

A court may choose to override that presumption, but "[t]he text of the statute contains no flat exemption for institutional investors." *Aronson*, 79 F. Supp. 2d at 1156; *accord In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 820 (N.D. Ohio 1999). In fact, the plain language of the statute applies to all applicants, and since the five-in-three rule also expressly applies to "an officer, director, or fiduciary of a lead plaintiff," it is clear that institutional shareholders fall within the ambit of the professional plaintiff bar. 15 U.S.C. § 78u-4(a)(3)(B)(vi).

The facts concerning KBC's application raise the very concerns that Congress sought to address in enacting the five-in-three rule:

- KBC has sought to serve as a class representative at least ten times (eleven, counting this case) in only three years.

10

- KBC did not disclose in its sworn certification that it actually had been appointed at least five times in three years.

- Rather than alerting the Court to the fact that its prior service had triggered the five-in-three rule, KBC edited its usual form (and the form usually used by its counsel) to omit this information, mis-cited one of the cases so as to make it more difficult to find the true facts, and chose not to address this issue at all in its papers.

- KBC has a very small damages claim in this case. It claims losses in the Insider Selling Period of only $1,313.70 and it does not identify any losses in the Insider Buying Period. (ECF No. 108-3 at 2; Soloway Decl. Ex. 18.)

- KBC has been repeatedly represented by the same law firm that represents KBC here, raising the question whether it is KBC or its lawyers that are directing litigation strategy.

On these facts, the Court may well conclude that the presumptive five-case limit should not be lifted. Alternatively, at a minimum, the Court should hold a hearing to inquire into the facts of KBC's sworn certification and its relationship to the law firm to determine whether it should make an exception to the PSLRA bar. *See, e.g.*, *Savino* v. *Computer Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998) ("To judge the adequacy of representation, courts may consider the honesty and trustworthiness of the named plaintiff."); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust* v. *LaBranche & Co., Inc.*, 229 F.R.D. 395, 416 (S.D.N.Y. 2004) ("[H]onesty and trustworthiness are relevant factors in assessing a candidate's ability to serve as an adequate fiduciary for a class.").

## II.
## THREE OF THE KBC FUNDS HAVE NOT TRADED WITHIN THE REPOSE PERIOD AND THUS CANNOT REPRESENT THE CLASS

The PSLRA requires that lead plaintiff applicants "set[] forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint." 15 U.S.C. § 78u-4(a)(2)(A)(iv). In an effort to

11

demonstrate that they have a financial stake in the litigation they propose to lead, the seven KBC Funds provided trading data purporting to list their trades from July 1, 2006 through July 29, 2008. That trading data shows, however, that three of these funds have *no* financial stake in the outcome of this litigation, as those funds have not identified *any* trades within the five-year period that preceded the filing of the complaint on April 12, 2013.[9]

It does not make any sense to move forward with lead plaintiffs who cannot pursue the claims asserted in the complaint. Indeed, in *Levitt* v. *Rogers*, the Second Circuit reversed a district court's decision to appoint a lead plaintiff who was asserting untimely claims. In that case, some of the original lead plaintiffs had asserted claims that were determined to be time-barred upon adjudication of the motion to dismiss. Another class member moved for appointment as lead plaintiff, arguing that it had the largest financial stake in the litigation, once the time-barred claims were discounted. The district court declined to modify its prior lead plaintiff appointment. In reversing, the Second Circuit explained: "[I]t is difficult to believe that [the first Lead Plaintiffs] were in a position to adequately represent the class, since the majority of

---

[9] Though not relevant to the argument in this Submission, the SAC Defendants note that Birmingham's amended complaint, filed on July 15, 2013, asserted new claims on behalf of a new class (the Insider Buying Class), and consequently that trades prior to July 15, 2008, cannot serve as the basis for those new claims. In addition, the SAC Defendants note that Section 20A claims are limited to those who traded opposite the alleged inside trader. *See* 15 U.S.C. § 78t-1(a) (insider trader is liable to "any person who, contemporaneously with the purchase or sale of securities that is the subject of such violation, has purchased (where such violation is based on a sale of securities) or sold (where such violation is based on a purchase of securities) securities of the same class"). The SAC Defendants reserve their rights to challenge Birmingham's and KBC's assertion of claims on behalf of the Insider Buying Class and the Insider Selling Class, on the grounds that their claims during these periods are untimely, fail to satisfy statutory requirements, or on any other basis. Such issues may be addressed at a later stage of these proceedings, through a dispositive motion or an opposition to a motion for class certification.

