# EXHIBIT 4

BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: ) | |
| ) | MDL No. 2795 |
| CenturyLink Residential Customer Billing ) | |
| Disputes Litigation ) | |

KBC ASSET MANAGEMENT NV'S OPPOSITION
TO DEFENDANTS' MOTION TO VACATE
CONDITIONAL TRANSFER ORDER NO. 1

KBC Asset Management NV ("KBC") respectfully submits this memorandum of law in opposition to Defendants' Motion to Vacate Conditional Transfer Order No. 1 (the "Motion to Vacate"), ECF No. 77.[1]

I. **PRELIMINARY STATEMENT**

On October 6, 2017, the Judicial Panel on Multidistrict Litigation (the "Panel") conditionally transferred the Consolidated Securities Cases to the District of Minnesota for consolidation with numerous consumer class actions that are predicated on the same operative facts. *See* ECF No. 63. The Panel had previously observed that "centralization in the District of Minnesota enables us to assign the litigation to Judge Michael J. Davis, an able and experienced jurist who has skillfully handled a number of other MDLs. We are confident that the judge will steer this litigation on a prudent course." ECF No. 60 at 2.

Prior to the issuance of Conditional Transfer Order No. 1, and pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), KBC moved for appointment as lead

---

[1] Conditional Transfer Order No. 1 proposed to transfer the following putative securities fraud class actions, which have since been consolidated: *Craig v. CenturyLink*, 17-cv-01005 (W.D. La.), *Scott v. CenturyLink*, 17-cv-01033 (W.D. La.), and *Thummeti v. CenturyLink*, 17-cv-01065 (W.D. La.) (collectively, the "Consolidated Securities Cases"). *See* ECF No. 63. References to "Defs.' Mem. __" are to pages of the memorandum in support of the Motion to Vacate, ECF No. 77-1.

plaintiff in the lead case (*Craig*) of the Consolidated Securities Cases. *See* Notice of Mot. of KBC Asset Mgmt. NV for Consolidation, Appointment as Lead Pl., and Approval of Selection of Counsel, *Craig v. CenturyLink, Inc.*, No. 17-cv-01005 (W.D. La. Aug. 21, 2017), ECF No. 25. Despite asserting the largest loss of the competing movants, and thus demonstrating that KBC was the presumptive lead plaintiff under the PSLRA's strict mandate governing such appointments, on October 20, 2017, Magistrate Judge Joseph H. L. Perez-Montes denied KBC's motion, holding that KBC was precluded from serving as a lead plaintiff under the "professional plaintiff" provision of the PSLRA. *See* Mem. Order at 9, *Craig v. CenturyLink, Inc.*, No. 17-cv-01005 (W.D. La. Oct. 20, 2017), ECF No. 80. Magistrate Judge Perez-Montes instead appointed another movant, the State of Oregon (that has a smaller financial interest in the outcome of the Consolidated Securities Cases), as lead plaintiff. *Id*. at 12. On November 3, 2017, KBC timely appealed from the October 20, 2017 order under Federal Rule of Civil Procedure 72(a) on the basis that the professional plaintiff provision does not apply to institutional investors. *See* Mem. in Supp. of KBC Asset Mgmt. NV's Appeal Under R. 72(a) and Local R. 74.1 of Mem. Order Issued by Mag. Judge on Oct. 20, 2017 at 7-8, *Craig v. CenturyLink, Inc.*, No. 17-cv-01005 (W.D. La. Nov. 3, 2017), ECF No. 87-1. KBC further requested that the Louisiana district court hold any further decision on the lead plaintiff issue in abeyance until the Panel makes a final determination on Defendants' Motion to Vacate. *See id*. at 8-9. KBC's appeal of the lead plaintiff order is still pending.

As a member of the proposed class that ultimately may be appointed as lead plaintiff in the Consolidated Securities Cases, KBC respectfully submits this memorandum of law in opposition to Defendants' Motion to Vacate.

## II.   ARGUMENT

The Multidistrict Litigation Act, 28 U.S.C. § 1407, sets forth the requirements for transfer. The transfer must: (i) involve actions having one or more common questions of fact; (ii) promote the just and efficient conduct of the actions; and (iii) be for the convenience of parties and witnesses. 28 U.S.C. § 1407(a). Here, all three criteria weigh heavily in favor of transferring the Consolidated Securities Cases to the District of Minnesota.

