# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| BENJAMIN CRAIG, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CENTURYLINK, INC., GLEN F. POST, III, AND R. STEWART EWING JR.,<br><br>　　　　　Defendants. | No. 3:17-cv-01005-SMH-JPM (Lead)<br>No. 3:17-cv-01033-SMH-JPM (Member)<br>No. 3:17-cv-01065-SMH-JPM (Member)<br><br>Judge S. Maurice Hicks, Jr.<br><br>Magistrate Judge Joseph H. L. Perez-Montes<br><br><u>CLASS ACTION</u> |
| INTER-MARKETING GROUP USA, INC., Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CENTURYLINK, INC., GLEN F. POST, III, R. STEWART EWING, JR., and DAVID D. COLE,<br><br>　　　　　Defendants. | No. 3:17-cv-01648-RGJ-JPM<br><br>Judge Robert G. James<br><br>Magistrate Judge Joseph H. L. Perez-Montes<br><br><u>CLASS ACTION</u> |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
<u>LEAD PLAINTIFF OREGON FOR CONSOLIDATION OF RELATED ACTION</u>**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................................1

PROCEDURAL BACKGROUND................................................................................................4

ARGUMENT.................................................................................................................................6

      A.     Consolidation of the Related Actions Is Appropriate Under Rule
              42(a) ........................................................................................................................6

      B.     The Notice Published in the *IMG* Action Is Improper And The
              Purported December 26, 2017 Lead Plaintiff Deadline Should Be
              Stricken ...................................................................................................................9

CONCLUSION............................................................................................................................11

## **TABLE OF AUTHORITIES**

**Cases**   **Page(s)**

*In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*,
  549 F.2d 1006 (5th Cir. 1977) ................................................................................6, 7

*In re Bank of Am. Corp. Sec. Derivative & ERISA Litig.*,
  No. 09-MDL 2058(DC), 2010 WL 1438980 (S.D.N.Y. Apr. 9, 2010) ...........................7, 9, 11

*In re BP, plc Sec. Litig.*,
  758 F. Supp. 2d 428 (S.D. Tex. 2010) .................................................................7

*Cheney v. Cyberguard Corp.*,
  213 F.R.D. 484 (S.D. Fla. 2003) ........................................................................10

*Craig v. CenturyLink, Inc.*,
  No. 3:17-CV-01005, 2017 WL 4768566 (W.D. La. Oct. 20, 2017) ....................................5, 9

*Craig v. CenturyLink, Inc.*,
  No. 3:17-CV-01005, 2017 WL 4785647 (W.D. La. Oct. 19, 2017) ............................... *passim*

*In re Crocs, Inc. Sec. Litig.*,
  No. 07-CV-02351-REB-KLM, 2008 WL 4298316 (D. Colo. Sept. 17, 2008) .........................8

*In re Enron Corp. Sec., Deriv. & "ERISA" Litig.*,
  Nos. H-01-3624, 2007 WL 446051 (S.D. Tex. Feb. 7, 2007) .......................................7

*In re Enron Corp. Sec. Litig.*,
  206 F.R.D. 427 (S.D. Tex. 2002) ........................................................................8

*In re Gen. Elec. Sec. Litig.*,
  No. 09 Civ. 1951 (DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009) ...............................7

*Hevesi v. Citigroup Inc.*,
  366 F.3d 70 (2d Cir. 2004) .................................................................................3

*Hom v. Vale, S.A.*,
  No. 15-cv-9539, 2016 WL 880201 (S.D.N.Y. Mar. 7, 2016) ......................................10

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007) .......................................................................7, 9

*Lax v. First Merchs. Acceptance Corp.*,
  No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) .......................................7, 10

*In re MicroStrategy Inc. Sec. Litig.*,
  110 F. Supp. 2d 427 (E.D. Va. 2000) .................................................................7

*Okla. Law Enforcement Ret. Sys. v. Adeptus Health Inc.*,
   No. 4:17-CV-00449, 2017 WL 3780164 (E.D. Tex. Aug. 31, 2017) .................................3, 10

*Skwortz v. Crayfish Co.*,
   No. 00 CIV. 6766(DAB), 2001 WL 1160745 (S.D.N.Y. Sept. 28, 2001) ...............................10

