# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| BENJAMIN CRAIG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTURYLINK, INC., GLEN F. POST, III, AND R. STEWART EWING JR.,<br><br>Defendants. | No. 3:17-cv-01005-SMH-JPM (Lead)<br>No. 3:17-cv-01033-SMH-JPM (Member)<br>No. 3:17-cv-01065-SMH-JPM (Member)<br><br>Judge S. Maurice Hicks, Jr.<br><br>Magistrate Judge Joseph H. L. Perez-Montes<br><br><u>CLASS ACTION</u> |
| INTER-MARKETING GROUP USA, INC., Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTURYLINK, INC., GLEN F. POST, III, R. STEWART EWING, JR., and DAVID D. COLE,<br><br>Defendants. | No. 3:17-cv-01648-RGJ-JPM<br><br><br>Judge Robert G. James<br><br>Magistrate Judge Joseph H. L. Perez-Montes<br><br><u>CLASS ACTION</u> |

**<u>REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF
LEAD PLAINTIFF OREGON FOR CONSOLIDATION OF RELATED ACTION</u>**

Court-appointed Lead Plaintiff Oregon respectfully submits this reply memorandum of law in further support of its Motion for Consolidation of the related *IMG* action.[1]

## ARGUMENT

### I.  *IMG* Should Be Consolidated With The Consolidated Securities Action

Consolidation is manifestly appropriate here.  Consolidation is appropriate where the "actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a).  IMG's complaint is virtually a word-for-word replica of those in the Consolidated Securities Action, and thus nearly ***every*** question of law ***and*** fact is the same.  *See* Mot. at 6, 8.[2]  Further, every other factor considered by courts in the Fifth Circuit also overwhelmingly favors consolidation, as consolidation would avoid the risk of inconsistent decisions, promote judicial economy, and prevent the prejudice to the parties and the Court that would result if two nearly identical cases against the same defendants were separately litigated in the same Court.  *See* Mot. at 6-9.[3]

In its Opposition, IMG does not address the factors considered by the Fifth Circuit, and instead seeks to avoid consolidation by advancing arguments that have been emphatically rejected by courts and are demonstrably wrong on the facts.  IMG first argues that the cases should be kept separate because *IMG* involves an "entirely different" security from the Consolidated Securities Action. Opp. at 6-8.  This is plainly incorrect.  The Class in the Consolidated Securities Action

---

[1] All capitalized terms have the meaning ascribed to them in Oregon's opening brief, ECF No. 95-1 (referred to herein as the "Motion" or "Mot."). "Opp." and "Opposition" refer to IMG's Memorandum in Opposition to the Motion, ECF No. 96.  All references to "ECF No." are to the docket in *Craig v. CenturyLink, Inc.*, No. 3:17-cv-01005-SMH-JPM (W.D. La.).  Unless otherwise noted, any emphasis is added and all internal quotation marks and citations omitted.

[2] *See also Okla. Law Enforcement Ret. Sys. v. Adeptus Health Inc.*, 2017 WL 3719977, at *1 (E.D. Tex. June 23, 2017) ("consolidation is appropriate" where cases "aris[e] out of a common series of alleged transactions and occurrences" and "determination of all the plaintiffs' claims will involve common questions of law and fact").

[3] *See also Craig v. CenturyLink, Inc.*, 2017 WL 4785647, at *2 (W.D. La. Oct. 19, 2017) (consolidating *Craig*, *Scott*, and *Thummeti* because "they all involve the same issues of law and fact" and to eliminate the "risk of inconsistent adjudications"); *Kaplan v. Gelfond*, 240 F.R.D. 88, 92 (S.D.N.Y. 2007) (it is "well recognized" that "consolidation of stockholders' suits often benefits both the courts and the parties by expediting pretrial proceedings, avoiding duplication of discovery, and minimizing costs").

