UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CENTURYLINK RESIDENTIAL CUSTOMER
BILLING DISPUTES LITIGATION                                   MDL No. 2795

**TRANSFER ORDER**

**Before the Panel:** CenturyLink Defendants[1] move under Panel Rule 7.1 to vacate our orders conditionally transferring four actions (*Craig*, *Scott*, *Thummeti*, and *Inter-Marketing Group*) to the District of Minnesota for inclusion in MDL No. 2795. Plaintiff in *Inter-Marketing Group* separately moves to vacate with respect to its action. The actions, which are federal securities actions pending in the Western District of Louisiana, are listed on the attached Schedule A. Plaintiffs the State of Oregon and KBC Asset Management oppose the motion as to *Craig*, *Scott*, and *Thummeti*. The State of Oregon also opposes the motions as to *Inter-Marketing Group*.

After considering the arguments of counsel, we find that these four actions involve common questions of fact with the consumer actions transferred to MDL No. 2795, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions in the MDL "share factual questions arising from allegations that [CenturyLink and its affiliates] . . . engaged in a range of deceptive or otherwise improper practices, such as billing subscribers for telephone lines or services that the subscribers did not request, billing subscribers higher rates than the rates quoted during sales calls, imposing early termination fees when subscribers cancelled the services due to the higher-than-quoted rates, charging for periods of service before the service was connected or products received, and failing to process subscribers' service cancellation requests in a timely manner." *In re: CenturyLink Residential Customer Billing Disputes Litig.*, — F. Supp. 3d —, 2017 WL 4414232, at *1 (J.P.M.L. Oct. 5, 2017). These four securities actions plainly involve those same questions. Indeed, in the briefing on the issue of centralization, CenturyLink – which was the Section 1407 movant [2] – described the then-three pending securities actions (*i.e.*, *Craig*, *Scott*, and *Thummeti*) as "derived from the consumer cases

---

[1] The CenturyLink Defendants are CenturyLink, Inc., and three CenturyLink officers – Glen F. Post III, R. Stewart Ewing, Jr., and David D. Cole.

[2] To be precise, the CenturyLink parties moving for centralization were CenturyLink Communications, LLC, Embarq Minnesota, Inc., CenturyLink, Inc., CenturyLink Public Communications, Inc., CenturyLink Sales Solutions, Inc., CenturyTel of Idaho, Inc., CenturyTel of the Gem State, Inc., and Embarq Florida, Inc.

-2-

– and ***arising from the same predicate facts and allegations***."[3] CenturyLink Defs.' Reply Mem. in Supp. of Mot. for Transfer, at 2 (italics and bold in original) (ECF No. 27).  CenturyLink stated unequivocally: "Because the securities actions address the same predicate conduct as the consumer actions, discovery and motion practice will overlap extensively."  *Id*. at 4.

In their motions to vacate, the CenturyLink Defendants argue that the Western District of Louisiana is the "center of gravity" of the securities cases, that the individual defendants might be inconvenienced by transfer to the District of Minnesota, and that significant progress has been made in those cases.  These arguments are not convincing.[4]  First, when we decided to centralize the consumer cases in Minneapolis, we were well aware that CenturyLink and all its affiliates were headquartered in Monroe, Louisiana, and that the relevant corporate decisions reportedly had been made in Monroe.  Second, any inconvenience to the individual defendants is, at best, speculative, especially given that they likely will be deposed in or near Monroe.  *See In re: MLR, LLC, Patent Litig.*, 269 F. Supp. 2d 1380, 1381 (J.P.M.L. 2003) (noting that "there usually is no need for the parties and witnesses to travel to the transferee district for depositions or otherwise").  Third, the securities actions still are at an early stage (for example, no consolidated complaint has yet been filed, and the *Inter-Marketing Group* action was transferred to the Western District of Louisiana only recently).

IT IS THEREFORE ORDERED that these four actions are transferred to the District of Minnesota, and, with the consent of that court, assigned to the Honorable Michael J. Davis for inclusion in the coordinated or consolidated pretrial proceedings.

---

[3]  The *Inter-Marketing Group* plaintiff likewise acknowledges that factual issues concerning CenturyLink's sales practices are common to both the securities cases and the consumer cases, but summarily asserts that these issues are not complex.

[4]  The *Inter-Marketing* plaintiff's argument – that its action involves a different class of securities and unique legal issues – also is unavailing.  *See, e.g., In re: Amazon.com, Inc., Fulfillment Center Fair Labor Standards Act (FLSA) & Wage & Hour Litig.*, 999 F. Supp. 2d 1375, 1376 (J.P.M.L. 2014) (stating that Section 1407 transfer "does not require a complete identity or even a majority of common factual or legal issues").

-3-

IT IS FURTHER ORDERED that this litigation is renamed "In re: CenturyLink Sales Practices and Securities Litigation."[5]

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

---

[5] In our initial order of centralization, we deferred a decision on certain plaintiffs' requests to rename the litigation, citing the possible inclusion of the securities actions in the MDL. *See* 2017 WL 4414232 at *2.

**IN RE: CENTURYLINK RESIDENTIAL CUSTOMER
BILLING DISPUTES LITIGATION**  MDL No. 2795

**SCHEDULE A**

<u>Western District of Louisiana</u>

CRAIG v. CENTURYLINK, INC., ET AL., C.A. No. 3:17-01005
SCOTT v. CENTURYLINK, INC., ET AL., C.A. No. 3:17-01033
THUMMETI v. CENTURYLINK, INC., ET AL., C.A. No. 3:17-01065
INTER-MARKETING GROUP USA, INC. v. CENTURYLINK, INC., ET AL.,
  C.A. No. 3:17-01648