## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| **IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION**<br><br>This Document Relates to:<br><br>Civil Action No. 18-296 (MJD/KMM)<br>Civil Action No. 18-297 (MJD/KMM)<br>Civil Action No. 18-298 (MJD/KMM)<br>Civil Action No. 18-299 (MJD/KMM) | **MDL No. 17-2795 (MJD/KMM)**<br><br><br>**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF LEAD PLAINTIFF OREGON FOR CONSOLIDATION OF RELATED ACTION** |

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................. ii

PRELIMINARY STATEMENT ......................................................................... 1

PROCEDURAL BACKGROUND ...................................................................... 4

ARGUMENT ...................................................................................................... 7

     A.     Consolidation of the Related Action Is Appropriate Under
           Rule 42(a) ........................................................................................ 7

     B.     IMG's Request for A Separate Litigation and Leadership
           Structure for the CenturyLink 7.60% Senior Notes Is
           Contrary to the PSLRA .................................................................. 10

CONCLUSION ................................................................................................. 14

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*Aronson v. McKesson HBOC, Inc.*,
  79 F. Supp. 2d 1146 (N.D. Cal. 1999) ........................................................ 9, 11

*In re Bank of Am. Corp. Sec. Derivative & ERISA Litig.*,
  No. 09-MDL 2058(DC), 2010 WL 1438980 (S.D.N.Y. Apr. 9, 2010) ....................... 10

*Craig v. CenturyLink, Inc.*,
  No. 3:17-CV-01005, 2017 WL 4768566 (W.D. La. Oct. 20, 2017) ............................ 6

*Craig v. CenturyLink, Inc.*,
  No. 3:17-CV-01005, 2017 WL 4785647 (W.D. La. Oct. 19, 2017) .................... *passim*

*In re Delphi Corp. Sec. Deriv. & "ERISA" Litig.*,
  458 F. Supp. 2d 455 (E.D. Mich. 2006) ................................................... 11, 12

*E.E.O.C. v. HBE Corp.*,
  135 F.3d 543 (8th Cir. 1998) ................................................................. 7

*Fin-Ag, Inc. v. NAU Country Ins. Co.*,
  No. Civ. 08-4141-KES, 2009 WL 44479 (D.S.D. Jan. 6, 2009) ................................ 10

*In re Gen. Elec. Sec. Litig.*,
  No. 09 Civ. 1951 (DC), 2009 WL 2259502 (S.D.N.Y. July 29, 2009) ...................... 10

*In re Global Crossing Ltd. Sec. Litig.*,
  313 F. Supp. 2d 189 (S.D.N.Y. 2003) .................................................... 4, 12

*Great Rivers Co-op. of Se. Iowa v. Farmland Indus., Inc.*,
  198 F.3d 685 (8th Cir. 1999) ............................................................... 9

*Hevesi v. Citigroup Inc.*,
  366 F.3d 70 (2d Cir. 2004) ............................................................. 3, 11

*In re Initial Pub. Offering Sec. Litig.*,
  214 F.R.D. 117 (S.D.N.Y. 2002) ........................................................... 11

*Kaplan v. Gelfond*,
  240 F.R.D. 88 (S.D.N.Y. 2007) ............................................................. 8

*Kops v. NVE Corp.*,
  No. Civ.06-574(MJD/JJG), 2006 WL 2035508 (D. Minn. July 19, 2006) .............. 8, 9

*Lax v. First Merchs. Acceptance Corp.*,
    No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997).......................................13

*In re Nw. Corp. Sec. Litig.*,
    299 F. Supp. 2d 997 (D.S.D. 2003) .....................................................................3, 9, 11

*Okla. Law Enforcement Ret. Sys. v. Adeptus Health Inc.*,
    No. 4:17-CV-00449, 2017 WL 3780164 (E.D. Tex. Aug. 31, 2017).........................13

