# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION**<br><br>This Document Relates to:<br><br>Civil Action No. 18-296 (MJD/KMM)<br>Civil Action No. 18-297 (MJD/KMM)<br>Civil Action No. 18-298 (MJD/KMM)<br>Civil Action No. 18-299 (MJD/KMM) | **MDL No. 17-2795 (MJD/KMM)**<br><br>**OREGON'S MEMORANDUM OF LAW IN RESPONSE TO KBC ASSET MANAGEMENT NV'S APPEAL OF THE MAGISTRATE JUDGE'S OCTOBER 20, 2017 ORDER APPOINTING OREGON AS LEAD PLAINTIFF** |

# **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT ..................................................................................................................... 4

    A.    KBC Cannot Show That the Order Appointing Oregon As Lead Plaintiff Was "Clearly Erroneous or Contrary to Law" ....................... 4

    B.    Oregon Was Correctly Appointed Lead Plaintiff Because It Has The Largest Financial Interest In The Relief Sought By the Class .................................................................................................... 6

    C.    Oregon Is Unquestionably Qualified to Serve As Lead Plaintiff ................................................................................................ 12

CONCLUSION ................................................................................................................ 13

# TABLE OF AUTHORITIES

**CASES**                                                **PAGE(S)**

*Averdick v. Hutchinson Tech., Inc.*,
   2006 U.S. Dist. LEXIS 47445 (D. Minn. Feb. 6, 2006) ........................................... 4, 5

*Bensley v. FalconStor Software, Inc.*,
   277 F.R.D. 231 (E.D.N.Y. 2011) ............................................................................. 2, 7

*Blitz v. AgFeed Indus.*,
   2012 WL 1192814 (M.D. Tenn. Apr. 10, 2012) ........................................................... 9

*Bray v. Frontier Commc'ns Corp.*,
   2018 WL 525485 (D. Conn. Jan. 18, 2018) ................................................................. 5

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ........................................................................................ 7

*Chakales v. C.I.R.*,
   79 F.3d 726 (8th Cir. 1996) .......................................................................................... 4

*In re Comverse Tech., Inc. Sec. Litig.*,
   2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) .................................................................. 7

*Craig v. CenturyLink Inc.*,
   2017 WL 4768566 (W.D. La. Oct. 20, 2017) ......................................................*passim*

*In re Cree, Inc., Sec. Litig.*,
   219 F.R.D. 369 (M.D.N.C. 2003) ................................................................................. 5

*Dura Pharmaceuticals, Inc. v. Broudo.*
   544 U.S. 336 (2005) ............................................................................................*passim*

*In re Enron Corp. Sec. Litig.*,
   206 F.R.D. 427 (S.D. Tex. 2002) ................................................................................ 12

*Galmi v. Teva Pharm. Indus. Ltd.*,
   2017 WL 7261318 (D. Conn. July 11, 2017) ......................................................*passim*

*In re Herley Indus. Inc.*,
   2010 WL 176869 (E.D. Pa. Jan. 15, 2010) ................................................................... 5

*InCompass IT, Inc. v. XO Commc'ns Servs., Inc.*,
   2012 WL 13027053 (D. Minn. Jan. 3, 2012) ............................................................... 4

*Khunt v. Alibaba Group Holding Ltd.*,
   102 F. Supp. 3d 523 (S.D.N.Y. 2015) .................................................................. 7, 10

*Kops v. NVE Corp.*,
   2006 WL 2035508 (D. Minn. July 19, 2006) ......................................................*passim*

*Kresefky v. Panasonic Comm'ns and Sys. Co.*,
   169 F.R.D. 54 (D.N.J. 1996) .................................................................................... 5

*Maliarov v. Eros Int'l PLC*,
   2016 WL 1367246 (S.D.N.Y. Apr. 5, 2016) ............................................................ 7

*Mallak v. City of Brainerd*,
   2015 WL 2254926 (D. Minn. May 13, 2015) ....................................................... 3, 4

*In re Ribozyme Pharm., Inc. Sec. Litig.*,
   192 F.R.D. 656 (D. Colo. 2000) .............................................................................. 10

