# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | : | |
|---|---|---|
| GEORGE PIO, Individually and on Behalf of All Other Persons Similarly Situated, | : : : | Civil Action No.: 2:14-cv-11191 |
| | : | CLASS ACTION |
| Plaintiff, | : : | |
| v. | : : | |
| | : | Judge Linda V. Parker |
| GENERAL MOTORS COMPANY, MARY T. BARRA, DANIEL AMMANN, ALAN S. BATEY, JAMES B. DELUCA, and DANIEL F. AKERSON, | : : : : : | |
| | : | |
| Defendants. | : : | |

### KBC ASSET MANAGEMENT NV'S NON-OPPOSITION RESPONSE TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF

On May 20, 2014, KBC Asset Management NV ("KBC") moved for appointment as lead plaintiff and approval of its selection of lead counsel in the above-captioned securities fraud class action against General Motors Company, Inc. ("GM"), and certain of GM's officers and directors. *See* ECF No. 10. Three other movants also filed a motion for appointment as lead plaintiff on that day in this District: (1) Arkansas Teacher Retirement System (ECF No. 13); (2) New York State Teachers' Retirement System ("New York Teachers") (ECF No. 14); and (3) Menora Mivtachim Insurance Ltd. and Menora Mivtachim Pension and

Gemel Ltd. (the "Menora Group") (ECF No. 15). Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), district courts are to adopt a presumption that the applicant with the largest financial interest in the relief sought by the class that also satisfies the requirements of Fed. R. Civ. P. 23 is the "most adequate plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(iii).

Although the PSLRA does not define the term "largest financial interest," Courts have determined financial interest based on the "*Lax* factors" set forth in the seminal case *Lax v. First Merchants Acceptance Corp.*, Case No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997). Under *Lax*, financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. 1997 WL 461036, at *5.

Here, while KBC is the exact type of large institutional investor contemplated by the PSLRA and satisfies the Rule 23 requirements, it does not appear to have the largest financial interest in the relief sought by the class. Instead, New York Teachers and the Menora Group have claimed greater financial interests. Of those two movants, New York Teachers has the greater financial interest based on three of the four *Lax* factors.

| Movant | No. Shares Purchased | No. Net Shares Purchased | Net Funds Expended | Reported Loss |
|---|---|---|---|---|
| New York Teachers (Common Stock) | 2,844,444 | 2,701,084 | $96,296,181.45 | ($3,456,904.49) |
| New York Teachers (Notes) | 1,695,000 | 1,695,000 | $1,716,843.75 | $19,649.50 |
| **New York Teachers Total:** | **4,539,444** | **4,396,084** | **$98,013,025.20** | **($3,437,254.99)** |
| | | | | |
| Menora Mivtachim Pensions and Gemel Ltd. (Common Stock) | 784,500 | 784,500 | $31,334,990.00 | ($4,352,809.00) |
| Menora Mivtachim Insurance Ltd. (Common Stock) | 185,000 | 185,000 | $7,377,657.00 | ($1,014,749.00) |
| **Menora Group Total:** | **969,500** | **969,500** | **$38,712,647.00** | **($5,367,558.00)** |

However, this Court may choose to "place the most emphasis on . . . the approximate loss suffered by the movant." *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 112 (E.D.N.Y. 2012). Moreover, courts have held that losses incurred before the first fraud-correcting disclosure alleged in an action must, pursuant to *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005), be excluded from the PSLRA financial interest analysis. *See, e.g., Eichenholtz v. Verifone Holdings, Inc.*, No. C 07-06140 MHP, 2008 WL 3925289, at *3 (N.D. Cal. Aug. 22, 2008) ("When calculating the greatest financial interest, the court adopts the retained share methodology, which primarily looks to shares bought during the class period that are retained at the end of the class period."); *Boyd v. NovaStar Fin., Inc.*, No. 07-0139-CV-W-ODS, 2007 WL 2026130, at *3 (W.D. Mo. July 9, 2007) ("However, [the financial interest] analysis should be modified to reflect the

Supreme Court's decision in *Dura Pharmaceuticals, Inc. v. Broudo*."). In light of *Dura*, New York Teachers is also likely to have the most "recoverable" losses among all movants because of the substantially greater number of net shares it retained through the alleged disclosures.

New York Teachers' financial interest entitles it to the presumption as the most adequate plaintiff. Should the Court find, however, that New York Teachers or any other movant is unwilling or unable to satisfy any of the PSLRA's requirements for appointment as lead plaintiff, KBC stands ready, willing and able to fulfill that role on behalf of the class.

DATED: June 6, 2014 *Respectfully submitted*,

**BENNER & FORAN**

*s/ Nancy Savageau*
Nancy Savageau

Nancy Savageau
Brian J. Benner
28116 Orchard Lake Road
Farmington Hills, MI 48334
Telephone: (866) 737-5544
Facsimile: (248) 737-5545
Email: nsavageau@brianbennerlawfirm.com
bbenner@brianbennerlawfirm.com

*[Proposed] Liaison Counsel*

James M. Hughes
David P. Abel

**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
Telephone:  (843) 216-9000
Facsimile:   (843) 216-9450
Emails:       jhughes@motleyrice.com
                    dabel@motleyrice.com

*[Proposed] Lead Counsel for*
*KBC Asset Management NV*