UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION**<br><br>This Document Relates to:<br><br>Civil Action No. 18-296 (MJD/KMM)<br>Civil Action No. 18-297 (MJD/KMM)<br>Civil Action No. 18-298 (MJD/KMM)<br>Civil Action No. 18-299 (MJD/KMM) | **MDL No. 17-2795 (MJD/KMM)**<br><br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF LEAD PLAINTIFF OREGON FOR CONSOLIDATION OF RELATED ACTION** |

Court-appointed Lead Plaintiff Oregon respectfully submits this reply memorandum of law in further support of its Motion for Consolidation of the related *IMG* action.[1]

## ARGUMENT

### I. *IMG* Should Be Consolidated With The *CenturyLink* Securities Action

Consolidation is manifestly appropriate here. As this Court has recognized, consolidation is appropriate where the "actions are essentially identical in their factual and legal bases and consolidation will effectively streamline discovery and general case management." *Kops v. NVE Corp.*, 2006 WL 2035508, at *2 (D. Minn. July 19, 2006) (Davis, J.); *see also* Fed. R. Civ. P. 42(a). IMG's complaint is virtually a word-for-word replica of those in the previously consolidated *CenturyLink* securities action, and thus nearly every question of law ***and*** fact is the same. *See* Mot. at 6-7. Further, every other factor considered by courts in the Eighth Circuit also overwhelmingly favors consolidation, as consolidation would avoid the risk of inconsistent decisions, promote judicial economy, and prevent the prejudice to the parties and the Court that would result if two nearly identical cases against the same defendants were separately litigated in the same court. *See* Mot. at 7-10.[2]

---

[1] Defined terms have the same meaning as in Oregon's opening brief. *See MDL*, ECF No. 54 (referred to herein as "Motion" or "Mot."). "Opposition" and "Opp." refer to IMG's Memorandum in Opposition to the Motion. *See MDL*, ECF No. 60. References to "Ex. __" are to the accompanying Affidavit of Michael D. Blatchley. Unless otherwise indicated, all emphasis is added and internal quotation marks and citations omitted.

[2] *See also Craig v. CenturyLink, Inc.*, 2017 WL 4785647, at *2 (W.D. La. Oct. 19, 2017) (consolidating *Craig*, *Scott*, and *Thummeti* because "they all involve the same issues of law and fact" and to eliminate the "risk of inconsistent adjudications"); *Kaplan v. Gelfond*, 240 F.R.D. 88, 92 (S.D.N.Y. 2007) (it is "well recognized" that "consolidation of stockholders'

In its Opposition, IMG does not seriously dispute that consolidation is appropriate here. It instead seeks to avoid consolidation by advancing arguments that have been emphatically rejected by courts and are demonstrably wrong on the facts. IMG first argues that the cases should be kept separate because *IMG* involves an "entirely different" security from the *CenturyLink* securities action. Opp. at 7-9. This is plainly incorrect. The Class in the *CenturyLink* securities action encompasses purchasers or acquirers of ***all*** "***CenturyLink securities***," including the 7.60% Senior Notes at issue in *IMG*. *Craig v. CenturyLink, Inc.*, 2017 WL 4768566, at *1 n.3 (W.D. La. Oct. 20, 2017). Both Magistrate Judge Perez-Montes and CenturyLink investors understood this fact. The eleven investors who timely filed motions seeking lead plaintiff appointment sought to lead a Class consisting of investors in ***all*** "***CenturyLink securities***" (*see, e.g.*, *Craig*, ECF Nos. 25-1 at 4, 26-1 at 2, 29-1 at 3, 47 at 10).[3] Moreover, Oregon included its trading in CenturyLink debt securities in the certification attached to its Lead Plaintiff Motion (*see Craig*, ECF No. 28-3), another applicant explicitly noted that the Class includes purchasers of "***common stock and notes***" (*Craig*, ECF No. 44 at 6), and the court expressly acknowledged that the Class included purchasers in CenturyLink notes in appointing Oregon as Lead Plaintiff.

---

suits often benefits both the courts and the parties by expediting pretrial proceedings, avoiding duplication of discovery, and minimizing costs").

[3] That two PSLRA notices specifically identified CenturyLink shareholders does nothing to change the analysis. *See* Opp. at 3-4. As Oregon explained, at least a dozen notices clearly informed investors in "CenturyLink securities" of the August 21, 2017 lead plaintiff deadline. *See* Mot. at 5.

