# EXHIBIT B

CASE 0:18-cv-00296-MJD-JFD   Doc. 163-2   Filed 10/12/18   Page 2 of 6
02-CV-17-3488

#125

Filed in District Court
State of Minnesota
9/25/2018 8:46 AM

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF ANOKA | TENTH JUDICIAL DISTRICT |

Case Type: Other Civil
(Consumer Protection)

State of Minnesota, by its Attorney General, Lori Swanson,

           Plaintiff,

vs.

CenturyTel Broadband Services LLC, d/b/a CenturyLink Broadband; Qwest Broadband Services, Inc., d/b/a CenturyLink; and Qwest Corporation, d/b/a CenturyLink QC,

           Defendants.

Court File No. 02-CV-17-3488

**THE STATE'S NOTICE OF MOTION FOR SANCTIONS, MOTION TO COMPEL DISCOVERY, MOTION TO AMEND THE STATE'S COMPLAINT, AND MOTION TO AMEND THE SCHEDULING ORDER**

TO:    Defendants CenturyTel Broadband Services LLC, d/b/a CenturyLink Broadband; Qwest Broadband Services, Inc., d/b/a/ CenturyLink; and Qwest Corporation, d/b/a CenturyLink QC, by and through their attorneys David M. Aafedt and Joseph M. Windler, Winthrop & Weinstine, P.A., 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402, and Douglas P. Lobel and David A. Vogel, Cooley LLP, One Freedom Square, Reston Town Center, 11951 Freedom Drive, Reston, VA 20190.

## NOTICE OF MOTIONS

PLEASE TAKE NOTICE that the State of Minnesota will bring: (1) A Motion for Sanctions; (2) A Motion to Compel Discovery; (3) A Motion to Amend the State's Complaint; and (4) A Motion to Amend the Scheduling Order, all to be heard by the Honorable Judge Daniel A. O'Fallon on December 7, 2018 at 10:00 A.M. at Anoka County Courthouse, 2100 3rd Avenue, Anoka, Minnesota 55303.

## MOTION FOR SANCTIONS

As will be more fully described and set forth in the Memorandum of Law filed in support of this Motion, the State moves the Court through Rules 33, 34, and 37 of the Minnesota Rules

of Civil Procedure, for an Order imposing any or all of the sanctions set forth in Rule 37.02 upon Defendants CenturyTel Broadband Services LLC, d/b/a CenturyLink Broadband; Qwest Broadband Services, Inc., d/b/a CenturyLink; and Qwest Corporation, d/b/a CenturyLink QC ("CenturyLink") for CenturyLink's failure to abide by the Court's July 23, 2018 Order.

As far back as 2016, CenturyLink admitted – to another State Attorney General's Office that is investigating the company's fraudulent business practices – that the company had conducted several audits showing that CenturyLink had committed 184,865 violations of that State's consumer protection statutes by engaging in 184,865 instances of over-billing of residents of that State. The State of Minnesota requested the same information that CenturyLink provided to that State. Upon CenturyLink's refusal to produce that information, the State successfully obtained a Court order requiring CenturyLink to produce this information to the State of Minnesota by August 22, 2018, which CenturyLink continues to refuse to provide.

This Motion is based upon the file of this case, any oral argument at the time of hearing, and the affidavits, exhibits, memorandum of law, and proposed order that will be served upon Defendants and filed with the Court in accordance with the deadlines set forth by Rule 115.04 of the Minnesota Rules of General Practice.

## MOTION TO COMPEL DISCOVERY

As will be more fully described and set forth in the Memorandum of Law filed in support of this Motion, the State moves the Court through Rules 33, 34, and 37 of the Minnesota Rules of Civil Procedure, for an Order granting the State's Motion to Compel and requiring CenturyLink to produce complete responses to the State's Fourth Set of Interrogatories and Second, Third, Fourth, and Fifth Sets of Document Requests, including, but not limited to, Interrogatory Nos. 36, 37, and 39, and Document Request Nos. 63, 64, 66, 67, 68, 70, 71, 73,

117, 119, 141, 162, 165, 168, 169, 173, 175, 176, 178, 184, 185, 188, 189, 191, 197, 198, and 199.

The State has repeatedly met and conferred with CenturyLink over the preceding months about CenturyLink's obligation to respond in good faith to the State's discovery requests. CenturyLink continues to refuse to provide basic information about: (1) documents and data that show *prima facie* evidence of the company's fraudulent over-billing of specific Minnesota consumers and (2) documents showing that high-level employees, including executives, within the company created and maintained fraudulent strategies to systematically over-bill Minnesota consumers.

This Motion is based upon the file of this case, any oral argument at the time of hearing, and the affidavits, exhibits, memorandum of law, and proposed order that will be served upon Defendants and filed with the Court in accordance with the deadlines set forth by Rule 115.04 of the Minnesota Rules of General Practice.

## MOTION TO AMEND THE STATE'S COMPLAINT

As will be more fully described and set forth in the Memorandum of Law filed in support of this Motion, the State moves the Court through Rule 15.01 of the Minnesota Rules of Civil Procedure to permit the State to amend its Complaint against CenturyLink.

Justice requires that the State be permitted to amend its Complaint, as CenturyLink produced documents and information to the State after service of the Complaint that CenturyLink withheld from the State during its pre-Complaint investigation, which require amendment to the State's Complaint. Further, CenturyLink has argued that a decision published by the Minnesota Court of Appeals nearly one year after the State filed this lawsuit has changed

the State's pleading obligations, and justice requires that the State therefore be permitted to amend its Complaint in light of this decision by the Court of Appeals.

This Motion is based upon the file of this case, any oral argument at the time of hearing, and the affidavits, exhibits, memorandum of law, and proposed order that will be served upon Defendants and filed with the Court in accordance with the deadlines set forth by Rule 115.04 of the Minnesota Rules of General Practice.

## MOTION TO AMEND THE SCHEDULING ORDER

As will be more fully described and set forth in the Memorandum of Law filed in support of this Motion, the State moves the Court through Rule 16 of the Minnesota Rules of Civil Procedure to amend the scheduling order.

CenturyLink's refusal to comply with the Court's July 23, 2018 order, and its failure to fully respond to the State's discovery require that the State be afforded additional time to conduct discovery in this case. With additional time for discovery and amendment of the State's Complaint, it is not practicable for the parties to complete other items set forth in the scheduling order in its current form.

This Motion is based upon the file of this case, any oral argument at the time of hearing, and the affidavits, exhibits, memorandum of law, and proposed order that will be served upon Defendants and filed with the Court in accordance with the deadlines set forth by Rule 115.04 of the Minnesota Rules of General Practice.

Dated: September 25, 2018

LORI SWANSON
Attorney General
State of Minnesota

/s/ **Alex K. Baldwin**
ALEX K. BALDWIN
Assistant Attorney General
Atty. Reg. No. 0396340

445 Minnesota Street, Suite 1200
St. Paul, Minnesota 55101-2130
(651) 757-1020 (Voice)
(651) 296-7438 (Fax)
alex.baldwin@ag.state.mn.us

ATTORNEYS FOR PLAINTIFF, STATE OF MINNESOTA

## MINN. STAT. § 549.211 ACKNOWLEDGMENT

The party on whose behalf the attached document is served acknowledges through its undersigned counsel that sanctions, including reasonable attorney fees and other expenses, may be awarded to the opposite party or parties pursuant to Minn. Stat. § 549.211 (2017).

Dated: September 25, 2018

/s/ **Alex K. Baldwin**
ALEX K. BALDWIN