| | |
|---|---|
| **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**<br>1251 Avenue of the Americas<br>New York, NY 10020 | **STOLL STOLL BERNE LOKTING & SHLACHTER, P.C.**<br>209 SW Oak Street, Suite 500<br>Portland, OR 97204 |

MICHAEL D. BLATCHLEY
michaelb@blbglaw.com
(212) 554-1281

KEITH S. DUBANEVICH
KDubanevich@stollberne.com
(503) 972-7120

June 14, 2019

**VIA ECF**

Honorable Michael J. Davis
United States District Court
U.S. Courthouse, Suite 13E
300 South Fourth Street
Minneapolis, MN 55415

      Re:  *In re CenturyLink Sales Practices and Sec. Litig.*, No. 17-md-02795-MJD-KMM; *Craig v. CenturyLink, Inc.*, No. 18-cv-00296-MJD-KMM ("*Craig*")

Dear Judge Davis:

      We represent Lead Plaintiff Oregon in the CenturyLink securities action and respectfully request leave to file as supplemental authority two recent decisions issued in the Minnesota Attorney General's action against CenturyLink, which arises out of same underlying misconduct alleged in this case (the "Minnesota AG Action"), and in response to arguments raised at the June 7, 2019 hearing on Defendants' motion to dismiss. ECF Nos. 154, 172.[1]

      Specifically, this week, Minnesota District Court Judge Bethany A. Fountain Lindberg granted the State's motions seeking to amend its complaint and to set a schedule for the filing of its forthcoming affirmative summary judgment motion concerning Defendants' liability under Minnesota consumer protection laws. *See* Exs. A & B. As the State represented at the hearing on these motions, the case against CenturyLink is "possibly the largest consumer fraud action we have filed since the landmark tobacco litigation a quarter of a century ago" (Ex. C (April 10, 2019 Hr'g Tr. 6:23-7:8)) and the State intends to affirmatively move for summary judgment on liability on the basis of CenturyLink's own expert's analysis which, according to the State, "determined that CenturyLink engaged in a widespread fraud over a period of years to falsely promise discounts it never provided." *Id.* at 5:22-6:22, 11:6-15. Notably, that analysis concerned the same internal CenturyLink audits that were conducted during the Class Period, in 2016, and cited in Lead Plaintiff's Complaint demonstrating that between one-third and one-half of all customers were potentially overbilled. *Id.* at 7:21-8:21, 14:23-15:5, 69:24-71:10; Complaint (ECF No. 143) at ¶¶1, 65-66, 178, 184-86.

---

[1] References to "ECF No. __" are to the docket entries in *Craig*, and references to "Ex. __" are to the exhibits attached hereto.

Hon. Michael J. Davis
June 14, 2019
Page 2

      Lead Plaintiff respectfully submits these materials in response to Defendants' argument that the Complaint's audit allegations do not support Defendants' scienter because they are purportedly improper, not "in any way reliable," and that Lead Counsel somehow violated Rule 11 in pleading them. Ex. D (June 7, 2019 Hr'g Tr. 23:17-24:10); *see also* Reply (ECF No. 164) at 4-7. To the contrary, the developments in the Minnesota AG Action corroborate the Complaint's allegations of a systemic, widespread billing fraud and Defendants' knowledge of these practices, particularly in light of Defendant Post's attempt to take personal credit for responding to the State's investigation during the Class Period. *See, e.g.*, Complaint (ECF No. 143) at ¶¶13, 104-08, 141-47, 163-69, 175-78.

      We thank the Court for its attention to this matter and welcome the opportunity to address any other questions the Court may have.

                                      Respectfully submitted,

Michael D. Blatchley        Keith S. Dubanevich

*Counsel for Lead Plaintiff Oregon and Lead Counsel for the Class*

Enclosures

cc:    Gregg M. Fishbein
        Lockridge Grindal Nauen PLLP
        *Liaison Counsel for Oregon*

        All attorneys of record (via ECF)