# EXHIBIT A

| | |
|---|---|
| STATE OF MINNESOTA<br>COUNTY OF ANOKA | DISTRICT COURT<br>TENTH JUDICIAL DISTRICT |
| State of Minnesota, by its Attorney General, Keith Ellison,<br>　　　　　　　Plaintiff,<br>v.<br>CenturyTel, Broadband Services, LLC, d/b/a CenturyLink Broadband, QuestBroadband Services, Inc., d/b/a CenturyLink; and Qwest Corporation, d/b/a CenturyLink QC,<br>　　　　　　　Defendant. | ORDER GRANTING<br>MOTION TO<br>AMEND COMPLAINT<br><br>Court File No. 02-CV-17-3488 |

The above-entitled matter came before the Honorable Bethany A. Fountain Lindberg, Judge of District Court, at the Anoka County Courthouse in Anoka, Minnesota. On April 10, 2019, the parties appeared before the Court on Plaintiff's Motion to Amend the Complaint. James Canaday, Esq. and Alex Baldwin, Esq., appeared on behalf of Plaintiff, State of Minnesota. David Aafedt, Esq. and Dana Moss, Esq. appeared on behalf of Respondent, CenturyTel, Broadband Services, LLC.

Based on the evidence presented, the arguments of counsel, and all of the files, records, and proceedings herein, the Court makes the following:

## ORDER

1. Plaintiff's Motion to Amend the Complaint is GRANTED.

2. The attached memorandum of law is incorporated herein by reference.

3. A copy of this Order shall be sent to the parties or their attorneys, if any, by U.S. Mail or e-service as appropriate. Such service shall constitute due and proper notice for all purposes.

BY THE COURT:

*Ba Lindberg* 　Fountain Lindberg, Bethany (Anoka Judge)
　　　　　　　　2019.06.10 10:55:10 -05'00'

Bethany A. Fountain Lindberg
Judge of District Court

<u>**MEMORANDUM OF LAW**</u>

**<u>Undisputed Facts</u>**

CenturyTel Broadband Services, LLC is a Louisiana limited liability company, doing business in Minnesota as CenturyLink Broadband. Its principal place of business is 100 Century Link Drive, Monroe, Louisiana 71203. It is registered with the Minnesota Secretary of State pursuant to the Minnesota Limited Liability Company Act. CenturyTel Broadband Services, LLC, acting in concert with other entities affiliated with CenturyLink, Inc., provides communications services in the State of Minnesota and it is a subsidiary of CenturyLink, Inc., a Louisiana Corporation. (Complaint ¶ 3; Answer ¶ 3).

Qwest Broadband Service, Inc. is a Delaware corporation, doing business in Minnesota as CenturyLink. Its principal place of business is 100 CenturyLink Drive, Monroe, Louisiana 71203. It is registered with the Minnesota Secretary of State pursuant to the Minnesota Foreign Corporation Act. Qwest Broadband Service, Inc., acting in concert with other entities affiliated with Century Link, Inc., provides communication services in the State of Minnesota and it is a subsidiary of CenturyLink, Inc., a Louisiana Corporation. (Complaint ¶ 4; Answer ¶ 4).

Qwest Corporation is a Colorado corporation, doing business in Minnesota as CenturyLink QC. Its principal place of business is 100 CenturyLink Drive, Monroe, Louisiana 71203. It is registered with the Minnesota Secretary of State pursuant to the Minnesota Foreign Corporation Act. Qwest Corporation, acting in concert with other entities affiliated with CenturyLink, Inc., provides communications services in the state of Minnesota and it is a subsidiary of CenturyLink, Inc., a Louisiana corporation. (Complaint ¶ 5; Answer ¶ 5).

