# Cooley

Patrick E. Gibbs                                                                                                                    BY ECF
+1 650 843 5535
pgibbs@cooley.com

June 19, 2019

Honorable Michael J. Davis
United States District Court
U.S. Courthouse, Suite 13E
300 South Fourth Street
Minneapolis, MN 55415

Re: *Craig v. CenturyLink, Inc.*, No. 18-cv-00296-MJD-KMM; *In re CenturyLink Sales Practices and Sec. Litig.*, No. 17-md-2795-MJD-KMM

Dear Judge Davis:

We respectfully write with the Court's prior permission to address Plaintiffs' June 14, 2019 letter, which nominally asks this Court for "leave to file as supplemental authority" two procedural orders recently issued in the Minnesota AG Action by Judge Bethany A. Fountain Lindberg of the Minnesota Tenth Judicial District. *See* ECF 176 ("Letter").

Plaintiffs' request for leave should be denied. To start, Plaintiffs do not cite either order for any legal principle or to illustrate the application of law to facts. As such, Plaintiffs do not cite either order as a "supplemental authority" at all. Instead, Plaintiffs are trying to use the orders (and, in particular, the arguments made by one side during the hearing on the motions) to prop up their own factual assertions about billing issues at CenturyLink. In effect, Plaintiffs' request for leave amounts to an effort to add new factual allegations to their Amended Complaint. It is procedurally improper and should be rejected by the Court on that ground alone.

In any event, setting aside the procedural impropriety, nothing in Judge Fountain Lindberg's orders supports Plaintiffs' claims or undermines any arguments Defendants have made for dismissal of the Amended Complaint. Briefly stated, the orders may be summarized as follows:

- <u>Order Granting Motion to Amend Complaint</u>. In this five-page order, Judge Fountain Lindberg granted the Minnesota AG leave to amend its complaint against CenturyLink. She noted that Minnesota Rule of Civil Procedure 15.01 provides that "leave [to amend] shall be freely given," reasoned that CenturyLink would not be unduly prejudiced by the proposed amendments given their relationship to prior allegations and the stage of the case, and found that the proposed amendments were "not futile" because they "seek to support the claims the State has made against CenturyLink." Letter Ex. A at 3-5. The State's amended complaint adds 66 new customers, where discovery in that case revealed that 21 of the 33 original customers actually were not seeking any restitution from CenturyLink. *See* Apr. 10 Tr. at 37:24-38:3, 43:19-22.

- <u>Order Granting Motion to Amend Scheduling Order</u>. In this four-page order, Judge Fountain Lindberg authorized an extension of the discovery period and changes to the scheduling order. She noted that the case was a "large one that brings with it unusual circumstances" and that it had been "complicated by changes in the judicial assignment." Letter Ex. B at 3.

# Cooley

Honorable Michael J. Davis
June 19, 2019
Page Two

Neither of these state court procedural rulings is relevant to Defendants' pending motion to dismiss the Amended Complaint in this federal securities class action, because they do not speak to whether Plaintiffs in this case have adequately alleged falsity, scienter, or loss causation. Plaintiffs point to assertions made by an Assistant State AG during the April 10 hearing on these motions, at which he contended that CenturyLink "audits" and an "expert's analysis" (regarding which the State apparently feels it has not received enough information) show sales practice problems. Letter at 1.

As Defendants made clear in support of their motion to dismiss, a plaintiff in a securities fraud case cannot properly rely on allegations made in a different case by a different litigant without conducting any independent inquiry. *See* Reply ISO Mot. to Dismiss (ECF No. 164) at 5 (citing cases). Plaintiffs cite no contrary authority, and now argue – remarkably – that they can cure this deficiency in their Amended Complaint by quoting oral arguments made by an advocate for the same litigant that they cited in the Amended Complaint. But that is no more persuasive than the factual allegations that Plaintiffs lifted from the underlying briefing. In both cases, Plaintiffs simply cut and pasted arguments made by a litigant in another case, without any independent effort to verify those claims. The fact that Judge Fountain Lindberg granted the State leave to amend its complaint and adjusted her scheduling order does not remotely suggest that she has "corroborate[d]" the truth of any of the underlying allegations made by the State on April 10 or at any other time. Letter at 2. Indeed, her orders demonstrate that she has not done so. *See* Letter Exs. A, B.

Tellingly, the oral argument Plaintiffs quote liberally in their letter occurred on April 10, 2019, *two months before* this Court heard argument on Defendants' instant Motion to Dismiss. If Plaintiffs felt that the Assistant State AG's statements were particularly pertinent or authoritative, they could have referred the Court to them on or before June 7. Certainly, Plaintiffs have not previously hesitated to present similar advocacy pieces from the Minnesota AG Action to this Court. *See, e.g.*, Opp. to Mot. to Dismiss (ECF No. 162) at 24 (citing and attaching non-dispositive motion by Minnesota AG). But Plaintiffs chose not to mention the April 10 Transcript to this Court on June 7. Further, if Plaintiffs have undertaken efforts to independently investigate the basis for the Assistant State AG's April 10 statements, one might reasonably expect their Letter to represent as much—but it does not. Plaintiffs' sustained efforts to cut and paste "unproven, untested allegations" made by another litigant still fail to state a claim. *See Maine State Ret. Sys. v. Countrywide Fin. Corp.*, 2011 WL 4389689, at *19-21 (C.D. Cal. 2011) (striking allegations that "quote[d] and cite[d] to unproven, untested allegations in complaints filed in separate lawsuits, as if they were facts").

Plaintiffs' request for leave to file yet another supplemental authority is a barely-concealed effort to plug a substantial hole in their Amended Complaint. It is procedurally improper, and in any event, it fails on its own terms. Arguments made by an advocate in another case have nothing to do with the adequacy of Plaintiffs' factual allegations in this case, and the court's subsequent procedural rulings (which do not in any way credit any of the factual assertions made by the Minnesota AG in support of those motions) do not change the analysis.

We respectfully thank the Court for considering our letter and look forward to receiving the Court's decision on Defendants' motion to dismiss.

Respectfully submitted,

*/s/ Patrick Gibbs*
Patrick E. Gibbs

cc:    All attorneys of record (by email)