# Cooley

Patrick E. Gibbs                                                                                    BY ECF
+1 650 843 5535
pgibbs@cooley.com


July 10, 2019

Honorable Michael J. Davis
United States District Court
U.S. Courthouse, Suite 13E
300 South Fourth Street
Minneapolis, MN 55415


Re:  *Craig v. CenturyLink, Inc.*, No. 18-cv-00296-MJD-KMM; *In re CenturyLink Sales Practices and Sec. Litig.*, No. 17-md-2795-MJD-KMM

Dear Judge Davis:

We respectfully write with the Court's prior permission to briefly address Plaintiffs' July 1, 2019 letter, which notifies the Court of two additional procedural orders recently issued in the Minnesota AG Action by Judge Bethany A. Fountain Lindberg of the Minnesota Tenth Judicial District.  *See* ECF 178 ("Letter").

Plaintiffs' letter should be disregarded.  By their own admission, Plaintiffs still have done no independent inquiry into the validity of the Minnesota AG's allegations, apart from purportedly contacting that other litigant at some unspecified past time.  *See* June 7, 2019 Hr'g Tr. at 52.  This is improper and contrary to long-standing authority that requires plaintiffs to actively investigate whether an adequate factual basis exists for their allegations.  *See* Reply ISO Mot. to Dismiss (ECF No. 164) at 5 (citing cases).  Plaintiffs have never cited any authority to the contrary.  Plaintiffs have repeated this tactic of forwarding materials to the Court nonetheless, in an apparent attempt to compensate for the deficiencies of their actual complaint at issue here.

Moreover, the state court orders Plaintiffs attached as Exhibits A and B to their Letter are irrelevant to the pending motion to dismiss in this action.  They resolved two unrelated discovery disputes regarding document productions and the enforcement of a protective order.  Judge Fountain Lindberg made no factual findings that support any of Plaintiffs' allegations in this case.

Finally, the Minnesota AG's amended complaint consisting of unproven allegations cannot "corroborate" the allegations made by Plaintiffs in this case, especially because Plaintiffs' allegations are ***an exact copy*** of the Minnesota AG's in the first place.  In any event, CenturyLink has expressly denied the allegation that one-third, or 46%, of customers were overbilled.  *See* Exhibit A at ¶ 40 (Answer to Minnesota AG Amended Complaint).  Indeed, the Minnesota AG, in making that allegation, grossly mischaracterized the relevant CenturyLink document—which did ***not*** show that 46% of CenturyLink customers were overbilled—and Plaintiffs, who have never seen the document in question, blindly parroted the Minnesota AG's clear misrepresentations.  Plaintiffs also fail to inform the Court that CenturyLink explained to the state court that the Minnesota AG misrepresented the document.  The subject statistic relates to a small, indeterminate fraction of the overall customer base at an unspecified particular point in time, and has nothing to do with "overbilling."  It reported a percentage of certain accounts that would need point-of-sale promotions to be applied by manual adjustments rather than by automated processing.  *See* Exhibit B at p. 20 (Defendants' Consolidated Response to the State's Motions to Amend the Complaint and to Amend the Scheduling Order).   It certainly does nothing to support any allegation in Plaintiffs' complaint here about any material misrepresentation under the



Honorable Michael J. Davis
July 10, 2019
Page Two

securities laws, or the legal standard that applies under the PSLRA.  Neither the document, the state court's discovery orders, nor the arguments made by another litigant are "supplemental authority" of anything.

We respectfully thank the Court for considering our letter and continue to look forward to receiving the Court's decision on Defendants' motion to dismiss.


Respectfully submitted,

*/s/ Patrick Gibbs*
Patrick E. Gibbs

cc:      All attorneys of record (by email)