UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION<br><br>This Document Relates to:<br>Civil File No. 18-296 (MJD/KMM) | MDL No. 17-2795 (MJD/KMM) |

**[PROPOSED] ORDER REGARDING PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF
<u>CLASS REPRESENTATIVES AND CLASS COUNSEL</u>**

Having considered Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel, all papers and argument submitted in support of and in opposition thereto, and all other documents and pleadings filed in this action,

IT IS HEREBY ORDERED THAT:

(1) Plaintiffs' Motion for Class Certification and Appointment of Class Representatives and Class Counsel is **GRANTED**.

(2) The following class (the "Class") is hereby certified pursuant to Federal Rule of Civil Procedure 23:

All persons and entities that purchased or otherwise acquired publicly traded CenturyLink, Inc. ("CenturyLink") common stock or 7.60% Senior Notes due September 15, 2039 during the period between March 1, 2013 to July 12, 2017, inclusive (the "Class Period"), and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, CenturyLink's affiliates and subsidiaries, the officers and directors of CenturyLink and its subsidiaries and affiliates at all relevant times, members of the

  immediate family of any excluded person, heirs, successors, and assigns of any excluded person or entity, and any entity in which any excluded person has or had a controlling interest.

(3)  Lead Plaintiff the State of Oregon by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund ("Oregon") and Plaintiff Fernando Alberto Vildosola, as trustee for the AUFV Trust U/A/D 02/19/2009, are appointed as Class Representatives.

(4)  Plaintiffs' chosen counsel Bernstein Litowitz Berger & Grossmann LLP and Stoll Stoll Berne Lokting & Shlachter P.C. are appointed as Class Counsel.

(5)  This Court bases this certification order on the following findings, each of which are supported by Plaintiffs' submissions:

  a.  **Numerosity**: Plaintiffs have demonstrated that the class is so numerous that joinder of all members is impracticable.

  b.  **Commonality**: Plaintiffs have satisfied the commonality requirement by identifying common questions of law and fact including but not limited to: (a) whether Defendants' misrepresentations and omissions as alleged herein violated the federal securities laws; (b) whether Defendants' misrepresentations and omissions as alleged herein misrepresented material facts about, among other things, CenturyLink's billing practices and financial performance during the Class Period; (c) whether Defendants' misrepresentations and omissions as alleged herein caused the Class members to suffer a compensable loss; and (e)

        whether the members of the Class have sustained damages, and the proper measure of damages.

c. **Typicality**: Lead Plaintiff and Plaintiff have demonstrated that their claims are typical of the claims of the Class, and therefore typicality is met.

d. **Adequacy**: The Court finds that Plaintiffs will fairly and adequately represent the interests of the Class.

e. **Predominance**: Common issues of fact and law such as falsity, materiality, and scienter are subject to common proof and predominate over individual issues in this action. Common issues also predominate regarding reliance. First, Plaintiffs are entitled to a presumption of reliance under the "fraud-on-the-market" theory. Second, Plaintiffs are entitled to a presumption of reliance under *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972), because Plaintiffs' claims are based upon omissions of material fact that there was a duty to disclose. Damages can also be calculated on a class-wide basis.

f. **Superiority**: Pursuant to Fed. R. Civ. P. 23(b)(3), the Court further finds that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The common questions identified above predominate over any individualized issues. Even if it were feasible for individual Class members to bring suit, it would be highly inefficient to do so. Plaintiffs have advanced the

litigation significantly. The Court is unaware of any other litigation by or against Class members concerning the claims asserted in this action.

**IT IS SO ORDERED.**

Dated: _____  _____
The Honorable Michael J. Davis
United States District Judge