# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION** | **MDL No. 17-md-2795-MJD-KMM** |
| This Document Relates to:<br><br>Civil Action No. 18-296-MJD-KMM | **SCHEDULING AND CASE MANAGEMENT ORDER** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and inexpensive determination of this action, the following Case Management Order shall govern these proceedings. This Order may be modified upon a showing of good cause as required by Local Rule 16.3.

The parties are expected to use good faith efforts to preserve, request, identify and produce relevant information and to work cooperatively to resolve any discovery disputes that arise. Counsel must also keep the court timely informed of developments in the case that could significantly affect the case management schedule.

In addition, this Order incorporates (but does not restate) all of the agreements reached by the parties and set forth in their Rule 26(f) report (ECF No. 451). Such agreements include the parties' observations about the commencement and form of discovery requests, (¶ c(2)), and agreements regarding the content and timing of interrogatories (¶ c(4)(A)).

## PLEADINGS

1. All motions that seek to amend or supplement the pleadings or to add parties must be filed on or before **March 16, 2020**.

## FACT DISCOVERY DEADLINES AND LIMITS

1. All pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before **September 17, 2019**.

2. Fact discovery shall be commenced in time to be completed on or before **September 21, 2020**.

3. No more than a total of **30 interrogatories**, counted in accordance with Rule 33(a), shall be served by each side. No more than **160 document requests** and no more than **75 requests for admissions** shall be served by each side.

4. Each side may take no more than **200 hours of depositions, including Rule 30(b)(6) depositions** of fact witnesses, with that time allotted between as many witnesses as necessary.

5. Production of documents should begin as soon as possible, and should be conducted on a rolling basis.

6. The parties must substantially complete the production of documents by **March 2, 2020**. If completing full production by this date proves impossible despite sincere efforts, the parties can agree to additional production following the deadline. However, production of documents related to class certification must be completed by this deadline.

7. Any party that withholds documents on the basis of an alleged privilege must provide a privilege log to opposing counsel by no later than 30 days after the production whenever possible. If additional time is needed due to an unusually large number of purportedly privileged documents in a given production, the parties should meet and confer to set an acceptable deadline. All privilege logs must be produced no later than **April 15, 2020**, unless good cause exists for delay.

**EXPERT DISCOVERY**

1. Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

    a. Both sides have indicated that they might rely upon expert evidence related to class certification. This Order contemplates that such expert discovery will take place prior to and during the briefing schedule related to class certification. If either side believes that additional expert disclosure deadlines are required for class-certification experts, they should notify the Court on or before **December 2, 2019**, so that a schedule can be arranged.

    b. Aside from class-certification experts, the identity of any expert who may testify at trial regarding issues on which a party has the burden of persuasion must be disclosed on or before **August 7, 2020**. Additional experts must be disclosed on or before **August 28, 2020**.

    c. The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **October 13, 2020**.

    d. The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before **November 13, 2020**.

    e. Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **November 13, 2020.**

2. Each side may take one deposition per expert. Expert discovery, including depositions, shall be completed by **December 2, 2020**.

**NON-DISPOSITIVE MOTIONS**

All non-dispositive motions shall comply with the Electronic Case Filing Procedures for the District of Minnesota, with Local Rules 7.1 and 37.1, and be in the

3

form prescribed by Local Rule 37.2. **Courtesy copies for Judge Menendez are not necessary, unless the motions contain or refer to documents that are not filed on ECF.** The "Meet and Confer" requirement must include attempts to communicate through personal contact, rather than solely through written correspondence. All non-dispositive motions shall be scheduled for hearing by calling Kathy Thobe, Judicial Assistant to Magistrate Judge Menendez, at 612-664-5140, prior to filing, except when all parties are in agreement that no hearing is required.  Counsel are advised not to notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission to do so. All motions must be filed and served within the time periods set forth in the local rules.

1. Non-dispositive motions and supporting documents, other than those addressing class certification, seeking to amend or supplement the pleadings, or relating to expert discovery, shall be filed and served on or before **September 28, 2020**.

2. All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before **December 9, 2020**.

### INFORMAL DISPUTE RESOLUTION (IDR)

When appropriate, the parties should bring discovery disputes to the Court using an informal approach. One or both parties can contact the Court via phone or email to set a prompt telephone conference to discuss the issues. The day before the conference, the parties shall email (not file) the Court either a joint letter setting forth their respective positions or separate letters. If the parties submit separate letters, they must serve a copy on the opposing side unless they have received prior permission from the Court to submit

the letters *ex parte*.  Letters should be concise and focus on narrowing the issue in dispute as much as possible.

## CLASS CERTIFICATION DEADLINES

1. Any Motion for Class Certification must be filed and served on or before **January 21, 2020**.

2. Defendants' depositions related to Class Certification shall be completed on or before **March 4, 2020**.

3. Opposition to Class Certification shall be filed on or before **March 18, 2020**.

4. Plaintiffs' depositions related to Class Certification shall be completed on or before **April 15, 2020**.

5. Any reply shall be filed on or before **April 29, 2020**.

## DISPOSITIVE MOTIONS

All dispositive motions shall be filed by the moving party on or before **December 21, 2020**.  The parties must address an appropriate briefing schedule for oppositions and replies with Judge Davis, ideally by stipulation, by no later than **December 1, 2020**.  All dispositive motions shall be scheduled, filed and served in compliance with the Electronic Case Filing procedures for the District of Minnesota and in compliance with Local Rule 7.1.  Counsel shall schedule the hearing by calling Judge Davis' Courtroom Deputy, Gerri Rishel, at 612-664-5070.

When a motion, response or reply brief is filed on ECF, two paper courtesy copies of the pleading and all supporting documents shall be mailed or delivered to Courtroom

Deputy Gerri Rishel at the same time as the documents are posted on ECF. If the moving papers are more than one inch combined, the papers should be provided in a tabbed, three-ring notebook.

Date: October 16, 2019                              *s/ Katherine Menendez*
                                                                             Katherine Menendez
                                                                             United States Magistrate Judge

# ATTACHMENT A

| Event | Deadline |
|---|---|
| **Initial Disclosures** | September 17, 2019 |
| **Begin Rolling Productions** | As soon as possible |
| **Deadline for Production of Privilege Logs** | 30 days after each document production |
| **Substantial Completion of Document Production** | March 2, 2020 |
| **Class Certification Opening Brief** | January 21, 2020 |
| **Defendants' Deposition Related to Class Certification Complete** | March 4, 2020 |
| **Class Certification Opposition** | March 18, 2020 |
| **Plaintiffs' Depositions Related to Class Certification Complete** | April 15, 2020 |
| **Class Certification Reply** | April 29, 2020 |
| **Identity of Experts Disclosed (aside from class certification experts)** | August 7, 2020 |
| **Additional Experts Disclosed (aside from class certification experts)** | August 28, 2020 |

| | |
|---|---|
| **Fact Discovery Cutoff** | September 21, 2020 |
| **Deadline to add parties and to amend the pleadings** | March 16, 2020 |
| **Expert Reports** | October 13, 2020 |
| **Expert Rebuttal Reports** | November 13, 2020 |
| **Completion of Expert Depositions/End of All Discovery** | December 2, 2020 |
| **Dispositive Motions** | December 21, 2020 |