# Exhibit S

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF ANOKA | TENTH JUDICIAL DISTRICT |

Case Type: Other Civil
(Consumer Protection)

State of Minnesota, by its Attorney General, Keith Ellison,

           Plaintiff,

v.

CenturyTel Broadband Services LLC, d/b/a CenturyLink Broadband; Qwest Broadband Services, Inc., d/b/a CenturyLink; and Qwest Corporation, d/b/a CenturyLink QC,

           Defendants.

Court File No. 02-CV-17-3488
Judge Bethany Fountain Lindberg

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO THE STATE'S THIRD MOTION TO COMPEL DISCOVERY**

## INTRODUCTION

CenturyLink respectfully submits that once the Court knows, what the State already knows, this motion can be summarily denied.[1] Absent from the State's presentation of the record is the following: On July 15, 2019, CenturyLink served complete responses to the State's Sixth and Seventh Set of Interrogatories, and responded to the State's Second Set of Requests for Admissions.[2] Then, in July and August 2019, CenturyLink produced over 176,600 pages of documents responsive to the State's discovery requests.[3] The Court should also know that CenturyLink told the State that it has, and will continue to, voluntarily produce additional

---

[1] The State's Supporting Memorandum is filled with inflammatory and unsubstantiated accusations that CenturyLink disputes and which, in the appropriate forum, will defend against. CenturyLink's opposition addresses only the outcome determinative issues presented in the State's Third Motion to Compel Discovery.

[2] See Affidavit of Dana J. Moss in Support of Defendants' Opposition to State's Third Motion to Compel Discovery, ¶¶1-3 ("Moss Aff.").

[3] With that production, CenturyLink has produced over 262,400 pages and responded to 236 document requests, 76 interrogatories, 56 requests for admissions. (Moss Aff., ¶13).

304209050v7 1022882

CTLMNSEC00022505

documents responsive to the State's requests, and that it is preparing supplemental responses to the State's Interrogatory Nos. 39, 41, 42, and Request for Admission 56 to be served by the week of August 26, 2019.[4]

Because CenturyLink has responded, and is responding, to the few discovery requests of the State that remain outstanding, there is no basis to compel discovery. CenturyLink also respectfully submits that the State's motion should be denied as procedurally deficient. The State's motion does not include the required Rule 37.01(b)(2) "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." There is no certification because the State made no such effort. Because of that, and because CenturyLink has and is responding to the discovery at issue, the State's Third Motion to Compel Discovery is appropriately denied.

**MOTION RECORD**

I.   **The State's Withdrawn Second Amended Notice of Consolidated Discovery Motion and this Unannounced Third Motion to Compel Discovery.**

In July of 2019, the State scheduled and filed an initial, an amended, and then a second amended notice of consolidated discovery motion against CenturyLink. (Dkt. Nos. 240, 241, 242). In those motions the State sought to compel, or obtain other relief, relating to 28 (of the now over 300) discovery requests the State served on CenturyLink. (Dkt. No. 242, pp. 2-3). CenturyLink then served multiple sets of discovery responses in July of 2019, as well as a further production of over 176,600 pages of documents.[5] (Moss. Aff., ¶ 12). On August 15, 2019,

---

[4] *See* Exhibit A to the Affidavit of Russell S. Ponessa in Support of Defendants' Opposition to the State's Third Motion to Compel Discovery ("Ponessa Aff.")

[5] Since discovery reopened pursuant to the Court's Order dated June 12, 2019, CenturyLink's team of outside counsel, paralegals, e-Discovery vendor, and 27 contract attorneys have been

2

CenturyLink wrote to the State regarding its only pending motion to compel as described above, stating:

> CenturyLink has already produced, and will continue to produce, documents responsive to the State's Document Request Nos. 2, 9, 11, 14, 16, 141, 142, 148, 155, 157, 163, 168, 169, 179, 189, 193, 194, 200, 202, 203, 212, 213, 225 and 226. CenturyLink is continuing to produce documents on a rolling basis and anticipates that it will complete the production for these Requests by the week of August 26, 2019.
>
> CenturyLink will also supplement its responses to the State's Request for Admission No. 56 and Interrogatory Nos. 39, 41, and 42 by the week of August 26, 2019.

(Ponessa Aff., Ex. A). CenturyLink's concluded by requesting that the "State not proceed with its motion to compel discovery given these continuing good-faith efforts to resolve discovery disputes without Court intervention." (*Id.*).

