# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION | MDL No. 17-2795 (MJD/KMM) |
| This Document Relates to: | DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY |
| Civil Action No. 18-296 (MJD/KMM) | |

Patrick E. Gibbs, CA Bar No. 183174
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5535
Facsimile: (650) 618-0387
pgibbs@cooley.com

Sarah M. Lightdale, NYS Bar No. 4395661
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6374
Facsimile: (212) 479-6275
slightdale@cooley.com

Ryan Blair
COOLEY LLP
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6047
Facsimile: (858) 527-2750
rblair@cooley.com

Douglas P. Lobel, VA Bar No. 42329
David A. Vogel, VA Bar No. 48971
Dana A. Moss, VA Bar No. 80095
COOLEY LLP
One Freedom Square / Reston Town Center
11951 Freedom Drive
Reston, Virginia 20190-5656
Telephone: (703) 456-8000
Facsimile: (703) 456-8100
dlobel@cooley.com
dvogel@cooley.com
dmoss@cooley.com

William A. McNab, MN Bar No. 320924
Thomas H. Boyd, MN Bar No. 0200517
WINTHROP & WEINSTINE, P.A.
Capella Tower, Suite 3500
225 South Sixth Street
Minneapolis, MN 55402

Jerry W. Blackwell (MN Bar No. 186867)
BLACKWELL BURKE P.A.
431 South 7th Street, Suite 2500
Minneapolis, MN 55415
Telephone: (612) 343-3200
blackwell@blackwellburke.com

*Counsel for Defendants*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT ................................................................................................................... 4

I.    CENTURYLINK'S OBLIGATION TO SEARCH  FOR AND REVIEW
      DOCUMENTS IS LIMITED BY  AGREEMENT OF THE PARTIES
      AND COURT ORDER ............................................................................................. 4

      A.    CENTURYLINK ALREADY AGREED TO SWEEPING
            DOCUMENT SEARCHES TO AVOID REPEATED REQUESTS
            FOR ADDITIONAL EXPENSIVE DOCUMENT SEARCHES ............... 4

      B.    THE COURT PROHIBITED INDISCRIMINATE "CLONED"
            DISCOVERY ................................................................................................ 6

II.   PLAINTIFFS SHOULD BE HELD TO THEIR AGREEMENT  AS TO
      THE SCOPE OF THEIR SEARCH TERMS ......................................................... 8

      A.    THE COURT SHOULD NOT REQUIRE BURDENSOME AND
            CUMULATIVE CLONED DISCOVERY FROM THE MNAG
            ACTION ....................................................................................................... 8

      B.    THE COURT SHOULD NOT COMPEL ADDITIONAL
            INFORMATION IN RESPONSE TO PLAINTIFFS'
            INTERROGATORY NO. 2 ........................................................................ 13

III.  PLAINTIFFS' MOTION EFFECTIVELY DEMANDS ███████
      ████████████████████████████████ ........................................... 16

      A.    THE COURT SHOULD ENFORCE ITS BAR AGAINST
            CLONED DISCOVERY .............................................................................. 16

      B.    ████████████████████████████████████████
            ██████████████████ ......................................................... 17

            1.    ████████████████████████████████████
                  ██████████ ...................................................... 18

            2.    ████████████████████████████████████
                  ████████████████████ ................................ 18

# TABLE OF CONTENTS
(continued)

Page

3.    CENTURYLINK ALREADY PRODUCED TO
      PLAINTIFFS █████████████████████████
      ████████████████ ............................................................ 21

4.    THE COURT THEREFORE SHOULD DENY
      PLAINTIFFS'  DEMAND THAT CENTURYLINK
      PRODUCE █████████████████████████████
      ██████████ ................................................................ 22

C.    ███████████████████████████████████
      ███████████████████████████████ IS NOT
      JUSTIFIABLE BECAUSE THE INFORMATION IS
      IRRELEVANT ...................................................................... 23

IV.   NO DISPUTE EXISTS REGARDING ██████████
      █████████████████████████████████ ........ 24

CONCLUSION ........................................................................... 26

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Axcan Scandipharm Inc. v. Ethex Corp.*,
2008 WL 11349882, at *4 (D. Minn. Dec. 31, 2008)..................................................12

