# Exhibit 1

02-CV-17-3488

CASE 0:17-md-02795-MJD-KMM   Document 392-1   Filed 03/04/20   Page 2 of 13

CASE 0:18-cv-00296-MJD-JFD   Doc. 244-1   Filed 03/04/20   Page 2 of 13

Filed in District Court
State of Minnesota
8/16/2019 3:09 PM

Court File No. 02-CV-17-3488

The State's Memorandum of Law in Support of Its Third Motion to Compel

Document filed as a public document with redactions pursuant to November 28, 2017 Stipulated Protective Order and parties' stipulation

A confidential version of this document was filed August 15, 2019 (*See* Dkt. #254)

CASE 0:18-cv-00296-MJD-KMM Doc. 244-1 Filed 03/04/20 Page 3 of 13
CASE 0:17-md-02795-MJD-KMM Document 392-1 Filed 03/04/20 Page 3 of 13
02-CV-17-3488
Filed in District Court
State of Minnesota
8/16/2019 3:09 PM

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF ANOKA | TENTH JUDICIAL DISTRICT |

Case Type: Other Civil
(Consumer Protection)

State of Minnesota, by its Attorney General, Keith Ellison,

    Plaintiff,

vs.

CenturyTel Broadband Services LLC, d/b/a CenturyLink Broadband; Qwest Broadband Services, Inc., d/b/a CenturyLink; and Qwest Corporation, d/b/a CenturyLink QC,

    Defendants.

Court File No. 02-CV-17-3488

**THE STATE'S MEMORANDUM OF LAW IN SUPPORT OF ITS THIRD MOTION TO COMPEL DISCOVERY**

## INTRODUCTION

CenturyLink has repeatedly refused to produce any information to the State without Court involvement. The information at issue in this motion relates to hundreds of thousands of Minnesota consumers that the State alleges CenturyLink has over-billed through two schemes. The State requests that the Court compel CenturyLink to fully respond to the State's Interrogatory Nos. 42, 43, and 45, Document Request Nos. 14, 194, 200, 203, 208, 209, 225, and 226, and Request for Admission No. 56.

## BACKGROUND

CenturyLink has unreasonably obstructed the State's basic attempts to obtain information from the company for years:

- In 2016, CenturyLink refused to comply with the State's pre-complaint Civil Investigative Demand and withheld, among other things, tens of thousands of call

02-CV-17-3488

CASE 0:18-cv-00296-MJD-KMM   Doc. 244-1   Filed 03/04/20   Page 4 of 13

CASE 0:17-md-02795-MJD-KMM   Document 392-1   Filed 03/04/20   Page 4 of 13

Filed in District Court
State of Minnesota
8/16/2019 3:09 PM

recordings from the State. (*See* State's January 16, 2019 Memo. of Law in Support of the State's second motion to compel at 1-2, found at Dkt. #150.)

- In 2017, the State served CenturyLink with discovery requests requiring the company to identify the consumers it defrauded, as well as the company's computer systems and training materials, which CenturyLink refused to provide prompting the State's successful first motion to compel. (*See* ORDER ON MOTIONS TO COMPEL AND FOR ATTORNEY FEES at 2 (July 23, 2018), found at Dkt. #100.)

- In 2018, CenturyLink refused to comply with the Court's July 23, 2018 discovery order, prompting the State's successful first motion for sanctions. (*See* ORDER ENFORCING PRIOR DISCOVERY ORDER & GRANTING SANCTIONS (June 25, 2019), found at Dkt. #225.)

- In 2019, the Court granted the State's second motion to compel and ordered the company to produce wide-ranging information about its fraudulent business practices. (*See* ORDER ON MOTION TO COMPEL (July 3, 2019), found at Dkt. #233.)

The State has no recourse but to seek Court involvement to get the information it is entitled to receive.

**ARGUMENT**

"Minnesota law favors a liberal construction of the discovery rules so as to uncover all relevant matters before trial." *Leer v. Chicago, Milwaukee, St. Paul & Pacific Railway. Co.*, 308 NW.2d 305, 309 (Minn. 1981). Discovery should be allowed unless the information has no possible bearing on the determination of the merits of the case. *Jeppesen v. Swanson*, 243 Minn. 547, 560, 68 N.W.2d 649, 657 (1955).

