# Exhibit G

```
 1              UNITED STATES DISTRICT COURT
 2                  DISTRICT OF MINNESOTA
 3
 4    ------------------------------------------------x
 5    IN RE: CENTURYLINK SALES    MDL No. 17-2795
 6    PRACTICES AND SECURITIES           (MJD/KMM)
 7    LITIGATION
 8
 9    This Document Relates to:
10    Civil File No. 18-296
11    (MJD/KMM)
12    ------------------------------------------------x
13
14       VIDEOTAPED DEPOSITION OF MICHAEL L. HARTZMARK
15
16    DATE:         Tuesday, February 25, 2020
17    TIME:         9:55 a.m.
18    LOCATION:     Cooley LLP
19                  3175 Hanover Street
20                  Palo Alto, California
21
22    Reported By: Lynne Ledanois, CSR 6811
23    Job No. 3999961
24
25    PAGES 1 - 170
```

Page 1

```
 1           UNITED STATES DISTRICT COURT
 2              DISTRICT OF MINNESOTA
 3
 4    ------------------------------------------x
 5    IN RE: CENTURYLINK SALES    MDL No. 17-2795
 6    PRACTICES AND SECURITIES         (MJD/KMM)
 7    LITIGATION
 8
 9    This Document Relates to:
10    Civil File No. 18-296
11    (MJD/KMM)
12    ------------------------------------------x
13
14          Videotaped Deposition of MICHAEL
15      HARTZMARK, taken at Cooley LLP, 3175 Hanover
16      Street, Palo Alto, California, commencing at
17      9:55 a.m., on Tuesday, February 25, 2020
18      before Lynne Ledanois, Certified Shorthand
19      Reporter No. 6811.
20
21
22
23
24
25
                                              Page 2
```

```
 1   APPEARANCES
 2
 3   For the Plaintiffs:
 4              BERNSTEIN LITOWITZ BERGER &
 5              GROSSMAN
 6              BY: MICHAEL BLATCHLEY
 7              Attorney at Law
 8              1251 Sixth Avenue
 9              New York, New York 10020
10              (212) 554-1281
11              michaelb@blbglaw.com
12       -and-
13              STOLL BERNE
14              BY:  KEIL MUELLER
15              Attorney at Law
16              209 SW Oak Street
17              Suite 500
18              Portland, Oregon 97204
19              (503) 227-1600
20              kmueller@stollberne.com
21
22
23
24
25
```

```
 1   APPEARANCES
 2
 3   For the Defendant CenturyLink:
 4            COOLEY LLP
 5            BY:  PATRICK GIBBS
 6            Attorney at Law
 7            3175 Hanover Street
 8            Palo Alto, California 94304
 9            (650) 843-1130
10            pgibbs@cooley.com
11       -and-
12            COOLEY LLP
13            BY:  BRYAN KOCH
14            Attorney at Law
15            500 Boylston Street
16            14th Floor
17            Boston, Massachusetts 02116
18            (617) 937-2300
19            bkoch@cooley.com
20
21   ALSO PRESENT:
22   Dustin Brown, Videographer
23   Peter Hess, Analysis Group
24   Steven Young, CenturyLink (Remotely)
25
                                              Page 4
```

Veritext Legal Solutions
866 299-5127

```
 1      attorney.                                              09:59
 2              MR. GIBBS:  Patrick Gibbs from Cooley
 3      on behalf of the defendants.
 4              MR. KOCH:  Bryan Koch from Cooley for
 5      the defendants.                                        09:59
 6              MR. BLATCHLEY:  Michael Blatchley,
 7      Bernstein Litowitz, for the plaintiffs and
 8      the witness.
 9              MR. MUELLER:  Keil Mueller, Stoll
10      Berne, for the plaintiffs and the witness.             09:59
11              THE REPORTER:  Can we go off the
12      record for a second?
13              VIDEOGRAPHER:  Going off record at
14      9:56 a.m.
15                  (Recess taken.)                            10:01
16              VIDEOGRAPHER:  On record at 9:59 a.m.
17                  MICHAEL L. HARTZMARK,
18   having been duly sworn, testified as follows:
19                     EXAMINATION
20   BY MR. GIBBS:                                             10:02
21       Q    Good morning.  Would you please state
22   and spell your name for the record?
23       A    My name is Michael Lee Hartzmark.
24   Michael is M-I-C-H-A-E-L.  Lee is L-E-E.
25   Hartzmark, H-A-R-T-Z-M-A-R-K.                             10:02
```

