# Exhibit M

# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION<br><br><br>This Document Relates to:<br>Civil File No. 18-296 (MJD/KMM) | MDL No. 17-2795 (MJD/KMM)<br><br>**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' NOTICE OF 30(B)(6) DEPOSITION OF LEAD PLAINTIFF THE STATE OF OREGON** |

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure of this Court, Lead Plaintiff State of Oregon by and through the Oregon State Treasurer and the Oregon Public Employees Retirement Board, on behalf of the Oregon Public Employee Retirement Fund ("Oregon"), and Named Plaintiff Fernando Alberto Vildosola ("Vildosola"), as trustee for the AUFV Trust U/A/D 02/19/2009 (collectively, "Plaintiffs") hereby respond and object to Defendants' Notice of 30(B)(6) Deposition of Lead Plaintiff Oregon and topics for examination contained in Exhibit A thereto (the "Topics"), served by Defendants on February 14, 2020 (collectively, the "Notice").

Plaintiffs' objections and responses (the "Responses") are made for the sole purpose of this action. Plaintiffs reserve the right to supplement, modify, or amend these Responses in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Minnesota. By serving these Objections, Plaintiffs do not waive, but rather preserve, all objections to questions that may be posed related to the Topics set forth in the 30(b)(6) Deposition Notice and/or any other questions during the deposition. Lead Plaintiff's willingness to provide a witness to testify concerning any

1

specific deposition topic (each a "Topic") is not an admission that the information that is the subject of that Topic exists. In the event the requested information does not exist, Lead Plaintiff's witness will testify to that effect.

## GENERAL OBJECTIONS

Plaintiffs assert the following general objections ("General Objections") to the Notice, each of which is hereby incorporated by reference into the response to each individual Topic below. From time to time, Plaintiffs may restate one or more of the General Objections as specific objections to an individual Topic. Such restatement, or the failure to restate, should not be taken as a waiver of any General Objection not restated.

1.      Plaintiffs respond to the Notice and Topics on the basis of the facts and circumstances as they presently are known to Plaintiffs. Plaintiffs have not yet completed their own discovery, investigation of the facts, or preparation for trial. Plaintiffs reserve the right to supplement, amend or correct all or any parts of any objection or response provided herein, and reserve the right to object to the admissibility of all or any part of the responses and information provided herein.

2.      Plaintiffs generally object to the Notice and Topics to the extent they fail to describe the Topics with reasonable particularity.

3.      Plaintiffs generally object to the Notice and Topics to the extent they are overly broad and/or subject Plaintiffs to undue burden or expense, such that the burden or expense of the proposed discovery outweighs its likely benefit.

4.      Plaintiffs generally object to the Notice and Topics to the extent they purport to require Plaintiffs to provide information that is: (a) not within their knowledge, possession, custody, or control; (b) equally obtainable from public sources, from some source other than Plaintiffs to which Defendants also have access, through some other means of discovery that is more convenient, more efficient, less burdensome, or less expensive; or (c) that is likely to already be in Defendants' possession, custody, or control.

5.     Plaintiffs generally object to each Topic to the extent it is unreasonably cumulative or duplicative of another Topic or of any prior discovery in this case.

6.     Plaintiffs generally object to each Topic to the extent it is argumentative, lacks foundation, contains express or implied assumptions of fact or law with respect to matters at issue in this case, or incorporates allegations and assertions that are disputed or erroneous.   In responding and objecting to such Topics, Plaintiffs do not admit the correctness of any such assumptions, allegations, or assertions.

7.     Plaintiffs generally object to each Topic to the extent it amounts to a contention which should be resolved through interrogatories and is an inappropriate topic for a Rule 30(b)(6) deposition. *See, e.g., MedImmune, LLC v. PDL Biopharma, Inc.*, No. C08-05590 (JF) (HRL), 2009 WL 5069142, at *2 (N.D. Cal. 2009) ("[T]o the extent that any of MedImmune's topics would require PDL's designees to take a legal position . . . these topics are more appropriate for a contention interrogatory after substantially all of the discovery is complete.").

8.     Plaintiffs generally object to each Topic to the extent it contains undefined terms or other terminology that is vague, ambiguous, confusing, or colloquial, insofar as such terminology does not permit Plaintiffs to ascertain the content of the Topic, rendering the Topic unintelligible and not reasonably calculated to lead to the discovery of admissible evidence.   Plaintiffs will nonetheless make a good faith effort to interpret and prepare for the Topics subject to the objections and limitations set forth herein.

9.     Plaintiffs generally object to Notice and Topics insofar as they either fail to specify a time period from which they seek information, or seek information over a period of time that is overbroad.   Plaintiffs will interpret the Notice and Topics to include a time period appropriate to the issues in dispute.

