# Exhibit P

EXP07

EXP07

**STATE OF WASHINGTON**
**KING COUNTY SUPERIOR COURT**

| | |
|---|---|
| STATE OF WASHINGTON, | NO. **19-2-32452-0 SEA** |
| Plaintiff, | CONSENT DECREE |
| v. | **[CLERK'S ACTION REQUIRED]** |
| CENTURYLINK, INC.; CENTURYTEL BROADBAND SERVICES, LLC; QWEST CORPORATION; CENTURYLINK COMMUNICATIONS, LLC; QWEST BROADBAND SERVICES, INC.; CENTURYTEL OF COWICHE, INC.; CENTURYTEL OF INTER ISLAND, INC.; CENTURYTEL OF WASHINGTON, INC.; and UNITED TELEPHONE COMPANY OF NORTHWEST, | |
| Defendants. | |

## I.    JUDGMENT SUMMARY

1.1    Judgment Creditor                State of Washington

1.2    Judgment Debtors                CenturyLink, Inc.; CenturyLink
                                                      Broadband Services, LLC; Qwest
                                                      Corporation; CenturyLink
                                                      Communications, LLC; Qwest Broadband
                                                      Services, Inc.; CenturyTel of Cowiche,

CONSENT DECREE - 1

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

50979944 1

1                                      Inc.; CenturyTel of Inter Island, Inc.;
CenturyTel of Washington, Inc.; and

2                                        United Telephone Company of the
Northwest

3

| | | |
|---|---|---|
| 1.3 | Principal Judgment Amount | $5,212,470, plus amounts identified as paid or payable in paragraph 5.3 |
| 1.4 | Post Judgment Interest Rate: | 12% per annum |
| 1.5 | Attorneys for Judgment Creditor: | Daniel Davies<br>Seann Colgan<br>Assistant Attorneys General |
| 1.6 | Attorneys for Judgment Debtors: | Emily Harris, Corr Cronin LLP |

1.7    Plaintiff, the Attorney General of the State of Washington, by and through its attorneys, Robert Ferguson, Attorney General, and Daniel Davies and Seann Colgan, Assistant Attorneys General, conducted an investigation and commenced this action pursuant to Revised Code of Washington (RCW) 19.86, the Consumer Protection Act (CPA). Defendants CenturyLink, Inc., CenturyTel Broadband Services, LLC, Qwest Corporation, CenturyLink Communications, LLC, Qwest Broadband Services, Inc., CenturyTel of Cowiche, Inc., CenturyTel of Inter Island, Inc., CenturyTel of Washington, Inc., and United Telephone Company of the Northwest, by and through their attorneys, agree on a basis for the settlement of the matters subject to Plaintiff's investigation and to the entry of this Consent Decree against Defendants without the need for trial or adjudication of any issue of law or fact.

The Court finds no just reason for delay.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

## II.    PARTIES AND JURISDICTION

2.1    Plaintiff is the Attorney General of the State of Washington.

CONSENT DECREE - 2

50979944 1

1    2.2    Defendants are CenturyLink, Inc., a corporation with its principal place of

2  business located in Monroe, Louisiana; CenturyTel Broadband Services, LLC, a limited liability

3  company with its principal place of business located in Monroe, Louisiana; Qwest Corporation,

4  a corporation with its principal place of business in Monroe, Louisiana; CenturyLink

5  Communications, LLC, a limited liability company with its principal place of business in

6  Monroe, Louisiana; Qwest Broadband Services, Inc., a corporation with its principal place of

7  business in Monroe, Louisiana; CenturyTel of Cowiche, Inc., a corporation with its principal

8  place of business in Monroe, Louisiana;  CenturyTel of Inter Island, Inc., a corporation with its

9  principal place of business in Monroe, Louisiana; CenturyTel of Washington, Inc., a corporation

10  with its principal place of business in Monroe, Louisiana; and United Telephone Company of

11  the Northwest, with its principal place of business in Monroe, Louisiana.

12    2.3    This Court has jurisdiction of the subject matter of this action, jurisdiction over

13  the parties to this action, and venue is proper in this Court pursuant to RCW 4.12.

14    2.4    Jurisdiction is proper because Defendants transacted business within

15  Washington, including King County, and have engaged in conduct impacting Washington or its

16  residents at all times relevant to the claims at issue.

17    2.5    Entry of this Consent Decree is in the public interest and reflects a negotiated

18  agreement between the parties.

19    2.6    This Consent Decree is entered pursuant to and subject to RCW 19.86 *et seq*.

20    2.7    Defendants, by entering into this Consent Decree, do not admit the allegations of

21  the Complaint other than those solely as necessary to establish the jurisdiction of this Court.

