# Exhibit T

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

IN THE MATTER OF:

CENTURYLINK, INC. *et al.*,

Respondents.

Case No.

**ASSURANCE OF VOLUNTARY COMPLIANCE**

## I. INTRODUCTION

1.1     The Attorney General of the State of Oregon, by and through its attorneys, Ellen Rosenblum, Attorney General, and Kelly Harpster and Timothy D. Smith, Senior Assistant Attorneys General, conducted an investigation and commenced this action pursuant to the Oregon Unlawful Trade Practices Act, ORS 646.605 – ORS 646.656. This Assurance of Voluntary Compliance ("AVC") comes before the Court on the stipulation of the undersigned parties and pursuant to ORS 646.632(2) of the Oregon Unlawful Trade Practices Act.

## II. PARTIES

The Parties to the above entitled matter are as follows:

2.1     The State of Oregon, ex rel. Ellen R. Rosenblum, Attorney General for the State of Oregon together with the Oregon Department of Justice ("ODOJ").

2.2     Respondents are CenturyLink, Inc., together with its operating subsidiaries including Qwest Corporation, doing business as CenturyLink QC; Qwest Broadband Services, Inc.; CenturyLink Communications, LLC; CenturyTel Broadband Services, LLC; CenturyTel of Eastern Oregon, Inc.; CenturyTel of Oregon, Inc.; United Telephone Company of the Northwest, Inc., and any other controlled subsidiary that will or has done business in the State of Oregon.

Page 1 of 23 - ASSURANCE OF VOLUNTARY COMPLIANCE

## III. DEFINITIONS

1
2      For purposes of this AVC, the following definitions shall apply:

3      3.1      "CenturyLink" means CenturyLink, Inc., together with its operating subsidiaries

4      including Qwest Corporation, doing business as CenturyLink QC; Qwest Broadband Services,

5      Inc.; CenturyLink Communications, LLC; CenturyTel Broadband Services, LLC; CenturyTel of

6      Eastern Oregon, Inc.; CenturyTel of Oregon, Inc.; United Telephone Company of the Northwest,

7      Inc.; and any other controlled subsidiary that will or has done business in the State of Oregon.

8      CenturyLink, Inc., is a holding company with ownership interests in these operating subsidiaries,

9      but does not itself carry out the activities described in this AVC. It is the parties' intention to

10     bring CenturyLink, Inc., and these related entities within the scope of this AVC, while

11     incorporating and maintaining these distinctions in the definition of "CenturyLink."

12     3.2      "Parties" means CenturyLink and the ODOJ.

13     3.3      "Released Parties" means CenturyLink and each of its current and former officers,

14     directors, agents, independent contractors, employees, representatives, successors and assigns,

15     jointly and severally, while acting personally, or through any corporation or other business

16     entities, whose acts, practices or policies are directed, formulated or controlled by CenturyLink.

17     3.4.     "Oregon consumer(s)" means those individuals residing in Oregon who use and

18     pay for, have used and paid for, purchase, or seek goods or services for personal, family, or

19     household purposes and small business customers (that is, businesses with 10 employees or less

20     that are billed less than $2,000.00 per month in recurring charges) who have an Oregon mailing

21     address or who receive service from CenturyLink in Oregon (regardless of any classification of

22     the goods or services as "business" products or otherwise).

23     3.5.     "First Invoice" means the first invoice that the Oregon consumer receives after

24     placing an order with CenturyLink.  For new Oregon consumers, "First Invoice" means the first

25     invoice that the consumer receives after signing up for CenturyLink's services.  For

26     CenturyLink's current Oregon consumers, "First Invoice" means the first invoice Oregon

10006174-v3
**DEPARTMENT OF JUSTICE**
100 SW Market Street
Portland, OR 97201
Phone: (971) 673-1880 / Fax: (971) 673-1888

1   consumers receive that includes the Oregon consumer's new or changed services.

2      3.6    The "Effective Date" of this AVC shall be the date of signature of the last

3   signatory to this AVC.

4                  **IV. PROCEDURE**

5      4.1    This Court has jurisdiction of the subject matter of this action, jurisdiction over

6   the parties to this action, and venue is proper in this Court pursuant to ORS 646.632.

7      4.2    Jurisdiction is proper because CenturyLink transacted business within Oregon,

8   including Multnomah County, and has engaged in conduct impacting Oregon or its residents at

9   all times relevant to the claims at issue.

10      4.3    Entry of this AVC is in the public interest and reflects a negotiated agreement

11   between the parties.

12      4.4    This AVC is entered pursuant to and subject to ORS 646.632(2).

13      4.5    ODOJ and CenturyLink agree that this AVC does not constitute evidence or an

14   admission regarding the existence or non-existence of any issue, fact, or violation of any law by

15   CenturyLink for any purpose.  CenturyLink expressly denies any liability or wrongdoing and is

16   entering into this AVC as a settlement of disputed claims and to avoid further inconvenience and

17   costs of potential litigation. This AVC shall not be construed or used as a waiver or limitation of

18   any defense otherwise available to CenturyLink in any action, or of CenturyLink's right to

19   defend itself from, or make any arguments in, any private individual, regulatory, governmental,

20   or class claims or suits relating to the subject matter or terms of this AVC. This AVC is made

21   without trial or adjudication of any issue of fact or law or finding of liability of any kind. This

22   AVC shall be inadmissible in any case for any purpose, or otherwise used to support any claim,

23   cause of action, right asserted or request for relief of any kind in any action against any

24   Respondent, except in an action to enforce this AVC.

25      4.6    CenturyLink recognizes and states that this AVC is entered into voluntarily and

26   that no promises, representations, or threats have been made by the ODOJ or any member,

10006174-v3            **DEPARTMENT OF JUSTICE**
100 SW Market Street
Portland, OR 97201
Phone: (971) 673-1880 / Fax: (971) 673-1888

1  officer, agent, or representative thereof to induce it to enter into this AVC, except for the

2  promises and representations provided herein.

