**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION** | **MDL No. 17-2795 (MJD/KMM)** |
| This Document Relates to: Civil Action No. 18-296 (MJD/KMM) | Oral Argument Requested |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO REOPEN DEPOSITION OF MICHAEL L. HARTZMARK AND FILE SUR-REPLY, TO ADJOURN CLASS CERTIFICATION HEARING, AND TO ORDER AN EVIDENTIARY HEARING**

# **TABLE OF CONTENTS**

                                              **Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

I.     THE COURT SHOULD ALLOW DEFENDANTS TO REOPEN DR. HARTZMARK'S DEPOSITION AND RESPOND TO PLAINTIFFS' NEW PRICE IMPACT ARGUMENTS AND EVIDENCE. ..................................................... 2

II.    THE COURT SHOULD HOLD AN EVIDENTIARY HEARING TO WEIGH THE COMPETING EXPERT EVIDENCE. ....................................................... 6

CONCLUSION ............................................................................................................................... 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Basic, Inc. v. Levinson*,
   485 U.S. 224 (1988) ................................................................................................... 2

*In re Chicago Bridge & Iron Co. N.V. Sec. Litig.*,
   No. 17-cv-01580, 2019 WL 6879321 (S.D.N.Y. Dec. 16, 2019) ............................... 4

*Davidson v. Apple, Inc.*,
   No. 16-cv-04942-LHK (VSD), 2019 WL 1230438 (N.D. Cal. Mar. 15, 2019) ......... 4

*In re: Finisar Corp. Sec. Litig.*,
   No. 5:11-cv-012525-EJD (N.D. Cal. Nov. 17, 2017) ................................................ 5

*Grae v. Corr. Corp. of Am.*,
   No. 3:16-cv-2267 (M.D. Tenn. Nov. 6, 2018) ........................................................... 5

*Halliburton Co. v. Erica P. John Fund, Inc.*,
   573 U.S. 258 (2014) ........................................................................................... 1, 3, 5

*IBEW Local 98 Pension Fund v. Best Buy Co., Inc.*,
   818 F.3d 775 (8th Cir. 2016) .................................................................................. 2, 3

*Ice Corp. v. Hamilton Sundstrand Corp.*,
   No. 05-cv-4135, 2007 WL 1590845 (D. Kan. May 30, 2007) .................................. 4

*Monroe Cty. Emps.' Ret. Sys. v. S. Co.*,
   332 F.R.D. 370 (N.D. Ga. 2019) ................................................................................ 7

*Ohio Pub. Emps. Ret. Sys. v. Fed. Home Loan Mtg. Corp.*,
   No. 4:08CV0160, 2018 WL 3861840 (N.D. Ohio Aug. 14, 2018) ............................ 7

*Postawko v. Missouri Dep't of Corr.*,
   910 F.3d 1030 (8th Cir. 2018) ................................................................................... 5

*Sirota v. Solitron Devices, Inc.*,
   673 F.2d 566 (2d Cir. 1982) ...................................................................................... 6

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
   No. 3:07-md-01827-SI, 2014 WL 12639392 (N.D. Cal. Dec. 10, 2014) .................. 4

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

**Other Authorities**

Federal Rules of Civil Procedure
    Rule 23(c)...................................................................................................................6
    Rule 30(a)(2) .............................................................................................................1

Local Rules of the U.S. District Court of the District of Minnesota
    6.1..............................................................................................................................1
    7.1..............................................................................................................................1

**PRELIMINARY STATEMENT**

Defendants move pursuant to Rule 30(a)(2) of the Federal Rules of Civil Procedure and Local Rules 6.1 and 7.1 for leave to reopen the deposition of Plaintiffs' class certification expert, Michael L. Hartzmark, and to submit a brief sur-reply in further opposition to Plaintiffs' Motion for Class Certification (the "Motion") on or before May 29, 2020. To accommodate the deposition and filing of a sur-reply, Defendants request that the Court adjourn the hearing on the Motion, currently scheduled for May 21, 2020.

