UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION<br><br><br>This Document Relates to:<br>Civil File No. 18-296 (MJD/KMM) | MDL No. 17-2795 (MJD/KMM) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO REOPEN THE DEPOSITION OF DR. MICHAEL L. HARTZMARK AND FILE SUR-REPLY, TO ADJOURN CLASS CERTIFICATION HEARING, AND TO ORDER AN IN-PERSON EVIDENTIARY HEARING**

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................. 1

II.  DEFENDANTS HAVE NO VALID REASON FOR A SUR-REPLY OR
     ADDITIONAL DISCOVERY ............................................................................... 2

     A.   Dr. Hartzmark's Reply Report Did Not Raise New Arguments or Present
          New Evidence ............................................................................................ 3

     B.   *Halliburton II* Did Not Grant Defendants Special Discovery or
          Briefing Privileges .................................................................................... 5

III. THERE IS NO GOOD CAUSE TO SUBJECT DR. HARTZMARK TO
     ANOTHER DEPOSITION .................................................................................... 7

IV.  THERE IS NO REASON TO HOLD AN EVIDENTIARY HEARING GIVEN
     THE LACK OF ANY MEANINGFUL DISPUTE OVER EVIDENTIARY
     ISSUES .................................................................................................................. 8

V.   CONCLUSION ...................................................................................................... 9

## TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Banga v. First USA, NA*,
　29 F. Supp. 3d 1270 (N.D. Cal. 2014) ............................................................................ 2

*Basic Inc. v. Levinson*,
　485 U.S. 224 (1988) ........................................................................................................ 3

*Beaver Cty. Emps. Ret. Fund v. Tile Shop Holdings, Inc.*,
　2017 WL 2588950 (D. Minn. June 14, 2017) ................................................................. 6

*City of Pontiac Gen. Emps. Ret. Sys. v. Wal-Mart Stores, Inc.*,
　2016 WL 5400373 (W.D. Ark. Sept. 20, 2016) .............................................................. 6

*Durabla Mfg. Co. v. Cont'l Cas. Co.*,
　2000 WL 1196319 (D. Minn. June 9, 2000) ................................................................... 2

*In re Enron Corp. Secs.*,
　465 F. Supp. 2d 687 (S.D. Tex. 2006) ............................................................................ 2

*Erica P. John Fund, Inc. v. Halliburton Co.*,
　563 U.S. 804 (2011) ........................................................................................................ 5

*In re Finisar Corp. Sec. Litig.*,
　No. 5:11-cv-01252, ECF No. 147 (N.D. Cal. Nov. 17, 2017) ........................................ 6

*Första AP-Fonden v. St. Jude Med., Inc.*,
　312 F.R.D. 511 (D. Minn. 2015) ..................................................................................... 6

*Grae v. Corr. Corp. of Am.*,
　No. 3:16-cv-02267, ECF No. 129 (M.D. Tenn. Nov. 6, 2018) ....................................... 6

*Halliburton Co. v. Erica P. John Fund, Inc.*,
　573 U.S. 258 (2014) ..................................................................................................... 1,4

*Johnson v. Wennes*,
　2009 WL 1161620 (S.D. Cal. Apr. 28, 2009) ................................................................. 2

*Mehl v. Canadian Pac. Ry. Ltd.*,
　227 F.R.D. 505 (D.N.D. 2005) ....................................................................................... 9

*Power Mktg. Direct, Inc. v. Moy*,
　2008 WL 4849289 (S.D. Ohio Nov. 6, 2008) ................................................................. 3

*SEB Inv. Mgmt. AB v. Symantec Corp.*,
   2020 WL 2306490 (N.D. Cal. May 8, 2020) ....................................................... 2, 5, 9

*In re St. Jude Med. Inc. Sec. Litig.*,
   2014 WL 6908434 (D. Minn. Dec. 8, 2014) ................................................................ 6

*W. Va. Pipe Trades Health & Welfare Fund v. Medtronic, Inc.*,
   325 F.R.D. 280 (D. Minn. 2018) .................................................................................. 6

*Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*,
   2018 WL 3198800 (S.D. Cal. June 26, 2018) .............................................................. 2

*Willis v. Big Lots, Inc.*,
   242 F. Supp. 3d 634 (S.D. Ohio 2017) ..................................................................... 2, 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23(c)(1)(A) ................................................................................................. 6

Plaintiffs respectfully submit this opposition to Defendants' motion requesting that the Court re-open class certification discovery, permit additional briefing, and hold an in-person evidentiary hearing. ECF No. 255 ("Motion" or "Mot.").

