# Exhibit 9

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
## District of Minnesota

| | | |
|---|---|---|
| IN RE CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION, | ) ) ) | |
| This Document Relates to: Civil File No. 18-296 (MJD/KMM) | ) ) | MDL No. <u>17-2795 (MJD/KMM)</u> |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Robinson, Reagan & Young, PLLC
446 James Robertson Parkway, Suite 200, Nashville, TN 37219

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: ***See Schedule A.***

| Place: Bernstein Litowitz Berger & Grossmann LLP c/o FedEx Office Print & Ship Center 212 Broadway, Nashville, TN 37201 | Date and Time: <u>6/26/2020 at 9 a.m.</u> |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: <u>6/11/2020</u>

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* <u>Lead Plaintiff State of Oregon by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund, and Named Plaintiff Fernando Alberto Vildosola, who issues or requests this subpoena, is: Michael D. Blatchley, Bernstein, Litowitz, Berger, & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020; Tel: (212) 554-1400; MichaelB@blbglaw.com.</u>

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

MDL No. 17-2795 (MJD/KMM), Relates to Civil File No. 18-296 (MJD/KMM)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ .

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$_____.

My fees are $ _____ for travel and $ _____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true.

Date: _____          _____

*Server's Signature*

_____

*Printed Name and title*

_____

*Server's address*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)**   is a party or a party's officer; or
    **(ii)**  is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)**   At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)**  These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)**   fails to allow a reasonable time to comply;
    **(ii)**  requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)**  subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)**   disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)**  disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)**   shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)**  ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)**   expressly make the claim; and
    **(ii)**  describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**DEFINITIONS**

The following definitions will apply to the following terms as used herein:

**I.    General Definitions**

1.      "Arizona AG Action" means the action captioned *In the Matter of Qwest Corporation, d/b/a CenturyLink QC, a Colorado corporation*, No. CV2016-002842 (Maricopa Cty.) (Ariz. 2016), and any civil investigative demand, investigation, or subpoena concerning or relating to that action.

2.      "CenturyLink" or the "Company" means defendant CenturyLink, Inc., and includes its present or former subsidiaries, predecessors and successors in interest, any affiliate or related company, and present and former officers, directors, partners, employees, agents and any other persons acting on its behalf or under its direction or control.

3.      "Communications" means the transmission, sending, or receipt of information in any form, oral or written, including voicemails, electronic mail, text messages, instant messages, Slack, or Documents (defined below).

4.      "Complaint" means the Consolidated Securities Class Action Complaint filed in the above-captioned action on June 25, 2018 (ECF No. 143).[1]

5.      "Concerning" means relating to, containing, constituting, considering, comprising, discussing, regarding, describing, reflecting, studying, commenting or

---

[1] References to "ECF No." are to the docket in *Craig v. CenturyLink, Inc.*, No. 18-cv-296 (D. Minn.).

reporting on, mentioning, analyzing, or referring, alluding, or pertaining to, in whole or in part.

6.      "Cramming and Billing Issues" means any analysis, audit, complaint, dispute, inquiry, issue, problem, question, failure to meet customer expectations or to honor promises made to customers, or misconduct concerning CenturyLink's Sales and Billing Practices (defined below), including concerning prices or terms; point-of-sale or other discounts (including "Closers"); prorated charges, taxes, and fees (including as they relate to monthly billing estimates); any Price for Life promotion, "price lock" promotion, or any other similar promotions; the Internet Cost Recovery Fee, Broadband Cost Recovery Fee, or any similar fees; disclosures or charges concerning optional services (such as @Ease); omitting, misstating, or changing the prices customers were charged; misquoting prices (including by failing to disclose the existence and/or details concerning fees for optional services included in certain service "bundles"); the bases, existence, purpose of or reason for certain charges (including any "Internet Cost Recovery Fee," "Broadband Cost Recovery Fee," or any fee represented to be a charge required by or paid to any Governmental Entity); cancellation requests; late fees; charges for equipment or services that were not provided; offering or promising services that were unavailable in a given service area or could not otherwise be reasonably provided; customer refunds; charges for returned products; or  raising, changing or adding to the price of a given product or service represented to be a fixed rate (including by adding an "Internet Cost Recovery Fee" or "Broadband Cost Recovery Fee") or at a rate other than what was offered or promised.

