# Exhibit 12

CONFIDENTIAL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION <br><br><br> This Document Relates to: <br> Civil File No. 18-296 (MJD/KMM) | MDL No. 17-2795 (MJD/KMM) <br><br> **DEFENDANT CENTURYLINK, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS** |

**DEFENDANT CENTURYLINK, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant CenturyLink, Inc. ("CenturyLink") responds to the First Set of Requests for the Production of Documents (collectively, the "Requests," and each individually, a "Request") served on September 4, 2019 by Lead Plaintiff the State of Oregon by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund ("State of Oregon"), and Named Plaintiff Fernando Alberto Vildosola, as trustee for the AUFV Trust U/A/D 02/19/2009 ("Vildosola," and together with the State of Oregon, "Plaintiffs"), as follows:

I. **GENERAL RESPONSES**

1.      CenturyLink's responses to the Requests are made to the best of CenturyLink's present knowledge, information, and belief and are at all times subject to such additional or different information that discovery or further investigation may disclose. While based on the present state of CenturyLink's recollection, CenturyLink's responses are subject to refreshing of

such recollection and such additional knowledge of facts as may result from CenturyLink's further discovery or investigation.

2.      CenturyLink reserves the right to make any use of, or to introduce at any proceeding or at trial, or elsewhere, information and/or documents responsive to the Requests but discovered and produced subsequent to the date of CenturyLink's initial responses, including but not limited to any such documents or information obtained in discovery in this Action.

3.      To the extent CenturyLink agrees to produce documents or information in response to any particular Request, CenturyLink will search for responsive documents and information using reasonable and proportional search Criteria, including custodian, date range, and search term Criteria ("Search Criteria"), and in accordance with the protocol governing discovery matters and the production of electronically stored information in this Action to be agreed upon by the parties and ordered by the Court ("ESI Protocol"), or as otherwise ordered by the Court.

4.      To the extent CenturyLink agrees to produce documents or information in response to any particular Request, CenturyLink will produce only non-privileged, responsive documents in its possession, custody, or control, and in accordance with the ESI Protocol and the protective order governing the treatment of discovery material in this Action to be agreed upon by the parties and ordered by the Court ("Protective Order"), or as otherwise ordered by the Court. CenturyLink has no duty to, and will not, produce or identify documents or information that are not in its possession, custody, or control.

5.      By stating in these responses that CenturyLink will search for or produce documents or information, CenturyLink does not represent that any such documents or information actually exist. Rather, CenturyLink represents that it will undertake a good-faith search and reasonable inquiry to ascertain whether the documents or information described in any such

2

response do, in fact, exist, and, if so, will produce responsive, non-privileged documents or information within CenturyLink's possession, custody, or control in accordance with the ESI Protocol and Protective Order and after conducting a reasonable and proportional search.

6.      To the extent CenturyLink responds to a Request by stating that CenturyLink will provide documents or information that CenturyLink or any other person, including other defendants in the Action, deem to contain private, business confidential, proprietary, trade secret, commercially sensitive, or personal information, or are otherwise protected from disclosure pursuant to Rule 26(c) or other applicable authority, CenturyLink will only provide such documents or information in accordance with the Protective Order.

7.      The provision of documents and information in response to any of these Requests does not constitute a waiver of any objection regarding the use of such documents and information in the Action.  CenturyLink reserves all objections and other questions as to competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding in or trial of this or any other Action for any purpose whatsoever of CenturyLink's responses herein and any information, document, or thing identified or produced in response to the Requests.

8.      CenturyLink reserves the right to object on any grounds at any time to such other or supplemental document requests as Plaintiffs may at any time propound involving or relating to the subject matter of these Requests.

9.      CenturyLink will produce non-privileged, responsive materials in response to these Requests on a rolling basis as such documents are reviewed and become available for production. CenturyLink's production will (a) begin as soon as reasonably practicable after CenturyLink has determined the Search Criteria; and (b) be substantially completed in accordance with the proposal by CenturyLink and the other defendants in this Action for the "substantial completion" of

document production set forth in the parties' Joint Report Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.2 (*see* Dkt. No. 183)[1], until such date is adopted or modified by order of the Court. CenturyLink will meet and confer with Plaintiffs regarding the schedule for production as necessary and reserves the right to supplement its production, if necessary, after the deadline for "substantial completion."

10. CenturyLink is willing to meet and confer with Plaintiffs regarding any response or objection to the Requests.

## II. GENERAL OBJECTIONS

1. CenturyLink objects generally to all Definitions, Instructions, and Requests insofar as they seek to require the production of documents or information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Such documents or information will not be produced in response to the Requests and any inadvertent production thereof shall not be deemed a waiver of any privilege or immunity with respect to such documents or information or any work product protection that may attach thereto.

2. CenturyLink objects generally to all Definitions, Instructions, and Requests to the extent they are inconsistent with the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the District of Minnesota, other applicable law, the ESI Protocol, or the Protective Order. CenturyLink will search for and produce non-privileged, responsive documents and information in accordance with the ESI Protocol and Protective Order.

3. CenturyLink objects generally to all Definitions, Instructions, and Requests to the extent they seek Documents unrelated to both CenturyLink's Consumer Segment and

---

[1] All docket citations are to the docket of *Craig v. CenturyLink, Inc., et al.*, No. 18-cv-00296 (D. Minn.) (MJD/KMM).

4

CenturyLink's SMB Segment, as defined in these Responses and Objections. CenturyLink will only produce documents in response to the Requests to the extent they relate to its Consumer Segment and/or SMB Segment.

4.     CenturyLink objects generally to each Request to the extent it is framed as a single Request when, because it contains multiple subparts, it is in fact multiple Requests. CenturyLink will construe such "Requests" as constituting multiple Requests.

## III.    SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     CenturyLink objects to the definition of "Arizona AG Action" on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, because it encompasses any civil investigative demand, investigation, or subpoena that could be construed as "concerning or relating" in any way to the referenced action, regardless of whether such demand, investigation, or subpoena is relevant to the claims or defenses at issue in this Action. Solely for purposes of responding to the Requests, CenturyLink will construe "Arizona AG Action" to mean the case titled *In the Matter of Qwest Corporation, d/b/a CenturyLink QC, a Colorado corporation*, No. CV2016-002842 (Maricopa Cnty. Ariz. 2016) and any civil investigative demand, investigation, or subpoena that was issued or conducted by the Office of the Arizona Attorney General in connection with its prosecution of that action.

2.     CenturyLink objects to the definition of "CenturyLink," "the Company," "You" and "Your" on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, because it includes, without limitation, "former subsidiaries," "predecessors and successors in interest," "any . . . related company," and "former officers, directors, partners, employees, agents and any other persons acting on its behalf or under its direction or control,"

5

regardless of whether the entities or individuals are relevant to the claims and defenses at issue in this Action. Solely for purposes of responding to the Requests, CenturyLink will use reasonable diligence to obtain information pertinent to CenturyLink, Inc. during the class period ("Class Period") proposed in the Consolidated Securities Class Action Complaint filed on June 25, 2018 ("Complaint") based on an examination of sources reasonably expected to yield relevant, responsive documents.

3.      CenturyLink objects to the definition of "Consumer Segment" to the extent it incorrectly describes or characterizes the CenturyLink reportable segment "Consumer Segment," as defined in CenturyLink's consolidated financial statements during the Class Period. Solely for purposes of responding to the Requests, CenturyLink will construe "Consumer Segment" as it was defined and used in the Company's consolidated financial statements during the Class Period.

4.      CenturyLink objects to the definition of "Cramming and Billing Issues" on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, including because it encompasses *any* customer question, complaint, or dispute about pricing or billing, and also because it covers CenturyLink's "failure to meet customer expectations," which is irrelevant to the claims and defenses at issue in the Complaint. CenturyLink further objects on the ground that the definition includes terms and phrases that are vague, ambiguous, and subject to multiple reasonable interpretations, including "analysis," "issue," "failure to meet customer expectations," and "misconduct." Solely for purposes of responding to the Requests, CenturyLink will construe "Cramming and Billing Issues" to mean the following intentional acts set forth in Paragraph 64 of the Complaint: "adding unauthorized services to customers' bills," "misquoting or deceiving customers concerning the prices they would be charged," and "misleading customers about other material terms" of their contracts.

6

5.      CenturyLink objects to the definition of "Data" to the extent that it seeks to impose obligations on CenturyLink that are greater than or different from those imposed by Rule 34(a)(1). CenturyLink further objects on the grounds that the definition of "Data" includes terms that are vague, ambiguous, and/or subject to multiple reasonable interpretations, including the terms "information," "quantities," "characters," and "derived data sets."  Consistent with the ESI Protocol, CenturyLink will apply Search Criteria to conduct a reasonable search for relevant and responsive documents and electronically stored information as those terms are used in Rule 26 of the Federal Rules of Civil Procedure.

6.      CenturyLink objects to the definition of "Discipline" on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, because it encompasses "the imposition of *any* consequence related to employment" (emphasis added). CenturyLink further objects on the ground that the definition of "Discipline" includes terms that are vague, ambiguous, and/or subject to multiple reasonable interpretations, including "consequence," "corrective actions," "documented discussions," and "warnings."  Solely for purposes of responding to the Requests, CenturyLink will construe "Discipline" to mean an action taken against an employee by a manager or other supervisor in response or in relation to the wrongful conduct of that employee or the failure of an employee to comply with company policies or standards.

7.      CenturyLink objects to the definition of "Minnesota AG Action" on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, because it encompasses any civil investigative demand, investigation, or subpoena that could be construed as "relating" in any way to the referenced Action.  Solely for purposes of responding to the Requests, CenturyLink will construe "Minnesota AG Action" to mean the case captioned *State of Minnesota*

*v. CenturyTel Broadband Services LLC et al.*, No. 02-CV-17-3488 (District Court, Tenth Judicial District, Minn. 2017), and any civil investigative demand, investigation, or subpoena that was issued or conducted by the Office of the Minnesota Attorney General in connection with that action.

8.      CenturyLink objects to the definition of "Sales and Billing Complaints" on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, because it includes *any* "complaint," "concern," or "suggestion" raised by a CenturyLink employee, customer, or Governmental Entity relating to sales, service, or billing practices. CenturyLink further objects on the ground that the definition of "Sales and Billing Complaints" includes terms that are vague, ambiguous, and subject to multiple reasonable interpretations, including "concerns," "suggestions," "warnings," and "whistleblowing activities."  Solely for purposes of responding to the Requests, CenturyLink will construe "Sales and Billing Complaints" to mean complaints by a CenturyLink employee, CenturyLink customer, or Governmental Entity about Cramming and Billing Issues as defined by CenturyLink in Paragraph 4 herein.

9.      CenturyLink objects to the definition of "Sales and Billing Practices" on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case, because it includes "sales, service, and billing practices" that are not relevant to the claims and defenses at issue in this case.  CenturyLink further objects to the definition of "Sales and Billing Practices" on the ground that the term "practices" in the definition is vague, ambiguous, and subject to multiple reasonable interpretations.

10.     CenturyLink objects to the definition of "Sales Targets" on the ground that the term "expectations" in the definition is vague, ambiguous, and subject to multiple reasonable interpretations.  CenturyLink further objects to the definition of "Sales Targets" to the extent it

8

seeks documents and information relating to "third parties" that are not in CenturyLink's possession, custody, or control. Solely for purposes of responding to these Requests, CenturyLink will construe "Sales Targets" to mean targets or goals established by CenturyLink for the sale of products and services with respect to the Consumer Segment or SMB Segment.

11.     CenturyLink objects to the definition of "SMB Segment" on the ground that it is overbroad, unduly burdensome, and not proportional to the needs of the case, because it includes without limitation all of "CenturyLink's activities in offering products and services to small and medium business customers." CenturyLink further objects to the definition of "SMB Segment" on the ground that the term "small and medium business customers" is vague, ambiguous, and subject to multiple reasonable interpretations. Solely for purposes of responding to the Requests, CenturyLink will construe "SMB Segment" to exclude consumer, enterprise, and/or large business customers.

12.     CenturyLink objects to Instruction No. 1 on the grounds that it is overbroad and unduly burdensome, and seeks to impose obligations on CenturyLink different from or greater than those imposed by the Federal Rules of Civil Procedure, by purporting to require CenturyLink to produce documents or information not currently in its possession, custody, or control, not reasonably known or accessible by CenturyLink, or no longer in existence. CenturyLink further objects to the Instruction to the extent that it seeks documents protected by the attorney-client privilege, the work product immunity, or any other protection. CenturyLink further objects to the Instruction on the ground that the phrase "right to secure" is vague, ambiguous, and subject to multiple different interpretations.

