

Patrick E. Gibbs  
T: +1 650 843 5535  
pgibbs@cooley.com

Via ECF

July 31, 2020

The Honorable Katherine M. Menendez  
Magistrate Judge, District of Minnesota  
United States District Court  
300 South Fourth Street  
Minneapolis, MN 55415

Re: *In re CenturyLink Sales Practices and Securities Litigation*, No. 17-md-2795-MJD-KMM; Document Relates to No. 18-cv-296-MJD-KMM

Dear Judge Menendez:

This letter is submitted with the prior permission of the Court.

As an initial matter, due to a preexisting conflict on August 12, Defendants respectfully request that the Court reschedule the hearing on Defendants' Motion For Protective Order Regarding Plaintiffs' Third-Party Subpoenas, (ECF No. 766) (the "Motion") from August 12, 2020 at 10:00 AM. Defendants are available on August 18 or August 19 at 10:00 AM, or another date and time that is convenient for the Court and the parties.

As a separate matter, Defendants request leave to file a reply brief of no more than 1,500 words in support of their Motion to address Plaintiffs' newly-revealed "evidence" as to why 11 more third-party subpoenas (to 10 debt collection agencies and an employee survey firm which CenturyLink or affiliate(s) interacted with at various points in time) are relevant and proportional to Plaintiffs' securities fraud claims.

*First*, a short reply brief would serve the interests of fairness. Defendants should be permitted to address the documents attached to and specific Complaint allegations cited in Plaintiffs' Opposition because Plaintiffs never identified them during the parties' two meet and confers, and instead unveiled them for the first time in opposing the Motion. Indeed, during multiple meet and confers, Plaintiffs did not specify any particular documents that they believed justified their expansive third-party discovery demands, and made only vague allusions—untethered to any particular paragraphs or portions of the 140-page, 301-paragraph Complaint—to theories of relevance now discussed extensively in their Opposition. Thus, in bringing their Motion, Defendants could not have feasibly divined, let alone addressed, these specific documents and allegations.

*Second*, a short reply brief would efficiently provide the Court with important context and facts necessary to evaluate the documents and allegations now cited by Plaintiffs. Even if Plaintiffs had appropriately disclosed these documents and allegations to Defendants beforehand, Defendants could not have known that Plaintiffs would misrepresent them in their Opposition. As just one example, Plaintiffs seize on a total of four lines in employee survey responses to assert that Great Place to Work Institute, Inc. possesses relevant documents. (*See* ECF No. 777, Ex. B). Plaintiffs, however, omitted the fact that these four lines are part of a document family comprising 11 attachments which contain thousands of lines (spanning 382 pages of text) reporting survey results. Permitting Defendants to explain their positions in writing would be far more efficient than having the parties walk through each document and allegation during the Court's hearing on the Motion.

# Cooley

The Honorable Katherine M. Menendez
July 31, 2020
Page Two

\* \* \*

On July 29, 2020, Defendants proposed that Plaintiffs stipulate to, or take no position on, Defendants' request for leave to file a short reply brief. On July 30, 2020, Plaintiffs informed Defendants that they oppose the request.[1][2]

Plaintiffs will in no way be prejudiced by the Court having a clear understanding of Defendants' position on Plaintiffs' new "evidence" and related arguments prior to the hearing on the Motion. Accordingly, Defendants respectfully request that the Court grant Defendants leave to file a reply brief of no more than 1,500 words within 7 days of the Court's grant of leave to file a reply.

Respectfully submitted,

*/s/ Patrick Gibbs*
Patrick E. Gibbs (CA Bar No. 183174)
COOLEY LLP
3175 Hanover Street
Palo Alto, California 94304
Phone: (650) 843-5000
Fax: (650) 849-7400
pgibbs@cooley.com

*Attorneys for Defendants CenturyLink, Inc., Glen F. Post, III, R. Stewart Ewing, Jr., David D. Cole, Karen Puckett, Dean J. Douglas, and G. Clay Bailey*

---

[1] Plaintiffs specifically requested that Defendants attach to this letter the parties' correspondence regarding Defendants' proposal. Accordingly, attached as Exhibit A is a true and correct copy of a July 31, 2020 email from Christopher Andrews to Richard Gluck *et al.*

[2] In declining to stipulate to a reply brief, Plaintiffs have suggested that Defendants' request "prejudices" Plaintiffs insofar as the 11 subpoena recipients are not willing to meet and confer with Plaintiffs regarding the subpoenas until the Motion is resolved. First, Defendants do not control any of these third parties. Second, a third party can hardly be faulted for preferring to await resolution of a judicial challenge before embarking on an expensive and burdensome document search and production exercise. Finally, Defendants' prompt submission of a reply will not impede or delay the Court's plans to hear argument on the Motion in mid-August.