# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>Civil Action No. 18-296 (MJD/KMM) | MDL No. 17-2795 (MJD/KMM)<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFFS' THIRD-PARTY SUBPOENAS**<br><br>Oral Argument Requested |

Patrick E. Gibbs, CA Bar No. 183174
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5535
Facsimile: (650) 618-0387
pgibbs@cooley.com

Sarah Lightdale, NY Bar No. 4395661
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6374
Facsimile: (212) 479-6275
slightdale@cooley.com

Douglas P. Lobel, VA Bar No. 42329
David A. Vogel, VA Bar No. 48971
Dana A. Moss, VA Bar No. 80095
COOLEY LLP
Reston Town Ctr., 11951 Freedom Dr.
Reston, Virginia 20190-5656
Telephone: (703) 456-8000
dlobel@cooley.com
dvogel@cooley.com
dmoss@cooley.com

Ryan Blair, CA Bar No. 246724
COOLEY LLP
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6047
Facsimile: (858) 527-2750
rblair@cooley.com

William A. McNab, MN Bar No. 320924
Thomas H. Boyd, MN Bar No. 0200517
WINTHROP & WEINSTINE, P.A.
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402
Telephone: (612) 604-6400
wmcnab@winthrop.com
tboyd@winthrop.com

Jerry W. Blackwell, MN Bar No. 186867
BLACKWELL BURKE P.A.
431 South 7th Street, Suite 2500
Minneapolis, MN 55415
Telephone: (612) 343-3200
blackwell@blackwellburke.com

*Counsel for Defendants*

## TABLE OF CONTENTS

Page

INTRODUCTION ...................................................................................................... 1

ARGUMENT .............................................................................................................. 2

    I.    THE 10 DEBT COLLECTOR SUBPOENAS ARE IMPROPER ............... 2

        A.    PLAINTIFFS' EXHIBITS AND POTENTIAL INDIVIDUAL CUSTOMER COMPLAINTS DO NOT SUPPORT THE ALLEGED "WELLS FARGO-LIKE" CRAMMING SCHEME ................................................. 2

        B.    THE SUBPOENAS LACK ANY RELEVANCE TO THE ARIZONA AG ALLEGATIONS ....................................................... 4

        C.    THERE IS NO CONNECTION BETWEEN CONSUMER-LEVEL DEBT COLLECTION AND ALLEGED MISSTATEMENTS ON EARNINGS CALLS ................................ 5

    II.    THE EMPLOYEE SURVEY FIRM SUBPOENA IS ALSO IMPROPER ................................................................................................. 6

CONCLUSION ........................................................................................................... 7

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Shukh v. Seagate Tech., LLC*,
    295 F.R.D. 228 (D. Minn. 2013) ............................................................................. 4, 7

# INTRODUCTION

Plaintiffs' Opposition makes clear there is no connection between their 11 latest third-party subpoenas and Defendants' alleged "false and misleading statements about CenturyLink's sales and billing practices." Opp. at 1.[1] Plaintiffs allege the proof of securities fraud here is that "'cramming' customer accounts with unauthorized fees, products, and services" was "institutionalized at CenturyLink" for "years" in a "Wells Fargo-like scheme." *Id.* at 1; Compl. ¶¶ 1, 16. To that end, Plaintiffs have obtained in discovery over 300,000 documents from CenturyLink and thousands more from 19 third parties, including CenturyLink's auditor, public relations firm, and call center vendors.

Even with all this discovery, Plaintiffs have not shown why relevant and proportional discovery is likely in the possession of 10 Debt Collectors or a third-party survey management firm. The reason is obvious: there are *no* allegations in the Complaint—and *no* evidence cited in the Opposition—that third-party debt collection practices were part of the alleged "Wells Fargo-like" cramming scheme or that a third-party employee survey firm had unique insight or information about such a scheme.

