# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION**<br><br>This Document Relates to:<br><br>Civil Action No. 18-296 (MJD/KMM) | **MDL No. 17-2795 (MJD/KMM)**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR STAY PENDING RULE 23(f) PETITION AND APPEAL**<br><br>Oral Argument Requested |

Patrick E. Gibbs, CA Bar No. 183174
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5535
Facsimile: (650) 618-0387
pgibbs@cooley.com

Sarah Lightdale, NY Bar No. 4395661
COOLEY LLP
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6374
Facsimile: (212) 479-6275
slightdale@cooley.com

Douglas P. Lobel, VA Bar No. 42329
David A. Vogel, VA Bar No. 48971
Dana A. Moss, VA Bar No. 80095
COOLEY LLP
Reston Town Ctr., 11951 Freedom Dr.
Reston, Virginia 20190-5656
Telephone: (703) 456-8000
dlobel@cooley.com
dvogel@cooley.com
dmoss@cooley.com

Ryan Blair, CA Bar No. 246724
COOLEY LLP
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6047
Facsimile: (858) 527-2750
rblair@cooley.com

William A. McNab, MN Bar No. 320924
Thomas H. Boyd, MN Bar No. 0200517
WINTHROP & WEINSTINE, P.A.
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402
Telephone: (612) 604-6400
wmcnab@winthrop.com
tboyd@winthrop.com

Jerry W. Blackwell, MN Bar No. 186867
BLACKWELL BURKE P.A.
431 South 7th Street, Suite 2500
Minneapolis, MN 55415
Telephone: (612) 343-3200
blackwell@blackwellburke.com

*Counsel for Defendants*

## TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................. 1

BACKGROUND ............................................................................................................... 3

STANDARD OF REVIEW ............................................................................................... 6

ARGUMENT ..................................................................................................................... 7

    I.    DEFENDANTS' 23(f) PETITION AND AN EIGHTH CIRCUIT APPEAL WARRANT A STAY OF THESE PROCEEDINGS ................... 7

        A.    Defendants' Appeal Raises Substantial and Novel Legal Questions ................................................................................................ 7

        B.    The Harm to Defendants From Proceeding with the Litigation While the 23(f) Petition and Any Appeal Are Pending Outweighs the Potential Harm to Plaintiffs From a Stay ................... 9

    II.    CLASS NOTICE IS PREMATURE WHILE A 23(f) PETITION OR APPEAL IS PENDING ............................................................................. 12

CONCLUSION ................................................................................................................ 14

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*In re Amgen Inc. Sec. Litig.*,
    2010 WL 11469044 (C.D. Cal. Feb. 2, 2010) .............................................................. 12

*Basic Inc. v. Levinson*,
    485 U.S. 224 (1988) ............................................................................................ 3, 7, 11

*Brady v. Nat'l Football League*,
    640 F.3d 785 (8th Cir. 2011) ....................................................................................... 7

*Brown v. Wal-Mart Stores, Inc.*,
    2012 WL 5818300 (N.D. Cal. Nov. 15, 2012) ....................................................... 13-14

*Custom Hair Designs by Sandy, LLC v. Cent. Payment Co., LLC*,
    2020 WL 5250492 (D. Neb. Sept. 3, 2020) ......................................................... 7, 9, 11

*Gray v. Golden Gate Nat'l Recreational Area*,
    2011 WL 6934433 (N.D. Cal. Dec. 29, 2011) ........................................................... 12

*Halliburton v. Erica P. John Fund, Inc.*,
    573 U.S. 258 (2014) ..................................................................................................... 8

*Hartford Accident & Indem. Co. v. Beaver*,
    466 F.3d 1289 (11th Cir. 2006) .................................................................................... 1

*IBEW Local 98 Pension Fund v. Best Buy Co., Inc.*,
    818 F.3d 775 (8th Cir. 2016) ....................................................................................... 1

