UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>Civil Action No. 18-296 (MJD/KMM) | MDL No. 17-2795 (MJD/KMM)<br><br>DECLARATION OF SARAH M. LIGHTDALE IN SUPPORT OF DEFENDANTS' MOTION FOR STAY PENDING RULE 23(f) PETITION AND APPEAL<br><br>Oral Argument Requested |

I, Sarah M. Lightdale, hereby declare as follows:

1. My name is Sarah M. Lightdale and I am a Partner with the law firm of Cooley LLP. I am a member in good standing of the bar of New York.

2. I serve as counsel to Defendants CenturyLink, Inc., Glen F. Post, III, R. Stewart Ewing, Jr., David D. Cole, Karen Puckett, Dean J. Douglas, and G. Clay Bailey in the securities action.

3. I respectfully submit this declaration in support of Defendants' Motion For Stay Pending Rule 23(f) Petition and Appeal.

4. I have personal knowledge of the facts set forth in this Declaration.

5. On September 28, 2020, Defendant CenturyLink, Inc. filed a petition under Federal Rule of Civil Procedure 23(f) with the United States Court of Appeals for the Eighth Circuit, seeking interlocutory review of this Court's decision to certify a class for

Plaintiffs' securities fraud claims (the "Petition").  Attached as **Exhibit 1** is a true and correct copy of the Petition.

6. In this case, Defendants' discovery obligations have been, and continue to be, expansive and exhaustive.  The parties have intensely negotiated search terms and custodians for Defendants' productions, including over the course of approximately four months, from October 2019 to January 2020.  Defendants have agreed to produce documents from at least 56 custodians, as well as other sources.  Defendants have produced more than 344,000 documents comprising over 2,200,000 pages.  Plaintiffs have propounded 54 document requests and 9 interrogatories on Defendants to date, and in response, Defendants have provided a total of 171 pages of responses and supplemental responses.

7. Separate and apart from party discovery, Plaintiffs have issued at least 30 subpoenas to third parties, including CenturyLink's auditors at EY and KPMG, two public relations firms, numerous call center vendors, collection agencies, and a survey management firm.  These third parties have produced over 233,000 documents comprising over 228,000 audio files, and their productions are still not complete.

8. Plaintiffs recently requested a significant volume of additional document discovery, reflecting both an intent to undo the parties' agreement regarding document discovery and exceptional delay.  Indeed, the parties extensively negotiated the scope of Defendants' document productions; nearly three months ago, on July 1, 2020, the deadline for substantial completion of the parties' document productions passed, *see* ECF

235; and Plaintiffs obtained many months ago (in some instances close to a year) much of the information on which they have based their requests.

9. On September 22, 2020, Plaintiffs requested that Defendants search the files of an additional 18 custodians, essentially a one-third increase in the number of custodians which the parties previously had negotiated. Moreover, two of these proposed custodians are CenturyLink's General Counsel and current CEO, the latter of whom was not even employed by CenturyLink during the Class Period.

10. In addition to these 18 additional custodians, on September 11, 2020, Plaintiffs stated their intention to subpoena nine former or current members of CenturyLink's Board of Directors for discovery from their personal emails and phones, absent CenturyLink's agreement to produce these documents.

11. The parties may raise these two additional discovery requests with Magistrate Judge Menendez, if the parties are unable to reach an agreement.

12. The parties already have brought several discovery disputes to the attention of the Court. The parties have briefed and argued two formal discovery motions before Magistrate Judge Menendez. *See* Plaintiffs' Motion to Compel Discovery, ECF 211; Defendants' Motion For Protective Order Regarding Plaintiffs' Third-Party Subpoenas, ECF 280 (current pending before Judge Menendez). The parties also have once utilized Magistrate Judge Menendez' informal dispute resolution process. *See* ECF 272.

13. Absent the Court's grant of Defendants' Motion for Stay Pending Rule 23(f) Petition and Appeal, I anticipate that over the next several months the parties and

the Court will expend significantly greater resources and time on this case than has already occurred to date.

14. *First*, document discovery will soon be supplemented by numerous depositions of fact witnesses. Each of Plaintiffs and Defendants can take up to 200 hours of fact depositions, *see* ECF 465 at 2, and on September 11, 2020, Plaintiffs first noticed depositions for fact witnesses—four depositions in total. These depositions are likely to begin in October 2020. Partly because of Defendants' and third parties' extensive productions, preparation for these depositions will require significant time from Defendants' counsel and additional time from the witnesses to prepare. And the witnesses who will be inconvenienced are not just CenturyLink employees. Plaintiffs have declined Defendants' request to share a comprehensive list of the witnesses that Plaintiffs presently envision deposing in this action, but as is apparent from the names that Plaintiffs have shared thus far, a substantial portion of the witnesses deposed in this case will be individuals who left CenturyLink's employ many years ago.

15. *Second*, each party will offer significant amounts of expert testimony, based on experience in other securities cases and the parties' use of expert witnesses regarding Plaintiffs' class certification motion. Aside from preparing expert reports and preparing for and taking expert witness depositions, the Court can reasonably expect that each side will file detailed *Daubert* motions addressing the expert testimony. And expert deadlines near: The parties must begin disclosing experts on November 13, 2020, and must file expert reports by February 25, 2021 and rebuttal reports by March 29, 2021. ECF 314 at

Appendix A. Expert depositions must be completed by April 16, 2021, and all non-dispositive motions regarding expert discovery must be filed by April 23, 2021. *Id.*

16. *Third*, summary judgment briefing is scheduled to begin on May 5, 2021. *Id.*

17. *Fourth*, the Court will eventually have to determine whether to transfer the securities case back to Louisiana federal court for trial, if not at an earlier procedural stage.

I hereby declare under the penalty of perjury that the foregoing is true and correct. Executed this 29th day of September, 2020, in New York, NY.

                                      */s/ Sarah M. Lightdale*

                                        Sarah M. Lightdale