# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION | MDL No. 17-2795 (MJD/KMM) |
| This Document Relates to: Civil File No. 18-296 (MJD/KMM) | |

## PLAINTIFFS' CORRECTED MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR STAY PENDING RULE 23(f) PETITION AND APPEAL

## **TABLE OF CONTENTS**

I.    Introduction ................................................................................................. 1

II.   Background .................................................................................................. 3

III.  Standard of Review ..................................................................................... 5

IV.   Argument ..................................................................................................... 6

     A.    Defendants Have Not Shown That They Are Likely to Succeed
         Either on Their Rule 23(f) Petition or on Any Subsequent Appeal ............. 6

          i.    Defendants Have Not Shown That They Are Likely to Obtain
                 Permission to Appeal ....................................................................... 7

          ii.   Defendants Have Not Shown That They Are Likely to
                 Succeed on the Merits of Their Appeal ............................................ 10

     B.    Defendants Have Not Shown That They Will Suffer Irreparable
         Harm by Proceeding Under the Current Court-Ordered Schedule ............. 11

     C.    A Stay Will Substantially Prejudice Plaintiffs ............................................ 14

     D.    The Public Interest Weighs Against a Stay .................................................. 15

     E.    It Is Premature for the Court to Address Class Notice ................................ 16

V.    Conclusion ................................................................................................... 17

# TABLE OF AUTHORITIES

## Cases

*Abarca v. Werner Enters., Inc.*
2018 WL 10229729 (D. Neb. May 21, 2018)...................................................5, 10, 11

*Basic Inc. v. Levinson*
485 U.S. 224 (1988).........................................................................................8

*Blair v. Equifax Check Services, Inc.*
181 F.3d 832 (7th Cir. 1999) ............................................................................5

*Boswell v. Panera Bread Co.*
2015 WL 10662912 (E.D. Mo. Dec. 1, 2015) ................................................10, 16

*Brady v. Nat'l Football League*
640 F.3d 785 (8th Cir. 2011) ........................................................................1, 6

*Chamberlan v. Ford Motor Co.*
402 F.3d 952 (9th Cir. 2005) .........................................................................8, 9

*Custom Hair Designs by Sandy, LLC v. Central Payment Co., LLC*
2020 WL 5250492 (D. Neb. Sept. 3, 2020) .......................................................14

*Dura Pharm., Inc. v. Broudo*
544 U.S. 336 (2005).......................................................................................15

*Elizabeth M. v. Montenez*
458 F.3d 779 (8th Cir. 2006) ...........................................................................7

*Exch. Comm'n v. First Am. Bank & Tr. Co.*
481 F.2d 673 (8th Cir. 1973) ..........................................................................15

*Gray v. Golden Gate National Recreational Area*
2011 WL 6934433 (N.D. Cal. Dec. 29, 2011).....................................................14

*Halliburton Co. v. Erica P. John Fund, Inc.*
573 U.S. 258 (2014)......................................................................................2, 8

*Hartford Accident & Indem. Co. v. Beaver*
    466 F.3d 1289 (11th Cir. 2006) ................................................................. 9

*IBEW Local 98 Pension Fund v. Best Buy Co.*
    818 F.3d 775 (8th Cir. 2016) ..........................................................*passim*

*IBEW Local 98 Pension Fund v. Best Buy Co., Inc.*
    No. 11–429 (DFW/FLN), 2014 WL 4540228 (D. Minn. Sept. 11, 2014).................. 2

*In re Amgen Inc. Securities Litigation*
    2010 WL 11469044 (C.D. Cal. Feb. 2, 2010) ........................................ 14

*In re Blood Reagents Antitrust Litig.*
    756 F. Supp. 2d 623 (E.D. Pa. 2010) ................................................. 16

*In re Centurylink Sales Practices & Sec. Litig.*
    2020 WL 5517483 (D. Minn. Sept. 14, 2020)...................................... 1, 2

*In re CenturyLink Sales Practices and Sec. Litig.*
    403 F. Supp. 3d 712 (D. Minn. 2019)................................................ 3, 4

*In re Cobalt Int'l Energy, Inc. Sec. Litig.*
    2017 WL 3620590 (S.D. Tex. Aug. 23, 2017) ....................................... 13

*In re Lorazepam & Clorazepate Antitrust Litig.*
    208 F.R.D. 1 (D.D.C. 2002)............................................................ 6, 14

*In re Wholesale Grocery Prod. Antitrust Litig.*
    2016 WL 6246758 (D. Minn. Oct. 25, 2016) ................................... 5, 6, 12

