UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

------------------------------------------------------------

|  |  |  |
|---|---|---|
| In Re: CenturyLink Sales Practice and Securities Litigation | ) ) ) | File No. 17-MD-2795 (MJD/KMM) |
|  | ) ) | Minneapolis, Minnesota August 25, 2020 |
|  | ) ) | 10:03 a.m. |

------------------------------   )   ----------------------
)
Benjamin Craig, et al,           )   File No. 18-CV-296
)   (MJD/KMM)
        Plaintiffs,              )
)   Minneapolis, Minnesota
vs.                              )   August 25, 2020
)   10:03 a.m.
CenturyLink, Inc., et al.,       )
)   VIA ZOOM CONFERENCE
        Defendants.              )

------------------------------------------------------------


BEFORE THE HONORABLE KATHERINE MENENDEZ

UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

**(MOTIONS HEARING)**


        Proceedings reported by court reporter; transcript
produced by computer.


            *      *      *      *      *      *      *


MARIA V. WEINBECK, RMR-FCRR
(612) 664-5109

```
 1      APPEARANCES

 2       For the Plaintiffs:       Bernstein Litowitz Berger &
                                   Grossman, LLP
 3                                 MICHAEL D. BLATCHLEY, ESQ.
                                   44th Floor
 4                                 1251 Avenue of the Americas
                                   New York, NY 10020
 5

 6       For the Defendants:       Cooley LLP
                                   PATRICK E. GIBBS, ESQ.
 7                                 3175 Hanover Street
                                   Palo Alto, CA 94304
 8
                                   Cooley LLP
 9                                 RYAN BLAIR, ESQ.
                                   4401 Eastgate Mall
10                                 San Diego, CA  92121

11                                 Cooley LLP
                                   SARAH M. LIGHTDATE, ESQ.
12                                 55 Hudson Yards
                                   New York, NY  10001
13
                                   Winthrop & Weinstine, PA
14                                 THOMAS H. BOYD, ESQ.
                                   WILLIAM A. MCNAB, ESQ.
15                                 225 6th Street
                                   Suite 3500
16                                 Minneapolis, MN  55402-4629

17       Court Reporter:          MARIA V. WEINBECK, RMR-FCRR
                                   1005 U.S. Courthouse
18                                 300 South Fourth Street
                                   Minneapolis, Minnesota 55415
19

20

21

22

23            *      *      *      *      *      *      *

24

25
```

1              **P R O C E E D I N G S**

2                  **IN OPEN COURT**

3                   **(10:03 a.m.)**

4              THE COURT:  All right.  Let's go ahead and get

5     started.  Who do we have that's going to be addressing the

6     Court on behalf of the plaintiffs?

7              MR. BLATCHLEY:  Good morning, Judge.  Mike

8     Blatchley from Bernstein Litowitz on behalf of plaintiffs.

9              THE COURT:  All right.  Welcome, Mr. Blatchley.

10    Can you introduce any other members of the plaintiffs' team

11    that are on the line?

12             MR. BLATCHLEY:  I'm sorry, I don't have a complete

13    roster in front of me.  I believe Keil Mueller from the

14    Stoll Berne firm is on.

15             THE COURT:  Keil, is that right?

16             (No response).

17             THE COURT:  Okay.  How about let's do it this way,

18    if we have other counsel on from the plaintiffs' side, why

19    don't you go ahead and name yourselves.

20             (No response.)

21             THE COURT:  Okay.  Well, let's go ahead and pivot

22    to counsel for the defendant.

23             MR. GIBBS:  Good morning, Your Honor.  This is

24    Patrick Gibbs from Cooley speaking for the defendants.  We

25    should also have on the line Sarah Lightdale, Ryan Blair,

1    Brian Koch, all from Cooley, and then I believe either or

2    both Mr. McNab or Mr. Boyd from the Winthrop Weinstine firm.

3              (Indiscernible speakers)

4              MR. MCNAB:  Yep, and Bill McNab here, Your Honor.

5              THE COURT:  Okay.  I think I lost somebody between

6    Mr. Koch and Mr. McNab.  Who else was listed there?  I have

7    Sarah Lightdale, Ryan Blair, Brian Koch, Bill McNab.  Who

8    else?

9              MR. BOYD:  Your Honor, Tom Boyd is also on the

10   line.

11             THE COURT:  Welcome.  All right.  Is there anyone

12   on for the defendants that we didn't get names?

13             Anyone else on from the plaintiffs other than Mr.

14   Blatchley?

15             All right.  Let's go ahead and get started.  This

16   is going to be a brief call or relatively brief call.  I

17   really appreciate the e-mail that you all sent ahead of the

18   call outlining the things that you wanted to discuss.

19             So why don't we start with the question about

20   depositions.  It's my understanding, and I might have

21   misapprehended this, but the question is about whether I

22   need to bless remote depositions or whether you can go ahead

23   and notice those and agree to those without my involvement.

24             Let's go with Mr. Gibbs first, I guess, just

25   randomly.  Am I correctly understanding what the nature of

1    that question is?

2              MR. GIBBS:  I think so.  Although, I would clarify

3    it just a little bit, and it happens to be an issue that we

4    raised on our side, so I'm happy to explain why we raised

5    it.

