# Exhibit 1

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION | MDL No. 17-2795 (MJD/KMM) |

This Document Relates to:

Civil Action No. 18-296 (MJD/KMM)

---

**DECLARATION OF LAYN R. PHILLIPS IN SUPPORT OF
MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, LAYN R. PHILLIPS, declare:

1. I submit this Declaration in my capacity as the mediator in the above-captioned securities class action ("Action") and in connection with the proposed settlement of claims asserted in the Action (the "Settlement"). I make this Declaration based on personal knowledge and am competent to so testify.[1]

### I. BACKGROUND AND QUALIFICATIONS

2. I am a former United States District Judge, a former United States Attorney, and a former litigation partner with the firm of Irell & Manella LLP. I currently serve as a mediator and arbitrator with my own alternative dispute resolution company, Phillips

---

[1] While the mediation process is confidential, the Parties have authorized me to inform the Court of the matters set forth herein in support of final approval of the Settlement. My statements and those of the Parties during the mediation process are subject to a confidentiality agreement and Federal Rule of Evidence 408, and there is no intention on either my part or the Parties' part to waive the agreement or the protections of Rule 408.

ADR Enterprises ("Phillips ADR"), which is based in Corona Del Mar, California. I am a member of the bars of Oklahoma, Texas, California, and the District of Columbia, as well as the United States Courts of Appeals for the Ninth and Tenth Circuits and the Federal Circuit.

3. I earned my Bachelor of Science in Economics as well as my J.D. from the University of Tulsa. I also completed two years of L.L.M. work at Georgetown University Law Center in the area of economic regulation of industry. After serving as an antitrust prosecutor and an Assistant United States Attorney in Los Angeles, California, I was nominated by President Reagan to serve as a United States Attorney in Oklahoma, where I served for approximately four years. Thereafter, I was nominated by President Reagan to serve as a United States District Judge for the Western District of Oklahoma. While on the bench, I presided over more than 140 federal trials and sat by designation in the United States Court of Appeals for the Tenth Circuit. I also presided over cases in Texas, New Mexico, and Colorado.

4. I left the federal bench in 1991 and joined Irell & Manella where, for 23 years, I specialized in alternative dispute resolution, complex civil litigation, and internal investigations. In 2014, I left Irell & Manella to found my own company, Phillips ADR, which provides mediation and other alternative dispute resolution services.

5. Over the past 26 years, I have served as a mediator and arbitrator in connection with numerous large, complex cases, including securities cases such as this one.

## II.     THE ARM'S-LENGTH SETTLEMENT NEGOTIATIONS

6.     On February 4, 2020, counsel for Plaintiffs, Defendants, and other interested parties participated in a full-day mediation session before me in Corona Del Mar. The participants included (i) attorneys from Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP and Stoll Berne; (ii) Brian DeHaan, a representative of Lead Plaintiff Oregon; (iii) counsel for Defendants, including attorneys from Cooley LLP; (iv) Ryan McManis and Steven Young, representatives of Defendant CenturyLink, Inc., and (v) representatives of various Defendants' insurance carriers.

7.     In advance of this mediation session, the Parties exchanged and submitted detailed mediation statements and supporting exhibits addressing liability, loss causation, and damages. During the mediation, counsel for Plaintiffs and Defendants presented arguments regarding their clients' positions. The work that went into the mediation statements and competing presentations and arguments was substantial.

8.     During the mediation session, I engaged in extensive discussions with counsel on both sides in an effort to find common ground between the Parties' respective positions. During these discussions, I challenged each side separately to address the weaknesses in each of their positions and arguments. In addition to vigorously arguing their respective positions, the Parties exchanged rounds of settlement demands and offers. However, the Parties were not able to reach any agreement during the mediation session.

9.     In October 2020, the Parties began to reengage in settlement negotiations. Following additional written submissions by the Parties, and in an effort to finally resolve this litigation, on November 4, 2020, I issued a mediator's recommendation that the

3

parties settle the Action for $55,000,000. The Parties subsequently accepted my recommendation and documented their agreement in a term sheet and the subsequently negotiated settlement agreement before the Court.

10. The mediation process was an extremely hard-fought negotiation from beginning to end and was conducted by experienced and able counsel on both sides. Throughout the mediation process, the negotiations between the Parties were vigorous and conducted at arm's-length and in good faith. Because the Parties submitted their mediation statements and arguments in the context of a confidential mediation process pursuant to Federal Rule of Evidence 408, I cannot reveal their content. I can say, however, that the arguments and positions asserted by all involved were the product of substantial work, they were complex and highly adversarial and reflected a detailed and in-depth understanding of the strengths and weaknesses of the claims and defenses at issue in this case.

### III.   CONCLUSION

11. Based on my experience as a litigator, a former United States District Judge, and a mediator, I believe that the Settlement represents a recovery and outcome that is reasonable and fair for the Class and all Parties involved. I further believe it was in the best interests of the Parties that they avoid the burdens and risks associated with taking a case of this size and complexity to trial. I support the Court's approval of the Settlement in all respects.

12. Lastly, the advocacy on both sides of the case was excellent. All counsel displayed the highest level of professionalism in zealously and capably representing their respective clients.

13. I declare under penalty of perjury that the foregoing facts are true and correct and that this Declaration was executed this 14th day of June, 2020.

_____
LAYN R. PHILLIPS