# Exhibit 4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION

MDL No. 17-2795 (MJD/KMM)

This Document Relates to:
Civil Action No. 18-296 (MJD/KMM)

---

**DECLARATION OF OWEN F. SULLIVAN REGARDING: (A) MAILING OF THE NOTICE AND CLAIM FORM; (B) PUBLICATION OF THE SUMMARY NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION RECEIVED TO DATE**

I, Owen F. Sullivan, declare and state as follows:

1. I am a Project Manager employed by Epiq Class Action & Claims Solutions, Inc. ("Epiq"). Pursuant to the Court's Order Preliminarily Approving Settlement and Authorizing Dissemination of Notice of Settlement Pursuant to Fed. R. Civ. P. 23(e)(i) dated March 18, 2021 (ECF No. 360) ("Preliminary Approval Order"), Epiq was authorized to act as the Claims Administrator in connection with the Settlement of the above-captioned class action.[1] The following statements are based on my personal knowledge and information provided by other Epiq employees working under my supervision and, if called on to do so, I could and would testify competently thereto.

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meaning as set forth in the Stipulation and Agreement of Settlement dated January 29, 2021 (ECF No. 354-1) (the "Stipulation").

**DISSEMINATION OF THE NOTICE PACKET**

2. Pursuant to the Preliminary Approval Order, Epiq mailed the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation and Expenses (the "Notice") and the Proof of Claim and Release Form (the "Claim Form") (collectively, the Notice and Claim Form are referred to as the "Notice Packet"), to potential Class Members. A copy of the Notice Packet is attached hereto as Exhibit A.

3. On March 18, 2021, Epiq received an Excel file from Lead Counsel, which Lead Counsel had received from the Defendants containing the names and addresses of 36,482 potential Class Members. Epiq extracted these records from the file and, after clean-up and de-duplication, there remained 36,281 unique names and addresses.

4. For 430 of the potential Class Members, the records included an e-mail address for the potential Class Member. For these potential Class Members, Epiq formatted the Notice Packet to be sent electronically via e-mail. On April 15, 2021, Epiq emailed the Notice Packet to these 430 potential Class Members.

5. For the remaining 35,851 potential Class Members, Epiq formatted the Notice Packet, and caused it to be printed, personalized with the name and mailing address of the potential Class Member. On April 15, 2021, Epiq caused the Notice to be mailed by first-class mail, postage prepaid, to these 35,851 potential Class Members.

6. As in most class actions of this nature, the large majority of potential Class Members are beneficial purchasers whose securities are held in "street name" – i.e., the securities are purchased by brokerage firms, banks, institutions and other third-party

nominees in the name of the nominee, on behalf of the beneficial purchasers. Epiq maintains and updates an internal list of the largest and most common banks, brokers and other nominees. At the time of the initial mailing, Epiq's internal broker list contained 1,144 mailing records. On April 15, 2021, Epiq caused Notice Packets to be mailed to the 1,144 mailing records contained in its internal broker list.

7. In total, 37,425 copies of the Notice Packet were disseminated to potential Class Members and nominees on April 15, 2021.

8. The Notice also directed those who purchased or otherwise acquired publicly traded CenturyLink common stock or 7.60% Notes during the Class Period for the beneficial interest of a person or organization other than themselves to either: (i) request, within seven (7) calendar days of receipt of the Notice, additional copies of the Notice Packet from the Claims Administrator, and send a copy of the Notice Packet to such beneficial owners, no later than seven (7) calendar days after receipt of the copies of the Notice Packet; or (ii) provide Epiq with the names, addresses, and email addresses (if available) of such beneficial owners no later than seven (7) calendar days after such nominees' receipt of the Notice.

9. Through June 14, 2021, Epiq has mailed 284,821 Notice Packets to potential members of the Class whose names and addresses were received from individuals, entities, or nominees requesting that Notice Packets be mailed to such persons, and mailed another 629,675 Notice Packets to nominees who requested Notice Packets to forward to their customers. Each of the requests was responded to in a timely manner, and Epiq will continue to timely respond to any additional requests received.

10. Through June 14, 2021, an aggregate of 951,921 Notice Packets have been disseminated to potential Class Members and nominees.

**PUBLICATION OF THE SUMMARY NOTICE**

11. In accordance with paragraph 5(d) of the Preliminary Approval Order, Epiq caused the Summary Notice of (I) Pendency of Class Action and Proposed Settlement, (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses (the "Summary Notice") to be published once in the national edition of the *Investor's Business Daily* and to be transmitted over the *PR Newswire* on April 26, 2021. Attached as Exhibit B is a Confirmation of Publication attesting to the publication of the Summary Notice in the *Investor's Business Daily* and a screen shot attesting to the transmittal of the Summary Notice over the *PR Newswire*.

**CALL CENTER SERVICES**

12. Epiq reserved a toll-free phone number for the Settlement, 1-800-726-0952, which was set forth in the Notice, the Claim Form, and the published Summary Notice, and on the Settlement website.

13. The toll-free number connects callers with an Interactive Voice Recording ("IVR"). The IVR provides callers with pre-recorded information, including a brief summary about the Action and the option to request a copy of the Notice. The toll-free telephone line with pre-recorded information is available 24 hours a day, 7 days a week.

14. In addition, Monday through Friday from 6:00 a.m. to 6:00 p.m. Pacific Time (excluding official holidays), callers to the toll-free telephone number are able to speak to a live operator regarding, among other things, the status of the Settlement and/or

obtain answers to questions they may have about communications they receive from Epiq. During other hours, callers may leave a message for an agent to call them back.

15. Epiq made the IVR available on April 15, 2021, the same date Epiq began mailing the Notice Packets.

## WEBSITE

16. Epiq established and is maintaining a website dedicated to this Settlement (www.CenturyLinkSecuritiesLitigation.com) to provide additional information to Class Members. Users of the website can download copies of the Notice, the Claim Form, the Stipulation, the Preliminary Approval Order, and the Complaint. The web address for the Settlement website was set forth in the published Summary Notice, the Notice, and on the Claim Form. The website was operational beginning on April 14, 2021, and is accessible 24 hours a day, 7 days a week. Epiq will continue operating, maintaining and, as appropriate, updating the website until the conclusion of this administration.

## REQUESTS FOR EXCLUSION

17. Pursuant to the Preliminary Approval Order, Class Members who wish to be excluded from the Class are required to request exclusion in writing so that the request is received no later than June 29, 2021. This deadline has not yet passed. Through June 14, 2021, Epiq has received 24 requests for exclusion. Epiq will submit a supplemental declaration after the June 29, 2021 deadline for requesting exclusion that will address all of the requests for exclusion received.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on June 15, 2021, at Beaverton, Oregon.

Owen F Sullivan
___________________________________
Owen F. Sullivan

# Exhibit A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION

MDL No. 17-2795 (MJD/KMM)

This Document Relates to:
Civil Action No. 18-296 (MJD/KMM)

# NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES

***A Federal Court authorized this Notice. This is not a solicitation from a lawyer.***

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the District of Minnesota (the "Court"), if, during the period from March 1, 2013 through July 12, 2017, inclusive (the "Class Period"), you purchased or otherwise acquired publicly traded CenturyLink, Inc. ("CenturyLink" or the "Company")[1] common stock or 7.60% Senior Notes due September 15, 2039 ("7.60% Notes") (collectively, "CenturyLink Securities") and were damaged thereby.[2]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiff and Class Representative the State of Oregon by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund ("Oregon"), and named plaintiff and Class Representative Fernando Alberto Vildosola, as trustee for the AUFV Trust U/A/D 02/19/2009 (collectively, "Plaintiffs"), on behalf of themselves and the Class (as defined in ¶ 22 below), have reached a proposed settlement of the Action for $55,000,000 in cash.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Office of the Clerk of the Court, Defendants, or their counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 88 below).**

1. **Description of the Action and the Class:** This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants CenturyLink, Glen F. Post, III, R. Stewart Ewing, Jr., David D. Cole, Karen Puckett, Dean J. Douglas, and G. Clay Bailey (collectively, "Defendants") violated the federal securities laws by making false and misleading statements regarding CenturyLink's business during the Class Period. A more detailed description of the Action is set forth in ¶¶ 11-21 below. The proposed Settlement, if approved by the Court, will settle claims of the Class, as defined in ¶ 22 below.

2. **Statement of the Class's Recovery:** Subject to Court approval, Plaintiffs, on behalf of themselves and the Class, have agreed to settle the Action in exchange for $55,000,000 in cash (the "Settlement Amount") to be deposited into an escrow account. The "Net Settlement Fund" (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court. The proposed plan of allocation (the "Plan of Allocation") is set forth in ¶¶ 49-71 below. The Plan of Allocation will determine how the Net Settlement Fund will be allocated among members of the Class.

[1] CenturyLink changed its legal name to "Lumen Technologies, Inc" on January 22, 2021.

[2] All capitalized terms used in this Notice that are not otherwise defined in this Notice have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated January 29, 2021 (the "Stipulation"), which is available at www.CenturyLinkSecuritiesLitigation.com.

3. **Estimate of Average Amount of Recovery Per Share or Note:** Based on Plaintiffs' damages expert's estimate of the number of CenturyLink Securities purchased during the Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described in this Notice) is $0.12 per affected share of CenturyLink common stock and $2.21 per affected CenturyLink 7.60% Note. **Class Members should note, however, that the foregoing average recovery per share or note is only an estimate.** Some Class Members may recover more or less than these estimated amounts depending on, among other factors, which CenturyLink Securities they purchased, when and at what prices they purchased/acquired or sold their CenturyLink Securities, and the total number and value of valid Claim Forms submitted. Distributions to Class Members will be made based on the Plan of Allocation set forth in this Notice (*see* ¶¶ 49-71 below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share or Note:** The Parties do not agree on the average amount of damages per share or note that would be recoverable if Plaintiffs were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Plaintiffs' Counsel have been prosecuting the Action on a wholly contingent basis since 2017, have not received any payment of attorneys' fees for their representation of the Class, and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP ("BLB&G") and Stoll Stoll Berne Lokting & Shlachter P.C. ("Stoll Berne"), will apply to the Court for an award of attorneys' fees for Plaintiffs' Counsel in an amount not to exceed 25% of the Settlement Fund. In addition, Lead Counsel will apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action in an amount not to exceed $2,000,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses. The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application, is $0.03 per affected share of CenturyLink common stock and $0.63 per affected CenturyLink 7.60% Note.

6. **Identification of Attorneys' Representatives:** Plaintiffs and the Class are represented by John C. Browne, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020, 1-800-380-8496, settlements@blbglaw.com, and Timothy S. DeJong, Esq. of Stoll Stoll Berne Lokting & Shlachter P.C., 209 SW Oak Street, Suite 500, Portland, OR 97204, 1-503-227-1600, CenturyLinkSettlement@stollberne.com.

7. **Reasons for the Settlement:** Plaintiffs' principal reason for entering into the Settlement is the substantial and certain recovery for the Class without the risk or delays inherent in further litigation. Moreover, the substantial recovery provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny that they have committed any act or omission giving rise to liability under the federal securities laws, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

[Continued on next page]

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY MAIL *POSTMARKED* NO LATER THAN AUGUST 13, 2021 OR ONLINE NO LATER THAN AUGUST 13, 2021.** | This is the only way to be eligible to receive a payment from the Net Settlement Fund. If you are a Class Member and you remain in the Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (as defined in ¶ 31 below) that you have against Defendants and the other Defendants' Releasees (as defined in ¶ 32 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN JUNE 29, 2021.** | If you exclude yourself from the Class, you will not be eligible to receive any payment from the Net Settlement Fund. This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN JUNE 29, 2021.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for an award of attorneys' fees and Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Class Member and do not exclude yourself from the Class. |
| **PARTICIPATE IN A HEARING ON JULY 20, 2021 AT 11:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN JUNE 29, 2021.** | Filing a written objection and notice of intention to appear by **June 29, 2021** allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and Litigation Expenses. In the Court's discretion, the **July 20, 2021** hearing may be conducted by telephone or video conference (*see* ¶¶ 78-79 below). If you submit a written objection, you may (but you do not have to) participate in the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Net Settlement Fund. You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS


Why Did I Get This Notice? .......... Page 4
What Is This Case About? .......... Page 4
How Do I Know If I Am Affected By The Settlement? Who Is Included In The Class? .......... Page 6
What Are Plaintiffs' Reasons For The Settlement? .......... Page 6
What Might Happen If There Were No Settlement? .......... Page 7
How Are Class Members Affected By The Action And The Settlement? .......... Page 7
How Do I Participate In The Settlement? What Do I Need To Do? .......... Page 8
How Much Will My Payment Be? .......... Page 9
What Payment Are The Attorneys For The Class Seeking? How Will The Lawyers Be Paid? .......... Page 13
What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself? .......... Page 13
When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing? May I Speak At The Hearing If I Don't Like The Settlement? .......... Page 14
What If I Bought Securities On Someone Else's Behalf? .......... Page 16
Can I See The Court File? Whom Should I Contact If I Have Questions? .......... Page 16


## WHY DID I GET THIS NOTICE?

8. The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired publicly traded CenturyLink common stock and/or 7.60% Notes during the Class Period. The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9. The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses (the "Settlement Fairness Hearing"). *See* ¶¶ 78-79 below for details about the Settlement Fairness Hearing, including the date and location of the hearing.

10. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11. CenturyLink provides a wide variety of telecommunications services throughout the United States. In this Action, Plaintiffs allege that Defendants made a series of false and misleading statements about CenturyLink's billing practices and its financial condition during the Class Period. Plaintiffs further allege that the Class suffered damages when investors learned the true facts about the Company's business practices and financial condition.

12. Beginning on June 21, 2017, several CenturyLink investors filed putative securities class action complaints, which were filed in or transferred to the United States District Court for the Western District of Louisiana ("Western District of Louisiana"). On October 20, 2017, the Western District of Louisiana appointed Oregon as Lead Plaintiff and approved Oregon's selection of BLB&G and Stoll Berne as Lead Counsel for the proposed class.

13. Following the transfer of the case to the United States District Court for the District of Minnesota (the "Court"), on June 25, 2018, Plaintiffs filed the Consolidated Securities Class Action Complaint (the "Complaint"), which is the operative complaint in the Action. The Complaint asserts claims against Defendants CenturyLink, Post, Ewing, Cole, Puckett, and Douglas under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against Defendants Post, Ewing, Cole, Puckett, Douglas, and Bailey under Section 20(a) of the Exchange Act. Among other things, the Complaint alleges that, throughout the Class Period, Defendants made materially false and misleading statements concerning the Company's billing practices and financial condition. The Complaint further alleges that the prices of publicly traded CenturyLink common stock and 7.60% Notes were artificially inflated as a result of Defendants' allegedly false and misleading statements, and that the prices of these securities declined when the truth was revealed.

14. On September 11, 2018, Defendants filed their motion to dismiss the Complaint, which was fully briefed on November 9, 2018. Following oral argument, on July 30, 2019, the Court issued its Memorandum of Law & Order denying Defendants' motion to dismiss in its entirety.

15. On August 13, 2019, Defendants filed their Answer to the Complaint.

16. On January 21, 2020, Plaintiffs filed their motion for class certification and supporting papers (the "Class Certification Motion"), which was fully briefed on June 12, 2020. Following oral argument, on September 14, 2020, the Court issued its Memorandum of Law & Order granting Plaintiffs' Class Certification Motion ("Class Certification Order"). The Court's Class Certification Order certified the Class as defined in ¶ 22 below, appointed Plaintiffs as Class Representatives, and appointed BLB&G and Stoll Berne as Class Counsel.

