## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

IN RE: CENTURYLINK SALES
PRACTICES AND SECURITIES
LITIGATION

MDL No. 17-2795 (MJD/KMM)

This Document Relates to:
Civil File No. 18-296 (MJD/KMM)

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
## (I) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS
## ACTION SETTLEMENT AND PLAN OF ALLOCATION AND
## (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF
## <u>ATTORNEYS' FEES AND LITIGATION EXPENSES</u>

Dated:  July 13, 2021

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ...................................................................................................... 1

ARGUMENT ............................................................................................................. 2

I.    THE REACTION OF THE CLASS SUPPORTS APPROVAL OF THE
SETTLEMENT, THE PLAN OF ALLOCATION, AND THE MOTION
FOR ATTORNEYS' FEES AND EXPENSES ...................................................... 2

      A.    THE NOTICE PROGRAM ........................................................... 3

      B.    THE REACTION OF THE CLASS SUPPORTS APPROVAL OF
THE SETTLEMENT AND PLAN OF ALLOCATION ............................. 5

II.    LEAD COUNSEL REQUESTS PAYMENT FOR A LITIGATION
EXPENSE THAT WAS INADVERTENTLY EXCLUDED FROM ITS
OPENING MOTION PAPERS ................................................................ 7

CONCLUSION ......................................................................................................... 8

# TABLE OF AUTHORITIES

**CASES**                                                                                                  **PAGE(S)**

*9–M Corp. v. Sprint Commc'ns Co. L.P.*,
2012 WL 5495905 (D. Minn. Nov. 12, 2012) ............................................................... 7

*Barfield v. Sho-Me Power Elec. Co-op.*,
2015 WL 3460346 (W.D. Mo. June 1, 2015) ............................................................... 7

*Beaver Cnty. Emps.' Ret. Fund v. Tile Shop Holdings, Inc.*,
2017 WL 2588950 (D. Minn. June 14, 2017) ............................................................... 7

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
2017 WL 2481782 (N.D. Cal. June 8, 2017) ............................................................... 6

*In re Charter Commc'ns, Inc., Sec. Litig.*,
2005 WL 4045741 (E.D. Mo. June 30, 2005) ............................................................... 6

*DeBoer v. Mellon Mortg.*, Co.,
64 F.3d 1171 (8th Cir. 1995) ............................................................... 5

*In re Facebook, Inc. IPO Sec. & Derivative Litig.*,
343 F. Supp. 3d 394 (S.D.N.Y. 2018) ............................................................... 6

*In re Impinj, Inc. Sec. Litig.*,
No. 3:18-cv-05704-RSL (W.D. Wash. Nov. 20, 2020), ECF No. 106 ......................... 8

*In re Heritage Bond Litig.*,
2005 WL 1594403 (C.D. June 10, 2005) ............................................................... 6

*McClean v. Health Sys., Inc.*,
2015 WL 12426091 (W.D. Mo. June 1, 2015) ............................................................... 6

*Patel v. Axesstel, Inc.*,
2015 WL 6458073 (S.D. Cal. Oct. 23, 2015) ............................................................... 7

*Rawa v. Monsanto Co.*,
2018 WL 2389040 (E.D. Mo. May 25, 2018) ............................................................... 5

*In re Veeco Instruments Inc. Sec. Litig.*,
2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007) ............................................................... 7

*In re Willis Towers Watson PLC Proxy Litig.*,
No. 1:17-cv-1338-AJT-JFA (E.D. Va. May 21, 2021), ECF No. 347 ......................... 8

*In re Wireless Tel. Fed. Cost Recovery Fees Litig.*,
  396 F.3d 922 (8th Cir. 2005) ........................................................................... 5

Court-appointed Class Representatives the State of Oregon by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund, and Fernando Alberto Vildosola, as trustee for the AUFV Trust U/A/D 02/19/2009 (collectively, "Plaintiffs"), on behalf of themselves and the Class, and Lead Counsel Bernstein Litowitz Berger & Grossmann LLP and Stoll Stoll Berne Lokting & Shlachter P.C. (collectively, "Lead Counsel") respectfully submit this reply brief in further support of (i) Plaintiffs' motion for final approval of the proposed Settlement and approval of the proposed Plan of Allocation and (ii) Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses (collectively, the "Motions").[1]

## INTRODUCTION

The proposed Settlement resolves this litigation in exchange for a cash payment of $55,000,000. As detailed in Plaintiffs' and Lead Counsel's opening papers (ECF Nos. 363-370), the proposed Settlement is the product of extended arm's-length settlement negotiations between experienced counsel, including mediation before Judge Phillips, a highly experienced mediator. Plaintiffs and Lead Counsel believe that the Settlement is an excellent result in light of the many risks that Plaintiffs faced in proving that Defendants