[those Lead Plaintiffs] did not have any valid claims against [defendant]." 257 F. App'x at 452. The Second Circuit determined that the PSLRA required the district court to consider the timeliness of the proposed lead plaintiffs' claims in considering whether it could adequately represent the class. *Id.* at 452-53.

In the present case, it is clear that claims based on trades made five years before plaintiffs first filed this action are barred by the five-year statutes of repose applicable to Sections 10(b) and 20A of the Securities Exchange Act of 1934. Funds that only have time-barred claims should not be appointed as lead plaintiffs.

### A. Sections 10(b) and 20A Are Governed by "Absolute" Five-Year Statutes of Repose.

Sections 10(b) and 20A are each governed by five-year statutes of repose. *See* 28 U.S.C. § 1658(b) (claims arising under Section 10(b) expire "5 years after [the] violation"); 15 U.S.C. § 78t-1(b)(4) (liability under Section 20A ends "5 years after the date of the last transaction that is the subject of the violation").

The Second Circuit recently reemphasized that statutes of repose are "'absolute' and not subject to equitable tolling." *IndyMac*, 721 F.3d at 107 (citations omitted). Statutes of repose "create[ ] a *substantive* right in those protected to be free from liability after a legislatively-determined period of time." *Id.* at 106 (citations omitted) (emphasis in original). They "run without interruption once the necessary triggering event has occurred, even if equitable considerations would warrant tolling or even if the plaintiff has not yet, or could not yet have, discovered that she has a cause of action." *Id.* at 107 (citations omitted). The statute of repose begins to run no later than the date of the "purchase or sale of transaction." *Arco Capital Corp. Ltd.* v. *Deutsche Bank AG*, 12-cv-7270, 2013 WL 2467986, at *10 (S.D.N.Y. June 6, 2013) (quoting

13

*Arnold* v. *KPMG LLP*, 334 F. App'x 349, 351 (2d Cir. 2009) (summary order)); *see also* *McCann* v. *Hy-Vee, Inc.*, 663 F.3d 926, 930-32 (7th Cir. 2011) (Posner, J.). When a claim's repose period runs, that claim expires and cannot be resurrected.

    **B.**    **Three of the KBC Funds Have No Trades Within Five Years of the Filing of the Complaint.**

Under these Second Circuit authorities, any KBC fund that did not trade within five years of the filing of the complaint, on April 12, 2013, cannot have a timely claim. KBC's trading records reveal that three of the KBC Funds—(1) Index Fund – United States, (2) Index Fund – World, and (3) Privileged Portfolio Equity—did not trade in Wyeth securities on or after April 12, 2008. As the Second Circuit recognized in *Levitt* and *IndyMac*, those funds that do not have trades to support timely claims should not be appointed to serve as lead plaintiffs in this case.

## Conclusion

For these reasons, the SAC Defendants respectfully submit that this Court should hold a hearing to consider the above-discussed professional plaintiff bar and the statute of repose as it considers the adequacy of the KBC Funds to serve as co-lead plaintiffs for the purported class in this case.

14

Dated: New York, New York
September 27, 2013

| PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP | WILLKIE FARR & GALLAGHER LLP |
|---|---|
| By: /s/ Daniel J. Kramer<br>Daniel J. Kramer<br>Michael E. Gertzman<br>Audra J. Soloway<br>Jonathan H. Hurwitz | By: /s/ Martin B. Klotz<br>Martin B. Klotz<br>Michael S. Schachter<br>Sameer Advani |
| 1285 Avenue of the Americas<br>New York, New York 10019<br>(212) 373-3000<br>dkramer@paulweiss.com<br>mgertzman@paulweiss.com<br>asoloway@paulweiss.com<br>jhurwitz@paulweiss.com | 787 Seventh Avenue<br>New York, New York 10019<br>(212) 728-8102<br>mklotz@willkie.com<br>mschachter@willkie.com<br>sadvani@willkie.com |

*Attorneys for the SAC Defendants*

15