### A.   The Actions Involve Common Questions of Fact

The Consolidated Securities Cases involve "one or more common questions of fact" with actions previously consolidated. 28 U.S.C. § 1407(a). Indeed, Defendants have readily and repeatedly acknowledged that this criterion is satisfied. *See* Defs.' Mem. 2 (admitting "The Securities Cases arise from the same underlying allegations" as the consumer class actions); Reply Mem. of CenturyLink, Inc. and Its Subsidiaries in Supp. of Their Mot. for Transfer of Actions Pursuant to 28 U.S.C. § 1407 ("Defs.' Transfer Reply Mem."), ECF No. 27 at 4 ("Because the securities actions address the same predicate conduct as the consumer actions, . . . [a] common court and District Judge should oversee all of these actions to maximize efficiency, prevent wasteful duplication of judicial effort, and avoid inconsistent results."). Any differences in liability theories between the Consolidated Securities Cases and the consumer cases are of no moment. *See In re M3Power Razor Sys. Mktg. & Sales Practices Litig.*, 398 F. Supp. 2d 1363, 1364 (J.P.M.L. 2005) ("The presence of differing legal theories is outweighed when the underlying actions, such as the actions here, arise from a common factual core.").[2]

---

[2] Defendants' argument, that transfer of the Consolidated Securities Cases is inappropriate because "none of the Consumer Cases name as defendants any individual officers or employees of CenturyLink, and none makes any allegations about the company's public statements concerning those practices," Defs.' Mem. 2, misses the mark. *See In re Daily Fantasy Sports Mktg. & Sales Practices Litig.*, 158 F. Supp. 3d 1375, 1379 (J.P.M.L. 2016) ("While these actions involve differing theories of liability, such differences are not a bar to centralization where

3

Significantly, under Panel precedent, transfer does not require a complete identity or even a majority of common factual issues. Rather, the focus is on the existence of *one or more* common questions of fact (in this case, deceptive or improper billing practices). *See In re Ashley Madison*, 148 F. Supp. 3d at 1380 ("[T]ransfer under Section 1407 does not require a complete identity or even a majority of common factual issues as a prerequisite to transfer.").

### B. Transfer Will Promote the Just and Efficient Conduct of the Actions

Here, transfer is "necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary." *In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 (J.P.M.L. 2005). Defendants concede that "both the Securities and Consumer Cases will involve some common discovery." Defs.' Mem. 10. *See also* Defs.' Transfer Reply Mem. at 4 ("Plaintiffs in both the securities and consumer actions will undoubtedly seek discovery about the same CenturyLink policies and practices, involving the same CenturyLink witnesses and documents."). Accordingly, the Panel should transfer the Consolidated Securities Cases to avoid subjecting Defendants and third parties to overlapping discovery in similar actions pending in multiple forums. *See In re Regents of Univ. of Cal.*, 964 F.2d 1128, 1135-36 (Fed. Cir. 1992) (upholding decision of Panel to transfer for consolidated or coordinated pretrial proceedings when, among other things, there would be deponents common to all actions).

---

common factual issues exist."); *see also In re 21st Century Oncology Customer Data Sec. Breach Litig.*, 214 F. Supp. 3d 1357, 1358 (J.P.M.L. 2016) ("Section 1407 does not require a complete identity of . . . parties as a prerequisite to transfer."). And, even if there are differences among the cases, "the transferee judge has the discretion to handle those issues through the use of appropriate pretrial devices, such as separate tracks for discovery and motion practice." *In re Ashley Madison Customer Data Sec. Breach Litig.*, 148 F. Supp. 3d 1378, 1380 (J.P.M.L. 2015).

4

By so doing, the Panel will avoid the possibility of inconsistent pretrial rulings that could prejudice all parties. For example, one judge might grant an order to compel certain discovery, while another, sitting hundreds of miles away, might deny a similar request. Forcing a plaintiff or defendant to produce a piece of information in one action would essentially eviscerate the other court's decision declining to compel that information. In similar fashion, objections to deposition questions, motions to quash, and determinations of privilege granted by one court will be mooted if denied by another. Moreover, requiring two judges to rule on the same issue wastes judicial resources – precisely the type of situation multidistrict litigation seeks to prevent.