*In re Sunbeam Sec. Litig.*,
   No. 98-8258-CIV, 1998 WL 1990884 (S.D. Fla. Dec. 4, 1998) ..............................................10

*In re Telxon Corp. Sec. Litig.*,
   67 F. Supp. 2d 803 (N.D. Ohio 1999) .....................................................................................10

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A)(i)(II) .................................................................................... 2, 3, 4

15 U.S.C. § 78u-4(a)(3)(B)(ii) ................................................................................................1, 6

**Other Authorities**

Fed. R. Civ. P. 42(a) .....................................................................................................................2

iii

Court-appointed Lead Plaintiff the State of Oregon by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund ("Oregon") respectfully submits this memorandum of law in support of its motion to consolidate *Inter-Marketing Group USA, Inc. v. CenturyLink, Inc.*, No. 3:17-cv-01648 (W.D. La.) ("*IMG*") with the *CenturyLink* "Consolidated Securities Action" pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("Rule 42(a)").[1]  Oregon also respectfully requests that the Court: (i) strike the December 26, 2017 lead plaintiff deadline purportedly triggered by the notice of pendency of *IMG*, published October 25, 2017 (the "*IMG* Notice"); (ii) declare any motions seeking appointment as lead plaintiff filed in response to the *IMG* Notice untimely under the strict deadline set by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (iii) require publication of a corrected notice explaining that the lead plaintiff deadline, wrongly asserted in the *IMG* Notice, expired on August 21, 2017.

## PRELIMINARY STATEMENT

The PSLRA provides a statutory procedure for the consolidation of related actions and the appointment of a lead plaintiff charged with overseeing the prosecution of the consolidated action. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).  In this case, the PSLRA's lead plaintiff appointment process was initiated nearly six months ago with the filing of several related securities class actions in the Southern District of New York and this District.  Those class actions assert claims on behalf of investors in all "CenturyLink securities" and—just like *IMG*—allege that CenturyLink engaged in improper sales practices to cheat consumers by charging them for unrequested services, and

---

[1] The "Consolidated Securities Action" refers to the following substantially similar securities class actions that were previously consolidated by Magistrate Judge Perez-Montes: *Craig v. CenturyLink, Inc.*, No. 3:17-cv-01005-SMH-JPM ("*Craig*"); *Thummeti v. CenturyLink, Inc.*, No. 3:17-cv-01033-SMH-JPM ("*Thummeti*"); and *Scott v. CenturyLink, Inc.*, No. 3:17-cv-01065-SMH-JPM ("*Scott*").  *See Craig v. CenturyLink, Inc.*, No. 3:17-CV-01005, 2017 WL 4785647, at *2-3 (W.D. La. Oct. 19, 2017).  All emphasis is added unless otherwise noted.

1

thereby inflated the Company's financial results. As required by the PSLRA, the plaintiff in the first-filed action properly published notice informing all CenturyLink investors that the deadline to move for appointment as Lead Plaintiff in the CenturyLink securities class action was August 21, 2017. *See Craig*, ECF No. 28-5; 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). On that deadline, six motions were filed by members of the Class—including investors in both CenturyLink stock and bonds—seeking consolidation of the related actions and for appointment as Lead Plaintiff. In two orders in October 2017, Magistrate Judge Perez-Montes consolidated the related actions and appointed Oregon as Lead Plaintiff.

On October 25, 2017, **after** Magistrate Judge Perez-Montes appointed Oregon as Lead Plaintiff and consolidated the pending CenturyLink class actions, Inter-Marketing Group USA, Inc. ("IMG") filed a complaint that tracks the allegations of the Consolidated Securities Action, but limits the purported Class to purchasers of one specific CenturyLink bond, the CenturyLink 7.60% Senior Notes. However, the complaints previously consolidated by the Court were brought on behalf of purchasers of ***all*** "CenturyLink securities"—and thus the Consolidated Securities Action ***already*** asserts the identical claims on behalf of investors in the 7.60% Senior Notes that IMG purports to bring in its separate lawsuit.