encompasses purchasers or acquirers of **all** "*CenturyLink securities*," including the 7.60% Senior Notes at issue in *IMG*.  *See Craig v. CenturyLink, Inc.*, 2017 WL 4768566, at *5 (W.D. La. Oct. 20, 2017).  Both the Court and CenturyLink investors understood this fact: the investors who timely filed motions seeking lead plaintiff appointment sought to lead a Class consisting of investors in **all** "*CenturyLink securities*" (*see, e.g.*, ECF Nos. 25-1 at 4, 26-1 at 7, 29-1 at 3, 47 at 15), Oregon included its trading in CenturyLink debt securities in the certification attached to its Lead Plaintiff Motion (*see* ECF No. 28-3), another applicant explicitly noted that the Class includes "**common stock and notes**" (ECF No. 44 at 6), and the Court expressly acknowledged this fact in appointing Oregon as Lead Plaintiff over in the Consolidated Securities Action.  *See Craig*, 2017 WL 4768566, at *5.  IMG's argument that the 7.60% Senior Notes are somehow not included borders on frivolous.[4]

IMG's other arguments—that consolidation would prejudice investors in CenturyLink's 7.60% Senior Notes because Oregon purportedly lacks standing to pursue claims on those securities and is disinclined to do so—are similarly meritless.  *See* Opp. at 8-12.  To start, courts have uniformly rejected the notion that potential differences between equity and debt securities preclude consolidation, recognizing that maintaining separate actions (or appointing separate

---

[4] IMG's cases dealing with the PSLRA's notice requirements (and not consolidation) undermine its argument.  In *Teamsters Local 445 Freight Division Pension Fund v. Bombardier Inc.*, 2005 WL 1322721 (S.D.N.Y. June 1, 2005), the court held that a new PSLRA notice and Lead Plaintiff appointment process was required where a complaint alleging claims related to a specific security was later amended to include claims related to an entirely different security from a different issuer.  *See id.* at *2.  Similarly, in *In re Select Comfort Corp. Securities Litigation*, 2000 WL 36097395 (D. Minn. May 12, 2000), the court held that republication of a PSLRA notice was required where an amended complaint included additional legal claims and theories and substantially altered the class period.  *See id.* at *2.  Here, by contrast, the notices made clear that the action included claims on behalf of investors in **all** CenturyLink securities, including the 7.60% Senior Notes, and *IMG* alleges the exact same legal claims against the same defendants during the same Class Period.  Moreover, although neither decision cited by IMG addressed consolidation, the court in *Teamsters* later appointed the same Lead Plaintiff over both securities at issue in the amended complaint (*see Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, No. 1:05-cv-01898-SAS-GWG (S.D.N.Y.), ECF No. 30), and the court in *Select Comfort* ordered the related cases consolidated.  *See In re Select Comfort Corp. Sec. Litig.*, No. 0:99-cv-00884-DSD-SRN (D. Minn.), ECF No. 16.

2

leadership structures) would run contrary to the goal of the PSLRA to empower a single Lead Plaintiff with the authority to represent the Class "as a whole." *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82 & n.13 (2d Cir. 2004); *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 445-49, 454, 459 (S.D. Tex. 2015) (noting that "courts have repeatedly concluded that stock purchasers can represent purchasers of debt instruments" in appointing equity investor as Lead Plaintiff over bond claims and rejecting arguments about conflicts and differences in stock and bond pricing, trading, and economics).[5] Moreover, IMG's speculation concerning possible conflicts of interest is wrong. *See* Opp. at 11-12. Indeed, Oregon has already identified an investor who purchased the 7.60% Senior Notes and that investor will be included as a named plaintiff in the consolidated complaint Oregon intends to file. Thus, rather than presenting any potential "conflict" or "prejudice," consolidation would ***avoid*** the prejudice that would follow from having two identical actions asserting the same claims against the same defendants on behalf of investors in the exact same securities proceeding in the same court.[6]

## II. IMG's Request For Separate Leadership For 7.60% Senior Notes Purchasers In The Event Of Consolidation Should Be Rejected As Contrary To The PSLRA