*Skwortz v. Crayfish Co.*,
    No. 00 CIV. 6766(DAB), 2001 WL 1160745 (S.D.N.Y. Sept. 28, 2001)..................13

*Suhn v. Breg, Inc.*,
    No. CIV. 08-4190-KES, 2011 WL 1527263 (D.S.D. Apr. 20, 2011) ..........................8

*In re Telxon Corp. Sec. Litig.*,
    67 F. Supp. 2d 803 (N.D. Ohio 1999)......................................................................13

*Thomas v. Magnachip Semiconductor Corp.*,
    No. 14-cv-01160-JST, 2015 WL 3749784 (N.D. Cal. June 15, 2015)...................3, 12

*UNeMed Corp. v. ProMera Health, LLC*,
    No. 8:15CV135, 2016 WL 1259387 (D. Neb. Mar. 30, 2016)................................7, 8

*Valentine v. Brown*,
    No. 8:16CV131, 2016 WL 3910259 (D. Neb. July 14, 2016)......................................8

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ..................................................................................2, 3

15 U.S.C. § 78u-4(a)(3)(B)(ii).......................................................................................1, 7

**Other Authorities**

Fed. R. Civ. P. 42(a) ........................................................................................................2

Pursuant to this Court's February 8, 2018 orders (*Craig*, ECF No. 107; *IMG*, ECF No. 75), court-appointed Lead Plaintiff the State of Oregon by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund ("Oregon"), respectfully submits this updated memorandum of law in support of its motion to consolidate *Inter-Marketing Group USA, Inc. v. CenturyLink, Inc.*, No. 0:18-cv-00299-MJD-KMM (D. Minn.) ("*IMG*") with the previously consolidated *CenturyLink* securities class action pursuant to Rule 42(a) of the Federal Rules of Civil Procedure (*Craig*, ECF No. 95).[1]

## PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 (the "PSLRA") provides a statutory procedure for the consolidation of related actions and the appointment of a lead plaintiff charged with overseeing the prosecution of the consolidated action. *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii). In this case, the PSLRA's lead plaintiff appointment process was initiated more than eight months ago with the filing of several related securities class actions in federal courts in New York and Louisiana. Those actions assert claims on behalf of investors in **all** "CenturyLink securities" and—just like *IMG*—allege that CenturyLink

---

[1] The "*CenturyLink* securities class action" includes the securities class actions consolidated by Magistrate Judge Perez-Montes of the Western District of Louisiana: *Craig v. CenturyLink, Inc.*, No. 0:18-cv-0296-MJD-KMM (D. Minn.) ("*Craig*"); *Scott v. CenturyLink, Inc.*, No. 0:18-cv-0297-MJD-KMM (D. Minn.) ("*Scott*"); and *Thummeti v. CenturyLink, Inc.*, No. 0:18-cv-0298-MJD-KMM (D. Minn.) ("*Thummeti*"). As explained herein, certain relief Oregon initially sought in its Motion for Consolidation of Related Action (*Craig*, ECF No. 95) has since been rendered moot (*see infra* pp.6-7 & n.3), and a revised proposed consolidation order is filed herewith. Unless noted, all emphasis herein is added and all internal quotation marks and citations are omitted.

engaged in improper sales practices to cheat consumers by charging them for unrequested services, thereby inflating the Company's financial results. As required by the PSLRA, the plaintiff in the first-filed action published notice informing investors in CenturyLink securities that the deadline to move for appointment as Lead Plaintiff in the CenturyLink securities class action was August 21, 2017. *See Craig*, ECF No. 28-5; 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). On that deadline, 11 members of the Class—including investors in both CenturyLink stock and bonds—filed motions seeking consolidation of the related actions and appointment as Lead Plaintiff. In two orders issued in October 2017, Magistrate Judge Perez-Montes consolidated the related actions and appointed Oregon as Lead Plaintiff.