*Ross v. Abercrombie & Fitch Co.*,
   2007 WL 895073 (S.D. Ohio Mar. 22, 2007) .......................................................... 4

*In re Sipex Corporation Sec. Litig.*,
   No. C 05-00392 (WHA) (N.D. Cal. May 24, 2005) ................................................ 9

*Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*,
   95 F. Supp. 3d 607 (S.D.N.Y. 2015) .................................................................... 2, 7

*In re Watchguard Sec. Litig.*,
   2005 U.S. Dist. LEXIS 40923 (W.D. Wash. July 13, 2005) ................................... 9

**STATUTES**

15 U.S.C. § 78u-4(a)(3)(B) ............................................................................... 1, 3, 4, 12

28 U.S.C § 636(b)(1)(A) ............................................................................................... 4

**OTHER AUTHORITIES**

D. Minn. L.R. 72.2(a)(3) .......................................................................................... 2, 4

Pursuant to the Court's February 8, 2018 Order (*MDL*, ECF No. 32), Court-appointed Lead Plaintiff Oregon respectfully submits this updated memorandum of law in response to KBC's appeal of the October 20, 2017 Order of Magistrate Judge Perez-Montes of the Western District of Louisiana appointing Oregon as Lead Plaintiff.  See *MDL*, ECF No. 45; *Craig*, ECF No. 87[1]

## PRELIMINARY STATEMENT

Magistrate Judge Perez-Montes appointed Oregon as Lead Plaintiff in the *CenturyLink* securities class action in a well-reasoned decision that strictly adheres to the requirements of the PSLRA.  *See Craig v. CenturyLink Inc.*, 2017 WL 4768566 (W.D. La. Oct. 20, 2017).  The Order follows the PSLRA's process for identifying the "most adequate plaintiff" and correctly determined that Oregon has the "largest loss" of any qualified lead plaintiff movant.  *Id*. at *2-5.  Specifically, the PSLRA requires appointment of the Lead Plaintiff movant with the "largest financial interest in the relief sought by the class" that is otherwise adequate and typical of the Class.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  The court correctly applied that standard in appointing Oregon as Lead Plaintiff.

Indeed, KBC's appeal concedes that Oregon has the largest financial interest when the movants' recoverable losses are measured under the Supreme Court's decision in *Dura Pharmaceuticals, Inc. v. Broudo*.  544 U.S. 336 (2005) ("*Dura*").  Further, KBC concedes

---

[1] Capitalized terms are defined in Oregon's opening brief in support of its motion for appointment as Lead Plaintiff unless otherwise noted.  *See Craig*, ECF Nos. 28-1, 47, 68.  All emphasis is added and citations and internal quotations omitted unless otherwise noted.

that calculating "financial interest" consistent with "*Dura* principles" at the lead plaintiff stage is required by this Court's decision in *Kops v. NVE Corp.*, 2006 WL 2035508, at *5 (D. Minn. July 19, 2006) (Davis, J.)—a holding that has been consistently applied by courts across the country.[2]  And KBC does not dispute that, when applying this Court's precedent in *Kops* and the Supreme Court's decision in *Dura*, Oregon has a financial interest that is more than twice as large as KBC's.  These concessions are dispositive, and confirm that Magistrate Judge Perez-Montes's decision appointing Oregon as Lead Plaintiff was correct, and certainly not "clearly erroneous or contrary to law." D. Minn. L.R. 72.2(a)(3).

Instead, rather than identify any "clear error," KBC asks this Court to reverse its decision in *Kops*, claiming that it was wrongly decided and that *Dura* should be disregarded. *MDL*, ECF No. 45 at 10-11.  Not surprisingly, however, courts have soundly rejected each argument KBC raises in support of reversal, correctly reasoning that "courts must only consider losses that will actually be *recoverable* in the action." *Topping v. Deloitte Touche Tohmatsu CPA, Ltd.,* 95 F. Supp. 3d 607, 617 (S.D.N.Y. 2015) (emphasis in original); *Teva*, 2017 WL 7261318, at *11.  In reality, there is no basis to reverse the Court's decision in *Kops*, and absolutely no grounds to disturb the Order appointing Oregon as Lead Plaintiff.