*See Craig*, 2017 WL 4768566, at *5. IMG's argument that the 7.60% Senior Notes are somehow not included borders on frivolous.[4]

IMG's other arguments—that consolidation would prejudice investors in CenturyLink's 7.60% Senior Notes because Oregon purportedly lacks standing to pursue claims on those securities and is disinclined to do so—are similarly meritless. *See* Opp. at 8-12. To start, courts in this Circuit and across the country have uniformly rejected the notion that potential differences between equity and debt securities preclude consolidation. Instead, courts correctly recognize that maintaining separate actions (or appointing separate leadership) would run contrary to goal of the PSLRA to empower a single Lead Plaintiff with the authority to represent the Class "as a whole." *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82 & n.13 (2d Cir. 2004); *see also In re Nw. Corp. Sec. Litig.*, 299 F. Supp. 2d 997,

---

[4] IMG's cases dealing with the PSLRA's notice requirements (and not consolidation) undermine its argument. In *Teamsters Local 445 Freight Division Pension Fund v. Bombardier Inc.*, 2005 WL 1322721 (S.D.N.Y. June 1, 2005), the court held that a new PSLRA notice and Lead Plaintiff appointment process was required where a complaint alleging claims related to a single specific security was later amended to include claims on entirely different securities from different issuers. *See id.* at *2. Similarly, *In re Select Comfort Corp. Securities Litigation*, 2000 WL 36097395 (D. Minn. May 12, 2000), held that republication of a PSLRA notice was required where an amended complaint included additional legal claims and theories and substantially altered the class period. *See id.* at *2. Here, by contrast, the notices made clear that the action included claims on behalf of investors in **all** CenturyLink securities, including the 7.60% Senior Notes, and *IMG* alleges the exact same legal claims against the same defendants during the same Class Period. Moreover, although neither decision cited by IMG addressed consolidation, the court in *Teamsters* later appointed the same Lead Plaintiff over all securities at issue in the amended complaint (*see* Pretrial Order No. 2, *Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.*, No. 1:05-cv-01898-SAS-GWG (S.D.N.Y. Aug. 29, 2005), ECF No. 30 (Ex. A)), and the court in *Select Comfort* ordered the related cases consolidated. *See* Order, *In re Select Comfort Corp. Sec. Litig.*, No. 0:99-cv-00884-DSD-SRN (D. Minn. Sept. 21, 1999), ECF No. 16 (Ex. B).

1007 (D.S.D. 2003) (consolidating cases under leadership of lead plaintiff who lacked standing for certain claims because it "is not a requirement that a lead plaintiff under the PSLRA suffer losses on each type of security that may be at issue in the class action").[5]

Moreover, IMG's speculation concerning possible conflicts of interest is wrong. *See* Opp. at 11-12. Indeed, Oregon has already identified an investor who purchased the 7.60% Senior Notes and that investor will be included as a named plaintiff in the consolidated complaint Oregon intends to file.[6] Thus, rather than presenting any potential

---

[5] *See also In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.*, 458 F. Supp. 2d 455, 462 (E.D. Mich. 2006) (rejecting "niche" plaintiff who purchased unique security in favor of previously-appointed Lead Plaintiff that had greater losses on other securities); *Stein v. Match Grp., Inc.*, 2016 WL 3194334, at *7 (N.D. Tex. June 9, 2016) (declining to appoint "niche" plaintiff); *In re Third Ave. Mgmt. LLC Sec. Litig.*, 2016 WL 2997119, at *1 (S.D.N.Y. May 19, 2016) (same); *Hom v. Vale, S.A.*, 2016 WL 880201, at *6-7 (S.D.N.Y. Mar. 7, 2016) (same); *In re Bank of Am. Corp. Sec., Deriv. & ERISA Litig.*, 258 F.R.D. 260, 270-71 (S.D.N.Y. 2009) (same); *Strong v. Athrocare Corp.*, 2008 WL 11334942, at *7 (W.D. Tex. Dec. 10, 2008) (same); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 254 (S.D.N.Y. 2003) (same); *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1150-51 (N.D. Cal. 1999) (same); *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 447-49, 454, 459 (S.D. Tex. 2002) (noting that "courts have repeatedly concluded that stock purchasers can represent purchasers of debt instruments" in appointing stock investor as Lead Plaintiff over bond claims and rejecting arguments about conflicts and differences in stock and bond pricing and trading); *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 123 (S.D.N.Y. 2002) (rejecting argument that the PSLRA contemplates an "entirely separate class action lawsuit" or separate lead plaintiff to cover different securities).