On July 12, 2017, the State of Minnesota (hereinafter, "the State") commenced this lawsuit for consumer fraud and deceptive trade practices with service of the Summons and Complaint on

Defendants (hereinafter, "CenturyLink"). The State filed its Complaint on July 12, 2017, and lists thirty-five consumers CenturyLink is alleged to have deceived and details their alleged experiences with CenturyLink. The State claims the examples included in the Complaint are "representative and illustrative experiences of 35 Minnesotans to describe how CenturyLink has deceived consumers" and that "the State's allegations are not confined to the consumers described in the complaint." (Complaint at 8). The State now seeks leave from the Court to amend their Complaint to add facts to clarify the scope of the relief it is pursuing and add additional consumers CenturyLink is alleged to have deceived.

### Leave to Amend the Complaint

The Minnesota Rules of Civil Procedure provide for liberal amendment of the pleadings. Rule 15.01 states that, after a responsive pleading has been filed, "a party may amend a pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." In general, an amendment should be permitted unless a party opposing the amendment can demonstrate that prejudice will result from the amendment. *Fore v. Crop Hail Mgmt.*, 270 N.W.2d 13, 14 (Minn. 1978).

Denial of a motion to amend is appropriate where prejudice may result to the opposing party or where such an amendment would serve no legal purpose. *Lumbermen's Underwriting Alliance v. Tifco, Inc.*, 465 N.W.2d 580, 584 (Minn. App. 1991), *review denied* (Minn. Apr. 1, 1991).

### Prejudice to CenturyLink

CenturyLink, as the party objecting to the amendment, has the burden of proving that they will be prejudiced by the amendment of the Complaint. *Raspler v. Seng*, 11 N.W.2d 440 (Minn. 1943). CenturyLink argues that amending the Complaint would severely prejudice CenturyLink.

3

Essentially, it describes its prejudice as increasing the size of the lawsuit and pushing off the trial by several months.

First, it is unclear exactly what prejudice attaches by amending the Complaint to a magnitude larger than the initial Complaint. The increased magnitude alone doesn't demonstrate prejudice and CenturyLink failed to articulate how the magnitude of the party creates prejudice.

Second, the parties have voluntarily delayed the trial. The trial was previously scheduled for a February, 2019, trial but the trial was continued as neither party was prepared to proceed to trial in February.

Finally, a review of the current Complaint along with the prosed amendment(s) doesn't support the claim of prejudice. In the proposed amendment, the State does not set forth any new cause of action nor demand any new relief. The amendments added by the State clarify the scope of the relief being pursued by the State and insert additional customers alleged to have been defrauded by CenturyLink.

The State seeks to append additional facts to clarify the claims against CenturyLink and supplement examples of consumers CenturyLink is alleged to have deceived. CenturyLink has been on notice since the service of the Summons and Complaint that the thirty-five customers listed in the Complaint were only a representative sample of the customers the State would allege CenturyLink deceived. These examples were included to be illustrative of the claims against CenturyLink. The State's Complaint clarified that "the State's allegations are not confined to the consumers described in the complaint." (Complaint at 8). CenturyLink has not met its burden in demonstrating how it will be prejudiced by this amendment to the Complaint.

**Useful Purpose**

Even if there is no prejudice to the non-moving party, the Court may still deny an amendment if it will serve no useful purpose. *Envall v. Independent School Dist. No. 704*, 399 N.W. 2d 593 (Minn. Ct. App. 1987). The amendments the State seeks to include clarify the depth of the deceit CenturyLink is alleged to have committed against its customers. The State's Complaint filed and served on July 12, 2017, identifies thirty-five consumers the State alleges was deceived by CenturyLink's practices. The Complaint states that the alleged deceitful practices are not limited to the thirty-five consumers listed in the Complaint, but those experiences are included for illustrative purposes. The proposed amendments to the Complaint demonstrate the breadth of the allegations against CenturyLink and extend the allegations that CenturyLink was not honest in its billing practices. The State's proposed amendments are not futile. The proposed amendments seek to support the claims the State has made against CenturyLink.

CenturyLink has failed to establish they will be prejudiced by the amendment of the Complaint and the State has established the proposed amendments further the State's allegations and are not futile. The State's Motion for Leave to Amend the Complaint is granted.

B.A.F.L.