What followed next came as a surprise to CenturyLink. The State withdrew its Second Amended Notice of Consolidated Discovery Motion and Consolidated Motion, and filed this Third Motion to Compel. (Ponessa Aff., Exs. B and C).

The State's Third Motion to Compel includes a number of discovery requests (Document Request Nos. 208 and 209, and Interrogatory Nos. 43 ad 45) that were not previously addressed with CenturyLink. In letters on August 15, 2019, and August 19, 2019, CenturyLink took the initiative to address the State's Third Motion to Compel. (Ponessa Aff., Exs. A and C).

On August 16, 2019, the State responded to CenturyLink's August 15, 2019, letter detailing its recent and ongoing discovery responses, with the following:

---

working to respond to the State's discovery requests. (Moss. Aff. ¶ 13). The contract attorneys have worked 3,800 hours, including 340 over the weekends. (*Id.*). Over the past two months, CenturyLink has produced 176,608 pages of documents to the State. (*Id.*). Over the course of this lawsuit and the State's pre-complaint investigation, CenturyLink has produced 262,412 pages of documents and has responded to 236 Document Requests, 76 Interrogatories and 56 Requests for Admissions. (*Id.*).

3

CTLMNSEC00022507

> The State is open to withdrawing parts of its Third Motion to Compel for which CenturyLink has provided complete responses. In order for the State to evaluate your proposal, provide by the end of the day a spreadsheet that identifies which document request(s) each document in your August 15 production is/are responsive to.

(Ponessa Aff., Ex. B).

On August 19, 2019, the State was asked if the discovery responses and document productions outlined in CenturyLink's August 15, 2019, letter resolved the State's Third Motion to Compel Discovery. (Ponessa Aff., Ex. C). Century Link also relayed that, "depending on the State's response, we can also discuss the proposal in your August 16, 2019, email with that end of the day deadline."[6] (*Id.*).

Given this record, and the lack of a meet-and-confer as to the Third Motion to Compel, CenturyLink hopes the State reassesses its position and notifies the Court pursuant to General Rule 115.10 that its motion to compel is resolved.

## II. The State's Interrogatory Nos. 42, 43, and 45.

These Interrogatories are part of the State's Sixth Set of Interrogatories to which CenturyLink responded to on July 15, 2019. CenturyLink answered Interrogatory Nos. 42, 43, and 45, and told the State that it will provide a further supplemental response to Interrogatory No. 42 by the week of August 26, 2019. (Moss. Aff., ¶7, Ponessa Aff., Ex. A).

## III. The State's Document Request Nos. 208, 209, 225, and 226.

These Requests are part of the State's Seventh Set of Document Requests, to which CenturyLink responded on July 15, 2019. CenturyLink produced documents in response to all

---

[6] The State's August 16, 2019, email was sent at 12:47 p.m. and it sets an "end of the day" deadline for CenturyLink to provide a previously unrequested spreadsheet with specific information as to each of the 50,000 pages of documents in CenturyLink's August 15, 2019, production. (*See* Ponessa Aff., Ex. B).

4

CTLMNSEC00022508

four of these document requests, and anticipates that the production will complete by the week of August 26, 2019. (Moss Aff., ¶7, Ponessa Aff., Ex. A).

IV.   **The State's Request for Admissions No. 56.**

This Request is part of the State's Second Set of Requests for Admission, to which CenturyLink responded to on July 15, 2019, and as to which CenturyLink has agreed to provide a supplemental response with an answer to Request for Admission No. 56 by the week of August 26, 2019. (Moss Aff., ¶7, Ponessa Aff. Ex. A).

V.   **The State's Document Request No. 194.**

CenturyLink produced documents responsive to Document Request No. 194, and anticipates that it will complete the production by the week of August 26, 2019. (Moss Aff., ¶7, Ponessa Aff., Ex. A).

VI.   **The State's Document Request Nos. 200 and 203.**

CenturyLink produced documents responsive to Document Request Nos. 200 and 203, and anticipates that it will complete its production by the week of August 26, 2019. (Moss Aff., ¶7 and 16, Ponessa Aff., Ex. A).

## ARGUMENT

I.   **CenturyLink Provided Compliant Responses to Interrogatory No. 43 and Document Request No. 209.**

Through Interrogatory No. 43 and Document Request No. 209, the State seeks information about how CenturyLink communicated eligibility requirements for promotional discounts to customers. In response to Interrogatory No. 43, CenturyLink said that its representatives inform customers of eligibility requirements and restrictions and it identified the specific documents where the State could find the eligibility requirements and restrictions that CenturyLink used when speaking with customers. (Moss Aff., Ex. A, pp. 5-7). As requested by

Document Request No. 209, CenturyLink produced documents that describe: (1) the eligibility requirements and restrictions for those discounts, among other discounts and promotions; (2) instructions to representatives to inform customers of those requirements and restrictions and to take steps to ensure that customers are qualified before offering any discount or promotion; and (3) training and communications to representatives about eligibility requirements and restrictions for the subject discounts, and other promotions. (*Id.*; Moss. Aff., Ex. B, p.4)

Because CenturyLink has properly responded to these discovery requests, the Court should deny the State's Motion to Compel as to Interrogatory No. 43 and Document Request No. 209.

**II.  CenturyLink Produced Documents Responsive to Document Request Nos. 194 and 203, and Will Supplement the Production by the Week of August 26, 2019.**

CenturyLink has produced more than 1,200 documents that relate to PCE scripts or PC Emulation as called for in these document requests. (Moss Aff., ¶ 11). CenturyLink will complete its production of documents responsive to Document Request Nos. 194 and 203 by the week of August 26, 2019. (Moss Aff., ¶ 7). Accordingly, the Court should deny the State's Motion to Compel as to Document Request Nos. 194 and 203.

**III.  CenturyLink Has Produced Documents Responsive to Document Request No. 200 and Will Supplement the Production by the Week of August 26, 2019.**

CenturyLink has already produced thousands of documents responsive to Request No. 200. Those documents relate to internal communications about training, processes, procedures, and improvements. (Moss Aff., ¶10). Those documents also include discussions about various mistakes, errors, or misuse related to CenturyLink's offers, promotions or Closers and detail CenturyLink's diligent and continuous effort to train, communicate, and coach representatives to correct and prevent mistakes, errors, or misuse. (*Id.*). CenturyLink will have completed its

production of documents responsive to Request No. 200 by the week of August 26, 2019.

Accordingly, the Court should deny the State's motion to compel as to Request No. 200.

IV. **CenturyLink Produced Documents Responsive to Document Request No. 14 and Information Responsive to Interrogatory No. 45, and It Will Supplement Its Production and Answers by the Week of August 26, 2019.**

As an initial matter, the State has not meet and conferred before moving to compel on Document Request No. 14.

Minnesota Rule of Civil Procedure 37.01(b) requires parties to have "in good faith conferred or attempted to confer" before bringing a motion to compel before the court. Minn. R. Civ. P. 37.01. The term "confer" as used in the rule requires that the parties actually engage in conversation attempting to resolve the discovery dispute and act in good faith. *GPI Props. 1997 LLC v. County of Dakota*, No. C5-03-7862, C2-04-7151, 2005 Minn. Tax LEXIS 41 (August 30, 2005 Minn. Tax) at *4-5. The good faith requirement of this rule requires "a genuine attempt to resolve the discovery dispute through non-judicial means." *Id.* at *5. The purpose of this rule is to lessen the burden on judicial resources when the parties could have resolved the dispute themselves. *Id.* A court will dismiss a motion to compel when the parties have not conferred or attempted to confer. *See id. at *6.

Had the State met and conferred, CenturyLink would have demonstrated that it produced documents that are responsive to Document Request No. 14, and advised that CenturyLink will supplement with a further production by the week of August 26, 2019. (Moss Aff., ¶7; Ponessa Aff., Ex. A). Accordingly, the Court should deny the State's Motion to Compel as to Document Request No. 14.

The State also did not engage in any meaningful meet-and-confer regarding Interrogatory No. 45. As importantly, the State also asks the Court to rewrite Interrogatory No. 45 and to compel responses to what are essentially new questions. (State's Proposed Order, ¶3). The State

further asks the Court to go well beyond compelling discovery, by issuing an Order limiting CenturyLink's evidentiary rights and legal defenses.[7] (*Id.*). On this record, the Court should neither compel CenturyLink to answer an interrogatory that the State did not serve, nor restrict CenturyLink's rights and defenses going forward. CenturyLink has provided information responsive to Interrogatory No. 45, and CenturyLink will provide a supplemental response by the week of August 26, 2019. (Moss Aff., Ex. A, pp.7-8; Ponessa Aff., Ex. A). Accordingly, the Court should deny the State's Motion to Compel as to Interrogatory No. 45.

**V.     CenturyLink Responded to Interrogatory No. 42 and Document Request No. 208.**

CenturyLink appropriately responded to Interrogatory No. 42. (Moss Aff., Ex. A, pp. 2-5). CenturyLink provided detailed descriptions, including specific language and examples, of the ways in which CenturyLink discloses to customers that CenturyLink's fees, including the ICRF, may change. (*Id.*). CenturyLink also responded to Document Request No. 208, which seeks documents referred to in the response to Interrogatory No. 42. (Moss Aff., Ex. B, p. 3; Ex. A, pp. 2-5).

Notably, the State's motion papers then changed the focus of Interrogatory No. 42. The State now says that it wants to know about the ways in which CenturyLink tells customers that CenturyLink "will increase the rates consumers pay for internet services, even when they are promised 'price locks' or fix-rate pricing." (State's Memorandum in Support, p. 8). CenturyLink should neither be compelled to answer an interrogatory that the State has not asked, nor required to change its answer because the State does not like it. In a good-faith effort to

---

[7] The State's Proposed Order Compelling Discovery includes relief that goes well beyond what the Court is permitted to issue under Minnesota Rule of Civil Procedure 37.02. The sanction relief included in the State's Proposed Order Compelling Discovery are not appropriate because the State is not seeking sanctions under Rule 37.02 as there is no prior order compelling discovery on these discovery requests.

8

resolve this dispute, CenturyLink will supplement the response to Interrogatory No. 42 by the week of August 26, 2019. (Moss Aff., ¶7; Ponessa Aff., Ex. A). Accordingly, the Court should deny the State's Motion to Compel as to Interrogatory No. 42 and Document Request No. 208.

VI. **CenturyLink Will Produce Documents Responsive to Document Request Nos. 205 and 226, and Answer Request for Admission No. 56, by the Week of August 26, 2019.**

Document Request Nos. 225 and 226, and Request for Admission No. 56 relate to one specific document, which is attached to the State's supporting Affidavit as Exhibit K. Exhibit K explains that CenturyLink excluded certain large business customers from the ICRF in 2013. (Baldwin Aff., Ex. K, pp. 3-6). Large business customers are identified in Exhibit K as customers with at least "100 lines." (*Id.*, p. 5.) CenturyLink properly objected to Document Request Nos. 225 and 226, and Request for Admission No. 56, because there is no allegation in the State's then Amended Complaint that relates to large business customers. (Moss Aff., Ex. B., pp. 17-18; Ex. C, pp. 19-20). In a good-faith effort to resolve this dispute, CenturyLink will produce documents responsive to Document Request Nos. 225 and 226, and respond to Request for Admission No. 56, by the week of August 26, 2019. (Moss Aff., ¶7, Ponessa Aff., Ex. A). Accordingly, the Court should deny the State's motion to compel as to Document Request Nos. 225 and 226, and Request for Admission No. 56.

VII. **The State is Not Entitled to an Award of Costs and Fees for Filing this Unnecessary Discovery Motion.**

CenturyLink respectfully submits that on this record the State should not be awarded costs and fees for filing the motion. The State did not comply with the meet-and-confer requirements of Rule 37.01, so it cannot avail itself of the costs and fees relief available in Rule 37.01(d).

## CONCLUSION

For the foregoing reasons, CenturyLink respectfully requests that the State's Third Motion to Compel Discovery be denied in its entirety.

Date: August 22, 2019

HINSHAW & CULBERTSON LLP

By *s/ Russell S. Ponessa*
Russell S. Ponessa (MN #169316)
Heather K. Meyers (MN #0390061)
333 South Seventh Street, Suite 2000
Minneapolis, Minnesota 55402
T 612.333.3434| F 612.334.8888
rponessa@hinshawlaw.com

COOLEY LLP
Douglas P. Lobel (*admitted pro hac vice*)
David A. Vogel (*admitted pro hac vice*)
Dana J. Moss (*admitted pro hac vice*)
One Freedom Square / Reston Town Center
11951 Freedom Drive
Reston, Virginia 20190-5656
T 703.456.8000 | F 703.456.8100
dlobel@cooley.com
dvogel@cooley.com
dmoss@cooley.com

WINTHROP & WEINSTINE, P.A.
David M. Aafedt (MN #27561X)
Joseph M. Windler (MN #0387758)
225 South Sixth Street, Suite 3500
Minneapolis, Minnesota 55402
T 612.604.6400 | F 612.604.6800
daafedt@winthrop.com
jwindler@winthrop.com

*Attorneys for Defendants*

304209050v7 1022882

CTLMNSEC00022514