*Capital Ventures Intern. v. J.P. Morgan Mortg. Acquisition Corp.*,
2014 WL 1431124, at *2 (D. Mass. 2014) .....................................................................12

*In re CenturyLink Sales Practices & Sec. Litig.*,
403 F. Supp. 3d 712 (D. Minn. 2019).............................................................................15

*Goro v. Flowers Foods, Inc.*,
2019 WL 6252499 (S.D. Cal. Nov. 22, 2019) ................................................................10

*Hofer v. Mack Trucks, Inc.*,
981 F.2d 377 (8th Cir. 1992) ...........................................................................................14

*Rescap Liquidating Trust v. U.S. Bank N.A.*,
2018 WL 4259873, at *6 (D. Minn. Feb. 14, 2018) ................................................13, 24

*Roberts v. Shawnee Mission Ford, Inc.*,
352 F.3d 358 (8th Cir. 2003) ...........................................................................................24

*U.S. Bank Nat. Ass'n v Merrill Lynch Mortg. Lending, Inc.*,
2014 WL 6453787 (N.Y. Sup. Ct. Nov. 13, 2014).........................................................12

*In re Volkswagen "Clean Diesel" Marketing Sales Practices & Prods. Liability Litig.*,
2017 WL 4680242 (N.D. Cal. Oct. 18, 2017)...................................................................8

**Other Authorities**

Fed. R. Civ. P.
    12(b)(6) ............................................................................................................................14
    16........................................................................................................................................8
    26...............................................................................................................................11, 13
    26(a)(2)..............................................................................................................................24
    26(b)(1) .............................................................................................................................10
    26(b)(2)(C) ..........................................................................................................................9

Minn. R. Civ. P. 34.02(c)(5)......................................................................................................20

## **PRELIMINARY STATEMENT**

The Court should deny Plaintiffs' Motion to Compel (the "Motion") in its entirety because it seeks to renegotiate agreed-upon limits for discovery and require CenturyLink to undertake two additional—and massive—document review projects.

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████

Plaintiffs now want to renegotiate their agreement with CenturyLink. Their Motion effectively demands that CenturyLink:

> (1) run the search terms on another enormous set of documents ████████ ████████████████ and

> (2) conduct an expansive and complex search of all documents CenturyLink ███████████████████████████████████████

As to the first category, Plaintiffs' Motion asks the Court to ignore the ███████ ██████████████████████ for running searches. █████████████████ ████████████████████████, Plaintiffs' demand would require a significant increase in the document review efforts to which CenturyLink already agreed.

████████████████████████████████████████

1

████████████████████████████████████████████████

███████. CenturyLink would not have agreed to that at the time, and this Court should not now permit the Plaintiffs to renegotiate the parties' agreement. Furthermore, ████████████████████████████████████████████████ ██████████████████████████████. Put differently, Plaintiffs' demand is a transparent attempt to avoid the Court's bar against "cloned discovery." For these same reasons, the Court should deny Plaintiffs' demand that CenturyLink supplement its response to Interrogatory No. 2, because requiring CenturyLink to detail ███████████████████████████████████ ██████ would simply constitute cloned discovery in another form.

As to Plaintiffs' second demand—which again ignores the Court's clear order barring cloned discovery—Plaintiffs contend that the Court should require CenturyLink to reproduce ████████████████████████████████ ██████ However, as CenturyLink has repeatedly explained to Plaintiffs: this is not a question of whether CenturyLink should simply hand over ████████████████ ██████. ████████████████████████████████████ ████████████████████████████████████ █████████████. ██████████████████████████ ████████████████████████████████████████ ██████████████. CenturyLink would now have to conduct a time-consuming search ████████████████████████ to find all documents █████████ ███████████████. Moreover, ██████████████████████████

2

████████████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████. The Court should not

require CenturyLink to undertake another Herculean document review that is far beyond

the one to which Plaintiffs already agreed.

The third issue in Plaintiffs' Motion is not an actual dispute. Plaintiffs seek

documents sent to an internal CenturyLink "integrity hotline" email address, but

███████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████ Not so.

████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████ so there is no dispute for the

Court to resolve.

For these reasons, the Court should deny the Motion.

## ARGUMENT

I.    **CENTURYLINK'S OBLIGATION TO SEARCH
FOR AND REVIEW DOCUMENTS IS LIMITED BY
AGREEMENT OF THE PARTIES AND COURT ORDER**

Plaintiffs' Motion must be measured not in a vacuum but against the backdrop of

ongoing discovery, which makes clear Plaintiffs' inappropriate gamesmanship.

A.    **CenturyLink Already Agreed to Sweeping
Document Searches to Avoid Repeated Requests
for Additional Expensive Document Searches**

This lawsuit is *supposed* to be about Plaintiffs' claims that CenturyLink had a

management-created, "institutionalized company-wide sales cramming apparatus" that

was "rampant" and "at the core of the consumer and small business strategy," and that

"materially increased" revenues.  Am Compl. ¶¶ 95, 117, 192.  One would think that, if

such a massive business strategy actually existed, it ought to be easy to find in company

documents in the hands of senior management, which Plaintiffs also allege exist.  Am.

Compl. ¶ 64 ("Executive Defendants knew [of the cramming scheme] through . . . regular

reporting.").  In discovery to date, however, Plaintiffs have attempted to examine every

billing issue no matter its (in)significance.  They have █████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████████████████

██████████████████████

When Plaintiffs served their extremely overbroad initial discovery, CenturyLink

negotiated the scope of Plaintiffs' document requests and its search terms with the

4

understanding that it would not be required to make substantial reproductions from the

MNAG Action ████████████████████████████.  Blair Decl. ¶ 10.  Based on this

understanding, CenturyLink agreed to broad and largely unrestricted search terms,

including terms designed to address the substantive topics raised in Plaintiffs' Motion

█████████████████████████████████  For example, in

Plaintiffs' First Requests for the Production of Documents (the "Requests"):

- ████████████████████████████████████

  ████████████████████████████████████

  ██████████████████████████████████████

  ██████████████████████████████████████

  ██████████████████████████████████████

  █████████████████████████████████████

  ███████████████████████████████

- ██████████████████████████████████

  ██████████████████████████████████████

  █████████████████████████████████████

  ████████████████████████████████████

  █████████████████████████████████████

  █████████████████████████████████

CenturyLink agreed ████████████████████████████████

█████████████████████████████████.  ███████

██████████████████████████████████

███████████████████████████████████████████████████████████

███████   Blair Decl. ¶ 13.

In addition to these searches and productions, CenturyLink has also agreed to

numerous targeted productions, many of which also require substantial review, including:



- ███████████████████████████████████████
- ███████████████████████████████████████████
- ███████
- ███████████████████████████████████████
- ██████████████████████████████████████;
- ████████████████;
- █████████████████████;
- ██████████████████████████████ and
- ██████████████████████████████████████.

Blair Decl. ¶ 18.  As CenturyLink explained to the Court during the parties'

February 24 conference, CenturyLink has already produced ███████████████████




████████████████████████████████████████████████████

██████████████████████████. *Id.* at ¶ 31.

## B.   The Court Prohibited Indiscriminate "Cloned" Discovery

A bright-line limitation to discovery that CenturyLink requested and that the Court

ordered is that Plaintiffs may not demand "cloned" discovery, i.e., ████████████████



███████████████████████████████████.

Plaintiffs in this case sought in their Requests ███████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████ Blair Decl. ¶ 6 & Ex. 1 at 12.

████████████████████████████████████████████████

██████████████████████████████. Blair Decl. ¶ 19.

However, CenturyLink objected to reproducing all of its productions in the

MNAG Action.  CenturyLink argued that cloned discovery (1) would not reduce

Plaintiffs' demands as to any of its more than 100 RFPs; (2) would generally not include

documents possessed by the senior employee custodians actually relevant to Plaintiffs'

securities fraud claims; and (3) would include scores of irrelevant materials, given the

customer-level allegations.[1]  Blair Decl. ¶ 8 & Ex. 4 at 18:12–19:11, 23:24–24:17.

This Court agreed and denied Plaintiffs' request for cloned discovery during the

October 1, 2019 Rule 16 conference.  Blair Decl. ¶ 9 & Ex. 4 at 75:13–23.  The Court

explained:

---

[1]    Plaintiffs' claim that CenturyLink has "not give[n] a single meaningful example to
substantiate" the differences between their securities fraud claims and the consumer-level
MNAG Action is baseless.  Pl. Br. at 17.  CenturyLink has repeatedly explained to
Plaintiffs that the MNAG was looking into individual, customer-level claims that are not
material here.  This Court agreed that CenturyLink had "reasonable thoughts" about why
the MNAG discovery "is both over and under-inclusive."  Blair Decl. ¶ 9 & Ex. 4 at
76:2–3.  Likewise, Plaintiffs' suggestion that ████████████████████████████
████████████████████—which followed the Court's statement that it would be
"just smart to turn [them] over"—somehow constitutes a broad admission that the two
cases entirely overlap is meritless.  *Id.* at 95:24–96:3; Pl. Br. at 17 n. 5.

I am not going to require production of the attorney general production. I thought a lot about this. I've done a lot of review of both cases. I think that I have the authority to do so. I think that it would probably make sense on the part of the defendants, if they chose to do so, but I don't believe that it is the most efficient way to handle discovery in this case. *I don't think it's actually going to promote any efficiencies. I don't think it's going to reduce the number of document requests, the number of discovery disputes, and, frankly, I think it could actually create some delay.*

*Id.* (emphasis added); *see also In re Volkswagen "Clean Diesel" Marketing Sales Practices & Prods. Liability Litig.*, 2017 WL 4680242, at *1 (N.D. Cal. Oct. 18, 2017) (holding request in shareholder litigation for cloned discovery of related consumer MDL litigation was impermissibly overbroad even where there was "overlap" in claims).

## II.    PLAINTIFFS SHOULD BE HELD TO THEIR AGREEMENT AS TO THE SCOPE OF THEIR SEARCH TERMS

The first issue in Plaintiffs' Motion is essentially a request that the Court allow Plaintiffs to change the parties' hard-bargained agreement as to the scope of CenturyLink's document-review effort. That effort already involves ███████████ ████████████████████████ Blair Decl. ¶ 13. Despite their agreement, Plaintiffs now ask the Court to order CenturyLink to review significantly more documents. Pl. Br. at 11–13. The Court should reject this game-playing.

### A.    The Court Should not Require Burdensome and Cumulative Cloned Discovery from the MNAG Action

The Court should not require CenturyLink to run expansive search terms across the productions it has made to state AGs for at least three reasons. *First*, ██████████ ████████████████████████████████████████████

8

███████████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████. Plaintiffs instead laid in

wait, unfairly springing this request ████████████████████████████

████████████████████████████ Blair Decl. ¶ 20. The Court should deny

Plaintiffs' Motion because it unilaterally seeks to expand the search criteria to which the

parties have already agreed.

    ***Second***, Plaintiffs wishfully declare that CenturyLink's searching and reviewing

████████████████████ would "impose practically no burden at all," Pl. Br. at 20,

but that simply is not the case. █████████████████████████████████

███████████████████████████ Blair Decl. ¶ 21. ████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████ Blair Decl. ¶¶ 22–23. Plaintiffs' demand is thus

"unreasonably cumulative," under <u>Fed. R. Civ. P. 26(b)(2)(C)</u> (Court "must limit the

frequency or extent of discovery . . . if it determines that (i) the discovery is unreasonably

cumulative or duplicative"). In addition, the proposed tack-on discovery is more

burdensome than beneficial, and not proportionate to the "needs of the case." *See* <u>Fed. R.

Civ. P. 26(b)(1)</u>; *see also Goro v. Flowers Foods, Inc.*, <u>2019 WL 6252499</u>, at *18 (S.D.

Cal. Nov. 22, 2019) ("Compelling a responding party to do duplicate searches—one for

responsive documents in their custody and control and one for all documents in their

9

custody and control that were previously produced in other litigation—is definitionally unduly burdensome.").[2]

    ***Third***, Plaintiffs' demand also violates this Court's bar against cloned discovery.
███████████████████████████████████████
█████████████████████████████ Blair Decl. ¶ 22, Plaintiffs effectively are demanding cloned discovery—the mass review and reproduction of ███████████
███████████████████ *Id.* at ¶¶ 22–23.  The Court already rejected that approach, and Plaintiffs offer no reason to revisit that conclusion.

    Nor do Plaintiffs' repeated claims in their Motion ████████████████
████████████████████████████████████████
█████████████████ Pl. Br. at 3, 11, 12, 13, 21. ███████████████
████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████
██████████ is utterly false.  Pl. Br. at 12; Pls. Ex. Q at 4. ██████████
█████████████████████████████████ Pls. Ex. Q at 4.  In fact, ███████████████████████████████████
████████████████████████████████ Blair Decl. ¶ 16.

---

[2]    Here, Plaintiffs' claimed "need" resulted in the parties' agreement that CenturyLink ████████████████████████████
██████████ That "need" established, Plaintiffs cannot now claim that they "need" the searches done on ████████████████████████.

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████    Blair Decl. ¶ 16.  As a company that employs over ten thousand employees, it is unrealistic to expect that CenturyLink will retain in perpetuity the email records of every single employee it has ever hired in its history, absent a legal hold or some other reason to do so.

███████████████████████████████████████████████

████████████████████████    Blair Decl. ¶ 15.  ████████████

███████████████████████████████████████████████

████████████    Blair Decl. ¶ 17.  ████████████████████████

███████████████████████████████████████████████

████████████    Blair Decl. ¶ 17.  Contrary to Plaintiffs' implication, CenturyLink has gone above and beyond what is required under Rule 26 ████████████████

████████████████████████████████████

Finally, none of Plaintiffs' authorities justifies the demand to revisit the parties' agreed-upon limits to CenturyLink's search and review of documents.  Plaintiffs cite *U.S. Bank Nat. Ass'n v Merrill Lynch Mortg. Lending, Inc.*, 2014 WL 6453787, at *3 (N.Y. Sup. Ct. Nov. 13, 2014), to argue that applying search terms to a set of previously produced documents avoids concerns about potential over-breadth.  Pl. Br. at 19.  But in *U.S. Bank*, the plaintiff only identified three limited categories of relevant information produced in a prior investigation that it believed it could obtain by applying agreed upon search terms to the defendant's prior productions.  *See* 2014 WL 6453787, at *3.  By

11

contrast, here Plaintiffs propose ████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████.[3]  In

fact, ████████████████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████  Moss Decl. ¶ 4; Am. Compl. p. 28.  Also of note, Plaintiffs have

cited no case in which a court authorized similar search term cross-application while

applying the 2015 proportionality amendments to Rule 26.  *See Rescap Liquidating Trust*

*v. U.S. Bank N.A.*, 2018 WL 4259873, at *6 (D. Minn. Feb. 14, 2018) (denying party's

request to apply search terms to documents produced in another litigation and noting that

"nearly all of the cases cited by [the moving party] about the appropriate scope of

discovery predate the 2015 amendments to Rule 26").[4]

---

[3]    The other cases Plaintiffs cite are equally inapplicable.  In *Capital Ventures Intern. v. J.P. Morgan Mortg. Acquisition Corp.*, the court denied a plaintiff's request to obtain all the files from prior litigations because the "Defendants . . . offered to run agreed-upon search terms over their [prior] productions."  2014 WL 1431124, at *2 (D. Mass. 2014). There is no indication these were the ***same*** search terms applied to defendants' other files.  Similarly, in *Axcan Scandipharm Inc. v. Ethex Corp.*, the court noted one party's offer to "search the documents and ESI in its possession . . . using the agreed-upon list of search terms."  2008 WL 11349882, at *4 (D. Minn. Dec. 31, 2008).  But there, the parties had not even finalized a list of agreed-upon search terms—in other words, there was no after-the-fact demand that ████████████████████████████████████ ████████████  *See id.* at *12 (identifying search terms as one of "the main issues holding up the production of electronic discovery").

[4]    Plaintiffs repeatedly allude to public announcements of settlements of certain investigations as a basis for requiring the additional demanded discovery.  Pl. Br. at 4-5. But the demanded discovery was unduly burdensome and cumulative of the parties' agreed-upon discovery both before and after those settlements were announced.  Nor do Plaintiffs ██████████████████████████████████████—showing that they are

**B.    The Court Should Not Compel Additional
Information in Response to Plaintiffs' Interrogatory No. 2**

Similarly, Plaintiffs' demand for additional information in response to their

Interrogatory No. 2 is another example of Plaintiffs seeking to improperly expand the

scope of discovery and the parties' agreement.  Whereas CenturyLink has already

identified ████████████████████████████, Plaintiffs demand that

CenturyLink supply ████████████████████████████████

████████████████████████████████████████

███████ .

In response to this Interrogatory, CenturyLink has already agreed ████████

██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

███████████ Blair Decl. ¶ 25. ██████████████████

████████████████████████████████

████████████████████████████ .

But Plaintiffs offer no compelling reason why CenturyLink should have to go

beyond these agreements and █████████████████████████

████████████████████████████████████

_____

merely relying on the announcements to manufacture a reason for the Court to revisit its
previous ruling on cloned discovery.

5    CenturyLink intends to produce any CIDs from the outstanding state but must first
gain permission from that state's attorney general.

██ .  Plaintiffs argue that ████████████████████████████████████

███████████████████████████████████████,” Pl. Br. at 5–6, but this reveals

that, in fact, Plaintiffs are simply seeking an excuse to extend CenturyLink's document

review beyond the ██████████████████████████████████ .  This

does not suffice under the Federal Rules.  *See Hofer v. Mack Trucks, Inc.*, <u>981 F.2d 377,</u>

<u>380</u> (8th Cir. 1992) (“Some threshold showing of relevance must be made before parties

are required to open wide the doors of discovery”).

Plaintiffs also claim that these facts would “support Defendants' scienter,” and cite

to the Court's opinion denying CenturyLink's motion to dismiss as support.  Pl. Br. at 6**.**

***First***, the Court did not state that ████████████████████████████████

██████████████████████████████████████████ could

evidence CenturyLink's scienter.  Instead, when this Court held the Plaintiffs' allegations

of scienter passed the minimal standard of Rule 12(b)(6), it focused on two factual

allegations falling into the category of “government and internal investigations”: the

alleged “requirements” of CenturyLink's “settlement agreement with the Arizona

Attorney General” and the allegation that Executive Defendant David Cole certified

statements regarding CenturyLink's compliance with certain consumer protection and

service quality standards.  *In re CenturyLink Sales Practices & Sec. Litig.*, <u>403 F. Supp.</u>

<u>3d 712, 731</u>–32 (D. Minn. 2019).  Plaintiffs' demands go to neither allegation.

***Second***, ██████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████ .  Blair Decl. ¶ 12.  Plaintiffs offer no

14

compelling explanation for why the Court should require CenturyLink to go beyond the parties' agreement and search for more evidence on these issues ███████████████ ████████████████████████.

   ***Third***, even if the information sought could establish scienter, and it cannot, it would merely be cumulative of ████████████████████████████████ ████████████. It bears repeating: it is unfathomable that Plaintiffs need to dig through ███████████████████████████████████ to find evidence of "scienter" of senior management's creation of an alleged company-wide cramming scheme.

   As for Plaintiffs' ████████████████████████████████████ ██████████████, Plaintiffs are essentially asking for the equivalent of a █████ ████████████████████████████████ Not only would such an effort require unimaginable time, but it would be extremely difficult—████████████ ███████████████████████████████████████████████████ ████████████████████████. Blair Decl. ¶ 24. Moreover, Plaintiffs offer no explanation for why this information is necessary other than speculation that the documents are of "relevance to the allegations at issue in this case." Pl. Br. at 11. Put simply, this information would serve no function other than for Plaintiffs to renew their demands that CenturyLink make productions beyond what the parties have already agreed to do.

   Thus, this request also violates the parties' hard-bargained agreement that █████ ████████████████████████████████████████████████████.

### III.    PLAINTIFFS' MOTION EFFECTIVELY DEMANDS

██████████████████████████████████████████████████
████████████████████████████

The second issue in Plaintiffs' Motion is their demand for "cloned" discovery from the MNAG Action.  Plaintiffs demand CenturyLink produce ██████████████
████████████████████████████████████████████████████████████
██████████████████ Pl. Br. at 7–11, 15–18.  The Court should deny this request for numerous reasons.

### A.    The Court Should Enforce Its Bar Against Cloned Discovery

First, the Court should enforce its decision to bar cloned discovery.  Plaintiffs admit to seeking exactly that from the MNAG Action:

> Plaintiffs respectfully request the Court order that Defendants
> (i) ███████████████████████████████████████████
> ██████████████████████████████. "

Pl. Br. at 21–22.  As described below, CenturyLink cannot produce these documents ██████████████████████████████████████████████████.  But even assuming they could be produced, the Court should enforce its bar on cloned discovery and deny Plaintiffs' request.

Importantly, Plaintiffs have not shown why ████████████████████████
██████████████████████████  If the Court grants Plaintiffs' Motion today, then Plaintiffs will likely soon be back asking for ███████████████████
█████████████████ to escape the bar.  And so on and so on.  There will be no end to Plaintiffs' attempt to nibble away at the bar against cloned discovery.

16

Further weighing against any "exception" is that, to the extent Plaintiffs believe the documents CenturyLink produced to the MNAG are relevant, they are overwhelmingly likely to be found in the search and review the parties already negotiated. The subjects of ███████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████ Blair Decl. ¶¶ 11, 14. ████████████████████

█████████████████████████████████████████████████████

████████████████████████ *Id*. Plaintiffs are not entitled to renege on their search term and custodian agreement based on sheer speculation that relevant documents may not be captured. The Court should not allow Plaintiffs to end-run that agreement ████████████████████████████████████

**B.** ████████████████████████████████████████

Second, the Court should deny Plaintiffs' Motion because it actually requires an

████████████████████████████████████████ ███████████████████

█████████████████████████████████████████████

█████████████████████████████████████████

████████████████████████████████

Plaintiffs seem to believe CenturyLink can "press a button" and send all

██████████████████████████████████████████████████

███████████████. ████████████████████████████████████████

██████████████████████████████████████████████ make clear that ***this***

***is not possible.***

    ***1.*** ████████████████████████████████████████

████████████████████████████████████████

████████████ Moss Decl. ¶ 8. █████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

    ***2.*** ████████████████████████████████████████

Specifically regarding ██████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████

███████████████████████████████

██████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████ *See* Moss. Decl. ¶ 14.

███████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

████████████



---

[6]    It is unclear why the Plaintiffs believe they need █████████████

███████████████████████████████████████



Later, CenturyLink ███████████████████████████████████

These figures did not ████████████████████████████████

████████████████████████████████████████████.

---
[7] ██████████████████████████████████████



### 3.    *CenturyLink Already Produced to Plaintiffs*

CenturyLink did

Nothing remains to be compelled here.

██████████████████████████████████████████ Blair Decl. ¶ 19.

However, contrary to Plaintiffs' assertion in its brief that CenturyLink "conceded" the

relevance ███████████ Pl. Br. at 10, ██████████████████

████████████████████████████████████████

████████████ Blair Decl. ¶ 7 & Exs. 2, 3 █████████████

████████████████████████████████████████

### 4.    *The Court Therefore Should Deny Plaintiffs' Demand that CenturyLink Produce* ███████

Based on these facts, the Court should deny Plaintiffs' motion ███████████

████████  ██████████████████████████████

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████████

████████████████████

**C.** ███████████████████████████████ **Is Not Justifiable Because the Information Is Irrelevant**

Finally, the enormous burden on CenturyLink to find responsive documents is not justified in light of the documents' irrelevance to Plaintiffs' theory of a management-created cramming scheme.

It is doubtful that Plaintiffs can articulate why ████████████████ ████████████ support their claims about a management-created, nationwide cramming scheme that had material effect on revenues. ██████████████ ██████████████████████████████████████ ████████████████████████████████ Putting aside the absence of allegations in the Amended Complaint regarding ████████████ Plaintiffs have not identified any reason to believe that any upper-level management had any role in ███ ██████████████████████████ █████████████████ ████████████████████ *Id.* Plaintiffs have offered no explanation for why documents ████████████████ in any way are relevant to their case. *See Rescap*, 2018 WL 4259873 at *6 ("Conclusory assertions of relevance do not suffice to demonstrate that the importance of the information sought to resolving the issues in the case comes anywhere close to justifying the incremental burden of gathering, processing, and reviewing it.").[8]

---

[8]    Illustrative of CenturyLink's ██████████████████████████████ ██████████████████████████████ Blair Decl. ¶ 11.

23

Having no relevance, but requiring significant effort to respond, the discovery is "not proportional" to the "needs" of the case, and the Court should deny it for that reason, too.  Fed. R. Civ. P. 26(a)(2); *see also Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003) ("[R]ule [26] vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit.").

## IV.    NO DISPUTE EXISTS REGARDING ███████████████████████

Finally, Plaintiffs demand that CenturyLink search through documents ██████████ ██████████████████████████████████████████ Pl. Br. at 20–21.

████████████████████████████████████████████████ ███████████████████████████ Thus, there is no dispute for the Court to resolve.

CenturyLink did not learn this was an issue that would require immediate motion practice until the Court heard about it too. ███████████████████████ ██████████████████████████████████████████ ██████████████████████████████████████████. Blair Decl. ¶ 28 & Ex. 7. ███████████████████████████ ████████████████████████ Then, during the parties' status conference with the Court on February 24, 2020, ████████████████████████████████ ██████████████████████████████████. Blair Decl. ¶ 29. ██████████████████████████████████████████ ██████████████████████████████████████ This

was false. ██████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

█████████████████████ Blair Decl. ¶ 24–28 & Exs. 5, 8.

Notwithstanding ████████████████████████████

███████████ the bottom line is that the parties are not at an impasse.  Within hours of

CenturyLink learning that Plaintiffs intended to move to compel ██████████ ██

██████████████████████████████████████████████

██████████████████████████████████████

██████

████████████████████████████████
████████████████████████████████████
████████████████████████████
██████

Blair Decl. ¶ 30 & Ex. 7 (emphases added).  This proposal reflected ████████████

███████████████████████████████████████████████

██████████████████████████████████████

██████████████████████████

Therefore, Plaintiffs' assertion in its motion that CenturyLink ████████████

██████████████████████████████████

██████████████████████ Pl. Br. at 14, 21.  No dispute exists.

25

## **CONCLUSION**

For these reasons, CenturyLink respectfully requests that the Court deny

Plaintiffs' Motion to Compel.


Date:  March 4, 2020                              Respectfully submitted,


                                                  */s/ William A. McNab*
                                                  William A. McNab, MN Bar No. 320924
                                                  Thomas H. Boyd, MN Bar No. 0200517
                                                  WINTHROP & WEINSTINE, P.A.
                                                  Capella Tower, Suite 3500
                                                  225 South Sixth Street
                                                  Minneapolis, MN 55402
                                                  Telephone: (612) 604-6400
                                                  Facsimile: (612) 604-6800
                                                  wmcnab@winthrop.com

                                                  Patrick E. Gibbs, CA Bar No. 183174
                                                  COOLEY LLP
                                                  3175 Hanover Street
                                                  Palo Alto, CA 94304
                                                  Telephone: (650) 843-5555
                                                  Facsimile: (650) 618-0387
                                                  pgibbs@cooley.com

                                                  Sarah M. Lightdale, NYS Bar No. 4395661
                                                  COOLEY LLP
                                                  55 Hudson Yards
                                                  New York, NY 10001
                                                  Telephone: (212) 479-6374
                                                  Facsimile: (212) 479-6275
                                                  slightdale@cooley.com

                                                  Douglas P. Lobel, VA Bar No. 42329
                                                  David A. Vogel, VA Bar No. 48971
                                                  Dana A. Moss, VA Bar No. 80095
                                                  COOLEY LLP
                                                  One Freedom Square / Reston Town Center
                                                  11951 Freedom Drive

26

Reston, Virginia 20190-5656
Telephone: (703) 456-8000
Facsimile: (703) 456-8100
dlobel@cooley.com
dvogel@cooley.com
dmoss@cooley.com

Ryan Blair
COOLEY LLP
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6047
Facsimile: (858) 527-2750
rblair@cooley.com

*Counsel for Defendants*