**I.   CENTURYLINK SHOULD BE ORDERED TO PRODUCE INFORMATION ABOUT ITS PATTERN AND PRACTICE OF FALSELY PROMISING DISCOUNTS THAT IT DID NOT PROVIDE.**

The State described in its second motion to compel how CenturyLink has engaged in a pattern and practice of falsely promising consumers discounts that the company did not provide:

> CenturyLink systematically defrauded tens of thousands of Minnesota consumers by not providing the discounts (called "Closers") the company had promised. In an effort to restrict the use of these Closers, CenturyLink designed a computer system (known as "████") to allow the company to *prevent the Closers its agents promised to consumers from actually being applied to consumers' accounts.* (*See* Baldwin Aff. #3, Exs. I through M.) Specifically, CenturyLink used software that automatically rejected a promised Closer if the offered discount did not meet CenturyLink's secretive and complex promotional rules – regardless of whether those rules were communicated to consumers, and even when CenturyLink already promised the Closer. (*See* Baldwin Aff. #3, Exs. I, L, and M). So when an agent had promised a Closer that did not meet one of these undisclosed requirements, CenturyLink's software would remove the Closer and would make a note in CenturyLink's records that the Closer was promised but not applied. (*See* Baldwin Aff. #3, Ex. I.) CenturyLink did not even notify consumers that they would not receive the offers they were promised, and consumers only realized CenturyLink had removed their promised discounts when they received their bills. (*See* Baldwin Aff. #3, Ex. N.)

(State's January 16, 2019 Memo. of Law in Support of Motion to Compel at 10, found at Dkt. #150.) Several of CenturyLink's most egregious deficiencies in responding to the State's discovery demands relate to basic information the State is entitled to receive about CenturyLink's failure to provide promised discounts to its customers.

**First,** one of the ways the company falsely promises consumers discounts is by promising Closer discounts and then applying a series of hidden rules before ultimately denying the discounts it promised. (*See* Affidavit of Alex K. Baldwin in Support of the State's Second Motion for Sanctions and Third Motion to Compel ("Baldwin Aff."), Ex. E at 1.) The State

3

02-CV-17-3488

CASE 0:18-cv-00296-MJD-KMM Doc. 244-1 Filed 03/04/20 Page 6 of 13

CASE 0:17-md-02795-MJD-KMM Document 392-1 Filed 03/04/20 Page 6 of 13

Filed in District Court
State of Minnesota
8/16/2019 3:09 PM

served discovery requests to determine whether CenturyLink purports to disclose to consumers that the company will not honor or provide the Closer discounts it promises to consumers:

> **Interrogatory No. 43:** Identify every way in which CenturyLink purports to disclose to consumers who are offered a Closer that the Closer may not be applied to their account if they do not meet the eligibility requirements or restrictions associated with the Closer.
>
> **Document Request No. 209:** All documents containing any of the disclosures referred to in your response to Interrogatory No. 43.

CenturyLink produced no documents in response to Document Request No. 209 as of August 14, 2019, and in response to Interrogatory No. 43, the company generically referenced documents about training provided to its agents. (*See* Baldwin Aff. ¶ 7 and Ex. F at 5-7.) The State explained in writing that CenturyLink needed to produce documents and that the information in CenturyLink's response to Interrogatory No. 43 was not the information the State requested and was therefore not at all responsive to the State's interrogatory. (Baldwin Aff., Ex. G at 1.) CenturyLink ignored the State's request.

The State is entitled to know of all of the ways CenturyLink purports to make these disclosures, as well as all documents containing these disclosures as the information relates to the core of the State's claims. Alternatively, if no such disclosures or documents exist, the State is entitled to know this information. The State requests that the Court compel CenturyLink to fully answer Interrogatory No. 43 and produce all documents responsive to Document Request No. 209.

**Second,** as the State also explained in its second motion to compel, CenturyLink uses a software script to deny the discounts it promises to consumers, and this system script allows the company to monitor and quantify the number of consumers the company has defrauded in a unique way:

4

02-CV-17-3488

CASE 0:17-md-02795-MJD-KMM   Document 392-1   Filed 03/04/20   Page 7 of 13

CASE 0:18-cv-00296-MJD-JFD   Doc. 244-1   Filed 03/04/20   Page 7 of 13

Filed in District Court
State of Minnesota
8/16/2019 3:09 PM

> CenturyLink's ▬ system makes it especially easy to quantify the number of consumers CenturyLink defrauded through its scheme, because the software script specifically noted which consumers were promised – but denied – these Closer discounts. **In essence, CenturyLink stamped evidence of its fraud in the account notes of each of these consumers.** The State seeks information about the number of consumers whose accounts contain these "fraud stamps."

(State's January 16, 2019 Memo. of Law in Support of Motion to Compel at 10, found at Dkt. #150.) CenturyLink uses other scripts outside of the ▬ scheme, and the State has been seeking information about how CenturyLink uses these other scripts to deny other offers CenturyLink promises to consumers:

> **Document Request No. 194:** All documents identifying or describing the names of each ▬ script used at CenturyLink.
>
> **Document Request No. 203:** All documents describing the purpose or function of each ▬ script identified in any document responsive to Document Request No. 194.

CenturyLink refused to produce any documents in response to these requests as of August 14, 2019, and the State repeatedly requested in writing that the company produce the information. (Baldwin Aff. ¶ 7 and Ex. H at 3, and Ex. I at 1.) CenturyLink refused to supplement its responses or produce any documents in response to these requests.

The State is entitled to information about these scripts to identify and quantify the fraud CenturyLink has committed outside of its use of Closer discounts and the ▬ system in order to fully prosecute CenturyLink's fraud. The State requests that the Court compel CenturyLink to produce all documents responsive to Document Request Nos. 194 and 203.

**Third,** CenturyLink has produced documents showing that not only has CenturyLink long been aware of its misuse of Closer discounts, this misuse is "▬" at

5

CenturyLink. (*See* Baldwin Aff., Ex. J at 5 and 9.) The State served a document request to obtain all relevant documents about CenturyLink's misuse of these promotional discounts:

> **Document Request No. 200:** All documents and data related to any misuse of CenturyLink's offers, promotions, or closers.

CenturyLink did not produce any documents in response to this request as of August 14, 2019. (Baldwin Aff. ¶ 7.) The State requested in writing multiple times that CenturyLink fully respond to this request, which CenturyLink has not done. (Baldwin Aff., Ex. H at 3 and Ex. I at 1.)

The State is entitled to all documents and data showing CenturyLink's misuse of its offers, promotions, and closers. This request is not limited to the tens of thousands of consumers CenturyLink defrauded through the ▮▮▮▮ scheme; internal communications show that misuse of promotional offers is "▮▮▮▮▮▮▮▮▮▮▮▮▮" at CenturyLink. (*See* Baldwin Aff., Ex. J at 5 and 9.) The State requests that the Court compel CenturyLink to produce all documents sought by Document Request No. 200.

These three categories of discovery requests all relate to basic information about key elements of the State's core claims. The State requests an order compelling CenturyLink to respond appropriately.

II. **CENTURYLINK SHOULD BE ORDERED TO PRODUCE INFORMATION ABOUT ITS SHAM INTERNET COST RECOVERY FEE THAT CENTURYLINK USED TO INFLATE THE BILLS OF HUNDREDS OF THOUSANDS OF MINNESOTA CONSUMERS.**

In 2013, CenturyLink began adding a fraudulent Internet Cost Recovery Fee to the bills of Minnesota consumers who receive internet service from the company. (Baldwin Aff. Ex. K at 1.) Consumers receive nothing of value from CenturyLink in paying this fee – the fee is simply a way for CenturyLink to fraudulently increase its revenue. CenturyLink has periodically increased the amount it has charged for this fee. CenturyLink created this $0.99 per-month fee in 2013 and then raised the fee to $1.99 per month in April of 2015. (*Id.*) CenturyLink then

6

CASE 0:18-cv-00296-MJD-KMM Doc. 244-1 Filed 03/04/20 Page 9 of 13
CASE 0:17-md-02795-MJD-KMM Document 392-1 Filed 03/04/20 Page 9 of 13
02-CV-17-3488
Filed in District Court
State of Minnesota
8/16/2019 3:09 PM

increased the fee to $3.99 per month in April of 2016. (*Id.*) CenturyLink also illegally imposed these rate increases on Minnesota consumers who were promised "price locks" or fixed-rate pricing. (*Id.* at 3-4.) The State served a series of targeted discovery requests to obtain information about this fraudulent fee.

**First,** the State asked for information about CenturyLink's original decision to start charging this sham fee, as well as the amount of revenue it has obtained from this scheme:

> **Document Request No. 14:** Produce all memoranda, reports, audits, or communications that relate in any way to the creation and implementation of the Internet Cost Recovery Fee or Broadband Cost Recovery Fee.
>
> **Interrogatory No. 45:** Identify by month the amount CenturyLink billed or collected from Minnesota consumers for CenturyLink's Internet Cost Recovery Fee or Broadband Cost Recovery Fee.[1]

CenturyLink produced no documents or information in response to these requests as of August 14, 2019, and the State asked in writing that CenturyLink supplement its responses. (Baldwin Aff. ¶ 7 and Ex. G at 1.) The State is entitled to documents that identify and relate to CenturyLink's original decision to start charging this sham fee, as well as information about the revenue the company has obtained from this scam in the last six years. The State requests that the Court compel CenturyLink to produce all documents responsive to Document Request No. 14 and fully answer Interrogatory No. 45.

**Second,** the State also served discovery requests aimed at learning more about the ways in which CenturyLink purports to disclose to consumers who are promised a fixed rate or a

---

[1] CenturyLink answered a similar Interrogatory during the State's pre-Complaint discovery process but has not provided any information about its revenue from this sham fee since 2016, and CenturyLink's prior response was limited in the number of Minnesota consumers whose accounts CenturyLink analyzed.

7

"price lock" that they may be forced to pay higher rates through increases in CenturyLink's Internet Cost Recovery Fee:

> **Interrogatory No. 42:** Identify every way in which CenturyLink purports to disclose to consumers who purchase Price Locks, term agreements, or plans that are represented as providing for a fixed rate, that CenturyLink may raise the price of its Internet Cost Recovery Fee during the time covered by the consumer's Price Lock, term agreement, or plan represented as providing for a fixed rate.
>
> **Document Request No. 208:** All documents containing any of the disclosures referred to in your response to Interrogatory No. 42.

In response to these requests, CenturyLink cited to generic information about government taxes and the company's fees for service, such as equipment fees, and CenturyLink did not produce any documents in response to Document Request No. 208 as of August 14, 2019. (*See* Baldwin Aff. ¶ 7 and Ex. F at 2-5.) The State explained in writing that CenturyLink's generic references to fees were deficient and asked the company to provide the specific information about the Internet Cost Recovery Fee that the State requested. (Baldwin Aff. Ex. G at 1 and Ex. L at 1.)

The State is entitled to information about the ways in which CenturyLink purports to disclose that it will increase the rates consumers pay for internet service, even when they are promised "price locks" or fixed-rate pricing. Alternatively, the State is entitled to know if CenturyLink does not make these disclosures and no such documents exist. The State requests that the Court compel CenturyLink to fully answer Interrogatory No. 42 and produce all documents responsive to Document Request No. 208.

**Third,** additional documents show that CenturyLink has the ability to identify consumers who were promised price locks or fixed-rate pricing, and that CenturyLink had the ability to ▬▬▬▬▬▬▬▬▬▬ from having to pay this sham fee, but the company did not do so.

8


02-CV-17-3488
CASE 0:18-cv-00296-MJD-JFD   Doc. 244-1   Filed 02/04/20   Page 11 of 13
CASE 0:17-md-02795-MJD-KMM   Document 592-1   Filed 03/04/20   Page 11 of 13
Filed in District Court
State of Minnesota
8/16/2019 3:09 PM

(Baldwin Aff. Ex. K at 3-4.) The State served requests about these ▓▓▓▓ ▓▓▓▓ from paying for increases in CenturyLink's Internet Cost Recovery Fee:



> **Document Request No. 225:** All documents identifying or describing ▓▓▓▓ ▓▓▓▓ as described on CTLMNAG0005490.
>
> **Document Request No. 226:** All documents and communications relating to CenturyLink's decision to ▓▓▓▓ ▓▓▓▓ as described on CTLMNAG0005487.
>
> **Request for Admission No. 56:** [Admit that] CenturyLink ▓▓▓▓ ▓▓▓▓ as described on CTLMNAG0005490.

CenturyLink produced no documents sought by these requests as of August 14, 2019 and refused to admit or deny the State's Request for Admission No. 56. (Baldwin Aff. Ex. M at 19-20 and Ex. N at 17-18.) The State requested in writing that CenturyLink respond to these requests. (Baldwin Aff. Ex. L at 1.)

The State is entitled to information about CenturyLink's ability to identify consumers who are falsely promised fixed-rate pricing, as well as its decision not to ▓▓▓▓ ▓▓▓▓ from paying for this fraudulent fee. The State requests that the Court compel CenturyLink to produce the information sought by Document Request Nos. 225 and 226 and to admit or deny the State's Request for Admission No. 56.

These three categories of requests all relate to basic information about key elements of the State's core claims. The State requests an order compelling CenturyLink to respond appropriately.

9

### III. CENTURYLINK SHOULD PAY THE STATE'S COSTS AND FEES FOR FILING THIS MOTION.

Minnesota's discovery rules were adopted to eliminate "gamesmanship" in the pre-trial process. *Sandberg v. Commissioner of Revenue*, 383 N.W.2d 277, 281 (Minn. 1986). Under these rules, monetary sanctions are expressly mandated when a party has engaged in discovery tactics that are not substantially justified. *See* Minn. R. Civ. P. 37.01(d) ("If the motion is granted . . . the court shall . . . require the party or deponent whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney fees.")

The State has already prevailed on two motions to compel, and CenturyLink was sanctioned for its refusal to comply with one of those court orders. The Court unambiguously made clear that the State was entitled to expansive discovery, and yet CenturyLink has not revised any of its tactics in responding to the State's discovery requests. CenturyLink's refusal to provide the State with information proportional to its claims without Court involvement is not justified. CenturyLink should pay the State's costs and fees for having to file this motion to obtain basic information about the company's fraudulent business practices.

10

02-CV-17-3488
CASE 0:17-md-02795-MJD-KMM Doc. 244-1 Filed 03/04/20 Page 13 of 13
CASE 0:18-cv-00296-MJD-JFD Doc. 592-1 Filed 03/04/20 Page 19 of 13
Filed in District Court
State of Minnesota
8/16/2019 3:09 PM

## CONCLUSION

The Court should compel CenturyLink to produce specific information about its business practices and that relate to hundreds of thousands of Minnesota consumers that the State alleges CenturyLink has over-billed.

Dated: August 15, 2019

                                            KEITH ELLISON
                                            Attorney General
                                            State of Minnesota

                                            JAMES W. CANADAY
                                            Deputy Attorney General

                                            /s/ *Alex K. Baldwin*
                                            ALEX K. BALDWIN
                                            Assistant Attorney General
                                            Atty. Reg. No. 0396340

                                            445 Minnesota Street, Suite 1200
                                            St. Paul, Minnesota 55101-2130
                                            (651) 757-1020 (Voice)
                                            (651) 296-7438 (Fax)
                                            alex.baldwin@ag.state.mn.us

                                            ATTORNEYS FOR PLAINTIFF, STATE OF MINNESOTA

## MINN. STAT. § 549.211
## ACKNOWLEDGMENT

The party on whose behalf the attached document is served acknowledges through the undersigned counsel that sanctions may be imposed pursuant to Minn. Stat. § 549.211.

Dated: August 15, 2019

                                            /s/ *Alex K. Baldwin*
                                            ALEX K. BALDWIN
                                            Assistant Attorney General