Page 8

```
 1   BY MR. GIBBS:                                    12:02
 2       Q    You keep answering with truisms and
 3   categories like that.
 4            I'm trying to get your understanding
 5   of the information that you assumed the market   12:02
 6   learned from the article.
 7            What did it say?
 8       A    That CenturyLink was accused of
 9   running a Wells Fargo-like scheme, or sometimes
10   referred to in this complaint as a "cramming     12:03
11   scheme."
12       Q    All right.  And do you have an
13   understanding or an assumption one way or the
14   other as to whether this disclosure was
15   understood by market participants to be a fact   12:03
16   or an accusation?
17            MR. BLATCHLEY:  Objection to the form.
18            THE WITNESS:  I've not evaluated that
19       particular issue.
20            All I've done is assume that this       12:03
21       ==discloses partially a revelation of the fact==
22       ==that prior to this date, certain==
23       ==misrepresentations and omissions were made,==
24       ==and that for the purposes of my analysis as==
25       ==to whether this is an efficient market and==   12:03
```

| | | |
|---|---|---|
| 1 | ==whether there is a common damages== | 12:03 |
| 2 | ==methodology, that this reveals, at least in== | |
| 3 | ==part, the truth.== | |
| 4 | BY MR. GIBBS: | |
| 5 | Q    Let me ask you a hypothetical | 12:04 |
| 6 | question, if I may. | |
| 7 |      I would like you to assume that the | |
| 8 | accusation made by Ms. Heiser that CenturyLink | |
| 9 | was running a Wells Fargo-like scheme turns out | |
| 10 | to have been untrue. | 12:04 |
| 11 |      Are you with me so far? | |
| 12 | A    That her accusation that there was no | |
| 13 | Wells Fargo-like scheme and that the plaintiffs | |
| 14 | will be unable to prove that there was a Wells | |
| 15 | Fargo-like scheme at trial? | 12:04 |
| 16 | Q    Yes. | |
| 17 | A    Okay. | |
| 18 | Q    Okay. | |
| 19 | A    So the defendant is not guilty, not | |
| 20 | liable. | 12:04 |
| 21 | Q    I agree.  That wasn't quite my | |
| 22 | question, though, although we could just stop | |
| 23 | here and block quote that. | |
| 24 |      Can I just get the defendant is not | |
| 25 | guilty, not liable? | 12:04 |

```
 1          comes at a later stage.                     02:20
 2                I've not been asked to engage in a
 3          loss causation analysis.  I've only been
 4          asked to opine on whether there is a common
 5          damages methodology.                         02:20
 6                And if it's the case -- and you used
 7          the word "reliable."
 8                If it's the case that I at a loss
 9          causation analysis were to present an
10          appropriate parsing and scaling approach     02:20
11          that the finder of fact determined was not
12          reliable.  Okay.
13                Or if we take your example where the
14          defendants are found not guilty or not
15          liable, again, my comment damages            02:20
16          methodology still is applicable because you
17          would end up putting in the amount of zero
18          and still be using -- apply it classwide.
19                And the issue is, is there a common
20          damages methodology?  And the answer is yes. 02:21
21     BY MR. GIBBS:
22          Q    So you've just described parsing and
23     scaling that you would need to do to start with
24     your loss causation analysis and end up with the
25     inputs to your inflation ribbon; right?           02:21
```

Page 144

1           I, LYNNE M. LEDANOIS, a Certified
2    Shorthand Reporter of the State of
3    California, do hereby certify:
4           That the foregoing proceedings were
5    taken before me at the time and place herein set
6    forth; that a record of the proceedings was made
7    by me using machine shorthand which was
8    thereafter transcribed under my direction; that
9    the foregoing transcript is a true record of the
10   testimony given.
11          Further, that if the foregoing
12   pertains to the original transcript of a
13   deposition in a Federal Case, before completion
14   of the proceedings, review of the transcript [ ]
15   was [X] wasn't requested.
16          I further certify I am neither
17   financially interested in the action nor a
18   relative or employee of any attorney or party
19   to this action.
20          IN WITNESS WHEREOF, I have this date
21   subscribed my name this 4th day of March, 2020.
22
23
             *Lynne Marie Ledanois*
24           LYNNE MARIE LEDANOIS
25           CSR No. 6811

Page 170

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

IN RE: CENTURYLINK SALES
PRACTICES AND SECURITIES
LITIGATION

MDL No. 17-2795 (MJD/KMM)

This Document Relates to:
Civil File No. 18-296 (MJD/KMM)

### Errata Sheet to the Transcript of the
### February 25, 2020 Deposition of Michael L. Hartzmark

| Page/Line | Original | Proposed Change | Reason |
|---|---|---|---|
| 24:1 | A   The case is listed. It doesn't say | A   You'd be able to -- the case is listed. It doesn't say | Transcription Omission |
| 24:18 | MR GIBBS: Let's go off the record. | MR. BLATCHEY: If I could pause for just a second. The Live Litigation isn't working.<br><br>MR GIBBS: Let's go off the record. | Transcription Omission |
| 43:2-3 | THE WITNESS: This is -- this is not a complete report. | THE WITNESS: This is not part of my report. This is -- this is not a complete report. | Transcription Omission |
| 45:4 | As I mentioned, I've got this. | A   Ok.<br><br>Q   As I mentioned, I've got this. | Transcription Omission |
| 53:17 | Q   That's fine. I'm trying to keep you | Q   I understand. I'm trying to keep you | Transcription Error |
| 55:3-4 | assumptions, that SATA -- the same as we talked about before, that said SATA and SaaS, where | assumptions, that Stata -- the same as we talked about before, that said Stata and SAS, where | Transcription Error |
| 55:21 | The allegations in the case? | Just the allegations in the case? | Transcription Omission |
| 64:13 | Q   So let's say you have a challenged | Q. You mentioned that. So let's say you have a challenged | Transcription Omission |

| Page/Line | Original | Proposed Change | Reason |
|---|---|---|---|
| 66:11 | Okay? Do you understand what I'm | MR. BLATCHLEY: Objection.<br><br>MR GIBBS: Okay? Do you understand what I'm | Transcription Omission |
| 72:7 | causation has to do with price impact? | causation has to do with price impact conceptually? | Transcription Omission |
| 89:19-20 | Q   Yes.<br>A   That's fine. | Q   Yes. That's fine | Misattributed Speaker |
| 94:6 | "An Analysis Examining Corrective Disclosure | "Analysis Examining Corrective Disclosure | Transcription Error |
| 103:12 | A   One is -- | A   One is the inverse -- | Transcription Omission |
| 109:24 | is there is a no hypothesis. The abnormal | is there is a null hypothesis. The abnormal | Transcription Error |
| 136:20 | A   That's an obvious question of loss | A   In this case, that's an obvious question of loss causation | Transcription Omission |
| 139:21-22 | THE WITNESS: I start here to calculate the inputs. That's what you're | THE WITNESS: I start here [as read]: to calculate the inputs -- That's what you're | Clarification |
| 140:14-15 | inflation which are the inputs, as I mentioned before, into the out-of-pocket formula are | inflation -- which are the inputs, as I mentioned before -- into the out-of-pocket formula are | Clarification |
| 140:25 | This is now Paragraph 1690. | This is now Paragraph 190. | Transcription Error |

I, Michael L. Hartzmark, have read the foregoing transcript, and my testimony, as corrected, above is true and correct.

I hereby certify under penalty of perjury that the foregoing is true and correct.

Date: April 2, 2020

MICHAEL L. HARTZMARK

2