10.     Plaintiffs generally object to each Topic to the extent it seeks testimony on issues that would be better addressed by expert testimony, or prematurely seek information

and opinions subject to the expert disclosure requirements of Federal Rule of Civil Procedure 26(a)(2).

11.    Plaintiffs generally object to the Notice and Topics (including the "Definitions") to the extent they purport to impose obligations on Plaintiffs beyond those required or permitted by the Court in this action, the parties' agreements, the Federal Rules of Civil Procedure, applicable Local Rules, applicable case law, or any other law, regulation or constitutional provision.

12.    Plaintiffs generally object to the Notice and Topics to the extent they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

13.    Plaintiffs generally object to the Notice and Topics to the extent they seek documents or information from time periods not relevant to the present action or from time periods beyond the applicable statute of limitations on the ground that such Topics are overbroad, unduly burdensome, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

14.    Plaintiffs generally object to the Notice and Topics to the extent they seek or purport to require the disclosure of non-discoverable confidential or proprietary information, information protected by the attorney-client privilege, the attorney work product doctrine, the joint prosecution or common interest privilege or rules, or any other applicable privilege, protection or immunity.  Plaintiffs do not intend by these responses to waive any claim of privilege, protection, or immunity.  Plaintiffs' responses and objections are conditioned specifically on the understanding that the provision of information for which any claim of privilege is applicable shall be deemed inadvertent and not a waiver of the claim of privilege.  Plaintiffs' responses are further conditioned specifically on the understanding that, if privileged information is inadvertently disclosed, Defendants will agree not to use such information and it will be stricken from the deposition record.

4

15.     A full or partial response to the Topics is not a waiver by Plaintiffs of their right to object to any other part of the Notice and Topics.

16.     Notwithstanding their agreement to designate an appropriate representative pursuant to Rule 30(b)(6) on a particular Topic, Plaintiffs do not in any way waive or intend to waive their rights to object on any ground at any time to the use of the information disclosed in response to the Notice and Topics both herein or at deposition, at any trial, hearing, or other proceeding, or the right at any time to supplement or add to Plaintiffs' objections to the Topics, including the right to assert additional objections at the Rule 30(b)(6) deposition itself.

17.     Additionally, Plaintiffs' responses are made without waiver of any other rights to which they are entitled under applicable law or otherwise, including without limitation the following rights, all of which are expressly reserved:

a.  The right to raise all questions of discoverability, authenticity, foundation, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the information identified in response to the Topics both herein or at deposition, either in the depositions themselves, or in any subsequent proceedings in, or trial of, this or any other action;

b.  The right to object on any ground to the use of said information identified in response to the Topics both herein or at deposition, either in the depositions themselves, or in any subsequent proceedings in, or trial of, this or any other action;

c.  The right to object on any ground at any time to other document demands or discovery involving said information.

18.     Plaintiffs reserve the right to amend, revise, correct, supplement, or clarify any of their objections or responses to the Notice and Topics, and to each specific Topic therein, at any time.

5

19.     Plaintiffs' objections and responses to the Topics are not intended to be, and shall not be construed as, an agreement or concurrence by Plaintiffs with Defendants' characterization of any facts, circumstances, and/or legal obligations. Plaintiffs reserve the right to contest or dispute any such characterizations.

## OBJECTIONS TO DEFINITIONS

20.     Plaintiffs generally object to the "Definitions" set forth in the Notice to the extent that they purport to impose obligations on Plaintiffs beyond those required or permitted by the Court in this action, the parties' agreements, the Federal Rules of Civil Procedure, applicable Local Rules, applicable case law, and/or any other law, regulation or constitutional provision.

21.     Plaintiffs generally object to the "Definitions" set forth in the Notice on the grounds that they render the Topics overbroad, vague, ambiguous, uncertain, unintelligible, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

22.     Plaintiffs object to Definition No. 12 ("State of Oregon") to the extent the definition purports to include any division or agency other than the Oregon State Treasurer and the Oregon Public Employees Retirement Board, on behalf of the Oregon Public Employee Retirement Fund ("Oregon") as defined in the Complaint.  Plaintiffs will interpret the term "State of Oregon" to mean Oregon as defined in the Complaint.

## SPECIFIC RESPONSES AND OBJECTIONS

**TOPIC 1:**

The structure, organization, and responsibilities of the Oregon State Treasury, the Oregon Investment Council, and the Oregon Public Employees Retirement Board.

**RESPONSE TO TOPIC 1:**

Plaintiffs object to this Topic on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of the case, including because it seeks

information that is unrelated to this case. Plaintiffs further object to this Topic to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other legally recognized privilege, protection, immunity, or exemption from discovery.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs will make a Rule 30(b)(6) witness available for deposition to answer questions limited to only the non-privileged information known or reasonably available to Oregon sought by this Topic that relates to the structure, organization, and responsibilities of the Oregon State Treasury, the Oregon Investment Council, and the Oregon Public Employees Retirement Board with respect to the governance, maintenance, and operation of the Oregon Public Employees Retirement Fund, including with respect to the investment of moneys held in the Oregon Public Employees Retirement Fund.

**TOPIC 2:**

Policies, procedures, and guidelines that governed investments by or on behalf of the State of Oregon during the Relevant Period.

**RESPONSE TO TOPIC 2:**

Plaintiffs object to this Topic on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of the case, including because it seeks information that is unrelated to this case. Plaintiffs further object to this Topic to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other legally recognized privilege, protection, immunity, or exemption from discovery.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs will make a Rule 30(b)(6) witness available for deposition to answer questions limited to only the non-privileged information sought by this Topic known or reasonably available to Oregon that relates to the policies, procedures, and guidelines that

relate to investments in CenturyLink securities by or on behalf of Oregon from March 1, 2013, through October 10, 2017.

**TOPIC 3:**

Transactions by the State of Oregon, including any of its divisions and affiliated funds, in CenturyLink securities during the Relevant Period.

**RESPONSE TO TOPIC 3:**

Plaintiffs object to this Topic on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of the case, including because it seeks information: (i) that is unrelated to this case; (ii) regarding CenturyLink securities other than those at issue in this action; or (iii) regarding transactions in CenturyLink securities other than transactions by or on behalf of Oregon.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs will make a Rule 30(b)(6) witness available for deposition to answer questions sought by this Topic that relates to information known or reasonably available to Oregon relating to transactions in CenturyLink securities by or on behalf of Oregon from March 1, 2013, through October 10, 2017.

**TOPIC 4:**

Gains or losses on the State of Oregon's transactions in or holdings of CenturyLink securities during the Relevant Period.

**RESPONSE TO TOPIC 4:**

Plaintiffs object to this Topic on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of the case, including because it seeks information: (i) that is unrelated to this case; (ii) regarding CenturyLink securities other than those at issue in this action; or (iii) regarding transactions in CenturyLink securities other than transactions by or on behalf of Oregon. Plaintiffs further object to this Topic to

the extent it purports to require Plaintiffs to perform any calculation of any gains or losses on any transactions in or holdings of CenturyLink securities during the Relevant Period.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs will make a Rule 30(b)(6) witness available for deposition to answer questions sought by this Topic that relates to information known or reasonably available to Oregon concerning gains or losses on transactions in CenturyLink securities by or on behalf of Oregon from March 1, 2013, through October 10, 2017, and to the extent the Oregon State Treasurer maintains records regarding such gains and losses.

**TOPIC 5:**

The State of Oregon's knowledge of CenturyLink's sales and billing practices and customer complaints about CenturyLink's sales and billing practices prior to June 16, 2017.

**RESPONSE TO TOPIC 5:**

Plaintiffs object to this Topic on the grounds that it is vague, overly broad, unduly burdensome, and not proportionate to the needs of the case, including because it is unclear whether Defendants seek information about the State of Oregon's current knowledge of CenturyLink's sales and billing practices and customer complaints about CenturyLink's sales and billing practices that occurred prior to June 16, 2017, or the State of Oregon's knowledge prior to June 16, 2017 of those same practices and complaints. Plaintiffs further object to this Topic to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other legally recognized privilege, protection, immunity, or exemption from discovery.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs will make a Rule 30(b)(6) witness available for deposition to answer questions limited to only the non-privileged information known or reasonably available to Oregon sought by this Topic that relates to Oregon's knowledge prior to June 16, 2017 of

CenturyLink's sales and billing practices and customer complaints about CenturyLink's sales and billing practices.

**TOPIC 6:**

The State of Oregon's reliance on the misrepresentations and omissions alleged in the Complaint.

**RESPONSE TO TOPIC 6:**

Plaintiffs object to this Topic on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of the case, including because it is not limited in time. Plaintiffs further object to this Topic to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other legally recognized privilege, protection, immunity, or exemption from discovery. Plaintiffs further object to the Topic on the grounds that discovery is ongoing and Plaintiffs are continuing to learn material information Defendants omitted from their public statements regarding CenturyLink and withheld from investors.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs will make a Rule 30(b)(6) witness available for deposition to answer questions limited to only the non-privileged information known or reasonably available to Oregon sought by this Topic that relates to Oregon's reliance on the misrepresentations and omissions alleged in the Complaint in connection with Oregon's transactions in CenturyLink securities from March 1, 2013, through October 10, 2017.

**TOPIC 7:**

Statements in the declarations and certifications made by or on behalf of the State of Oregon in connection with this Action, including the "Certification Pursuant to the Federal Securities Laws" executed by Brian de Haan on behalf of the Oregon Public Employees Retirement Fund on June 22, 2018 and attached to the Complaint, and the

January 21, 2020 Declaration of Brian de Haan annexed to Plaintiffs' Motion for Class Certification.

**RESPONSE TO TOPIC 7:**

Plaintiffs object to this Topic to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other legally recognized privilege, protection, immunity, or exemption from discovery.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs will make a Rule 30(b)(6) witness available for deposition to answer questions limited to only the non-privileged information relating to declarations and certifications made by or on behalf of Oregon that are known by or reasonably available to Oregon sought by this Topic.

**TOPIC 8:**

The State of Oregon's retention of, supervision of, and relationship with its counsel in this Action, including Bernstein Litowitz Berger & Grossman LLP and Stoll Berne LLP.

**RESPONSE TO TOPIC 8:**

Plaintiffs object to this Topic on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of the case to the extent it seeks information that is unrelated to the claims and defenses at issue in this case and is unlimited in time. Plaintiffs further object to this Topic on the grounds that the phrase "relationship with" is vague and ambiguous.  Plaintiffs further object to this Topic to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other legally recognized privilege, protection, immunity, or exemption from discovery.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs will make a Rule 30(b)(6) witness available for deposition to answer questions limited to only the non-privileged information sought by this Topic that relates

to Oregon's retention and supervision of Bernstein Litowitz Berger & Grossman LLP and Stoll Stoll Berne Lokting & Shlachter PC in this Action.

**TOPIC 9:**

The basis for the claims and allegations made by the State of Oregon against CenturyLink and the Executive Defendants in the Complaint.

**RESPONSE TO TOPIC 9:**

Plaintiffs object to this Topic to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other legally recognized privilege, protection, immunity, or exemption from discovery.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs will make a Rule 30(b)(6) witness available for deposition to answer questions limited to only the non-privileged information known or reasonably available to Oregon sought by this Topic.

**TOPIC 10:**

The State of Oregon's participation in any class or collective action as a class representative, lead plaintiff, and/or movant to be appointed lead plaintiff.

**RESPONSE TO TOPIC 10:**

Plaintiffs object to this Topic on the grounds that it is overly broad, unduly burdensome, and not proportionate to the needs of the case, including because it is not limited in time and to the extent it seeks information relating to any class or collective action other than class or collective actions brought on behalf of the Oregon Public Employee Retirement Fund.  Plaintiffs further object to this Topic to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other legally recognized privilege, protection, immunity, or exemption from discovery.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows: Plaintiffs will make a Rule 30(b)(6) witness available for deposition to answer

questions limited to only the non-privileged information sought by this Topic that relates to Oregon's participation in any class or collective action as a class representative, lead plaintiff, and/or movant to be appointed lead plaintiff within the past five years.

DATED this 4th day of March, 2020.

**STOLL STOLL BERNE LOKTING &**
**SHLACHTER P.C.**

By:   s/ Lydia Anderson-Dana
_____
**Keith S. Dubanevich,** OSB No. 975200
**Timothy S. DeJong,** OSB No. 940662
**Keil M. Mueller,** OSB No. 085535
**Lydia Anderson-Dana,** OSB No. 166167

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:    (503) 227-1600
Facsimile:    (503) 227-6840
Email:         kdubanevich@stollberne.com
               tdejong@stollberne.com
               kmueller@stollberne.com
               landersondana@stollberne.com

John C. Browne
Michael D. Blatchley
Michael Mathai
**BERNSTEIN LITOWITZ BERGER &**
**GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
johnb@blbglaw.com
michaelb@blbglaw.com
michael.mathai@blbglaw.com

*Special Assistant Attorneys General and*
*Counsel for Lead Plaintiff the State of Oregon*
*by and through the Oregon State Treasurer and*
*the Oregon Public Employee Retirement Board,*
*on behalf of the Oregon Public Employee*

13

*Retirement Fund, and Proposed Lead Counsel for the Class*

Richard A. Lockridge, MN No. 64117
Gregg M. Fishbein, MN No. 202009
Kate M. Baxter-Kauf, MN No. 392037
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 596-4044
Facsimile: (612) 339-0981
ralockridge@locklaw.com
gmfishbein@locklaw.com
kmbaxter-kauf@locklaw.com

*Liaison Counsel for Lead Plaintiff the State of Oregon by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund and Plaintiff Fernando Vildosola*