22    2.8    Plaintiff and Defendants agree this Consent Decree does not constitute

23  evidence or an admission regarding the existence or non-existence of any issue, fact, or violation

24  of any law alleged by Plaintiff.  Defendants expressly deny any liability or wrongdoing and are

25

26  CONSENT DECREE - 3

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

50979944 1

1    entering into this Consent Decree as a settlement of disputed claims and to avoid further

2    inconvenience and costs of potential litigation.

3        2.9    Defendants recognize and state this Consent Decree is entered into voluntarily

4    and that no promises, representations, or threats have been made by the Attorney General's

5    Office or any member, officer, agent, or representative thereof to induce them to enter into this

6    Consent Decree, except for the promises and representations provided herein.

7        2.10    Defendants waive any right they may have to appeal from this Consent Decree or

8    to otherwise contest the validity of this Consent Decree.

9        2.11    Defendants further agree this Court shall retain jurisdiction of this action and

10    jurisdiction over Defendants for the purpose of implementing and enforcing the terms and

11    conditions of this Consent Decree and for all other purposes related to this matter.

12    ### III. DEFINITIONS

13        3.1    "CenturyLink" means CenturyLink, Inc., together with its operating subsidiaries

14    CenturyTel Broadband Services, LLC; Qwest Corporation; CenturyLink Communications,

15    LLC; Qwest Broadband Services, Inc.; CenturyTel of Cowiche, Inc.; CenturyTel of Inter Island,

16    Inc.; CenturyTel of Washington, Inc.; United Telephone Company of the Northwest; and any

17    other related entity that participates in the promotion, offering, marketing, or billing of

18    CenturyLink services to Washington consumers. CenturyLink, Inc. is a holding company with

19    ownership interests in these operating subsidiaries, but does not itself carry out the activities

20    described in this Consent Decree. It is the parties' intention to bring CenturyLink, Inc., and these

21    related entities within the scope of this Consent Decree, while incorporating and maintaining

22    these distinctions in the definition of "CenturyLink."

23        3.2    "First Invoice" means the first invoice that the consumer receives after placing

24    an order with CenturyLink. For new consumers, "First Invoice" means the first invoice that the

25    consumer receives after signing up for CenturyLink's services. For CenturyLink's current

26    CONSENT DECREE - 4

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

50979944 1

1    consumers, "First Invoice" means the first invoice the consumer receives that includes the

2    consumer's new or changed services.

3        3.3    The "Effective Date" of this Consent Decree shall be the date of signature of the

4    last signatory to this Consent Decree.

5    **IV.    INJUNCTIONS**

6        4.1    The injunctive provisions of this Consent Decree shall apply to CenturyLink, and

7    its officers, employees, agents, independent contractors, affiliates, and those acting in concert

8    with CenturyLink, shall comply with the following terms and provisions:

9        4.2    CenturyLink shall not make any false or misleading statement of material fact,

10   nor shall CenturyLink omit any material fact, in connection with CenturyLink's sale of internet,

11   television, and/or telephone service to a Washington consumer. For purposes of this Consent

12   Decree, the term "service" also refers to any goods or equipment purchased or leased in

13   connection with a service.

14       4.3    For sales of its services, CenturyLink shall accurately and in a clear and

15   conspicuous manner disclose any and all material terms or conditions of its offers to Washington

16   consumers at the time of sale, including, but not limited to, the following, where applicable:

17       A.    The monthly base price of the service(s) the consumer purchases;

18       B.    The amount (either the actual amount or, for fees or surcharges that are

19       based on percentage, based on usage, or that vary by location, the average

20       amount paid by CenturyLink consumers) of each recurring monthly fee

21       or surcharge (except for those fees and surcharges described in paragraph

22       4.3(c) of this Consent Decree) charged for the service(s) the consumer

23       purchases, in addition to the monthly base price;

24       C.    For the Access Recovery Charge, the Federal Universal Service Fund, the

25       Property Tax Recovery Fee, and the Federal Regulatory Recovery Fee

CONSENT DECREE - 5

26

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

1    when applicable, CenturyLink shall disclose the total amount of these fees

2    and surcharges (as an actual amount or, for fees or surcharges that are

3    based on percentage, based on usage, or that vary by location, the average

4    amount paid by CenturyLink customers) that will appear on the

5    customer's First Invoice. CenturyLink may refer the customer to his or

6    her First Invoice for an itemization of each of these applicable fees and

7    surcharges;

8    D.    The amount of each one-time fee, or fee charged only on the customer's

9    First Invoice, for the purchased service(s), including, but not limited to,

10    activation and installation fees and equipment purchases;

11    E.    The total amount of the First Invoice (using the actual amount in

12    paragraph 4.3(a) and the actual or estimated amounts in paragraphs 4.3(b)

13    through 4.3(d) of this Consent Decree);

14    F.    The total monthly cost of the service(s) starting in the month of service

15    after the First Invoice (using the actual amount in paragraph 4.3(a) and

16    the actual or estimated amounts in paragraphs 4.3(b) through 4.3(c) of this

17    Consent Decree);

18    G.    Estimated taxes or that the quoted pricing does not include taxes;

19    H.    The time period for which the quoted prices apply;

20    I.    Any steps the consumer must take to receive the quoted price(s) and/or

21    any discount(s);

22    J.    Any applicable early cancellation fee(s); and

23    K.    If applicable, that the consumer will be charged for failing to return any

24    leased or rented equipment, and the amount of the charge(s).

25

26    CONSENT DECREE - 6

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

50979944 1

1    4.4    Within three business days after the sale, CenturyLink shall send the customer an

2    Order Confirmation via regular mail, email, or other acceptable electronic communication that

3    sets forth the pricing and material terms and conditions applicable to the customer's service

4    order, including the elements set forth in subparagraphs 4.3(a)-4.3(k), above. The written

5    communication shall contain the words "Order Confirmation" in the title, subject line, or at the

6    beginning of the communication. For written disclosures sent by regular mail the phrase "Order

7    Confirmation" shall be prominently displayed on the envelope. The requirements in paragraphs

8    4.3 - 4.4 shall take effect within 90 days of entry of this Consent Decree. If a customer makes

9    changes to his/her service order between the date of the customer's service order and the service

10    effective date, these changes will be reflected on the customer's First Invoice.

11    4.5    Within 90 days of the Effective Date of this Consent Decree, CenturyLink shall

12    not charge any new Washington consumers for any Internet Cost Recovery Fee or Broadband

13    Cost Recovery Fee. Within 90 days of the Effective Date of this Consent Decree, CenturyLink

14    shall notify current Washington consumers who are on term commitment plans for internet

15    service that (i) they are being charged the Internet or Broadband Cost Recovery Fee and the

16    amount of such fee, and (ii) if they wish to cancel their CenturyLink service as a result of being

17    charged the fee they may do so within 30 days of the notice without incurring an early

18    termination fee. In addition, within 90 days of the Effective Date of this Consent Decree,

19    CenturyLink shall notify current Washington consumers who are on Price Lock plans for internet

20    service that (i) they are being charged the Internet or Broadband Cost Recovery Fee and the

21    amount of such fee, and (ii) within 30 days of the notice, they may transition to another

22    CenturyLink internet plan that does not include a separate charge for the fee. CenturyLink shall

23    send notice to consumers via email (to the extent that CenturyLink has current email addresses

24    for such consumers) and as a separate insert included with the consumers' bills. The notice will

25    include a heading to the effect that it is an important notice and is not an advertisement. If term

26    CONSENT DECREE - 7

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

50979944 1

1 commitment or Price Lock consumers who receive such notice do not elect to cancel or transition

2 their CenturyLink service within the 30-day period as described above, these consumers will

3 continue to be charged the Internet or Broadband Cost Recovery Fee through the expiration of

4 their internet service plans.

5       4.6    If CenturyLink advertises an available price and charges any related fees or

6 surcharges in addition to the advertised price, the existence of those fees or surcharges must be

7 disclosed in the main text of the advertisement (e.g., "additional fees and surcharges apply" or

8 "excludes fee and surcharges"). In addition, for CenturyLink fees or surcharges that are

9 mandatory, but are not passed on to third parties (e.g., taxes paid to government entities), not

10 specifically authorized by law or regulation (e.g., the Access Recovery Charge, as expressly

11 authorized by the Federal Communications Commission at the time of this Order), or not for

12 additional services or goods (e.g., a modem rental fee), additional disclosure requirements apply

13 (collectively, "Specifically Disclosed Fees and Surcharges"). For any Specifically Disclosed

14 Fees and Surcharges in print or internet advertisements, CenturyLink shall specifically identify

15 the fee or surcharge by name and disclose the amount or average amount of the fee or

16 surcharge. The font size of the Specifically Disclosed Fees and Surcharges will be no smaller

17 than the smallest font in the main text of the advertisement.

18             A.    For internet advertisements, the Specifically Disclosed Fees and

19                 Surcharges shall be placed at the beginning of the verbiage in the

20                 advertisement offer's details. The advertisement offer's details must be

21                 on the same page as the advertisement's main text, or must be available

22                 by a hyperlink or "hover over" feature labeled "Offer Details" or

23                 containing a substantively similar label. The Offer Details hyperlink must

24                 be included in the advertisement's main text and the font size of the Offer

25                 Details hyperlink will be no smaller than the smallest font in the rest of

26 CONSENT DECREE - 8

50979944.1

the advertisement's main text. These obligations do not apply to banner advertisements, side bar advertisements, social media posts or internet search copy that require consumers to visit another website to order CenturyLink services, so long as the advertisements, posts or search copy lead consumers to a webpage that contains the disclosures previously described in this paragraph.

B.    For print advertisements, the Specifically Disclosed Fees and Surcharges shall be placed on the same page of the advertisement as the corresponding price.

C.    Video and audio advertisements shall state that additional fees or surcharges will apply and, with respect to Specifically Disclosed Fees and Surcharges, shall specifically identify the fee or surcharge by name and disclose the amount or average amount of the fee or surcharge.

D.    CenturyLink will continue to maintain a publicly available website that describes common fees, surcharges, and taxes. CenturyLink currently maintains the following such website with these descriptions: https://www.centurylink.com/home/help/account/billing/taxes-fees-and-surcharges-on-your-bill.html.

4.7    When selling goods and services as a sales agent of DIRECTV, CenturyLink shall disclose any and all material terms or conditions of DIRECTV's offer. Such material terms or conditions include, but are not limited to, the following, if applicable:

A.    The cost to the consumer of any DIRECTV Goods ordered;

B.    The first month's price of any DIRECTV Services ordered;

C.    That a mandatory programming commitment/agreement will apply, including, but not limited to the duration of the contract;

CONSENT DECREE - 9

50979944 1

D.   The current monthly fees and charges for HD and/or DVR services, if equipment requiring subscription to such services is initially ordered by the consumer;

E.   Any costs, fees or other consideration consumers must pay to cancel any DIRECTV Services, including, but not limited to the following, if applicable: (i) the existence of any early cancellation fee, (ii) the amount of such fees, and (iii) the amount such fees will decrease and on what basis such fees may be prorated;

F.   That an equipment non-return fee may apply if leased DIRECTV Goods are not returned as required;

G.   Any promotion price, and (i) the fact that the promotional price is contingent upon the consumer's request for a rebate(s), if such is the case, (ii) each component or requirement for claiming a rebate, if applicable, (iii) the duration of the promotional price, and (iv) the current price of the DIRECTV Goods or DIRECTV Services ordered without any promotion or discount applied;

H.   The fact that any price or offer is conditioned upon a consumer's agreement to a particular method and/or manner of payment; and

I.   If DIRECTV offers its services, or any part of its services (e.g., a 3-month trial of premium movie channels or a protection plan), at no cost to the consumer for a period of time ("Promotional Period"), (i) whether the consumer will be automatically billed for the service following the expiration of the Promotional Period, (ii) that the consumer must cancel the service within the Promotional Period to avoid being automatically billed for it, (iii) the cost of the service after the Promotional Period, (iv)

CONSENT DECREE - 10

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

50979944 1

1    the length of the Promotional Period, and (v) the means by which the

2    consumer may cancel the service during the Promotional Period.

3        4.8    The parties' intent in this paragraph 4.8 is for CenturyLink to make the same

4 point-of-sale disclosures of DIRECTV's goods and services as is required by § 5.14 in the

5 Consent Decree in *State v. DirectTV*, No. 09-2-44903-1 SEA (King Cnty. Wa., Dec. 16, 2010)

6 (the "DIRECTV Consent Decree"). The terms "DIRECTV Goods" and "DIRECTV Services"

7 as used in this Consent Decree shall have the same meaning as in the DIRECTV Consent Decree.

8 If the terms of § 5.14 of the DIRECTV Consent Decree change in the future, then the parties

9 intend that CenturyLink's disclosures required by this paragraph shall also change accordingly.

10 Nothing herein shall be construed to waive or modify any claims either party may have against

11 the other under the DIRECTV Consent Decree. Notwithstanding the foregoing, CenturyLink

12 shall not be deemed to have violated this paragraph if CenturyLink can demonstrate that it did

13 not cause the violation and that it did not know, prior to the violation, of the circumstances that

14 caused the violation.

15        4.9    In the written disclosure described in paragraph 4.4 and in all invoices it sends to

16 customers, CenturyLink shall provide its mailing address and toll-free telephone number in a

17 clear and conspicuous manner. The toll-free number shall direct customers to agents who have

18 been specifically trained to respond to and address consumer complaints.

19        4.10   CenturyLink shall record and retain for at least two years the entirety of each

20 telephone call with a Washington consumer regarding the offer or sale of its service(s), and any

21 complaint or concern directly related thereto. CenturyLink shall inform each consumer at the

22 beginning of the call that the call is being recorded. CenturyLink shall also retain for at least

23 two years all of its written correspondence with Washington consumers regarding the offer or

24 sale of its services(s) and any complaint or concern directly related thereto, including, but not

25

26    CONSENT DECREE - 11

50979944 1

1  limited to, emails and on-line chats. CenturyLink shall require any third-party vendor it utilizes

2  to communicate with consumers to comply with this paragraph 4.10.

3    4.11  Other than taxes (if taxes are not quoted), CenturyLink shall not charge any

4  Washington consumer any amount greater than the amount CenturyLink disclosed to the

5  consumer in accordance with paragraph 4.3 of this Consent Decree for its service(s), for the time

6  period disclosed in accordance with paragraph 4.3 of this Consent Decree, unless the consumer

7  orders additional service(s) or if the consumer stops meeting restrictions or conditions that were

8  disclosed in accordance with paragraph 4.3 of this Consent Decree at the time of sale.

9  CenturyLink shall not dishonor any offer by claiming that a condition or restriction on the

10  consumer's ability to receive the quoted price renders the offer void, if that restriction or

11  condition was not disclosed in accordance with paragraph 4.3 of this Consent Decree.

12    4.12  CenturyLink shall not charge any consumer a cancellation fee unless

13  CenturyLink discloses the existence of the cancellation fee at the time of sale in accordance with

14  paragraph 4.3 of this Consent Decree, and also at the time the consumer cancels the service.

15  CenturyLink shall not charge any consumer a cancellation fee if it cannot demonstrate it

16  disclosed the cancellation fee at the point of sale, in the Order Confirmation, and at the point of

17  service termination.

18    4.13  CenturyLink shall not charge any consumer an unreturned equipment fee unless

19  CenturyLink discloses the existence of the unreturned equipment fee at the time of sale in

20  accordance with paragraph 4.3 of this Consent Decree, and also at the time the consumer's

21  service is canceled.

22    4.14  CenturyLink shall provide all gift cards, Visa cards, or other incentives that it

23  promises to consumers, consistent with the terms and eligibility requirements of CenturyLink's

24  offers.

25

26  CONSENT DECREE - 12

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

S09799441

1   4.15 CenturyLink shall not charge unreturned equipment fees to customers who timely

2 return their equipment in accordance with CenturyLink's stated policies.

3   4.16 CenturyLink shall not be deemed to have violated any of the terms of this Consent

4 Decree if: (i) CenturyLink has implemented reasonable and appropriate policies and procedures

5 to ensure compliance with this Consent Decree; (ii) the alleged violation is the result of an

6 isolated or inadvertent error related to technical or coding issues, or systems glitches; (iii)

7 CenturyLink has reasonable safeguards in place to monitor for, discover and prevent these types

8 of occurrences from happening; and (iv) CenturyLink takes appropriate steps to investigate and

9 remedy errors or glitches identified by CenturyLink or otherwise brought to its attention.  Such

10 remedy shall address any adverse or negative customer impact(s) in a way that is consistent with

11 the terms of this Consent Decree, including but not limited to providing all credits or refunds

12 that are due to customers as a result of any technical or coding issues, or systems glitches. Solely

13 for the purposes of this paragraph, with respect to CenturyLink's sales of DIRECTV's Goods

14 and Services, each reference to "CenturyLink" in this paragraph shall mean "CenturyLink and/or

15 DIRECTV, as applicable."  For a period of 90 days following entry of this Consent Decree,

16 CenturyLink shall be deemed to be in compliance with subparagraph (i) of this paragraph 4.16

17 if CenturyLink is in the process of implementing reasonable and appropriate policies and

18 procedures to ensure compliance with this Consent Decree.

19   4.17 This Consent Decree shall apply to CenturyLink's initial sale of service to a

20 Washington consumer, and shall apply to any subsequent sale or material change made to the

21 Washington consumer's service. This Consent Decree applies only to residential and small

22 business customers (that is, businesses with 10 employees or less that are billed less than

23 $2,000.00 per month in recurring charges) who have a Washington mailing address or who

24 receive service from CenturyLink in Washington. This Consent Decree applies to CenturyLink's

25 sale of internet, television, and telephone service (other than standalone sales of basic home

26 CONSENT DECREE - 13

1  phone service). Except as otherwise specifically stated herein, all provisions of this Consent

2  Decree take effect immediately upon entry of this Consent Decree and shall remain in effect for

3  ten years. The Attorney General may move the Court to extend the duration of the Consent

4  Decree in the event of noncompliance with any of its terms or if it believes the interests of justice

5  so require.

6      4.18    CenturyLink shall provide a copy of this Consent Decree within 30 days of entry

7  of this Consent Decree to all members of its board of directors and all members of its leadership

8  team. CenturyLink shall also provide notice of this Consent Decree to all of its officers,

9  employees, agents, independent contractors, affiliates, and those acting in concert with

10  CenturyLink who are reasonably expected to be involved in the implementation or compliance

11  with the requirements set forth in this Consent Decree.

12      4.19    CenturyLink shall fulfill the terms of this Consent Decree, and any of its parents,

13  subsidiaries, successors, officers, employees, agents, independent contractors, affiliates, and

14  those acting in concert with CenturyLink who are reasonably expected to be involved in

15  the implementation or compliance with the requirements of this Consent Decree shall be bound

16  by this Consent Decree so as to accomplish the full relief contemplated by this Consent Decree.

17  CenturyLink shall not effect any change in its form of doing business, organizational identity,

18  organizational structure, affiliations, ownership, or management composition as a method or

19  means of attempting to avoid the requirements of this Consent Decree.

20             **V.    MONETARY PAYMENT**

21      5.1    No later than thirty business days after the Court enters this Consent Decree,

22  Defendants shall pay a total of $5,212,470 to the Attorney General's Office for recovery of its

23  costs and attorneys' fees incurred in investigating this matter, future monitoring and enforcement

24  of this Consent Decree, future enforcement of RCW 19.86, or for any lawful purpose in the

25

26  CONSENT DECREE - 14

50979944.1

1  discharge of the Attorney General's duties at the sole discretion of the Attorney General. No part

2  of any payment shall be designated as a civil penalty, fine, and/or forfeiture.

3      5.2    The payment referenced in paragraph 5.1 shall be made by wire transfer to the

4  Washington State Attorney General's Office in accordance with wire transfer instructions

5  provided by the Attorney General's Office to the Defendants.  Defendants' failure to timely

6  make such payment shall be a material breach of this Consent Decree.

7      5.3    In response to an investigative request by the State, CenturyLink represents that

8  it has paid or plans to pay consumers $887,530 for what the State alleges were overcharges

9  relating to a failure to apply "Closer" discounts to customer accounts, subject to offsets for

10  consumers who owe CenturyLink monies. Within ten business days of the Effective Date of this

11  Consent Decree, CenturyLink shall provide the State proof of all payments it has made toward

12  the $887,530 as of that date. CenturyLink shall pay the remainder of the $887,530 by March 31,

13  2020. On or before March 31, 2020, CenturyLink shall provide the State proof that it has paid

14  all $887,530 in accordance with this paragraph. If, after making reasonable, good-faith attempts

15  to make all payments to former customers, CenturyLink has not paid all of the $887,530,

16  CenturyLink shall pay any unpaid amounts to the State in the manner described in paragraph

17  5.2, consistent with Washington's escheatment laws.

18
19                          **VI.    RELEASE**

20      6.1    Upon payment of the amount due under paragraph 5.1 of this Consent Decree,

21  the Plaintiff releases and discharges Defendants and Defendants' current and former officers,

22  directors, agents, employees, representatives, successors and assigns, jointly and severally, from

23  all civil claims, causes of action, or proceedings, including but not limited to civil claims, causes

24  of action or proceedings that the Attorney General has or could have brought under the Consumer

25  Protection Act, RCW 19.86, and all injunctions, restitution, damages, penalties, fines,

26  CONSENT DECREE - 15

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

1    forfeitures, payments, attorneys' fees or costs of any kind that the Attorney General has or could

2    have sought, arising out of CenturyLink's conduct related to, and the Attorney General's

3    investigation of: whether CenturyLink provided customers with promised sales discounts or

4    otherwise billed customers higher rates quoted during sales communications; whether

5    CenturyLink adequately disclosed fees and surcharges when advertising and selling its goods

6    and services; whether CenturyLink billed customers for goods or services that were not ordered

7    or delivered, not delivered as promised or were appropriately cancelled; whether CenturyLink

8    changed the amounts of prices, fees or surcharges without adequate notice to or consent by

9    customers; whether CenturyLink improperly imposed early termination fees; whether

10    CenturyLink imposed unreturned equipment fees on customers who had returned their

11    equipment; whether CenturyLink failed to provide gift cards promised during sales

12    communications; and all other claims and allegations alleged in the Complaint up to and through

13    the Effective Date of this Consent Decree. Nothing contained in this paragraph shall be construed

14    to limit the ability of the Attorney General to enforce the obligations that CenturyLink has under

15    this Consent Decree. Further, nothing in this Consent Decree shall be construed to create, waive,

16    or limit any action brought by any state agency other than the Attorney General's Office;

17    however, the Attorney General's Office is unaware of any investigation by any other state agency

18    involving the conduct of CenturyLink that is the subject of the release herein.

19          6.2     Unless otherwise noted, nothing herein shall be construed as a waiver of any

20    private rights, causes of action, or remedies of any person against CenturyLink with respect to

21    the acts and practices covered by this Consent Decree. This Consent Decree also does not create

22    any private right, cause of action or remedy for any third party with respect to the acts and

23    practices covered herein.

24

25

26    CONSENT DECREE - 16                ATTORNEY GENERAL OF WASHINGTON
                                            Consumer Protection Division
                                            800 Fifth Avenue, Suite 2000
                                             Seattle, WA 98104-3188
                                                 (206) 464-7745

# VII. ENFORCEMENT

7.1     Any violation of any injunction contained in this Consent Decree, as determined by the Court, shall constitute a violation of an injunction for which civil penalties may be sought by the Attorney General pursuant to RCW 19.86.110 and/or such other remedies as may be provided by law.

# VIII. COMPLIANCE REPORTING

8.1     On the first and third anniversaries of the entry of this Consent Decree, CenturyLink must submit compliance reports, sworn under penalty of perjury by an individual or individuals with authority to bind each and every Defendant, regarding its compliance with the provisions of this Consent Decree during the period covered by each report.  The compliance reports must:

A.     Identify the primary postal and email address and telephone number, as designated points of contact, which the Attorney General may use to communicate with CenturyLink in connection with this Consent Decree;

B.     Identify all of CenturyLink's business entities that offer goods and services to Washington consumers by their names, telephone numbers, and physical, postal, email, and internet addresses;

C.     Describe the activities of each such business entity, including the goods and services offered and the means of advertising, marketing, and sales;

D.     State whether CenturyLink is in compliance with paragraphs 4.3-4.15 of this Consent Decree;

E.     Describe the policies, procedures, and controls CenturyLink has instituted that are designed to ensure that CenturyLink's advertising and sale of goods and services do not make any false or misleading statement of material fact or omit any material fact, including:

CONSENT DECREE - 17

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

i.      Establishment and maintenance of a team or business group that reviews all of CenturyLink's advertisements to Washington consumers prior to dissemination and seeks to ensure that such advertisements do not make any false or misleading statement of material fact or omit any material fact;

ii.     Identification of the individuals and business groups that are responsible for seeking to ensure that CenturyLink's advertising and sales do not make any false or misleading statement of material fact or omit any material fact;

iii.    Identification of the individuals and business groups that are responsible for seeking to ensure that CenturyLink complies with its stated policy for fees connected to the failure to return rented equipment; and

iv.     Identification of the individuals and business groups that are responsible for seeking to ensure that CenturyLink complies with the representations made to consumers with respect to the providing of gift cards or other incentives, consistent with the terms and eligibility requirements of such offers.

F.      Describe all billing issues, errors and discrepancies that result in overcharges to more than 2,000 Washington consumers or such other number of consumers as required by Washington law, including, for each error or discrepancy a description of:

i.      The nature and cause of the issue, error or discrepancy;

ii.     All steps taken to remediate the issue, error or discrepancy; and

CONSENT DECREE - 18

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

50979944.1

iii. All steps take to communicate the details of the issue, error or discrepancy to Washington consumers and provide any necessary refunds or credits.

G. Describe the policies, procedures, and controls CenturyLink has established that are designed to ensure that customer service representatives do not make any false or misleading statements to Washington consumers about the price of CenturyLink's goods or services, including:

i. Trainings provided to customer service representatives and their supervisors; and

ii. The quality assurance measures used by CenturyLink to monitor the performance of customer service representatives.

## IX. RECORDKEEPING

9.1 CenturyLink must create or retain certain records in the course of its business after entry of this Consent Decree and retain such records for four years, as listed in paragraph 9.2 below.

9.2 CenturyLink must create and retain the following records in connection with the advertisement and sale of their goods and services to Washington consumers:

A. All written records of consumer complaints, whether received directly from a consumer or indirectly from government agencies or the Better Business Bureau, that are addressed by CenturyLink's Consumer Advocacy Group ("CAG"), or any group or department with a similar role to the CAG established after the entry of this Consent Decree, related to billing discrepancies or alleged misrepresentation of prices, which shall

CONSENT DECREE - 19

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

1    include, but not be limited to, available consumer contact information,

2    date of complaint, source of complaint, category of complaint, and the

3    outcome of the complaint;

4    B.    All records necessary to demonstrate full compliance with each provision

5    of this Consent Decree, including all submissions to the State; and

6    C.    A copy of each unique advertisement or other marketing material created,

7    produced or approved by CenturyLink that was disseminated to

8    Washington consumers.

9    ## X.    ADDITIONAL PROVISIONS

10    10.1    This Consent Decree is entered pursuant to RCW 19.86.080. Jurisdiction is

11    retained for the purpose of enabling any party to this Consent Decree with or without the prior

12    consent of the other party to apply to the Court at any time for enforcement of or compliance

13    with this Consent Decree, to punish violations thereof, or to modify or clarify this Consent

14    Decree.

15    10.2    Under no circumstances shall this Consent Decree, or the name of the State of

16    Washington, this Court, the Office of the Attorney General, the Consumer Protection Division,

17    or any of their employees or representatives (collectively the "Washington persons") be used by

18    CenturyLink or any of its respective owners, members, directors, successors, assigns,

19    transferees, officers, agents, servants, employees, representatives, and all other persons or

20    entities in active concert or participation with CenturyLink, in connection with any selling,

21    advertising, or promotion of products or services, or as an endorsement or approval of

22    CenturyLink's acts, practices, or conduct of business, that are subject to this Consent Decree.

23    10.3    Nothing in this Consent Decree shall grant any third-party beneficiary or other

24    rights to any person who is not a party to this Consent Decree.

25    10.4    Nothing in this Consent Decree shall be construed to limit or bar any other

26    CONSENT DECREE - 20

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

1  governmental entity or person from pursuing other available remedies against Defendants or any

2  other person.

3        10.5   Nothing in this Consent Decree shall be construed as relieving Defendants of the

4  obligation to comply with all state and federal laws, regulations, and rules, nor shall any of the

5  provisions of this Consent Decree be deemed to be permission to engage in any acts or practices

6  prohibited by such laws, regulations, and rules.

7        10.6   This Consent Decree in no way limits the Plaintiff from conducting any lawful

8  non-public investigation to monitor Defendants' compliance with this Consent Decree or to

9  investigate other alleged violations of the CPA, which may include but, is not limited to,

10  interviewing customers or former employees of Defendants.

11        10.7   This Consent Decree shall be binding upon and inure to the benefit of Defendants'

12  successors and assigns.  For 10 years after entry of this Consent Decree, Defendants and their

13  successors and assigns shall notify the Plaintiff within five (5) business days after any change in

14  control of Defendants that would change the identity of the corporate entity responsible for this

15  Consent Decree; including, but not limited to, dissolution, assignment, sale, merger, or other

16  action that results in the emergence of a successor corporation; the creation or dissolution of a

17  subsidiary, parent, or affiliate that engages in any acts or practices subject to this order; the filing

18  of a bankruptcy petition; or a change in the corporate name or address.

19        10.8   If any portion of this Consent Decree is held invalid by operation of law, the

20  remaining terms of this Consent Decree shall not be affected and shall remain in full force and

21  effect.

22        10.9   Any notice or other communication required or permitted under this Consent

23  Decree shall be in writing and delivered to the following persons or any person subsequently

24  designated by the parties:

25

26  CONSENT DECREE - 21

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7745

For the Plaintiff:

Office of the Attorney General
Consumer Protection Division
Attention: Daniel Davies
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188

For the Defendants

Ryan McManis
Deputy General Counsel
CenturyLink Law Department
931 14th Street, 9th Floor
Denver, CO 80202


Office of General Counsel
CenturyLink Law Department
931 14th Street, 9th Floor
Denver, CO 80202


10.10   The Clerk of the Court is ordered to immediately enter the foregoing Consent Decree.

DONE IN OPEN COURT this ___ day of December, 2019.

Brad Moore
Pro Tem

~~JUDGE/~~COURT COMMISSIONER

Presented by:

ROBERT W. FERGUSON
Attorney General

DANIEL DAVIES, WSBA #41793
SEANN C.COLGAN, WSBA #38769
Assistant Attorneys General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4482
Attorneys for Plaintiff State of Washington

Notice of Presentment Waived and
Approved as to Form by:

EMILY J. HARRIS, WSBA # 35763
Corr Cronin LLP
1001 4th Ave., Suite 3900
Seattle, WA 98154
(206) 625-8600
Attorneys for Defendants

CONSENT DECREE - 22

50979944 1