3      4.7    CenturyLink waives any right it may have to appeal from this AVC or to

4  otherwise contest the validity of this AVC.

5      4.8    CenturyLink further agrees that this Court shall retain jurisdiction of this action

6  and jurisdiction over CenturyLink for the purpose of implementing and enforcing the terms

7  conditions of this AVC and for all other purposes related to this matter.

8                                    **V. INJUNCTIONS**

9      5.1    The injunctive provisions of this AVC shall apply to CenturyLink, and its

10  officers, employees, agents, independent contractors, affiliates, and those acting in concert with

11  CenturyLink, who shall comply with the following terms and provisions.

12      5.2    CenturyLink shall not make any false or misleading statement of material fact,

13  nor shall CenturyLink omit any material fact, in connection with CenturyLink's sale of internet,

14  television, and/or telephone service to an Oregon consumer.  For purposes of this AVC, the term

15  "service" also refers to any goods or equipment purchased or leased in connection with a service.

16      5.3    For sales of its services, CenturyLink shall accurately and in a clear and

17  conspicuous manner disclose any and all material terms or conditions of its offers to Oregon

18  consumers at the time of sale, including, but not limited to, the following, where applicable:

19      A.     The monthly base price of the service(s) the consumer purchases;

20      B.     The amount (either the actual amount or, for fees or surcharges that are based on

21  percentage, based on usage, or that vary by location, the average amount paid by CenturyLink

22  consumers) of each recurring monthly fee or surcharge (except for those fees and surcharges

23  described in paragraph 5.3C of this AVC) charged for the service(s) the consumer purchases, in

24  addition to the monthly base price;

25      C.     For the Access Recovery Charge, the Federal Universal Service Fund, the

26  Property Tax Recovery Fee, and the Federal Regulatory Recovery Fee when applicable,

10006174-v3                    **DEPARTMENT OF JUSTICE**
100 SW Market Street
Portland, OR 97201
Phone: (971) 673-1880 / Fax: (971) 673-1888

1  CenturyLink shall disclose the total amount of these fees and surcharges (as an actual amount or,

2  for fees or surcharges that are based on percentage, based on usage, or that vary by location, the

3  average amount paid by CenturyLink customers) that will appear on the Oregon consumer's First

4  Invoice. CenturyLink may refer the Oregon consumer to his or her First Invoice for an

5  itemization of each of these applicable fees and surcharges;

6        D.     The amount of each one-time fee, or fee charged only on the Oregon consumer's

7  First Invoice, for the purchased service(s), including, but not limited to, activation and

8  installation fees and equipment purchases;

9        E.     The total amount of the First Invoice (using the actual amount in paragraph 5.3A

10  and the actual or estimated amounts in paragraphs 5.3B through 5.3D of this AVC);

11        F.     The total monthly cost of the service(s) starting in the month of service after the

12  First Invoice (using the actual amount in paragraph 5.3A and the actual or estimated amounts in

13  paragraphs 5.3B through 5.3C of this AVC);

14        G.     Estimated taxes or that the quoted pricing does not include taxes;

15        H.     The time period for which the quoted prices apply;

16        I.     Any steps the Oregon consumer must take to receive the quoted price(s) and/or

17  any discount(s);

18        J.     Any applicable early cancellation fee(s); and

19        K.     If applicable, that the Oregon consumer will be charged for failing to return any

20  leased or rented equipment, and the amount of the charge(s).

21        5.4     Within three business days after the sale, CenturyLink shall send the Oregon

22  consumer an Order Confirmation via regular mail, email, or other acceptable electronic

23  communication that sets forth the pricing and material terms and conditions applicable to the

24  customer's service order, including the elements set forth in subparagraphs 5.3A-5.3K, above.

25  The written communication shall contain the words "Order Confirmation" in the title, subject

26  line, or at the beginning of the communication.  For written disclosures sent by regular mail the

Page 5 of 23 - ASSURANCE OF VOLUNTARY COMPLIANCE

1 phrase "Order Confirmation" shall be prominently displayed on the envelope.  The requirements

2 in paragraphs 5.3 - 5.4 shall take effect within 90 days of entry of this AVC.  If an Oregon

3 consumer makes changes to his/her service order between the date of the consumer's service

4 order and the service effective date, these changes will be reflected on the consumer's First

5 Invoice.

6        5.5      CenturyLink shall not charge Oregon consumers the Internet Cost Recovery Fee

7 or Broadband Cost Recovery Fee for any orders placed 90 or more days after the date of entry of

8 this AVC. Within 90 days of entry of this AVC, CenturyLink shall notify current Oregon

9 consumers who are on term commitment plans for internet service that (i) they are being charged

10 the Internet or Broadband Cost Recovery Fee, the nature of the fee, and the amount of the fee,

11 and (ii) if, as a result of being charged the fee, they wish to cancel their CenturyLink service or

12 transition to another CenturyLink internet plan that does not include a separate charge for the fee,

13 they may do so within 30 days of the notice without incurring an early termination fee. In

14 addition, within 90 days of entry of this AVC, CenturyLink shall notify current Oregon

15 consumers who are on Price Lock plans for internet service that (i) they are being charged the

16 Internet or Broadband Cost Recovery Fee and the amount of such fee, and (ii) within 30 days of

17 the notice, they may transition to another CenturyLink internet plan that does not include a

18 separate charge for the fee. CenturyLink shall comply with a consumer's timely request in

19 response to these notices. CenturyLink shall not be deemed to have violated this AVC if term

20 commitment or Price Lock consumers who receive these notices do not make timely termination

21 or transition requests, as applicable, and therefore maintain their existing internet service plans

22 until they expire. The written notice required by this paragraph 5.5 shall be sent via email (to the

23 extent that CenturyLink has current email addresses for such consumers) and as a separate insert

24 included with the consumers' bills. The notice will include a heading to the effect that it is an

25 important notice and is not an advertisement.

26 ///

Page 6 of 23 - ASSURANCE OF VOLUNTARY COMPLIANCE

**DEPARTMENT OF JUSTICE**
100 SW Market Street
Portland, OR 97201
Phone: (971) 673-1880 / Fax: (971) 673-1888

1    5.6    No later than 90 days after entry of this AVC, if CenturyLink advertises an

2    available price and charges any related fees or surcharges in addition to the advertised price, the

3    existence of those fees or surcharges must be disclosed in the main text of the advertisement

4    (e.g., "additional fees and surcharges apply" or "excludes fees and surcharges"). In addition, if

5    CenturyLink charges fees or surcharges that are mandatory, but are not a) passed on to third

6    parties (e.g., taxes paid to government entities), b) specifically authorized by law or regulation

7    (e.g., the Access Recovery Charge, as expressly authorized by the Federal Communications

8    Commission at the time of this AVC), or c) for additional services or goods (e.g., a modem rental

9    fee) (collectively, "Specifically Disclosed Fees and Surcharges"), additional disclosure

10   requirements apply. Specifically, CenturyLink shall disclose:

11        A.    For internet advertisements,

12            (1)    The not to exceed total amount of all Specifically Disclosed Fees or

13            Surcharges, which shall be identified as CTL or CenturyLink fees or surcharges, and the

14            existence of other authorized taxes, fees, and surcharges.  These disclosures must be clear

15            and conspicuous in close proximity to the advertised price.

16            (2)    The name and nature or purpose of a Specifically Disclosed Fee or

17            Surcharge.  This disclosure may be placed in the verbiage in the offer's details and may

18            be satisfied by (i) identifying each Specifically Disclosed Fee or Surcharge and stating

19            that such Specifically Disclosed Fees and Surcharges are neither a tax nor required by

20            law but set by CenturyLink, and (ii) providing a link to CenturyLink's publicly available

21            website that describes CenturyLink's common fees, surcharges, and taxes. The

22            advertisement offer's details must be on the same page as the advertisement's main text,

23            or may be available by a hyperlink or "hover over" feature labeled "Offer Details" or

24            containing a substantively similar label. If CenturyLink uses a "hover over" or hyperlink,

25            it must be readily viewable in the advertisement's main text, in close proximity to the

26            advertised price.

10006174-v3                    **DEPARTMENT OF JUSTICE**
100 SW Market Street
Portland, OR 97201
Phone: (971) 673-1880 / Fax: (971) 673-1888

1        (3)     These obligations do not apply to banner advertisements, side bar

2    advertisements, social media posts or internet search copy that require consumers to visit

3    another website to order CenturyLink services, so long as the advertisements, posts or

4    search copy lead consumers to a webpage that contains the disclosures previously

5    described in this paragraph in the form and manner previously described in this

6    paragraph.

7    B.     For print advertisements,

8        (1)     The not to exceed total amount of all Specifically Disclosed Fees or

9    Surcharges, which shall be identified as CTL or CenturyLink fees or surcharges, and the

10    existence of other authorized taxes, fees, and surcharges.  These disclosures must be clear

11    and conspicuous in close proximity to the advertised price.

12        (2)     The name and nature or purpose of a Specifically Disclosed Fee or

13    Surcharge.  This disclosure shall be placed on the same page of the advertisement as the

14    corresponding price. This disclosure may be satisfied by (i) identifying each Specifically

15    Disclosed Fee or Surcharge and stating that such Specifically Disclosed Fees and

16    Surcharges are neither a tax nor required by law but set by CenturyLink, and (ii)

17    providing a reference to CenturyLink's publicly available website that describes

18    CenturyLink's common fees, surcharges, and taxes.

19        (3)     Video and audio advertisements shall disclose the not to exceed total

20    amount of all Specifically Disclosed Fees or Surcharges, which shall be identified as CTL

21    or CenturyLink fees or surcharges, and the existence of other authorized taxes, fees, and

22    surcharges.  If the video or audio advertisement directs the consumer to a web page, the

23    web page shall comply with the provisions of subparagraph (A) above.

24        (4)     CenturyLink will continue to maintain a publicly available website that

25    describes common fees, surcharges, and taxes. CenturyLink currently maintains the

26    following such website with these descriptions:

Page 8 of 23 - ASSURANCE OF VOLUNTARY COMPLIANCE

1    https://www.centurylink.com/home/help/account/billing/taxes-fees-and-surcharges-on-
2    your-bill.html.

3    5.7    When selling goods and services as a sales agent of DIRECTV, CenturyLink shall

4    disclose any and all material terms or conditions of DIRECTV's offer. Such material terms or

5    conditions include, but are not limited to, the following, if applicable:

6    A.    The cost to the Oregon consumer of any DIRECTV Goods ordered;

7    B.    The first month's price of any DIRECTV Services ordered;

8    C.    That a mandatory programming commitment/agreement will apply, including, but

9    not limited to the duration of the contract;

10    D.    The current monthly fees and charges for HD and/or DVR services, if equipment

11    requiring subscription to such services is initially ordered by the consumer;

12    E.    Any costs, fees or other consideration consumers must pay to cancel any

13    DIRECTV Services, including, but not limited to the following, if applicable: (i) the

14    existence of any early cancellation fee, (ii) the amount of such fees, and (iii) the amount such

15    fees will decrease and on what basis such fees may be prorated;

16    F.    That an equipment non-return fee may apply if leased DIRECTV Goods are not

17    returned as required;

18    G.    Any promotion price, and (i) the fact that the promotional price is contingent upon

19    the Oregon consumer's request for a rebate(s), if such is the case, (ii) each component or

20    requirement for claiming a rebate, if applicable, (iii) the duration of the promotional price, and

21    (iv) the current price of the DIRECTV Goods or DIRECTV Services ordered without any

22    promotion or discount applied;

23    H.    The fact that any price or offer is conditioned upon an Oregon consumer's

24    agreement to a particular method and/or manner of payment; and

25    I.    If DIRECTV offers its services, or any part of its services (e.g., a 3-month trial of

26    premium movie channels or a protection plan), at no cost to the Oregon consumer for a period of

Page 9 of 23 - ASSURANCE OF VOLUNTARY COMPLIANCE

1    time ("Promotional Period"), (i) whether the Oregon consumer will be automatically billed for

2    the service following the expiration of the Promotional Period, (ii) that the consumer must cancel

3    the service within the Promotional Period to avoid being automatically billed for it, (iii) the cost

4    of the service after the Promotional Period, (iv) the length of the Promotional Period, and (v) the

5    means by which the Oregon consumer may cancel the service during the Promotional Period.

6        5.8     The parties' intent in this paragraph 5.8 is for CenturyLink to make the same

7    point-of-sale disclosures of DIRECTV's goods and services as is required by paragraph 6.14 of

8    Stipulated General Judgment (ORCP 67 F(1)) in *State of Oregon, ex rel John R. Kroger,*

9    *Attorney General for the State of Oregon v. DIRECTV, INC*., Marion County Circuit Court Case

10    No. 10C24650 (December 15, 2010) (the "DIRECTV Judgment"). The terms "DIRECTV

11    Goods" and "DIRECTV Services" as used in this AVC shall have the same meaning as in the

12    DIRECTV Judgment.  If the terms of paragraph 6.14 of the DIRECTV Judgment change in the

13    future, then the parties intend that CenturyLink's disclosures required by this paragraph shall

14    also change accordingly.  Nothing herein shall be construed to waive or modify any claims either

15    party may have against the other under the DIRECTV Judgment.  Notwithstanding the

16    foregoing, CenturyLink shall not be deemed to have violated this paragraph if CenturyLink can

17    demonstrate that it did not cause the violation and that it did not know, prior to the violation, of

18    the circumstances that caused the violation.

19        5.9     In the written disclosure described in paragraph 5.4 and in all invoices it sends to

20    Oregon consumers, CenturyLink shall provide its mailing address and toll-free telephone number

21    in a clear and conspicuous manner.  The toll-free number shall direct Oregon consumers to

22    agents who have been specifically trained to respond to and address consumer complaints.

23        5.10    CenturyLink shall record and retain for at least two years the entirety of each

24    telephone call with an Oregon consumer regarding the offer or sale of its service(s), and any

25    complaint or concern directly related thereto.  CenturyLink shall inform each Oregon consumer

26    at the beginning of the call that the call is being recorded.  CenturyLink shall also retain for at

Page 10 of 23 - ASSURANCE OF VOLUNTARY COMPLIANCE

1  least two years all of its written correspondence with Oregon consumers regarding the offer or

2  sale of its services(s) and any complaint or concern directly related thereto, including, but not

3  limited to, emails and on-line chats. CenturyLink shall require any third-party vendor it utilizes

4  to communicate with Oregon consumers to comply with this paragraph 5.10.

5      5.11    Other than taxes (if taxes are not quoted), CenturyLink shall not charge any

6  Oregon consumer any amount greater than the amount CenturyLink disclosed to the consumer in

7  accordance with paragraph 5.3 of this AVC for its service(s), for the time period disclosed in

8  accordance with paragraph 5.3 of this AVC, unless the consumer orders additional service(s) or

9  if the consumer stops meeting restrictions or conditions that were disclosed in accordance with

10  paragraph 5.3 of this AVC at the time of sale. CenturyLink shall not dishonor any offer by

11  claiming that a condition or restriction on the consumer's ability to receive the quoted price

12  renders the offer void, if that restriction or condition was not disclosed in accordance with

13  paragraph 5.3 of this AVC.

14      5.12    CenturyLink shall not charge any Oregon consumer a cancellation fee unless

15  CenturyLink discloses the existence of the cancellation fee at the time of sale in accordance with

16  paragraph 5.3 of this AVC, and also at the time the Oregon consumer cancels the service.

17  CenturyLink shall not charge any Oregon consumer a cancellation fee if it cannot demonstrate it

18  disclosed the cancellation fee at the point of sale, in the Order Confirmation, and at the point of

19  service termination.

20      5.13    CenturyLink shall not charge any Oregon consumer an unreturned equipment fee

21  unless CenturyLink discloses the existence of the unreturned equipment fee at the time of sale in

22  accordance with paragraph 5.3 of this AVC, and also at the time the consumer's service is

23  canceled.

24      5.14    CenturyLink shall provide all gift cards, Visa cards, or other incentives that it

25  promises to Oregon consumers, consistent with the terms and eligibility requirements of

26  CenturyLink's offers.

**DEPARTMENT OF JUSTICE**
100 SW Market Street
Portland, OR 97201
Phone: (971) 673-1880 / Fax: (971) 673-1888

1    5.15    CenturyLink shall not charge unreturned equipment fees to Oregon consumers

2    who timely return their equipment in accordance with CenturyLink's stated policies.

3    5.16    CenturyLink shall not be deemed to have violated any of the terms of this AVC if:

4    A.    CenturyLink has implemented reasonable and appropriate policies and procedures

5    to ensure compliance with this AVC;

6    B    The alleged violation is the result of an isolated or inadvertent error related to

7    technical or coding issues, or systems glitches;

8    C.    CenturyLink has reasonable safeguards in place to monitor for, discover and

9    prevent these types of occurrences from happening; and

10    D.    CenturyLink takes appropriate steps to investigate and remedy errors or glitches

11    identified by CenturyLink or otherwise brought to its attention.  Such remedy shall address any

12    adverse or negative consumer impact(s) in a way that is consistent with the terms of this AVC,

13    including but not limited to providing all credits or refunds that are due to customers as a result

14    of any technical or coding issues, or systems glitches.  Solely for the purposes of this paragraph,

15    with respect to CenturyLink's sales of DIRECTV's Goods and Services, each reference to

16    "CenturyLink" in this paragraph shall mean "CenturyLink and/or DIRECTV, as applicable."  For

17    a period of 90 days following entry of this AVC, CenturyLink shall be deemed to be in

18    compliance with subparagraph (A) of this paragraph 5.16 if CenturyLink is in the process of

19    implementing reasonable and appropriate policies and procedures to ensure compliance with this

20    AVC.

21    5.17    This AVC shall apply to CenturyLink's initial sale of service to a Oregon

22    consumer, and shall apply to any subsequent sale or material change made to the Oregon

23    consumer's service. This AVC applies only to residential and small business customers (that is,

24    businesses with 10 employees or less that are billed less than $2,000.00 per month in recurring

25    charges) who have an Oregon mailing address or who receive service from CenturyLink in

26    Oregon. This AVC applies to CenturyLink's sale of internet, television, and telephone service

10006174-v3    **DEPARTMENT OF JUSTICE**
100 SW Market Street
Portland, OR 97201
Phone: (971) 673-1880 / Fax: (971) 673-1888

1  (other than standalone sales of basic home phone service). Except as otherwise specifically

2  stated herein, all provisions of this AVC take effect immediately upon entry of this AVC and

3  shall remain in effect for ten years. The ODOJ may move the Court to extend the duration of the

4  AVC in the event of noncompliance with any of its terms or if it believes the interests of justice

5  so require.

6      5.18    CenturyLink shall provide a copy of this AVC within 30 days of entry of this

7  AVC to all members of its board of directors and all members of its leadership team.

8  CenturyLink shall also provide notice of this AVC to all of its officers, employees, agents,

9  independent contractors, affiliates, and those acting in concert with CenturyLink who are

10  reasonably expected to be involved in the implementation or compliance with the requirements

11  set forth in this AVC.

12      5.19    CenturyLink shall fulfill the terms of this AVC, and any of its parents,

13  subsidiaries, successors, officers, employees, agents, independent contractors, affiliates, and

14  those acting in concert with CenturyLink who are reasonably expected to be involved in the

15  implementation or compliance with the requirements of this AVC shall be bound by this AVC so

16  as to accomplish the full relief contemplated by this AVC. CenturyLink shall not effect any

17  change in its form of doing business, organizational identity, organizational structure,

18  affiliations, ownership, or management composition as a method or means of attempting to avoid

19  the requirements of this AVC.

20  **VI. MONETARY PAYMENT**

21      6.1    No later than thirty business days after the Court enters this AVC, CenturyLink

22  shall pay a total of $3,350,000 to the ODOJ for deposit to the Protection and Education

23  Revolving Account established pursuant to ORS 180.095 to be used by ODOJ as provided by

24  law. No part of any payment shall be designated as a civil penalty, fine, and/or forfeiture.

25  ///

26  ///

10006174-v3      **DEPARTMENT OF JUSTICE**
100 SW Market Street
Portland, OR 97201
Phone: (971) 673-1880 / Fax: (971) 673-1888

1      6.2     The payment referenced in paragraph 6.1 shall be made by wire transfer to the

2   ODOJ in accordance with wire transfer instructions provided by the ODOJ to CenturyLink.

3   CenturyLink's failure to timely make such payment shall be a material breach of this AVC.

4      6.3     In response to an investigative request by the ODOJ, CenturyLink represents that

5   it has paid or plans to pay consumers $672,765 for what the ODOJ alleges were overcharges

6   relating to a failure to apply "Closer" discounts to customer accounts, subject to offsets for

7   Oregon consumers who owe CenturyLink monies. Within ten business days of entry of this

8   AVC, CenturyLink shall provide the ODOJ proof of all payments it has made toward the

9   $672,765 as of that date.  CenturyLink shall pay the remainder of the $672,765 by March 31,

10   2020.  On or before March 31, 2020, CenturyLink shall provide the ODOJ proof that it has paid

11   all $672,765 in accordance with this paragraph. If, after making reasonable, good-faith attempts

12   to make all payments to former customers, CenturyLink has not paid all of the $672,765, then on

13   or before March 31, 2020, CenturyLink also shall provide ODOJ with a spreadsheet with the

14   names and last known street and email addresses (to the extent CenturyLink has such email

15   addresses) for each former customer who has not yet received payment because the customer

16   could not be located or the check was otherwise returned. If ODOJ chooses to do so, ODOJ will

17   have until September 1, 2020 to attempt to directly contact those former customers. If ODOJ

18   thereafter provides CenturyLink with any additional contact information it may have concerning

19   former customers whom CenturyLink was unable to locate, CenturyLink shall make one final

20   attempt to pay these former customers. If, after any final attempts to pay former customers,

21   CenturyLink has not paid all $672,765, CenturyLink shall pay any unpaid amounts to the State

22   of Oregon, Department of State Lands, pursuant to applicable Oregon unclaimed funds and

23   property laws.

24                **VII. RELEASE**

25      7.1     Upon payment of the amount due under paragraph 6.1 of this AVC, the State of

26   Oregon, by ODOJ's execution of this AVC, releases the Released Parties from the following: all

Page 14 of 23 - ASSURANCE OF VOLUNTARY COMPLIANCE

10006174-v3         **DEPARTMENT OF JUSTICE**
100 SW Market Street
Portland, OR 97201
Phone: (971) 673-1880 / Fax: (971) 673-1888

1   known and unknown civil claims, causes of action, damages, restitution, disgorgement, fines,

2   attorneys' fees, costs, requests for injunctive relief, remedies and/or penalties that have been or

3   could have been asserted by the State of Oregon against any of the Released Parties pursuant to

4   ORS 646.605 – ORS 646.656, or pursuant to common law claims concerning unfair, deceptive or

5   fraudulent trade practices, up to and including the date of the Court's approval of this AVC,

6   related to or arising from the Covered Conduct that is the subject of this AVC.  "Covered

7   Conduct" means the marketing, promotion and sale of goods or services or bundled goods or

8   services by CenturyLink, including but not limited to, whether CenturyLink provided customers

9   with promised sales discounts or otherwise billed customers higher rates quoted during sales

10  communications; whether CenturyLink adequately disclosed fees and surcharges when

11  advertising and selling its goods and services; whether CenturyLink billed customers for goods

12  or services that were not  ordered or delivered, not delivered as promised or were appropriately

13  cancelled; whether CenturyLink changed the amounts of prices, fees or surcharges without

14  adequate notice to or consent by customers; whether CenturyLink improperly imposed early

15  termination fees; whether CenturyLink imposed unreturned equipment fees on customers who

16  had returned their equipment; and whether CenturyLink failed to provide gift cards promised

17  during sales communications. The Attorney General executes this release in her official capacity

18  and releases only claims that the Attorney General has authority to bring and release. For

19  avoidance of doubt, this AVC does not release any claims asserted in *Craig v. CenturyLink*, Civil

20  File No. 18-296 (D. Minn.). Notwithstanding this paragraph, nothing in this AVC shall be

21  construed as preventing the Attorney General from investigating or bringing an enforcement

22  action for any violations of any applicable state laws, regulations, rules, and permits occurring

23  subsequent to approval of this AVC. Further, nothing in this AVC shall be construed to create,

24  waive, or limit any action brought by any state agency other than the ODOJ; however, the ODOJ

25  is unaware of any investigation by any other state agency involving the conduct of CenturyLink

26  that is subject of the release herein.

10006174-v3   **DEPARTMENT OF JUSTICE**
100 SW Market Street
Portland, OR 97201
Phone: (971) 673-1880 / Fax: (971) 673-1888

1    7.2    Unless otherwise noted, nothing herein shall be construed as a waiver of any

2    private rights, causes of action, or remedies of any person against CenturyLink with respect to

3    the acts and practices covered by this AVC. This AVC also does not create any private right,

4    cause of action or remedy for any third party with respect to the acts and practices covered

5    herein.

6                                    **VIII. ENFORCEMENT**

7    8.1    Any violation of any injunction contained in this AVC, as determined by the

8    Court, shall constitute a violation of an injunction for which civil penalties may be sought by the

9    ODOJ pursuant to ORS 646.642 and/or such other remedies as may be provided by law.

10                                   **IX. COMPLIANCE REPORTING**

11    9.1    On the first and third anniversaries of the entry of this AVC, CenturyLink must

12    submit compliance reports, sworn under penalty of perjury by an individual or individuals with

13    authority to bind each and every Respondent, regarding its compliance with the provisions of this

14    AVC during the period covered by each report.  The compliance reports must:

15    A.    Identify the primary postal and email address and telephone number, as

16    designated points of contact, which the ODOJ may use to communicate with CenturyLink in

17    connection with this AVC;

18    B.    Identify all of CenturyLink's business entities that offer goods and services to

19    Oregon consumers by their names, telephone numbers, and physical, postal, email, and internet

20    addresses;

21    C.    Describe the activities of each such business entity, including the goods and

22    services offered and the means of advertising, marketing, and sales;

23    D.    State whether CenturyLink is in compliance with paragraphs 5.3-5.15 of this

24    AVC;

25    ///

26    ///

10006174-v3            **DEPARTMENT OF JUSTICE**
100 SW Market Street
Portland, OR 97201
Phone: (971) 673-1880 / Fax: (971) 673-1888

1    E.    Describe the policies, procedures, and controls CenturyLink has instituted that are

2  designed to ensure that CenturyLink's advertising and sale of goods and services do not make

3  any false or misleading statement of material fact or omit any material fact, including:

4        i.    Establishment and maintenance of a team or business group that reviews all of

5              CenturyLink's advertisements to Oregon consumers prior to dissemination and seeks to

6              ensure that such advertisements do not make any false or misleading statement of

7              material fact or omit any material fact;

8        ii.   Identification of the individuals and business groups that are responsible for

9              seeking to ensure that CenturyLink's advertising and sales do not make any false or

10             misleading statement of material fact or omit any material fact;

11       iii.  Identification of the individuals and business groups that are responsible for

12             seeking to ensure that CenturyLink complies with its stated policy for fees connected to

13             the failure to return rented equipment; and

14       iv.   Identification of the individuals and business groups that are responsible for

15             seeking to ensure that CenturyLink complies with the representations made to consumers

16             with respect to the providing of gift cards or other incentives, consistent with the terms

17             and eligibility requirements of such offers.

18    F.    Describe all billing issues, errors and discrepancies that result in overcharges to

19  more than 2,000 Oregon consumers or such other number of consumers as required by Oregon

20  law, including, for each error or discrepancy a description of:

21       i.    The nature and cause of the issue, error or discrepancy;

22       ii.   All steps taken to remediate the issue, error or discrepancy; and

23       iii.  All steps take to communicate the details of the issue, error or discrepancy to

24             Oregon consumers and provide any necessary refunds or credits.

25  ///

26  ///

10006174-v3    **DEPARTMENT OF JUSTICE**
100 SW Market Street
Portland, OR 97201
Phone: (971) 673-1880 / Fax: (971) 673-1888

1       G.      Describe the policies, procedures, and controls CenturyLink has established that

2    are designed to ensure that customer service representatives do not make any false or misleading

3    statements to Oregon consumers about the price of CenturyLink's goods or services, including:

4       i.      Trainings provided to customer service representatives and their supervisors; and

5       ii.     The quality assurance measures used by CenturyLink to monitor the performance

6       of customer service representatives.

7
# X. RECORDKEEPING

8       10.1    CenturyLink must create or retain certain records in the course of its business

9    after entry of this AVC and retain such records for four years, as listed in paragraph 10.2 below.

10      10.2    CenturyLink must create and retain the following records in connection with the

11   advertisement and sale of their goods and services to Oregon consumers:

12      A.      All written records of consumer complaints, whether received directly from a

13   consumer or indirectly from government agencies or the Better Business Bureau, that are

14   addressed by CenturyLink's Consumer Advocacy Group ("CAG"), or any group or department

15   with a similar role to the CAG established after the entry of this AVC, related to billing

16   discrepancies or alleged misrepresentation of prices, which shall include, but not be limited to,

17   available Oregon consumer contact information, date of complaint, source of complaint, category

18   of complaint, and the outcome of the complaint;

19      B.      All records necessary to demonstrate full compliance with each provision of this

20   AVC, including all submissions to the ODOJ; and

21      C.      A copy of each unique advertisement or other marketing material created,

22   produced or approved by CenturyLink that was disseminated to Oregon consumers.

23
# XI.    MDL SETTLEMENT

24      11.1    ODOJ agrees that it will not object to or oppose any settlement between the

25   parties in *In re: CenturyLink Sales Practices and Securities Litigation*, MDL No. 17-2795

26   (MJD/KMM), United States District Court for the District of Minnesota ("MDL").  However,

10006174-v3           **DEPARTMENT OF JUSTICE**
100 SW Market Street
Portland, OR 97201
Phone: (971) 673-1880 / Fax: (971) 673-1888

1    ODOJ expressly reserves and maintains its legal position, articulated in the *amicus curie* brief

2    filed on November 22, 2019 in the MDL (Doc. 498), that private class-action settlements do not

3    limit the Attorney General's ability to provide restitution as part of law-enforcement actions

4    under the Unlawful Trade Practices Act.

5                              **XII. ADDITIONAL PROVISIONS**

6          12.1    If ODOJ believes that CenturyLink has failed to comply with this AVC, ODOJ

7    will notify CenturyLink in writing of such failure to comply and CenturyLink shall have thirty

8    (30) days from receipt of such written notice to provide a good faith written response to ODOJ,

9    including either a statement that CenturyLink believes it is in full compliance or otherwise a

10   statement explaining how the violation occurred, how it has been addressed or when it will be

11   addressed, and what CenturyLink will do to make sure the violation does not happen again.

12   ODOJ may agree to provide CenturyLink with more than thirty (30) days to respond.

13         12.2    Nothing herein shall be construed to exonerate any failure to comply with any

14   provision of this AVC, or limit the right and authority of ODOJ to initiate a proceeding for any

15   failure to comply with this AVC after receiving the response from CenturyLink described in

16   paragraph 11.1, if ODOJ determines that an enforcement action is in the public interest.

17         12.3    This AVC is entered pursuant to ORS 646.632(2). Jurisdiction is retained for the

18   purpose of enabling any party to this AVC with or without the prior consent of the other party to

19   apply to the Court at any time for enforcement of or compliance with this AVC, to punish

20   violations thereof, or to modify or clarify this AVC.

21         12.4    Under no circumstances shall this AVC, or the name of the State of Oregon, this

22   Court, the ODOJ, or any of their employees or representatives (collectively the "Oregon

23   persons") be used by CenturyLink or any of its respective owners, members, directors,

24   successors, assigns, transferees, officers, agents, servants, employees, representatives, and all

25   other persons or entities in active concert or participation with CenturyLink, in connection with

26   any selling, advertising, or promotion of products or services, or as an endorsement or approval

1  of CenturyLink's acts, practices, or conduct of business, that are subject to this AVC.

2      12.5    Nothing in this AVC shall grant any third-party beneficiary or other rights to any

3  person who is not a party to this AVC.

4      12.6    Nothing in this AVC shall be construed to limit or bar any other governmental

5  entity or person from pursuing other available remedies against Respondents or any other person.

6      12.7    Nothing in this AVC shall be construed as relieving Respondents of the obligation

7  to comply with all state and federal laws, regulations, and rules, nor shall any of the provisions of

8  this AVC be deemed to be permission to engage in any acts or practices prohibited by such laws,

9  regulations, and rules.

10     12.8    This AVC in no way limits ODOJ from conducting any lawful non-public

11 investigation to monitor Respondents' compliance with this AVC or to investigate other alleged

12 violations of the Oregon Unlawful Trade Practices Act, which may include but, is not limited to,

13 interviewing customers or former employees of Respondents.

14     12.9    This AVC shall be binding upon and inure to the benefit of Respondents'

15 successors and assigns.  For 10 years after entry of this AVC, Respondents and their successors

16 and assigns shall notify ODOJ within five (5) business days after any change in control of

17 Respondents that would change the identity of the corporate entity responsible for this AVC;

18 including, but not limited to, dissolution, assignment, sale, merger, or other action that results in

19 the emergence of a successor corporation; the creation or dissolution of a subsidiary, parent, or

20 affiliate that engages in any acts or practices subject to this order; the filing of a bankruptcy

21 petition; or a change in the corporate name or address.

22     12.10   If any portion of this AVC is held invalid by operation of law, the remaining

23 terms of this AVC shall not be affected and shall remain in full force and effect.   12.11  This

24 AVC may be executed in counterparts, and a facsimile or electronic signature shall be deemed to

25 be, and shall have the same force and effect as, an original signature.

26 / / /

10006174-v3    **DEPARTMENT OF JUSTICE**
100 SW Market Street
Portland, OR 97201
Phone: (971) 673-1880 / Fax: (971) 673-1888

1      12.12  Any notice or other communication required or permitted under this AVC shall be

2  in writing and delivered to the following persons or any person subsequently designated by the

3  Parties:

4      If to CenturyLink:

5          Ryan McManis

6          Deputy General Counsel
                CenturyLink Legal Department

7          931 14th Street, 9th Floor
                Denver, CO 80202

8          ryan.mcmanis@centurylink.com

9          Office of General Counsel

10         CenturyLink Legal Department
              931 14th Street, 9th Floor

11         Denver, CO 80202

12    If to ODOJ:

13         Kelly L. Harpster

14         Attorney-in-Charge
             Civil Enforcement Division

15         Oregon Department of Justice
             100 SW Market Street

16         Portland, OR 97201
             tim.smith@doj.state.or.us

17

18

19                  **APPROVAL BY COURT**

20

21      APPROVED for filing and so ORDERED:

22

23                          _____

24

25

26

### CORPORATE RESPONDENTS' SIGNATURE AND ACKNOWLEDGMENT

1

2      I, Ryan McManis, being first duly sworn on oath, depose and say that I am the Deputy

3  General Counsel of CenturyLink and am fully authorized and empowered to sign this Assurance

   of Voluntary Compliance on behalf of CenturyLink and bind the same to the terms hereof.

4  _____
   Signature

5  RYAN  McMANIS

6  Print Name

7  Address  931  14th Street

8  Denver, CO  80202

9      SUBSCRIBED AND SWORN to before me this 31st day of December, 2019.

10

11  ┌─────────────────────────────────┐
    │  THERESA R. VASEY               │    _____
12  │  Notary Public                  │    Notary Public for
    │  State of Colorado              │    My Commission Expires: 4-18-2022
    │  Notary ID # 19944004464        │
    │  My Commission Expires 04-18-2022│
    └─────────────────────────────────┘

13

14              ### REVIEW BY COUNSEL

15      APPROVED as to form this _____ day of _____, 2019.

16

17  _____

18  SARAH CROOKS, OSB#971512
    Perkins Coie LLP
19  1120 NW Couch Street, 10th Floor
    Portland, OR  97209

20

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

Page 22 of 23 - ASSURANCE OF VOLUNTARY COMPLIANCE

1

## <u>CORPORATE RESPONDENTS' SIGNATURE AND ACKNOWLEDGMENT</u>

2
3

     I, Ryan McManis, being first duly sworn on oath, depose and say that I am the Deputy General Counsel of CenturyLink and am fully authorized and empowered to sign this Assurance of Voluntary Compliance on behalf of CenturyLink and bind the same to the terms hereof.

4

                             _____

5

                             Signature

6

                             _____

                             Print Name

7

                             Address _____

8

                             _____

9

     SUBSCRIBED AND SWORN to before me this _____ day of _____, 20_____.

10

11

                             _____

12

                             Notary Public for
                             My Commission Expires: _____

13

## <u>REVIEW BY COUNSEL</u>

14

15

     APPROVED as to form this 31st day of December, 2019.

16

17

                             *s/Sarah Crooks*
                            _____

18

                             SARAH CROOKS, OSB#971512
                             Perkins Coie LLP

19

                             1120 NW Couch Street, 10th Floor
                             Portland, OR  97209

20

21   */ / /*

22   */ / /*

23   */ / /*

24   */ / /*

25   */ / /*

26   */ / /*

Page 22 of 23 - ASSURANCE OF VOLUNTARY COMPLIANCE

1

**ACCEPTANCE OF ODOJ**

2     ACCEPTED this _3/_ day of _December_, 2019.

3

4

5                         ELLEN F. ROSENBLUM, OSB#753239

6                         Attorney General
                           Oregon Department of Justice

7                         100 SW Market Street
                         Portland, OR 97201

8                         Phone:  (971) 673-1880
                         Fax:  (971) 673-1888

9                         Email:  ellen.f.rosenblum@doj.state.or.us

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# CERTIFICATE OF READINESS

This proposed *Assurance of Voluntary Compliance* is ready for judicial signature because:

1. **[X]**    **Each opposing party affected by this order has stipulated to the order, as shown by each opposing party's signature on the document being submitted.**

2. [ ]    Each opposing party affected by this order has approved the order, as shown by signature on the document being submitted or by written confirmation of approval sent to me.

3. [ ]    I have served a copy of this order on all parties entitled to service and provided written notice, and:

    a. [ ]    No objection has been served on me.

    b. [ ]    I received objections that I could not resolve with the opposing party despite reasonable efforts to do so. I have filed with the court a copy of the objections I received and indicated which objections remain unresolved.

    c. [ ]    After conferring about objections, [role and name of opposing party] agreed to file any remaining objection with the court by [date], which predated my submission..

4. [ ]    The relief sought is against an opposing party who has been found in default.

5. [ ]    An order of default is being requested with this proposed judgment.

6. [ ]    Service is not required by statute, rule, or otherwise.

DATED December 31, 2019.

                                    */s/ Kelly L. Harpster*
                                KELLY L. HARPSTER, OSB#063475
                                Assistant Attorney General
                                Oregon Department of Justice
                                100 SW Market Street
                                Portland, OR 97201
                                Phone:  (971) 673-1880
                                Fax:  (971) 673-1888
                                Email:  kelly.harpster@doj.state.or.us

Page 1 -    CERTIFICATE OF READINESS