Leave should be granted because Defendants have not had an opportunity to examine Dr. Hartzmark about his opinions relating to price impact, which he offered for the first time *after* he was deposed and *after* Defendants filed their opposition to the Motion (the "Hartzmark Reply Report"). Nor have Defendants had an opportunity to respond to new price impact arguments Plaintiffs make in their Reply Memorandum in Further Support of Plaintiffs' Motion for Class Certification (the "Reply Brief"). Permitting Defendants to depose Dr. Hartzmark for an additional four hours and to file a three thousand (3,000) word brief would provide the Court with a complete record on these new opinions and arguments.

The requested relief accords with recent practice in federal courts nationwide. This owes in part to the unique treatment courts afford to price impact arguments at the class certification stage following guidance set out by the Supreme Court in *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258 (2014) ("*Halliburton II*"). Under *Halliburton II*, defendants have the initial burden of producing evidence—not conclusive proof, as Plaintiffs appear to suggest in their Reply Brief—to rebut the presumption of

1

price impact. Thus, Defendants in this case were the first to analyze price impact and offer an expert opinion on the subject. Plaintiffs then filed their Reply Brief and accompanying sixty-three-page Hartzmark Reply Report, which largely address price impact. Fairness dictates that Defendants should be permitted to depose Plaintiffs' expert on his new opinions and respond to the new arguments and evidence.

Finally, Defendants request that the Court order an in-person evidentiary hearing to be conducted in conjunction with oral argument on the Motion. A concise in-person evidentiary hearing, during which the parties and the Court may examine the experts who have opined on issues relevant to class certification—including price impact—would aid the Court in resolving disputed issues of expert evidence, of which there are many.

## ARGUMENT

### I. The Court Should Allow Defendants to Reopen Dr. Hartzmark's Deposition and Respond to Plaintiffs' New Price Impact Arguments and Evidence.

Where plaintiffs invoke the *Basic* presumption to certify a class, defendants have the initial burden of producing evidence that the alleged misrepresentations did not affect the price of the at-issue securities—*i.e.*, that there was no price impact. *See IBEW Local 98 Pension Fund v. Best Buy Co., Inc.*, 818 F.3d 775, 782 (8th Cir. 2016) ("[W]hen plaintiffs presented a *prima facie* case that the *Basic* presumption applies to their claims, defendants had the burden to come forward with evidence showing a lack of price impact.") (citing *Basic, Inc. v. Levinson*, 485 U.S. 224 (1988)). Thus, Plaintiffs did not analyze price impact in their opening brief, and their expert, Dr. Hartzmark, did not analyze price impact in his initial report, which consisted of eighty-three pages as well as

voluminous exhibits and appendices. Dkt. No. 520; Dkt. No. 521-3. Nor was Dr. Hartzmark willing to discuss price impact at the time of his deposition. *See* Declaration of Ryan Blair ("Blair Decl.") Ex. A. (Excerpted Deposition Transcript of Michael L. Hartzmark) at 59:17-18 ("I've not evaluated price impact. I wasn't asked to.").

In opposing Plaintiffs' Motion, Defendants submitted the expert report of Bruce Deal, who offered several opinions on price impact. Dkt. No. 618-1 Ex. 1 (Expert Report of Bruce Deal), at ¶¶ 59–130. Based on these opinions, Defendants argued in their opposition brief that there is substantial evidence of a lack of price impact, Dkt. No. 617 at 9–19, and that they had met their "burden to come forward with evidence showing a lack of price impact" under *Halliburton II* and *Best Buy*.

In response, Plaintiffs submitted reply materials that overwhelmingly consist of new price impact-related arguments and expert opinions. For example, the Hartzmark Reply Report includes admittedly new "reply opinions" that were not in Dr. Hartzmark's first report. Dkt. No. 697-1 (Hartzmark Reply Report) at ¶ 3 ("I have the following ***additional opinions*** in response to the opinions Mr. Deal expresses") (emphasis added). Among these new opinions is that, for 27 of the 52 trading days related to the misrepresentations Plaintiffs allege, Dr. Hartzmark "would not necessarily expect" the alleged misrepresentations "to have impacted CenturyLink's securities price." *Id.* ¶¶ 112–13. At least forty-eight of the sixty-three pages of new opinions in the Hartzmark Reply Report concern price impact—the subject Dr. Hartzmark expressly and repeatedly declined to discuss at his deposition. *Id.* at 2, 5–6, 9–53.

As a matter of fairness, Defendants should be permitted to reopen Dr. Hartzmark's deposition and test his newly-formed opinions. Courts routinely allow a party to depose for a second time an expert who offers new opinions after his or her expert report is filed and deposition is taken. *See Ice Corp. v. Hamilton Sundstrand Corp.*, No. 05-cv-4135, 2007 WL 1590845, at *2 (D. Kan. May 30, 2007) ("As [the] supplemental report contains new facts not previously disclosed in his original report, the court finds that under the factors of Rule 26(b)(2), a second deposition of [the expert] limited to the new opinions and facts raised in his April 16, 2007 supplemental report is warranted."); *Davidson v. Apple, Inc.*, No. 16-cv-04942-LHK (VSD), 2019 WL 1230438, at *2 (N.D. Cal. Mar. 15, 2019) ("Apple has shown good cause for a second deposition of [the expert]. It is undisputed that [the expert] has prepared several additional experts reports that include new opinions and a new survey, and Apple has had no opportunity to examine [the expert] about this new material."); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 3:07-md-01827-SI, 2014 WL 12639392, at *2 (N.D. Cal. Dec. 10, 2014) (even where plaintiff's expert's reply report opinions were offered "solely to support his original opinions and to rebut the criticisms by Defendants' experts," a second deposition was justified because reply report "contain[ed] a significant amount of new material" and the defendants "had no meaningful opportunity to question him about this new material"). Allowing Defendants to depose Dr. Hartzmark a second time will also crystallize the parties' experts' competing views on price impact, which is essential to the resolution of Plaintiffs' Motion. *Cf. In re Chicago Bridge & Iron Co. N.V. Sec. Litig.*, No. 17-cv-01580, 2019 WL 6879321, at *1 (S.D.N.Y. Dec. 16, 2019) ("[O]nce plaintiffs' expert

4

reviews the response, and learns the defendants' expert's views for the first time, her rebuttal will inevitably express new opinions. The opportunity to explore those opinions prior to trial should increase the efficiency of any trial presentation.").

For the same reasons, the Court should exercise its discretion to allow Defendants to respond to Plaintiffs' price impact arguments, which were raised for the first time in their Reply Brief. *See Postawko v. Missouri Dep't of Corr.*, 910 F.3d 1030, 1037 n.3 (8th Cir. 2018) ("Admitting the [new] evidence in the Plaintiffs' reply and allowing the Defendants the opportunity to file a sur-reply was an appropriate exercise of discretion in a matter of case management left to the district court."). For example, Plaintiffs repeatedly rely on Dr. Hartzmark's "additional opinions" to support virtually all of their price impact arguments. Reply Brief at 3–9. And, for the first time, Plaintiffs argued that their allegations constitute a "classic price maintenance fact pattern." Reply Brief at 9 n.2; *cf.* Dkt. No. 520 (Plaintiffs' Opening Brief) at 15 ("Plaintiffs allege Defendants made material misrepresentations and omissions that artificially inflated *or* maintained the market price of CenturyLink's securities") (emphasis added). In the wake of *Halliburton II*, the majority of district courts in this posture have, upon request or motion, permitted defendants in 10b-5 actions to submit supplemental briefing at the class certification stage on the topic of price impact. *See, e.g.*, Blair Decl. Exs. B (*In re: Finisar Corp. Sec. Litig.*, No. 5:11-cv-012525-EJD (N.D. Cal. Nov. 17, 2017) (Dkt. No. 147) (granting the defendants' request to file a sur-reply and supplemental expert report on the subject of price impact after Hartzmark offered a new price impact opinion on reply)); C (*Grae v. Corr. Corp. of Am.*, No. 3:16-cv-02267 (M.D. Tenn. Nov. 6, 2018) (Dkt. No. 132)

5

(concluding "that [the plaintiff's] submission of a lengthy new report in support of its Reply" on price impact was "an appropriate basis for allowing a brief, expeditiously filed sur-reply.")).  The Court should do the same here.

To accommodate the deposition and filing of a sur-reply, Defendants request that the Court adjourn the hearing on the Motion, currently scheduled for May 21, 2020.

## II. The Court Should Hold an Evidentiary Hearing to Weigh the Competing Expert Evidence.

"[T]here can be no doubt that it is proper for a district court, prior to certification of a class . . . to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied." *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982); *see also* Manual for Complex Litigation § 21.21 (4th ed. 2004) ("A hearing under Federal Rule of Civil Procedure 23(c) is a routine part of the certification decision. . . . An evidentiary hearing may be necessary in a challenge to the factual basis for a class action").

In this case, an in-person evidentiary hearing will be particularly helpful to the Court in determining whether to certify the putative class.[1]  The parties' experts have submitted highly technical reports which, together with accompanying exhibits, comprise more than a thousand pages for the Court's consideration.  Moreover, the parties' experts have offered sharply contrasting opinions on the topics most central to the Court's determination, including, *inter alia*, whether the evidence shows that the alleged

---

[1] While Defendants believe that conducting a hearing in person is the most efficient way to facilitate the examination of expert witnesses and argument on Plaintiffs' Motion, they are amenable to proceeding telephonically or via videoconference if an in-person hearing is impracticable on the designated date.

6

misrepresentations impacted the price of CenturyLink securities, and whether Plaintiffs have satisfied their requirement to provide a damages methodology that is common to the putative class.

Courts frequently hold evidentiary hearings in similar circumstances in 10b-5 actions. *See Monroe Cty. Emps.' Ret. Sys. v. S. Co.*, 332 F.R.D. 370, 376, 394 (N.D. Ga. 2019) ("[T]he Court conducted an evidentiary hearing on Plaintiffs' motion for class certification and the parties' competing motions to exclude," including on the experts' price impact opinions); *Ohio Pub. Emps. Ret. Sys. v. Fed. Home Loan Mtg. Corp.*, No. 4:08CV0160, 2018 WL 3861840, at *1 (N.D. Ohio Aug. 14, 2018) ("An oral hearing/argument was held . . . at which the Court heard the testimony of competing expert witnesses"). Here, an evidentiary hearing would allow the Court to hear directly from and question the experts, assess and contextualize the key exhibits and analyses in the parties' immense filings, and clarify the disputed expert opinions for the Court.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion (i) for leave to reopen the deposition of Michael L. Hartzmark for a period of no more than four hours; (ii) for leave to file a 3,000-word sur-reply on or before May 29, 2020; (iii) to adjourn the hearing on Plaintiffs' Motion, currently scheduled for May 21, 2020; and (iv) to order an in-person evidentiary hearing in conjunction with oral argument on a date that the Court sees fit.

Dated:  May 8, 2020                                    Respectfully submitted,

/s/ Patrick E. Gibbs
Patrick E. Gibbs (CA Bar No. 183174)
COOLEY LLP
3175 Hanover Street
Palo Alto, California 94304
Phone:  (650) 843-5000
Fax:  (650) 849-7400
pgibbs@cooley.com

Douglas P. Lobel (VA Bar No. 42329)
David A. Vogel (VA Bar No. 48971)
Dana A. Moss (VA Bar No. 80095)
COOLEY LLP
11951 Freedom Drive
Reston, Virginia 20190
Phone:  (703) 456-8000
Fax:  (703) 456-8100
dlobel@cooley.com
dvogel@cooley.com
dmoss@cooley.com

Sarah M. Lightdale
(NY Bar No. 4395661)
COOLEY LLP
1114 Avenue of the Americas
New York, New York 10036
Phone:  (212) 479-6000
Fax:  (212) 479-6275
slightdale@cooley.com

Ryan Blair (CA Bar No. 246724)
COOLEY LLP
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6047
Facsimile: (858) 527-2750
rblair@cooley.com

William A. McNab
(MN Bar No. 320924)
Thomas H. Boyd

8

(MN Bar No. 0200517)
WINTHROP & WEINSTINE, P.A.
Capella Tower, Suite 3500
225 South Sixth Street
Minneapolis, MN 55402
Phone: (612) 604-6400
Fax: (612) 604-6800
wmcnab@winthrop.com
tboyd@winthrop.com

Jerry W. Blackwell
(MN Bar No. 186867)
BLACKWELL BURKE P.A.
431 South 7th Street, Suite 2500
Minneapolis, MN 55415
Telephone: (612) 343-3200
blackwell@blackwellburke.com

*Attorneys for Defendants CenturyLink, Inc., Glen F. Post, III, R. Stewart Ewing, Jr., David D. Cole, Karen Puckett, Dean J. Douglas, and G. Clay Bailey*