## I.     INTRODUCTION

Briefing on Plaintiffs' class certification motion established conclusively that this case—like virtually every securities class action—is ideally suited for class treatment. Defendants now ask the Court to re-open class certification discovery, permit additional briefing, and hold an in-person evidentiary hearing. Essentially, Defendants ask for a "do-over" of their class certification opposition, which failed to present any legitimate basis to deny class certification—and was premised on fundamental errors of law and purported "evidence" that could not, in any possible light, meet Defendants' burden. That is not a basis to grant the relief Defendants' seek.

Specifically, as relevant here, Defendants' opposition argued that class certification should be denied because Plaintiffs had failed to prove price impact. But, as Plaintiffs explained in reply, Defendants' price impact argument got the standard exactly backwards: the Supreme Court has held that it is ***Defendants'*** burden to disprove price impact at class certification, not Plaintiffs' burden to establish it. *See Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 283-84 (2014) ("*Halliburton II*"). The only evidence Defendants offered to meet their burden was the opinion of their expert, Mr. Deal, who admitted at deposition that he was ***not*** opining that there was a lack of price impact, that he had not even been tasked with offering that opinion, and that he had not done so because he believed, incorrectly, "That's the plaintiffs' burden, as I understand it."

Plaintiffs' reply and their expert's report directly responded to Mr. Deal's analyses and explained why they failed to satisfy Defendants' burden of proving a complete lack of price impact. Defendants provide no specifics regarding the purportedly "new" evidence that they wish to address in Plaintiffs' submissions—because there is nothing new.

As a District Court Judge in the Northern District of California held just a few days ago, there is no good cause for a sur-reply where "Defendants bore the burden to show that the alleged misrepresentations did not in some way [impact the stock price] and failed to do so." *SEB Inv. Mgmt. AB v. Symantec Corp.*, 2020 WL 2306490, at *9 (N.D. Cal. May 8, 2020). That is precisely what happened here, and Defendants should not be entitled to additional discovery, further briefing and in-person testimony when their opposition did not even attempt to satisfy Defendants' burden. The Motion should be denied.

## II. DEFENDANTS HAVE NO VALID REASON FOR A SUR-REPLY OR ADDITIONAL DISCOVERY

Reflecting the principle that the moving party should have the last say, neither the Federal Rules of Civil Procedure nor the Local Rules provide for sur-replies. *See, e.g., Durabla Mfg. Co. v. Cont'l Cas. Co.*, 2000 WL 1196319, at *1 n.1 (D. Minn. June 9, 2000) ("The Local Rules allow the moving party to have the final, written say on the merits of that party's Motion" and denying additional briefing where reply did not raise "wholly new contentions"). Indeed, "[c]ourts generally view motions for leave to file a sur-reply with disfavor," *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, 2018 WL 3198800, at *1 (S.D. Cal. June 26, 2018), because such requests are often "a strategic effort by the nonmov[ing party] to have the last word on a matter." *In re Enron Corp. Secs.*, 465 F. Supp. 2d 687, 690 n.4 (S.D. Tex. 2006).

Courts reject requests for leave to file a sur-reply unless "a valid reason for such additional briefing exists," *Johnson v. Wennes*, 2009 WL 1161620, at *2 (S.D. Cal. Apr. 28, 2009), such as if there is truly new evidence or new arguments put in on reply. *See Banga v. First USA, NA*, 29 F. Supp. 3d 1270, 1276 (N.D. Cal. 2014) (denying leave to sur-reply where there was no new legal argument or evidence in reply). Where a reply is limited to refuting arguments raised in an opposition, no such valid reason exists. *See Willis v. Big Lots, Inc.*, 242 F. Supp. 3d 634, 643-44 (S.D. Ohio 2017) (denying request for sur-reply on price impact because "Plaintiffs' reply brief was properly limited to responding to

2

arguments Defendants raised in their response."); *Power Mktg. Direct, Inc. v. Moy,* 2008 WL 4849289, at *1 (S.D. Ohio Nov. 6, 2008) ("Plaintiff was responding in the reply memorandum to the argument Defendants raised [and] therefore did not raise new grounds for the first time in the reply memorandum so as to necessitate a sur-reply.").

### A. Dr. Hartzmark's Reply Report Did Not Raise New Arguments or Present New Evidence

Here, a cursory review of the papers shows that Plaintiffs' reply and Dr. Hartzmark's reply report did not raise new arguments or present new evidence. His report contains no new statistical analyses or calculations and does not attempt to prove price impact. Instead, Dr. Hartzmark addresses the flaws in Mr. Deal's nominal analysis and the many reasons that analysis could not show a lack of price impact, and otherwise explains how Mr. Deal's improper and premature loss causation challenges are incorrect.

Defendants in their opposition conceded that Plaintiffs met their burden of establishing the necessary predicate for the presumption of reliance set forth in *Basic Inc. v. Levinson*, 485 U.S. 224 (1988), and instead opposed class certification by attempting to rebut that presumption. To do so, Defendants bear the "heavy burden" of completely "sever[ing] the link" between the misstatements and any impact on CenturyLink's stock price. *Basic*, 485 U.S. at 248; *see also* ECF No. 249 ("Reply") at 2-3. The sole "evidence" they offered was Mr. Deal's opinion that:

> Plaintiffs have demonstrated neither that the alleged misrepresentations artificially inflated the price of CenturyLink's securities, nor that the alleged corrective disclosures were actual disclosures as opposed to reflections of uncertainty around allegations[.]  (Deal-Rpt.¶7).

By its very terms, this opinion comes nowhere close to satisfying Defendants' "heavy burden" of demonstrating that Defendants' misstatements had no impact on the price of CenturyLink securities. Indeed, Mr. Deal's report and deposition testimony confirmed that neither he nor Defendants even tried to meet their burden—a fact made clear given his deposition about his assignment: "I certainly wasn't asked to develop all

3

the way through a methodology to identify price impact. That's the plaintiffs' burden, as I understand it." Ex. A (Deal Tr.) at 65:13-20.[1] Of course, Mr. Deal's understanding was flatly wrong, as the Supreme Court refused to "require[] plaintiffs to prove price impact directly." *Halliburton II*, 573 U.S. at 277-79. As set forth in Plaintiffs' reply, Mr. Deal's opinions—focused as they are on Plaintiffs' purported failure to prove price impact—raise paradigmatic loss causation issues that are improper at this stage. *See* Reply at 2-12.

Because Defendants failed to offer any opinion that there was a lack of price impact, Plaintiffs had no need to present contrary affirmative price impact evidence. Accordingly, Dr. Hartzmark's reply report contains no new statistical analyses and no new opinions other than the entirely proper and completely expected critiques of Mr. Deal's analyses.

In fact, the ***only*** purportedly "new" analysis in Dr. Hartzmark's report cited by Defendants bears this out. Consistent with his misunderstanding of Defendants' burden, Mr. Deal offered "preliminary" and "illustrative" analyses (that by their own terms could not possibly "prove" a lack of price impact) showing that "only four" misstatement dates exhibited statistically significant positive abnormal stock price returns. Deal-Rpt.¶72. The supposedly "new" opinion is Dr. Hartzmark's critique of this analysis. In that critique, titled "Why Mr. Deal's Inclusion of 52 Dates Is Flawed and Potentially Misleading," Dr. Hartzmark observed that the misstatements on a majority of the days Mr. Deal analyzed "would not [have] necessarily [been] expect[ed]" to cause price increases—a conclusion Mr. Deal largely conceded at deposition. *See* Deal Tr. 114:13-128:22 (conceding misstatements that omitted material facts, served to maintain existing inflation, or were accompanied by offsetting bad news would not be expected to cause price increases); Hartzmark-Rbt.¶113. There can be no serious question that this opinion directly and narrowly criticizes Mr. Deal's analysis, and contains nothing "new."

---

[1] Mr. Deal's deposition transcript is attached hereto as Ex. A to the Declaration of Michael Blatchley. All defined terms have the same meaning as in Plaintiffs' Reply (ECF No. 249).

4

And while Dr. Hartzmark's reply contains other criticisms of Mr. Deal's analyses, Defendants fail to mention that Plaintiffs and Dr. Hartzmark "addressed" price impact mainly by explaining that Defendants' arguments do not actually challenge "price impact." In reality, Defendants challenge *loss causation*. Reply at 4-6. Indeed, Defendants' expert openly admitted that his opinions were disputing whether the alleged corrective disclosures were "actual" corrective disclosures and questioned whether other factors—in particular, his made-up "FUD" theory—actually "caused" the stock price declines. *See* Deal-Rpt.¶¶7, 23. Defendants' arguments are therefore irrelevant because the Supreme Court has held that loss causation is a class wide merits issue that may not be addressed at class certification. *See Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 812-15 (2011) ("*Halliburton I*"). While Plaintiffs' reply submissions point out that Defendants' premature loss causation analyses are incomplete and incorrect, that does not change the fact that they are premature. Defendants' unilateral decision to improperly raise a class-wide issue like loss causation—albeit in a cursory and incorrect fashion—does not entitle them to special briefing and discovery privileges. *See Symantec*, 2020 WL 2306490, at *9.

### B. *Halliburton II* Did Not Grant Defendants Special Discovery or Briefing Privileges

Without any valid excuse for additional discovery or briefing based on truly new arguments or evidence, Defendants wrongly claim that such leave is routine following *Halliburton II*. Mot. at 5-6. Not so. For example, just days ago, in a case where—just like here—"defendants misconstrue[d] the burden" on price impact and "failed" to make the requisite showing, instead "present[ing] loss causation issues that need not be decided at the class certification stage as the issues would be common to the putative class," Judge Alsup of the Northern District of California rejected a request for a sur-reply because no good cause was shown. *Symantec*, 2020 WL 2306490, at *9.

Defendants' position is also belied by the fact that, in the six years since *Halliburton II* was decided, Defendants could only find two unpublished orders granting a sur-reply

5

out of scores of contested class action motions. Indeed, in the contested Section 10(b) securities class action motions in the Eighth Circuit in the six years following *Halliburton II*, Plaintiffs could not find one to have ordered sur-reply briefing—let alone the reopening of discovery as Defendants now urge. *See, e.g., W. Va. Pipe Trades Health & Welfare Fund v. Medtronic, Inc.*, 325 F.R.D. 280 (D. Minn. 2018); *Beaver Cty. Emps. Ret. Fund v. Tile Shop Holdings, Inc.*, 2017 WL 2588950 (D. Minn. June 14, 2017); *City of Pontiac Gen. Emps. Ret. Sys. v. Wal-Mart Stores, Inc.*, 2016 WL 5400373 (W.D. Ark. Sept. 20, 2016); *Första AP-Fonden v. St. Jude Med., Inc.,* 312 F.R.D. 511 (D. Minn. 2015); *see also In re St. Jude Med. Inc. Sec. Litig.*, 2014 WL 6908434, at 7 & n.4 (D. Minn. Dec. 8, 2014) (rejecting motion to de-certify class in light of intervening *Halliburton II* decision, which "merely confirmed" the 25-year-old *Basic* presumption).[2]

The reality is that Defendants here knew that they bore the burden of disproving price impact yet said nothing about potential additional discovery or briefing in the course of the parties' extensive and recent negotiations over the class certification schedule, including most recently when they agreed to the hearing date they now seek to adjourn. That Defendants remained silent until now—and that their request effectively seeks to impose a months-long delay of the resolution of Plaintiffs' straightforward motion—speaks volumes about the legitimacy of their request. *See* Fed. R. Civ. P. 23(c)(1)(A) (class certification to be decided at an "early practicable" time).[3]

---

[2] In Defendants' cases, sur-replies were justified because, unlike here, the plaintiffs actually offered statistical or other affirmative evidence of price impact in response to an actual, affirmative price impact showing by defendants. *See In re Finisar Corp. Sec. Litig.*, No. 5:11-cv-01252, ECF No. 147 (N.D. Cal. Nov. 17, 2017) (a new statistical analysis of stock price reaction that plaintiffs' expert included for the first time in his reply report); *Grae v. Corr. Corp. of Am.*, No. 3:16-cv-02267, ECF No. 129 (M.D. Tenn. Nov. 6, 2018) (plaintiffs alleged a new corrective disclosure for the first time in their reply). If anything, Defendants' cases only highlight their failure to offer any affirmative price impact evidence here.

[3] The terms of Defendants' request also belie their reliance on *Halliburton II* given that, when Plaintiffs met and conferred with Defendants concerning their Motion, Defendants indicated that they *also* sought to challenge Plaintiffs' damages methodology—an issue on which they

6

In the end, this is Plaintiffs' class certification motion—and Plaintiffs should have the last word. Despite explicit instruction from the Supreme Court that they bore the burden on rebutting price impact, Defendants offered no legitimate opinion that even addressed that burden. But now Defendants request additional discovery and a 3,000-word sur-reply, which would mean they would get 25% more pages than Plaintiffs on Plaintiffs' own motion—and giving them the last word, including on issues for which they claim **Plaintiffs** bear the affirmative burden. Such a result would be both improper and manifestly unfair. *See Big Lots, Inc.*, 242 F. Supp. 3d at 643-44.[4]

## III. THERE IS NO GOOD CAUSE TO SUBJECT DR. HARTZMARK TO ANOTHER DEPOSITION

Knowing full well that they would likely oppose class certification on price impact grounds, thereby necessitating Dr. Hartzmark's submission of a reply report, Defendants nonetheless noticed Dr. Hartzmark's deposition for weeks in advance of their opposition filing. Dr. Hartzmark sat for a full-day, in-person deposition that was recorded on video, and was cooperative, truthful, and answered all questions put to him. Defendants already had a full and fair opportunity to examine him about every one of his affirmative opinions about market efficiency and his damages methodology.

Defendants now argue that they should be allowed to depose him again about his supposedly "new price impact arguments and evidence." Mot. at 2. But as explained

---

assert Plaintiffs bear the burden, and one on which they have not even purported to identify a single new argument from Dr. Hartzmark. While that is likely because the record is crystal-clear that Defendants have no argument, as their expert admitted Plaintiffs' methodology is common to the class, Defendants' refusal to limit their response shows that their request is designed to delay, and not rooted in their burden under *Halliburton II*.

[4] If the Court determines to grant Defendants' Motion, Plaintiffs respectfully request reciprocal discovery of any expert report Defendants may submit and leave to file a short, 3,000-word response to Defendants' requested 3,000-word sur-reply. This would further the interests of fairness and provide the Court with the benefit of Plaintiffs' response to any additional submissions on the premature loss causation issues Defendants have raised.

7

above, those points directly responded to Mr. Deal's analyses in his report, did not introduce any new statistical or similar analyses, and Defendants have not identified any point suggesting otherwise.[5] Indeed, the only evidence cited in the report, aside from publicly available journal articles and court decisions, are (i) analyst reports cited by Mr. Deal, and (ii) a handful of documents from CenturyLink and its PR firm, which Defendants have been able to access for months longer than Plaintiffs, and whose contents speak for themselves.[6] There is no justification for re-opening Dr. Hartzmark's deposition.[7]

## IV. THERE IS NO REASON TO HOLD AN EVIDENTIARY HEARING GIVEN THE LACK OF ANY MEANINGFUL DISPUTE OVER EVIDENTIARY ISSUES

In a last-ditch effort to resuscitate their opposition, Defendants ask the Court to hold an in-person evidentiary hearing in order to hear live testimony from the parties' experts on price impact. But there is no meaningful evidentiary dispute given Defendants' expert's admissions that he was not asked to (and did not) demonstrate a lack of price impact, let alone disprove it. Defendants' expert also admitted that the challenges he raised to Plaintiffs' damages methodology are all common. Given these admissions, there are no credibility issues, and the only relevant questions remaining are legal questions concerning the parties respective burdens.[8]

---

[5] The argument that Dr. Hartzmark's labeling of certain opinions as "additional opinions" makes them, *ipso facto*, new opinions justifying an additional deposition is meritless. The very paragraphs Defendants cite show that the "additional opinions" were offered "in response to the opinions Mr. Deal expresses" and concerned the inadequacy of Mr. Deal's analysis to carry Defendants' burden. *See* Hartzmark-Rbt.¶3.

[6] None of Defendants' cited cases involve a contested securities class action motion, let alone a price impact challenge, and are otherwise wholly inapposite.

[7] If Dr. Hartzmark's opinions in response to Mr. Deal's report were sufficient grounds for re-deposing him, fairness would require that, should Mr. Deal offer any additional opinion, Plaintiffs be permitted to re-depose Mr. Deal. Such a process would lead to repeated requests for re-opening depositions in turn, and thereby invite enormous delay.

[8] The only evidentiary issue the parties actually dispute is whether the stock price reaction

8

Evidentiary hearings in securities class action motions are exceedingly rare, in part because—like here—disputed issues are the subject of extensive expert reports and deposition testimony. This Court would appear to be the first to do so in this kind of case in Minnesota, which would be particularly unwarranted here given Defendants' lack of evidentiary proffer. *See, e.g., Mehl v. Canadian Pac. Ry. Ltd.*, 227 F.R.D. 505, 509 (D.N.D. 2005) (finding it "unnecessary to hold an evidentiary hearing" in light of competing expert opinions). It is also unnecessary here given the straightforward issues involved, and the fact that securities actions are ideally suited for class treatment.

Further, Defendants' proposal is transparently unfair, as it would surely cause a months-long delay given the uncertainty caused by the current pandemic. In *Symantec*—an analogous case in which a nearly identical class certification motion was challenged on virtually identical price impact grounds—Judge Alsup cancelled oral argument "in light of the national health emergency and the motion's suitability for submission on the papers." *Symantec Corp.*, 2020 WL 2306490, at *4. Plaintiffs respectfully request that the Court deny Defendants' request and go forward with the already scheduled hearing.[9]

## V.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion. Alternatively, if the Motion is granted, Plaintiff respectfully requests leave to conduct reciprocal discovery and a submit a response to Defendants' sur-reply.

---

on June 19, 2017 is statistically significant—an issue that is common to the class and, regardless of its resolution, would change nothing about the certified class. In any event, the extensive expert testimony provided to date is more than sufficient, and readily available. Both parties' experts already have testified fully at videotaped depositions, and the transcripts and videos are available should the Court wish to view them.

[9] If the Court requests testimony from the Parties' expert witnesses, Dr. Hartzmark can be available by video or teleconference at the scheduled May 21 hearing. Of course, Plaintiffs would also be pleased to have Dr. Hartzmark appear telephonically or by video at another time convenient for the Court, or in-person once it is safe and permissible to do so.

9

| | |
|---|---|
| DATED: May 11, 2020 | **BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**<br><br>*/s/ Michael D. Blatchley*<br>John C. Browne, NYS Bar No. 3922747<br>Michael D. Blatchley, NYS Bar No. 4747424<br>Michael M. Mathai, NYS Bar No. 5166319<br>Amanda Boitano, NYS Bar No. 5705843<br>1251 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 554-1400<br>Facsimile: (212) 554-1444<br>johnb@blbglaw.com<br>michaelb@blbglaw.com<br>michael.mathai@blbglaw.com<br>amanda.boitano@blbglaw.com<br><br>Richard D. Gluck, Cal. Bar. No. 151675<br>**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**<br>2121 Avenue of the Stars, Suite 2575<br>Los Angeles, CA 90067<br>Telephone: (310) 819-3470<br>Facsimile: (212) 554-1444<br>rich.gluck@blbglaw.com<br><br>Keith S. Dubanevich, OSB No. 975200<br>Timothy S. DeJong, OSB No. 940662<br>Keil M. Mueller, OSB No. 085535<br>Lydia Anderson-Dana, OSB No. 166167<br>**STOLL STOLL BERNE LOKTING & SHLACHTER P.C.**<br>209 SW Oak Street, Suite 500<br>Portland, OR 97204<br>Telephone:   (503) 227-1600<br>Facsimile:    (503) 227-6840<br>kdubanevich@stollberne.com<br>tdejong@stollberne.com<br>kmueller@stollberne.com<br>lansersondana@stollberne.com<br><br>*Special Assistant Attorneys General and Counsel for Lead Plaintiff the State of* |

10

*Oregon by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund and Plaintiff Fernando Alberto Vildosola, as trustee for the AUFV Trust U/A/D 02/19/2009, and Lead Counsel for the Class*

Richard A. Lockridge, MN No. 64117
Gregg M. Fishbein, MN No. 202009
Kate M. Baxter-Kauf, MN No. 392037
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 596-4044
Facsimile: (612) 339-0981
ralockridge@locklaw.com
gmfishbein@locklaw.com
kmbaxter-kauf@locklaw.com

*Liaison Counsel for Plaintiffs*