7.     "Data" means information, quantities or characters, and includes, without limitation, data sets and derived data sets.

8.     "Disputed Collections" means any instance where any CenturyLink customer complained about, refused to pay, or otherwise disputed the accuracy or legitimacy of all or any part of any bill from or charge by CenturyLink, including any specific charges, fees, or services included on any such bill or charge, in connection with any collection effort undertaken by You.

9.     "Document" or "Documents" has the same meaning as "writings," which is defined in Fed. R. Civ. P. 34(a) and Fed. R. Evid. 1001 as including, but not limited to, any electronically stored data, Documents, and electronic communications (such as e-mail), stored in computers or otherwise, whether or not ever printed or displayed, that have not previously been produced. The term "Document" includes, but is not limited to, any letter, memorandum, note, electronic mail or message, text message, SMS message, telephone message, telephone or toll call record, statement, book, handbook, appointment book, calendar, minutes or record of meetings, report, manual, study, analysis, summary, log, digest, record, bill, statement, voucher, working paper, chart, graph, table, drawing, photograph, videotape, audio recording (including voicemail messages), diary, tabulation, data sheet, directive, standard, pamphlet, brochure, circular, advertisement, announcement, application, list, note of interview or communication, Slack, or any other data compilation. For the avoidance of any doubt, Documents include Communications. A copy or duplicate of a Document that has any nonconforming notes, marginal annotations, or other markings,

3

as well as any preliminary version, draft, or revision of the foregoing, shall be considered a separate Document within the meaning of this term.

10.    "Forward Flow Agreement" or "Master Agreement" means any agreement between You and CenturyLink governing the collections of unpaid debts of CenturyLink customers.

11.    "Governmental Action" means any action, civil investigative demand, investigation, proceeding, or subpoena, whether formal or informal, that was issued, instituted, conducted, discussed, or threatened by any Governmental Entity (defined below), including the Arizona AG Action and the Minnesota AG Action (defined below).

12.    "Governmental Entity" means any local, state, or federal government, agency, or regulator, including any state attorney general, the SEC, the FCC, the FTC, the Consumer Financial Protection Bureau, and any public utility commission.

13.    "Minnesota AG Action" means the action captioned *State of Minnesota v. CenturyTel Broadband Services LLC et al.*, No. 02-CV-17-3488 (District Court, Tenth Judicial District, Minn. 2017), and any civil investigative demand, investigation, or subpoena relating thereto.

14.    "Robinson, Reagan & Young" means the law firm of Robinson, Reagan & Young, PLLC and includes any of its current or former partners, associates, attorneys, paralegals, predecessors, successors in interest, affiliates or related entities, officers, directors, employees, agents and any other persons acting on its behalf or under its direction or control.

15.    "SEC" means the United States Securities and Exchange Commission.

4

16.    "You" or "Your" means Robinson, Reagan & Young.

## II.    Terms Not Otherwise Defined

1.    To the extent that any word, phrase or term is not defined herein, any such word, phrase or term shall have the meaning defined in the Complaint, if found therein, 15 U.S.C. § 78a *et seq*., if found therein, the remaining provisions of 17 C.F.R. 240 *et seq*., if found therein, BLACK'S LAW DICTIONARY, if found therein, or the AMERICAN HERITAGE DICTIONARY FOR THE ENGLISH LANGUAGE.

## INSTRUCTIONS

1.    All discovery requests shall be construed pursuant to the applicable Federal Rules of Civil Procedure and any applicable Local Rules.

2.    In producing Documents and other materials, You are requested to furnish all Documents (including ESI) or things (including Electronic Media) in Your possession, custody or control, regardless of whether the Documents or materials are possessed directly by You or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, or investigators, or by Your attorneys or their agents, employees, representatives, or investigators.

3.    In accordance with Federal Rule of Civil Procedure 45(e), Documents shall be produced as they are kept in the usual course of business so that Plaintiffs can ascertain the files in which they were located, their relative order in the files, and how the files were maintained.  Unless otherwise agreed upon, Documents responsive to these requests, including ESI, shall be produced on a computer diskette, DVD, or CD-ROM.  Documents stored in electronic form or format of any kind are to be produced in their standard black-

and-white, single-page Group 4 TIFF image format with Opticon image and Concordance data load files containing their corresponding extracted text and related Metadata fields. Dynamic files (e.g., databases, spreadsheets, project files, and slide presentations) and Documents prepared, organized, or managed using any proprietary software system shall be produced in original native format with all accompanying Metadata, and any software necessary to utilize those Documents as they are used in the ordinary course of business shall also be made available if that software is not readily commercially available. For comparison purposes and to ensure authenticity, where Documents are produced in native format, such Documents shall also be produced in TIFF format. Plaintiffs reserve the right to request that additional Documents be produced in native format. Documents attached to each other should not be separated.

4.      Documents shall be produced in such a fashion as to identify the department, branch, or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each Document's custodian(s). ESI shall be preserved in such a fashion as to identify the file path, the source or custodian, and all relevant Metadata. Electronic Media such as backup tapes shall be preserved to the extent that such media is the only source of ESI that is responsive to these requests.

5.      A copy of a Document that varies in any way whatsoever from the original or from any other copy of the Document – whether by reasons of Metadata that differs in any respect, or by reason of any handwritten or other notation or any omission – constitutes a separate Document and must be produced, whether or not the original of the Document

is within Your possession, custody, or control. Accordingly, all prior versions and all drafts of all Documents and emails must be produced.

6.      If any otherwise responsive Document was, but is no longer in existence or in Your possession, custody, or control, state, in writing, whether the Document: (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred or delivered, voluntarily or involuntarily, to another person or entity, the name and address of that person or entity, and at whose request the transfer or delivery was made; or (iv) has been otherwise disposed of, and in each instance explain the circumstances surrounding, and the date or approximate date of, the disposition.

7.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these document requests all responses that might otherwise be construed to be outside their scope.

8.      The use of the singular form of any word includes the plural and vice versa.

9.      If no Documents or materials exist that are responsive to a particular request, state so in writing.

10.     If You redact information or otherwise withhold information or Documents (including attachments to Documents) responsive to these document requests based upon any claim of privilege (including work product), or for any other reason, provide a log that includes all necessary information to evaluate a claim of privilege (if the privilege is governed by state law, indicate the jurisdiction whose privilege rule is being invoked), including, but not limited to: (i) the specific privilege asserted or other particular reason relied upon for not producing the Document or information; (ii) the date of the Document

7

and any different date when it was prepared; (iii) the author, addressee(s) and copyee(s) of each document; (iv) the subject matter of the Document or information withheld; (v) the medium (e.g., paper or electronic); (vi) the type (e.g., letter, memorandum, presentation); (vii) any other information as is sufficient to identify the Document for a subpoena duces tecum, including the author of the Document, the addressees of the Document, any other recipients shown in the Document, and the relationship of the author, addressees, and recipient to each other; and (viii) every fact or basis upon which You claim any privilege.

11.     Notwithstanding the assertion of any objection to production, any Document as to which an objection is raised containing non-objectionable matter that is responsive to these requests must be produced, but that portion of the Document for which the objection is asserted may be withheld or redacted provided that the Document is marked with the legend "Redacted" so as to reflect all portions that have been redacted, and provided that the requested information in Instruction No. 10 above is furnished.

12.     These requests are continuing in nature. Any supplemental response shall be served on Plaintiffs within five (5) business days of the discovery or creation of such additional Documents.

13.     For purposes of these Requests, unless otherwise stated in an individual Request, the relevant time period is January 1, 2013 to the present.

## SPECIFIC REQUESTS

## REQUEST NO. 1:

All Documents concerning Your engagement by CenturyLink, including:

a.      All Documents concerning the nature or scope of any engagement(s)

8

between You and CenturyLink;

b.     All Documents concerning any Master Agreement or Forward Flow Agreement or similar agreement between You and CenturyLink; and

c.     All Documents describing the work you performed and the results you obtained.

## REQUEST NO. 2:

All Documents, including internal Communications or Communications with CenturyLink, concerning Disputed Collections, Cramming and Billing Issues or Sales and Billing Practices.

## REQUEST NO. 3:

All Documents reflecting any negotiation, dispute, repurchase or requested adjustment initiated or made by You in connection with any Master Agreement, Forward Flow Agreement or similar agreement arising from or relating to any Disputed Collections or breaches of representations and warranties concerning the accuracy or validity of any accounts due to Cramming and Billing Issues or Sales and Billing Practices.

## REQUEST NO. 4:

All Documents or Communications concerning how You or Your employees, contractors, or other personnel should respond to questions about CenturyLink's Sales and Billing Practices, Cramming and Billing Issues, the Heiser Lawsuit, the Minnesota AG Action, the Arizona AG Action, or any other Governmental Action.

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION | MDL No. 17-md-2795-MJD-KMM |
| | **PROTECTIVE ORDER** |
| This Document Relates to:<br>Civil File No. 18-cv-296-MJD-KMM | |

IT IS HERE BY ORDERED THAT:

## I.    PURPOSE AND LIMITATIONS

Upon the stipulation of the parties, and to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material entitled to be kept confidential, and ensure that protection is afforded only to material entitled to such treatment, it is ORDERED pursuant to this Court's authority under Fed. R. Civ. P. 26(c) and 28 U.S.C. § 1407(b) that:

## II.    DEFINITIONS

1.    As used in this Protective Order, these terms have the following meanings:

(a)    "Action" means the above-captioned action.

(b)    "Attorneys" means counsel of record, their staff and employees, and in-house counsel for a Party;

(c)    "Party" or "Parties" shall mean any or all parties to this Action;

(d)    "Producing Party" or "Designating Party" shall mean a Party or non-party who produces, furnishes, or discloses Discovery Material during the course of this

1

Action in response to requests for production of documents, interrogatories, requests for admission, depositions, subpoena, or any other formal or informal requests for discovery pursuant to the Federal Rules of Civil Procedure or order of the Court;

(e)     "Receiving Party" shall mean any Party or non-party to whom Discovery Material is produced, furnished, or disclosed, whether voluntarily or in response to a formal or informal discovery request, subpoena, deposition notice, or court order, by any Producing Party in this Action;

(f)     "Discovery Material" shall mean any documents, things, and information (including all documents and tangible things as defined in Rule 34(a) of the Federal Rules of Civil Procedure, or any applicable Local Rule) that are produced, disclosed, served, or filed in this Action, as defined below, by or on behalf of any Party or non-party, voluntarily or involuntarily, whether pursuant to formal or informal discovery requests, subpoena, deposition notice, or motion practice, and whether revealed in a document, a deposition, or a response to any type of written discovery (including interrogatories and requests for admission);

(g)     "Confidential" Discovery Material shall mean Discovery Material that the disclosing party reasonably and in good faith believes qualifies for protection under the standards developed under Federal Rule of Civil Procedure 26(c), including:

- that may reveal a trade secret or other confidential research, development, financial, data security information, network security details and diagrams;

- that may reveal information that is not commonly known by or available to the public and derives value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain value from its disclosure or use;

- information subject to any third-party confidentiality rights (such a non-disclosure agreement);

- any other material that is confidential pursuant to applicable law; or

- any derivations, abstracts, excerpts, summaries, compilations or analyses of Confidential Discovery Material.

(h)     "Highly Confidential" Discovery Material shall mean Confidential Discovery Material that:

- the disclosing party reasonably and in good faith believes is so highly sensitive that its disclosure would create a substantial risk of serious competitive or commercial harm; or

- reveals highly sensitive personally identifiable customer information, including, for example, customer account numbers, social security numbers, addresses, telephone numbers, dates of birth, drivers' license numbers, passport numbers, financial account numbers, or payment card numbers.

(i)     "Outside Vendors" means messenger, discovery, copy, coding, and other clerical-services or litigation-support vendors (and their staffs) not employed by a party or its Attorneys; and

(j)     "Written Assurance" means an executed document in the form attached as Exhibit A.

2.     Any Producing Party may designate Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material by affixing on each page a legend similar to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY". For any documents produced in native format, such designation shall be made on the placeholder image associated with each designated document. Any Discovery Material not reduced to documentary form shall be designated by the Producing Party in a reasonably equivalent way.

3

3.      All Confidential Discovery Material or Highly Confidential Discovery Material shall be used solely for the purpose of this Action, and no person receiving such Discovery Material shall, directly or indirectly, use, transfer, disclose, or communicate in any way the Discovery Material or its contents to any person other than pursuant to paragraphs 4 and 5, below. Any other use is prohibited.

4.      Access to any Confidential Discovery Material shall be limited to:

(a)      the Court and its staff, any other court and its staff having jurisdiction of this Action, and jurors, potential jurors, or alternate jurors;

(b)      the Parties' outside counsel of record and their associates, staff, contract attorneys, staff attorneys, paralegals, and temporary or regularly employed office staff;

(c)      in-house counsel for Parties to this Action;

(d)      Outside Vendors;

(e)      persons shown on the face of the Confidential Discovery Material to have authored or received it or a custodian or other person who it is objectively certain otherwise possessed the Confidential Discovery Material;

(f)      court reporters and videographers, and their respective staffs, employed in connection with this Action;

(g)      the Parties, including their directors, officers and employees, who have a legitimate need to see the Confidential Discovery Material in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing this Action;

(h)      any witness at a deposition or trial, including current or former

4

employees of any Defendant, any noticed or subpoenaed deponent, and their counsel, provided that any non-party witness and his or her counsel shall receive a copy of this Protective Order and the witness shall execute a "Written Assurance" in the form attached as Exhibit A before reviewing the Discovery Material;

(i)     outside independent persons (*i.e.,* persons not currently or formerly employed by, consulting with, or otherwise associated with any Party) who are retained by a Party or its Attorneys to provide assistance as mock jurors or focus group members or the like, provided that such person shall receive a copy of this Protective Order and execute a "Written Assurance" in the form attached as Exhibit A before reviewing the Discovery Material;

(j)     consultants, experts, and investigators (including their professional staffs) retained for the purpose of assisting counsel for the Parties in this Action, provided that such person shall receive a copy of this Protective Order and execute a "Written Assurance" in the form attached as Exhibit A before reviewing the Discovery Material;

(k)     any mediator appointed by the Court or mutually-agreed upon by the parties, provided that such individual shall receive a copy of this Protective Order and the witness shall execute a "Written Assurance" in the form attached as Exhibit A before reviewing the Discovery Material;

(l)     any insurer who may be liable to satisfy part or all of any judgment that may be entered in the Action, or to indemnify or reimburse for payments made to satisfy a judgment, provided that such individual shall receive a copy of this Protective Order and the witness shall execute a "Written Assurance" in the form attached as Exhibit

5

A before reviewing the Discovery Material; and

(m)     other persons upon further order of the Court or written consent of the Parties.

5.     Access to any Highly Confidential Discovery Material shall be limited to those persons listed in Paragraphs 4(a), (b), (c), (d), (e), (f), (h), (i), (j), (k), (l), and (m). If counsel for the Receiving Party believes it is necessary for a person listed in Paragraph (4)(g) to view Highly Confidential Discovery Material produced by the Designating Party, then counsel shall seek the producing Party's consent. If the producing Party withholds consent, then the dispute shall be presented to the Court. In the case of persons listed in Paragraph (4)(h), such Discovery Material may only be shown to the person to the extent that it is reasonably necessary to prosecute or defend against the claims in this Action. Before sharing the Designating Party's Highly Confidential Discovery Material with a person listed in Paragraph 4(h), who is not otherwise permitted access to Highly Confidential Discovery Material, the Receiving Party must return to the Designing Party a signed copy of Exhibit A, in accordance with Paragraph 4(h) above.

6.     Third parties or non-parties producing Discovery Material in the course of this Action may also designate it as Confidential Discovery Material or Highly Confidential Discovery Material, subject to the same protections and constraints as the parties to the Action. A copy of the Protective Order shall be served along with any subpoena for discovery served upon a third party or non-party in connection with this Action.

7.     Counsel who provide access to Discovery Material designated as

Confidential Discovery Material or Highly Confidential Discovery Material to a person or entity for whom Exhibit A is required to be signed shall maintain a collection of all such signed documents.

8.       A person having custody of Discovery Material designated Confidential Discovery Material or Highly Confidential Discovery Material shall maintain it in a manner that limits access to the Discovery Material to persons permitted access under this Order.

9.       The Producing Party has an obligation to stamp or otherwise mark Discovery Material "Confidential" or "Highly Confidential - Attorney's Eyes Only" in good faith and must take care to limit any such designation to Discovery Material that qualifies under the appropriate standards.   The Parties shall designate Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material in good faith.   A designation may be withdrawn by the Designating Party.  The Producing Party may apply the same designation to all pages of a document if any page of the document contains information qualifying for the designation.   Mass, indiscriminate, or routinized designations are prohibited absent agreement between the parties.  If it comes to a Producing Party's attention that information or items that it designated for protection do not qualify for treatment as Confidential Discovery Material or Highly Confidential Discovery Material, that Producing Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

10.       If a Party, the current employee of a Party, or anyone represented by counsel for a Party is noticed for deposition, that Party's counsel is responsible for providing a copy

of this Order to the witness.  If a non-party is subpoenaed for deposition, the counsel issuing the subpoena is responsible for providing a copy of this Order to the witness and attempting to obtain a signed Acknowledgment.

11.      All depositions or portions of depositions taken in this Action that contains Confidential Discovery Material or Highly Confidential Discovery Material may be designated as such by any party or the Deponent and thereby obtain such protections under this Protective Order.  Confidentiality designations for depositions shall be made either on the record or by written notice to the Parties.  Parties and deponents may, within 30 days after receiving the deposition transcript from the court reporter, designate pages and lines of the transcript (and exhibits thereto) as Confidential or Highly Confidential by underlining or otherwise designating the portions of the pages that are Confidential Discovery Material or Highly Confidential Discovery Material.  (Documents marked as deposition exhibits that have been previously designated for protection under this Order do not need to be re-designated in order to maintain their designation.)  The parties and the court reporter shall mark such designated pages in all copies of the transcript with the legend, "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER"  or "HIGHLY CONFIDENTIAL— SUBJECT TO PROTECTIVE ORDER" and will note on the cover page of any such deposition the following legend: "Certain Designated Pages of this Deposition are Confidential and Subject to a Protective Order" or "Certain Designated Pages of this Deposition are Highly Confidential and Subject to a Protective Order."   Until expiration of the 30-day period, the entire deposition transcript will be treated as Confidential pursuant to this Protective Order.

8

12.     If any Party or non-party inadvertently fails to identify Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material, the failure to so mark the Discovery Material shall not be deemed a waiver of its confidentiality. The Producing Party shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately designated Discovery Material. Upon timely receipt of such a supplemental designation, any Receiving Party that disclosed the Discovery Material before its designation as Confidential Discovery Material or Highly Confidential Discovery Material  must exercise its best efforts to (i) ensure that any paper or electronic documents summarizing, referencing, or incorporating any such Discovery Material, which paper and electronic documents may be retained by the Receiving Party, are treated as if the Discovery Material had originally been designated as Confidential Discovery Material or Highly Confidential Discovery Material, and (ii) ensure that such Discovery Material is not further disclosed except in accordance with this Protective Order.

13.     Any Designating Party may change the designation of any Discovery Material at any time by providing written notice to the other Party or Parties.

14.     The Receiving Party may request a change in the designation of any Discovery Material at any time, by providing written notice to the other Party or Parties. Counsel for each party shall meet and confer within 10 business days of a challenge in an attempt to resolve the challenge or limit the scope of any issues requiring resolution by the Court. In the event the parties cannot reach an agreement concerning a confidentiality designation, either party may, within 14 days after the parties have failed to reach agreement, request that the Court or the Magistrate resolve the dispute.   Any such

Discovery Material shall be treated as originally designated until the change is approved by the Designating Party or Ordered by the Court.

## III.   NON-WAIVER OF PRIVILEGES

15.   Pursuant to Rule 502(d) of the Federal Rules of Evidence, nothing in this Order shall require disclosure of information protected by the attorney-client privilege or work-product protection, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver of the attorney-client privilege or work-product protection, or other privilege or immunity.  The Parties will not conduct an inquiry under FRE 502(b) to determine whether information was produced inadvertently.  Instead, the Parties will determine inadvertence solely based on the good faith representation of the Producing Party.  Nothing herein shall prevent the Receiving Party from challenging the propriety of the privileged designation of any Discovery Material claimed to have been inadvertently produced by submitting a challenge to the Court.

16.   If a Party identifies discovery material that appears on its face to be Privileged Material belonging to another Party or non-party, the identifying Party is under a good-faith obligation to notify that other Party or non-party.  Such notification shall not waive the identifying Party's ability to subsequently contest any assertion of privilege or protection with respect to the identified discovery material.  If the Party or non-party to which the disclosed Privileged Material belongs wishes to assert a claim of privilege or protection, that Party or non-party shall notify the receiving party of its assertion of privilege within 7 calendar days of receiving the identifying party's notification of potentially Privileged Material.  Nothing in this Stipulation and Order limits or otherwise

10

modifies an attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be Privileged Material and to inform the disclosing party that such Privileged Material has been produced.

17.    This Stipulation and Order does not preclude a party from intentionally waiving any claims of privilege or protection.

18.    The provisions of Rule 502(a) of the Federal Rules of Evidence apply when, among other things, a Producing Party uses Privileged Material to support a claim or defense, a Producing Party uses Privileged Material during a deposition, or a Producing Party intentionally discloses Privileged Material to a third party, including the Court (e.g., in connection with or support of a filing).

19.    The Parties may stipulate without the need for Court approval to narrow or extend the time periods specified in this Stipulation and Order.

## IV.    CLAWBACK PROCEDURES

20.    If a Producing Party becomes aware that it has produced Privileged Material, the Producing Party shall promptly notify each Receiving Party in writing of the production, specifying the applicable privilege, immunity, or protection.  After receipt of written notice from the Producing Party, the Receiving Party must immediately cease the review and use of the Discovery Material, except to the extent necessary to determine and/or contest the assertion of privilege, immunity, or protection under Fed. R. Civ. P. 26(b)(5)(B).  Any notes or summaries of such material must also be sequestered.

21.    If a receiving party disputes the privilege claim, the receiving party shall notify the Party asserting the claim of the dispute and the basis therefore in writing within

10 business days of receipt of the notification of produced Privileged Material. However, to the extent that a Party seeks to claw back more than 100 documents within a 7-day period, the receiving party shall be provided an additional 10 business days to review such documents and dispute the privilege claims asserted over them. The Party asserting the privilege claim and the receiving party thereafter shall meet and confer in good faith regarding the disputed claim within 10 business days. In the event that the Parties do not resolve their dispute, the Party claiming privilege must bring a motion for a determination of whether a privilege applies within 10 days of a good faith determination by that Party that no resolution will be achieved. If such a motion is made, the moving Party shall submit to the Court for *in camera* review a copy of the produced Privileged Material in connection with its motion papers.

22.     A Party is not precluded by this Stipulation and Order from arguing that a privilege or protection has been waived for reasons other than the production of a document or information subsequently clawed back in accordance with the terms of this Stipulation and Order.

23.     Notwithstanding the foregoing, the Parties agree that any document used by any Party in a deposition, expert report, or court filing in this Action (with the exception of a motion pursuant to paragraph 22 of this Protective Order), that a Producing Party does not claw back within 10 business days of its use ("Used Document") shall not be eligible for clawback of that document under Section IV of this Protective Order. Such ineligibility for clawback of that document under Section IV of this Protective Order shall not result in a subject matter waiver in any other state or federal proceeding.

24.     Nothing in this Stipulation and Order is intended to preclude either Party from seeking fees or expenses associated with the unreasonable or excessive clawback of documents.

## V.     FILING OF CONFIDENTIAL MATERIAL FOR PRETRIAL PURPOSES

25.     If a Party files Confidential Discovery Material or Highly Confidential Discovery Material with the Court, it shall do so in compliance with the Local Rules and Electronic Case Filing Procedures for the District of Minnesota and Local Rule 5.6.

## VI.    TERMINATION, SUBPOENA RESPONSE AND MODIFICATION

26.     Within 60 days of the termination of this Action, including any appeals, each Receiving Party shall either destroy or return to the Producing Party all Discovery Material designated by the Producing Party as Confidential or Highly Confidential Discovery Material, and all copies of such Discovery Material, and shall destroy all extracts and/or data taken from such Discovery Material.  However, Attorneys shall be entitled to retain a set of all pleadings and court filings, deposition transcripts, hearing and trial transcripts, attorney work product, and correspondence generated in connection with the Action, including any exhibits (including those that are, contain, or reference Discovery Material that has been designated as Confidential Discovery Material or Highly Confidential Discovery Material).  The Receiving Party is not required to return or destroy Confidential Discovery Material or Highly Confidential Discovery Material that is (i) stored on backup storage media made in accordance with regular backup procedures for disaster recovery purposes, (ii) is located in the email archive system or archived electronic files of departed employees, or (iii) is subject to legal hold obligations.  Confidential Discovery Material or

Highly Confidential Discovery Material on backup storage media must be continued to be treated in accordance with the Protective Order.

27.     If any person receiving documents covered by this Protective Order (the "Subpoenaed Person") is subpoenaed in another action or proceeding or is served with a document demand or other request under law (a "Subpoena"), and such Subpoena seeks Discovery Material that was designated as Confidential Discovery Material or Highly Confidential Discovery Material by someone other than the Subpoenaed Person, the Subpoenaed Person must (i) give prompt written notice by hand delivery, overnight delivery, or e-mail (which e-mail shall be considered delivered when sent), and in no event later than five business days after receipt of such subpoena, to the Designating Party and (ii) except as ordered otherwise by a court of competent jurisdiction, refrain from producing any Discovery Material that has been designated as Confidential Discovery Material or Highly Confidential Discovery Material in response to such a subpoena until 21 days after providing notice to the Designating Party.  The burden of opposing the enforcement of the subpoena shall fall solely upon the Designating Party. Nothing herein requires the Subpoenaed Person or anyone else covered by this Protective Order to challenge or appeal any order directing production of Confidential Discovery Material or Highly Confidential Discovery Material covered by this Protective Order, or to subject himself or itself to any penalties for noncompliance with any legal process or order, or to seek any relief from the Court.

28.     Any Party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such

further provisions enhancing or limiting confidentiality as may be appropriate.

29.     Nothing herein shall be construed to prevent any Party from using or continuing to use any information that is in the public domain or that subsequently becomes a part of the public domain other than as a result of any act of such Party or of disclosure in violation of the Protective Order. Nothing herein shall be construed to prevent a Party from using or continuing to use any documents or information known to it or used by it prior to the filing of the Protective Order or that has come or shall come into a Party's possession independently of disclosure and/or discovery in this case, so long as the documents or information was obtained lawfully and does not violate a different confidentiality order, agreement, or governing ethical rule or standard.

30.     No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in this Action or of any position as to discoverability or admissibility of evidence.

31.     The obligations imposed by the Protective Order shall survive the termination of this Action, and the restrictions imposed by this Protective Order may be modified or terminated only by further order of the Court.


 Date:  October 16, 2019                    *s/ Katherine Menendez*
                                            Katherine Menendez
                                            United States Magistrate Judge


15

**EXHIBIT** **A**

**WRITTEN ASSURANCE**

_____ declares that:

I have read and I understand the terms of the Protective Order dated _____, filed in *In re CenturyLink Sales Practices and Securities Litigation*, MDL No. 17-2795 (MJD/KMM), pending in the United States District Court for the District of Minnesota. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any Discovery Material, or copies of Discovery Material, designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEY'S EYES ONLY" obtained pursuant to such Protective Order, or the contents of such Discovery Material, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such Discovery Material except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 60 days after termination of this action, including any appeals, I shall destroy or return any Discovery Material in my possession designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEY'S EYES ONLY" and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Minnesota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.


Executed on  _____          _____
                           (Date)                                    (Signature)