13.    CenturyLink objects to Instruction No. 3 to the extent that it conflicts with the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the District of Minnesota, other applicable law, the ESI Protocol, or the Protective Order.

14.    CenturyLink objects to Instruction No. 4 on the ground that it seeks to impose obligations on CenturyLink different from or greater than those imposed by the Federal Rules of Civil Procedure and the ESI Protocol, by purporting to require that CenturyLink produce documents "in the order they are kept in the usual course of business" and "organize and label" responsive documents in a particular manner.

15.    CenturyLink objects to Instruction No. 5 on the ground that it seeks to impose obligations on CenturyLink that are different from or greater than those imposed by the Federal Rules of Civil Procedure and the ESI Protocol, by purporting to require CenturyLink to produce identical copies of documents in multiple forms or formats.

16.    CenturyLink objects to Instruction No. 6 on the grounds that it is overbroad and unduly burdensome, and seeks to impose obligations on CenturyLink different from or greater than those imposed by the Federal Rules of Civil Procedure and the ESI Protocol, by purporting to require CenturyLink to search "all Document management systems, computer archives, and/or backup tapes or disks" for responsive documents.  To the extent CenturyLink agrees to produce documents or information in response to any particular Request, CenturyLink will conduct a reasonable and proportional search using the Search Criteria and will not search information sources that are not "reasonably accessible" as that term is used in Rule 26.

17.    CenturyLink objects to Instruction No. 7 on the ground that it seeks to impose obligations on CenturyLink that are unduly burdensome and different from or greater than those imposed by the Federal Rules of Civil Procedure and the ESI Protocol, because it seeks information

about documents that are not in CenturyLink's possession, custody, or control. CenturyLink further objects to the extent the Instruction seeks information concerning documents about which CenturyLink has no knowledge or information.

18.     CenturyLink objects to Instruction No. 8 on the ground that it seeks to impose obligations on CenturyLink that are unduly burdensome and different from or greater than those imposed by the Federal Rules of Civil Procedure and the ESI Protocol, because it seeks information about documents that are not in CenturyLink's possession, custody, or control. CenturyLink further objects to the Instruction to the extent it seeks information concerning documents about which CenturyLink has no knowledge or information.

19.     CenturyLink objects to Instruction No. 9 on the ground that it seeks to impose obligations on CenturyLink that are unduly burdensome and different from or greater than those imposed by the Federal Rules of Civil Procedure and the ESI Protocol. CenturyLink further objects to the Instruction to the extent it seeks information that is protected by the attorney-client privilege, the work-product immunity, and/or any other protection.

20.     CenturyLink objects to Instruction No. 10 to the extent it seeks to impose obligations on CenturyLink that are different from or greater than those imposed by the Federal Rules of Civil Procedure and the ESI Protocol.

21.     CenturyLink objects to Instruction No. 11 on the ground that it seeks documents and information that are not relevant to the claims and defenses at issue in this case.

22.     CenturyLink objects to Instruction No. 12 on the ground that it seeks to impose obligations on CenturyLink that are different from or greater than those imposed by the Federal Rules of Civil Procedure and the ESI Protocol.

23. CenturyLink objects to Instruction No. 13 on the ground that it is inconsistent with "II. Terms Not Otherwise Defined" on Page 7 of the Requests.

24. CenturyLink objects to Instruction No. 15 on the ground that the "relevant time period" is overbroad, unduly burdensome, and not proportional to the needs of the case, because it includes periods of time that are not relevant to the claims and issues in this case. The Complaint defines the Class Period as March 1, 2013 through July 12, 2017, but the Instruction defines the "relevant time period" as January 1, 2011 to present—more than two years before the beginning of the Class Period and more than two years after the end of the Class Period. Plaintiffs' blanket request for documents substantially before and after the Class Period is not justified. CenturyLink agrees to meet and confer with Plaintiffs to discuss one or more reasonable and proportional date ranges. CenturyLink will construe the "relevant time period" as only including documents created, modified, sent, or received during the determined relevant date range(s), as reflected in document metadata.

## IV. SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS

CenturyLink responds to the specific Requests as follows:

### REQUEST FOR PRODUCTION NO. 1:

All Documents that You issued, produced or provided, or that any Governmental Entity issued, produced or provided, in connection with the Minnesota AG Action, including any civil investigative demand(s), interrogatories, requests for production, subpoenas, interview and deposition transcripts, or any other discovery, and responses thereto.

### SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 1:

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the grounds that the Request is overbroad, unduly

burdensome, and not proportional to the needs of the case. CenturyLink further objects on the ground that many documents called for by the Request are not relevant to the claims and defenses at issue in this Action. CenturyLink further objects on the ground that the Request is duplicative or cumulative of other discovery requests served by Plaintiffs, including but not limited to Request Nos. 3 and 43.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: in accordance with the ruling of the Magistrate Judge during the parties' October 1, 2019 Rule 16 conference, CenturyLink will produce relevant deposition transcripts of witnesses deposed in the Minnesota AG Action as well as unredacted copies of pleadings, once a Protective Order is finalized.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents that You issued, produced or provided, or that any Governmental Entity issued, produced or provided, in connection with the Arizona AG Action, including any civil investigative demand(s), interrogatories, requests for production, subpoenas, interview and deposition transcripts, or any other discovery, and responses thereto.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 2:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, CenturyLink objects on the ground that the Request fails to "describe with reasonable particularity each item or category of items to be inspected." Fed R. Civ. P. 34(b)(1)(A). The Federal Rules do not permit Plaintiffs to issue blanket, overbroad requests for all documents produced in a potentially related investigation without identifying particular items or categories of items that are relevant to this Action. Plaintiffs must make reasonably particular requests, rather than impermissibly seeking "*carte blanche* production of all documents" from the

13

purportedly related investigation. *Chen v. Ampco Sys. Parking*, No. 08-cv-0422-BEN (JMA), 2009 WL 2496729, at *2 (S.D. Cal. Aug. 14, 2009). *See also Minneapolis Firefighters' Relief Ass'n v. Medtronic, Inc.*, 2010 WL 11470364, at *4 (D. Minn. Nov. 3, 2010) (holding document requests seeking all information produced to government agencies were overbroad and unduly burdensome because requests encompassed irrelevant documents); *In re Volkswagen "Clean Diesel" Marketing Sales Practices & Prods. Liability Litig*., 2017 WL 4680242, at *1 (N.D. Cal. Oct. 18, 2017) (holding request in shareholder litigation for cloned discovery of related consumer MDL litigation was impermissibly overbroad because "Plaintiffs are not entitled to complete access to the MDL Production simply because there may be an overlap between their claims and those in the consolidated consumer class action"); *King Cty. v. Merrill Lynch & Co.*, No. C10-1156-RSM, 2011 WL 3438491, at *3 (W.D. Wash. Aug. 5, 2011) ("It may very well be that each and every document produced in the government investigations is relevant to Plaintiff's claims. However, Plaintiff must make proper discovery requests, identifying the specific categories of documents sought, in order to obtain them—and each category must be relevant to its claims and defenses.").

Separately, Plaintiffs' blanket request does not engender greater efficiency in document production—in fact, it creates additional burden and delay. Wholesale production of cloned discovery will cause substantial inefficiency and expense, requiring CenturyLink to review thousands of documents for both responsiveness and privilege, even though many such documents are likely irrelevant to the claims and defenses in this case. Even if some efficiencies were generated, that alone would not justify unduly overbroad discovery. *See Volkswagen*, 2017 WL 4680242, at *1 (While "it would almost always be more efficient for a defendant to open up its

14

document repositories for the opposing side to rifle through, . . . such a practice would expand the scope of discovery beyond that allowed by the Federal Rules.").

For these reasons and others, the Magistrate Judge in this MDL previously denied precisely this type of cloned discovery request.  In the Consumer Action (Case No. 17-2832), plaintiffs requested "all documents that were produced to various governmental entities investigating CenturyLink's sales and billing practices" and moved to compel the production of those documents.  *See* Order on Plaintiffs' Motion to Compel Production of Documents, No, 17-md-2795, Dkt. No. 175 at 5 (Jun. 7, 2018) (Menendez, M.J.).  During oral argument on the motion, the Magistrate Judge noted "[t]he simple fact that these were provided to investigators investigating similar billing problems doesn't mean that they're relevant or proportional or reasonable."  *See* Transcript of Hearing re. Consumer Action Plaintiffs' Motion to Compel, No. 17-md-2795 at 66 (Jun. 4, 2018).  The Magistrate Judge ultimately denied the plaintiffs' motion, finding the request to be "an indirect and radically overbroad means of seeking those documents."  Order, Dkt. No. 175 at 7.

This Request is virtually identical to the overbroad request plaintiffs made in the Consumer Action.  The Arizona AG Action involved garden-variety billing complaints at the individual CenturyLink customer level in Arizona that have no relevance to the securities claims asserted by Plaintiffs here.  *See* Assurance of Discontinuance, *In the Matter of Qwest Corp.*, No. CV2016-002842 (Maricopa Cnty. Ariz.) (describing the Arizona AG Action as relating to "acts and practices related to its billing and provision of customer services to Arizona consumers who purchased residential telephone and high speed internet services").  Plaintiffs' Complaint alleges: that a widespread fraudulent scheme to defraud customers existed at CenturyLink and was so large as to materially impact CenturyLink's revenues; that the individual defendants in this Action knew

15

about the alleged scheme and made false or misleading statements to investors when discussing CenturyLink's strategies and performance; that Plaintiffs relied on those statements; and that Plaintiffs suffered losses when the alleged scheme was revealed.  In contrast, the Arizona AG Action concerned whether individual customers in Arizona were overcharged or failed to receive promised discounts.  *See id.*  These individual customer billing complaints are irrelevant to the claims and defenses in this securities case.

CenturyLink further objects on the ground that the Request is duplicative or cumulative of other discovery requests served by Plaintiffs, including but not limited to Request Nos. 3 and 43.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: as the Magistrate Judge noted during the parties' October 1, 2019 Rule 16 conference, cloned discovery is not appropriate in this case.  The cloned discovery contemplated in the Request would not increase efficiency and would instead likely result in document productions that are both over- and under-inclusive of relevant documents.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents that You issued, produced or provided, or were produced, provided, or issued by a Governmental Entity, concerning any Governmental Action concerning Sales and Billing Practices, including all civil investigative demands, interrogatories, requests for production, subpoenas, interview and deposition transcripts, or any other discovery, and responses thereto.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 3:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, CenturyLink objects on the ground that the Request is overbroad,

unduly burdensome, not proportional to the needs of the case, and that many documents called for by the Request are not relevant to the claims and defenses at issue in this Action.

Plaintiffs' Request fails to "describe with reasonable particularity each item or category of items to be inspected." Fed R. Civ. P. 34(b)(1)(A). The Federal Rules do not permit Plaintiffs to issue blanket requests for all documents produced in a potentially related investigation without identifying particular items or categories of items that are relevant to this Action. Plaintiffs must make reasonably particular requests, rather than impermissibly seeking "*carte blanche* production of all documents" from the purportedly related investigation. *Chen v. Ampco Sys. Parking*, No. 08-cv-0422-BEN (JMA), 2009 WL 2496729, at *2 (S.D. Cal. Aug. 14, 2009). *See also Minneapolis Firefighters' Relief Ass'n v. Medtronic, Inc.*, 2010 WL 11470364, at *4 (D. Minn. Nov. 3, 2010) (holding document requests seeking all information produced to government agencies were overbroad and unduly burdensome because requests encompassed irrelevant documents); *In re Volkswagen "Clean Diesel" Marketing Sales Practices & Prods. Liability Litig.*, 2017 WL 4680242, at *1 (N.D. Cal. Oct. 18, 2017) (holding request in shareholder litigation for cloned discovery of related consumer MDL litigation was impermissibly overbroad because "Plaintiffs are not entitled to complete access to the MDL Production simply because there may be an overlap between their claims and those in the consolidated consumer class action"); *King Cty. v. Merrill Lynch & Co.*, No. C10-1156-RSM, 2011 WL 3438491, at *3 (W.D. Wash. Aug. 5, 2011) ("It may very well be that each and every document produced in the government investigations is relevant to Plaintiff's claims. However, Plaintiff must make proper discovery requests, identifying the specific categories of documents sought, in order to obtain them—and each category must be relevant to its claims and defenses.").

17

Separately, Plaintiffs' blanket request does not engender greater efficiency in document production—in fact, it creates additional burden and delay. Wholesale production of cloned discovery from an unknown number of government investigations or requests will cause substantial inefficiency and expense, requiring CenturyLink to first identify all such government Actions or requests and then review an unknown number, but likely many thousands of documents, for both responsiveness and privilege, even though many such documents are likely irrelevant to the claims and defenses in this case. Even if some efficiencies were generated, that alone would not justify unduly overbroad discovery. *See Volkswagen*, 2017 WL 4680242, at *1 (While "it would almost always be more efficient for a defendant to open up its document repositories for the opposing side to rifle through, . . . such a practice would expand the scope of discovery beyond that allowed by the Federal Rules.").

For these reasons and others, the Magistrate Judge in this MDL previously denied a nearly identical request. In the Consumer Action, plaintiffs requested "all documents that were produced to various governmental entities investigating CenturyLink's sales and billing practices" and moved to compel the production of those documents. *See* Order on Plaintiffs' Motion to Compel Production of Documents, No, 17-md-2795, Dkt. No. 175 at 5 (Jun. 7, 2018) (Menendez, M.J.). During oral argument on the motion, the Magistrate Judge noted "[t]he simple fact that these were provided to investigators investigating similar billing problems doesn't mean that they're relevant or proportional or reasonable." *See* Transcript of Hearing re. Consumer Action Plaintiffs' Motion to Compel, No. 17-md-2795 at 66 (Jun. 4, 2018). The Magistrate Judge ultimately denied the plaintiffs' motion, finding the request to be "an indirect and radically overbroad means of seeking those documents." Order, Dkt. No. 175 at 7.

Request No. 3 is even more overbroad than Requests Nos. 1 and 2 as it fails to specify any particular investigation or topic area beyond CenturyLink's "sales, service, and billing practices," a category that could conceivably encompass all of CenturyLink's activities.   CenturyLink operates in a heavily regulated industry, and as a result, had frequent interactions with government entities during the Class Period.   *See* CenturyLink 2017 10-K ("We operate in a highly regulated industry and are therefore exposed to restrictions on our operations and a variety of risks relating to such regulation.").   Plaintiffs have "not explained," nor could they explain, how all documents that CenturyLink has ever provided to any government entity in connection with any aspect of its business "have a tendency to make a fact of consequence to their securities claims more or less probable."   *Volkswagen*, 2017 WL 4680242, at *1.

CenturyLink further objects to the extent the Request is duplicative or cumulative of other discovery requests served by Plaintiffs, including Request Nos. 1, 2, and 43.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: as the Magistrate Judge noted during the parties' October 1, 2019 Rule 16 conference, cloned discovery is not appropriate in this case.   The cloned discovery contemplated in the Request would not increase efficiency and would instead likely result in document productions that are both over- and under-inclusive of relevant documents.   CenturyLink will meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents concerning discovery (including confirmatory discovery) in connection with the Consumer Action, including all requests for production, interrogatories, or discovery requests issued by plaintiffs in the Consumer Action to You, and all Documents and other responses You produced or otherwise made available to plaintiffs in the Consumer Action.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 4:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, CenturyLink objects on the ground that the Request is overbroad, unduly burdensome, not proportional to the needs of the case, and that many documents called for by the Request are not relevant to the claims and defenses at issue in this Action.

Plaintiffs' Request fails to "describe with reasonable particularity each item or category of items to be inspected." Fed R. Civ. P. 34(b)(1)(A). The Federal Rules do not permit Plaintiffs to issue blanket requests for all documents produced in a potentially related case without identifying particular items or categories of items that are relevant to this Action. Plaintiffs must make reasonably particular requests, rather than impermissibly seeking "*carte blanche* production of all documents" from the purportedly related case. *Chen v. Ampco Sys. Parking*, No. 08-cv-0422-BEN (JMA), 2009 WL 2496729, at *2 (S.D. Cal. Aug. 14, 2009). *See also Minneapolis Firefighters' Relief Ass'n v. Medtronic, Inc.*, 2010 WL 11470364, at *4 (D. Minn. Nov. 3, 2010) (holding document requests seeking all information produced to government agencies were overbroad and unduly burdensome because requests encompassed irrelevant documents); *In re Volkswagen "Clean Diesel" Marketing Sales Practices & Prods. Liability Litig.*, 2017 WL 4680242, at *1 (N.D. Cal. Oct. 18, 2017) (holding request in shareholder litigation for cloned discovery of related consumer MDL litigation was impermissibly overbroad because "Plaintiffs are not entitled to complete access to the MDL Production simply because there may be an overlap between their claims and those in the consolidated consumer class action"); *King Cty. v. Merrill Lynch & Co.*, No. C10-1156-RSM, 2011 WL 3438491, at *3 (W.D. Wash. Aug. 5, 2011) ("It may very well be that each and every document produced . . . is relevant to Plaintiff's claims. However, Plaintiff

must make proper discovery requests, identifying the specific categories of documents sought, in order to obtain them—and each category must be relevant to its claims and defenses.").

Plaintiffs already conceded during a meet and confer on August 12, 2019 that much, if not all, of the discovery in the Consumer Action related to the arbitrability of the claims of a few dozen individual consumers and thus is plainly irrelevant here. Despite this concession, Plaintiffs made no attempt to narrow this Request to include only those documents that could conceivably be relevant to the claims in this case. The Magistrate Judge's ruling on cloned discovery in that Consumer Action, discussed in CenturyLink's Responses to Requests Nos. 1-3, thus applies with the same force to this Request No. 4 as to Requests Nos. 1-3. *See* Order on Plaintiffs' Motion to Compel Production of Documents, No, 17-md-2795, Dkt. No. 175 at 5 (Jun. 7, 2018) (Menendez, M.J.); Transcript of Hearing re Consumer Action Plaintiffs' Motion to Compel, No. 17-md-2795, at 66 (Jun. 4, 2018). Nor have Plaintiffs established that any of the confirmatory discovery is relevant here. To the extent Plaintiffs seek documents from the confirmatory discovery in the Consumer Action, Plaintiffs must identify particular items or categories of items that are actually relevant to the claims and defenses in this securities case.

CenturyLink further objects to the extent the Request is duplicative or cumulative of other discovery requests served by Plaintiffs, including but not limited to Request No. 7.

As the Magistrate Judge noted during the parties' October 1, 2019 Rule 16 conference, cloned discovery is not appropriate in this case. The cloned discovery contemplated in the Request would not increase efficiency and would instead likely result in document productions that are both over- and under-inclusive of relevant documents. CenturyLink will meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents concerning the Special Committee's investigation, including:

(a)     All Documents concerning the scope of the Special Committee's investigation, including any retention agreement or any other agreement concerning the scope of the investigation by and between the Special Committee and its counsel or any other third party consulted or retained by the Special Committee or CenturyLink in connection with the Special Committee's investigation;

(b)     All Documents collected or reviewed in connection with the Special Committee's investigation;

(c)     All Documents concerning or relating to the Special Committee's investigation that were shared with any third party, including any Governmental Entity; and

(d)     All Documents concerning any interviews of any current or former CenturyLink employees or third parties conducted in connection with the Special Committee's investigation, including any notes or memoranda concerning such interviews.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 5:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, CenturyLink objects to this Request because it seeks documents protected by attorney-client privilege, the attorney work product doctrine, and other protection. Read literally, the Request seeks internal communications and attorney work product of O'Melveny & Myers LLP ("OMM"), including the protected notes and mental impressions of attorneys, as well as attorney-client privileged communications. The Special Committee's investigation was conducted by independent legal counsel from OMM.  Documents constituting, referring to, or reflecting OMM's communications with its client are privileged and exempt from

discovery pursuant to Federal Rule of Civil Procedure 26.  Before the Special Committee was formed and OMM retained, the Minnesota Attorney General and other states' attorneys general had begun investigating sales and billing practices of many of the operating subsidiaries.  On June 14, 2017, a former employee filed suit against CenturyLink, Inc. based on allegations related to those practices. Several consumer class actions and securities class actions were subsequently filed.  On June 28, 2017, the Board passed a resolution creating the Special Committee and authorizing it, among other things to evaluate the legal implications of policies, practice, and conduct relating to consumer and small business sales, service, and billing.  The Board resolved to retain OMM and instructed OMM to conduct and direct a privileged legal study and investigation in consultation with the Special Committee and independent directors. The investigation was conducted in anticipation of and in response to litigation, and any materials OMM generated or directed to be generated are protected by the work product doctrine and the attorney-client privilege.

Thus, Plaintiffs' request for the scope and methodology of the document collection performed in connection with the Special Committee's investigation directly seeks work-product protected material, because such methodology would disclose the thoughts, mental impressions, and strategic decisions of counsel. *See Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 1997) ("counsel's mental impressions, conclusions, opinions or legal theories" are "opinion work product" and "enjoy[] almost absolute immunity").  The documents that were collected and selected for review by counsel as part of the Special Committee's investigation are also protected by the attorney work product doctrine. *See In re Cardinal Health, Inc. Secs. Litig.*, 2007 WL 495150, at *6-8 (S.D.N.Y. Jan 26, 2007) (finding attorney work product protection extended to internal investigation materials, including hundreds of thousands of documents collected from the

company).  The Request also impermissibly seeks interview notes and memoranda that plainly constitute attorney work product and reflect privileged attorney-client communications between CenturyLink and counsel.  *See United States v. Shyres*, 898 F.2d 647, 655 (8th Cir. 1990) ("We note that the attorney-client privilege clearly applies to communications made to corporate counsel in the course of conducting an internal investigation"); *Upjohn Co. v. United States*, 449 U.S. 383, 394-95, 401 (1981) (finding communications between corporate employees and corporate counsel conducting internal investigation were privileged).

As Plaintiffs acknowledged in a meet and confer on August 12, 2019, two other courts already found documents related to the Special Committee investigation to be privileged.  In the Consumer Action, Plaintiffs sought the production of the Special Committee's investigation's results and all documents reviewed.  During oral argument on a motion to compel that requested production, the Magistrate Judge stated: "I am not going to order the disclosure of the O'Melveny & Myers report, any part of the report or any of the documents that were provided, the perhaps 9.7 million documents that were provided to the auditors. *I think it is covered by privilege.* I think it is classic Upjohn."  *See* Transcript of Hearing re. Consumer Action Plaintiffs' Motion to Compel, No. 17-md-2795 at 72–73 (Jun. 4, 2018).  In the Minnesota AG Action, the Minnesota state court also concluded that the Special Committee's investigation "was commenced in anticipation of litigation," and therefore "the findings/conclusions/report of the audit/internal investigation are protected by the attorney-client privilege and attorney work product doctrine."  Memorandum Denying Plaintiff's Motion to Compel, No. 02-CV-17-3488, Index No. 101, at 13 (Jul. 23, 2018).  Plaintiffs identify no reason why those findings are incorrect or should not apply to this Request.

CenturyLink further objects on the ground that the Request is overbroad, unduly burdensome, not relevant to a claim or defense, and not proportional to the needs of the case.

OMM was charged with conducting and directing a privileged legal study and investigation to determine the extent, nature and legal implications of policies, procedures, practices and conduct relating to consumer and small business sales, service, and billing, including those not at issue in this case.  Its investigation and findings therefore encompass documents that are irrelevant to Plaintiffs' allegations, and Plaintiffs' Request would require CenturyLink to produce documents beyond those reasonably within the scope of Plaintiffs' claims and CenturyLink's defenses in this action.  Moreover, the Special Committee's investigation resulted in the collection of more than 9.7 million documents—a quantity not remotely proportionate to the needs of a securities case which depends on whether six individual defendants made materially false and misleading statements and omissions with scienter.  Additionally, of the 9.7 million documents, many were not screened for privileged and confidential material or for relevance to any party's claim or defense in this case.  To comply with the Request as worded would require CenturyLink to review the 9.7 million documents previously collected, page by page, to identify any that contain privileged communications, are subject to third-party confidentiality agreements, or contain other highly confidential information.  The costs to CenturyLink in conducting this review would be enormous, even though many—perhaps millions—of documents included in the review would likely be irrelevant to the claims and defenses in this securities case.

For these reasons, courts frequently reject this kind of overbroad cloned discovery.  *See, e.g., Minneapolis Firefighters' Relief Ass'n v. Medtronic, Inc.*, 2010 WL 11470364, at *4 (D. Minn. Nov. 3, 2010) (holding document requests seeking all information produced to government agencies were overbroad and unduly burdensome because requests encompassed irrelevant documents); *In re Volkswagen "Clean Diesel" Marketing Sales Practices & Prods. Liability Litig.*, 2017 WL 4680242, at *1 (N.D. Cal. Oct. 18, 2017) (holding request in shareholder litigation for

cloned discovery of related consumer MDL litigation was impermissibly overbroad because "Plaintiffs are not entitled to complete access to the MDL Production simply because there may be an overlap between their claims and those in the consolidated consumer class action"); *King Cty. v. Merrill Lynch & Co.*, No. C10-1156-RSM, 2011 WL 3438491, at *3 (W.D. Wash. Aug. 5, 2011) ("It may very well be that each and every document produced in the government investigations is relevant to Plaintiff's claims.  However, Plaintiff must make proper discovery requests, identifying the specific categories of documents sought, in order to obtain them—and each category must be relevant to its claims and defenses.").

CenturyLink further objects to the extent the Request is duplicative or cumulative of other discovery requests served by Plaintiffs, including but not limited to Request No. 20.

As the Magistrate Judge noted during the parties' October 1, 2019 Rule 16 conference, cloned discovery is not appropriate in this case.  The cloned discovery contemplated in the Request would not increase efficiency and would instead likely result in document productions that are both over- and under-inclusive of relevant documents.  CenturyLink will meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR PRODUCTION NO. 6:**

To the extent not called for by the previous Requests, all Documents concerning any investigation of CenturyLink's Sales and Billing Practices, including all Documents constituting, concerning, relating to, or relied on in preparing or conducting any analysis, audit, examination, investigation, report, study, or summary concerning Sales and Billing Practices.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 6:**

In addition to the General Responses and Objections and Specific Objections to Instructions and Definitions, CenturyLink objects on the grounds that the Request is overbroad,

unduly burdensome, and not proportional to the needs of the case, and that many documents called for by the Request are not relevant to the claims and defenses at issue in this Action.

Plaintiffs' Request fails to "describe with reasonable particularity each item or category of items to be inspected." Fed R. Civ. P. 34(b)(1)(A). The Federal Rules do not permit Plaintiffs to issue blanket requests for all documents produced in a potentially related investigation without identifying particular items or categories of items that are relevant to this Action. Plaintiffs must make reasonably particular requests, rather than impermissibly seeking "*carte blanche* production of all documents" from the purportedly related investigation. *Chen v. Ampco Sys. Parking*, No. 08-cv-0422-BEN (JMA), 2009 WL 2496729, at *2 (S.D. Cal. Aug. 14, 2009). *See also Minneapolis Firefighters' Relief Ass'n v. Medtronic, Inc.*, 2010 WL 11470364, at *4 (D. Minn. Nov. 3, 2010) (holding document requests seeking all information produced to government agencies were overbroad and unduly burdensome because requests encompassed irrelevant documents); *In re Volkswagen "Clean Diesel" Marketing Sales Practices & Prods. Liability Litig.*, 2017 WL 4680242, at *1 (N.D. Cal. Oct. 18, 2017) (holding request in shareholder litigation for cloned discovery of related consumer MDL litigation was impermissibly overbroad because "Plaintiffs are not entitled to complete access to the MDL Production simply because there may be an overlap between their claims and those in the consolidated consumer class action"); *King Cty. v. Merrill Lynch & Co.*, No. C10-1156-RSM, 2011 WL 3438491, at *3 (W.D. Wash. Aug. 5, 2011) ("It may very well be that each and every document produced in the government investigations is relevant to Plaintiff's claims. However, Plaintiff must make proper discovery requests, identifying the specific categories of documents sought, in order to obtain them—and each category must be relevant to its claims and defenses.").

27

This Request appears to call for all documents related to any investigation of any consumer complaint concerning CenturyLink's sales, service, or billing without limitation. Plaintiffs have "not explained," nor could they explain, how all documents related to any CenturyLink investigation of its sales, services, or billing practices "have a tendency to make a fact of consequence to their securities claims more or less probable." *Volkswagen*, 2017 WL 4680242, at *1.

Separately, Plaintiffs' blanket request for cloned discovery from an unknown number of investigations will cause substantial inefficiency and expense, requiring CenturyLink to first identify all such investigations and then review an unknown number, but likely many thousands of documents, for both responsiveness and privilege, even though many such documents are likely irrelevant to the claims and defenses in this case.

Additionally, to the extent this Request seeks documents collected pursuant to an internal investigation, it would implicate the same privilege, work product, and other grounds for objection articulated in CenturyLink's Response to Request No. 5, which objections are deemed set forth herein. Read literally, the Request seeks internal communications and attorney work product of OMM, including the protected notes and mental impressions of attorneys, as well as attorney-client privileged communications. The Special Committee's investigation was conducted by independent legal counsel from OMM. Documents constituting, referring to, or reflecting OMM's communications with its client are privileged and exempt from discovery pursuant to Federal Rule of Civil Procedure 26. Before the Special Committee was formed and OMM retained, the Minnesota Attorney General and other states' attorneys general had begun investigating sales and billing practices of many of the operating subsidiaries. On June 14, 2017, a former employee filed suit against CenturyLink, Inc. based on allegations related to those practices. Several consumer

28

class actions and securities class actions were subsequently filed. On June 28, 2017, the Board passed a resolution creating the Special Committee and authorizing it, among other things to evaluate the legal implications of policies, practice, and conduct relating to consumer and small business sales, service, and billing. The Board resolved to retain OMM and instructed OMM to conduct and direct a privileged legal study and investigation in consultation with the Special Committee and independent directors. The investigation was conducted in anticipation of and in response to litigation, and any materials OMM generated or directed to be generated are protected by the work product doctrine and the attorney-client privilege.

Thus, Plaintiffs' request for the scope and methodology of the document collection performed in connection with the Special Committee's investigation directly seeks work-product protected material, because such methodology would disclose the thoughts, mental impressions, and strategic decisions of counsel. *See Baker v. Gen. Motors Corp.*, 209 F.3d 1041, 1045 (8th Cir. 1997) ("counsel's mental impressions, conclusions, opinions or legal theories" are "opinion work product" and "enjoy[] almost absolute immunity"). The documents that were collected and selected for review by counsel as part of the Special Committee's investigation are also protected by the attorney work product doctrine. *See In re Cardinal Health, Inc. Secs. Litig.*, 2007 WL 495150, at *6-8 (S.D.N.Y. Jan 26, 2007) (finding attorney work product protection extended to internal investigation materials, including hundreds of thousands of documents collected from the company). The Request also impermissibly seeks interview notes and memoranda that plainly constitute attorney work product and reflect privileged attorney-client communications between CenturyLink and counsel. *See United States v. Shyres*, 898 F.2d 647, 655 (8th Cir. 1990) ("We note that the attorney-client privilege clearly applies to communications made to corporate counsel in the course of conducting an internal investigation"); *Upjohn Co. v. United States*, 449 U.S. 383,

394-95, 401 (1981) (finding communications between corporate employees and corporate counsel conducting internal investigation were privileged).

For these reasons and others, as discussed above, the Magistrate Judge in this MDL previously denied a similar request for overly broad cloned discovery from other investigations. *See* Order on Plaintiffs' Motion to Compel Production of Documents, No, 17-md-2795, Dkt. No. 175 at 5 (Jun. 7, 2018) (Menendez, M.J.); Transcript of Hearing re. Consumer Action Plaintiffs' Motion to Compel, No. 17-md-2795 at 66 (Jun. 4, 2018).

CenturyLink further objects to the extent the Request is duplicative or cumulative of other discovery requests served by Plaintiffs, including but not limited to Request Nos. 1-5.

As the Magistrate Judge noted during the parties' October 1, 2019 Rule 16 conference, cloned discovery is not appropriate in this case. The cloned discovery contemplated in the Request would not increase efficiency and would instead likely result in document productions that are both over- and under-inclusive. CenturyLink will meet and confer with Plaintiffs regarding this Request.

### REQUEST FOR PRODUCTION NO. 7:

All Documents concerning CenturyLink's receipt, evaluation, handling or resolution of Sales and Billing Complaints, including:

(a)    All Documents guides, manuals, policies, and/or procedures concerning the receipt, handling, and processing of Sales and Billing Complaints;

(b)    All Documents concerning Sales and Billing Complaints made, expressed, or reported by any of Your employees, representatives, or agents to any of Your officers, directors, managers, supervisors, hotlines, investigators, message boards, or online townhalls, including any sent to or from Heidi Heiser or any Executive Defendant;

(c)    All Documents concerning Sales and Billing Complaints made to CenturyLink's customer service employees or NOHD;

(d)    All Documents concerning Sales and Billing Complaints sent to You by or received by You from any Governmental Entity or the BBB;

(e)    All Documents concerning Sales and Billing Complaints made to, analyzed by, received by, or prepared by CenturyLink's Executive & Regulatory Services division, including any reports sent to CenturyLink executives, as described at ¶¶103-04;

(f)    All Documents concerning Sales and Billing Complaints or reports or analyses of Sales and Billing Complaints made to, sent to, or received by the individual defendants; and

(g)    All Documents concerning any analysis, audit, compilation, investigation, report, or summary concerning Sales and Billing Complaints.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 7:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the grounds that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case.  CenturyLink further objects on the ground that many documents called for by the Request are not relevant to the claims and defenses at issue in this Action.  CenturyLink further objects to the extent the Request is duplicative or cumulative of other discovery requests served by Plaintiffs, including but not limited to Request Nos. 9, 20, 26, and 30.

CenturyLink further objects to the extent the Request seeks documents that are protected by the attorney-client privilege or the attorney work-product doctrine.  CenturyLink further objects to the extent the Request seeks information that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request. In particular, in response to Request No. 7(a), CenturyLink will produce responsive, non-privileged documents sufficient to show CenturyLink's policies regarding Cramming and Billing Issues during the proposed Class Period, as defined in these Responses and Objections, after applying Search Criteria to conduct a reasonable search for such relevant and responsive documents within its possession, custody, or control. In response to Request Nos. 7(b, d, e, f, and g), CenturyLink will produce responsive, non-privileged documents regarding Cramming and Billing Issues, as defined in these Responses and Objections, after applying Search Criteria to conduct a reasonable search for such relevant and responsive documents within its possession, custody, or control that were received or sent by the Executive Defendants.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents concerning or relating to the allegations, events and circumstances described in the complaint filed by Heidi Heiser on June 14, 2017, captioned *Heiser v. CenturyLink, Inc.*, CV2017-008928 (Maricopa Co. Ariz.), as well as all Documents exchanged by the parties in that Action.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 8:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case. CenturyLink further objects on the ground that many documents called for by the Request are not relevant to the claims and defenses at issue in this Action.

Plaintiffs' Request fails to "describe with reasonable particularity each item or category of items to be inspected." Fed R. Civ. P. 34(b)(1)(A). The Federal Rules do not permit Plaintiffs to issue blanket requests for all documents produced in a potentially related civil action without identifying particular items or categories of items that are relevant to this Action. CenturyLink further objects to the extent the Request is duplicative or cumulative of other discovery requests served by Plaintiffs, including but not limited to Request No. 7.

CenturyLink further objects to the extent the Request seeks documents that are protected by the attorney-client privilege or the attorney work-product doctrine. CenturyLink further objects to the extent the Request seeks information that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents concerning CenturyLink's Quality Assurance team's role in handling Sales and Billing Complaints or Cramming and Billing Issues, including:

(a)     Documents concerning the purpose, responsibility, and/or mandate of the Quality Assurance team;

(b)     All Documents concerning any reviews conducted, reports created or generated, or results of any analysis or study conducted by the Quality Assurance team relating to Sales and Billing Complaints or Cramming and Billing Issues, including regarding employee compensation in or around 2014-2015, including as described at ¶¶99-101; and

(c)     All Documents concerning the elimination or effective elimination of the Quality Assurance team, including as described at ¶101.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 9:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case. CenturyLink further objects on the ground that many documents called for by the Request are not relevant to the claims and defenses at issue in this Action. CenturyLink further objects to the extent the Request is duplicative or cumulative of other discovery requests served by Plaintiffs, including but not limited to Request No. 7.

CenturyLink further objects to the extent the Request seeks documents that are protected by the attorney-client privilege or the attorney work-product doctrine and to the extent the Request seeks information that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request. Consistent with the ESI Protocol, in Response to Requests 9(b-c), CenturyLink will apply Search Criteria to conduct a reasonable search for relevant and responsive documents regarding Cramming and Billing Issues, as defined in these Responses & Objections, within its possession, custody, or control that were received by or sent by the Executive Defendants in 2014 or 2015. In response to Request 9(a), CenturyLink will produce documents sufficient to show the responsibilities of the Quality Assurance team with respect to Cramming and Billing Issues during the proposed Class Period, as defined in these Responses & Objections, within its possession, custody, or control, and to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents concerning any agreement or settlement (including any assurances of discontinuance, settlement agreements, and term sheets) concerning any lawsuit, claim, cause of Action, arbitration, or Governmental Action concerning Sales and Billing Practices.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 10:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request seeks documents that are substantially outside of the Class Period and could not be relevant to the claims or defenses at issue in this case. CenturyLink further objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case and could include any documents related to any lawsuit CenturyLink may have had over an extended period of time. CenturyLink further objects on the ground that many documents called for by the Request are likely not relevant to the claims and defenses at issue in this Action. CenturyLink further objects to the extent the Request is duplicative or cumulative of other discovery requests served by Plaintiffs, and in particular is duplicative of Request Nos. 2, 6, and 8, and refer Plaintiffs to CenturyLink's responses to those Requests accordingly.

CenturyLink further objects to the extent the Request seeks documents that are protected by the attorney-client privilege or the attorney work-product doctrine. CenturyLink further objects to the extent the Request seeks information that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents concerning Your compliance or attempted compliance with any agreement regarding Sales and Billing Practices with any Governmental Entity, including the Assurance of Discontinuance CenturyLink entered into in 2016 with the Arizona Attorney General and the consent order CenturyLink entered into in 2017 with the Minnesota Attorney General.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 11:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request seeks documents that are substantially outside of the Class Period and could not be relevant to the claims or defenses at issue in this case.  CenturyLink further objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case.  CenturyLink further objects on the ground that many documents called for by the Request are not relevant to the claims and defenses at issue in this Action, as the Request seeks all documents tangentially related to compliance of any agreement with any government entity, no matter how broad or irrelevant to this Action.  CenturyLink further objects to the extent the Request is duplicative or cumulative of other discovery requests served by Plaintiffs, including but not limited to Request No. 10.

CenturyLink further objects to the extent the Request seeks documents that are protected by the attorney-client privilege or the attorney work-product doctrine.  CenturyLink further objects to the extent the Request seeks information that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents concerning Your statements in the Assurance of Discontinuance You entered into with the Arizona Attorney General in 2016 that You "fully disclosed" to customers and potential customers all terms, qualifying conditions, termination fees, availability of internet speeds, modem/router purchase requirements, and installation fees.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 12:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case as it effectively calls for all communications with all customers during the requested time period. CenturyLink further objects on the ground that many documents called for by the Request are not relevant to the claims and defenses at issue in this Action. CenturyLink further objects to the extent the Request is duplicative or cumulative of other discovery requests served by Plaintiffs, including but not limited to Request No. 10.

CenturyLink further objects to the extent the Request seeks documents that are protected by the attorney-client privilege or the attorney work-product doctrine. CenturyLink further objects to the extent the Request seeks information that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents concerning any change in CenturyLink's sales training, performance measurement, or Discipline of employees responsible for Consumer Segment or SMB Segment

37

sales (including all customer care representatives, retention specialists, NOHD representatives, and any other employees with sales responsibilities) in 2014-2015, including:

(a)     All Documents concerning the Discipline of employees responsible for Consumer Segment or SMB Segment sales in 2014-2015, including any changes to Discipline practices and the frequency, type, or analysis of any Discipline Actions;

(b)     All Documents concerning any shift to or rollout of "behavioral coaching" including as described in ¶¶111, 113-14;

(c)     All Documents concerning changes in Consumer Segment or SMB Segment sales, revenues, and expenses in 2014-2015;

(d)     All Documents concerning any financial or business impact of any change in CenturyLink's performance measurement, training, or Discipline of employees in 2014-2015, including as described in ¶¶112, 114; and

(e)     All Documents concerning any further changes in CenturyLink's performance measurement, training, or Discipline of employees in 2014-2015, including as described in ¶¶ 117-18.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 13:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the grounds that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case. CenturyLink further objects on the ground that many documents called for by the Request, particularly documents called for by Request No. 13(a) and (c) are not relevant to the claims and defenses at issue in this Action and could conceivably include any change, no matter how small or irrelevant, in how CenturyLink trained or evaluated employees, and CenturyLink's collection and reporting of financial

information for a large segment of its business. CenturyLink further objects to the extent the Request is duplicative or cumulative of other discovery requests served by Plaintiffs, including but not limited to Request No. 25.

CenturyLink further objects to the extent the Request seeks documents that are protected by the attorney-client privilege or the attorney work-product doctrine. CenturyLink further objects to the extent the Request seeks information that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request. In response to Requests Nos. 13(b, d, and e), CenturyLink will apply Search Criteria to conduct a reasonable search for relevant and responsive documents, to the extent any such documents exist, that also concern Cramming and Billing Issues, as defined in these Responses and Objections, within its possession, custody, or control that were received by or sent by the Executive Defendants from 2014 to 2015. In response to Request No. 13(c), CenturyLink will produce documents sufficient to show Consumer Segment and SMB Segment revenues from 2014 to 2015, after applying Search Criteria to conduct a reasonable search for relevant and responsive documents within its possession, custody, or control. With respect to the remainder of the Request, CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request to determine which, if any documents are relevant to the claims and defenses in this Action.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents concerning the following changes to Your financial reporting concerning the Consumer Segment and SMB Segments, including all Documents reflecting, discussing, or referencing the justification for or reasons behind each change (a) through (g) listed below, any

analyses concerning each change, and/or any discussion of, analysis of, or reference to the impact of each change on the Company's reported financial results for the Consumer Segment and SMB Segment:

(a)    The assignment of certain expenses to Your segments in the first quarter of 2014, including as described on pages 13-14 of Your Form 10-Q filed with the SEC on May 9, 2014;

(b)    The new organizational structure implemented effective November 1, 2014, including as described on pages 4-5 of Your Form 10-K filed with the SEC on February 24, 2015;

(c)    The new organizational structure implemented during the fourth quarter of 2015, including as described on page 14 of Your Form 10-Q filed with the SEC on November 5, 2015;

(d)    The assignment of certain expenses to Your reportable segments in the first half of 2016, including as described on page 15 of Your Form 10-Q filed with the SEC on November 4, 2016;

(e)    The new organizational structure implemented in January 2017, including as described on pages 8-9 of Your Form 10-Q filed with the SEC on November 9, 2017;

(f)    The new organizational structure implemented effective November 1, 2017, including as described on pages 6-7 of Your Form 10-K filed with the SEC on March 1, 2018; and

(g)    Your adoption of Accounting Standards Codification ("ASC") 606 using the modified retrospective approach on January 1, 2018 as that change relates to Your Consumer Segment and SMB Segment operations.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 14:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case. CenturyLink further objects on the

ground that many documents called for by the Request are not relevant to the claims and defenses at issue in this Action.

CenturyLink further objects to the extent the Request seeks documents that are protected by the attorney-client privilege or the attorney work-product doctrine. CenturyLink further objects to the extent the Request seeks information that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will produce the SEC filings referenced in the Request. CenturyLink will also meet and confer with Plaintiffs regarding the scope of this Request and, consistent with the ESI Protocol, apply Search Criteria to conduct a reasonable search for relevant and responsive documents within its possession, custody, or control. CenturyLink will produce non-privileged, responsive documents on a rolling basis in accordance with the ESI Protocol and the Protective Order, and reserves the right to withhold documents based on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents from, to, copying, or referencing Eric Adams ("Adams"), including all Communications with or concerning Bailey, Jim Schmidt, or Brian Stading (including the email described in ¶110), all Documents concerning any meeting among Adams, Bailey and/or Stading during CenturyLink's Circle of Excellence event on or around April 23-27, 2014 as described in ¶109, and all Documents concerning Sales and Billing Practices sent from or to, copying, or referencing Adams.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 15:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request is overbroad, unduly

41

burdensome, and not proportional to the needs of the case. CenturyLink further objects on the ground that many documents called for by the Request are not relevant to the claims and defenses at issue in this Action.

CenturyLink further objects to the extent the Request seeks documents that are protected by the attorney-client privilege or the attorney work-product doctrine. CenturyLink further objects to the extent the Request seeks information that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request. Consistent with the ESI Protocol, CenturyLink will apply Search Criteria to conduct a reasonable search for relevant and responsive documents within its possession, custody, or control that concern any communications between or meeting of Adams and Bailey, as described in ¶¶ 109-110, to the extent such documents were sent by or received by Adams or Bailey between 2014 and 2015. CenturyLink will produce non-privileged, responsive documents on a rolling basis in accordance with the ESI Protocol and the Protective Order, and reserves the right to withhold documents based on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents concerning any change in role or position for Bailey in 2014-2015, including the email sent by Post concerning a change in position as described in ¶110.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 16:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case. CenturyLink further objects on the

ground that many documents called for by the Request are not relevant to the claims and defenses at issue in this Action.

CenturyLink further objects to the extent the Request seeks documents that are protected by the attorney-client privilege or the attorney work-product doctrine. CenturyLink further objects to the extent the Request seeks information that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request and, consistent with the ESI Protocol, apply Search Criteria to conduct a reasonable search for relevant and responsive documents within its possession, custody, or control. CenturyLink will produce non-privileged, responsive documents on a rolling basis in accordance with the ESI Protocol and the Protective Order, and reserves the right to withhold documents based on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents concerning any statements You made concerning CenturyLink's 2014 or 2015 financial results, including Your statements set forth at ¶¶220-36.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 17:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case. CenturyLink further objects on the ground that many documents called for by the Request are not relevant to the claims and defenses at issue in this Action.

CenturyLink further objects to the extent the Request seeks documents that are protected by the attorney-client privilege or the attorney work-product doctrine. CenturyLink further objects to the extent the Request seeks information that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request and, consistent with the ESI Protocol, apply Search Criteria to conduct a reasonable search for relevant and responsive documents within its possession, custody, or control. CenturyLink will produce non-privileged, responsive documents on a rolling basis in accordance with the ESI Protocol and the Protective Order, and reserves the right to withhold documents based on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents concerning any changes or modifications to Sales and Billing Practices made following CenturyLink's entry into the Assurance of Discontinuance with the Arizona Attorney General in 2016, CenturyLink's entry into a consent order with the Minnesota Attorney General in 2017, and/or the Special Committee's investigation in 2017, if any.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 18:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request seeks documents that are substantially outside of the Class Period and could not be relevant to the claims or defenses at issue in this case. CenturyLink further objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case. CenturyLink further objects on the ground that many documents called for by the Request are not relevant to the claims and defenses

at issue in this Action.  CenturyLink further objects on the ground that the Request is duplicative or cumulative of other discovery requests served by Plaintiffs, including but not limited to Request Nos. 1-3, 5-7, and 9-12.

CenturyLink further objects to the extent the Request seeks documents that are protected by the attorney-client privilege or the attorney work-product doctrine.  CenturyLink further objects to the extent the Request seeks information that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request and, consistent with the ESI Protocol, apply Search Criteria to conduct a reasonable search for relevant and responsive documents within its possession, custody, or control.  CenturyLink will produce non-privileged, responsive documents on a rolling basis in accordance with the ESI Protocol and the Protective Order, and reserves the right to withhold documents based on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents concerning Your Communications with the SEC, including all Documents concerning or relating to Your response to the SEC's August 11, 2015 and September 8, 2015 letters to You and/or Your August 24, 2015 and September 22, 2015 letters to the SEC, including all Documents reviewed, considered or relied upon in formulating and/or preparing Your response to the SEC's August 11, 2015 and September 8, 2015 letters to You and/or Your August 24, 2015 and September 22, 2015 letters to the SEC.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 19:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case. CenturyLink further objects on the ground that the documents called for by the Request are not relevant to the claims and defenses at issue in this Action. CenturyLink further objects to the extent the Request seeks documents that are protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will conduct a reasonable search for and produce the correspondence with the SEC referenced in the Request. CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request and, consistent with the ESI Protocol, apply Search Criteria to conduct a reasonable search for additional responsive documents within its possession, custody, or control. CenturyLink will produce non-privileged, responsive documents on a rolling basis in accordance with the ESI Protocol and the Protective Order, and reserves the right to withhold documents based on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents concerning the Board and any committee or subcommittee of the Board, including all Documents provided or made available to the Board, as well as any minutes, recordings, summaries, materials, and reports of or for any Board or Board committee or subcommittee meeting, relating to or referencing any Executive Defendant; the Consumer Segment or SMB Segment; Sales and Billing Practices, Sales and Billing Complaints, or Cramming or Billing Issues; any investigation, proceeding, inquiry, or lawsuit by any Governmental Entity; Sales Targets; employee Discipline; the Circle of Excellence program; Your

Code of Conduct; Your Communications with the SEC; or any performance or other review of any Board member.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 20:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request, which asks for "All Documents concerning the Board," is overbroad, unduly burdensome, and not proportional to the needs of the case. CenturyLink further objects on the ground that many documents called for by the Request are not relevant to the claims and defenses at issue in this Action. CenturyLink further objects to the extent the Request is duplicative or cumulative of other discovery requests served by Plaintiffs, including but not limited to Request No. 5, and CenturyLink's responses and objections to Request No. 5 are deemed set forth herein.

CenturyLink further objects to the extent the Request seeks documents that are protected by the attorney-client privilege or the attorney work-product doctrine. CenturyLink further objects to the extent the Request seeks information that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request and, consistent with the ESI Protocol, apply Search Criteria to conduct a reasonable search for relevant and responsive documents that also concern Cramming and Billing Issues, as defined in these Responses and Objections, within its possession, custody, or control. CenturyLink will produce non-privileged, responsive documents on a rolling basis in accordance with the ESI Protocol and the Protective Order, and reserves the right to withhold documents based on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents concerning any analyst report, analyst comment, media article, media broadcast, media inquiry, media publication, or media report concerning Sales and Billing Practices, including all drafts and communications concerning such analyst reports, analyst comments, media articles, media broadcasts, media inquiries, media publications, or media reports.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 21:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case. CenturyLink further objects on the ground that many documents called for by the Request are not relevant to the claims and defenses at issue in this Action. CenturyLink further objects to the extent the Request is duplicative or cumulative of other discovery requests served by Plaintiffs, including but not limited to Request Nos. 40 and 42.

CenturyLink further objects to the extent the Request seeks documents that are protected by the attorney-client privilege or the attorney work-product doctrine.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request and, consistent with the ESI Protocol, apply Search Criteria to conduct a reasonable search for relevant and responsive documents that concern Cramming and Billing Issues, as defined in these Responses and Objections, within its possession, custody, or control. CenturyLink will produce non-privileged, responsive documents on a rolling basis in accordance with the ESI Protocol and the Protective Order, and reserves the right to withhold documents based on the foregoing objections.

48

**REQUEST FOR PRODUCTION NO. 22:**

All Documents concerning CenturyLink's marketing strategy to compete with cable operators with respect to broadband high speed internet and television services, including all Documents concerning the meetings, discussions, plans and strategies discussed at ¶70 that were sent from, sent to, reviewed by, discussed by, or reference any Executive Defendant, Joseph Zimmel, Kathy Victory, Kathy Flynn, Linda Olsen, or Brian Stading.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 22:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case including because it seeks, without limitation, "[a]ll documents" concerning CenturyLink's marketing strategy with respect to certain product and service offerings, regardless of whether they relate to the claims and defenses at issue in this Action. CenturyLink further objects on the ground that the terms "strategy" is vague, ambiguous, and/or subject to multiple reasonable interpretations.

CenturyLink further objects to the extent the Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, and/or other protection. CenturyLink further objects to the extent the Request seeks information that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request and, consistent with the ESI Protocol, apply Search Criteria to conduct a reasonable search for relevant and responsive documents within its possession, custody, or control that were sent by or received by the Executive Defendants. CenturyLink will produce non-privileged, responsive documents on

a rolling basis in accordance with the ESI Protocol and the Protective Order, and reserves the right to withhold documents based on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents concerning the integration or combination of applications, policies, processes, or systems concerning CenturyLink's Sales and Billing Practices with those of any entity CenturyLink acquired, merged with, or combined with, including but not limited to Level 3, Qwest, and Embarq.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 23:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request seeks documents that are not relevant to the claims or defenses in this Action. CenturyLink further objects on the grounds that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case including because it seeks, without limitation, "[a]ll documents" concerning the integration or combination of applications, policies, processes, or systems relating to CenturyLink billing practices. CenturyLink further objects on the ground that the terms "integration," "combination," "applications," and "processes," are vague, ambiguous, and/or subject to multiple reasonable interpretations.

CenturyLink further objects to the extent the Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, and/or other protection. CenturyLink further objects to the extent the Request seeks information that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request and what, if any, documents responsive to the Request are relevant to the claims and defenses in this Action.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents concerning CenturyLink's evaluation of sales employees, customer care employees, customer service employees, retention specialists, or NOHD employees (or third-parties who provided such services on CenturyLink's behalf), including:

(a)    All analyses, discussion, reviews, or references to "Revenue Protection" efforts, as well as any similar initiatives, goals, policies or procedures concerning providing, honoring, or negotiating refunds, discounts, compensation, adjustment of terms, or other offers or proposed resolutions in connection with customer Sales and Billing Complaints or Cramming and Billing Issues;

(b)    All Documents concerning any guides, manuals, policies, procedures, records, or reports pertinent to evaluations of such employees;

(c)    All Documents concerning any Sales Targets pertaining to such employees, including all Documents concerning employees' success or failure in meeting such Sales Targets and all Documents concerning any adjustments or changes to Sales Targets that were analyzed, considered, or proposed, regardless of whether or not they were implemented;

(d)    All Documents sent to, sent by, or copied to any Executive Defendant concerning Sales Targets;

(e)    All data or reports concerning Sales Targets that were accessible by or made available to any Executive Defendant; and

(f)    All Documents concerning any limitations on price adjustments or credits issued in connection with Sales and Billing Practices, including documents concerning employees' success or failure in meeting such limitations.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 24:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case, because it seeks, without limitation, "[a]ll documents" concerning the "evaluation" of broad categories of employees, regardless of whether they relate to the claims and defenses at issue in this Action. CenturyLink employs tens of thousands of employees who interact with millions of customers. CenturyLink further objects on the ground that the term "evaluation" is vague, ambiguous, and/or subject to multiple reasonable interpretations.

CenturyLink further objects to the extent the Request seeks information that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request and, consistent with the ESI Protocol, apply Search Criteria to conduct a reasonable search for relevant and responsive documents within its possession, custody, or control that were received by or sent by the Executive Defendants. CenturyLink will produce non-privileged, responsive documents on a rolling basis in accordance with the ESI Protocol and the Protective Order, and reserves the right to withhold documents based on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 25**

All Documents concerning training of sales employees, customer care employees, customer service employees, retention specialists, or NOHD employees (or third-parties who provided such services on CenturyLink's behalf), including:

(a)    All Documents concerning any guides, manuals, policies, procedures, records, scripts or reports concerning customer interactions, quotation of prices, or billing for such employees, including as described at ¶¶81-82;

(b)    All Documents concerning Sales and Billing Practices relating to the Company's Order Quality Management ("OQM") system, the Q-FINITY system, or any similar program or system used to track, train, coach, evaluate, review, or analyze Consumer Segment and SMB Segment customer interactions;

(c)    All Documents concerning the recording of sales and other customer calls, the use of such recordings to coach or train sales employees, as well as all Documents concerning the destruction and/or preservation of such recordings; and

(d)    All call recordings addressing Cramming and Billing Issues that were reviewed, flagged or documented in the Company's Q-FINITY or Order Quality Management ("OQM") systems, including as described at ¶87 and ¶99, and all Documents concerning any coaching, training, or Discipline related to such instances of Cramming and Billing Issues.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 25:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks, without limitation, "[a]ll documents" concerning the "training" of broad categories of CenturyLink employees,

regardless of whether they relate to the claims and defenses at issue in this Action. CenturyLink further objects on the ground that the term "training" is vague, ambiguous, and/or subject to multiple reasonable interpretations.

CenturyLink further objects to the extent the Request seeks information that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure. CenturyLink further objects that this Request is duplicative of other Requests, including Request No. 13.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request and identify whether any documents responsive to this Request are relevant to the claims and defenses in this case.

**REQUEST FOR PRODUCTION NO. 26**

All Documents concerning the Discipline of sales employees, customer care employees, customer service employees, retention specialists, or NOHD employees (or third-parties who provided such services on CenturyLink's behalf), relating to Sales and Billing Practices, Sales and Billing Complaints or Cramming and Billing Issues including:

(a)     Documents sufficient to show any guides, manuals, policies, procedures, records, or reports concerning the Discipline of such employees;

(b)     All Documents concerning any disciplinary records for Discipline relating to Sales and Billing Practices, Sales and Billing Complaints or Cramming and Billing Issues, including for exceeding limits on permissible credit issuance or failure to meet Sales Targets;

(c)     All Documents sent to, sent by, copied to, or forwarded to any Executive Defendant concerning Discipline of employees;

(d)    All data or reports concerning Discipline of employees that were accessible by or made available to any Executive Defendant;

(e)    All Documents concerning any investigative interview, exit survey, grievance, challenge, request, or report (including under any due process procedure or similar protection provided by a collective bargaining agreement) from any employee relating to Sales and Billing Practices, Sales or Billing Complaints, Cramming and Billing Issues or Sales Targets;

(f)    All Documents reviewing, analyzing or evaluating Discipline of sales and customer service employees, retention specialists, or NOHD employees (or third-parties who provided such services on CenturyLink's behalf); and

(g)    To the extent not called for by the foregoing Requests, Documents sufficient to identify the number of employees terminated each month for Cramming and Billing Issues, for exceeding limits on permissible credit issuance, and for failure to meet Sales Targets.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 26:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request seeks documents that are not relevant to the claims or defenses in this case, including documents about the employment status of or employment Actions taken with respect to CenturyLink employees.  CenturyLink further objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks, without limitation, "[a]ll Documents" concerning the Discipline of multiple groups of employees, regardless of whether these documents are relevant to the claims and defenses at issue in this case.  CenturyLink further objects on the ground that the terms "sales employees," "customer care employees," "customer service employees," "retention specialists," "NOHD employees," "and "such services" are vague, ambiguous, and/or subject to

multiple reasonable interpretations.  CenturyLink further objects that this Request is duplicative of other Requests, including Request Nos. 13 and 24.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: In response to Request No. 26(c), CenturyLink will, consistent with the ESI Protocol, apply Search Criteria to conduct a reasonable search for relevant and responsive documents within its possession, custody, or control that concern Cramming and Billing Issues, as defined in these Responses and Objections, and that were received by or sent by the Executive Defendants during the proposed Class Period.  With respect to the remainder of the Request, CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request to determine which, if any documents are relevant to the claims and defenses in this Action.

**REQUEST FOR PRODUCTION NO. 27:**

All guidelines, manuals, policies, procedures and practices concerning the method, bases, and changes to the compensation of sales employees, customer care employees, customer service employees, retention specialists, or NOHD employees (or third-parties who provided such services on CenturyLink's behalf); any review, evaluation or reassessment of compensation policies and practices for such employees; and Documents sufficient to show the impact on employees' compensation for meeting or failing to meet Sales Targets, permissible credit issuance limits, and Cramming and Billing Issues.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 27:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request seeks documents that are not relevant to the claims or defenses in this case, including documents about the compensation practices of CenturyLink and compensation of CenturyLink employees.  CenturyLink further

objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks, without limitation, "[a]ll guidelines, manuals, policies, procedures, and practices" concerning the compensation of multiple groups of employees, as well as documents that show the impact of certain factors on these employees' compensation, regardless of whether these documents are relevant to the claims and defenses at issue in this case. CenturyLink further objects on the ground that the terms "practices," "method," "bases," "sales employees," "customer care employees," "customer service employees," "retention specialists," "NOHD employees," "and "such services" are vague, ambiguous, and/or subject to multiple reasonable interpretations. CenturyLink further objects that this Request is duplicative of other Requests, including Request Nos. 13 and 24.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will produce responsive, non-privileged documents sufficient to show policies concerning the compensation of sales employees, customer care employees, customer service employees, retention specialists, and NOHD employees. With respect to the remainder of the Request, CenturyLink will conduct a reasonable and proportional search for documents and information in locations where relevant, responsive material is likely to be found. CenturyLink reserves the right to withhold documents based on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents concerning Your Communications with customers or potential customers concerning Consumer Segment or SMB Segment product or service offerings, including:

(a)    All Documents concerning any guidelines, policies, practices, procedures, or training concerning the prices offered for services and products to customers or potential customers;

(b)    All Documents concerning the disclosure of the terms of Consumer Segment or SMB Segment customer offerings, including the existence of or details concerning optional services, promotional terms (including any expiration dates), the purpose or justification for any fee or charge (including any fee or charge represented or described to be a fee or charge required by a Governmental Entity), and any training and Discipline Actions taken in connection with disclosure of Consumer Segment or SMB Segment product and service offerings; and

(c)    All Documents concerning the accuracy of CenturyLink employees' or representatives' quotation or communication of information regarding pricing and contract terms to Consumer Segment or SMB Segment customers or potential customers (including with respect to any "Closers" or other discounts and "Price for Life," price lock, or other fixed-rate pricing) as well as any analysis, data, or reports concerning the same (including from the ORKO system, PCE scripts, or any other process, procedure, system, software or other application used in connection with tracking or applying discounts to customer accounts).

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 28:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request seeks documents that are not relevant to the claims or defenses in this case, including communications and documents about communications with prospective and actual CenturyLink customers.  CenturyLink further objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case including because it seeks, without limitation, "[a]ll documents" concerning customer and potential customer communications about product and service offerings.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request.

58

**REQUEST FOR PRODUCTION NO. 29:**

All Documents concerning CenturyLink's Circle of Excellence program, including Documents sufficient to identify the criteria for selection as a Circle of Excellence honoree and all Documents concerning any Cramming and Billing Issues concerning, relating to, or implicating any Circle of Excellence honoree.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 29:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request seeks documents about a CenturyLink internal employee recognition program that is not relevant to the claims or defenses in this case. CenturyLink further objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case, including because it seeks, without limitation, "[a]ll documents" concerning an employee recognition program, regardless of whether the documents are relevant to the claims and defenses in this case. CenturyLink further objects on the ground that Request is vague, ambiguous, and/or subject to multiple reasonable interpretations because the term "Circle of Excellence honoree" is not defined.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents concerning any Cramming and Billing Issues or any Sales and Billing Complaints concerning any Circle of Excellence honoree, including all Documents concerning any investigation or Discipline of any Circle of Excellence honoree.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 30:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request seeks documents that are not relevant to the claims or defenses in this case, including CenturyLink Circle of Excellence honorees. CenturyLink further objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case, including because it seeks, without limitation, "[a]ll documents" concerning billing issues and complaints that relate to unspecified individuals. CenturyLink further objects on the ground that Request is vague, ambiguous, and/or subject to multiple reasonable interpretations because the terms "Circle of Excellence honoree" and "investigation" are not defined.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR PRODUCTION NO. 31:**

Without limitation as to time, all Documents concerning CenturyLink's Code of Conduct, including:

(a)    All Documents concerning the adoption or re-adoption of the Code of Conduct;

(b)    All Documents concerning the statements in the Code of Conduct referenced in the Complaint, including at ¶53;

(c)    All Documents concerning Your statements in CenturyLink's SEC filings concerning the Code of Conduct, including those referenced at ¶54 and ¶151;

(d)    All Documents concerning the enforcement of the Code of Conduct that relate to Sales and Billing Practices;

(e)    Documents sufficient to identify all CenturyLink personnel who were tasked with or responsible for enforcement of the Code of Conduct; and

(f)    Documents sufficient to identify all CenturyLink personnel who were cited, investigated or Disciplined for violations of the Code of Conduct that relate to Sales and Billing Practices, including the provisions referenced in ¶53.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 31:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request seeks documents that are substantially outside of the Class Period and could not be relevant to the claims or defenses at issue in this case.  CenturyLink further objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks, without limitation, "[a]ll documents" concerning a companywide Code of Conduct.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: In response to Request No. 31(c), CenturyLink will produce SEC filings that were filed during the proposed Class Period to the extent those filings reference the Code of Conduct and can be identified after a reasonable search and are within CenturyLink's possession, custody, or control. With respect to the remainder of the Requests, CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents concerning the Executive Defendants' participation in preparing, making or reviewing any of the alleged false and misleading statements referenced at ¶¶190-263.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 32:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the phrase "participation in," is vague, ambiguous, and/or subject to multiple reasonable interpretations.

CenturyLink further objects to the extent the Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, and/or other protection.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request and, consistent with the ESI Protocol, apply Search Criteria to conduct a reasonable search for relevant and responsive documents within its possession, custody, or control that were received by or sent by the Executive Defendants. CenturyLink will produce non-privileged, responsive documents on a rolling basis in accordance with the ESI Protocol and the Protective Order, and reserves the right to withhold documents based on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 33:**

To the extent not called for by the previous Requests, all Documents concerning any attempt, plan, policy, procedure, or strategy to reduce or eliminate Cramming and Billing Issues, whether implemented or not, including all Documents concerning the actual or anticipated financial or business impact of any such attempt, plan, policy, procedure, or strategy.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 33:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case including because it seeks, without limitation, "[a]ll documents" concerning billing issues, regardless of whether they relate to the

claims and defenses at issue in this Action. CenturyLink further objects on the ground that the terms "attempt," "plan," and "strategy" are vague, ambiguous, and/or subject to multiple reasonable interpretations.

CenturyLink further objects to the extent the Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, and/or other protection. CenturyLink further objects to the extent the Request seeks information that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents concerning CenturyLink's sales and revenue projections and Sales Targets, including:

(a)     Documents sufficient to show Your processes and procedures for projecting sales and revenues and setting and evaluating Sales Targets, including for the Consumer Segment and the SMB Segment;

(b)     All Documents concerning sales and revenue projections and Sales Targets for the Consumer Segment or SMB Segment that were sent to, sent by, copied to, or forwarded to any Executive Defendant;

(c)     All Documents constituting reports or data concerning sales and revenue projections and Sales Targets for the Consumer Segment or SMB Segment that were accessible by or made available to any Executive Defendant;

(d)     All Documents referenced, reviewed or used by Linda Olsen during monthly calls to discuss employee sales performance and Discipline, including any spreadsheets concerning

employee sales performance (including gross revenue, revenue per order, revenue per call, calls per hour, and revenue per hour) and any Discipline taken as a result of sales performance, including as described at ¶75; and

(e)    All Documents concerning the setting and evaluation of sales and revenue projections and Sales Targets and any proposed changes (whether or not implemented) to the setting and evaluation of sales and revenue projections or Sales Targets, including as described at ¶¶68-70.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 34:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request seeks documents that are not relevant to the claims or defenses in this case, including documents about business segments that are not the subject of the misstatements and omissions alleged in the Complaint. CenturyLink further objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks, without limitation, "[a]ll documents" concerning "sales and revenue projections," regardless of whether they relate to the claims and defenses at issue in this Action. CenturyLink further objects on the ground that the term "sales and revenue projections" is vague, ambiguous, and/or subject to multiple reasonable interpretations.

CenturyLink further objects to the extent the Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, and/or other protection. CenturyLink further objects to the extent the Request seeks information that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request and, consistent with the ESI Protocol, apply Search Criteria to conduct a reasonable search for relevant and responsive documents reasonably related to the allegations in the Complaint and to the Consumer Segment or the SMB Segment within its possession, custody, or control that were received by or sent by the Executive Defendants. CenturyLink will produce non-privileged, responsive documents on a rolling basis in accordance with the ESI Protocol and the Protective Order, and reserves the right to withhold documents based on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 35:**

All Documents concerning Consumer Segment and SMB Segment sales performance that were sent to, sent by, copied to, forwarded to, or referenced any Executive Defendant, Kathy Victory, Kathy Flynn, Linda Olsen, or Brian Stading, and Documents sufficient to identify all reports or data concerning Consumer Segment or SMB Segment sales performance that were accessible by or made available to any Executive Defendant, Kathy Victory, Kathy Flynn, Linda Olsen, or Brian Stading.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 35:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks, without limitation, "[a]ll documents" concerning the "sales performance" of multiple CenturyLink business segments that were sent to, sent by, or accessible by the individual defendants and four other employees, regardless of whether they relate to the claims and defenses at issue in this Action. CenturyLink

CASE 0:18-cv-00296-MJD-JFD    Doc. 285    Filed 07/16/20    Page 67 of 82
CONFIDENTIAL

further objects on the ground that the term "'sales performance" is vague, ambiguous, and/or subject to multiple reasonable interpretations.

CenturyLink further objects to the extent the Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, and/or other protection. CenturyLink further objects to the extent the Request seeks information that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents concerning Your analysis or tracking of revenue or other financial metrics on a per-customer basis, including:

(a)     Documents sufficient to show how you determined Average Revenue Per User for the Consumer and SMB Segments, including what comprised that figure; and

(b)     All Documents concerning Douglas's statement referenced in ¶140 that: "[W]e see competition adding a lot of fees. And so, that's where there might be a little bit of a delta, but we're working through, and constantly monitoring what our competitors are doing in the marketplace, with regard to the average ARPUs in our business."

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 36:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks, without limitation, "[a]ll documents" concerning per-customer financial metrics, regardless of whether they relate to the claims and defenses at issue in this Action.

CenturyLink further objects to the extent the Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, and/or other protection. CenturyLink further objects to the extent the Request seeks information that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request and, consistent with the ESI Protocol, apply Search Criteria to conduct a reasonable search for relevant and responsive documents within its possession, custody, or control. CenturyLink will produce non-privileged, responsive documents on a rolling basis in accordance with the ESI Protocol and the Protective Order, and reserves the right to withhold documents based on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents concerning the business strategies referenced at ¶¶205-36, including all Documents concerning CenturyLink's "bundling" strategy, its pricing and discounting strategies, the "pivot" away from standalone broadband towards "bundling," and any "credit tightening" changes or initiatives.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 37:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks, without limitation, "[a]ll documents" concerning certain of CenturyLink's business strategies, regardless of whether they relate to the claims and defenses at issue in this Action.

CenturyLink further objects to the extent the Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, and/or other protection. CenturyLink further objects to the extent the Request seeks information that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents concerning the hiring, employment, promotion, demotion, assignment, reassignment, resignation, termination or Discipline of each Executive Defendant, Kathy Victory, Kathy Flynn, Linda Olsen, Brian Stading, and Eric Adams, including

(a)     Each individual's personnel file;

(b)     All Documents concerning (i) Defendant Douglas's hiring as President, Sales and Marketing in 2016, (ii) his change in role to President, Enterprise Markets, (iii) the decision to appoint him as a member of the "senior leadership team," and (iv) his departure from CenturyLink;

(c)     All Documents concerning (i) Puckett's change in role to President, Global Markets in or around November 2014, and (ii) her departure from the Company announced in June 2015; and

(d)     All Documents concerning (i) the decision that Post would be succeeded as CEO of CenturyLink following the Level 3 merger on January 1, 2019, and (ii) all Documents concerning the change in date of Post's resignation or retirement from January 1, 2019 to May 23, 2018.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 38:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request seeks documents that are substantially outside of the Class Period and could not be relevant to the claims or defenses at issue in this case. CenturyLink further objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks, without limitation, "[a]ll documents" concerning the employment of the individual defendants and five other employees. CenturyLink further objects on the ground that the term "'personnel file" is vague, ambiguous, and/or subject to multiple reasonable interpretations.

CenturyLink further objects to the extent the Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, and/or other protection. CenturyLink further objects to the extent the Request seeks information that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request to determine which, if any documents are relevant to the claims and defenses in this Action.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents concerning Joseph Zimmel's tenure on and departure from Your board of directors, including all Documents concerning Zimmel's statements that (i) Your conduct raised "serious governance, transparency and honesty issues" and (ii) a press release You prepared was "incomplete and inaccurate" and "deliberately misleading in a material way."

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 39:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request seeks documents that are substantially outside of the Class Period and could not be relevant to the claims or defenses at issue in this case.  CenturyLink further objects on the ground that the Request seeks documents about statements and a press release related to Mr. Zimmel that are irrelevant because they are not in any way related to the misstatements and omissions alleged in the Complaint.  CenturyLink further objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks, without limitation, "[a]ll documents" concerning the tenure and departure of a member of the CenturyLink Board of Directors.

CenturyLink further objects to the extent the Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, and/or other protection. CenturyLink further objects to the extent the Request seeks information that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request and, consistent with the ESI Protocol, apply Search Criteria to conduct a reasonable search for relevant and responsive documents within its possession, custody, or control.  CenturyLink will produce non-privileged, responsive documents on a rolling basis in accordance with the ESI Protocol and the Protective Order, and reserves the right to withhold documents based on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 40:**

All Documents concerning all alleged corrective disclosures set forth at ¶¶264-67, including:

(a)     All Documents concerning the declines in the prices of CenturyLink securities discussed at ¶¶264-67; and

(b)     All Documents concerning any Communications with analysts, investors, the media, or any Governmental Entity concerning CenturyLink's Sales and Billing Practices, including with respect to the *Bloomberg* article titled "CenturyLink Is Accused of Running a Wells-Fargo Like Scheme" dated June 16, 2017, the *Bloomberg* article titled "CenturyLink Faces Class-Action Lawsuit Seeking Up to $12 Billion" dated June 19, 2017, and the *Bloomberg* article titled "CenturyLink Sued by Minnesota Amid $12 Billion Class Action" dated July 12, 2017, and all related Communications, articles, discussions or references concerning the events, circumstances and facts referenced in those *Bloomberg* articles, including all Communications to, from, copied to, or forwarded to any Executive Defendant or any of CenturyLink's executives, officers, directors, or investor relations personnel.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 40:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks, without limitation, "[a]ll documents concerning declines in the price of CenturyLink securities" described in certain paragraphs of the Complaint and "any Communications" with broad categories of people concerning the practices of multiple businesses, regardless of whether they relate to the claims and defenses at issue in this Action.

71

CenturyLink further objects to the extent the Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, and/or other protection. CenturyLink further objects to the extent the Request seeks information that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request and, consistent with the ESI Protocol, apply Search Criteria to conduct a reasonable search for relevant and responsive documents within its possession, custody, or control. CenturyLink will produce non-privileged, responsive documents on a rolling basis in accordance with the ESI Protocol and the Protective Order, and reserves the right to withhold documents based on the foregoing objections.

**REQUEST FOR PRODUCTION NO. 41:**

All Documents concerning the "fake account" scandal at Wells Fargo, including as described at ¶145, that were sent to, sent by, copied to, forwarded to, reviewed by, discussed by, or referenced by any Executive Defendant or any investor relations personnel.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 41:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request seeks documents that are not relevant to the claims or defenses at issue in this case, including documents about a publicly reported legal issue involving a third-party financial institution that is not related to the misstatements and omissions alleged in the Complaint. CenturyLink further objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks, without limitation, "[a]ll documents" sent, received or discussed by "any investor

relations personnel" concerning the Wells Fargo legal issue. CenturyLink further objects on the ground that the term "'fake account' scandal" is vague, ambiguous, and/or subject to multiple reasonable interpretations.

CenturyLink further objects to the extent the Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, and/or other protection. CenturyLink further objects to the extent the Request seeks information that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 42:**

To the extent not called for by the previous Requests, all Documents concerning CenturyLink's securities or investor relations, including all Documents concerning or evincing communications between or among any Executive Defendant, on the one hand, and any member of CenturyLink's investor relations team, any CenturyLink investor or potential investor, any other Executive Defendant, or any analyst, on the other hand.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 42:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks, without limitation, "[a]ll documents" concerning "CenturyLink's securities" and "[a]ll documents" concerning CenturyLink's "investor relations," regardless of whether they relate to the claims and defenses at issue in this Action. CenturyLink further objects on the ground that the terms "potential investor" and "analyst" are vague, ambiguous, and/or subject to multiple reasonable interpretations.

CenturyLink further objects to the extent the Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, and/or other protection. CenturyLink further objects to the extent the Request seeks information that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 43:**

Without limitation as to time, all Documents concerning any investigation or inquiry by a Governmental Entity concerning cramming, including:

(a)    All Documents concerning the Senate Committee on Commerce, Science, and Transportation's investigation concerning third-party cramming referenced at ¶45;

(b)    All Documents concerning CenturyLink's October 24, 2011 submission to the FCC referenced at ¶46;

(c)    All Documents concerning U.S. Senator Amy Klobuchar's letter referenced at ¶47;

(d)    All Documents concerning CenturyLink's June 25, 2012 and November 18, 2013 submissions to the FCC referenced at ¶48; and

(e)    All Documents concerning the claims asserted or settlements reached by the FTC and other Governmental Entities referenced at ¶51.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 43:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request seeks documents that are substantially outside of the Class Period and could not be relevant to the claims or defenses at issue in this case. CenturyLink further objects on the ground that the Request seeks documents that are

not relevant to the claims or defenses at issue in this case, including documents about "third-party cramming." CenturyLink further objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks, without limitation, "[a]ll documents" relating to "any investigation or inquiry" by a governmental agency about "cramming," regardless of whether they relate to conduct by CenturyLink or the conduct alleged in the Complaint. CenturyLink further objects on the ground that the terms "cramming" and "third-party cramming" are vague, ambiguous, and/or subject to multiple reasonable interpretations.

CenturyLink further objects to the extent the Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, and/or other protection. CenturyLink further objects to the extent the Request seeks information that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure.

CenturyLink further objects to the extent the Request is duplicative or cumulative of other discovery requests served by Plaintiffs, including but not limited to Request Nos. 1-3.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: As the Magistrate Judge noted during the parties' October 1, 2019 Rule 16 conference, cloned discovery is not appropriate in this case. The cloned discovery contemplated in the Request would not increase efficiency and would instead likely result in document productions that are both over- and under-inclusive. CenturyLink will meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents concerning any representations or statements You made to any Governmental Entity concerning your compliance with rules, regulations, or other requirements concerning consumer protection or service standards, including the statements referenced in ¶50.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 44:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request seeks documents that are not relevant to the claims or defenses at issue in this case, including documents about CenturyLink's statements to regulators and compliance with "rules, regulations, or other requirements" that are not relevant to the misrepresentations and omissions alleged in the Complaint. CenturyLink further objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks, without limitation, "[a]ll documents" concerning "any representations or statements" to "any Governmental Entity" about *any* "rules, regulations, or other requirements" relating to consumer protection and service standards. CenturyLink further objects on the ground that the terms "other requirements, "consumer protection" and "service standards" are vague, ambiguous, and/or subject to multiple reasonable interpretations.

CenturyLink further objects to the extent the Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, and/or other protection. CenturyLink further objects to the extent the Request seeks information that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 45:**

Organizational Charts for all departments or Company divisions involved in any way with:

(a)    Consumer Segment or SMB Segment Sales;

(b)    Consumer Segment or SMB Segment Customer Retention;

76

(c)     Consumer Segment or SMB Segment Customer Care or Service;

(d)     Consumer Segment or SMB Segment Human Resources;

(e)     Investor relations;

(f)     NOHD;

(g)     Quality Assurance;

(h)     Executive & Regulatory Services; and

(i)     Communications with or representations or statements to Regulators concerning Cramming and Billing Issues, Sales and Billing Complaints, Sales and Billing Practices, or regulatory compliance.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 45:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground the Request is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks organizational charts for CenturyLink units that are "involved in any way with" certain groups and communications. CenturyLink further objects on the ground that the phrase "involved in any way with" and term "regulatory compliance" are vague, ambiguous, and/or subject to multiple reasonable interpretations.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding the scope of this Request. In particular, in response to Request Nos. 7(a, b, c, d, e, f, g, h, and i), CenturyLink will produce documents sufficient to show CenturyLink's corporate organization during the proposed Class Period.

**REQUEST FOR PRODUCTION NO. 46:**

From January 1, 2013 onwards, all Documents concerning any contemplated or effectuated reduction in CenturyLink's dividend, including:

(a)     The dividend reduction announced in February 2013, referenced at ¶56; and

(b)     The dividend reduction announced in February 2019.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 46:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request seeks documents that are not relevant to the claims and defenses at issue in this Action, including documents that are substantially outside of the Class Period. The documents sought by this Request relate to a separate action involving different claims and defenses that was dismissed on the pleadings. *See In re Centurylink, Inc. Shareholder Derivative Action*, Nos. 13–2318, 13–2983, 14–0658, 14–0659, 14–1031, 14–1032, 2015 WL 1825445 (W.D. La. Apr. 21, 2015). CenturyLink further objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks, without limitation, "[a]ll documents" concerning "contemplated" or "effectuated" dividend reductions during a six-year period, regardless of whether they are relevant to the claims and defenses in this case. CenturyLink further objects on the ground that the term "contemplated" is vague, ambiguous, and/or subject to multiple reasonable interpretations.

CenturyLink further objects to the extent the Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, and/or other protection. CenturyLink further objects to the extent the Request seeks information that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents concerning:

78

(a)     The $2.726 billion Consumer Segment goodwill impairment charge announced February 13, 2019;

(b)     The $6.5 billion goodwill impairment charge announced May 8, 2019; and

(c)     The Company's May 8, 2019 announcement that "it has initiated a strategic alternatives process for its Consumer business."

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 47:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request seeks documents that are not relevant to the claims and defenses at issue in this Action.  CenturyLink further objects on the ground that the Request seeks documents that are substantially outside of the Class Period and could not be relevant to the claims or defenses at issue in this case.  CenturyLink further objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks, without limitation, "[a]ll documents" relating to three CenturyLink announcements that are not relevant to the claims or defenses at issue in this case.

CenturyLink further objects to the extent the Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, and/or other protection. CenturyLink further objects to the extent the Request seeks information that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding this Request.

**REQUEST FOR PRODUCTION NO. 48:**

All Documents concerning the evaluation of the effectiveness of Your internal controls over financial reporting, including the design and operation of process level internal controls over

the existence and accuracy of revenue transactions; any contemplated restatement of CenturyLink's financial results or filing of a Notification of Late Filing on Form 12b-25; and the material weakness You identified and KMPG's adverse opinion concerning the effectiveness of Your internal controls over financial reporting, including as described on page 46 and 82 of Your Form 10-K filed with the SEC on March 11, 2019.

**SPECIFIC OBJECTIONS TO REQUEST FOR PRODUCTION NO. 48:**

In addition to the General Responses and Objections and Specific Objections to Definitions and Instructions, CenturyLink objects on the ground that the Request seeks documents that are not relevant to the claims and defenses at issue in this Action. The documents sought by this Request relate to a separate action involving different claims and defenses that is currently pending in the U.S. District Court for the Central District of California. *See* No. 19-cv-01629 (CBM/GJS). CenturyLink further objects on the ground that the Request is overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks, without limitation, "[a]ll documents" relating to evaluations of the effectiveness of CenturyLink's internal controls, which are not at issue in this case. CenturyLink further objects to the Request on the ground that the terms "evaluation," "effectiveness," "internal controls," "process level internal controls," and "contemplated" are vague, ambiguous, and/or susceptible to multiple reasonable interpretations.

CenturyLink further objects to the extent the Request seeks documents that are protected by the attorney-client privilege, the attorney work-product doctrine, and/or other protection. CenturyLink further objects to the extent the Request seeks information that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure.

Subject to and without waiving the foregoing objections, CenturyLink responds as follows: CenturyLink will meet and confer with Plaintiffs regarding this Request.

80

Date:  October 4, 2019                    Respectfully submitted,

                                          */s/ Patrick E. Gibbs*
                                          Patrick E. Gibbs, CA Bar No. 183174
                                          COOLEY LLP
                                          3175 Hanover Street
                                          Palo Alto, CA 94304
                                          Telephone: (650) 843-5535
                                          Facsimile: (650) 618-0387
                                          pgibbs@cooley.com

                                          Sarah M. Lightdale, NYS Bar No. 4395661
                                          Lauren Gerber Lee NYS Bar No. 4883500
                                          55 Hudson Yards
                                          New York, NY 10001
                                          Telephone: (212) 479-6374
                                          Facsimile: (212) 479-6275
                                          slightdale@cooley.com

                                          William A. McNab, MN Bar No. 320924
                                          WINTHROP & WEINSTINE, P.A.
                                          Capella Tower, Suite 3500
                                          225 South Sixth Street
                                          Minneapolis, MN 55402