As detailed below, the handful of materials cited in the Opposition are all taken out of context and do not support even one of the 11 subpoenas. Worse, by claiming these subpoenas are appropriate here because responding to third-party subpoenas is "routine" for some Debt Collectors, Plaintiffs have shown that they have little regard for

---

[1] ECF No. 777. Capitalized terms are defined in Defendants' Memorandum of Law in Support of Defendants' Motion For Protective Order Regarding Plaintiffs' Third-Party Subpoenas (ECF No. 768).

imposing potentially substantial costs and burdens on third parties whose documents barely have a tangential connection to this case—further indicating "good cause" to justify the relief sought by Defendants. Opp. at 3, 10 n.4.

# ARGUMENT

## I.  THE 10 DEBT COLLECTOR SUBPOENAS ARE IMPROPER

### A.  Plaintiffs' Exhibits and Potential Individual Customer Complaints Do Not Support the Alleged "Wells Fargo-like" Cramming Scheme

Based on four documents, Plaintiffs argue it is "obvious" that the Debt Collectors have documents that will tend to prove CenturyLink's alleged Wells Fargo-like cramming scheme. Opp. at 1, 3, 5–6 (citing Opp. Exs. A, C, D, and E). But nothing in these four documents reflects what Plaintiffs must show: that the Debt Collectors had a "role in CenturyLink's billing practices." *Id.* at 1. Nor have Plaintiffs shown why discovery into "the reasons why customers who were referred to [the Debt Collectors] were refusing to pay their bills," *id.* at 10, is likely to substantiate an "institutionalized" cramming scheme that Plaintiffs have not shown in CenturyLink's own documents or in 19 other third parties' documents.

***First***, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[redacted]

[redacted]

[redacted]

[redacted]

The fact that [redacted] hardly justifies Plaintiffs' proposed fishing expedition into the files of 10 Debt Collectors for a time period spanning months before through years after the alleged Class Period.

*Second*, Plaintiffs' speculation that "[e]vidence of CenturyLink's cramming that is captured in customer disputes with collection agencies is relevant," Opp. at 5, is no basis to believe that the Debt Collectors actually have relevant documents about practices allegedly "institutionalized" at CenturyLink. Of course, individual customer complaints could not prove the Wells Fargo-like cramming scheme Plaintiffs allege. But even if they could, Plaintiffs do not dispute that CenturyLink already has produced, in response to numerous document requests focused on customer complaints, reports summarizing those complaints, along with individual complaints sent to employees and executives.

In short, Plaintiffs cannot meet the threshold showing of relevance by citing documents which do not show any Wells Fargo-like cramming scheme and by pursuing individual customer complaints which, even if identified, cannot demonstrate that scheme. *See Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 237 (D. Minn. 2013) (stating that parties requesting "discovery must make a threshold showing of relevance . . . before parties are required to open wide the doors of discovery, in order to limit fishing expeditions") (internal quotation marks and citations omitted).

**B.    The Subpoenas Lack Any Relevance to the Arizona AG Allegations**

Plaintiffs also argue that the 10 Debt Collector subpoenas are warranted by two references "to collections" in the Complaint, each in connection with CenturyLink's 2016 settlement with the Arizona Attorney General. Opp. at 6; Compl. ¶¶ 132, 135. But all that the Arizona AG alleged regarding "collections" was that, in some cases, CenturyLink allegedly failed to credit Arizona customer accounts for returned modems. *Id.* ¶ 132. Not even Plaintiffs contend that their Wells Fargo-like securities fraud claim turns on

- 4 -

disputes over whether a small percentage of CenturyLink's customers in one state returned their modems on time. Moreover, even if the Court were to accept Plaintiffs' claim that "Defendants falsely denied the findings of an investigation by the Arizona Attorney General," Opp. at 6, Plaintiffs have not shown which—if any—of the Debt Collectors has relevant documents about CenturyLink's Arizona customers.

### C. There is No Connection Between Consumer-Level Debt Collection and Alleged Misstatements on Earnings Calls

Plaintiffs further speculate that the Debt Collectors' documents might show that CenturyLink falsely represented that it was endeavoring to recruit more "creditworthy" customers during the Class Period. Opp. at 2, 7. To be clear, the word "creditworthy" is Plaintiffs' invention; it does not appear in any of Defendants' alleged misstatements. *See* Compl. ¶¶ 215–16. Regardless, this argument turns on Plaintiffs' allegations that Mr. Post falsely represented that CenturyLink was "tightening [its] credit policies for internet-only customers," and that Mr. R. Stewart Ewing, Jr. falsely represented that CenturyLink was "increasing [its] credit requirements." *Id.* Neither statement addressed CenturyLink's debt collection strategies or work with the Debt Collectors, and Plaintiffs do not explain how documents solely in the possession of the Debt Collectors would speak to the accuracy of these statements.[2] Importantly, Plaintiffs do not even attempt to argue that the Debt Collectors are likely to possess documents relevant to the credit

---

[2] Indeed, Defendants already have produced ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 12 ▮▮▮▮▮▮▮▮▮▮ .

- 6 -

characteristics of CenturyLink's customer base overall. Nor could they, as the Debt Collectors would only interact with customers who, for one reason or another, did not pay their bills.

## II. THE EMPLOYEE SURVEY FIRM SUBPOENA IS ALSO IMPROPER

Plaintiffs likewise have mischaracterized the two documents cited to show that the subpoena to Great Place to Work Institute, Inc. seeks relevant and proportional discovery. Opp. at 2, 11–12 (citing Opp. Exs. B and J). Nothing in the Opposition supports Plaintiffs' contention that broad discovery into CenturyLink employees' "views of Company management and corporate culture for honesty, fairness, and respect," *id.* at 2, would be relevant to proving the Wells Fargo-like cramming scheme alleged.

*First*, Plaintiffs suggest that ████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████

*Second*, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ are relevant to showing an "institutionalized company-wide sales cramming scheme" at CenturyLink. Compl. ¶ 62.

*Third*, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Plaintiffs' assertion that this third party "may possess further relevant materials" that "CenturyLink does not have," Opp. at 11–12, is speculative and insufficient. *See Shukh*, 295 F.R.D. at 237.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' Motion or provide the alternate relief sought therein.

Dated: August 10, 2020

Respectfully submitted,

*/s/ William A. McNab*
William A. McNab (MN Bar No. 320924)
Thomas H. Boyd (MN Bar No. 0200517)
WINTHROP & WEINSTINE, P.A.
Capella Tower, Suite 3500
225 South Sixth Street
Minneapolis, MN 55402
Phone: (612) 604-6400
Fax: (612) 604-6800
wmcnab@winthrop.com
tboyd@winthrop.com

Patrick E. Gibbs (CA Bar No. 183174)
COOLEY LLP
3175 Hanover Street
Palo Alto, California 94304
Phone: (650) 843-5000

Fax: (650) 849-7400
pgibbs@cooley.com

Ryan Blair (CA Bar No. 246724)
COOLEY LLP
4402 Eastgate mall
San Diego, CA 92121
Phone: (858) 550-6047
Fax: (858) 527-2750
rblair@cooley.com

Douglas P. Lobel (VA Bar No. 42329)
David A. Vogel (VA Bar No. 48971)
Dana A. Moss (VA Bar No. 80095)
COOLEY LLP
11951 Freedom Drive
Reston, Virginia 20190
Phone: (703) 456-8000
Fax: (703) 456-8100
dlobel@cooley.com
dvogel@cooley.com
dmoss@cooley.com

Sarah M. Lightdale (NY Bar No. 4395661)
COOLEY LLP
55 Hudson Yards
New York, New York 10001
Phone: (212) 479-6000
Fax: (212) 479-6275
slightdale@cooley.com

Jerry W. Blackwell (MN Bar No. 186867)
BLACKWELL BURKE P.A.
431 South 7th Street, Suite 2500
Minneapolis, MN 55415
Telephone: (612) 343-3200
blackwell@blackwellburke.com

*Attorneys for Defendants CenturyLink, Inc., Glen F. Post, III, R. Stewart Ewing, Jr., David D. Cole, Karen Puckett, Dean J. Douglas, and G. Clay Bailey*