*IBEW Local 98 Pension Fund v. Best Buy Co., Inc.*,
    2014 WL 4540228 (D. Minn. Sept. 11, 2014) ....................................................*passim*

*IBEW Local 98 Pension Fund v. Best Buy Co.*,
    2014 WL 12774851 (D. Minn. Oct. 22, 2014) ............................................................ 3

*Lakehead Pipe Line Co. v. Inv. Advisors*,
    900 F. Supp. 234 (D. Minn. 1995) ............................................................................... 8

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) ..................................................................................................... 6

# TABLE OF AUTHORITIES
# CONTINUED

Page(s)

*In re Lorazepam & Clorazepate Antitrust Litig.*,
   208 F.R.D. 1 (D.D.C. 2002) ............................................................................. 6-7, 12

*Ludwig v. Elk-Point Jefferson Sch. Dist. 61-7*,
   2019 WL 3494425 (D.S.D. Aug. 1, 2019) .................................................................. 11

*Lunde v. Helms*,
   898 F.2d 1343 (8th Cir. 1990) ........................................................................................ 6

*Mayo v. UBS Real Estate Sec., Inc.*,
   2011 WL 3109786 (W.D. Mo. July 26, 2011) .............................................................. 7

*Perrin v. Papa John's Int'l, Inc.*,
   2014 WL 306250 (E.D. Mo. Jan. 28, 2014) .......................................................... 9, 12

*In re Rail Freight Fuel Surcharge Antitrust Litig.*,
   286 F.R.D. 88 (D.D.C. 2012) ...................................................................................... 13

*Stuart v. State Farm Fire & Cas. Co.*,
   2017 WL 5952872 (W.D. Ark. Jan. 25, 2017) ..................................................... *passim*

*Unison Co. v. Juhl Energy Dev., Inc.*,
   2014 WL 2565652 (D. Minn. June 6, 2014) ................................................................ 6

*In re Urethane Antitrust Litig.*,
   2006 WL 3021126 (D. Kan. Oct. 23, 2006) ........................................................ 13, 14

*Vallejo v. Amgen, Inc.*,
   903 F.3d 733 (8th Cir. 2018) ....................................................................................... 11

*Waggoner v. Barclays PLC*,
   875 F.3d 79 (2d Cir. 2017) ............................................................................................ 8

*Whitlock v. FSL Mgmt., LLC*,
   2012 WL 6675124 (W.D. Ky. Dec. 21, 2012) ........................................................... 13

## Other Authorities

FEDERAL RULE OF CIVIL PROCEDURE
   23 ............................................................................................................................ *passim*
   26 .................................................................................................................................... 11

MANUAL FOR COMPLEX LITIGATION § 21.28 (4th ed. 2004) ........................................... 13

=

## INTRODUCTION

Yesterday, Defendant CenturyLink, Inc. filed a petition under Federal Rule of Civil Procedure 23(f) with the United States Court of Appeals for the Eighth Circuit, seeking interlocutory review of this Court's decision to certify a class for Plaintiffs' securities fraud claims (the "Petition"). While fully appreciative of this Court's diligent analysis in its Order, Defendants respectfully submit that a stay is warranted pending the Eighth Circuit's review of the Petition and any appeal for two reasons: First, the Petition presents important, unsettled legal questions about the application of the Eighth Circuit's decision in *IBEW Local 98 Pension Fund v. Best Buy Co.*, 818 F.3d 775 (8th Cir. 2016), that were material to the Court's Order, and "the fight over class certification is often the whole ball game" because of "[t]he overwhelming importance of class certification to the ultimate resolution of the case." *Hartford Accident & Indem. Co. v. Beaver*, 466 F.3d 1289, 1294–95 (11th Cir. 2006). Second, the harm to Defendants of proceeding with this case while the Petition and any appeal are pending drastically outweighs the harm to Plaintiffs of a stay.

When presented with this ***identical*** situation in the *Best Buy* securities case, the district court granted a stay pending defendants' Rule 23(f) petition on these ***exact*** grounds. *See IBEW Local 98 Pension Fund v. Best Buy Co., Inc.*, No. 11–429 (DFW/FLN), 2014 WL 4540228, at *1–3 (D. Minn. Sept. 11, 2014) ("*Best Buy (Stay)*"). The Rule 23(f) petition "raise[d] legal issues . . . that have not yet been addressed by the Eighth Circuit" in a certification of "a large class of plaintiffs and potentially very significant damages" that substantially "raise[d] the stakes of the litigation." *Id.* at *2. A

stay permitted appellate review of the "evolving and novel issues of law that were material to the Court's decision." *Id.* And the harm of "costly discovery and motion practice pending the Eighth Circuit's decision" not only "weigh[ed] in favor of a stay," but also clearly outweighed the "little harm to Plaintiffs if a stay [were] issued." *Id.* at *2–3. The *Best Buy (Stay)* analysis is equally true here.

Consistent with *Best Buy (Stay)*, and to avoid unnecessarily expending significant resources, Defendants respectfully request that the Court stay all proceedings in this action, including dissemination of notice to class members, pending a ruling by the Eighth Circuit on the Petition and Defendants' appeal. Plaintiffs have begun to notice depositions, with the first deposition likely to occur in October. September 29, 2020 Declaration of Sarah Lightdale ("Lightdale Decl.") ¶ 14. Just last week—nearly three months after Defendants substantially completed document production from 56 agreed-upon custodians—Plaintiffs demanded to re-open document discovery and undo the parties' prior agreement in order to add 18 more custodians, including CenturyLink's General Counsel as well as its current CEO, who was not even with CenturyLink during the Class Period. *Id.* ¶¶ 8–11. And additional deadlines are approaching, including expert discovery and summary judgment. A stay pending the Petition and any appeal would make the best use of the parties' and the Court's resources and would prejudice no party.

If the Eighth Circuit grants the Petition and hears Defendants' appeal, the grounds for a stay become even stronger, as the significant efforts that this Court and the parties would otherwise expend during the appeal potentially could be wasted if the Eighth

- 2 -

Circuit reverses the class certification order. Indeed, the district court in the *Best Buy* case recognized that relevant factors "weigh even more heavily in favor of a stay while the appeal is pending." See *IBEW Local 98 Pension Fund v. Best Buy Co.*, No. 11–429, 2014 WL 12774851, at *1 (D. Minn. Oct. 22, 2014).

Alternatively, if the Court does not stay the entirety of the securities case, it should at least stay the issuance of class notice. A narrow stay of class notice would avoid the widely recognized risk of confusing class members and the potential need for corrective class notice if the certification decision is reversed or modified on appeal.

## BACKGROUND

As the Court is aware, the scope of this case is significant. Plaintiffs allege that Defendants made 200+ misstatements, on 52 days between 2013 and 2017 that failed to disclose an alleged "years-long practice" at CenturyLink of "cramming" customers. Consol. Sec. Class Action Compl. ¶ 1 (June 25, 2018) (ECF 143). As with all securities fraud class actions, class certification is a critical, threshold question: if Plaintiffs are unable to rely on the fraud-on-the-market theory under *Basic Inc. v. Levinson*, 485 U.S. 224 (1988), to show that the element of reliance is common to all investors in CenturyLink securities during the relevant period, then Plaintiffs would need to prove that they individually relied on the 200+ alleged misstatements. Whether Plaintiffs may proceed on a class basis will decisively shape the rest of fact discovery, expert discovery, summary judgment, and, if necessary, trial.

Defendants and third parties have undertaken substantial efforts to provide relevant discovery to Plaintiffs. Plaintiffs have propounded 54 document requests.

Defendants have produced over 344,000 documents, comprising over 2.2 million pages, from at least 56 agreed-upon custodians and other sources, with substantial completion on July 1, 2020. Lightdale Decl. ¶¶ 6, 8. Plaintiffs have also issued 30 third-party subpoenas. *Id.* ¶ 7. Those third parties have produced over 233,000 documents, comprising over 228,000 audio files, with their productions ongoing. *Id.* The parties have filed two formal discovery motions, including Defendants' pending motion for a protective order regarding the last 11 of Plaintiffs' third-party subpoenas. *See* Plaintiffs' Motion to Compel Discovery (Feb. 25, 2020) (ECF 211); Defendants' Motion for Protective Order Regarding Plaintiffs' Third-Party Subpoenas (July 16, 2020) (ECF 280).

Defendants and third parties will continue to incur substantial costs while the Petition and any appeal is pending, as discovery in the next few months is likely to far outstrip the extraordinary amount of discovery that has already occurred to date. Plaintiffs may take up to 200 hours of depositions. Scheduling & Case Mgmt. Order (Oct. 15, 2019) (ECF 465) at 2. On September 11, 2020, Plaintiffs began to notice fact depositions, and the first is likely to take place in October. Lightdale Decl. ¶ 14. To date, Plaintiffs have refused to engage with Defendants on a global fact deposition schedule, a reasonable proposal that would benefit all parties and third parties during the COVID-19 pandemic. *Id.* All of these fact depositions must be completed by February 3, 2021. Order Approving Joint Stip. Re: Modification of the Scheduling & Case Mgmt. Order (Aug. 26, 2020) (ECF 314) at Appendix A.

At the same time, Plaintiffs have sought to renegotiate their prior agreement with Defendants on the scope of document discovery, many months (in some instances close

- 4 -

to a year) after Plaintiffs had obtained much of the information which serves as the basis for their new demands. *See* Lightdale Decl. ¶ 8. On September 11, Plaintiffs stated their intention to subpoena the personal emails and phones of nine former or current non-management directors of CenturyLink, unless the parties reached an agreement for CenturyLink's production of these documents. *Id.* ¶ 10. Then on September 22, Plaintiffs demanded that Defendants also review the files of 18 additional custodians—over a 30% increase in the number of custodians the parties previously agreed to—including CenturyLink's General Counsel and its current CEO, who was not employed by CenturyLink at any time during the Class Period. *Id.* ¶ 9. Any discovery disputes regarding Plaintiffs' belated, far-reaching requests would likely lead to further motion practice and necessitate additional judicial resources.

The parties, and the Court, are likely to expend considerable additional resources on other time-intensive matters while any appeal is pending. Expert disclosures are set to begin on November 13, 2020, expert discovery must be completed by April 16, 2021, and *Daubert* motions regarding expert testimony are due April 23, 2021. ECF 314 at Appendix A. As seen in the parties' class certification briefing, the scope of admissible expert discovery is likely to be a critical issue in this case. Then, summary judgment briefing would begin on May 5, 2021. *Id.* And against the background of all these potential discovery and merits issues, the Court will need to determine when to transfer the securities case back to Louisiana federal court for trial, if not earlier.

## STANDARD OF REVIEW

The Court has the inherent powers to control its docket and these proceedings. *Lunde v. Helms*, 898 F.2d 1343, 1345 (8th Cir. 1990) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). That discretion includes the inherent power to stay cases where doing so will promote the efficient use of the parties', and the Court's, time and effort. *Id.*; *Unison Co. v. Juhl Energy Dev., Inc.*, No. 13–3342 ADM/JJK, 2014 WL 2565652, at *3 (D. Minn. June 6, 2014) (granting motion to stay during pendency of appeal to "conserve judicial resources" and "provide a just determination of the case") (citation and internal quotation marks omitted).

District courts regularly stay proceedings pending a Rule 23(f) petition, and any subsequent appeal, because such a stay effectuates the purpose of Rule 23(f), including by preventing the potential waste of significant resources. Rule 23(f) provides:

> A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule[.] . . . A party must file a petition for permission to appeal with the circuit clerk within 14 days after the order is entered[.] . . . An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.

FED. R. CIV. P. 23(f). One of the primary purposes of Rule 23(f) is "***to protect parties from the expenditure of resources on a class action that may be substantially altered on appeal***." *Best Buy (Stay)*, 2014 WL 4540228, at *1 (emphasis added) (citing *In re Lorazepam & Clorazepate Antitrust Litig.*, 208 F.R.D. 1, 6 (D.D.C. 2002) ("[b]ecause partial reversal is a plausible outcome and the impact of such a reversal is potentially

dispositive" a stay pending resolution of Rule 23(f) petition was appropriate "for the sake of preserving the resources of the parties and this Court")).

When exercising this discretion while a Rule 23(f) petition or an interlocutory appeal of a class certification order is pending, courts apply the traditional four-factor standard for granting preliminary injunctions:

> (1) the party is likely to succeed on the merits of its appeal; (2) the party will be irreparably injured unless the stay is granted; (3) the non-moving party will not be substantially injured by granting the stay; and (4) the public interest will not be harmed by granting the stay.

*Id.* (citing *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011); *Mayo v. UBS Real Estate Sec., Inc.*, No. 08–00568–CV–W–DGK, 2011 WL 3109786, at *1 (W.D. Mo. July 26, 2011)). The Court should consider and balance the relative weight of each factor. *Brady*, 640 F.3d at 789; *Best Buy (Stay)*, 2014 WL 4540228, at *1; *Custom Hair Designs by Sandy, LLC v. Cent. Payment Co.*, No. 8:17–cv–310, 2020 WL 5250492, at *2 (D. Neb. Sept. 3, 2020); *Stuart v. State Farm Fire & Cas. Co.*, No. 4:14–cv–4001, 2017 WL 5952872, at *2 (W.D. Ark. Jan. 25, 2017).

## ARGUMENT

### I. DEFENDANTS' 23(f) PETITION AND AN EIGHTH CIRCUIT APPEAL WARRANT A STAY OF THESE PROCEEDINGS

#### A. Defendants' Appeal Raises Substantial and Novel Legal Questions

As in *Best Buy (Stay)*, the Court should stay this case while the Eighth Circuit considers CenturyLink's Petition (and, if granted, while the appeal is pending) because the Petition raises important, unsettled legal questions that were material to the Court's certification order: the application of the *Basic* fraud-on-the-market presumption in

- 7 -

=

securities actions in light of the Supreme Court's ruling in *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258 (2014) ("*Halliburton II*") and the Eighth Circuit's decision in *Best Buy*.

The first relevant factor, "likelihood of success on the merits," weighs in favor of a stay where the Rule 23(f) petition "involves the determination of substantial and novel legal questions," regardless of the probability of the petition succeeding. *Lakehead Pipe Line Co. v. Inv. Advisors*, 900 F. Supp. 234, 235 (D. Minn. 1995) (internal quotation marks and citations omitted) (recognizing that "even the most self-effacing of Courts would be reluctant to concede that a challenge to its ruling had a likelihood of success")); *see also Stuart*, 2017 WL 5952872, at *2 ("A stay is granted when the appeal presents 'serious' legal issues and the balance of equities favors the moving party. . . . [T]his factor favors a stay when the moving party presents serious and novel questions which are fair ground for litigation.").

*Best Buy (Stay)* found this factor weighed in favor of a stay where "the class certification order raises legal issues regarding *Halliburton II* that have not yet been addressed by the Eighth Circuit." 2014 WL 4540228, at *2. After the Eighth Circuit addressed these issues in *Best Buy*, courts have subsequently disagreed on what *Best Buy* means, including the out-of-circuit authority cited by Plaintiffs here, which had described *Best Buy* as "dictum." *See Waggoner v. Barclays PLC*, 875 F.3d 79, 103 n.36 (2d Cir. 2017). In other words, the important legal issues that *Best Buy (Stay)* found supported a stay pending potential appellate review may not have been answered in *Best Buy*—and thus would continue to weigh in favor of a stay here.

- 8 -

As CenturyLink has set forth in the Petition, the Eighth Circuit may conclude that the Second Circuit and other courts have misread its opinion in *Best Buy*, and, thus, that the reliance on those out-of-circuit opinions in the certification order was mistaken. *See* Lightdale Decl. ¶ 5 & Ex. 1 at 16–24.[1] As in *Best Buy (Stay)*, the fact that "the Eighth Circuit may disagree with this Court's conclusions" regarding the "difficult," "evolving," and "novel" issues which the Court analyzed in its class certification order supports a stay. 2014 WL 4540228, at *2; *see also Stuart*, 2017 WL 5952872, at *3 ("Although the Court carefully considered the issue of class certification, the Court recognizes that, as with any appeal, the Eighth Circuit may disagree with the Court's conclusions."); *Perrin v. Papa John's Int'l, Inc.*, No. 4:09–CV–01335 AGF, 2014 WL 306250, at *2 (E.D. Mo. Jan. 28, 2014) (staying case pending Rule 23(f) appeal where "the Eighth Circuit may disagree" with its resolution of a "difficult" and "close" question); *Custom Hair Designs*, 2020 WL 5250492, at *2–3 (staying case pending appeal under Rule 23(f)).

### B.  The Harm to Defendants From Proceeding with the Litigation While the 23(f) Petition and Any Appeal Are Pending Outweighs the Potential Harm to Plaintiffs From a Stay

Without a stay, the parties, as well as third parties and the Court, will be required to expend substantial efforts in this case, at the risk of wasting all those efforts pending

---

[1]  This gulf between the Eighth Circuit's *Best Buy* opinion and out-of-circuit authorities has affected other securities cases too. A defendant in one of these cases recently petitioned the United States Supreme Court for a writ of *certiorari* to address the Second Circuit's misreading of the *Best Buy* opinion. *See* Petition for Writ of Certiorari, *Goldman Sachs Grp., Inc. v. Ark. Teacher Ret. Sys.*, No. 20–222 (S. Ct. filed Aug. 21, 2020). If the Supreme Court grants *certiorari* in that case, it would provide an additional reason to stay this case so that the law on Plaintiffs' and Defendants' respective burdens under Rule 23 and *Halliburton II* is conclusively resolved.

=

the Eighth Circuit's resolution of the Petition and any appeal. These factors strongly counsel in favor of a stay, also for the reasons explained in *Best Buy (Stay)*.

This case is transitioning into fact depositions, and Plaintiffs and Defendants each have up to 200 hours of deposition time. ECF 465 at 2. Plaintiffs have noticed four depositions but refused to engage with Defendants on formulating a potential global deposition schedule. Lightdale Decl. ¶ 14. Thus, there is no knowing how many third parties may also be required to provide deposition testimony during the Petition and any appeal. But as is apparent from the names that Plaintiffs have provided thus far, a substantial portion of the witnesses deposed in this case will be individuals who left CenturyLink's employ many years ago. *Id.* At the same time, and belying that they have proof of their case, Plaintiffs continue to demand more and more documents from Defendants—this time from CenturyLink's non-management directors, General Counsel, and many others. *Id.* ¶¶ 8–11. In addition to fact discovery, the parties will soon proceed into expert discovery (including any *Daubert* motions) and potential motions for summary judgment. *See* ECF 314 at Appendix A. It is plainly inefficient to require the parties to expend all of these resources—and to take up the Court's time with any resulting motion practice—while the Petition and any appeal are pending.

These are the same issues that the court in *Best Buy (Stay)* relied upon in concluding that "costly discovery and motion practice" "weigh[] in favor of a stay." 2014 WL 4540228, at *3. *Best Buy (Stay)* further concluded that any harm to the securities plaintiffs from a stay while the Rule 23(f) petition was pending would be

"little," given that "[t]here is no reason to think that the Eighth Circuit will not resolve [the] petition in a timely manner." *Id.*

Moreover, a decision by the Eighth Circuit that finds the *Basic* fraud-on-the-market presumption unavailable to establish class-wide reliance here would significantly alter how the case would proceed. For example, the potential damages would be limited to Plaintiffs' individual claims—which would, of course, significantly affect the scope of discovery that is proportional to "the amount in controversy." FED. R. CIV. P. 26(b)(1); *see also Vallejo v. Amgen, Inc.*, 903 F.3d 733, 742–44 (8th Cir. 2018) (affirming district court's conclusion that requested discovery was not proportionate to "needs of the case"); *Ludwig v. Elk-Point Jefferson Sch. Dist. 61-7*, 4:18–cv–04091–LLP, 2019 WL 3494425, at *6 (D.S.D. Aug. 1, 2019) (denying in part motion to compel and narrowing interrogatory which requested "excessive" discovery, in part because "the amount in controversy" was "likely fairly small").

In light of the kinds of significant litigation efforts that stand to be potentially mooted here, courts have regularly balanced the relative harms and concluded that a stay is warranted when a defendant pursues a Rule 23(f) petition concerning important, unsettled questions of law:

- *Custom Hair Designs*, 2020 WL 5250492, at *2 (finding defendant "would be required to expend substantial time and resources as a result of the discovery request. If the Eighth Circuit later reverses this Court's class certification ruling, [defendant] could suffer economic loss from the cost of the unnecessary discovery and motion practice.");

- *Stuart*, 2017 WL 5952872, at *4 (concluding "that the harm to Plaintiffs from a stay is outweighed by the potential harm to Defendant from requiring it to proceed with costly class-wide discovery, motion practice,

- 11 -

and trial preparation which may be rendered unnecessary if the Eighth Circuit later reverses the Court's class certification ruling.");

- *Gray v. Golden Gate Nat'l Recreational Area*, No. C 08–00722, 2011 WL 6934433, at *3 (N.D. Cal. Dec. 29, 2011) (finding that potentially unnecessary, expensive, and burdensome discovery and possibly motion practice constitutes "substantial harm if this action is not stayed pending appeal" under Rule 23(f));

- *In re Amgen Inc. Sec. Litig.*, No. CV 07–2536, 2010 WL 11469044, at *3 (C.D. Cal. Feb. 2, 2010) (noting, in securities fraud case, that "the broad scope of Plaintiff's document request magnifies the potential prejudice to Defendants."); and

- *In re Lorazepam*, 208 F.R.D. at 6 (staying proceedings pending Rule 23(f) appeal because "this Court has the very real potential of unnecessarily wasting significant resources of all parties").

Furthermore, the public interest also favors a stay pending the Petition and any appeal. "[T]he public interest would be best served by conserving judicial resources and promoting judicial economy" where "allowing the case to continue . . . could result in the Court expending duplicative or unnecessary resources by resolving discovery disputes and ruling on motions which may be rendered unnecessary if the Eighth Circuit later reverses class certification." *Stuart*, 2017 WL 5952872, at *5; *see also Perrin*, 2014 WL 306250, at *7 ("[I]nvesting extensive judicial resources in managing this difficult . . . class action that may prove to be unnecessary would not serve the public interest").

## II. CLASS NOTICE IS PREMATURE WHILE A 23(f) PETITION OR APPEAL IS PENDING

If the Court does not completely stay this action pending the Petition and any appeal, it should at least delay transmittal of the Notice to class members to avoid the unnecessary risk of a potentially inaccurate class Notice.

- 12 -

=

When a Rule 23(f) petition is pending, "the district court should ordinarily stay the dissemination of class notice to avoid the confusion and the substantial expense of re-notification that may result from appellate reversal or modification after notice dissemination." MANUAL FOR COMPLEX LITIGATION § 21.28 (4th ed. 2004) (citations omitted); *see also In re Urethane Antitrust Litig.*, No. 04–MD–1616–JWL, 2006 WL 3021126, at *2 (D. Kan. Oct. 23, 2006) (same). "[P]roceeding with class notice while the Rule 23(f) petition is pending could lead to confusion among the public and the absent class members" if the class certification order is ultimately modified or vacated. *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 286 F.R.D. 88, 94 (D.D.C. 2012). This concern is particularly salient in the context of an opt-out class certified under Rule 23(b)(3), because "voiding a previously issued class notice could create significant issues regarding whether additional action must be taken after any corrective notice is received by the class members." *Whitlock v. FSL Mgmt., LLC*, No. 3:10–cv–00562–JHM, 2012 WL 6675124, at *3 (W.D. Ky. Dec. 21, 2012) (internal quotation marks omitted).

Although to date the Court has not yet set a deadline for sending notice, Defendants anticipate that Plaintiffs will seek to press forward shortly, and the threat of harm from this is real. After the Court approves the class notice, it will be sent to thousands of individuals and entities. If the Court's class certification order is modified or reversed on appeal, a second notice to the class would be necessary, resulting in potential confusion and a needless waste of time and expense by the parties and the Court. *See Brown v. Wal-Mart Stores, Inc.*, No. 5:09–cv–3339–EJD, 2012 WL 5818300, at *4 (N.D. Cal. Nov. 15, 2012) (staying class notice and concluding that a "curative

notice to the class, perhaps many months or more after the initial class notice was disseminated . . . would not be sufficient to stem the confusion that would arise in the event of a change to the class definition or decertification of the class altogether"); *see also In re Urethane Antitrust Litig.*, 2006 WL 3021126, at *2 ("[T]he potential confusion that could result if the Tenth Circuit were to vacate or modify the class certification order after notice has already been disseminated to class members counsels against proceeding to issue notice at least until the Circuit has resolved the request to take the appeal.").

## CONCLUSION

For these reasons, the Court should stay this action pending the Petition and any appeal. Alternatively, if the Court does not stay the entire case, the Court should stay the dissemination of notice to class members pending the Petition and any appeal.

Dated:  September 29, 2020               Respectfully submitted,

*/s/ William A. McNab*
William A. McNab (MN Bar No. 320924)
Thomas H. Boyd (MN Bar No. 0200517)
WINTHROP & WEINSTINE, P.A.
Capella Tower, Suite 3500
225 South Sixth Street
Minneapolis, MN 55402
Phone: (612) 604-6400
Fax: (612) 604-6800
wmcnab@winthrop.com
tboyd@winthrop.com

Patrick E. Gibbs (CA Bar No. 183174)
COOLEY LLP
3175 Hanover Street
Palo Alto, California 94304
Phone: (650) 843-5000
Fax: (650) 849-7400
pgibbs@cooley.com

- 14 -

>Ryan Blair (CA Bar No. 246724)
>COOLEY LLP
>4402 Eastgate mall
>San Diego, CA 92121
>Phone: (858) 550-6047
>Fax: (858) 527-2750
>rblair@cooley.com
>
>Douglas P. Lobel (VA Bar No. 42329)
>David A. Vogel (VA Bar No. 48971)
>Dana A. Moss (VA Bar No. 80095)
>COOLEY LLP
>11951 Freedom Drive
>Reston, Virginia 20190
>Phone: (703) 456-8000
>Fax: (703) 456-8100
>dlobel@cooley.com
>dvogel@cooley.com
>dmoss@cooley.com
>
>Sarah M. Lightdale (NY Bar No. 4395661)
>COOLEY LLP
>55 Hudson Yards
>New York, New York 10001
>Phone: (212) 479-6000
>Fax: (212) 479-6275
>slightdale@cooley.com
>
>Jerry W. Blackwell (MN Bar No. 186867)
>BLACKWELL BURKE P.A.
>431 South 7th Street, Suite 2500
>Minneapolis, MN 55415
>Telephone: (612) 343-3200
>blackwell@blackwellburke.com
>
>*Attorneys for Defendants CenturyLink, Inc., Glen F. Post, III, R. Stewart Ewing, Jr., David D. Cole, Karen Puckett, Dean J. Douglas, and G. Clay Bailey*

=