*In re Johnson*
    760 F.3d 66 (D.C. Cir. 2014) ............................................................. 9

*Lakehead Pipe Line Co. v. Inv. Advisors, Inc.*
    900 F. Supp. 234 (D. Minn. 1995)................................................... 9, 12

*M.B. v. Corsi*
    No. 2:17-CV-04102-NKL, 2018 WL 5504178 (W.D. Mo. Oct. 29, 2018).... 11, 12, 13

*Mayo v. UBS Real Estate Sec., Inc.*
    2011 WL 3109786 (W.D. Mo. July 26, 2011)........................................... 6

iv

*McAllister v. St. Louis Rams, LLC*
   2018 WL 2180247 (E.D. Mo. Apr. 9, 2018) ...................................................... 11, 12

*Microsoft Corp. v. Baker*
   137 S. Ct. 1702 (2017) ................................................................................................. 5

*Perrin v. Papa Johns Int'l, Inc.*
   2014 WL 306250 (E.D. Mo. Jan. 28, 2014) ............................................................ 12

*Pfizer, Inc. v. All Plaintiffs*
   2020 WL 4048681 (10th Cir. May 26, 2020) ............................................................ 7

*Prado-Steiman ex rel. Prado v. Bush*
   221 F.3d 1266 (11th Cir. 2000) ........................................................................ 5, 7, 9

*Stuart v. State Farm Fire & Casualty Co.*
   2017 WL 5952872 (W.D. Ark. Jan. 25, 2017) .................................................... 14, 15

*Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*
   262 F.3d 134 (2d Cir. 2001) .................................................................................... 10

*Thorpe v. D.C.*
   306 F.R.D. 6 (D.D.C. 2014) .................................................................................... 12

## <u>Rules</u>

Fed. R. Civ. P. 26(b)(1) .................................................................................................. 14

Fed. R. Civ. P. 23(f) ............................................................................................... *passim*

Fed. R. Civ. P. 23(e)(1) ................................................................................................... 5

## I.    INTRODUCTION

The Court should deny Defendants' meritless request to indefinitely stay this case pending the Eighth Circuit's resolution of Defendants' equally meritless Rule 23(f) petition and any subsequent interlocutory appeal.  Stays under Rule 23(f) are the exception, not the rule.  To obtain such exceptional relief, Defendants must show that: (1) they are likely to succeed on the merits of their appeal; (2) they will be irreparably harmed without a stay; (3) Plaintiffs will not be substantially harmed if a stay is entered; and (4) the public interest will not be harmed by a stay.  *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011).  Defendants fail to demonstrate even one of these factors—because each factor counsels against granting a stay, not in favor of it.

To start, the Eighth Circuit is unlikely to grant Defendants' Rule 23(f) petition and, if it does, it is extremely unlikely to reverse this Court's well-reasoned and uncontroversial Order.  Defendants' core argument in their Rule 23(f) petition is that this Court wrongly held Defendants to a burden-of-persuasion standard for rebutting the *Basic* presumption, rather than applying the "burden of production" standard they argue the Eight Circuit endorsed in *IBEW Local 98 Pension Fund v. Best Buy Co.*, 818 F.3d 775 (8th Cir. 2016) ("*Best Buy*").  But the premise of Defendants' argument is a fiction.  In fact, the Court's Order stated, **repeatedly** and **unequivocally**, that "even if the standard were a mere burden of production, in this case, Defendants have failed to meet that burden."  *In re Centurylink Sales Practices & Sec. Litig.*, 2020 WL 5517483, at *10 (D. Minn. Sept. 14,

1

2020) ("Order"); *see also id.* at \*11-12.  Defendants' Rule 23(f) petition does not present "important, unsettled legal questions," and the Eighth Circuit should swiftly reject it.

Indeed, the circumstances here are the opposite of those which the district court found to warrant a stay in *Best Buy*.  *See IBEW Local 98 Pension Fund v. Best Buy Co., Inc.*, No. 11–429 (DFW/FLN), 2014 WL 4540228 (D. Minn. Sept. 11, 2014) ("*Best Buy (Stay)*").  At the time of the class certification decision in *Best Buy*, the Eighth Circuit had not yet addressed the Supreme Court's ruling in *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258 (2014) ("*Halliburton II*").  The Eighth Circuit's opinion in *Best Buy* did just that.  Here, by contrast, this Court applied *Best Buy* to the facts of this case, under the very legal standard Defendants urge is controlling.

In addition, Defendants also do not (and cannot) show that they will be irreparably harmed without a stay, that Plaintiffs will not be substantially harmed by a stay, or that the public interest will not be harmed by a stay.  Defendants cannot show they will be irreparably harmed absent a stay because this case—and the discovery Defendants complain about, which is moving forward on the Court-ordered schedule—will proceed on an individual basis even if the Eighth Circuit reverses this Court's decision on class certification.  Moreover, this case has been pending for three years already, and Plaintiffs (and the public) will almost certainly be harmed by the delay Defendants seek given that the events at issue occurred as long as seven years ago.  For these and other reasons detailed below, the Court should deny Defendants' Motion for Stay.

## II.    BACKGROUND

As this Court knows, this securities fraud class action involves claims that Defendants concealed from investors CenturyLink's years-long practice of routinely and systematically "cramming" customer accounts—*i.e.,* misquoting prices and billing customers for fees and services they did not authorize—in order to meet the projections CenturyLink provided to Wall Street.  ¶¶ 63–64, 88–94.[1]  In their Motion for Class Certification, Plaintiffs sought to represent a class of investors who were damaged when Defendants' misconduct was revealed in a series of disclosures.  ECF No. 188.  In a comprehensive and well-reasoned decision, this Court granted Plaintiffs' Motion for Class Certification by applying settled Eighth Circuit precedent to the facts of this case and rejecting Defendants' arguments that they had rebutted the presumption of reliance that Defendants conceded Plaintiffs had established.  Order at *10-12.

On September 28, 2020, pursuant to Federal Rule of Civil Procedure 23(f), Defendants petitioned the Eighth Circuit for permission to appeal this Court's Order Granting Class Certification, *State of Oregon v. CenturyLink, Inc. et al.*, Case No. 20-8011 (8th Cir. Sept. 28, 2020) (Dkt No. 1) ("Petition"), and on September 29, 2020, they filed their motion to stay this case pending resolution of the Petition.  Plaintiffs' filed their opposition to Defendants' Rule 23(f) petition on October 8, 2020.  Declaration of Keil Mueller, Ex. A.

---

[1] All references to "¶__" are to Plaintiffs' Consolidated Securities Class Action Complaint filed June 25, 2018 (ECF No. 143).

After this Court denied in full Defendants' Motion to Dismiss the Complaint on July 30, 2019, *In re CenturyLink Sales Practices and Sec. Litig.*, 403 F. Supp. 3d 712 (D. Minn. 2019), Plaintiffs have vigilantly pursued discovery.[2]  After receiving discovery collected from fifty-one of Defendants' custodians, pursuant to the parties' initial agreed-upon search criteria, Plaintiffs have followed the parties' ESI protocol by engaging in an ongoing discussion with Defendants regarding limited additional search terms and custodians.  *See* ESI Protocol (ECF No. 478), at 2 ("The parties are required to engage in transparent and sincere negotiations regarding appropriate search terms and custodians for the discovery of ESI that is responsive to document requests and other discovery.  These discussions should begin as soon as possible, and ***should continue throughout discovery***." (emphasis added)).[3]  The parties are currently undertaking conversations regarding global deposition planning, adding several necessary custodians, and other clean-up discovery required before fact discovery closes in February 2021.

---

[2] Plaintiffs have requested discovery in the context of Defendants' professed capabilities to conduct discovery efficiently.  Defendants themselves touted collecting and searching ***9.7 million documents*** and an additional ***32 billion billing records*** in their internal investigation into the misconduct at the core of this case, a review Defendants completed in a matter of mere months.  ECF No. 246, Ex. K.  And Defendants' internal investigation into the very misconduct alleged in this case resulted in interviews of over 200 CenturyLink employees—far more than the number of custodians Plaintiffs have requested.  *Id.*

[3] Defendants misrepresent the number of custodians from whom they have collected documents so far.  After agreeing to include them among the fifty-six initial custodians the parties settled upon, CenturyLink admitted that it had destroyed, and therefore could not collect, most of the documents of five of the former employees cited in the Complaint. ECF No. 213, Ex. Q at 4 (M. Blatchley Oct. 15 Ltr.).

## III.    STANDARD OF REVIEW

Fed. R. Civ. P. 23(f) provides, in part:

> A court of appeals may permit an appeal from an order granting or denying class-action certification under this rule, but not from an order under Rule 23(e)(1). . . .  An appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.

Fed. R. Civ. P. 23(f).  "Rule 23(f) avoids delay not only by limiting class-certification appeals to those permitted by the federal courts of appeals, but also by specifying that '[a]n appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders.'"  *Microsoft Corp. v. Baker*, 137 S. Ct. 1702, 1713 n.9 (2017) (quoting *Blair v. Equifax Check Services, Inc.*, 181 F.3d 832, 835 (7th Cir. 1999)); *see Blair*, 181 F.3d at 835 ("Rule 23(f) is drafted to avoid delay.").

Therefore, "[a]s the rule makes clear, a stay of proceedings pending an appeal from an order granting class certification is an exception to the general rule that the district court proceedings ordinarily continue pending an appeal of certification."  *In re Wholesale Grocery Prod. Antitrust Litig.*, 2016 WL 6246758, at *1 (D. Minn. Oct. 25, 2016); *see Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1273 n.8 (11th Cir. 2000) ("Rule 23(f) contemplates that in most cases discovery (at the very least, merits discovery) will continue notwithstanding the pendency of an appeal of the class certification order.").  In other words, courts consider stays under Rule 23(f) to be "extraordinary relief" that "are not granted as a matter of course."  *Abarca v. Werner Enters., Inc.*, 2018 WL 10229729, at *1 (D. Neb. May 21, 2018) (citing *Prado–Steiman*, 221 F.3d at 1273 n.8).

A party seeking a stay while a petition for permission to appeal is pending bears the burden of showing that: (1) the party is likely to succeed on the merits of its appeal; (2) the party will be irreparably injured unless the stay is granted; (3) the non-moving party will not be substantially injured by granting the stay; and (4) the public interest will not be harmed by granting the stay. *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011); *In re Wholesale Grocery Prod. Antitrust Litig.*, 2016 WL 6246758, at *1 (D. Minn. Oct. 25, 2016) (applying *Brady* to motion seeking stay under Fed. R. Civ. P. 23(f)). Of these, the likelihood of success on the merits is the most important factor, though courts must consider and balance all four. *Brady*, 640 F.3d at 789.

## IV.   ARGUMENT

### A.   Defendants Have Not Shown That They Are Likely to Succeed Either on Their Rule 23(f) Petition or on Any Subsequent Appeal

Defendants seek to stay all proceedings in this Court while the Eighth Circuit considers their Rule 23(f) petition and during any ensuing Rule 23(f) appeal. To show a likelihood of success on the merits, Defendants must show both that the Eighth Circuit is likely to grant their Rule 23(f) petition and that, if granted, the Eighth Circuit is likely to reverse this Court's certification order. *Mayo v. UBS Real Estate Sec., Inc.*, 2011 WL 3109786, at *1 (W.D. Mo. July 26, 2011). In this sense, the likelihood of success inquiry "has two layers." *In re Lorazepam & Clorazepate Antitrust Litig.*, 208 F.R.D. 1, 4 (D.D.C. 2002). The first layer is "a procedural matter," concerning permission to appeal. *Id.* The

6

second layer is "a substantive matter," concerning purported reversible error by this Court. *Id.* Defendants fail to satisfy either layer of the inquiry.

> ### i.    Defendants Have Not Shown That They Are Likely to Obtain Permission to Appeal

Procedurally, Defendants have not shown that the Eighth Circuit is likely to grant their petition. Courts recognize that "[i]nterlocutory review of a class certification order is strongly disfavored, as it disrupts and delays the trial court proceedings." *Pfizer, Inc. v. All Plaintiffs*, 2020 WL 4048681, at *1 (10th Cir. May 26, 2020). The Eighth Circuit has cited with approval the standards for granting Rule 23(f) review in *Prado-Steiman ex rel. Prado v. Bush,* 221 F.3d 1266, 1271-77 (11th Cir. 2000), which cautions "restraint" in entertaining such petitions given that they are "disruptive, time-consuming, and expensive, and consequently are generally disfavored." *Id*. at 1276-77; *see Elizabeth M. v. Montenez*, 458 F.3d 779, 783 (8th Cir. 2006).[4]

While courts have recognized several factors when considering whether to grant Rule 23(f) review, Defendants' sole ground for review here is their contention that the District Court's decision "turn[ed] on a novel or unsettled question of law." Petition at 14. But courts have repeatedly warned against "authorizing interlocutory review simply on the

---

[4] The Eighth Circuit rarely grants Rule 23(f) petitions. A study published in 2014 showed that the Eighth Circuit was among the least friendly to Rule 23(f) petitions, granting only 14.3 percent of petitions. John H. Beisner, Jessica D. Miller, & Geoffrey M. Wyatt, *Study Reveals US Courts of Appeal Are Less Receptive to Reviewing Class Certification Rulings* (April 29, 2014), https://www.skadden.com/insights/publications /2014/04/study-reveals-us-courts-of-appeal-are-less-recepti.

basis of a so-called 'fundamental' or 'unsettled' question of law" given the relative ease of characterizing a "question as novel or unsettled." *Prado-Steiman*, 221 F.3d at 1274.

Such skepticism and restraint is particularly warranted here given that the Court's certification decision did not "turn" on any unsettled issue of law but rather applied the very reading of *Best Buy* for which Defendants advocated before this Court and in their Petition. *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 958-59 (9th Cir. 2005). Specifically, as this Court knows, *Best Buy* addressed how defendants may rebut the fraud-on-the-market presumption of reliance—first articulated in *Basic Inc. v. Levinson*, 485 U.S. 224 (1988)—in light of the Supreme Court's ruling in *Halliburton II*. *See Best Buy*, 818 F.3d at 782 (concluding that "overwhelming evidence of no 'front-end' price impact rebutted the *Basic* presumption").

In its Order, this Court analyzed whether Defendants rebutted the *Basic* presumption by "'sever[ing] the link' between the alleged misrepresentations and any impact on CenturyLink's stock price." Order at *10 (citing *Basic*, 485 U.S. at 248, and *Halliburton II*, 573 U.S. at 281-82). The Court determined that, even if *Best Buy* requires Defendants to meet only a burden of production, "Defendants have failed to meet that burden because they have failed to produce evidence to sever the link between the alleged misrepresentations and any impact on CenturyLink's stock price." *Id.* (citing *Best Buy*, 818 F.3d at 782). In other words, the facts here were not even close.

The state of the law here is the opposite of the situation the district court faced in *Best Buy*, where the court found itself addressing difficult issues of first impression in this

8

Circuit.  *Cf. Best Buy (Stay)* at *2 (acknowledging that the "question of certification in this action was difficult and involved evolving and novel issues of law that were material to the Court's decision" and that "Defendants' petition to appeal the class certification order raise[d] legal issues regarding *Halliburton II* that ha[d] not yet been addressed by the Eighth Circuit").  The Eighth Circuit grappled with and decided those complex legal and factual issues in *Best Buy*.  Here, this Court merely applied the legal standard that, based on their reading of *Best Buy*, Defendants claim controls.  *See* Order at *10-12.

Moreover, even when a case presents "a difficult question," which this case does not, difficulty "does not readily translate into a fair appraisal as to the certainty of the result reached" but may simply reflect "the fact-dependent nature of the issue presented." *Lakehead Pipe Line Co. v. Inv. Advisors, Inc.*, 900 F. Supp. 234, 236-37 (D. Minn. 1995). Here, the District Court considered and reviewed over 2,000 pages of materials, including Defendants' expert's refusal to opine that there was a lack of price impact and his admission that his own analysis showed that the corrective disclosures here had "some impact" on price.  Order at *12, 15.

The only other argument that Defendants offer to show that they are likely to obtain permission to appeal is that "the fight over class certification is often the whole ball game." Motion for Stay at 5 (quoting *Hartford Accident & Indem. Co. v. Beaver*, 466 F.3d 1289, 1294–95 (11th Cir. 2006)).  But even if the District Court's decision had turned on an unsettled legal question, which it does not, petitioners must show a "compelling need" for immediate resolution of that question, *Prado-Steiman*, 221 F.3d at 1274, and demonstrate

that the resolution of the unsettled issue is "likely to evade end-of-the-case review." *In re Johnson*, 760 F.3d 66, 71-72 (D.C. Cir. 2014). Here, Defendants do not contend that class certification presents a "death knell" situation, let alone provide evidence that it does, *Chamberlan*, 402 F.3d at 958, and have not provided any basis to believe that the class certification decision here will evade end-of-the-case review—which alone "establishes an adequate basis to deny the petition." *Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 142 (2d Cir. 2001). And in any event, class certification is not the "whole ball game" here, as Plaintiffs have always intended to press their claims regardless of whether the class was certified in this case.

### ii.   Defendants Have Not Shown That They Are Likely to Succeed on the Merits of Their Appeal

Substantively, Defendants do not even attempt to argue that they will succeed on the merits of their appeal. Given that the Court expressly addressed the very standard Defendants claim it failed to apply and thoroughly considered the extensive evidentiary record before it, Defendants would be hard-pressed to make such an argument. Indeed, in their Motion, Defendants do not identify any material legal errors that affected the Court's decision, and they acknowledge that the Court conducted a "diligent analysis." Motion for Stay at 5.

In these respects, the case resembles *Boswell v. Panera Bread Co.*, 2015 WL 10662912 (E.D. Mo. Dec. 1, 2015), in which the court "conducted a rigorous analysis before granting class certification." *Id.* at *1. There, while the court recognized that "it is

always possible that the Eighth Circuit will disagree with" its decision, it nonetheless ruled that the defendants had not demonstrated that success on the merits of their appeal was likely. *Id.*; *see also Abarca v. Werner Enters., Inc.*, No. 8:14CV319, 2018 WL 10229729, at *1 (D. Neb. May 21, 2018) (declining to grant stay under Rule 23(f) because defendants "merely reassert the same arguments they presented in connection with the class certification motion. As with any appeal, the Eighth Circuit may disagree with this court's conclusions, but that possibility does not amount to a likelihood of success on the merits."). The Court should reach the same conclusion here.

### B. Defendants Have Not Shown That They Will Suffer Irreparable Harm by Proceeding Under the Current Court-Ordered Schedule

Defendants argue that, absent a stay, they will be forced to spend potentially unnecessary resources on this case. Defendants are mistaken, because Plaintiffs—who lost millions of dollars on their investments in CenturyLink securities—intend to pursue their individual claims, even if this Court's order on class certification is overturned. As numerous courts in this circuit have concluded, any discovery conducted in the next several months "is unlikely to have been 'useless,' even in the event that the Eighth Circuit takes the appeal and reverses class certification, because such discovery would still be relevant to individual claims." *McAllister v. St. Louis Rams, LLC*, 2018 WL 2180247, at *1 (E.D. Mo. Apr. 9, 2018); *see also Abarca*, 2018 WL 10229729, at *1 ("The defendants have also failed to demonstrate that they will be irreparably injured unless a stay is granted. Although they contend that they will be substantially harmed by the expense of litigation, that is

11

unavoidable regardless of whether this litigation proceeds as a class action or as individual lawsuits."); *M.B. v. Corsi*, No. 2:17-CV-04102-NKL, 2018 WL 5504178, at *5 (W.D. Mo. Oct. 29, 2018) (concluding defendants failed to show irreparable harm because case would proceed even if class was decertified).

Fact discovery is set to close on February 3, 2021, approximately four months from now. ECF 314 at 2. Expert discovery will close a little more than two months later. *Id.* The named plaintiffs have significant claims on their own behalf, as in all likelihood do many other members of the class, and depositions of defendants, their former employees, and the parties' experts will be necessary regardless of whether the case proceeds as a class action. So, too, will expert reports. *See Wholesale Grocery*, 2016 WL 6246758, at *2 ("[E]xpert discovery is unavoidable regardless of whether this litigation proceeds as a class action or as individual lawsuits. Thus, Defendants will not be harmed by preparing for discovery on the existing schedule."). Discovery that will last only several more months and that would occur anyway does not constitute irreparable harm.[5]

What's more, courts have rejected the notion that "the incurrence of litigation expenses, without more, constitutes the type of irreparable harm" that justifies a stay

---

[5] Additionally, the Eighth Circuit likely will grant or deny Defendants' petition promptly in accordance with the Advisory Committee's note to Rule 23(f), which "specifically encourages the appellate courts to act expeditiously on petitions for permission to appeal." *Perrin v. Papa Johns Int'l, Inc.*, 2014 WL 306250, at *3 (E.D. Mo. Jan. 28, 2014). "To the extent the Eighth Circuit grants the petition, the Eighth Circuit itself may order that the case be stayed," but meanwhile, "[n]o irreparable harm is likely to befall [Defendants]." *McAllister*, 2018 WL 2180247, at *1 (denying motion for stay). At most, Defendants will have engaged in a few months of litigation before the Eighth Circuit rules on the petition.

pending appeal. *Lakehead*, 900 F. Supp. at 237; *see Thorpe v. D.C.*, 306 F.R.D. 6, 11 (D.D.C. 2014) ("In the first place, litigation expenses alone do not necessarily qualify as irreparable harm." (internal quotation marks omitted)); *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, 2017 WL 3620590, at *4 (S.D. Tex. Aug. 23, 2017) (stating that "the prospect of having to engage in discovery is not irreparable harm").

Moreover, here, Defendants do not specify any discovery that would be different if the class were to be decertified. *See Corsi*, 2018 WL 5504178, at *4 ("Defendants have failed to specify . . . how discovery in this case would be different if the class were decertified."); *Cobalt*, 2017 WL 3620590, at *4 (denying stay where Rule 23(f) appeal "will not eliminate the claims of the individual named Plaintiffs"). Rather, Defendants complain about the burdens of discovery and argue that if the case were to proceed on Plaintiffs' individual claims, the discovery sought by Plaintiffs would be disproportionate to the amount in controversy. Motion for Stay at 15. Notwithstanding that Plaintiffs seek discovery that is undeniably relevant and typical for securities cases,[6] Defendants' argument ignores the remaining proportionality factors that Rule 26 requires courts to

---

[6] In *Minneapolis Firefighters' Relief Association v. Medtronic, Inc.*, No. 0:08-cv-06324-PAM-AJB (D. Minn.) ("*Minneapolis Firefighters*"), more than 15 million pages of documents were produced. *See Minneapolis Firefighters*, ECF No. 329 at 17. Similarly, in *In re UnitedHealth Group Inc. PSLRA Litigation*, No. 0:06-cv-01691-JMR-FLN (D. Minn.), Defendants produced more than 22 million pages of documents. *See UnitedHealth*, ECF No. 791-1 at 3. And in *In re Medtronic, Inc. Securities Litigation*, No. 0:13-cv-01686-MJD-KMM (D. Minn.), more than 5 million pages of documents were produced. *See Medtronic*, ECF No. 517 at 3.

weigh, as well as the fact that other class members who may bring identical claims would be entitled to similar discovery. *See* Fed. R. Civ. P. 26(b)(1).[7] Defendants' speculation about the scope of discovery should they ultimately prevail is simply not "irreparable harm," and should be rejected.

In this case, the same misrepresentations by Defendants will remain at issue regardless of what the Eighth Circuit does. Defendants thus fail to show that proceeding with the current scheduling order will cause them irreparable harm.

### C.    A Stay Will Substantially Prejudice Plaintiffs

If the court stays all proceedings, Plaintiffs will suffer substantial prejudice. The claims in this case were first asserted more than three years ago, and the underlying factual

---

[7] If anything, the cases Defendants cite to claim irreparable harm show their failure to establish that harm here. For example, in *Custom Hair Designs by Sandy, LLC v. Central Payment Co., LLC*, 2020 WL 5250492 (D. Neb. Sept. 3, 2020), *Stuart v. State Farm Fire & Casualty Co.*, 2017 WL 5952872 (W.D. Ark. Jan. 25, 2017), and *In re Amgen Inc. Securities Litigation*, 2010 WL 11469044 (C.D. Cal. Feb. 2, 2010), defendants presented evidence that the plaintiffs had requested class-specific discovery that would be unnecessary if class certification were overturned. *See, e.g.*, *Custom Hair Designs*, 2020 WL 5250492, at *3 ("Plaintiffs also seek information over a period of more than ten years, yet, the named Plaintiffs did not contract with CPAY until 2015 and 2016, respectively."). Similarly, in *Gray v. Golden Gate National Recreational Area*, 2011 WL 6934433 (N.D. Cal. Dec. 29, 2011), the court concluded that decertification would significantly narrow the scope of litigation. *Id.* at *2 ("[I]f the class were decertified, the barriers at issue in this litigation would be limited to those barriers related to the individual plaintiffs' disabilities at the GGNRA facilities that the named Plaintiffs have visited, which would exclude about a dozen GGNRA sites that are subject to the class claims."). Finally, in *Lorazepam*, the court concluded that the balance of hardships favored neither party. 208 F.R.D. at 6 ("Defendants do not claim any cognizable prejudice from having to proceed with discovery[.]"). Here, by contrast, Plaintiffs invested in CenturyLink securities throughout the Class Period and will still be required to prove Defendants' violations of the federal securities laws throughout that same time period if proceeding individually.

14

allegations stretch back more than seven years. If the Eighth Circuit grants the Rule 23(f)

petition, the stay could last more than a year as the parties brief and argue the appeal.  In

*Stuart*, it took the Eighth Circuit more than a year from the time it granted the Rule 23(f)

petition (on September 29, 2017), 2017 WL 5952872, at *1, to publish its decision

affirming the district court's certification order (on December 6, 2018), 910 F.3d 371 (8th

Cir. 2018).  In *Best Buy*, the Eighth Circuit's decision on class certification came over a

year and a half after it granted the defendants' Rule 23(f) petition. *See Best Buy*, 818 F.3d

775.

Among other things, the longer the case is delayed, the more likely Plaintiffs are to

encounter problems obtaining the witness testimony required to prove their case.  As noted

above, the events at issue in this case stretch back to over seven years ago, and as

Defendants point out, many witnesses were terminated or otherwise departed CenturyLink

in the wake of revelations concerning the Company's sales practices. In other words, it is

not merely a truism that "justice delayed is justice denied."  *Sec. & Exch. Comm'n v. First*

*Am. Bank & Tr. Co.*, 481 F.2d 673, 675 n.3 (8th Cir. 1973).

### D.    The Public Interest Weighs Against a Stay

Allowing the litigation to proceed will also serve the public interest.  Private

securities fraud actions help "maintain public confidence in the marketplace."  *Dura*

*Pharm., Inc. v. Broudo*, 544 U.S. 336, 345 (2005).  They do so by deterring fraud and

protecting investors against economic losses caused by misrepresentations.    *Id.*

Accordingly, as the Court recognized in connection with the related consumer class action,

15

the public will benefit from learning the truth about CenturyLink's alleged fraud and from "the expeditious resolution of this class-action lawsuit." *In re Blood Reagents Antitrust Litig.*, 756 F. Supp. 2d 623, 636 (E.D. Pa. 2010) (recognizing the public's and judiciary's interest in "the 'just, speedy, and inexpensive determination of every action and proceeding,' a policy at odds with a stay of indeterminate length," and denying a stay in a class action antitrust lawsuit).

### E.    It Is Premature for the Court to Address Class Notice

Defendants argue that sending class notice while a 23(f) petition or appeal is pending will harm them and perhaps even the Class.  But Defendants' argument is premature.  The Court has neither approved the form of class notice nor set any schedule for a motion to approve class notice.  Although Plaintiffs may prepare their notice proposal while Defendants' Rule 23(f) petition is pending, that preparatory work will not prejudice Defendants or the Class.  When Plaintiffs ultimately do submit their notice proposal, the Court will determine the notice schedule, and if the Court determines that it is prudent to delay disseminating notice in light of any issues then pending before the Eighth Circuit, it may craft its order accordingly.  *See Boswell*, 2015 WL 10662912, at *1 (rejecting stay argument based on prejudice from class notice where the form of class notice had not been finalized and there was no indication that notice would distributed before the Eighth Circuit resolved the defendants' petition).  Any notice-related harm that Defendants describe thus is premature and speculative.

16

## V.       CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court deny Defendants'

Motion for Stay.

DATED this 15th day of October, 2020.

STOLL STOLL BERNE LOKTING &
SHLACHTER P.C.

By:  s/ Keil M. Mueller
    **Keith S. Dubanevich,** OSB No. 975200
    **Timothy S. DeJong,** OSB No. 940662
    **Keil M. Mueller,** OSB No. 085535
    **Lydia Anderson-Dana,** OSB No. 166167
    **Megan K. Houlihan**, OSB No. 161273

209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:    (503) 227-1600
Facsimile:    (503) 227-6840
Email:        kdubanevich@stollberne.com
              tdejong@stollberne.com
              kmueller@stollberne.com
              landersondana@stollberne.com
              mhoulihan@stollberne.com

John C. Browne, NYS Bar No. 3922747
Michael D. Blatchley, NYS Bar No. 4747424
Adam D. Hollander, NYS Bar No. 4498143
Michael M. Mathai, NYS Bar No. 5166319
Amanda Boitano, NYS Bar No. 5705843
**BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
johnb@blbglaw.com

17

michaelb@blbglaw.com
adam.hollander@blbglaw.com
michael.mathai@blbglaw.com
amanda.boitano@blbglaw.com

*Special Assistant Attorneys General and Counsel for Lead Plaintiff the State of Oregon by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund and Fernando Alberto Vildosola, as trustee for the AUFV Trust U/A/D 02/19/2009, and Lead Counsel for the Class*

Richard A. Lockridge, MN No. 64117
Gregg M. Fishbein, MN No. 202009
Kate M. Baxter-Kauf, MN No. 392037
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 596-4044
Facsimile: (612) 339-0981
ralockridge@locklaw.com
gmfishbein@locklaw.com
kmbaxter-kauf@locklaw.com

*Liaison Counsel for Lead Plaintiff the State of Oregon by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund and Fernando Alberto Vildosola, as trustee for the AUFV Trust U/A/D 02/19/2009, and Lead Counsel for the Class*

18