6              THE COURT:  Go ahead.  Yes.

7              MR. GIBBS:  I'm actually not concerned about the

8    parties at all.  I think the parties all understand what we

9    need to do, and there's no disagreement about that.

10             My concern actually had to do with what I expect

11   to be a decent number of third parties who are likely to be

12   deposed, and so those people will be getting served with

13   third party subpoenas under Rule 45.  And I was looking back

14   at Rule 45, and it's just -- it clearly contemplates a

15   subpoena directing someone to show up at a physical location

16   to have their deposition taken, and it doesn't clearly say

17   that the Court can issue a subpoena.  It says you have to

18   show up on a video conference.

19             So the question we raised and thought we would

20   raise with the Court is whether it would be appropriate for

21   the Court to enter an Order just making clear that in this

22   case given the ongoing pandemic and various other

23   (indiscernible) orders in place, that the parties are

24   authorized to issue Rule 45 subpoenas that direct third

25   party witnesses to appear by video conference.

1              THE COURT:  Okay.  Mr. Blatchley, any objection to

2      that?

3              MR. BLATCHLEY:  No, Your Honor.  And I think we

4      had discussed prior to the call that we were in total

5      agreement that we would like depositions to proceed

6      remotely.  Third party depositions as well, so long as we're

7      kind of operating under the Covid conditions.

8              THE COURT:  Right.  Well, I couldn't agree more

9      strongly that it makes sense to have as many depositions as

10     possible remotely right now.  You all know just as well as I

11     do that as much as we had hoped we would be in a different

12     position by now, we're not.  Cases continue to spread and

13     whenever people can make accommodations that emphasize

14     safety, I am completely supportive of that.  And I

15     appreciate your cooperativeness between counsel about making

16     that happen.

17             I don't know that I think that any order is

18     necessary, but I hear and appreciate your concern.  And so I

19     think we will do some sort of text-only order just noting

20     that in light of the pandemic that we're interpreting

21     Rule 45 to permit notification for video or remote

22     depositions as well as more traditional in-person

23     depositions.

24             Let's jump to the second issue since that one was

25     so smoothly handled, and my fingers are crossed that the

1          next one will be as well.  It sounds like you all are going

2          to be filing a stipulation about adjusting the case

3          schedule.

4                    Mr. Blatchley, you want to take this one on?

5                    MR. BLATCHLEY:  Sure, Your Honor.  I actually

6          think that we or the defendants filed a proposed schedule

7          and proposed order this morning.  Apologies that hasn't hit

8          your desk yet.  But essentially the proposed schedule that

9          the parties have agreed to pushes pretty much every deadline

10         out in the case that we originally had previously by

11         approximately four months, which was effectively a move

12         that, you know, mirrored the delay and the substantial

13         completion deadline.  And, you know, in light of that fact,

14         the delay is substantial completion deadline as well as kind

15         of the ongoing logistical difficulties that we were just

16         discussing related to Covid.  I think the parties agree, and

17         it made sense to push the schedule out by those dates and

18         that's in the proposed order that we submitted to Your

19         Honor.

20                    THE COURT:  Okay, I did just see that.  Thank you

21         for flagging that for me.  I pulled it up on the docket now.

22         I will take a look.  I doubt that I'm going to have any

23         concern.  I'll likely run it by Judge Davis too to make sure

24         that he has no concern, but, you know, given that you've

25         proceeded by stipulation, that is always my strong

1    preference, and it's very likely that we'll get that order

2    entered in the next day or two.  And that seems pretty

3    self-explanatory, I don't think we need to discuss anything

4    related to that.

5              Mr. Blatchley, anything else on your agenda that

6    you would like to talk about today?

7              MR. BLATCHLEY:  No, Your Honor.  I mean I would

8    just flag for the Court, I don't think there's anything ripe

9    yet that we wanted to raise with Your Honor.  We certainly

10   didn't discuss anything with the defendants beforehand.  We,

11   obviously, are continuing to engage in a dialogue with the

12   defendants about numerous discovery disputes that we're

13   having on document requests, interrogatories, privilege and

14   redaction, but there's nothing for us to raise with Your

15   Honor today.

16             THE COURT:  Okay.  Mr. Gibbs, anything from your

17   perspective?

18             MR. GIBBS:  No, Your Honor.  Not for today.

19             THE COURT:  Okay.  I think we have another one of

20   these conferences set for a couple of months down the road.

21   I will keep that in place but you all certainly know how to

22   reach out to me to discuss things that might arise in the

23   meantime.

24             I will take a look at your joint stipulation and

25   the schedule and get that entered quickly as well as doing

1  something on the record to bless the remote third party

2  depositions just in case that's necessary.  And I think that

3  concludes our business for today.

4          So I really appreciate you all having e-mailed me

5  yesterday.  That helps me very much understand what is going

6  to be discussed, and I encourage you to do that again in the

7  future and that's it.  Thank you.  We are in recess.

8                  (Court adjourned at 10:12 a.m.)

9

10                  *      *      *

11              **REPORTER'S CERTIFICATE**

12          I, Maria V. Weinbeck, certify that the foregoing is

13  a correct transcript from the record of proceedings in the

14  above-entitled matter.

15              Certified by:  _s/ Maria V. Weinbeck_

16                          Maria V. Weinbeck, RMR-FCRR

17

18

19

20

21

22

23

24

25