17. Discovery in the Action commenced in August 2019. Plaintiffs prepared and served initial disclosures, requests for production of documents, and interrogatories on Defendants, exchanged numerous letters with Defendants concerning discovery issues, and served 30 document subpoenas on third parties. Defendants and third parties produced a total of over 2.3 million pages of documents to Plaintiffs, and Plaintiffs produced over 500,000 pages of documents to Defendants in response to their requests. Plaintiffs defended the depositions of four witnesses in the Action, including those of Mr. Michael Viteri, Senior Investment Officer of Public Equities at the Oregon State Treasury, and Mr. Brian DeHaan, Senior Assistant Attorney General at the Oregon Department of Justice, both of whom served as Rule 30(b)(6) representatives for Oregon; Mr. Vildosola; and Dr. Michael Hartzmark, Plaintiffs' class certification expert, who was deposed twice, and took the deposition of Mr. Bruce Deal, Defendants' class certification expert. Plaintiffs also obtained and reviewed the deposition transcripts (and accompanying exhibits) of 80 witnesses deposed in the action pursued by the Minnesota State Attorney General, captioned *State of Minnesota v. CenturyTel Broadband Services LLC*, No. 02-CV-17-3488 (10th Jud. Dist. Minn.), and the related consolidated consumer class action, captioned *In re CenturyLink Sales Practices and Sec. Litig.*, Civil No. 17-2832 (D. Minn.).

18. The Parties began exploring the possibility of a settlement in late 2019, and agreed to engage in private mediation before retired United States District Court Judge Layn R. Phillips (the "Mediator"), one of the nation's preeminent mediators for securities class actions. Pursuant to a schedule set by the Mediator, the Parties exchanged mediation statements on January 27, 2020, and participated in a full-day mediation session on February 4, 2020.

19. The mediation was ultimately unsuccessful, and the Parties thereafter returned to their prior litigation positions. Following months of additional litigation efforts, including the propounding of considerable additional discovery by Plaintiffs and discovery motion practice before the Magistrate Judge, the Honorable Kate M. Menendez, as well as briefing and arguing Plaintiffs' Class Certification Motion, the Parties re-engaged in settlement discussions beginning in early October 2020 following the Court's order granting Plaintiffs' Class Certification Motion and Defendants' filing of a petition seeking interlocutory review of the Class Certification Order pursuant to Fed. R. Civ. P. 23(f). The Parties engaged in extensive negotiations throughout the ensuing weeks, and ultimately reached an impasse. In an effort to resolve the deadlock, the Parties agreed to re-engage the Mediator on October 30, 2020. On November 4, 2020, the Mediator issued a mediator's recommendation that the Action be settled for $55,000,000 in cash, which the Parties accepted. On November 19, 2020, the Parties entered into a Term Sheet memorializing their agreement in principle to settle the Action.

20. On January 29, 2021, the Parties entered into the Stipulation, which sets forth the final terms and conditions of the Settlement. The Stipulation is available for review at www.CenturyLinkSecuritiesLitigation.com.

21. On March 18, 2021, the Court enter an Order preliminarily approving the Settlement, authorizing this Notice to be disseminated to potential Class Members, and scheduling the Settlement Fairness Hearing to consider whether to grant final approval of the Settlement (the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, pending final determination of whether the Settlement should be finally approved, Plaintiffs, and all other members of the Class (except for any Class Member that submits a request for exclusion from the Class that is

accepted by the Court), are barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as a Class Members or otherwise), or receiving any benefits from, any class action or other lawsuit, arbitration, or administrative, regulatory, or other proceeding in any jurisdiction, asserting Released Plaintiffs' Claims against the Defendants' Releasees.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS?

22. If you are a member of the Class, you are subject to the Settlement unless you timely request to be excluded. The Class certified by Order of the Court on September 14, 2020 consists of:

> All persons and entities that purchased or otherwise acquired publicly traded CenturyLink common stock or 7.60% Senior Notes due September 15, 2039 ("7.60% Notes") during the period from March 1, 2013 through July 12, 2017, inclusive (the "Class Period"), and who were damaged thereby.

Excluded from the Class are CenturyLink's affiliates and subsidiaries; the Officers and directors of CenturyLink and its subsidiaries and affiliates at all relevant times; members of the Immediate Family of any excluded person; heirs, successors, and assigns of any excluded person or entity; and any entity in which any excluded person has or had a controlling interest. Also excluded from the Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself," on page 13 below.

**PLEASE NOTE: RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO A PAYMENT FROM THE SETTLEMENT. IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO RECEIVE A PAYMENT FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH IN THE CLAIM FORM BY MAIL POSTMARKED NO LATER THAN AUGUST 13, 2021 OR ONLINE USING THE SETTLEMENT WEBSITE, WWW.CENTURYLINKSECURITIESLITIGATION.COM, NO LATER THAN AUGUST 13, 2021.**

## WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENT?

23. Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through summary judgment, trial, and appeals, as well as the very substantial risks they would face in establishing liability and damages. Such risks include the potential challenges associated with proving that there were material misstatements and omissions in Defendants' public statements, proving that Defendants acted with scienter in making any misstatements and omissions, proving that Defendants' misstatements were material to investors, proving that Defendants' misstatements caused Plaintiffs and Class Members' harm, and establishing significant damages under the securities laws. If the Parties had not entered into the Settlement, Plaintiffs would have to prevail at several additional stages—summary judgment, a trial, and if it prevailed on those, on appeals that were likely to follow—in order to secure any recovery for the Class. Thus, there were very significant risks related to the continued prosecution of the claims against Defendants.

24. In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Class, Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class. Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Class, namely $55,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery at all, after summary judgment, trial, and appeals, possibly years in the future.

25. Defendants have denied the claims asserted against them in the Action and deny that the Class was harmed or suffered any damages as a result of the conduct alleged in the Action. Defendants have agreed to the Settlement solely to eliminate the uncertainty, burden, and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

26. If there were no Settlement and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Plaintiffs nor the other members of the Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW ARE CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

27. As a Class Member, you are represented by Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

28. If you are a Class Member and do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Class? How Do I Exclude Myself?," below.

29. If you are a Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's application for attorneys' fees and Litigation Expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

30. If you are a Class Member and you do not exclude yourself from the Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Plaintiffs and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such only, will have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Plaintiffs' Claims (as defined in ¶ 31 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 32 below), and will forever be barred and enjoined from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing any or all of the Released Plaintiffs' Claims against the Defendants' Releasees in any action or any proceeding in any forum.

31. "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims (as defined in ¶ 33 below), whether arising under federal, state, common, or foreign law, that (i) Plaintiffs or any other member of the Class asserted in the Complaint or could have asserted in any other forum that arise out of or are based upon the allegations, transactions, facts, matters, alleged misrepresentations, or alleged omissions involved, set forth, or referred to in the Complaint and (ii) relate to the purchase or acquisition of CenturyLink common stock or 7.60% Notes during the Class Period. For the avoidance of doubt, the Released Plaintiffs' Claims do not release or impair (i) any claims asserted by or on behalf of CenturyLink's customers in their capacity as customers, including without limitation the claims asserted in *In re CenturyLink Sales Practices and Sec. Litig.*, Civil Nos. 17-2832, 17-4613, 17-4614, 17-4615, 17-4616, 17-4617, 17-4618, 17-4619, 17-4622, 17-4943, 17-4944, 17-4945, 17-4947, 17-5001, 17-5046, 18-1573, 18-1572, 18-1565, 18-1562 (D. Minn.) ("Consumer Actions") or any cases consolidated into the Consumer Actions; (ii) claims asserted by or on behalf of CenturyLink's shareholders derivatively on behalf of CenturyLink, including without limitation the claims asserted in *In re CenturyLink Sales Practices and Sec. Litig.*, Civil Nos. 18-2460, 18-2833, 18-2834, 18-2835, 19-263, 19-284 (D. Minn.) or *In re CenturyLink, Inc. Stockholder Derivative Litigation*, Master Index No. C20182002 (La. Dist. Ct.) (collectively, "Derivative Actions"), or any cases consolidated into the Derivative Actions; (iii) any claims asserted on behalf of former Level 3 shareholders, including without limitation the claims asserted in *Houser v. CenturyLink, Inc.*, Civil No. 18-30566 (Colo. Dist. Ct., Boulder Cnty.); (iv) any claims by any governmental entity that arise out of any investigation of Defendants relating to the conduct alleged in the Action; (v) any claims relating to the enforcement of the Settlement; or (vi) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

32. "Defendants' Releasees" means Defendants and their current and former insurance carriers, indemnifiers, reinsurers, parents, affiliates, subsidiaries, divisions, officers, directors, agents, successors (including Lumen Technologies, Inc.), predecessors, assigns, assignees, partnerships, partners, trustees, heirs, principals, trusts, executors, administrators, members, representatives, estates, estate managers, advisors, bankers, consultants, experts, accountants, auditors, employees, Immediate Family members, and attorneys (including Defendants' Counsel), in their capacities as such, and any entity in which any Defendant has or had a controlling interest.

33. "Unknown Claims" means, collectively, any Released Plaintiffs' Claims which any Plaintiff or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiffs and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

34. The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such only, will have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Defendants' Claims (as defined in ¶ 35 below) against Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 36 below), and will forever be barred and enjoined from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing any or all of the Released Defendants' Claims against the Plaintiffs' Releasees in any action or any proceeding in any forum.

35. "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common or foreign law, that arise out of, are based upon, or are related to the institution, prosecution, or settlement of the securities fraud claims against Defendants. For the avoidance of doubt, the Released Defendants' Claims do not release or impair (i) any claims relating to the enforcement of the Settlement; and (ii) any claims against any person or entity who or which submits a request for exclusion that is accepted by the Court.

36. "Plaintiffs' Releasees" means Plaintiffs, all other plaintiffs in the Action, and all other Class Members, and their respective current and former insurance carriers, indemnifiers, reinsurers, parents, affiliates, subsidiaries, divisions, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, heirs, principals, trusts, executors, administrators, members, representatives, estates, estate managers, advisors, bankers, consultants, experts, accountants, auditors, employees, Immediate Family members, and attorneys (including Plaintiffs' Counsel), in their capacities as such, and any entity in which any Plaintiff or other Class Member has or had a controlling interest.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

37. To be eligible for a payment from the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation by mail ***postmarked* no later than August 13, 2021** or submitted online using the website maintained by the Claims Administrator for the Settlement, www.CenturyLinkSecuritiesLitigation.com, **no later than August 13, 2021**. A Claim Form is included with this Notice, or you may obtain one from the Settlement website, www.CenturyLinkSecuritiesLitigation.com. You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-800-726-0952 or by emailing the Claims Administrator at info@CenturyLinkSecuritiesLitigation.com. Please retain all records of your ownership of and transactions in CenturyLink common stock and CenturyLink 7.60% Notes, as they will be needed to document your Claim. The Parties and the Claims Administrator do not have information about your transactions in CenturyLink common stock or CenturyLink 7.60% Notes.

38. If you request exclusion from the Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

39. At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

40. Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid a total of $55,000,000 in cash (the "Settlement Amount"). The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the Net Settlement Fund (that is, the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

41. The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

42. Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants will not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

43. Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

44. Unless the Court otherwise orders, any Class Member who or which fails to submit a Claim Form **postmarked or submitted online on or before August 13, 2021** will be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a member of the Class and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 31 above) against the Defendants' Releasees (as defined in ¶ 32 above) and will be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Class Member submits a Claim Form.

45. Participants in, and beneficiaries of, a CenturyLink employee benefit plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in CenturyLink Securities held through the ERISA Plan in any Claim Form that they submit in this Action. They should include ONLY those securities that they purchased or acquired outside of the ERISA Plan. Claims based on any ERISA Plan's purchases or acquisitions of CenturyLink Securities during the Class Period may be made by the plan's trustees.

46. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

47. Each Claimant will be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

48. Only Class Members, *i.e.*, persons and entities who purchased or otherwise acquired publicly traded CenturyLink common stock or 7.60% Notes during the Class Period and were damaged as a result of such purchases or acquisitions, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Class by definition or that exclude themselves from the Class pursuant to request will not be eligible for a payment and should not submit Claim Forms. The only securities that are included in the Settlement are publicly traded CenturyLink common stock and 7.60% Notes.

### PROPOSED PLAN OF ALLOCATION

49. The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

50. In developing the Plan of Allocation in conjunction with Lead Counsel, Plaintiffs' damages expert calculated the estimated amount of artificial inflation in the closing prices of publicly traded CenturyLink common stock and 7.60% Notes during the Class Period which allegedly was proximately caused by Defendants' alleged materially false and misleading statements and omissions.

51. In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Plaintiffs' damages expert considered price changes in publicly traded CenturyLink common stock and 7.60% Notes in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and omissions. These inflation amounts were adjusted for price changes that were attributable to market or industry forces and based on assumptions related to the case provided by Lead Counsel. The estimated artificial inflation in publicly traded CenturyLink common stock is stated in Table A attached to the end of this Notice. The estimated artificial inflation in publicly traded CenturyLink 7.60% Notes is stated in Table B attached to the end of this Notice.

52. In order to have recoverable damages, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security. In this case, Plaintiffs allege that Defendants made false statements and omitted material facts during the Class Period which had the effect of artificially inflating the prices of publicly traded CenturyLink common stock and 7.60% Notes. Plaintiffs further allege that corrective information was released to the market on June 16, 2017,[3] June 19, 2017, and July 12, 2017[4] that partially removed the artificial inflation from the prices of CenturyLink Securities.

53. Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the respective prices of CenturyLink Securities at the time of purchase or acquisition and at the time of sale or the difference between the actual purchase/acquisition price and sale price. Accordingly, in order to have a Recognized Loss Amount under the Plan of Allocation, a Class Member who or which purchased or otherwise acquired CenturyLink common stock or 7.60% Notes during the Class Period must have held the respective CenturyLink Security over a date on which corrective information was released to the market and partially removed the artificial inflation from the price of the security.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

### CenturyLink Common Stock

54. Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of publicly traded CenturyLink common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

55. For each share of publicly traded CenturyLink common stock purchased or otherwise acquired during the period from March 1, 2013 through and including the close of trading on July 12, 2017, and:

(i) Sold before 1:50 PM Eastern Time on June 16, 2017, the Recognized Loss Amount will be $0.00.

(ii) Sold at or after 1:50 PM Eastern Time on June 16, 2017 through and including 12:03 PM Eastern Time on July 12, 2017, the Recognized Loss Amount will be ***the lesser of:*** (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A minus the amount of artificial inflation per share on the date of sale as stated in Table A; or (ii) the purchase/acquisition price minus the sale price.

[3] For purposes of this Plan of Allocation, the Claims Administrator will assume that any shares of CenturyLink common stock purchased/acquired or sold on June 16, 2017 at any price equal to or greater than $27.06 per share occurred before the allegedly corrective information was disclosed to the market, and that any shares purchased/acquired or sold on June 16, 2017 at any price less than $27.06 per share occurred after the allegedly corrective information was disclosed to the market. If a Claimant provides documentation with the time stamp for the trade, any trade made prior to 1:50 PM Eastern Time on June 16, 2017 will be considered as having occurred before the information was disclosed to the market, and any trade at or after 1:50 PM Eastern Time on June 16, 2017 will be considered to have occurred after the information was disclosed to the market. For the 7.60% Notes, all trades on June 16, 2017 are considered to have occurred prior to the market reaction to the allegedly corrective information.

[4] For purposes of this Plan of Allocation, the Claims Administrator will assume that any shares of CenturyLink common stock purchased/acquired or sold on July 12, 2017 at any price equal to or greater than $23.24 per share occurred before the allegedly corrective information was disclosed to the market, and that any shares purchased/acquired or sold on July 12, 2017 at any price less than $23.24 per share occurred after the allegedly corrective information was disclosed to the market. If a Claimant provides documentation with the time stamp for the trade, any trade made prior to 12:04 PM Eastern Time on July 12, 2017 will be considered as having occurred before the information was disclosed to the market, and any trade at or after 12:04 PM Eastern Time on July 12, 2017 will be considered to have occurred after the information was disclosed to the market. For the 7.60% Notes, all trades on July 12, 2017 are considered to have occurred prior to the market reaction to the allegedly corrective information.

(iii) Sold from July 12, 2017 at 12:04 PM Eastern Time through and including the close of trading on October 9, 2017, the Recognized Loss Amount will be ***the least of:*** (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; (ii) the purchase/acquisition price minus the average closing price between July 12, 2017 and the date of sale as stated in Table C attached to the end of this Notice; or (iii) the purchase/acquisition price minus the sale price.

(iv) Held as of the close of trading on October 9, 2017, the Recognized Loss Amount will be ***the lesser of:*** (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (ii) the purchase/acquisition price minus $20.70.[5]

**CenturyLink 7.60% Notes**

56. Based on the formula stated below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of publicly traded CenturyLink 7.60% Notes during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

57. For each publicly traded CenturyLink 7.60% Note purchased or otherwise acquired during the period from March 1, 2013 through and including the close of trading on July 12, 2017, and:

(i) Sold before June 17, 2017, the Recognized Loss Amount will be $0.00.[6]

(ii) Sold from June 17, 2017 through and including July 12, 2017, the Recognized Loss Amount will be ***the lesser of:*** (i) the amount of artificial inflation per note on the date of purchase/acquisition as stated in Table B minus the amount of artificial inflation per note on the date of sale as stated in Table B; or (ii) the purchase/acquisition price minus the sale price.

(iii) Sold from July 13, 2017 through and including the close of trading October 10, 2017, the Recognized Loss Amount will be ***the least of:*** (i) the amount of artificial inflation per note on the date of purchase/acquisition as stated in Table B; (ii) the purchase/acquisition price minus the average price between July 13, 2017 and the date of sale as stated in Table D attached to the end of this Notice; or (iii) the purchase/acquisition price minus the sale price.

(iv) Held as of the close of trading on October 10, 2017, the Recognized Loss Amount will be ***the lesser of:*** (i) the amount of artificial inflation per note on the date of purchase/acquisition as stated in Table B; or (ii) the purchase/acquisition price minus $909.83.[7]

**ADDITIONAL PROVISIONS**

58. **Calculation of Claimant's "Recognized Claim":** A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated under ¶¶ 54 - 57 above. If a Recognized Claim calculates to a negative number or zero, that number will be zero.

59. **LIFO Matching:** If a Class Member made more than one purchase/acquisition or sale of any CenturyLink Security during the Class Period, all purchases/acquisitions and sales of the like security will be matched on a Last In, First Out ("LIFO") basis. Under the LIFO methodology, sales will be matched first against the most recent prior purchases/acquisitions of the like CenturyLink Security in reverse chronological order, and then against any holdings of the like CenturyLink Security at the beginning of the Class Period.

60. **"Purchase/Acquisition/Sale" Prices:** For the purposes of calculations under ¶¶ 54 - 57 above, "purchase/acquisition price" means the actual price paid, excluding any fees, commissions, and taxes, and "sale price" means the actual amount received, not deducting any fees, commissions, and taxes.

[5] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of CenturyLink common stock during the "90-day look-back period," which, for the stock, is July 12, 2017 through and including October 9, 2017. The mean (average) closing price for CenturyLink common stock during this 90-day look back period was $20.70 per share.

[6] All prices for the 7.60% Notes are per $1,000 in Face Value.

[7] As explained in footnote 5 above, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the prices of the security during the 90-day look-back period which, for the 7.60% Notes, is July 13, 2017 through and including October 10, 2017. The mean (average) price for CenturyLink 7.60% Notes during this 90-day look-back period was $909.83.

61. **"Purchase/Acquisition/Sale" Dates:** Purchases or acquisitions and sales of CenturyLink Securities will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of CenturyLink Securities during the Class Period will not be deemed a purchase, acquisition, or sale of those CenturyLink Securities for the calculation of a Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of such CenturyLink Securities unless: (i) the donor or decedent purchased or otherwise acquired or sold such CenturyLink Securities during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such CenturyLink Securities.

62. **Short Sales:** The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the CenturyLink Security. The date of a "short sale" is deemed to be the date of sale of the CenturyLink Security. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

63. **Common Stock Purchased/Sold Through the Exercise of Options:** Option contracts are not securities eligible to participate in the Settlement. With respect to CenturyLink Securities purchased or sold through the exercise of an option, the purchase/sale date of the security is the exercise date of the option and the purchase/sale price is the exercise price of the option.

64. **Market Gains and Losses:** The Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions in CenturyLink Securities during the Class Period. For purposes of making this calculation, the Claims Administrator will determine the difference between: (i) the Claimant's Total Purchase Amount[8] and (ii) the sum of the Claimant's Total Sales Proceeds[9] and the Claimant's Holding Value.[10] If the Claimant's Total Purchase Amount minus the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

65. If a Claimant had a Market Gain with respect to his, her, or its overall transactions in CenturyLink Securities during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement. If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in CenturyLink Securities stock during the Class Period but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss.

66. **Determination of Distribution Amount:** If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant will receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

67. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

68. If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

69. After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator, no less than six (6) months after the initial distribution, will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions

[8] The "Total Purchase Amount" is the total amount the Claimant paid (excluding any fees, commissions, and taxes) for all shares of CenturyLink common stock and CenturyLink 7.60% Notes purchased/acquired during the Class Period.

[9] The "Total Sales Proceeds" will be the total amount received (not deducting any fees, commissions, and taxes) for sales of CenturyLink common stock and 7.60% Notes that were both purchased and sold by the Claimant during the Class Period. The LIFO method as described in ¶ 59 above will be applied for matching sales of CenturyLink common stock and 7.60% Notes to prior purchases/acquisitions of the like security.

[10] The Claims Administrator will ascribe a "Holding Value" of $22.50 to each share of CenturyLink common stock purchased/acquired during the Class Period that was still held as of the close of trading on July 12, 2017. The Claims Administrator will ascribe a "Holding Value" of $915.02 to each CenturyLink 7.60% Note purchased/acquired during the Class Period that was still held as of the close of trading on July 12, 2017.

to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Lead Counsel and approved by the Court.

70. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, will be conclusive against all Authorized Claimants. No person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Plaintiffs' damages or consulting experts, Defendants, Defendants' Counsel, or any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Plaintiffs, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

71. The Plan of Allocation stated herein is the plan that is being proposed to the Court for its approval by Plaintiffs after consultation with their damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the Settlement website, www.CenturyLinkSecuritiesLitigation.com.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

72. Plaintiffs' Counsel have not received any payment for their services in pursuing claims asserted in the Action on behalf of the Class, nor have Plaintiffs' Counsel been paid for their Litigation Expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund. At the same time, Lead Counsel also intend to apply for payment of Litigation Expenses from the Settlement Fund in an amount not to exceed $2,000,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiffs directly related to their representation of the Class, pursuant to the PSLRA. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Class Members are not personally liable for any such fees or expenses.

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS? HOW DO I EXCLUDE MYSELF?

73. Each Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a written Request for Exclusion from the Class, addressed to CenturyLink Securities Litigation, EXCLUSIONS, c/o Epiq, P.O. Box 2588, Portland, OR 97208-2588. The Request for Exclusion must be ***received*** **no later than June 29, 2021**. You will not be able to exclude yourself from the Class after that date. Each Request for Exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Class in *In re: CenturyLink Sales Practices and Securities Litigation*, Civil Action No. 18-296 (MJD/KMM)"; (iii) state the number of shares of publicly traded CenturyLink common stock and/or the face value of publicly traded CenturyLink 7.60% Notes that the person or entity requesting exclusion (A) owned as of the opening of trading on March 1, 2013 and (B) purchased/acquired and/or sold during the Class Period (*i.e.*, from March 1, 2013 through July 12, 2017, inclusive), including the dates, number of shares/face value, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A Request for Exclusion that does not provide all the information called for in this paragraph and is not received within the time stated above will be invalid and will not be allowed. Lead Counsel may request that the person or entity requesting exclusion submit additional transaction information or documentation sufficient to prove his, her, or its holdings and trading in CenturyLink common stock and/or CenturyLink 7.60% Notes.

74. If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against Defendants or any of the other Defendants' Releasees. Excluding yourself from the Class is the only option that allows you to be part of any other lawsuit against any of the Defendants' Releasees concerning the Released Plaintiffs' Claims. Please note, however, that if you decide to exclude yourself from the Class, you may be time-barred from asserting the claims asserted in the Action against Defendants by a statute of repose that has possibly expired for claims under the federal securities laws.

75. If you ask to be excluded from the Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

76. Defendants have the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Class in an amount that exceeds an amount agreed to by Plaintiffs and Defendants.

## WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

77. **Class Members do not need to attend the Settlement Fairness Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Fairness Hearing.**

78. Please Note: The date and time of the Settlement Fairness Hearing may change without further written notice to the Class. In addition, the ongoing COVID-19 health emergency is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Fairness Hearing by telephonic or video conference, or otherwise allow Class Members to appear at the hearing by phone or video, without further written notice to the Class. In order to determine whether the date and time of the Settlement Fairness Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.CenturyLinkSecuritiesLitigation.com, before making any plans to attend the Settlement Fairness Hearing. Any updates regarding the Settlement Fairness Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic/video appearances at the hearing, will be posted to the Settlement website, www.CenturyLinkSecuritiesLitigation.com. Also, if the Court requires or allows Class Members to participate in the Settlement Fairness Hearing by telephone or video conference, the information needed to access the conference will be posted to the Settlement website, www.CenturyLinkSecuritiesLitigation.com.

79. The Settlement Fairness Hearing will be held on **July 20, 2021 at 11:00 a.m.,** before the Honorable Michael J. Davis, either in person at the United States District Court for the District of Minnesota, Courtroom 13E of the Diana E. Murphy United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, or by telephone or video conference (in the discretion of the Court), to determine, among other things: (i) whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (ii) whether the Action should be dismissed with prejudice against Defendants and the Releases specified and described in the Stipulation (and in this Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; (iv) whether Lead Counsel's application for an award of attorneys' fees and Litigation Expenses should be approved; and (v) any other matters that may properly be brought before the Court in connection with the Settlement. The Court reserves the right to approve the Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and/or consider any other matter related to the Settlement at or after the Settlement Fairness Hearing without further notice to the members of the Class.

80. Any Class Member who or which does not request exclusion may object to the Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the District of Minnesota at the address set forth below **on or before June 29, 2021**. You must also serve the papers on Lead Counsel and on Defendants' Counsel at the addresses set forth below, **with a copy emailed to both Lead Counsel at johnb@blbglaw.com and tdejong@stollberne.com and Defendants' Counsel at pgibbs@cooley.com,** so that the papers are ***received*** **on or before June 29, 2021**.

| **CLERK'S OFFICE** | |
|---|---|
| United States District Court<br>District of Minnesota<br>Clerk's Office<br>Diana E. Murphy United States Courthouse<br>300 South Fourth Street - Suite 202<br>Minneapolis, MN 55415 | |
| **LEAD COUNSEL** | |
| **Bernstein Litowitz Berger & Grossmann LLP**<br>John C. Browne, Esq.<br>1251 Avenue of the Americas, 44th Floor<br>New York, NY 10020 | **Stoll Stoll Berne Lokting & Shlachter P.C.**<br>Timothy S. DeJong, Esq.<br>209 SW Oak Street, Suite 500<br>Portland, OR 97204 |
| **DEFENDANTS' COUNSEL** | |
| **Cooley LLP**<br>Patrick Gibbs, Esq.<br>3175 Hanover Street<br>Palo Alto, CA 94304 | |

81. Any objection must identify the case name and civil action number, *In re: CenturyLink Sales Practices and Securities Litigation*, Civil Action No. 18-296 (MJD/KMM), and it must: (i) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (ii) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Class, or to the entire Class; and (iii) include documents sufficient to prove membership in the Class, including documents showing the number of shares of publicly traded CenturyLink common stock and/or face value of publicly traded CenturyLink 7.60% Notes that the objecting Class Member: (A) owned as of the opening of trading on March 1, 2013, and (B) purchased/acquired and/or sold during the Class Period (*i.e.*, from March 1, 2013 through July 12, 2017, inclusive), including the dates, number of shares/face value, and prices of each such purchase/acquisition and sale. Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. You may not object to the Settlement, the Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses if you exclude yourself from the Class or if you are not a member of the Class.

82. You may file a written objection without having to appear at the Settlement Fairness Hearing. You may not, however, appear at the Settlement Fairness Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

83. If you wish to be heard orally at the Settlement Fairness Hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, assuming you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and on Defendants' Counsel at the mailing and email addresses set forth in ¶ 80 above so that it is ***received* on or before June 29, 2021**. Persons who intend to object and desire to present evidence at the Settlement Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Objectors who intend to appear at the Settlement Fairness Hearing through counsel must also identify that counsel by name, address, and telephone number. Objectors and/or their counsel may be heard orally at the discretion of the Court.

84. You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the mailing and email addresses set forth in ¶ 80 above so that the notice is ***received* on or before June 29, 2021**.

85. The Settlement Fairness Hearing may be adjourned by the Court without further written notice to the Class. If you intend to attend the Settlement Fairness Hearing, you should confirm the date and time of the hearing as stated in ¶ 78 above.

86. **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. Class Members do not need to appear at the Settlement Fairness Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SECURITIES ON SOMEONE ELSE'S BEHALF?

87. If you purchased or otherwise acquired publicly traded CenturyLink common stock and/or publicly traded CenturyLink 7.60% Notes during the period from March 1, 2013 through July 12, 2017, inclusive, for the beneficial interest of persons or entities other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, mailing addresses, and, if available, email addresses of all such beneficial owners to CenturyLink Securities Litigation, c/o Epiq, P.O. Box 2588, Portland, OR 97208-2588. If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may also be obtained from the Settlement website, www.CenturyLinkSecuritiesLitigation.com, by calling the Claims Administrator toll free at 1-800-726-0952, or by emailing the Claims Administrator at info@CenturyLinkSecuritiesLitigation.com.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

88. This Notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including the Stipulation, which may be inspected during regular office hours at the Clerk's Office, United States District Court for the District of Minnesota, Diana E. Murphy United States Courthouse, 300 South Fourth Street - Suite 202, Minneapolis, MN 55415. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the Settlement website, www.CenturyLinkSecuritiesLitigation.com.

All inquiries concerning this Notice and the Claim Form should be directed to:

CenturyLink Securities Litigation
c/o Epiq
P.O. Box 2588
Portland, OR 97208-2588
1-800-726-0952
info@CenturyLinkSecuritiesLitigation.com
www.CenturyLinkSecuritiesLitigation.com

John C. Browne, Esq.
Bernstein Litowitz Berger
& Grossmann LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
1-800-380-8496
settlements@blbglaw.com

and/or

Timothy S. DeJong, Esq.
Stoll Stoll Berne Lokting
& Shlachter P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
1-503-227-1600
CenturyLinkSettlement@stollberne.com

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: April 15, 2021

By Order of the Court
United States District Court
District of Minnesota

**TABLE A**

**CenturyLink Common Stock - Estimated Artificial Inflation Per Share**
**(March 1, 2013 through and including July 12, 2017)**

| Date Range | Artificial Inflation Per Share |
|---|---|
| March 1, 2013 – June 16, 2017 (prior to 1:50 PM Eastern Time) | $2.86 |
| June 16, 2017 (at or after 1:50 PM Eastern Time) – June 19, 2017 | $1.56 |
| June 20, 2017 – July 12, 2017 (prior to 12:04 PM Eastern Time) | $0.97 |
| July 12, 2017 (at or after 12:04 PM Eastern Time) | $0.00 |

**TABLE B**

**CenturyLink 7.60% Notes - Estimated Artificial Inflation Per Note**
**(March 1, 2013 through and including July 12, 2017)**

| Date Range | Artificial Inflation Per Note |
|---|---|
| March 1, 2013 – June 16, 2017 | $60.89 |
| June 17, 2017– June 19, 2017 | $34.90 |
| June 20, 2017 – July 12, 2017 | $11.31 |

**TABLE C**

**CenturyLink Common Stock - 90-Day Look-Back Table**
**(Average Closing Price: July 12, 2017 – October 9, 2017)**

| Date | Average Closing Price from July 12, 2017 through Date |
|---|---|
| 7/12/2017 | $22.50 |
| 7/13/2017 | $22.64 |
| 7/14/2017 | $22.76 |
| 7/17/2017 | $22.79 |
| 7/18/2017 | $22.70 |
| 7/19/2017 | $22.69 |
| 7/20/2017 | $22.77 |
| 7/21/2017 | $22.84 |
| 7/24/2017 | $22.83 |
| 7/25/2017 | $22.85 |
| 7/26/2017 | $22.85 |
| 7/27/2017 | $22.91 |
| 7/28/2017 | $22.94 |
| 7/31/2017 | $22.96 |
| 8/1/2017 | $22.99 |
| 8/2/2017 | $23.04 |
| 8/3/2017 | $23.00 |
| 8/4/2017 | $22.97 |
| 8/7/2017 | $22.94 |
| 8/8/2017 | $22.89 |
| 8/9/2017 | $22.83 |

| Date | Average Closing Price from July 12, 2017 through Date |
|---|---|
| 8/10/2017 | $22.78 |
| 8/11/2017 | $22.73 |
| 8/14/2017 | $22.70 |
| 8/15/2017 | $22.61 |
| 8/16/2017 | $22.55 |
| 8/17/2017 | $22.43 |
| 8/18/2017 | $22.31 |
| 8/21/2017 | $22.21 |
| 8/22/2017 | $22.13 |
| 8/23/2017 | $22.07 |
| 8/24/2017 | $22.01 |
| 8/25/2017 | $21.96 |
| 8/28/2017 | $21.92 |
| 8/29/2017 | $21.88 |
| 8/30/2017 | $21.84 |
| 8/31/2017 | $21.79 |
| 9/1/2017 | $21.74 |
| 9/5/2017 | $21.68 |
| 9/6/2017 | $21.62 |
| 9/7/2017 | $21.54 |
| 9/8/2017 | $21.47 |

| Date | Average Closing Price from July 12, 2017 through Date |
|---|---|
| 9/11/2017 | $21.40 |
| 9/12/2017 | $21.35 |
| 9/13/2017 | $21.29 |
| 9/14/2017 | $21.23 |
| 9/15/2017 | $21.19 |
| 9/18/2017 | $21.13 |
| 9/19/2017 | $21.07 |
| 9/20/2017 | $21.02 |
| 9/21/2017 | $20.97 |
| 9/22/2017 | $20.93 |
| 9/25/2017 | $20.90 |
| 9/26/2017 | $20.87 |
| 9/27/2017 | $20.84 |
| 9/28/2017 | $20.81 |
| 9/29/2017 | $20.78 |
| 10/2/2017 | $20.75 |
| 10/3/2017 | $20.74 |
| 10/4/2017 | $20.73 |
| 10/5/2017 | $20.72 |
| 10/6/2017 | $20.71 |
| 10/9/2017 | $20.70 |

**TABLE D**

**CenturyLink 7.60% Notes - 90-Day Look-Back Table**
**(Average Price: July 13, 2017 – October 10, 2017)**

| Date | Average Price from July 13, 2017 through Date |
|---|---|
| 7/13/2017 | $915.02 |
| 7/14/2017 | $915.80 |
| 7/17/2017 | $915.96 |
| 7/18/2017 | $917.90 |
| 7/19/2017 | $919.80 |
| 7/20/2017 | $921.12 |
| 7/21/2017 | $923.03 |
| 7/24/2017 | $924.54 |
| 7/25/2017 | $925.38 |
| 7/26/2017 | $926.04 |
| 7/27/2017 | $927.42 |
| 7/28/2017 | $928.27 |
| 7/31/2017 | $928.98 |
| 8/1/2017 | $929.89 |
| 8/2/2017 | $930.73 |
| 8/3/2017 | $930.92 |
| 8/4/2017 | $931.17 |
| 8/7/2017 | $931.27 |
| 8/8/2017 | $931.10 |
| 8/9/2017 | $930.53 |
| 8/10/2017 | $929.72 |

| Date | Average Price from July 13, 2017 through Date |
|---|---|
| 8/11/2017 | $929.13 |
| 8/14/2017 | $929.07 |
| 8/15/2017 | $928.47 |
| 8/16/2017 | $927.94 |
| 8/17/2017 | $927.15 |
| 8/18/2017 | $926.04 |
| 8/21/2017 | $924.67 |
| 8/22/2017 | $923.33 |
| 8/23/2017 | $922.06 |
| 8/24/2017 | $920.90 |
| 8/25/2017 | $919.68 |
| 8/28/2017 | $918.45 |
| 8/29/2017 | $917.55 |
| 8/30/2017 | $916.72 |
| 8/31/2017 | $916.19 |
| 9/1/2017 | $915.96 |
| 9/5/2017 | $915.79 |
| 9/6/2017 | $915.50 |
| 9/7/2017 | $915.23 |
| 9/8/2017 | $914.88 |
| 9/11/2017 | $914.49 |

| Date | Average Price from July 13, 2017 through Date |
|---|---|
| 9/12/2017 | $914.11 |
| 9/13/2017 | $913.85 |
| 9/14/2017 | $913.54 |
| 9/15/2017 | $913.24 |
| 9/18/2017 | $912.87 |
| 9/19/2017 | $912.61 |
| 9/20/2017 | $912.33 |
| 9/21/2017 | $912.08 |
| 9/22/2017 | $911.70 |
| 9/25/2017 | $911.26 |
| 9/26/2017 | $910.85 |
| 9/27/2017 | $910.50 |
| 9/28/2017 | $910.17 |
| 9/29/2017 | $909.75 |
| 10/2/2017 | $909.44 |
| 10/3/2017 | $909.29 |
| 10/4/2017 | $909.31 |
| 10/5/2017 | $909.35 |
| 10/6/2017 | $909.63 |
| 10/9/2017 | $909.63 |
| 10/10/2017 | $909.83 |

**CenturyLink Securities Litigation**
**Toll-Free Number: 1-800-726-0952**
**Email: info@CenturyLinkSecuritiesLitigation.com**
**Website: www.CenturyLinkSecuritiesLitigation.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and either submit it online using the Settlement website, www.CenturyLinkSecuritiesLitigation.com, **no later than August 13, 2021** or mail it by first-class mail to the address below, with supporting documentation, ***postmarked*** **no later than August 13, 2021**.

**Mail to: CenturyLink Securities Litigation**
**c/o Epiq**
**P.O. Box 2588**
**Portland, OR 97208-2588**

Failure to submit your Claim Form by the date specified will subject your Claim to rejection and may preclude you from being eligible to receive a payment from the Settlement.

**Do not mail or deliver your Claim Form to the Court, Lead Counsel, Defendants' Counsel, or any of the Parties to the Action. Submit your Claim Form only to the Claims Administrator as set forth above.**

**TABLE OF CONTENTS** — **PAGE #**

**PART I – CLAIMANT INFORMATION** ........ 2

**PART II – GENERAL INSTRUCTIONS** ........ 3

**PART III – SCHEDULE OF TRANSACTIONS IN CENTURYLINK COMMON STOCK** ........ 6

**PART IV – SCHEDULE OF TRANSACTIONS IN CENTURYLINK 7.60% SENIOR NOTES DUE SEPTEMBER 15, 2039** ........ 7

**PART V – RELEASE OF CLAIMS AND SIGNATURE** ........ 8

## PART I – CLAIMANT INFORMATION

Please read Part II – General Instructions before completing Part I - Claimant Information. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name

First Name | MI | Last Name

Joint Beneficial Owner's Name (if applicable)

First Name | MI | Last Name

If this Claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (executor, administrator, trustee, c/o, etc.), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

City | State/Province | ZIP Code

Foreign Postal Code (if applicable) | Foreign Country (if applicable)

Telephone Number (Day) ___ – ___ – ____ | Telephone Number (Evening) ___ – ___ – ____

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this Claim)

Account Number

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s) ☐ Corporation ☐ UGMA Custodian ☐ IRA

☐ Partnership ☐ Estate ☐ Trust ☐ Other (describe: __________ )

## PART II – GENERAL INSTRUCTIONS

1. It is important that you completely read the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read the Notice, including the terms of the releases described therein and provided for herein.

2. This Claim Form is directed to all persons or entities who purchased or otherwise acquired publicly traded CenturyLink common stock or publicly traded CenturyLink 7.60% Senior Notes due September 15, 2039 ("7.60% Notes") (collectively, "CenturyLink Securities") during the period from March 1, 2013 through July 12, 2017, inclusive (the "Class Period"), and were damaged thereby (the "Class"). Certain persons and entities are excluded from the Class by definition as set forth in Paragraph 22 of the Notice.

3. By submitting this Claim Form, you will be making a request to receive a payment from the Settlement described in the Notice. IF YOU ARE NOT A CLASS MEMBER, OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, SUBMITTED A REQUEST FOR EXCLUSION FROM THE CLASS, DO NOT SUBMIT A CLAIM FORM. **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A CLASS MEMBER.** THUS, IF YOU ARE EXCLUDED FROM THE CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4. **Submission of this Claim Form does not guarantee that you will be eligible to receive a payment from the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.**

5. Use the Schedules of Transactions in Parts III-IV of this Claim Form to supply all required details of your transaction(s) in, and holdings of, the applicable CenturyLink Securities. On these schedules, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of the applicable CenturyLink Securities (including free transfers and deliveries), whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your Claim.**

6. You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of the applicable CenturyLink Securities set forth in Parts III-IV of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in CenturyLink Securities. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

7. For shares of CenturyLink common stock purchased or sold on June 16, 2017 or July 12, 2017, the calculation of Recognized Loss Amounts under the Plan of Allocation will depend on the time of day that the transaction occurred. If the documentation that you submit with your Claim Form does not state the time of day of the transaction in CenturyLink common stock on June 16, 2017, the following assumptions will be made: (a) for shares purchased/acquired or sold at any price equal to or greater than $27.06 per share, it will be assumed that the trade occurred prior to 1:50 PM Eastern Time and (b) for shares purchased/acquired or sold at any price less than $27.06 per share, it will be assumed that the trade occurred at or after 1:50 PM Eastern Time. If the documentation that you submit with your Claim Form does not state the time of day of the transaction in CenturyLink common stock on July 12, 2017, the following assumptions will be made: (a) for shares purchased/acquired or sold at any price equal to or greater than $23.24 per share, it will be assumed that the trade occurred prior to 12:04 PM Eastern Time and (b) for shares purchased/acquired or sold at any price less than $23.24 per share, it will be assumed that the trade occurred at or after 12:04 PM Eastern Time.

8. Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of the CenturyLink Securities. The complete name(s) of the beneficial owner(s) must be entered. If you purchased CenturyLink Securities during the Class Period and held the shares or notes in your name, you are the beneficial owner as well as the record owner. If, however, you purchased CenturyLink Securities during the Class Period and the shares or notes were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement. If there were joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

9. **One Claim should be submitted for each separate legal entity or separately managed account.** Separate Claim Forms should be submitted for each separate legal entity (*e.g.,* an individual should not combine his or her IRA holdings and transactions with holdings and transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account. The Claims Administrator reserves the right to request information on all the holdings and transactions in CenturyLink Securities made on behalf of a single beneficial owner.

10. Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a) expressly state the capacity in which they are acting;

(b) identify the name, account number, last four digits of the Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the CenturyLink Securities; and

(c) furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11. By submitting a signed Claim Form, you will be swearing that you:

(a) own(ed) the CenturyLink Securities you have listed in the Claim Form; or

(b) are expressly authorized to act on behalf of the owner thereof.

12. By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your Claim and may subject you to civil liability or criminal prosecution.

13. If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

14. **PLEASE NOTE:** If the payment calculated for any Authorized Claimant under the Plan of Allocation is less than $10.00, no distribution will be made to that Authorized Claimant and those funds will be distributed to other Authorized Claimants.

15. If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Epiq, at the address on the first page of this Claim Form, by email at info@CenturyLinkSecuritiesLitigation.com, or by toll-free phone at 1-800-726-0952, or you can visit the settlement website, www.CenturyLinkSecuritiesLitigation.com, where copies of the Claim Form and Notice (including the Plan of Allocation) are available for downloading.

16. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the Settlement website at www.CenturyLinkSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@CenturyLinkSecuritiesLitigation.com. **Any file not in accordance with the required electronic filing**

**format will be subject to rejection.** The ***complete*** name of the beneficial owner of the securities must be entered where called for (*see* paragraph 8 above). No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at info@CenturyLinkSecuritiesLitigation.com to inquire about your file and confirm it was received.**

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL WITHIN 60 DAYS OF RECEIPT OF YOUR SUBMISSION. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-800-726-0952.**

## PART III – SCHEDULE OF TRANSACTIONS IN CENTURYLINK COMMON STOCK

Complete this Part III if and only if you purchased or otherwise acquired publicly traded CenturyLink common stock during the period from March 1, 2013 through July 12, 2017, inclusive. Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 6, above. Do not include information regarding securities other than CenturyLink common stock.

**1. HOLDINGS AS OF MARCH 1, 2013** – State the total number of shares of CenturyLink common stock held as of the opening of trading on March 1, 2013. (Must be documented.) If none, write "zero" or "0."

☐☐☐☐☐☐☐☐ . ☐☐

**2. PURCHASES/ACQUISITIONS FROM MARCH 1, 2013 THROUGH OCTOBER 9, 2017** – Separately list each and every purchase or acquisition (including free receipts) of CenturyLink common stock from after the opening of trading on March 1, 2013 through and including the close of trading on October 9, 2017. (Must be documented.)[1]

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding any fees, commissions, and taxes) |
|---|---|---|---|
| ☐☐☐☐☐☐ | ☐☐☐☐☐ . ☐☐ | ☐☐☐ . ☐☐ | ☐☐☐☐ . ☐☐ |
| ☐☐☐☐☐☐ | ☐☐☐☐☐ . ☐☐ | ☐☐☐ . ☐☐ | ☐☐☐☐ . ☐☐ |
| ☐☐☐☐☐☐ | ☐☐☐☐☐ . ☐☐ | ☐☐☐ . ☐☐ | ☐☐☐☐ . ☐☐ |
| ☐☐☐☐☐☐ | ☐☐☐☐☐ . ☐☐ | ☐☐☐ . ☐☐ | ☐☐☐☐ . ☐☐ |

**3. SALES FROM MARCH 1, 2013 THROUGH OCTOBER 9, 2017** – Separately list each and every sale or disposition (including free deliveries) of CenturyLink common stock from after the opening of trading on March 1, 2013 through and including the close of trading on October 9, 2017. (Must be documented.)

**IF NONE, CHECK HERE** ☐

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any fees, commissions, and taxes) |
|---|---|---|---|
| ☐☐☐☐☐☐ | ☐☐☐☐☐ . ☐☐ | ☐☐☐ . ☐☐ | ☐☐☐☐ . ☐☐ |
| ☐☐☐☐☐☐ | ☐☐☐☐☐ . ☐☐ | ☐☐☐ . ☐☐ | ☐☐☐☐ . ☐☐ |
| ☐☐☐☐☐☐ | ☐☐☐☐☐ . ☐☐ | ☐☐☐ . ☐☐ | ☐☐☐☐ . ☐☐ |
| ☐☐☐☐☐☐ | ☐☐☐☐☐ . ☐☐ | ☐☐☐ . ☐☐ | ☐☐☐☐ . ☐☐ |

**4. HOLDINGS AS OF OCTOBER 9, 2017** – State the total number of shares of CenturyLink common stock held as of the close of trading on October 9, 2017. (Must be documented.) If none, write "zero" or "0."

☐☐☐☐☐☐☐☐ . ☐☐

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐

[1] **Please note:** Information requested with respect to your purchases and acquisitions of CenturyLink common stock from July 13, 2017 through and including the close of trading on October 9, 2017 is needed in order to balance your Claim; purchases during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim under the Plan of Allocation.

## PART IV – SCHEDULE OF TRANSACTIONS IN CENTURYLINK 7.60% SENIOR NOTES DUE SEPTEMBER 15, 2039

Complete this Part IV if and only if you purchased or otherwise acquired publicly traded CenturyLink 7.60% Senior Notes due September 15, 2039 ("7.60% Notes") during the period from March 1, 2013 through July 12, 2017, inclusive. Please be sure to include proper documentation with your Claim Form as described in detail in Part II – General Instructions, Paragraph 6, above. Do not include information regarding securities other than CenturyLink 7.60% Notes.

**1. HOLDINGS AS OF MARCH 1, 2013** – State the face value of 7.60% Notes you held as of the opening of trading on March 1, 2013. (Must be documented.) If none, write "zero" or "0."

☐☐☐☐☐☐☐☐ • ☐☐

**2. PURCHASES/ACQUISITIONS FROM MARCH 1, 2013 THROUGH OCTOBER 10, 2017** – Separately list each and every purchase or acquisition (including free receipts) of 7.60% Notes from after the opening of trading on March 1, 2013 through and including the close of trading on October 10, 2017. (Must be documented.)[2]

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Face Value Purchased/Acquired | Purchase Price Per $1,000 Face Value of Notes | Total Purchase/ Acquisition Price (excluding any fees, commissions, and taxes) |
|---|---|---|---|
| ☐☐☐☐☐☐ | ☐☐☐☐☐ • ☐☐ | ☐☐☐☐ • ☐☐ | ☐☐☐☐ • ☐☐ |
| ☐☐☐☐☐☐ | ☐☐☐☐☐ • ☐☐ | ☐☐☐☐ • ☐☐ | ☐☐☐☐ • ☐☐ |
| ☐☐☐☐☐☐ | ☐☐☐☐☐ • ☐☐ | ☐☐☐☐ • ☐☐ | ☐☐☐☐ • ☐☐ |
| ☐☐☐☐☐☐ | ☐☐☐☐☐ • ☐☐ | ☐☐☐☐ • ☐☐ | ☐☐☐☐ • ☐☐ |

**3. SALES FROM MARCH 1, 2013 THROUGH OCTOBER 10, 2017** – Separately list each and every sale or disposition (including free deliveries) of 7.60% Notes from after the opening of trading on March 1, 2013 through and including the close of trading on October 10, 2017. (Must be documented.)

**IF NONE, CHECK HERE** ☐

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Face Value Sold | Sale Price Per $1,000 Face Value of Notes | Total Sale Price (not deducting any fees, commissions, and taxes) |
|---|---|---|---|
| ☐☐☐☐☐☐ | ☐☐☐☐☐ • ☐☐ | ☐☐☐☐ • ☐☐ | ☐☐☐☐ • ☐☐ |
| ☐☐☐☐☐☐ | ☐☐☐☐☐ • ☐☐ | ☐☐☐☐ • ☐☐ | ☐☐☐☐ • ☐☐ |
| ☐☐☐☐☐☐ | ☐☐☐☐☐ • ☐☐ | ☐☐☐☐ • ☐☐ | ☐☐☐☐ • ☐☐ |
| ☐☐☐☐☐☐ | ☐☐☐☐☐ • ☐☐ | ☐☐☐☐ • ☐☐ | ☐☐☐☐ • ☐☐ |

**4. HOLDINGS AS OF OCTOBER 10, 2017** – State the face value of 7.60% Notes you held as of the close of trading on October 10, 2017. (Must be documented.) If none, write "zero" or "0."

☐☐☐☐☐☐☐☐ • ☐☐

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐

[2] **Please note:** Information requested with respect to your purchases and acquisitions of 7.60% Notes from July 13, 2017 through and including the close of trading on October 10, 2017 is needed in order to balance your Claim; purchases/acquisitions during this period, however, are not eligible under the Settlement and will not be used for purposes of calculating your Recognized Claim under the Plan of Allocation.

## PART V - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 9 OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing any or all of the Released Plaintiffs' Claims against the Defendants' Releasees in any action or any proceeding in any forum.

### CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1. that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2. that the claimant(s) is a (are) Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Class as set forth in the Notice;

3. that the claimant(s) did ***not*** submit a request for exclusion from the Class;

4. that I (we) own(ed) the CenturyLink Securities identified in the Claim Form and have not assigned the Claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5. that the claimant(s) has (have) not submitted any other Claim covering the same purchases of CenturyLink Securities and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6. that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') Claim and for purposes of enforcing the releases set forth herein;

7. that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

8. that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waives any right of appeal or review with respect to such determination;

9. that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

10. that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the Claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

Date: __ __ – __ __ – __ __ __ __
MM DD YYYY

Signature of claimant

Print claimant name here

Date: __ __ – __ __ – __ __ __ __
MM DD YYYY

Signature of joint claimant, if any

Print joint claimant name here

***If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

Date: __ __ – __ __ – __ __ __ __
MM DD YYYY

Signature of person signing on behalf of claimant

Print name of person signing on behalf of claimant here

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant – *see* paragraph 10 on page 4 of this Claim Form.)

**REMINDER CHECKLIST**

1. Sign the above release and certification. If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only ***copies*** of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days of receipt of your submission. Your Claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-800-726-0952.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your Claim, contact the Claims Administrator at the address below, by email at info@CenturyLinkSecuritiesLitigation.com, or by toll-free phone at 1-800-726-0952, or you may visit www.CenturyLinkSecuritiesLitigation.com. DO NOT call Defendants or their counsel with questions regarding your Claim.

THIS CLAIM FORM MUST BE SUBMITTED ONLINE USING THE SETTLEMENT WEBSITE, WWW.CENTURYLINKSECURITIESLITIGATION.COM, **NO LATER THAN AUGUST 13, 2021**, OR MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, ***POSTMARKED*** **NO LATER THAN AUGUST 13, 2021**, ADDRESSED AS FOLLOWS:

**CenturyLink Securities Litigation**
**c/o Epiq**
**P.O. Box 2588**
**Portland, OR 97208-2588**

A Claim Form received by the Claims Administrator via mail shall be deemed to have been submitted when posted, if a postmark date on or before August 13, 2021 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

# Exhibit B

# CONFIRMATION OF PUBLICATION

**IN THE MATTER OF:** ***CenturyLink Securities***

I, Kathleen Komraus, hereby certify that

(a) I am the Media & Design Manager at Epiq Class Action & Claims Solutions, a noticing administrator, and;
(b) The Notice of which the annexed is a copy was published in the following publications on the following dates:

***4.26.2021 – IBD Weekly***
***4.26.2021 – PR Newswire***

**X** Kathleen Komraus
**(Signature)**

Media & Design Manager
**(Title)**

## INVESTOR'S CORNER

**JetBlue Airways** (JBLU)

21
19
17
15
13
Buy point
1 2 3 4
15 mil
4 mil
Nov '20 | 20 | Dec | 4 | 18 | Jan '21 | 1 | 15 | 29 | Feb | 12 | 26 | Mar | 12 | 26 | Apr

# Use Trend Lines To Find Entries Lower Than Traditional Buy Points

BY JUAN CARLOS ARANCIBIA
INVESTOR'S BUSINESS DAILY

In many cases, the optimal buy point is at new highs. For investors waiting to pounce on a stock, waiting for that new high can seem like forever. Trend lines, however, offer a way to find earlier buy points with acceptable risk.

Trend lines are drawn on stock charts to identify significant changes in price behavior. They can reveal bullish and bearish shifts in a stock or index. When properly used on base patterns, you can pinpoint entries that let you buy ahead of the buy points.

So, how do you draw a proper trend line? You'll need two tools: a stock chart and a straight ruler.

Start with stocks forming proper bases such as flat bases, cups and saucer patterns. In all such formations, the highest price at the start of the base is what determines the buy point. Now, take your ruler and see if you can connect a straight line over the highs that appear during the base-building period.

There should be a minimum of three price highs that connect your trend line. The more price highs the line touches, the better your trend line is. If you subscribe to MarketSmith, you can draw a trend line by pressing the Control key and dragging your mouse.

Here's how this strategy worked with the chart of JetBlue (JBLU). The stock was still working its way through a long bottoming process last December, when it started to form a consolidation. Although it resembled a cup-with-handle base, it didn't conform to the model because the handle was too low in the pattern.

That made it an ideal choice for using a trend line. That line began with the start of the base at 16.35 **(1)** and touched highs at 16.03, slightly poking above that price bar, **(2)** and 15.70 **(3)**. That met the requirement for at least three highs touching the line.

The way the trend line extends will determine the buy point. In the JetBlue example, the line crossed the 15.50 price. **(4)** That's where you buy shares, and in this case it's 6% cheaper than the 16.45 normal buy point.

The discount airline's stock surged as much as 42% from the trend line buy point, a period that saw travel stocks bounce back as the coronavirus pandemic began to fade in the U.S.

Investors can opt to buy a smaller amount of shares using the trend line than with a normal breakout.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION

MDL No. 17-2795 (MJD/KMM)

This Document Relates to:
Civil Action No. 18-296 (MJD/KMM)

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO: All persons and entities that purchased or otherwise acquired CenturyLink, Inc. ("CenturyLink")[1] common stock or 7.60% Senior Notes due September 15, 2039 during the period from March 1, 2013 through July 12, 2017, inclusive (the "Class Period"), and who were damaged thereby (the "Class"):**

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Minnesota (the "Court"), that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Class, except for certain persons and entities who are excluded from the Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Plaintiffs in the Action have reached a proposed settlement of the Action for $55,000,000 in cash (the "Settlement"). If approved by the Court, the Settlement will resolve all claims in the Action.

A hearing (the "Settlement Fairness Hearing") will be held on **July 20, 2021 at 11:00 a.m.**, before the Honorable Michael J. Davis either in person at the United States District Court for the District of Minnesota, Courtroom 13E of the Diana E. Murphy United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, or by telephone or video conference (in the discretion of the Court), to determine, among other things: (i) whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (ii) whether the Action should be dismissed with prejudice against Defendants and the Releases specified and described in the Stipulation (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; (iv) whether Lead Counsel's application for an award of attorneys' fees and expenses should be approved; and (v) any other matters that may properly be brought before the Court in connection with the Settlement. The Court reserves the right to approve the Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and expenses and/or consider any other matter related to the Settlement at or after the Settlement Fairness Hearing without further notice to the members of the Class.

The ongoing COVID-19 health emergency is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Fairness Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone or video, without further written notice to the Class. In order to determine whether the date and time of the Settlement Fairness Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.CenturyLinkSecuritiesLitigation.com, before making any plans to attend the Settlement Fairness Hearing. Any updates regarding the Settlement Fairness Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic/video appearances at the hearing, will be posted to the Settlement website, www.CenturyLinkSecuritiesLitigation.com. Also, if the Court requires or allows Class Members to participate in the Settlement Fairness Hearing by telephone or video conference, the information needed to access the conference will be posted to the Settlement website, www.CenturyLinkSecuritiesLitigation.com.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Net Settlement Fund.** If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at: CenturyLink Securities Litigation, c/o Epiq, P.O. Box 2588, Portland, OR 97208-2588, 1-800-726-0952, info@CenturyLinkSecuritiesLitigation.com. Copies of the Notice and Claim Form can also be downloaded from the Settlement website, www.CenturyLinkSecuritiesLitigation.com.

If you are a member of the Class, in order to be eligible to receive a payment from the Settlement, you must submit a Claim Form by mail ***postmarked*** **no later than August 13, 2021** or online using the Settlement website, www.CenturyLinkSecuritiesLitigation.com, **no later than August 13, 2021**. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to receive a payment from the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a request for exclusion such that it is ***received*** **no later than June 29, 2021**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to receive a payment from the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and expenses must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are ***received*** **no later than June 29, 2021**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Office of the Clerk of the Court, Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

CenturyLink Securities Litigation
c/o Epiq
P.O. Box 2588
Portland, OR 97208-2588
1-800-726-0952
info@CenturyLinkSecuritiesLitigation.com
www.CenturyLinkSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

John C. Browne, Esq.
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
1-800-380-8496
settlements@blbglaw.com

and/or

Timothy S. DeJong, Esq.
Stoll Stoll Berne Lokting & Shlachter P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
1-503-227-1600
CenturyLinkSettlement@stollberne.com

By Order of the Court

[1] CenturyLink changed its legal name to "Lumen Technologies, Inc." on January 22, 2021.

# IBD SMART NYSE + NASDAQ Tables With 10 Vital Rankings

*Unsurpassed ideas and ratings to help you invest better*

**10 VITAL RANKINGS**

1 **IBD Composite Rating** has 5 Smart-Select Ratings, 1-99, with 99 the best. Ratings of 98 or more are boldfaced.

2 **Earnings Per Share** (EPS) rating compares your stock's last 2 quarters and 3 years EPS growth to all stocks. Rating of 90 means earns outperformed 90% of all stocks.

3 **Relative Strength** (RS) Stock's relative price change in last 12 months vs. all stocks. Best rate 80 or more.

4 **Sales+Profit Margins+ROE Rating** combines recent sales, profit margins and return on equity into an A to E rating. ROE over 17% is preferred.

5 **Accumulation/Distribution** Our price and vol. formula shows if your stock is under accumulation (buying) or distribution (selling) last 3 months. A buying; E selling.

6 **Vol % Change** is volume traded yesterday vs. average daily volume last 50 days. Vol % chg. + 50% & up bolded.

7 **52-Week High** is boldfaced if closing price within 10% of new high.

8 **Boldfaced stocks** are up 1 or more or new high. Underlined stocks are down 1 or more or at a new low.

9 ♦Stocks have EPS & RS Ratings of 80 or more and were IPOs in the last 15 years.

10 ● after the stock symbol means stock story at investors.com

### 1. AUTO | +2.1% Daily Change | +2.06% Since Jan. 1

| Comp | EPS | RS | SMR | A/D | 52-wk High | Stock | Div % Yield | Symbol | Close Price | Weekly Chg | Vol % Chg | Vol 1000 | PE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 79 | 71 | 95 | E | B- | NH | Adient | .. | ADNT | 48.60 | +3.30 | +1 | 5.1m | 69 k |
| 60 | 35 | 81 | C | D | 160 | Aptiv | .. | APTV | 144.9 | +3.84 | -23 | 6.5m | 78 k |
| 85 | 67 | 72 | C | B- | NH | Autoliv | 2.3 | ALV | 105.9 | +8.28 | +18 | 2.9m | 26 |
| 75 | 46 | 71 | C | B+ | NH | Borgwarner Inc | 1.3 | BWA | 50.97 | +2.01 | -20 | 10m | 18ko |
| 75 | 48 | 90 | C | B- | 59.0 | Cooper Tire Rubbr | 0.7 | CTB | 57.62 | +0.53 | -58 | 2.0m | 20 k |
| 65 | 78 | 62 | C | C- | 277 | Cummins | 2.1 | CMI | 262.5 | -1.90 | -38 | 3.2m | 21ko |
| 77 | 83 | 41 | B | B | 233 | Ferrari | .. | RACE | 215.9 | +3.90 | -33 | 1.2m | 64ko |
| 84 | 73 | 84 | D | A- | 13.6 | Ford Motor Co | .. | F | 12.22 | -0.04 | -15 | 274m | 30ko |
| 84 | 73 | 87 | C | B | 63.4 | General Motors | .. | GM | 57.53 | -1.18 | -23 | 76m | 11ko |
| 70 | 80 | 45 | B | C+ | 37.8 | Gentex | 1.4 | GNTX | 35.35 | -0.67 | -21 | 5.5m | 22 o |
| 90 | 70 | 84 | C | B+ | 82.0 | Gentherm | .. | THRM | 76.48 | -0.65 | -26 | 660 | 33 k |
| 88 | 72 | 90 | C | B+ | NH | Magna International | 1.8 | MGA | 97.68 | +2.13 | -7 | 7.8m | 24ko |
| 80 | 78 | 96 | C | C | NH | Modine Mfg | ..r | MOD | 16.71 | +1.17 | +2 | 1.8m | 16 |
| 63 | 51 | 99 | D | D | 67.0 | NIO | .. | NIO | 41.08 | +4.99 | -16 | 423m | .. |
| 70 | 67 | 82 | C | B | NH | Oshkosh Corporation | 1.1 | OSK | 124.5 | +3.50 | -52 | 1.9m | 25ko |
| 83 | 70 | 85 | D | A- | 18.5 | Stellantis N V | .. | STLA | 17.39 | -0.96 | -13 | 13m | 11 k |
| 92 | 72 | 95 | A | C+ | 900 | Tesla | .. | TSLA | 729.4 | -10.38 | -10 | 166m | 99 k |
| 79 | 52 | 99 | E | B | NH | Titan Intl | .. | TWI | 11.01 | +0.87 | -9 | 2.4m | ..ko |
| 45 | 61 | 40 | C | D- | 163 | Toyota Motor | .. | TM | 155.0 | -2.58 | -23 | 1.3m | 14ko |
| 94 | 94 | 98 | A | B | NH | Xpel Inc | .. | XPEL | 64.83 | +4.07 | -42 | 728 | 98 k |

### 2. ENERGY | +1.2% Daily Change | +25.44% Since Jan. 1

▸IPO within last 15 years and EPS & RS 80 or higher

| Comp | EPS | RS | SMR | A/D | 52-wk High | Stock | Div % Yield | Symbol | Close Price | Weekly Chg | Vol % Chg | Vol 1000 | PE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 75 | 86 | 80 | B | C | 70.3 | ▸Ameresco | .. | AMRC | 50.30 | -0.42 | -58 | 1.4m | 42ko |
| 88 | 85 | 84 | C | B | 40.8 | ▸Bonanza Creek Energ | .. | BCEI | 30.51 | -1.81 | -13 | 1.8m | 5 k |
| 91 | 95 | 95 | C | C+ | 166 | ▸Chart Inds | .. | GTLS | 152.8 | +7.09 | +25 | 2.2m | 49 o |
| 94 | 86 | 98 | A | B+ | 130 | ▸Daqo New Energy | .. | DQ | 89.51 | +19.25 | +25 | 20m | 45 k |
| 93 | 83 | 91 | A | A- | 20.9 | ▸Western Midstream P | 6.4 | WES | 19.67 | +0.48 | -51 | 5.1m | 7ko |
| 71 | 26 | 76 | B | B+ | 10.5 | Black Stone Minerals | 7.0 | BSM | 9.99 | -0.21 | -5 | 2.0m | 23ko |
| 28 | 10 | 39 | E | B+ | 28.6 | BP | 6.3 | BP | 24.52 | -0.66 | -9 | 70m | ..ko |
| 97 | 55 | 99 | B | A | 42.3 | Callon Petroleum | .. | CPE | 33.78 | -0.58 | -59 | 5.7m | 11ko |
| 91 | 62 | 74 | A | B+ | 12.8 | Capital Product | 3.2 | CPLP | 12.31 | +1.20 | +49 | 807 | 7 k |
| 72 | 14 | 91 | C | B- | 25.6 | Championx Corporatio | .. | CHX | 20.42 | -0.49 | -20 | 6.5m | .. k |
| 27 | 10 | 45 | E | B- | 112 | Chevron | 5.1 | CVX | 101.6 | -1.42 | -42 | 34m | ..ko |
| 32 | 48 | 33 | D | D | 58.4 | China Petrl Chem | 5.3 | SNP | 50.81 | -3.90 | +28 | 950 | 12ko |
| 87 | 52 | 93 | D | B | 69.4 | Cimarex Energy | 1.7 | XEC | 62.62 | +0.05 | -35 | 3.9m | 42ko |
| 39 | 10 | 62 | E | C | 61.1 | Conocophillips | 3.5 | COP | 49.72 | -1.37 | -26 | 37m | ..ko |
| 84 | 72 | 87 | E | A- | 27.0 | DCP Midstream | 6.9 | DCP | 22.63 | -0.51 | -57 | 2.1m | .. k |
| 98 | 97 | 96 | D | A+ | 51.7 | Denbury Inc | .. | DEN | 49.98 | +1.58 | -54 | 2.2m | 51 k |
| 86 | 55 | 90 | C | B | 88.8 | Diamondback Energy | 2.1 | FANG | 76.13 | -1.41 | -43 | 8.5m | 25ko |
| 55 | 51 | 43 | C | B- | 37.6 | Enbridge | 7.1 | ENB | 37.09 | -0.23 | -38 | 15m | 15ko |
| 75 | 44 | 94 | A | D | 229 | Enphase Energy | .. | ENPH | 167.0 | +16.96 | -16 | 14m | 99ko |
| 81 | 52 | 78 | D | B | 77.2 | EOG Rsrces | 2.4 | EOG | 69.06 | -1.45 | -34 | 15m | 47ko |
| 37 | 13 | 59 | D | C | 20.8 | Equinor Asa | 2.2 | EQNR | 19.86 | +0.05 | -30 | 11m | 71 k |
| 37 | 10 | 64 | E | A- | 62.6 | Exxon Mobil | 6.3 | XOM | 55.57 | -1.08 | -42 | 84m | ..ko |
| 51 | 16 | 70 | E | B | 76.2 | Hess | 1.5 | HES | 67.29 | -2.05 | -12 | 10m | ..ko |
| 89 | 69 | 78 | A | A- | NH | Holly Energy | 6.9 | HEP | 20.28 | +0.50 | -60 | 682 | 10ko |
| 82 | 84 | 42 | B | B- | 18.0 | Kinder Morgan | 6.4 | KMI | 16.78 | +0.24 | +5 | 81m | 13 o |
| 89 | 67 | 94 | B | B+ | 44.0 | Laredo Petroleum | .. | LPI | 33.65 | -1.05 | -44 | 1.7m | 2ko |
| 85 | 66 | 86 | E | B- | 13.4 | Magnolia OG | .. | MGY | 10.76 | -0.35 | -50 | 6.0m | 99 k |
| 90 | 49 | 97 | C | B | 27.4 | Matador Resrcs | 0.4 | MTDR | 23.85 | -0.13 | -18 | 7.7m | 44ko |
| 78 | 25 | 85 | B | A- | 15.6 | Noble Midstream Prt | 5.3 | NBLX | 14.16 | -0.11 | -63 | 1.6m | 9 k |
| 82 | 42 | 85 | B | B+ | 15.3 | Northern Oil Gas | .. | NOG | 12.22 | -0.56 | -61 | 2.3m | 6 k |
| 72 | 48 | 81 | C | C- | 52.8 | Oneok | 7.4 | OKE | 50.60 | -1.00 | +2 | 15m | 36 x |
| 87 | 46 | 96 | C | B+ | 28.7 | Ovintiv Inc | 1.6 | OVV | 22.57 | -0.97 | -38 | 9.4m | 64 k |
| 88 | 59 | 85 | A | B+ | 15.1 | PBF Logistics | 8.2 | PBFX | 14.55 | +0.14 | -61 | 630 | 6ko |
| 93 | 71 | 95 | C | B+ | 42.8 | PDC Energy | .. | PDCE | 34.31 | -0.67 | -31 | 4.0m | ..ko |
| 78 | 61 | 81 | B | B | 20.2 | Penn Virginia | .. | PVAC | 12.53 | +0.50 | -10 | 2.3m | 2 k |
| 36 | 63 | 28 | D | E | 40.5 | Petrochina | 6.5 | PTR | 35.10 | -1.43 | +12 | 1.2m | 21ko |
| 78 | 54 | 77 | D | B- | 169 | Pioneer Natural Res | 1.5 | PXD | 146.5 | -1.96 | -44 | 7.2m | 70ko |
| 91 | 71 | 73 | C | A+ | 11.8 | Rattler Midstream LP | 7.4 | RTLR | 10.78 | -0.09 | -45 | 800 | 14 k |
| 33 | 23 | 38 | D | B- | 44.5 | Royal Dutch Shell A | 2.9 | RDSA | 38.03 | -1.35 | -11 | 22m | 30 k |
| 32 | 23 | 36 | D | B- | 42.3 | Royal Dutch Shell B | 3.6 | RDSB | 36.02 | -1.30 | -14 | 14m | 28 k |
| 85 | 76 | 97 | E | B | NH | Sasol | .. | SSL | 17.01 | +0.73 | +40 | 4.9m | ..ko |
| 89 | 62 | 99 | E | A- | 19.5 | SM Energy | 0.1 | SM | 15.96 | -0.18 | -21 | 18m | ..ko |
| 68 | 71 | 75 | B | B- | 377 | SolarEdge Tech | .. | SEDG | 279.4 | +20.72 | -10 | 4.3m | 67ko |
| 70 | 52 | 59 | C | B- | 34.0 | Sunoco | 9 | SUN | 33.58 | -0.24 | -14 | 1.8m | 21ko |
| 79 | 72 | 92 | E | C+ | 35.3 | Targa Resrcs | 1.2r | TRGP | 33.94 | +0.56 | -14 | 7.4m | ..ko |
| 73 | 77 | 30 | B | B+ | 50.0 | Tc Energy Corp | 5.8 | TRP | 47.51 | -0.14 | -58 | 5.8m | 11ko |
| 29 | 21 | 42 | D | D- | 50.4 | Total S E Adr | 5.8 | TOT | 44.47 | -0.89 | -15 | 9.8m | 31ko |
| 84 | 72 | 91 | C | B- | 81.4 | TPI Composites | .. | TPIC | 58.21 | +8.52 | -39 | 3.4m | 99 k |
| 84 | 51 | 87 | D | A- | 18.5 | Viper Energy Prtnrs | 3.2r | VNOM | 17.28 | +0.68 | +1 | 3.3m | 61ko |
| 79 | 58 | 88 | E | B | 38.8 | Whiting Petroleum | .. | WLL | 35.48 | +0.20 | -33 | 2.3m | .. k |

### 3. AGRICULTRE | +2.2% Daily Change | +29.43% Since Jan. 1

| Comp | EPS | RS | SMR | A/D | 52-wk High | Stock | Div % Yield | Symbol | Close Price | Weekly Chg | Vol % Chg | Vol 1000 | PE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 97 | 94 | 93 | B | B | NH | AGCO | 0.4 | AGCO | 153.7 | +1.84 | -7 | 2.8m | 27ko |
| 94 | 81 | 85 | B | A | NH | Bunge | 2.4 | BG | 85.10 | +1.48 | -11 | 5.8m | 10ko |
| 93 | 78 | 93 | B | B+ | 79.7 | Darling Ingredients | .. | DAR | 71.86 | -1.15 | -20 | 6.0m | 36ko |
| 95 | 92 | 89 | B | C- | 392 | Deere | 1.0 | DE | 376.3 | -6.80 | -20 | 7.7m | 34ko |
| 71 | 83 | 33 | B | B- | 123 | FMC | 1.7 | FMC | 115.9 | +2.25 | -56 | 2.0m | 18ko |
| 98 | 72 | 92 | D | B | 35.2 | Mosaic | 0.6 | MOS | 33.94 | +0.48 | -46 | 17m | 39ko |
| 90 | 86 | 64 | C | C- | 59.8 | Nutrien | 3.4r | NTR | 53.85 | -2.17 | -20 | 8.3m | 29 k |
| 93 | 86 | 72 | A | C- | 254 | Scotts Miracle-Gro | 1.1 | SMG | 232.8 | -5.39 | -30 | 1.4m | 23ko |
| 77 | 72 | 91 | B | B- | 20.3 | Village Farms Intl I | .. | VFF | 11.29 | -0.03 | -28 | 7.3m | 59 k |

### 4. BANKS | +3.6% Daily Change | +34.24% Since Jan. 1

SECTOR LEADER NSDAQ

| Comp | EPS | RS | SMR | A/D | 52-wk High | Stock | Div % Yield | Symbol | Close Price | Weekly Chg | Vol % Chg | Vol 1000 | PE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 98 | 96 | 83 | B | B- | 15.1 | HarborOne Bancorp | 1.4 | HONE | 14.79 | +0.85 | +44 | 2.0m | 17 k |

KEY DATA: EPS 3Q Avg **173%**, LQ **313%**, Next Q **233%**, Sales 3Q Avg **37%**, LQ **29%**, Next Yr EPS **21%**, Pretax **20%**, ROE **7%**, EPS due **04/27**

▸IPO within last 15 years and EPS & RS 80 or higher

| Comp | EPS | RS | SMR | A/D | 52-wk High | Stock | Div % Yield | Symbol | Close Price | Weekly Chg | Vol % Chg | Vol 1000 | PE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 97 | 91 | 94 | B | B- | 23.9 | ▸Cadence Bancorp | 2.7 | CADE | 22.08 | -0.67 | +17 | 7.4m | 9 |
| 88 | 87 | 83 | C | D+ | 47.6 | ▸Citizens Financial | 3.5 | CFG | 44.93 | +0.10 | -14 | 27m | 12 o |
| 99 | 81 | 95 | A | A- | 33.9 | ▸Customers Bncrp | .. | CUBI | 32.23 | +0.38 | -2 | 1.2m | 8ko |
| 96 | 94 | 81 | A | D- | 49.6 | ▸FB Finl | 1.0 | FBK | 43.05 | +0.27 | -31 | 489 | 12 k |
| 94 | 87 | 84 | B | B- | 29.2 | ▸Home Bncshrs | 2.0 | HOMB | 28.05 | +1.08 | -10 | 3.1m | 14 o |
| 98 | 80 | 97 | A | B- | 72.6 | ▸Live Oak Bncshrs | 0.2 | LOB | 66.19 | -5.41 | -31 | 1.3m | 26 |
| 97 | 95 | 86 | A | B+ | NH | ▸Servisfirst Bncshr | 1.3 | SFBS | 63.65 | +0.78 | +4 | 1.2m | 18 |
| 98 | 98 | 99 | A | B- | 187 | ▸Silvergate Cap Corp | .. | SI | 115.3 | -17.67 | -5 | 7.3m | 68 |
| 99 | 95 | 97 | B | B+ | 97.5 | ▸Triumph Bncrp | .. | TBK | 91.65 | -4.83 | -18 | 795 | 24 |
| 97 | 97 | 87 | A | D+ | 57.8 | Ameris Bancorp | 1.2 | ABCB | 50.81 | -0.50 | -10 | 2.0m | 9 o |
| 84 | 78 | 74 | C | C- | 41.8 | Atlantic UnionBanksh | 2.6 | AUB | 39.15 | +0.19 | -30 | 903 | 15 |
| 98 | 96 | 95 | B | B- | 24.5 | Bancorp | ..r | TBBK | 21.94 | -0.97 | -27 | 1.7m | 15ko |
| 70 | 50 | 71 | C | B- | 64.4 | Bank Nova Scotia | 4.6 | BNS | 62.52 | +0.44 | -26 | 5.6m | 11 o |
| 88 | 80 | 79 | C | A- | 40.4 | Bank Of America | 1.8 | BAC | 39.18 | +0.03 | -22 | 222m | 16 o |
| 86 | 68 | 80 | C | B+ | NH | Bank Of Montreal | 3.5 | BMO | 92.96 | +1.18 | +3 | 4.5m | 11 o |
| 89 | 78 | 82 | B | D- | 45.8 | Bank Ozk | 2.7 | OZK | 41.22 | +1.41 | +26 | 5.2m | 12 |
| 79 | 88 | 51 | B | D | 35.6 | Bansouth Bank | 2.5r | BXS | 30.38 | -0.78 | +78 | 5.7m | 11 o |
| 78 | 37 | 87 | C | B | 10.6 | Barclays | 0.5 | BCS | 10.12 | -0.38 | -39 | 27m | 20ko |
| 83 | 56 | 89 | C | B+ | NH | Boston Pvt Finl | 1.6 | BPFH | 14.91 | +1.04 | -16 | 3.5m | 21 o |
| 66 | 59 | 71 | C | B | 102 | Canadn Impr BK Cmm | 4.6 | CM | 101.4 | +1.63 | -38 | 2.0m | 10 o |
| 82 | 65 | 77 | B | B- | 45.2 | Cathay Genl Bncrp | 3.0r | CATY | 41.24 | -0.03 | -17 | 1.6m | 14ko |
| 78 | 77 | 72 | C | C+ | 76.1 | Citi | 2.9 | C | 71.37 | -1.09 | -15 | 83m | 9 o |
| 78 | 69 | 72 | B | C- | 50.7 | Columbia Banking | 2.5 | COLB | 44.15 | +0.31 | -23 | 1.3m | 20 k |
| 85 | 80 | 83 | C | D- | 73.7 | Comerica | 3.9 | CMA | 70.44 | +0.27 | +33 | 10m | 11 o |
| 83 | 90 | 59 | B | C- | 83.1 | Commerce Bcshrs | 1.4 | CBSH | 77.23 | +0.09 | -12 | 1.9m | 21 |
| 94 | 61 | 85 | A | B+ | 28.2 | ConnectOne Bncrp | 1.3 | CNOB | 27.13 | +1.11 | -7 | 637 | 15 k |
| 82 | 54 | 79 | B | D- | 119 | Cullen Frost Bnkrs | 2.5 | CFR | 115.6 | +0.92 | +7 | 2.2m | 22ko |
| 75 | 72 | 66 | D | B- | 13.4 | Deutsche Bk Ag | .. | DB | 11.88 | -0.67 | -36 | 13m | 99ko |
| 91 | 88 | 81 | B | B+ | 57.9 | Eagle Bncrp | 1.8r | EGBN | 54.34 | -0.08 | -12 | 564 | 11 |
| 94 | 80 | 90 | B | B | 82.5 | East West Bncrp | 1.7 | EWBC | 76.15 | +1.50 | -16 | 3.8m | 17 o |
| 91 | 71 | 83 | C | A | NH | Eastern Bankshares I | 1.5 | EBC | 21.05 | +0.82 | -20 | 3.9m | 36 k |
| 93 | 76 | 83 | A | A- | 52.0 | Enterprise Finl | 1.4 | EFSC | 50.59 | +0.37 | +9 | 797 | 11 k |
| 91 | 91 | 86 | C | D | 40.5 | Fifth Third Bncrp | 2.8 | FITB | 38.34 | +0.14 | -19 | 28m | 12 o |
| 96 | 93 | 78 | A | D+ | 51.6 | First Financial Bank | 1.1 | FFIN | 48.19 | +0.99 | -18 | 2.2m | 30 |
| 94 | 97 | 76 | A | C+ | 25.6 | First Foundation | 1.5 | FFWM | 23.91 | +0.22 | -17 | 709 | 12 e |
| 96 | 85 | 86 | A | C+ | 18.4 | First Horizon Corp | 3.3r | FHN | 17.97 | +0.38 | -4 | 34m | 10 o |
| 80 | 69 | 79 | C | B- | 24.3 | First Midwest Bcrp I | 2.6 | FMBI | 21.68 | -0.28 | -16 | 3.1m | 16 |
| 93 | 89 | 73 | A | C+ | 180 | First Republic Bank | 0.5 | FRC | 179.1 | -0.66 | -42 | 2.8m | 27 o |
| 96 | 70 | 88 | B | B- | 12.6 | Firstbank Bncrp | 2.3 | FBP | 12.09 | +0.08 | -25 | 7.6m | 27ko |
| 84 | 75 | 80 | C | C | 13.8 | FNB | 3.7 | FNB | 12.92 | -0.07 | +12 | 13m | 11 o |
| 86 | 68 | 77 | B | B+ | 15.6 | Frst Cmmonwlth Finl | 3.0 | FCF | 14.44 | +0.03 | -34 | 1.7m | 14 k |
| 91 | 81 | 76 | C | B- | 18.4 | Fulton Finl | 3.2r | FULT | 17.33 | +0.11 | +20 | 5.5m | 12 o |
| 95 | 94 | 81 | A | D- | 67.4 | Glacier Bncrp | 2.0 | GBCI | 61.40 | +1.23 | -10 | 1.9m | 19 |
| 97 | 92 | 81 | A | C+ | 356 | Goldman Sachs | 1.5 | GS | 339.4 | -2.96 | -13 | 14m | 7 o |
| 79 | 34 | 90 | C | B+ | 34.8 | Great Western Bncrp | 0.1 | GWB | 32.51 | +0.72 | 0 | 2.1m | 20 k |
| 91 | 76 | 90 | C | B | 47.4 | Hancock Whitney | 2.4 | HWC | 45.20 | +1.79 | +29 | 3.0m | 14 |
| 92 | 71 | 92 | C | A- | 21.9 | Hanmi Finl | 2.0 | HAFC | 20.48 | +0.11 | -49 | 588 | 14 k |
| 69 | 88 | 52 | A | D+ | 84.7 | HDFC Bank | .. | HDB | 69.43 | -2.38 | +28 | 10m | 29 |
| 92 | 81 | 78 | C | A | 12.5 | Heritage Cmmrce | 4.2 | HTBK | 12.26 | +0.02 | -54 | 956 | 16 |
| 98 | 97 | 81 | A | C- | 39.6 | Hilltop | 1.4 | HTH | 34.19 | +0.26 | -24 | 2.4m | 6 o |
| 96 | 81 | 79 | A | B- | 52.5 | Homestreet | 2.3r | HMST | 42.85 | -0.46 | -59 | 358 | 12 k |
| 77 | 37 | 84 | C | B | 16.6 | Hope Bncrp | 3.6 | HOPE | 15.60 | +0.18 | -24 | 3.4m | 17ko |
| 53 | 42 | 43 | C | B- | 31.6 | HSBC | 2.5 | HSBC | 29.03 | -0.56 | -24 | 8.2m | 27ko |
| 90 | 59 | 88 | B | B- | 80.7 | Independent Bank | 1.5 | IBTX | 77.61 | +2.39 | -8 | 962 | 21 k |
| 95 | 97 | 77 | A | B- | 24.7 | Independent Bnk | 3.6r | IBCP | 23.18 | -0.60 | -34 | 327 | 8 k |
| 84 | 91 | 70 | B | D | 161 | JP Morgan Chase | 2.4 | JPM | 150.2 | -3.11 | -16 | 66m | 14 o |
| 90 | 86 | 79 | B | D- | 21.8 | Keycorp | 3.6 | KEY | 20.77 | +0.09 | 0 | 50m | 11 o |
| 76 | 79 | 64 | C | D | 164 | MT Bank | 2.9r | MTB | 153.2 | -0.73 | -1 | 5.0m | 13 o |
| 87 | 69 | 92 | B | B | 22.0 | Mackinac Finl | 2.6 | MFNC | 21.48 | +0.34 | -56 | 833 | 16 k |
| 93 | 98 | 80 | A | D | 86.6 | Morgan Stanley | 1.7 | MS | 81.02 | +2.40 | -5 | 55m | 10 o |
| 95 | 97 | 64 | A | B- | 43.2 | National Bank | 2.1r | NBHC | 39.76 | +0.09 | +5 | 790 | 12 |
| 73 | 70 | 62 | B | C- | 110 | Northern Trust | 2.6 | NTRS | 109.5 | +2.62 | +10 | 5.9m | 18 o |
| 94 | 87 | 84 | A | B+ | NH | OFG Bncrp | 1.3 | OFG | 24.18 | +0.52 | +17 | 1.5m | 13 o |
| 86 | 93 | 57 | B | B+ | 21.3 | Old Natl Bncrp | 2.9r | ONB | 19.30 | +0.08 | -26 | 2.9m | 10 o |
| 92 | 35 | 88 | B | B- | 47.2 | Pacific Prmr Bncp | 2.7r | PPBI | 43.89 | +0.91 | -28 | 1.5m | 99 k |
| 95 | 70 | 91 | C | B+ | NH | Pacwest Bncrp | 2.3 | PACW | 42.70 | +2.52 | 0 | 5.9m | 14 o |
| 96 | 93 | 90 | B | C- | 96.5 | Pinnacle Finl | 0.8 | PNFP | 88.65 | -3.74 | +40 | 3.1m | 15 o |
| 82 | 78 | 77 | C | D+ | 184 | PNC Finl Svcs | 2.6 | PNC | 178.0 | -0.82 | -9 | 9.0m | 20 o |
| 92 | 86 | 86 | C | B- | 75.2 | Popular | 2.2 | BPOP | 72.82 | +0.02 | -19 | 2.2m | 12 k |
| 86 | 73 | 58 | A | B | 83.0 | Prosperity Bancshrs | 2.6r | PB | 76.76 | +0.30 | -26 | 1.4m | 13ko |
| 86 | 61 | 81 | B | B- | 24.2 | Provident Finl Svcs | 3.9 | PFS | 23.62 | +0.34 | -6 | 1.7m | 17 k |
| 95 | 88 | 83 | B | D- | 22.6 | Regions Finl | 3.0 | RF | 20.63 | -0.57 | -11 | 42m | 13 o |
| 73 | 67 | 61 | C | B- | 95.1 | Royal Bank Of Canada | 3.7 | RY | 93.46 | -1.25 | +19 | 8.0m | 11 o |
| 99 | 93 | 85 | A | C+ | 44.8 | Sandy Springs | 2.9r | SASR | 44.39 | +0.78 | -26 | 688 | 10 o |
| 94 | 84 | 94 | A | C+ | 249 | Signature Bank | 0.9 | SBNY | 238.8 | +11.28 | +8 | 4.0m | 21 o |
| 78 | 63 | 76 | C | C | 33.4 | Simmons First Ntl | 2.3 | SFNC | 29.36 | -0.05 | +3 | 2.9m | 12 |
| 84 | 59 | 67 | A | C+ | 93.3 | South State | 2.3 | SSB | 83.16 | +0.99 | -14 | 1.5m | 17 e |
| 92 | 89 | 69 | B | B | 42.0 | Southside Bcshr | 3.2 | SBSI | 40.36 | +1.26 | -34 | 501 | 11 |
| 99 | 99 | 92 | A | D- | NH | SVB Financial | .. | SIVB | 564.2 | +45.28 | +21 | 3.3m | 18 o |
| 92 | 89 | 90 | C | D+ | 50.5 | Synovus Finl | 2.8 | SNV | 46.73 | -0.32 | +4 | 4.9m | 13 o |
| 74 | 63 | 74 | C | C | 50.1 | T C F Financial Corp | 3.2 | TCF | 44.38 | -3.75 | +26 | 5.6m | 16 |
| 67 | 71 | 86 | C | E | 93.3 | Texas Cap Bancshrs | .. | TCBI | 65.89 | +0.25 | +11 | 6.9m | 12 o |
| 73 | 63 | 73 | C | C- | NH | Toronto Dom Bank | 3.7 | TD | 67.48 | +1.24 | -30 | 7.0m | 12 o |
| 88 | 86 | 68 | A | B- | 61.3 | Truist Financial Cor | 3.1 | TFC | 57.62 | -0.22 | -3 | 30m | 13 |
| 72 | 81 | 54 | B | D+ | 16.3 | UBS Grp Ag | 1.2 | UBS | 15.33 | -0.78 | +10 | 16m | 8 k |
| 94 | 92 | 85 | A | C+ | 99 | UMB Finl | 1.4 | UMBF | 94.59 | +0.25 | -45 | 597 | 15 k |
| 86 | 72 | 73 | D | D+ | 19.2 | Umpqua | 4.5 | UMPQ | 18.49 | +0.15 | +12 | 9.1m | 9 o |
| 94 | 84 | 67 | A | B+ | 41.6 | United Bnkshrs Wv | 3.5 | UBSI | 39.67 | +0.30 | -15 | 1.9m | 14 o |
| 97 | 88 | 77 | A | B+ | 36.7 | United Cmnty Bks | 2.2 | UCBI | 33.41 | -0.42 | -12 | 1.8m | 14 |
| 93 | 86 | 81 | A | B | 30.1 | Univest Financial Co | 2.9 | UVSP | 27.72 | -0.33 | -35 | 343 | 9 e |
| 83 | 71 | 75 | C | C | 58.5 | US Bncrp | 2.9r | USB | 57.23 | -0.63 | -24 | 30m | 15 o |
| 93 | 85 | 85 | B | B | 14.7 | Valley National Banc | 3.1 | VLY | 14.01 | +0.08 | +16 | 17m | 13ko |
| 93 | 76 | 87 | C | B+ | 34.6 | Veritex | 2.0 | VBTX | 33.94 | -0.21 | +6 | 1.5m | 20 k |
| 86 | 77 | 83 | C | C- | 63.8 | Webster Finl | 3.0 | WBS | 53.32 | -4.05 | +143 | 8.0m | 17 o |
| 81 | 53 | 84 | D | A- | 44.4 | Wells Fargo Co | 0.9 | WFC | 43.85 | +0.01 | -24 | 133m | 22 o |
| 99 | 98 | 96 | A | B | NH | WesternAlliance | 0.9 | WAL | 106.7 | +6.47 | +1 | 4.4m | 17 o |
| 56 | 19 | 77 | D | A | 19.7 | Westpac Banking | 1.1 | WBK | 19.58 | -0.10 | -37 | 356 | 46 k |
| 91 | 88 | 83 | B | C | 87.9 | Wintrust Finl | 1.6 | WTFC | 77.18 | -1.02 | +21 | 2.7m | 12 |
| 77 | 61 | 61 | C | B+ | 34.0 | Wshngtn Federal | 2.7 | WAFD | 32.97 | -0.09 | -33 | 2.2m | 16 o |
| 90 | 93 | 77 | C | D- | 60.2 | Zions Bncrp NA | 2.5r | ZION | 54.27 | -1.85 | +34 | 9.6m | 10 o |

### 5. METALS | +3.0% Daily Change | +27.20% Since Jan. 1

| Comp | EPS | RS | SMR | A/D | 52-wk High | Stock | Div % Yield | Symbol | Close Price | Weekly Chg | Vol % Chg | Vol 1000 | PE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 90 | 72 | 92 | D | C+ | 13.7 | Aluminum Cp Of China | .. | ACH | 12.80 | +0.60 | -54 | 519 | 75ko |
| 84 | 64 | 94 | E | B- | NH | Arcelor Mittal | ..r | MT | 30.55 | +0.44 | -41 | 17m | .. k |
| 98 | 50 | 96 | B | B- | 20.9 | Cleveland-Cliffs | .. | CLF | 17.98 | -0.01 | -9 | 97m | 56 o |
| 86 | 85 | 77 | B | B | 32.4 | Commercial Metals | 1.7 | CMC | 28.80 | -0.54 | -40 | 4.2m | 10 o |
| 82 | 33 | 87 | .. | B | 17.1 | Constellium Se | .. | CSTM | 15.79 | +0.12 | -28 | 3.9m | ..ko |
| 97 | 88 | 78 | A | B | 45.8 | Mueller Inds | 1.1 | MLI | 45.30 | +0.16 | -22 | 1.1m | 15 |
| 99 | 92 | 86 | C | A | 82.8 | Nucor | 2.1 | NUE | 77.83 | -1.67 | -1 | 16m | 14 o |
| 94 | 90 | 88 | D | B+ | NH | Posco | .. | PKX | 79.87 | +2.81 | -41 | 588 | 18oe |
| 86 | 85 | 77 | C | B- | 159 | Reliance Steel Alu | 1.7 | RS | 157.5 | +1.48 | -21 | 1.6m | 16 o |
| 95 | 85 | 94 | C | B | 46.9 | Schnitzer Steel | 1.7 | SCHN | 44.07 | +2.75 | +16 | 2.0m | 18 o |
| 99 | 94 | 86 | B | C- | 52.7 | Steel Dynamics | 2.0 | STLD | 51.89 | +0.39 | +3 | 12m | 12 o |
| 99 | 97 | 94 | C | A+ | 40.6 | Ternium Sa | .. | TX | 39.94 | +0.30 | -11 | 3.2m | 13ko |
| 73 | 73 | 80 | C | D- | 87.9 | Timken | 1.4 | TKR | 83.73 | +0.44 | -2 | 2.9m | 20 k |
| 87 | 59 | 98 | E | B+ | 12.9 | Timkensteel | .. | TMST | 11.83 | +0.66 | -65 | 3.6m | ..ko |
| 82 | 80 | 86 | C | D+ | 75.5 | Worthington Indstrs | 1.7r | WOR | 66.62 | -0.04 | -30 | 1.0m | 19 o |

### 6. OFFICE | +1.0% Daily Change | +27.63% Since Jan. 1

| Comp | EPS | RS | SMR | A/D | 52-wk High | Stock | Div % Yield | Symbol | Close Price | Weekly Chg | Vol % Chg | Vol 1000 | PE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 92 | 90 | 80 | B | B+ | NH | Avery Dennison | 1.3 | AVY | 202.2 | +3.56 | -29 | 2.0m | 28ko |

### 7. ALCOHL/TOB | +2.5% Daily Change | +23.55% Since Jan. 1

▸IPO within last 15 years and EPS & RS 80 or higher

| Comp | EPS | RS | SMR | A/D | 52-wk High | Stock | Div % Yield | Symbol | Close Price | Weekly Chg | Vol % Chg | Vol 1000 | PE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 90 | 94 | 81 | A | C+ | 61.1 | ▸Turning Point Brand | 0.5 | TPB | 48.05 | -1.76 | +5 | 1.0m | 17 k |
| 57 | 69 | 42 | A | C | 52.6 | Altria | 7.3 | MO | 47.36 | -4.91 | +84 | 104m | 10ko |
| 59 | 52 | 59 | C | B+ | 72.4 | Anheuser Busch Inbev | 1.2 | BUD | 70.45 | +2.31 | -29 | 5.7m | 36ko |
| 99 | 96 | 87 | A | B | NH | Boston Beer | .. | SAM | 1284 | -11.03 | +44 | 799 | 71 o |
| 37 | 66 | 27 | B | E | 41.6 | British Amer Tobc | 7.7 | BTI | 38.20 | -2.31 | +80 | 29m | 8 k |
| 64 | 78 | 58 | B | B- | 243 | Constelltn Brands A | 1.3 | STZ | 240.5 | +1.61 | -41 | 3.3m | 24 o |
| 55 | 35 | 55 | C | A- | 183 | Diageo | 2.0 | DEO | 181.9 | +2.96 | +39 | 2.9m | 64ko |
| 52 | 75 | 52 | .. | B | 95.6 | Philip Morris Intl | 5.1 | PM | 94.61 | +1.70 | +12 | 27m | 17 o |

### 8. APPAREL | +2.4% Daily Change | +21.51% Since Jan. 1

| Comp | EPS | RS | SMR | A/D | 52-wk High | Stock | Div % Yield | Symbol | Close Price | Weekly Chg | Vol % Chg | Vol 1000 | PE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 77 | 63 | 81 | C | D+ | 50.1 | Canada Goose | .. | GOOS | 42.39 | +1.69 | -15 | 4.3m | 66 |
| 76 | 32 | 97 | C | B | 58.6 | Capri Holdings Ltd | .. | CPRI | 53.80 | -0.03 | -21 | 8.4m | 33 |
| 60 | 49 | 40 | C | B | 105 | Carters | .. | CRI | 100.5 | +2.30 | -15 | 3.1m | 24ko |
| 97 | 99 | 93 | A | D+ | 86.4 | Crocs | .. | CROX | 84.15 | +5.11 | -1 | 5.2m | 26oe |
| 96 | 94 | 82 | A | C | 348 | Deckers Outdoor | .. | DECK | 343.8 | +2.71 | -33 | 907 | 26 k |
| 75 | 28 | 95 | D | B | 34.7 | Giii Apparel | .. | GIII | 32.56 | +0.60 | -32 | 1.8m | 50 o |
| 82 | 42 | 83 | B | A- | 21.2 | Hanesbrands | 2.9 | HBI | 20.93 | +0.67 | -5 | 21m | 14ko |
| 92 | 66 | 96 | C | B | NH | Kontoor Brands Inc | 2.4 | KTB | 65.91 | +2.36 | +21 | 2.9m | 25 k |
| 84 | 26 | 91 | D | A+ | NH | Levi Strauss Co Cl | 0.3 | LEVI | 29.56 | +0.53 | +5 | 8.6m | 99 |
| 47 | 64 | 38 | B | E | 147 | Nike | 0.8 | NKE | 130.2 | -4.12 | +7 | 39m | 61 o |
| 60 | 12 | 89 | E | B | 114 | PVH | .. | PVH | 109.4 | +3.27 | +5 | 5.4m | .. o |
| 55 | 19 | 80 | C | C- | 129 | Ralph Lauren | .. | RL | 125.6 | +1.08 | -12 | 4.4m | 99 o |
| 90 | 56 | 96 | D | B+ | 47.1 | Tapestry | 2.9 | TPR | 46.40 | -0.20 | -45 | 11m | 38 k |
| 81 | 55 | 87 | E | B+ | 24.4 | Under Armour | .. | UAA | 23.01 | +0.85 | -30 | 19m | .. k |
| 82 | 55 | 85 | E | A- | 20.3 | Under Armour C | .. | UA | 19.27 | +0.89 | -31 | 13m | .. k |
| 82 | 51 | 91 | C | B | 12.2 | Vera Bradley | .. | VRA | 11.30 | +0.35 | -43 | 858 | 18 o |
| 64 | 27 | 59 | C | B+ | 89.7 | VF | 2.2 | VFC | 88.38 | +3.64 | 0 | 13m | 78ko |

### 9. CHIPS | +2.9% Daily Change | +20.26% Since Jan. 1

▸IPO within last 15 years and EPS & RS 80 or higher

| Comp | EPS | RS | SMR | A/D | 52-wk High | Stock | Div % Yield | Symbol | Close Price | Weekly Chg | Vol % Chg | Vol 1000 | PE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 83 | 97 | 93 | B | E | 43.0 | ▸Alpha Omega Semi | .. | AOSL | 31.59 | -0.51 | +11 | 1.9m | 19ko |
| 98 | 93 | 93 | A | A+ | 63.4 | ▸Ichor | .. | ICHR | 59.29 | +0.47 | -40 | 1.2m | 23 k |
| 85 | 85 | 53 | A | D+ | 144 | ACM Research | .. | ACMR | 82.39 | +4.21 | -16 | 1.4m | 74 k |
| 72 | 97 | 33 | A | C- | 99 | Adv Micro Devices | .. | AMD | 82.76 | +0.61 | -8 | 195m | 64ko |

Column key (printed above and below each table column): IBD Composite Rating; Earnings Per Share Growth Rating; Relative Price Strength Rating; Sales + Profit Margins + ROE; Accumulation/Distribution (3 mos.); 52-wk High; Stock; Dividend % Yield; Stock Smbl; Close Price; Weekly Chg; Vol % Chg; Vol 1000; PE

# Bernstein Litowitz Berger & Grossmann LLP and Stoll Stoll Berne Lokting & Shlachter P.C. Announce Pendency and Proposed Settlement of Class Action Involving Purchasers of CenturyLink, Inc. Common Stock and 7.60% Senior Notes due September 15, 2039

---

NEWS PROVIDED BY

**Bernstein Litowitz Berger & Grossmann LLP and Stoll Stoll Berne Lokting & Shlachter P.C. →**

Apr 26, 2021, 08:00 ET

---

MINNEAPOLIS, April 26, 2021 /PRNewswire/ --

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION<br><br>This Document Relates to:<br>Civil Action No. 18-296 (MJD/KMM) | MDL No. 17-2795 (MJD/KMM) |
|---|---|

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO: All persons and entities that purchased or otherwise acquired CenturyLink, Inc. ("CenturyLink")[1] common stock or 7.60% Senior Notes due September 15, 2039 during the period from March 1, 2013 through July 12, 2017, inclusive (the "Class Period"), and who were damaged thereby (the "Class"):**

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Minnesota (the "Court"), that the above-captioned litigation (the "Action") has been certified as a class action on behalf of the Class, except for certain persons and entities who are excluded from the Class by definition as set forth in the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Litigation Expenses (the "Notice").

YOU ARE ALSO NOTIFIED that Plaintiffs in the Action have reached a proposed settlement of the Action for $55,000,000 in cash (the "Settlement"). If approved by the Court, the Settlement will resolve all claims in the Action.

A hearing (the "Settlement Fairness Hearing") will be held on **July 20, 2021 at 11:00 a.m.**, before the Honorable Michael J. Davis either in person at the United States District Court for the District of Minnesota, Courtroom 13E of the Diana E. Murphy United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, or by telephone or video conference (in the discretion of the Court), to determine, among other things: (i) whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (ii) whether the Action should be dismissed with prejudice against Defendants and the Releases specified and described in the Stipulation (and in the Notice) should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; (iv) whether Lead Counsel's application for an award of attorneys' fees and expenses should be approved; and (v) any other matters that may properly be brought before the Court in connection with the Settlement. The Court reserves the right to approve the Settlement, the Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and expenses and/or consider any other matter related to the Settlement at or after the Settlement Fairness Hearing without further notice to the members of the Class.

The ongoing COVID-19 health emergency is a fluid situation that creates the possibility that the Court may decide to conduct the Settlement Fairness Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone or video, without further written notice to the Class. In order to determine whether the date and time of the Settlement Fairness Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.CenturyLinkSecuritiesLitigation.com, before making any plans to attend the Settlement Fairness Hearing. Any updates regarding the Settlement Fairness Hearing, including any changes to the date or time of the hearing or updates regarding in-person or telephonic/video appearances at the hearing, will be posted to the Settlement website, www.CenturyLinkSecuritiesLitigation.com. Also, if the Court requires or allows Class Members to participate in the Settlement Fairness Hearing by telephone or video conference, the information needed to access the conference will be posted to the Settlement website, www.CenturyLinkSecuritiesLitigation.com.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Net Settlement Fund**. If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at: CenturyLink Securities Litigation, c/o Epiq, P.O. Box 2588, Portland, OR 97208-2588, 1-800-726-0952, info@CenturyLinkSecuritiesLitigation.com. Copies of the Notice and Claim Form can also be downloaded from the Settlement website, www.CenturyLinkSecuritiesLitigation.com.

If you are a member of the Class, in order to be eligible to receive a payment from the Settlement, you must submit a Claim Form by mail ***postmarked*** **no later than August 13, 2021** or online using the Settlement website, www.CenturyLinkSecuritiesLitigation.com, **no later than August 13, 2021**. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to receive a payment from the Settlement, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

If you are a member of the Class and wish to exclude yourself from the Class, you must submit a request for exclusion such that it is ***received*** **no later than June 29, 2021**, in accordance with the instructions set forth in the Notice. If you properly exclude yourself from the Class, you will not be bound by any judgments or orders entered by the Court in the Action and you will not be eligible to receive a payment from the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and expenses must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are ***received*** **no later than June 29, 2021**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Office of the Clerk of the Court, Defendants, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to the Claims Administrator or Lead Counsel.**

Requests for the Notice and Claim Form should be made to:

CenturyLink Securities Litigation
c/o Epiq
P.O. Box 2588
Portland, OR 97208-2588
1-800-726-0952
info@CenturyLinkSecuritiesLitigation.com
www.CenturyLinkSecuritiesLitigation.com

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

John C. Browne, Esq.
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
1-800-380-8496
settlements@blbglaw.com

and/or

Timothy S. DeJong, Esq.
Stoll Stoll Berne Lokting & Shlachter P.C.
209 SW Oak Street, Suite 500

Portland, OR 97204
1-503-227-1600

CenturyLinkSettlement@stollberne.com

By Order of the Court

URL// www.CenturyLinkSecuritiesLitigation.com

[1] CenturyLink changed its legal name to "Lumen Technologies, Inc." on January 22, 2021.

SOURCE Bernstein Litowitz Berger & Grossmann LLP and Stoll Stoll Berne Lokting & Shlachter P.C.