---

[1] Unless otherwise defined in this memorandum, all capitalized terms have the meanings defined in the Stipulation and Agreement of Settlement, dated January 29, 2021 (ECF No. 354-1) or in the Joint Declaration of Michael D. Blatchley and Keil M. Mueller in Support of (I) Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Litigation Expenses (ECF No. 369). All references to "ECF No. __" are to the docket in *Craig v. CenturyLink, Inc.*, No. 18-cv-296 (MJD/KMM). Unless otherwise specified, all citations are omitted. As noted below, Lead Counsel also seeks to make a minor modification to their motion for fees and expenses that were inadvertently omitted from their motion.

made false statements with scienter, and in establishing loss causation and damages, and the costs and delays of continued litigation. Indeed, if approved, the Settlement would be among the top ten securities class action settlements ever in this District.

The reaction of the Class confirms the proposed Settlement is an outstanding result. Following an extensive notice program, including the mailing of over 950,000 copies of the Notice to potential Class Members and nominees, there has been *no* objection to *any* aspect of the Settlement, the Plan of Allocation, or the requested fees and expenses. In fact, only 49 requests for exclusion from the Class were received, collectively representing just 0.005% of the total number of notices mailed to potential Class Members and 0.10% of the estimated number of damaged shares of CenturyLink common stock purchased during the Class Period.

Notably, institutional investors held approximately 77% of the shares of publicly traded CenturyLink common stock outstanding during the Class Period. The absence of any objections from these sophisticated Class Members, or any requests for exclusion seeking to file an individual action, is additional evidence of the fairness and reasonableness of the proposed Settlement, Plan of Allocation, and fee and expense request.

For these reasons and those set forth below, the Motions should be granted.

## ARGUMENT

## I.    THE REACTION OF THE CLASS SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE MOTION FOR ATTORNEYS' FEES AND EXPENSES

Plaintiffs and Lead Counsel respectfully submit that their opening papers

demonstrate that approval of the Motions is warranted.  Now that the time for objecting to the Settlement or requesting exclusion from the Class has passed, the reaction of the Class provides strong additional support for granting the Motions.

### A.    THE NOTICE PROGRAM

In accordance with the Preliminary Approval Order, under Lead Counsel's supervision, the Claims Administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), conducted an extensive notice program that included mailing over 950,000 copies of the Notice and Claim Form (together, the "Notice Packet"), publishing the Summary Notice in *Investor's Business Daily* and over the *PR Newswire*, and establishing a settlement website, www.CenturyLinkSecuritiesLitigation, which provides copies of the Notice, Claim Form, and other information and documents.

Epiq began mailing the Notice Packet to potential Class Members and nominees on April 15, 2021.  *See* Sullivan Decl. (ECF No. 369-4), at ¶¶ 3-7.  Through July 13, 2021, a total of 955,207 Notices have been mailed to potential Class Members and nominees.  *See* Supplemental Declaration of Owen F. Sullivan Regarding: (A) Mailing of the Notice and Claim Form and (B) Report on Requests for Exclusion Received ("Supp. Sullivan Decl."), filed herewith, at ¶ 2.  The Notice informed Class Members of the terms of the proposed Settlement and Plan of Allocation, and that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund and for Litigation Expenses not to exceed $2,000,000.  *See* Notice ¶¶ 5, 72.  The Notice also advised Class Members of their right to object to the proposed Settlement, the Plan of Allocation, and/or

the request for attorneys' fees and expenses, or to request exclusion from the Class, and of the June 29, 2021 deadline for doing so. *See id.* at p. 3 and ¶¶ 73-86.

On June 15, 2021, 14 days before the objection and exclusion deadline, Plaintiffs and Lead Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and fee and expense request. These papers are available on the public docket (ECF Nos. 363-370) and on the Settlement website. *See* Supp. Sullivan Decl., ¶ 3.

On June 28, 2021, the Court entered an Amended Notice of Hearing advising that the final Settlement Fairness Hearing scheduled for July 20, 2021 would be conducted via video conference. ECF No. 371. The Claims Administrator updated the Settlement website to inform Class Members that the Settlement Fairness Hearing would be conducted via video conference and that the audio connection information for the hearing would be posted on the Court's website. *See* Supp. Sullivan Decl., ¶ 3.

As noted above, following this notice program, not a single Class Member has objected to the Settlement, Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses. In addition, just 49 requests for exclusion from the Class have been received. *See* Supp. Sullivan Decl. ¶ 5 & Ex. A. Further, of the 49 requests, none were submitted by an institutional investor seeking to bring its own action against Defendants.[2]

---

[2] One request for exclusion was submitted by a foreign bank, Hapoalim (Switzerland) Ltd. In its letter requesting exclusion, Hapoalim states that it is doing so in light of the fact that "all our clients have either transferred to other banks or have closed their accounts and given the fact we are winding down our activity"—not because of any disapproval of the Settlement. All of the other requests for exclusion were submitted by individuals or on behalf of individual trusts.

Notably, the 49 requests for exclusion received represent approximately 0.10% of the estimated number of damaged shares of CenturyLink common stock purchased during the Class Period[3] and approximately 0.005% of the total number of Notices mailed to potential Class Members—a miniscule portion of the Class by any measure. Moreover, in the letters submitted requesting exclusion, none of the individuals who submitted requests for exclusion stated any specific objection to any aspect of the proposed Settlement, the Plan of Allocation, or the requested fees and expenses.[4]

### B.    THE REACTION OF THE CLASS SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION

As set forth in Plaintiffs' opening papers, district courts within the Eighth Circuit consider the "amount of opposition to the settlement" in connection with approval of a proposed class action settlement. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 932 (8th Cir. 2005). Receiving few or no objections to a proposed class action settlement is strong evidence that the settlement is fair and reasonable. *See DeBoer v. Mellon Mortg.*, Co., 64 F.3d 1171, 1178 (8th Cir. 1995) ("The fact that only a handful of class members objected to the settlement similarly weighs in its favor."); *Rawa v. Monsanto Co.,* 2018 WL 2389040, at *7 (E.D. Mo. May 25, 2018), *aff'd*, 934 F.3d 862

---

[3] Based on the information provided in the requests for exclusion, Epiq has determined that the persons and entities requesting exclusion collectively purchased during the Class Period a total of 500,608.437 eligible shares of CenturyLink common stock. *See* Supp. Sullivan Decl. ¶ 5.

[4] While not all of the requests for exclusion include all of the information about trading in CenturyLink common stock or 7.60% Notes as required by the Notice (¶ 73) and three were received after the June 29, 2021 deadline for opting out of the Class, Plaintiffs and Lead Counsel, with the consent of Defendants, request that the Court nonetheless grant all of the requests for exclusion from the Class.

(8th Cir. 2019) (the fact that only one objection to the settlement was received "weighs in favor of approval"); *McClean v. Health Sys., Inc.*, 2015 WL 12426091, at *6 (W.D. Mo. June 1, 2015) (where no class member objected to the settlement, this "lack of opposition clearly supports approval"). Here, the reaction of the Class provides strong support that the settlement is fair and reasonable.

Indeed, it is particularly significant here that no institutional investors—which held approximately 77% of CenturyLink's publicly traded common stock outstanding during the Class Period—have objected to the Settlement. The absence of objections from institutional investors, which have ample means and incentive to object to the Settlement if they deemed it unsatisfactory, is further evidence of the Settlement's fairness. *See, e.g.*, *In re Facebook, Inc. IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018) ("That not one sophisticated institutional investor objected to the Proposed Settlement is indicia of its fairness."); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2017 WL 2481782, at *4 (N.D. Cal. June 8, 2017) (absence of any objections from institutions means that "the inference that the class approves of the settlement is even stronger"); *In re Charter Commc'ns, Inc., Sec. Litig.*, 2005 WL 4045741, at *8 (E.D. Mo. June 30, 2005) (in evaluating the reaction of the class, the court should consider "the absence of objections from other large institutional investors who purchased Charter stock during the Class Period").

The lack of objections from Class Members also supports approval of the Plan of Allocation. *See, e.g.*, *In re Heritage Bond Litig.*, 2005 WL 1594403, at *11 (C.D. June 10, 2005) ("The fact that there has been no objection to this plan of allocation favors approval

of the Settlement."); *Patel v. Axesstel, Inc*., 2015 WL 6458073, at \*7 (S.D. Cal. Oct. 23, 2015) (approving plan of allocation where it "was laid out in detail in the notice, and no class members objected"); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at \*14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

Likewise, the absence of any objections to Lead Counsel's motion for attorneys' fees and expenses supports a finding that the fee and expense reimbursement request is fair and reasonable. *See, e.g., Beaver Cnty. Emps.' Ret. Fund v. Tile Shop Holdings, Inc.*, 2017 WL 2588950, at \*3 (D. Minn. June 14, 2017) ("Not a single Class Member has objected to Class Counsel's motion for attorneys' fees and expenses . . . . The lack of objections is strong evidence that the requested amount of fees and expenses is reasonable."); *Barfield v. Sho-Me Power Elec. Co-op.*, 2015 WL 3460346, at \*5 (W.D. Mo. June 1, 2015) ("The absence of timely objections by . . . Class Members to Class Counsel's fee-and-expense request further supports finding it reasonable."); *9–M Corp. v. Sprint Commc'ns Co. L.P.*, 2012 WL 5495905, at \*3 (D. Minn. Nov. 12, 2012) ("The absence of objections or disapproval by class members to . . . Class Counsel's fee-and-expense request further supports finding it reasonable.").

## II.    LEAD COUNSEL REQUESTS PAYMENT FOR A LITIGATION EXPENSE THAT WAS INADVERTENTLY EXCLUDED FROM ITS OPENING MOTION PAPERS

In connection with the prosecution of the Action, co-Lead Counsel Bernstein Litowitz Berger & Grossmann LLP incurred $10,362.50 in expenses which were

inadvertently not included in Lead Counsel's original June 15, 2021 Motion for Attorneys' Fees and Litigation Expenses. These additional expenses are charges for counsel representing confidential witnesses who provided important information regarding CenturyLink's sales and billing practices, including information cited by the Court in its motion to dismiss opinion, and who provided valuable insight into Defendants' misconduct and guidance in connection with Plaintiffs' discovery efforts, and are similar to those routinely approved by courts. *See* Supplemental Declaration of Michael D. Blatchley, filed herewith, at ¶ 3; *In re Impinj, Inc. Sec. Litig.*, No. 3:18-cv-05704-RSL, slip op. at 1 (W.D. Wash. Nov. 20, 2020), ECF No. 106 (awarding expenses reimbursing class counsel for the costs of paying for independent counsel for third-party witnesses); *In re Willis Towers Watson PLC Proxy Litig.*, No. 1:17-cv-1338-AJT-JFA, slip op. at 2-3 (E.D. Va. May 21, 2021), ECF No. 347 (same). The inclusion of these additional expenses increases the total request for payment of Plaintiffs' Counsel's expenses from $878,413.33 (*see* ECF Nos. 369-5, 369-6) to $888,775.83 (Supp. Blatchley Decl. ¶ 4)—still well below half (and indeed, more than $1 million less than) the amount specified in the Notice, which informed Class Members that Lead Counsel intended to apply for payment of Litigation Expenses in an amount "not to exceed $2,000,000." Notice ¶¶ 5, 72.

## CONCLUSION

For the foregoing reasons and the reasons set forth in their opening papers, Plaintiffs and Lead Counsel respectfully request that the Court approve the Settlement and the Plan of Allocation, and the request for attorneys' fees and litigation expenses (as modified

herein). The proposed Judgment approving the Settlement and proposed Orders approving

the Plan of Allocation and awarding attorneys' fees and expenses are filed herewith.

Dated: July 13, 2021                        Respectfully submitted,

                                            */s/ Michael D. Blatchley*
                                            John C. Browne, NYS Bar No. 3922747
                                            Michael D. Blatchley, NYS Bar No. 4747424
                                            Michael M. Mathai, NYS Bar No. 5166319
                                            **BERNSTEIN LITOWITZ BERGER &**
                                            **GROSSMANN LLP**
                                            1251 Avenue of the Americas
                                            New York, New York 10020
                                            Telephone: (212) 554-1400
                                            Facsimile: (212) 554-1444
                                            johnb@blbglaw.com
                                            michaelb@blbglaw.com
                                            michael.mathai@blbglaw.com

                                            Keith S. Dubanevich, OSB No. 975200
                                            Timothy S. DeJong, OSB No. 940662
                                            Keil M. Mueller, OSB No. 085535
                                            Lydia Anderson-Dana, OSB No. 166167
                                            Megan K. Houlihan, OSB No. 161273
                                            **STOLL STOLL BERNE LOKTING &**
                                            **SHLACHTER P.C.**
                                            209 SW Oak Street, Suite 500
                                            Portland, OR 97204
                                            Telephone: (503) 227-1600
                                            Facsimile: (503) 227-6840
                                            kdubanevich@stollberne.com
                                            tdejong@stollberne.com
                                            kmueller@stollberne.com
                                            landersondana@stollberne.com
                                            mhoulihan@stollberne.com

                                            *Special Assistant Attorneys General and Counsel*
                                            *for Lead Plaintiff the State of Oregon by and*
                                            *through the Oregon State Treasurer and the*
                                            *Oregon Public Employee Retirement Board, on*
                                            *behalf of the Oregon Public Employee Retirement*

-9-

*Fund and Fernando Alberto Vildosola, as trustee for the AUFV Trust U/A/D 02/19/2009, and Lead Counsel for the Class*

Richard A. Lockridge, MN No. 64117
Gregg M. Fishbein, MN No. 202009
Kate M. Baxter-Kauf, MN No. 392037
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue S, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 596-4044
Facsimile: (612) 339-0981
ralockridge@locklaw.com
gmfishbein@locklaw.com
kmbaxter-kauf@locklaw.com

*Liaison Counsel for Lead Plaintiff the State of Oregon by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund and Fernando Alberto Vildosola, as trustee for the AUFV Trust U/A/D 02/19/2009, and Lead Counsel for the Class*

-10-