### C. Transfer Will Be in the Interests of the Parties and Witnesses

Transfer and consolidation of the Consolidated Securities Cases would prevent numerous inefficiencies and unnecessary costs for the parties. As a threshold matter, in transferring the related consumer cases to the District of Minnesota, the Panel already has determined that it is a geographically suitable location. ECF No. 60 at 2. The centralization of all of these actions – including the Consolidated Securities Cases – would spare the parties the significant time and expense associated with preparing filings and discovery for separate proceedings. *See In re Polychloroprene Rubber (CR) Antitrust Litig.*, 360 F. Supp. 2d 1348, 1351 (J.P.M.L. 2005) (finding centralization appropriate in order to "conserve the resources of the parties, their counsel and the judiciary").

Defendants' arguments to the contrary, *see* Defs.' Mem. 9-10, are unpersuasive. In the age of electronic discovery, it makes little difference where the parties are located as any documents will undoubtedly be produced in electronic format. Moreover, as the Panel has held:

> transfer under Section 1407 has the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings ***to consider all parties' legitimate discovery needs*** while ensuring that discovery demands and other pretrial matters do not duplicate activity that has already occurred or is occurring in other actions. We note also that transfer under Section 1407 has the additional

5

> salutary effect of placing the actions before one judge who can formulate a pretrial program that: i) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues; and ii) ensures that pretrial proceedings ***will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties***.

*In re Prempro Prods. Liab. Litig.*, 254 F. Supp. 2d 1366, 1368 (J.P.M.L. 2003) (emphases added) (citation omitted); *see also In re Swine Flu Immunization Prods. Liab. Litig.*, 446 F. Supp. 244, 247 (J.P.M.L 1978) ("Transfer under Section 1407 will have the salutary effect of placing all . . . actions before a single judge who will be in the best position to determine the manner and extent of coordination or consolidation of the pretrial proceedings ***for the optimum conduct of the litigation as a whole, including minimizing the overall expense to the parties***." (emphasis added)).

Additionally, any concerns regarding witness convenience can be resolved by noticing depositions in the Western District of Louisiana (or another location that is convenient for the witness, which is the routine practice). *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 173 F. Supp. 2d 1377, 1379 (J.P.M.L. 2001) ("We observe that since Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise."); *see also In re Stirling Homex Corp. Sec. Litig.*, 442 F. Supp. 547, 549 (J.P.M.L 1977) ("Of course, transfer of an action under Section 1407 does not mean that all discovery must take place in the transferee district. Depositions of witnesses may still take place where they reside.").[3]  In any event, transfer of the Consolidated Securities Cases

---

[3] The time already invested by the District Court for the Western District of Louisiana does not require that the Consolidated Securities Cases remain in that District, as suggested by Defendants. *See* Defs.' Mem. 11-12. For example, should the Consolidated Securities Cases be transferred, "no motion [will] even [be] necessary for the [Minnesota] Court to re-evaluate the lead-plaintiff rulings of the transferor court[]. . . . [I]t is well-established in multi-district litigation that '[t]he transferee judge may vacate or modify *any* order of a transferor court.'" *In re Delphi Corp. Sec.,*

6

and their coordination with the consumer cases would ensure that witnesses are not subjected to repetitive discovery requests and/or redundant depositions. Such duplication would result in unnecessary expense and serve no useful purpose. *See, e.g.*, *In re Fourth Class Postage Regulations*, 298 F. Supp. 1326, 1327 (J.P.M.L. 1969) ("Transfer for pretrial proceedings will eliminate any need for repetitive depositions.").

### III.   CONCLUSION

For the foregoing reasons, KBC respectfully requests that the Panel deny Defendants' Motion to Vacate.

Dated:  November 17, 2017   /s/ *Gregg S. Levin*
Gregg S. Levin
**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC  29464
(843) 216-9000 (Telephone)
(843) 216-9450 (Facsimile)
glevin@motleyrice.com

*Attorney for KBC Asset Management NV*

---

*Derivative & "ERISA" Litig.*, MDL No. 1725, 2007 WL 171330, at *1 (E.D. Mich. Jan. 18, 2007) (quoting *Manual for Complex Litigation, Fourth* § 20.132 (2004)) (last alteration in original).

7