Consolidation of *IMG* with the Consolidated Securities Action is, therefore, manifestly appropriate under Rule 42(a) and the PSLRA given that these related actions arise from the same underlying facts, assert the same securities laws claims against the same defendants over an identical class period, and plainly involve "common question[s] of law or fact." Fed. R. Civ. P. 42(a). Indeed, *IMG* is a near ***word-for-word*** copy of the actions previously consolidated by the Court. *See IMG*, ECF No. 21-1. Separately litigating two virtually identical securities class actions in this District would needlessly waste the Court's and the parties' resources and thwart one of the

2

primary goals of the PSLRA—to empower a single Lead Plaintiff to exercise control over the litigation "as a whole." *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82 n.13 (2d Cir. 2004).

Despite the fact that consolidation is clearly warranted under Rule 42(a) and the PSLRA, IMG's counsel published a notice stating that investors in CenturyLink 7.60% Senior Notes have until December 26, 2017 to seek appointment as Lead Plaintiff in the *IMG* action. This notice failed to disclose that the lead plaintiff deadline had already passed and that the Court had already appointed a lead plaintiff in the consolidated actions. This was improper. The PSLRA is clear— the newly filed *IMG* action should be consolidated with already-consolidated actions. The notice published by IMG's counsel therefore is moot. Courts have repeatedly rejected the notion that subsequently filed complaints alleging claims on behalf of "niche" investors restart the lead plaintiff process, and routinely reject any lead plaintiff motions filed after the statutory deadline— which in this case expired nearly four months ago. *See, e.g.*, *Okla. Law Enforcement Ret. Sys. v. Adeptus Health Inc.*, No. 4:17-CV-00449, 2017 WL 3780164, at *4 (E.D. Tex. Aug. 31, 2017) (declining to consider lead plaintiff motion filed after the 60-day window established by the PSLRA and citing cases).

Accordingly, the Court should strike the purported December 26, 2017 deadline set forth in the *IMG* Notice and declare any lead plaintiff motion filed in response to that notice to be untimely under the 60-day deadline imposed by the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Further, to correct any potential confusion to class members prompted by IMG's improper notice, the Court should order publication of a corrected notice that informs investors of the actual status of this action and that the lead plaintiff deadline in fact expired months ago. For these reasons and those set forth below, Oregon's motion should be granted in full.

3

**PROCEDURAL BACKGROUND**

The claims asserted in both *IMG* and the Consolidated Securities Action arise from CenturyLink's improper sales and billing practices. These practices came to light in June 2017, when the media reported that a former CenturyLink sales representative had filed a lawsuit against the Company after being "fired for blowing the whistle on the . . . company's high-pressure sales culture that left customers paying millions of dollars for accounts they didn't request." *Craig*, ECF No. 1 ¶45. The whistleblower's lawsuit detailed how CenturyLink engaged in systematic misconduct by signing up and charging customers for services they did not request and without their consent. The whistleblower alleged that she was "fired days after notifying Chief Executive Officer Glen Post of the alleged scheme." *Id.*

These revelations prompted dramatic declines in the prices of CenturyLink's securities, and several securities class actions were filed against the Company. The first of these actions, *Thummeti*, was filed in the Southern District of New York on June 21, 2017, on behalf of "all persons . . . who purchased or otherwise acquired **CenturyLink securities** between February 27, 2014 and June 15, 2017, both dates inclusive." *Thummeti*, ECF No. 1 ¶1. That same day, as required by the PSLRA, the plaintiff in *Thummeti* published a notice of pendency on *Globe Newswire* alerting investors "who purchased **CenturyLink securities**" that the deadline to seek appointment as Lead Plaintiff was August 21, 2017. *Craig*, ECF No. 28-5. In the following weeks, two additional securities class actions were filed against CenturyLink, and the plaintiffs in those actions similarly published notices alerting investors to the August 21, 2017 deadline.[2] Altogether,

---

[2] In August 2017, *Thummeti* and *Craig* were transferred from the Southern District of New York to this District pursuant to separate stipulations and, on August 15, a third securities class action arising out of the same underlying facts, *Scott*, was filed in this District on behalf of "all persons and entities who purchased or otherwise acquired **CenturyLink securities** between March 1, 2013 and June 19, 2017, inclusive." *Scott*, ECF No. 1 ¶1. A notice of pendency of the *Scott* action was published the same day in *Business Wire*, alerting investors to the expanded Class

4

at least 12 widely-disseminated notices were published alerting investors in **all** "**CenturyLink securities**" of the PSLRA deadline and the need to file a motion seeking Lead Plaintiff appointment by that date. *See generally IMG*, ECF No. 2.

On August 21, 2017, Oregon (along with five other movants) filed a motion seeking consolidation of the "related securities class actions" against CenturyLink and appointment as Lead Plaintiff. *Craig*, ECF No. 28-1 at 5. Significantly, most movants understood that the filed actions asserted claims on behalf of investors in **all CenturyLink securities** and described the class as encompassing purchasers or acquirers of "**CenturyLink securities**." *See, e.g.*, *Craig*, ECF Nos. 25-1 at 4; 26-1 at 7; 29-1 at 3; 47 at 15. Further, Oregon included its trading in two CenturyLink bonds in the certification attached to its motion (*see Craig*, ECF No. 28-3), and another applicant expressly acknowledged that "[t]he putative class in the Related Actions **consists of all persons who purchased or otherwise acquired CenturyLink securities, including common stock and notes.**" *Craig*, ECF No. 44 at 6. These include, of course, the notes purchased by IMG.

Magistrate Judge Perez-Montes consolidated the related CenturyLink actions on October 19, 2017, and appointed Oregon as Lead Plaintiff the following day. *See Craig*, 2017 WL 4785647, at *2-3; *Craig v. CenturyLink, Inc.*, No. 3:17-CV-01005, 2017 WL 4768566, at *3-5 (W.D. La. Oct. 20, 2017). In appointing Oregon as Lead Plaintiff, Magistrate Judge Perez-Montes expressly noted that the class includes the claims of bondholders. *See Craig*, 2017 WL 4768566, at *5.

A week later—and over two months after the PSLRA deadline had already passed—IMG filed an identical securities class action against CenturyLink on behalf of investors in a single

---

Period and again informing them that the deadline to move for appointment as Lead Plaintiff was August 21, 2017. *See Craig*, ECF No. 28-6.

5

CenturyLink security, the CenturyLink 7.60% Senior Notes. *See IMG*, ECF No. 1 ¶1. IMG's complaint asserts that the same defendants engaged in the same misconduct during the same time period, violating the same federal statutes, as the complaints consolidated in this District. Indeed, IMG's complaint is a virtually word-for-word replica of the complaint in *Scott*. *See generally IMG*, ECF No. 21-1.[3]

## ARGUMENT

### A.  Consolidation of the Related Actions Is Appropriate Under Rule 42(a)

The PSLRA directs the Court to consider any motion for consolidation if, as is the case here, "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Under Rule 42(a), consolidation is appropriate where the "actions before the court involve a common question of law or fact"—a "broad grant of authority" that the Fifth Circuit has "urged" district courts to apply "liberally." *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977). When considering consolidation, courts in the Fifth Circuit look to:

> (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, and (5) whether consolidation will conserve judicial resources and reduce the time and cost of trying the cases separately.

---

[3] The above-captioned consolidated securities class actions were designated as potentially related to a multidistrict litigation proceeding that has centralized and consolidated numerous consumer class actions against CenturyLink before Judge Michael J. Davis of the District of Minnesota, and the Judicial Panel on Multidistrict Litigation ("JPML") ordered them conditionally transferred to Minnesota. *See* Conditional Transfer Order (CTO-1), *In re: CenturyLink Residential Customer Billing Disputes Litig.* ("*CenturyLink MDL*"), MDL No. 2795 (J.P.M.L. Oct. 6, 2017), ECF No. 63. Defendants opposed transfer and Oregon responded, and briefing before the JPML on that motion is now complete. *See CenturyLink MDL*, ECF Nos. 65, 77, 88. Oregon noticed *IMG* as a potential tag-along to the consumer actions in the JPML on November 3, 2017, and the JPML designated it as related and conditionally transferred it to Minnesota. *See CenturyLink MDL*, ECF Nos. 78, 80. Both Defendants and IMG opposed transfer on November 27, and Oregon responded on December 18, 2017. *See CenturyLink MDL*, ECF Nos. 92, 94.

6

*In re Enron Corp. Sec., Deriv. & "ERISA" Litig.*, Nos. H-01-3624, 2007 WL 446051, at *1 (S.D. Tex. Feb. 7, 2007).  Here, each of these factors overwhelmingly supports consolidation of *IMG* and every relevant party before the Court, except for IMG's counsel, explicitly supports or does not oppose consolidation.  *See In re Air Crash Disaster*, 549 F.2d at 1013 ("A court may order the consolidation of cases despite the opposition of the parties.").

*First*, all of the above-captioned related actions are now pending before this Court.

*Second*, each of the related actions alleges the same securities laws claims on behalf of overlapping classes against overlapping defendants.  Indeed, all of these related actions assert claims against CenturyLink (the main corporate defendant), Post (the President and Chief Executive Officer of CenturyLink), and Ewing (CenturyLink's Chief Financial Officer, Executive Vice President, and Assistant Secretary).  While the *Scott* action and the *IMG* action also assert claims against David Cole (Executive Vice President and Controller of CenturyLink), courts uniformly hold that the fact that the named defendants and class periods are not identical does not undermine consolidation.[4]  Indeed, Magistrate Judge Perez-Montes recognized that such slight differences should not bar consolidation.  *See Craig*, 2017 WL 4785647, at *2.  Indeed, it will be up to Oregon, in its capacity as Lead Plaintiff, to determine which defendants and class members will ultimately be included in a consolidated complaint.[5]

---

[4] *See, e.g.*, *In re BP, plc Sec. Litig.*, 758 F. Supp. 2d 428, 440 (S.D. Tex. 2010) ("differences in class periods . . . or differences in named defendants do not preclude consolidation"); *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 431 (E.D. Va. 2000) ("Significantly, the existence of slight differences in class periods, parties, or damages among the suits does not necessarily defeat consolidation where the essential claims and factual allegations are similar."); *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007) ("Differences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation.").

[5] *See In re Gen. Elec. Sec. Litig.*, No. 09 Civ. 1951 (DC), 2009 WL 2259502, at *3 (S.D.N.Y. July 29, 2009) (noting that "[w]hen the lead plaintiff files a consolidated complaint, all differences will be resolved while the tone and direction of the lawsuit will remain unchanged"); *In re Bank of Am. Corp. Sec. Derivative & ERISA Litig.*, No. 09-MDL 2058(DC), 2010 WL 1438980, at *2 (S.D.N.Y. Apr. 9, 2010) (explaining that "it is within [the lead plaintiff's] authority to decide what claims to assert on behalf of the class").

7

*Third*, the related actions unquestionably involve common questions of law and fact. Each of the related actions asserts claims under the Exchange Act in connection with the Company's public statements and concern issues relating to CenturyLink's illegal billing practices. Moreover, the Consolidated Securities Action includes the claims of all CenturyLink "securities," a term that is broadly construed and unquestionably includes the 7.60% Senior Notes purchased by IMG. *See In re Crocs, Inc. Sec. Litig.*, No. 07-CV-02351-REB-KLM, 2008 WL 4298316, at *3 (D. Colo. Sept. 17, 2008) (noting the broad definition of "security" in the Exchange Act). In any event, courts have repeatedly rejected the notion that potential differences between securities of the same issuer justifies separate treatment. *See, e.g., In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 451 (S.D. Tex. 2002) (declining to appoint "niche plaintiffs" because "requests for splintering the action or appointing multiple Lead Plaintiffs to represent specialized interests, especially in light of the common facts and legal issues here, would undermine the purpose of the PSLRA").

*Fourth*, there is no risk of prejudice or confusion from the consolidation of the related actions, especially given that the claims asserted in *IMG* are entirely duplicative of the claims previously asserted in the Consolidated Securities Action. To the contrary, substantial prejudice and confusion will result if the actions are not consolidated, as maintaining separate actions presents the risk of inconsistent or conflicting rulings regarding, *inter alia*, Defendants' liability and class members' recoverable damages. *See Craig*, 2017 WL 4785647, at *2 (consolidating *Craig*, *Thumetti*, and *Scott* to eliminate the "risk of inconsistent adjudications in different courts").

*Fifth*, consolidation of the related actions will conserve judicial resources and reduce the time and cost of trying the cases separately. As Magistrate Judge Perez-Montes noted when consolidating *Craig*, *Thumetti*, and *Scott*, "it would clearly be more economical to decide all three cases together than to do so separately, since they all involve the same issues of law and fact." *Id.*;

8

*see also Kaplan*, 240 F.R.D. at 92 (it is "well recognized" that "consolidation of stockholders' suits often benefits both the courts and the parties by expediting pretrial proceedings, avoiding duplication of discovery, and minimizing costs"). The same holds true here. Indeed, as the Court-appointed Lead Plaintiff, Oregon is vested with the responsibility to determine which securities will be included in any consolidated complaint. *See Bank of Am.*, 2010 WL 1438980, at *2 (noting that "it is within [the lead plaintiff's] authority to decide what claims to assert on behalf of the class").

Accordingly, each of the five factors weighs heavily in favor of consolidation of the *IMG* action with the Consolidated Securities Action pursuant to Rule 42(a).

### B. The Notice Published in the *IMG* Action Is Improper And The Purported December 26, 2017 Lead Plaintiff Deadline Should Be Stricken

On August 21, 2017, the statutory deadline for filing motions seeking lead plaintiff appointment in the CenturyLink securities actions, Oregon and five other movants filed timely motions seeking appointment as lead plaintiff and consolidation of *Craig*, *Thummeti*, and *Scott*. *See, e.g.*, *Craig*, ECF Nos. 21, 24-26, 28-29. On October 19, 2017, the Court consolidated those actions and the following day appointed Oregon to serve as Lead Plaintiff. *See Craig*, 2017 WL 4785647, at *2-3; *Craig*, 2017 WL 4768566, at *3-5. The following week, plaintiff's counsel in *IMG* published a notice stating that CenturyLink investors now have until December 26, 2017, to seek appointment as lead plaintiff in *IMG*. *See* Declaration of F. Williams Sartor, Jr. filed herewith ("Sartor Decl."), Ex. A (the *IMG* Notice). This is improper.

The *IMG* Notice—and the new lead plaintiff deadline announced in the notice—improperly seeks to undermine the PSLRA and Judge Perez-Montes' order appointing Oregon as Lead Plaintiff, and should be disregarded. Indeed, courts strictly enforce the PSLRA's 60-day lead plaintiff deadline to ensure a leadership structure for related securities class actions is installed "as

9

soon as practicable," and routinely reject any lead plaintiff motions filed after that deadline. *Adeptus Health*, 2017 WL 3780164, at *4 (declining to consider lead plaintiff motion filed after the 60-day window established by the PSLRA).  In doing so, courts recognize that the publication of a subsequent notice cannot serve to restart the lead plaintiff appointment process, as "appointment of lead counsel could be delayed indefinitely if new complaints" and notices led to that result.[6]

Here, there can be no dispute that IMG had adequate notice of its right to move for appointment as lead plaintiff.  Moreover, there is absolutely no basis to establish a separate lead plaintiff process for investors in the "niche" security purchased by IMG.

Indeed, enforcing the PSLRA's strict deadline is particularly important here because the Court has ***already*** appointed a Lead Plaintiff with the authority to assert the claims that IMG purports to bring, and permitting any belated motions filed in response to that notice would undermine a prior ruling of this Court.[7]  As the Court-appointed Lead Plaintiff, Oregon is vested with the authority to prosecute all related claims—a responsibility that necessarily includes the

---

[6] *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *4 (N.D. Ill. Aug. 11, 1997) (disregarding notice extending the lead plaintiff deadline because a contrary "rule would mean that the lead plaintiff could not be appointed until sixty days after the publication of the last notice related to that securities litigation. . . . Such a result would clearly thwart the intent of the PSLRA."); *see also Cheney v. Cyberguard Corp.*, 213 F.R.D. 484, 503 (S.D. Fla. 2003) ("filing of subsequent actions alleging different class periods [does] not . . . start a new 60-day period for the filing of motions to appoint lead plaintiff or lead counsel"); *In re Sunbeam Sec. Litig.*, No. 98-8258-CIV, 1998 WL 1990884, at *2 n.2 (S.D. Fla. Dec. 4, 1998) (noting "that filing of subsequent actions alleging different class periods did not require publication of new notices or start a new 60–day period for the filing of motions to appoint lead plaintiff"); *Hom v. Vale, S.A.*, No. 15-cv-9539, 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016) (noting that "courts typically 'disfavor republication of notice under the PSLRA when a class period is extended") (quoting *Turner v. Shengda Tech, Inc.*, No. 11 Civ. 1918(TPG), 2011 WL 6110438, at *3 (S.D.N.Y. Dec. 6, 2011)).

[7] *See Skwortz v. Crayfish Co.*, No. 00 CIV. 6766(DAB), 2001 WL 1160745, at *5 (S.D.N.Y. Sept. 28, 2001) ("The mandatory nature of the 60 day requirement follows from the structure of the PSLRA itself."); *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 819-20 (N.D. Ohio 1999) (noting that allowing movants to file after the deadline has passed "would effectively render the strict timeliness set forth in the PSLRA meaningless, and would nullify Congress's attempt to expedite the lead plaintiff appointment process.").

10

"authority to decide what claims to assert on behalf of the class." *Bank of Am.*, 2010 WL 1438980, at *2.

For these reasons, the Court should strike the purported deadline for seeking appointment as Lead Plaintiff in *IMG* and declare any motions seeking appointment as lead plaintiff in the related actions after August 21, 2017 to be untimely under the strict deadline set by the PSLRA. Further, to correct inaccuracies in IMG's improper notice and prevent any further confusion among members of the class, the Court should order publication of a corrected notice that informs investors of the true status of this action and that the lead plaintiff deadline expired months ago. *See* Sartor Decl., Ex. B (proposed language for a corrected notice).

## CONCLUSION

For the reasons set forth above, Lead Plaintiff Oregon respectfully requests that the Court consolidate *IMG* into the Consolidated Securities Action pursuant to Rule 42(a), strike any deadline purportedly triggered by the *IMG* Notice, order that any motions seeking appointment as lead plaintiff filed in response to the *IMG* Notice are untimely under the PSLRA, and order publication of a corrected notice.

Dated: December 21, 2017     Respectfully submitted,

/s/ Fred Williams Sartor, Jr.
Fred Williams Sartor, Jr.
George M. Snellings, IV
**NELSON, ZENTNER, SARTOR &
   SNELLINGS, LLC**
1507 Royal Avenue (71201)
P.O. Box 14420 (71207-4420)
Monroe, Louisiana
Telephone: (318) 388-4454
Facsimile: (318) 388-4447

*Local counsel for Lead Plaintiff the State of Oregon by and through the Oregon State*

11

*Treasurer and the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund*

Gerald H. Silk (*pro hac vice*)
John Browne (*pro hac vice* forthcoming)
Avi Josefson (*pro hac vice*)
Michael D. Blatchley (*pro hac vice*)
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jerry@blbglaw.com
avi@blbglaw.com
michaelb@blbglaw.com

Keith A. Ketterling
Keith S. Dubanevich (*pro hac vice*)
Jennifer A. Wagner
Keil M. Mueller (*pro hac vice*)
**STOLL BERNE**
209 Southwest Oak Street
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840
kketterling@stollberne.com
kdubanevich@stollberne.com
jwagner@stollberne.com
kmueller@stollberne.com

*Special Assistant Attorneys General and Counsel for Lead Plaintiff the State of Oregon by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund, and Proposed Lead Counsel for the Class*

12

## CERTIFICATE OF SERVICE

I hereby certify that on this day, December 21, 2017, I electronically filed the above Memorandum of Law in Support of the Motion of Lead Plaintiff Oregon for Consolidation of Related Action using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

*/s/ Fred Williams Sartor, Jr.*
Fred Williams Sartor, Jr.