Revealing its true motive in opposing consolidation, IMG also requests that, if the Court orders consolidation, it designate IMG as a separate Lead Plaintiff and Federman & Sherwood as separate Lead Counsel on behalf of investors in the 7.60% Senior Notes. *See* Opp. at 12-14. The

---

[5] *See also Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1150-51 (N.D. Cal. 1999) (consolidating "niche" claims on behalf of investors in different securities); *In re Nat'l Golf Properties, Inc.*, 2003 WL 23018761, at *1 (C.D. Cal. Mar. 19, 2003) (the PSLRA "does not require Lead Plaintiffs to have standing to assert all claims"); *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 123 (S.D.N.Y. 2002) (rejecting argument that the PSLRA contemplates an "entirely separate class action lawsuit" or separate lead plaintiff to assert different claims or securities, as it is inevitable that the investor with the "largest financial interest" will often lack "standing to sue on all causes of action") (*citing Enron*, 206 F.R.D. at 451).

[6] Even if IMG were not wrong about the facts, "speculations about possible conflicts do not rebut the statutory presumption that one lead plaintiff can vigorously pursue all available causes of action against all possible defendants under all available legal theories." *Aronson*, 79 F. Supp. 2d at 1151.

3

Court should reject this request out of hand. As courts have repeatedly recognized, "the role of the lead plaintiff is to empower investors so that they—not their lawyers—exercise primary control over private securities litigation, [and] any requirement that a different lead plaintiff be appointed to bring every single available claim would contravene the main purpose of having a lead plaintiff." *Hevesi*, 366 F.3d at 82 n.13. Instead, the PSLRA tasks the Court-appointed Lead Plaintiff with the responsibility to "identify and include named plaintiffs who have standing to represent . . . purchasers of different categories of securities" that may be impacted. *In re Global Crossing, Ltd. Sec. Litig.*, 313 F. Supp. 2d. 189, 204-05 (S.D.N.Y. 2003). Here, as Court-appointed Lead Plaintiff, Oregon has already identified an investor who purchased CenturyLink's 7.60% Senior Notes and has standing to assert claims related to that security, and who will be included as a named plaintiff in the consolidated complaint Oregon intends to file. Thus, the Court can be assured that the interests of the Class are fully protected, and there is no basis to consider IMG's meritless request to appoint separate leadership to assert the claims that the Court already appointed Oregon to pursue.

## CONCLUSION

For the reasons set forth above, Lead Plaintiff Oregon respectfully requests that the Court grant its motion for consolidation.

Dated: January 18, 2018                                        Respectfully submitted,

*/s/ Fred Williams Sartor, Jr.*
Fred Williams Sartor, Jr.
George M. Snellings, IV
**NELSON, ZENTNER, SARTOR & SNELLINGS, LLC**
1507 Royal Avenue (71201)
P.O. Box 14420 (71207-4420)
Monroe, Louisiana
Telephone: (318) 388-4454

4

Facsimile: (318) 388-4447

*Local Counsel for Lead Plaintiff the State of Oregon by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund*

John Browne (*pro hac vice* forthcoming)
Avi Josefson (*pro hac vice*)
Michael D. Blatchley (*pro hac vice*)
**BERNSTEIN LITOWITZ BERGER**
   **& GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
johnb@blbglaw.com
avi@blbglaw.com
michaelb@blbglaw.com

Keith A. Ketterling
Keith S. Dubanevich (*pro hac vice*)
Jennifer A. Wagner
Keil M. Mueller (*pro hac vice*)
**STOLL BERNE**
209 Southwest Oak Street
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840
kketterling@stollberne.com
kdubanevich@stollberne.com
jwagner@stollberne.com
kmueller@stollberne.com

*Special Assistant Attorneys General and Counsel for Lead Plaintiff the State of Oregon by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund, and Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this day, January 18, 2018, I electronically filed the above Reply Memorandum Of Law In Further Support Of The Motion Of Lead Plaintiff Oregon For Consolidation Of Related Action using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

                                                */s/ Fred Williams Sartor, Jr.*
                                                Fred Williams Sartor, Jr.