On October 25, 2017, *after* Magistrate Judge Perez-Montes consolidated the pending CenturyLink class actions and appointed Oregon as Lead Plaintiff, Inter-Marketing Group USA, Inc. ("IMG") filed a complaint that is virtually a word-for-word copy of the preexisting securities complaints, but limits the purported class to purchasers of a single CenturyLink security, the CenturyLink 7.60% Senior Notes. *See IMG*, ECF No. 21-1. But the complaints previously consolidated by the court were brought on behalf of purchasers of *all* "CenturyLink securities"—and thus already assert the very claims on behalf of investors in the 7.60% Senior Notes that IMG purports to bring.

Consolidation of *IMG* with the *CenturyLink* securities class action is manifestly appropriate under Rule 42(a) and the PSLRA given that the actions arise from the same underlying facts, assert the same claims against the same defendants over the same class period, and thus plainly involve "common question[s] of law or fact." Fed. R. Civ. P. 42(a). Moreover, consolidation would result in substantial judicial economy and avoid the

inconvenience, expense, and prejudice that would follow from having the parties litigate two identical class actions. As Magistrate Judge Perez-Montes explained in ordering consolidation of the nearly identical preexisting *CenturyLink* complaints, "it would clearly be more economical to decide [the] cases together than to do so separately, since they all involve the same issues of law and fact." *Craig v. CenturyLink, Inc.*, 2017 WL 4785647, at *2 (W.D. La. Oct. 19, 2017); *see also IMG*, ECF No. 21-1.

The only party to oppose consolidation—IMG—offers no factual or legal basis to splinter this litigation and needlessly waste judicial and party resources by having two separate class actions alleging identical claims against the same defendants proceed in the same court. Indeed, IMG's request is nothing but a transparent lawyer-driven attempt to carve out a leadership role for its counsel, as consolidation would render moot IMG's improper and belated Lead Plaintiff motion. *See, e.g.*, *Thomas v. Magnachip Semiconductor Corp.*, 2015 WL 3749784, at *5 (N.D. Cal. June 15, 2015) (consolidating actions under previously-appointed leadership). Moreover, here, IMG's Lead Plaintiff motion is fatally deficient, as it was filed over four months after the statutory deadline, and is thus unquestionably untimely under the strict deadlines imposed by the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

Courts routinely reject requests like IMG's to establish a separate leadership for investors with "niche" claims or securities, recognizing that permitting a separate litigation or leadership for purportedly unique securities would run directly contrary to the intent of the PSLRA to empower a single Lead Plaintiff to manage the litigation "as a whole." *Hevesi v. Citigroup, Inc.*, 366 F.3d 70, 82 n.13 (2d Cir. 2004); *see also In re Nw. Corp.*

3

*Sec. Litig.*, 299 F. Supp. 2d 997, 1007 (D.S.D. 2003) (consolidating case asserting claims on unique securities over objection and denying request for separate leadership, noting that the PSLRA was intended to "ensure that securities litigation was investor-driven, as opposed to lawyer-driven").  Instead, the PSLRA requires that the court-appointed Lead Plaintiff identify investors to serve as named plaintiffs with standing to assert claims on behalf of investors in unique securities.  *See In re Global Crossing Ltd. Sec. Litig.*, 313 F. Supp. 2d 189, 204-05 (S.D.N.Y. 2003).

As the court-appointed Lead Plaintiff vested with the authority to prosecute the claims IMG purports to bring, that is exactly what Oregon has done here. Oregon has already identified an investor who purchased the 7.60% Senior Notes who will serve as a named plaintiff in the consolidated complaint Oregon intends to file.  Accordingly, the interests of the Class are fully protected, and consolidation would eliminate the obvious prejudice and inefficiencies that would result from maintaining two identical securities class actions on behalf of investors in the exact same securities in the same court.

For these reasons and those set forth below, Oregon's motion should be granted.

## PROCEDURAL BACKGROUND

The claims asserted in both *IMG* and the previously consolidated *CenturyLink* securities class action arise from CenturyLink's improper sales and billing practices.  These practices came to light in June 2017, when the media reported that a former CenturyLink sales representative had filed a lawsuit against the Company after being "fired for blowing the whistle on the . . . company's high-pressure sales culture that left customers paying millions of dollars for accounts they didn't request."  *Craig*, ECF No. 1 ¶45; *IMG*, ECF

No. 21-1 at 9. The whistleblower's lawsuit detailed how CenturyLink engaged in systematic misconduct by signing up and charging customers for services they did not request. The whistleblower alleged that she was "fired days after notifying Chief Executive Officer Glen Post of the alleged scheme." *Craig*, ECF No. 1 ¶45.

These revelations prompted dramatic declines in the prices of CenturyLink's securities, and several securities class actions were filed against the Company. The first of these actions, *Thummeti*, was filed in the Southern District of New York on June 21, 2017, on behalf of "all persons . . . who purchased or otherwise acquired ***CenturyLink securities***." *Thummeti*, ECF No. 1 ¶1. That same day, as required by the PSLRA, the plaintiff in *Thummeti* published a notice of pendency on *Globe Newswire* alerting investors "who purchased ***CenturyLink securities***" that the deadline to seek appointment as Lead Plaintiff was August 21, 2017. *Craig*, ECF No. 28-5. In the following weeks, two additional securities class actions were filed against CenturyLink, and the plaintiffs in those actions similarly published notices alerting investors to the August 21, 2017 deadline.[2] Altogether, at least 12 widely-disseminated notices were published alerting investors in ***all*** "***CenturyLink securities***" of the PSLRA deadline and the need to file a motion seeking Lead Plaintiff appointment by that date. *See generally IMG*, ECF No. 29-4.

---

[2] In August 2017, *Thummeti* and *Craig* were transferred from the Southern District of New York to the Western District of Louisiana pursuant to separate stipulations and, on August 15, a third securities class action arising out of the same underlying facts, *Scott*, was filed in the Western District of Louisiana on behalf of "all persons and entities who purchased or otherwise acquired ***CenturyLink securities***." *Scott*, ECF No. 1 ¶1. A notice of pendency of the *Scott* action was published the same day in *Business Wire*, alerting investors to the expanded Class Period alleged in *Scott* and again informing them that the deadline to move for appointment as Lead Plaintiff was August 21, 2017. *See Craig*, ECF No. 28-6.

On August 21, 2017, Oregon (and ten other investors) filed a motion seeking consolidation of the related securities class actions against CenturyLink and appointment as Lead Plaintiff. *See Craig*, ECF No. 28-1 at 5. Significantly, the movants understood that those actions asserted claims on behalf of investors in all CenturyLink securities and described the class as encompassing purchasers or acquirers of "***CenturyLink securities***." *See, e.g.*, *Craig*, ECF Nos. 25-1 at 4; 26-1 at 7; 29-1 at 3; 47 at 15. Further, Oregon included its trading in two CenturyLink bonds in the certification attached to its motion (*see Craig*, ECF No. 28-3), and another applicant expressly acknowledged that the "class in the Related Actions ***consists of all persons who purchased or otherwise acquired CenturyLink securities, including common stock and notes.***" *Craig*, ECF No. 44 at 6. These include, of course, the 7.60% Senior Notes purchased by IMG.

Magistrate Judge Perez-Montes consolidated the related CenturyLink actions on October 19, 2017, and appointed Oregon as Lead Plaintiff over the consolidated action the following day in an order that expressly acknowledged that the consolidated action included the claims of bondholders. *See Craig*, 2017 WL 4785647, at *2-3; *Craig v. CenturyLink, Inc.*, 2017 WL 4768566, at *3-5 (W.D. La. Oct. 20, 2017).

A week later—and over two months after the PSLRA deadline had already passed—IMG filed an identical securities class action against CenturyLink on behalf of investors in a single CenturyLink security, the CenturyLink 7.60% Senior Notes. *See IMG*, ECF No. 1 ¶1. IMG's complaint asserts that the same defendants engaged in the same misconduct during the same time period, violating the same federal statutes, as the complaints previously consolidated by Magistrate Judge Perez-Montes. Indeed, IMG's complaint is a

virtually **_word-for-word replica_** of the complaint in _Scott_. _See generally IMG_, ECF No. 21-1. That same day, IMG filed a notice purporting to establish a Lead Plaintiff deadline in the _IMG_ action of December 26, 2017. _See_ Affidavit of Michael D. Blatchley filed herewith, Exhibit A.

On December 12, 2017, Oregon moved to intervene in _IMG_ for the limited purpose of requesting that the court strike the Lead Plaintiff deadline IMG purported to establish, and to require publication of a corrected notice explaining that the PSLRA deadline had in fact expired months earlier. _See generally IMG_, ECF No. 28.[3] _IMG_ was transferred to the Western District of Louisiana on December 21, 2017, and, that same day, Oregon moved to consolidate _IMG_ with the previously consolidated _CenturyLink_ securities class action. _See IMG_, ECF Nos. 31, 33. Oregon's consolidation motion was fully briefed, but the court had yet to rule, when the securities actions were transferred to this Court by the Judicial Panel on Multidistrict Litigation on February 1, 2018. _Craig_, ECF No. 101.

## ARGUMENT

### A.    Consolidation of the Related Action Is Appropriate Under Rule 42(a)

The PSLRA directs the Court to consider any motion for consolidation if, as is the case here, "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Under Rule 42(a), district courts have a broad grant of authority to consolidate "claims and issues

---

[3] The circumstances necessitating Oregon's motion to intervene are now moot because, tellingly, IMG was the only investor to file a motion seeking Lead Plaintiff appointment in _IMG_ pursuant to the improper and incorrect notice published by IMG's counsel. _See IMG_, ECF Nos. 33-3, 36.

sharing common aspects of law or fact," *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998), which "should be prudently employed [to] eliminate unnecessary repetition and confusion." *Suhn v. Breg, Inc.*, 2011 WL 1527263, at *1 (D.S.D. Apr. 20, 2011); *see also UNeMed Corp. v. ProMera Health, LLC*, 2016 WL 1259387, at *2 (D. Neb. Mar. 30, 2016) ("District courts generally take a favorable view of consolidation."). When considering consolidation, courts in the Eighth Circuit "must weigh the savings of time and effort that would result from consolidation against any inconvenience, expense, or delay that it might cause." *Valentine v. Brown*, 2016 WL 3910259, at *2 (D. Neb. July 14, 2016).

Here, the identical factual allegations and legal claims at issue in both cases make clear that consolidation will plainly result in substantial savings of time and effort for the parties and the Court and, indeed, every other relevant factor overwhelmingly favors consolidation. *Kops v. NVE Corp.*, 2006 WL 2035508, at *2 (D. Minn. July 19, 2006) (Davis, J.) (ordering consolidation because the "actions are essentially identical in their factual and legal bases and consolidation will effectively streamline discovery and general case management"). As Magistrate Judge Perez-Montes noted in consolidating *Craig*, *Thummeti*, and *Scott*—actions that are virtually identical to *IMG*—"it would clearly be more economical to decide all three cases together than to do so separately, since they all involve the same issues of law and fact." *Craig*, 2017 WL 4785647, at *2; *see also IMG*, ECF No, 21-1; *Kops*, 2006 WL 2035508, at *2; *Kaplan v. Gelfond*, 240 F.R.D. 88, 92 (S.D.N.Y. 2007) (noting that it is "well recognized" that "consolidation of stockholders' suits often benefits both the courts and the parties by expediting pretrial proceedings, avoiding duplication of discovery, and minimizing costs").

*IMG* shares virtually every question of law and fact with the consolidated securities action, as they assert the exact same securities laws claims on behalf of the exact same investors against the exact same Defendants for the exact same misconduct over the exact same Class Period. *See IMG*, ECF No. 21-1; *Craig*, 2017 WL 4785647, at *2; *Kops*, 2006 WL. 2035508, at *2.

The only supposed difference between the actions that IMG identifies is that *IMG* narrowly defines the class as including only investors in CenturyLink's 7.60% Senior Notes, while the consolidated action asserts claims on behalf of investors in ***all*** "CenturyLink securities." However, the consolidated *CenturyLink* securities class action already plainly includes claims on behalf of investors in the CenturyLink 7.60% Senior Notes. *See Great Rivers Co-op. of Se. Iowa v. Farmland Indus., Inc.*, 198 F.3d 685, 698 (8th Cir. 1999) (PSLRA's "definition of 'security' sufficiently broad to encompass virtually any instrument that might be sold as an investment."). But even if IMG's purported distinction were genuine—which it is not—courts in the Eighth Circuit and across the country routinely reject the notion that potential differences between securities of the same issuer justify separate treatment. *See, e.g.*, *In re Nw.*, 299 F. Supp. 2d at 1007 (consolidating actions asserting claims on different securities over objection); *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1151 (N.D. Cal. 1999) (same).

Moreover, here, as the court-appointed Lead Plaintiff, Oregon has already identified an investor with standing to assert claims on behalf of investors in the 7.60% Senior Notes that will serve as a named plaintiff in the operative complaint once the securities actions

are consolidated.[4]  Accordingly, here, no inconvenience, expense, or delay will arise from the consolidation of *IMG*, especially given that the claims and parties in *IMG* are entirely duplicative of the claims already asserted in the consolidated action and both actions are in their initial stages.  *Cf. Fin-Ag, Inc. v. NAU Country Ins. Co.*, 2009 WL 44479, at *2-3 (D.S.D. Jan. 6, 2009) (finding consolidation inappropriate where one case was ready for trial while the other was just beginning discovery).  To the contrary, substantial inconvenience will result if the actions are not consolidated.  The parties will be required to litigate, and the Court would have to preside, over two identical actions, thereby risking inconsistent or conflicting rulings regarding, *inter alia*, Defendants' liability and class members' recoverable damages.  *See Craig*, 2017 WL 4785647, at *2 (consolidating actions to eliminate "risk of inconsistent adjudications").

Permitting *IMG* to proceed separately would be entirely wasteful, prejudicial to investors and the Court, and contrary to the fundamental goal of the PSLRA's Lead Plaintiff provisions.  All relevant factors heavily favor consolidation pursuant to Rule 42(a) and the PSLRA, and the Court should consolidate the action.

**B.   IMG's Request for A Separate Litigation and Leadership Structure for the CenturyLink 7.60% Senior Notes Is Contrary to the PSLRA**

IMG's effort to maintain a separate action for the CenturyLink 7.60% Senior Notes

---

[4] *See In re Gen. Elec. Sec. Litig.*, 2009 WL 2259502, at *3 (S.D.N.Y. July 29, 2009) (noting that "[w]hen the lead plaintiff files a consolidated complaint, all differences will be resolved while the tone and direction of the lawsuit will remain unchanged"); *In re Bank of Am. Corp. Sec. Derivative & ERISA Litig.*, 2010 WL 1438980, at *2 (S.D.N.Y. Apr. 9, 2010) ("[I]t is within [the lead plaintiff's] authority to decide what claims to assert on behalf of the class.").

should also be rejected as a lawyer-driven attempt to carve out a role for IMG's counsel that is contrary to the primary aim of the PSLRA. *See In re Nw.*, 299 F. Supp. 2d at 1007 (purpose of PSLRA's Lead Plaintiff process to ensure that litigation is "investor-driven," not "lawyer-driven"). Courts routinely reject requests by "niche" investors like IMG to maintain separate litigation or install separate leadership for purportedly unique securities or claims as contrary to the goal of the PSLRA to empower a single Lead Plaintiff with the authority to manage the litigation "as a whole." *Hevesi*, 366 F.3d at 82 n.13; *see also Aronson*, 79 F. Supp. 2d at 1151 ("niche" plaintiffs' "speculations about possible conflicts" insufficient to rebut PSLRA's "presumption that one lead plaintiff can vigorously pursue *all* available causes of action against *all* possible defendants under *all* available legal theories") (emphasis in original).

As courts have explained, the PSLRA's Lead Plaintiff process renders it "inevitable that, in some cases, the lead plaintiff will not have standing to sue on every claim," *Hevesi*, 366 F.3d at 82. Under such circumstances, the PSLRA contemplates that the Lead Plaintiff identify ***named*** plaintiffs for any claims for which the Lead Plaintiff lacks standing—***not*** that the court appoint "lead plaintiffs" for every conceivable claim or entertain "an entirely separate class action lawsuit." *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 123 (S.D.N.Y. 2002); *see also In re Nw.*, 299 F. Supp. 2d at 1007 (quoting *Initial Pub. Offering*, 214 F.R.D. at 123) ("[I]t is not a requirement that a lead plaintiff under the PSLRA suffer losses on each type of security that may be at issue in the class action. 'The purpose of the lead plaintiff section of the PSLRA was never to do away with the notion of class representatives or named plaintiffs in securities class actions.'"); *In re Delphi Corp. Sec.*

11

*Deriv. & "ERISA" Litig.*, 458 F. Supp. 2d 455, 462 (E.D. Mich. 2006) (denying motion of "niche" investor, holding that separate lead plaintiff for "preferred securities purchasers is wholly unnecessary" where claims were "predicated upon the same allegedly false and fraudulent representations"); *Global Crossing*, 313 F. Supp. 2d at 204-05 ("Lead Plaintiffs have a responsibility to identify and include named plaintiffs who have standing" to represent investors who may have "distinct interests or claims").

Here, Oregon has faithfully exercised its responsibility as the court-appointed Lead Plaintiff to identify an investor in the 7.60% Senior Notes to serve as a named plaintiff in the consolidated complaint Oregon intends to file. Thus, the Court and the Class can be assured that the interests in CenturyLink's 7.60% Senior Notes and all members of the class will be fully protected. This fact only further confirms why consolidation is appropriate here. Indeed, upon consolidation, the Lead Plaintiff motion filed by IMG will be rendered moot because Oregon has already been appointed to represent the claims at issue in *IMG*—and, as noted, has already taken the appropriate steps to ensure those claims will be asserted in the consolidated complaint and vigorously prosecuted under Oregon's leadership. *See, e.g.*, *Thomas*, 2015 WL 3749784, at *5 (consolidating actions under previously-appointed leadership); *In re Delphi*, 458 F. Supp. 2d at 462 (denying "niche" investor's Lead Plaintiff motion, noting court-appointed Lead Plaintiff had undertaken to assert claims on behalf of investors in preferred securities).

In all events, the Lead Plaintiff motion filed by IMG is untimely, and should be denied for that reason as well. The PSLRA imposes a strict deadline for filing lead plaintiff motions, in keeping with Congressional intent "to have lead plaintiffs appointed as soon as

practicable," *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, at \*4 (N.D. Ill. Aug. 11, 1997), and courts routinely reject lead plaintiff motions filed after the statutory deadline. *See, e.g.*, *Okla. Law Enforcement Ret. Sys. v. Adeptus Health Inc.*, 2017 WL 3780164, at \*4 (E.D. Tex. Aug. 31, 2017) (declining to consider lead plaintiff motion filed after the 60-day window established by the PSLRA and citing cases); *Skwortz v. Crayfish Co.*, 2001 WL 1160745, at \*5 (S.D.N.Y. Sept. 28, 2001) ("The mandatory nature of the 60 day requirement follows from the structure of the PSLRA itself."); *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 818 (N.D. Ohio 1999) ("The PSLRA is unequivocal and allows for no exceptions. All motions for lead plaintiff must be filed within sixty (60) days of the published notice for the first-filed action.").[5]

The PSLRA deadline in this case expired on August 21, 2017, when Oregon and ten other investors filed timely motions, but IMG did not. *See, e.g.*, *Craig*, ECF Nos. 21, 24-26, 28-29. IMG's Lead Plaintiff motion, filed on December 26, 2017—more than **four months** after the Lead Plaintiff deadline expired—is untimely, and should be denied on this basis as well. *See IMG*, ECF No. 29-4; *Skwortz*, 2001 WL 1160745, at \*5; *Telxon*, 67 F. Supp. 2d at 818. The improper and belated attempt to secure separate leadership for investors in a single CenturyLink security by IMG—which asserts a *de minimis* financial interest in the claims at issue here compared to Oregon and all other timely movants—

---

[5] *See also In re Signet Jewelers Ltd. Sec. Litig.*, No. 1:16-cv-06728-JMF, ECF No. 100 (Dec. 27, 2017) ("*Signet*") (text order) (consolidating later-filed complaint under leadership of previously-appointed Lead Plaintiff and vacating improperly published PSLRA notice purporting to establish new Lead Plaintiff deadline for later-filed action).

should not interfere with the efficient prosecution of this action, and should be denied as contrary to the overwhelming case law interpreting the PSLRA.

## CONCLUSION

For the reasons set forth above, Lead Plaintiff Oregon respectfully requests that the Court consolidate *IMG* with the *CenturyLink* securities class action pursuant to Rule 42(a) and deny the Lead Plaintiff motion filed by IMG as moot, untimely, and otherwise contrary to the PSLRA.

Dated: March 5, 2018                    Respectfully submitted,


                                        /s/ Michael D. Blatchley
                                        John Browne, NYS Bar No. 3922747
                                        Michael D. Blatchley, NYS Bar No. 4747424
                                        **BERNSTEIN LITOWITZ BERGER**
                                        **& GROSSMANN LLP**
                                        1251 Avenue of the Americas
                                        New York, NY 10020
                                        Telephone: (212) 554-1400
                                        Facsimile: (212) 554-1444
                                        johnb@blbglaw.com
                                        michaelb@blbglaw.com

                                        Keith S. Dubanevich, OSB No. 975200
                                        Timothy S. DeJong, OSB No. 940662
                                        Keil M. Mueller, OSB No. 085535
                                        **STOLL STOLL BERNE LOKTING &**
                                        **SHLACHTER P.C.**
                                        209 SW Oak Street, Suite 500
                                        Portland, OR 97204
                                        Telephone: 503-227-1600
                                        Facsimile: 503-227-6840
                                        kdubanevich@stollberne.com
                                        tdejong@stollberne.com
                                        kmueller@stollberne.com

*Special Assistant Attorneys General and Counsel for Lead Plaintiff the State of Oregon by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund, and Lead Counsel for the Class*

Richard A. Lockridge, MN #64117
Gregg M. Fishbein, MN #202009
Kate M. Baxter-Kauf, MN #392037
**LOCKRIDGE GRINDAL NAUEN P.L.L.P**
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 596-4044
Facsimile: (612) 339-0981
ralockridge@locklaw.com
gmfishbein@locklaw.com
kmbaxter-kauf@locklaw.com

*Local Counsel for Lead Plaintiff the State of Oregon by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, March 5, 2018, I electronically filed the above Memorandum of Law in Support of the Motion of Lead Plaintiff Oregon for Consolidation of Related Action using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

*/s/ Michael D. Blatchley*
Michael D. Blatchley, NYS Bar No. 4747424