---

[2] *See, e.g., Bensley*, 277 F.R.D. at 238-39 (citing *Kops*); *Galmi v. Teva Pharm. Indus. Ltd.*, 2017 WL 7261318, at * 6 (D. Conn. July 11, 2017) (courts "overwhelmingly agree" that *Dura* applies at the lead plaintiff stage and that only "losses that will actually be recoverable in the class action" can be considered).

2

Moreover, KBC's appeal should also be denied because it was not "clearly erroneous or contrary to law" for Magistrate Judge Perez-Montes to reject KBC's motion under the discretionary provision of the PSLRA that applies to investors that have served as Lead Plaintiff in more than five securities class actions filed within the past three years. *See Craig*, 2017 WL 4768566, at *4 (citing 15 U.S.C. § 78u-4(a)(3)(B)(vi)) (barring such movants "[e]xcept as the court may otherwise permit"). Critically, KBC does not dispute that it, in fact, served as Lead Plaintiff in more than five securities class actions brought during the past three years, and thus it cannot show that the factual basis of the Order was "clearly erroneous." Similarly, because KBC concedes that this provision of the PSLRA is discretionary, it cannot show that Magistrate Judge Perez-Montes' exercise of discretion was "contrary to law."

In sum, nothing in KBC's appeal comes close to suggesting that this Court should reverse the Magistrate Judge's order under the "extremely deferential standard" of review that applies in this District. *Mallak v. City of Brainerd*, 2015 WL 2254926, at *1 (D. Minn. May 13, 2015). To the contrary, Magistrate Judge Perez-Montes correctly recognized – and Oregon's prosecution of this case to date confirms – that as a sophisticated, experienced Lead Plaintiff that brings to bear the resources of the Oregon Treasurer, the Oregon Attorney General, and the Oregon Department of Justice, Oregon readily satisfies the typicality and adequacy requirements of Rule 23, and is perfectly suited to represent the Class. The appeal should be denied.

# ARGUMENT

### A. KBC Cannot Show That The Order Appointing Oregon As Lead Plaintiff Was "Clearly Erroneous Or Contrary to Law"

Like all non-dispositive motions, rulings on motions seeking lead plaintiff appointment are subject to an "extremely deferential" standard of review, and KBC must show that the court's ruling was "clearly erroneous or contrary to law." D. Minn. L.R. 72.2(a)(3); 28 U.S.C § 636(b)(1)(A); *Mallak*, 2015 WL 2254926, at *1; *see also Ross v. Abercrombie & Fitch Co.*, 2007 WL 895073, at *3 (S.D. Ohio Mar. 22, 2007) (an order appointing a Lead Plaintiff is not a dispositive matter and should only be set aside if "found to be clearly erroneous or contrary to law"). Accordingly, the magistrate judge's decision must be affirmed unless "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. C.I.R.*, 79 F.3d 726, 728 (8th Cir. 1996); *see also InCompass IT, Inc. v. XO Commc'ns Servs., Inc.*, 2012 WL 13027053, at *1 (D. Minn. Jan. 3, 2012) ("This Court pays great deference to a magistrate judge's nondispositive determinations.").

Here, KBC contends that Magistrate Judge Perez-Montes's order was "clearly erroneous" because the court barred KBC from serving as Lead Plaintiff under a discretionary provision that applies to movants that have served as Lead Plaintiff in more than five cases in the past three years. 15 U.S.C. § 78u-4(a)(3)(B)(vi); *Averdick v. Hutchinson Tech., Inc.*, 2006 U.S. Dist. LEXIS 47455, at * 22-23 (D. Minn. Feb. 6, 2006) (Davis, J.) (PSLRA gives the "court express authorization to disregard the prohibition").

4

KBC does not dispute that KBC has served as Lead Plaintiff in eight cases in the past three years, as Magistrate Judge Perez-Montes found. Indeed, KBC's sworn certification concedes this fact. Accordingly, KBC cannot challenge the factual basis of Magistrate Judge Perez-Montes's ruling as "clearly erroneous." Instead, KBC argues that the decision to apply the bar was "contrary to law" because KBC is an institutional investor. But because application of the bar is discretionary, a court's decision to apply the bar – whether to an individual or an institution – can only be challenged as an abuse of discretion.[3] Indeed, KBC's own cases expressly acknowledge the discretionary nature of the bar – as did Magistrate Judge Perez-Montes. *See Craig*, 2017 WL 4768566, at *4 (noting bar applies "except as the court may otherwise permit").[4] The court's exercise of that discretion cannot be challenged as "clearly erroneous or contrary to law." *See, e.g., Kresefky*, 169 F.R.D. at 64 ("Where, as here, the magistrate has ruled on a non-dispositive

---

[3] Because KBC concedes the "five-in-three" bar is discretionary, it cannot claim *de novo* review is required, as KBC does not challenge the court's legal conclusion—only the exercise of its discretion. *See Kresefky v. Panasonic Comm'ns and Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996).

[4] KBC's own cases are in accord. *See Averdick*, 2006 U.S. Dist. LEXIS 47455, at * 22-23 (PSLRA gives the "court express authorization to disregard the prohibition"); *Bray v. Frontier Commc'ns Corp.*, 2018 WL 525485, at *10 (D. Conn. Jan. 18, 2018) ("the decision to bar a plaintiff that has served as a lead plaintiff in more than five securities class actions in three years . . . remains in the discretion of the district court"); *In re Herley Indus. Inc.*, 2010 WL 176869, at *4 n.4 (E.D. Pa. Jan. 15, 2010) ("this is a discretionary bar"); *In re Cree, Inc., Sec. Litig.*, 219 F.R.D. 369, 372 (M.D.N.C. 2003) (noting that bar applies "'except as the court may otherwise permit'"). KBC's other case, *Kuriakose v. Federal Home Loan Mortgage Co.*, did not reach the issue of whether the bar applied. 2008 WL 4974839, at *8 (S.D.N.Y. Nov. 24, 2008).

5

matter . . . his or her ruling is entitled to great deference and is reversible *only* for abuse of discretion"). Accordingly, there is no basis to reverse the Magistrate Judge's decision.[5]

In any event, KBC cannot claim that Magistrate Judge Perez-Montes's order was "clearly erroneous" because – as KBC concedes – Oregon has a far larger financial interest when the movants' recoverable losses are compared under *Dura* and this Court's decision in *Kops*.

### B. Oregon Was Correctly Appointed Lead Plaintiff Because It Has The Largest Financial Interest In The Relief Sought By The Class

Because Magistrate Judge Perez-Montes exercised his discretion to bar KBC, the Order did not address the parties' underlying arguments concerning their respective financial interests. However, the briefing before the Magistrate Judge shows that Oregon has the largest financial interest under the standards of the PSLRA, controlling U.S. Supreme Court authority, and this Court's decision in *Kops*. *See generally Craig*, ECF Nos. 47, 68.

Although KBC claimed a larger loss than Oregon, KBC's claimed loss is artificially inflated because the vast majority of that loss is not recoverable. As this Court has recognized, the Supreme Court's decision in *Dura* made clear that "a plaintiff cannot simply allege that the price of the stock was inflated by a misrepresentation at the time that

---

[5] KBC's attempt to smear Oregon by pointing out that its *counsel* has argued in other cases on behalf of other clients that the "five-in-three" bar was not intended to "strictly" apply to institutional investors should be swiftly rejected. *MDL*, ECF No. 45 at 7-8. *Counsel*'s arguments in different cases concerning the exercise of a court's discretion to apply five-in-three provision to other investors have no bearing on whether Magistrate Judge Perez-Montes erred here.

he purchased it," but instead must show that "the share prices fell after the truth became known, causing a loss to the plaintiff." *Kops*, 2006 WL 2035508, at *5.  Accordingly, when determining which investor has the "largest financial interest in the relief sought by the Class," only "losses incurred from sales occurring after disclosure, that is, losses proximately caused by the alleged fraud," can be considered.  *Id.* (applying "*Dura* principles" to PSLRA's largest financial interest calculation).

Courts across the country have followed this sound reasoning and "overwhelmingly" applied *Dura* to calculate which movant possesses the "largest financial interest" at the lead plaintiff stage.  *See, e.g., Teva*, 2017 WL 7261318, at *6 (courts "overwhelmingly agree" that *Dura* applies at the lead plaintiff stage and that only "losses that will actually be *recoverable* in the class action" can be considered); *In re Comverse Tech., Inc. Sec. Litig.*, 2007 WL 680779, at *4 (E.D.N.Y. Mar. 2, 2007) (applying *Dura* and citing *Kops*); *Bensley v. FalconStor Software, Inc.*, 277 F.R.D. 231, 238-39 (E.D.N.Y. 2011) (same); *Khunt v. Alibaba Group Holding Ltd.*, 102 F. Supp. 3d 523, 530-31 (S.D.N.Y. 2015) (applying *Dura*); *Maliarov v. Eros Int'l PLC*, 2016 WL 1367246, at *5 (S.D.N.Y. Apr. 5, 2016) (same); *Topping*, 95 F. Supp. 3d at 615 (same); *see also In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("largest financial interest" means the "most to gain from the lawsuit").

Indeed, KBC itself has in prior cases explicitly acknowledged this overwhelming authority and argued that *Dura* "***must***" be applied at the lead plaintiff stage.  Specifically, KBC previously acknowledged that "courts have held that losses incurred before the first fraud-correcting disclosure alleged in an action ***must***, pursuant to *Dura Pharmaceuticals,*

7

*Inc. v. Broudo*, 544 U.S. 336 (2005), be excluded from the PSLRA financial interest analysis." KBC Asset Management NV's Non-Opposition, *Pio v. General Motors Co.*, No. 4:14-cv-11191-LVP-MKM (E.D. Mich.) (citing cases), ECF No. 20 at 3-4 (attached hereto as Ex. A).[6]

Here, KBC sold the majority of its shares prior to *any* corrective disclosure—and therefore cannot recover a vast majority of its asserted loss under *Dura*. Indeed, five of the thirteen KBC managed funds sold out their *entire position* in CenturyLink stock up to *two years* before the first corrective disclosure that allegedly revealed the fraud. *See Craig*, ECF No. 47 at 2-3. Further, the remaining eight KBC entities incurred the majority of their losses on sales of stock *prior* to the first corrective disclosure. *See id.* at 3. Because these investment losses were incurred on sales that occurred prior to any corrective disclosure, they were not causally related to the fraud under *Dura*, and they must be excluded when assessing KBC's financial interest. When properly assessing the movants' losses under this standard, Oregon has a recoverable loss of $4.6 million whereas KBC has a recoverable loss of $1.8 million—and thus Oregon's financial interest is more than *twice as large* as KBC's. *See Craig*, ECF No. 47 at 7.

KBC concedes that Oregon has a larger financial interest when the movants' losses are calculated under *Dura* principles, and that, under such a calculation, Oregon was properly appointed Lead Plaintiff. *See generally MDL*, ECF No. 45. Instead, KBC now contends there is "good cause" for this Court to reverse its prior decision in *Kops*. *See id.*

---

[6] References to "Ex. __" are to the accompanying Affidavit of Michael D. Blatchley.

8

at 10-11. But *Kops* was correctly decided, and courts around the country have agreed with KBC's earlier position that *Dura* "must" be applied at the lead plaintiff stage.

In fact, courts have rejected each of the arguments KBC now raises to urge reversal. KBC first argues that applying *Dura* at the lead plaintiff stage is somehow unwarranted as *Dura* itself did not expressly address the calculation of "financial interest." *See MDL*, ECF No. 45 at 11-12. But as KBC previously acknowledged, the financial interest analysis – which seeks to determine which investor has the most to gain from the lawsuit – can only consider losses that "will actually be recoverable in the class action" under *Dura*. *Teva*, 2017 WL 7261318, at *6-7; Ex. A at 3-4 (KBC arguing that courts "must" consider *Dura* in assessing financial interest). Indeed, other courts have rejected this argument and the out-of-circuit decision relied on by KBC, *In re Watchguard Securities Litigation*, 2005 U.S. Dist. LEXIS 40923, at *15 n.6 (W.D. Wash. July 13, 2005), as singularly unpersuasive given that "one's financial interest in the litigation can only consist of what one can recover in that action." *Teva*, 2017 WL 7261318, at *6-7 (rejecting *Watchguard*).[7]

For the same reasons, KBC's next argument – that reliance on *Dura* is inappropriate due to principles of statutory construction – is similarly meritless. Indeed, the "overwhelming" authority applying *Dura* at the lead plaintiff stage recognizes that,

---

[7] In KBC's only other cases, *Blitz v. AgFeed Indus*., 2012 WL 1192814 (M.D. Tenn. Apr. 10, 2012) and *In re Sipex Corporation Securities Litigation,* No. C 05-00392 (WHA) (N.D. Cal. May 24, 2005), ECF No. 30 (*MDL*, ECF No. 45), the courts in fact considered *Dura* at the lead plaintiff stage. Indeed, the out-of-context comment from *Sipex* about the difficulty precisely quantifying the movant's losses is not remotely pertinent here, as KBC concedes that Oregon has a larger financial interest if *Dura* applies.

9

regardless of the differences between "financial interest" and "damages," if "a lead plaintiff movant cannot recover a given loss in the action he seeks to lead, the loss cannot logically contribute to his financial stake in that action." *Khunt*, 102 F. Supp. 3d at 531; *Kops*, 2006 WL 2035508, at *5.[8]

Next, KBC's contention that applying *Dura* principles at the lead plaintiff stage runs counter to the PSLRA's goal of ensuring quick appointment of a Lead Plaintiff is also wrong. In fact, courts have held the opposite, recognizing that failing to consider *Dura* at the lead plaintiff stage would "not serve the purposes of the PSLRA, which seeks to hand the reigns of class action litigation to the most adequate plaintiff—not the plaintiff who has posited itself as most adequate." *Teva*, 2017 WL 7261318, at *8. Moreover, doing so is particularly appropriate here give the movants' recoverable losses under *Dura* are not in dispute. Indeed, KBC concedes it lacks the largest financial interest if *Dura* is applied.

Finally, KBC is wrong to argue that Oregon has somehow reversed course by calculating the movants' losses under *Dura*. *MDL*, ECF No. 45 at 14-15. Indeed, similar allegations of "gamesmanship" have been rejected by other courts where movants file an application presenting loss figures under FIFO and LIFO and thereafter examine recoverable losses under *Dura*. As explained by one court under almost identical

---

[8] KBC's cases are inapposite. In *In re Cigna Corp. Securities Litigation*, the court declined to apply PSLRA lead plaintiff case law to calculation of damages at the summary judgment stage, noting that "some authority suggests that 'financial interest' in that context is not synonymous with damages." 459 F. Supp. 2d 338, at 352 (E.D. Pa. 2006) (citing *In re Ribozyme Pharm., Inc. Sec. Litig.*, 192 F.R.D. 656, 659-60 (D. Colo. 2000)). *In re Ribozyme Pharmaceuticals, Inc. Securities Litigation* predates *Dura*. *See generally* 192 F.R.D. 656.

circumstances as those here:

> [Oregon] cannot be faulted for failing to raise the notion of *Dura* recoverable losses in its initial motion because its own purported losses are largely unaffected by an application of *Dura*. [Oregon] had no reason to know that [KBC] would seek to include significant losses incurred prior to the [first corrective] disclosure. Accordingly, it had no reason to raise the issue of *Dura* loss calculation before opposing [KBC's] motion.

*Teva*, 2017 WL 7261318, at *8.

Here, Oregon has consistently presented its losses under the FIFO and LIFO methods, and raised *Dura* as soon as it learned that **nearly 90%** of KBC's purported loss is not recoverable under that controlling Supreme Court decision. *See Craig*, ECF No. 47 at 1-2, 5-8.[9] Suggesting that Oregon somehow engaged in "gamesmanship" in identifying the highly material discrepancy between KBC's claimed loss and its recoverable losses under *Dura* is wrong, and should be rejected out of hand.[10]

---

[9] As the *Teva* court noted, the "appropriate accounting method is wholly unrelated to which types of losses the court may consider." *Teva*, 2017 WL 7261318, at *7.

[10] The same is true of KBC's disingenuous claim that Oregon's *counsel* – not Oregon itself – has advocated calculating financial interest under a straightforward FIFO or LIFO calculation on behalf of other clients in other cases. *MDL*, ECF No. 45 at 14-15. Whatever relevance Oregon's *counsel's* position on behalf of other clients in other cases may have, KBC's examples do not help its argument. In *AIG* and *Huron*, Oregon's counsel in fact argued its clients had a larger loss under *Dura*, while in *Equifax*, Oregon's counsel's client was unopposed, rendering a *Dura* calculation unnecessary. In any event, the courts in *AIG* and *Huron* did not credit arguments against applying *Dura* at the lead plaintiff stage.

11

### C.  Oregon Is Unquestionably Qualified to Serve As Lead Plaintiff

As set forth above, Magistrate Judge Perez-Montes' decision appointing Oregon as Lead Plaintiff is not only correct, but is particularly sound here because Oregon is indisputably qualified to lead the action.[11]

Here, there is no dispute that Oregon is more than capable of leading this action and has the largest financial interest under *Dura*. As set forth in its motion papers, Oregon is a sophisticated, experienced Lead Plaintiff that brings to bear the resources and dedicated personnel of the Oregon Treasurer, the Oregon Attorney General, and the Department of Justice of the State of Oregon. The staff of these state agencies are highly experienced in conducting and supervising complex litigation. See *Craig,* ECF No. 47-2, de Haan Decl. ¶¶5-6, 9-13. The involvement of the Oregon Attorney General and the Oregon Treasurer ensures the Court that Oregon will provide the Class with the best possible representation. Indeed, KBC did not challenge Oregon's qualifications to serve as Lead Plaintiff or contest that Oregon is an adequate and typical member of the Class, and neither did any other movant. See *Craig,* ECF No. 87-1; 15 U.S.C. § 78u-4(a)(3)(B)(iii). Oregon's prosecution of investors' claims to date only confirms that it is uniquely qualified to serve in that role, and that Magistrate Judge Perez-Montes's Order should be affirmed.

---

[11] Indeed, courts have taken into account the availability of an alternate Lead Plaintiff with a significant financial interest when determining whether to apply the discretionary provision of the PSLRA to reject a movant like KBC. *See, e.g.*, *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 457 (S.D. Tex. 2002) (exercising discretion to bar movant because "there are other competent and qualified institutional applicants").

## CONCLUSION

For the reasons discussed above, Oregon respectfully requests that the Court affirm Magistrate Judge Perez-Montes' Order appointing Oregon as Lead Plaintiff.

Dated:  March 13, 2018                          Respectfully submitted,

/s/ Michael D. Blatchley
John Browne, NYS Bar No. 3922747
Michael D. Blatchley, NYS Bar No. 4747424
**BERNSTEIN LITOWITZ BERGER**
**& GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
johnb@blbglaw.com
michaelb@blbglaw.com

Keith S. Dubanevich, OSB No. 975200
Timothy S. DeJong, OSB No. 940662
Keil M. Mueller, OSB No. 085535
**STOLL STOLL BERNE LOKTING &**
**SHLACHTER P.C.**
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840
kdubanevich@stollberne.com
tdejong@stollberne.com
kmueller@stollberne.com

*Special Assistant Attorneys General and Counsel for Lead Plaintiff the State of Oregon by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund, and Lead Counsel for the Class*

Richard A. Lockridge, MN No. 64117
Gregg M. Fishbein, MN No. 202009

Kate M. Baxter-Kauf, MN No. 392037
**LOCKRIDGE GRINDAL NAUEN P.L.L.P**
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 596-4044
Facsimile: (612) 339-0981
ralockridge@locklaw.com
gmfishbein@locklaw.com
kmbaxter-kauf@locklaw.com

*Liaison Counsel for Lead Plaintiff the State of Oregon by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, March 13, 2018, I electronically filed the above Memorandum Of Law In Response To KBC Asset Management NV's Appeal Of The Magistrate Judge's October 20, 2017 Order Appointing Oregon As Lead Plaintiff using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

*/s/ Michael D. Blatchley*
Michael D. Blatchley