[6] IMG's distasteful suggestion that Oregon would deceive the Court and the Class about the named plaintiff it has identified—or that *In re Northwestern* is somehow inapposite on this basis—should be rejected out of hand. This individual, which has retained Oregon's counsel, will be included as a named plaintiff in the consolidated complaint Oregon intends to file in compliance with the requirements of the PSLRA. *See* 15 U.S.C. § 78u-4(a)(2)(A); *In re Global Crossing, Ltd. Sec. Litig.*, 313 F. Supp. 2d. 189, 204-05 (S.D.N.Y. 2003). In any event, as the court-appointed Lead Plaintiff, it is within Oregon's authority to determine which claims to assert on behalf of the Class. *See In re Bank of Am. Corp. Sec., Deriv. & ERISA Litig.*, 2010 WL 1438980, at *2 (S.D.N.Y. Apr. 9, 2010) (consolidating debtholder action under leadership of previously-appointed lead plaintiff and rejecting bondholder leadership request because "it is within the lead plaintiff's authority to decide

"conflict" or "prejudice," consolidation would *avoid* the prejudice that would follow from having two identical actions asserting the same claims against the same defendants on behalf of investors in the exact same securities proceeding in the same court.[7]

## II. IMG's Request For Separate Leadership For The 7.60% Senior Notes Should Be Rejected As Contrary To The PSLRA

Revealing its true motive in opposing consolidation, IMG also requests that, if the Court orders consolidation, it designate IMG as a separate Lead Plaintiff and Federman & Sherwood as separate Lead Counsel on behalf of investors in the 7.60% Senior Notes. *See* Opp. at 12-14. The Court should swiftly reject this request. *See In re Nw.*, 299 F. Supp. 2d at 1007-08 (declining to appoint "niche" lead plaintiff over subclass of purchasers of unique security). As courts have repeatedly recognized, "the role of the lead plaintiff is to empower investors so that they—not their lawyers—exercise primary control over private securities litigation, [and] any requirement that a different lead plaintiff be appointed to bring every single available claim would contravene the main purpose of having a lead plaintiff." *Hevesi*, 366 F.3d at 82 n.13.

Instead, the PSLRA tasks the court-appointed Lead Plaintiff with the responsibility to "identify and include named plaintiffs who have standing to represent . . . purchasers of different categories of securities" that may be impacted. *Global Crossing*, 313 F. Supp.

---

what claims to assert on behalf of the class," including whether to "assert[] claims on behalf of holders of debt securities").

[7] Even if IMG were not wrong about the facts, "speculations about possible conflicts do not rebut the statutory presumption that one lead plaintiff can vigorously pursue *all* available causes of action against *all* possible defendants under *all* available legal theories." *Aronson*, 79 F. Supp. 2d at 1151 (emphasis in original).

2d. at 204-05.  Here, as court-appointed Lead Plaintiff, Oregon has already identified an investor who purchased CenturyLink's 7.60% Senior Notes and has standing to assert claims on that security, and who will be included as a named plaintiff in the consolidated complaint Oregon intends to file.  Thus, the Court can be assured that the interests of the Class are fully protected, and there is no basis to consider IMG's meritless request to appoint separate leadership to assert the claims that Oregon has been appointed to pursue.

## CONCLUSION

For the reasons set forth above, Lead Plaintiff Oregon respectfully requests that the Court grant its motion for consolidation.

Dated:  March 20, 2018                Respectfully submitted,

*/s/ Michael D. Blatchley*
John Browne, NYS Bar No. 3922747
Michael D. Blatchley, NYS Bar No. 4747424
**BERNSTEIN LITOWITZ BERGER**
**& GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
johnb@blbglaw.com
michaelb@blbglaw.com

Keith S. Dubanevich, OSB No. 975200
Timothy S. DeJong, OSB No. 940662
Keil M. Mueller, OSB No. 085535
**STOLL STOLL BERNE LOKTING &**
**SHLACHTER P.C.**
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840
kdubanevich@stollberne.com
tdejong@stollberne.com

kmueller@stollberne.com

*Special Assistant Attorneys General and Counsel for Lead Plaintiff the State of Oregon by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund, and Lead Counsel for the Class*

Richard A. Lockridge, MN No. 64117
Gregg M. Fishbein, MN No. 202009
Kate M. Baxter-Kauf, MN No. 392037
**LOCKRIDGE GRINDAL NAUEN P.L.L.P**
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 596-4044
Facsimile: (612) 339-0981
ralockridge@locklaw.com
gmfishbein@locklaw.com
kmbaxter-kauf@locklaw.com

*Liaison Counsel for Lead Plaintiff the State of Oregon by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund*