UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| IN RE: CENTURYLINK SALES PRACTICES AND SECURITIES LITIGATION | MDL No. 17-2795 (MJD/KMM) |
| This Document Relates to: Civil Action No. 18-296 (MJD/KMM) | |

**[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT**

WHEREAS, a consolidated securities class action is pending in this Court entitled *In re: CenturyLink Sales Practices and Securities Litigation*, Civil Action No. 18-296 (MJD/KMM) (the "Action");

WHEREAS, (a) Lead Plaintiff and Class Representative the State of Oregon by and through the Oregon State Treasurer and the Oregon Public Employee Retirement Board, on behalf of the Oregon Public Employee Retirement Fund, and named plaintiff and Class Representative Fernando Alberto Vildosola, as trustee for the AUFV Trust U/A/D 02/19/2009 (collectively, "Plaintiffs"), on behalf of themselves and the class certified by the Court in its Memorandum of Law & Order dated September 14, 2020 (the "Class," as defined below); and (b) defendants CenturyLink, Inc. ("CenturyLink"), Glen F. Post, III, R. Stewart Ewing, Jr., David D. Cole, Karen Puckett, Dean J. Douglas, and G. Clay Bailey (collectively, "Defendants") (Plaintiffs and Defendants, together, the "Parties") have entered into a Stipulation and Agreement of Settlement dated January 29, 2021 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted

against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated March 18, 2021 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on July 20, 2021 (the "Settlement Fairness Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on February 2, 2021; and (b) the Notice and the Summary Notice, both of which were filed with the Court on June 15, 2021.

3. **The Certified Class** – The "Class" means the class certified in the Court's Memorandum of Law & Order dated September 14, 2020, consisting of all persons and entities that purchased or otherwise acquired publicly traded CenturyLink common stock or 7.60% Senior Notes due September 15, 2039 ("7.60% Notes") during the period from March 1, 2013 through July 12, 2017, inclusive (the "Class Period"), and who were damaged thereby. Excluded from the Class are CenturyLink's affiliates and subsidiaries; the Officers and directors of CenturyLink and its subsidiaries and affiliates at all relevant times; members of the Immediate Family of any excluded person; heirs, successors, and assigns of any excluded person or entity; and any entity in which any excluded person has or had a controlling interest. Also excluded from the Class are the persons and entities listed on Exhibit 1 to this Judgment who or which are excluded from the Class pursuant to request.

4. **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the

Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Class; and (vi) their right to appear at the Settlement Fairness Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  There have been no objections to the Settlement.

5.      Defendants have complied with the Class Action Fairness Act of 2005, 28 U.S.C. §1715, *et seq.* ("CAFA").  Defendants timely mailed notice of the Settlement pursuant to 28 U.S.C. §1715(b), including notices to the Attorney General of the United States of America, and the Attorneys General of each State.  The CAFA notice contains the documents and information required by 28 U.S.C. §1715(b)(1)-(8).  The Court finds that Defendants have complied in all respects with the notice requirements of CAFA.

6.      **<u>Final Settlement Approval and Dismissal of Claims</u>** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby

fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class. Specifically, the Court finds that: (a) Plaintiffs and Lead Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7.  The Action and all of the claims asserted against Defendants in the Action by Plaintiffs and the other Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.  **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

5

9. **Releases** – The Releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Plaintiffs and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such only, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing any or all of the Released Plaintiffs' Claims against the Defendants' Releasees in any action or any proceeding in any forum. For the avoidance of doubt, this Release shall not apply to any of the Excluded Plaintiffs' Claims (as that term is defined in paragraph 1(w) of the Stipulation).

(b) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such only, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged any or all of the Released Defendants' Claims against

6

Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from commencing, instituting, asserting, maintaining, enforcing, prosecuting, or otherwise pursuing any or all of the Released Defendants' Claims against the Plaintiffs' Releasees in any action or any proceeding in any forum. For the avoidance of doubt, this Release shall not apply to any of the Excluded Defendants' Claims (as that term is defined in paragraph 1(v) of the Stipulation).

10. Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11. **Bar Order** – Upon the Effective Date of the Settlement, consistent with the PSLRA, 15 U.S.C. § 78u-4(f)(7)(A), the Court hereby permanently bars any and all claims for contribution against Defendants arising out of a Released Plaintiffs' Claim where the alleged injury to the claiming person or entity arises from that person's or entity's liability to the Class or any Class Member (a) by any person or entity against any of the Defendants' Releasees or (b) by any of the Defendants' Releasees against any other person or entity, other than a person or entity whose liability has been extinguished by the Settlement ("Bar Order"), *provided, however*, that the Bar Order shall not bar or release any of the Excluded Plaintiffs' Claims.

12. **Judgment Reduction** – Pursuant to the PSLRA, 15 U.S.C. § 78u-4(f)(7)(B), any final verdict or judgment that may be obtained by or on behalf of the Class or a Class Member against any person or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of Defendants

7

for common damages; or (b) the amount paid by or on behalf of Defendants to the Class or Class Member for common damages.

13. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

14. **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet or the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

15. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion

to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

16. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for an award of attorneys' fees and Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

17. **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Class Members, and Defendants, and Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on November 19, 2020, as provided in the Stipulation.

19. **<u>Entry of Final Judgment</u>** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this _____ day of _____, 2021.

_____
The Honorable Michael J. Davis
United States District Judge

# Exhibit 1

## List of Persons and Entities Excluded from the Class Pursuant to Request

| | | |
|---|---|---|
| 1. | Patrick W. Lynn | Lake Zurich, IL |
| 2. | Jon M. Hall and Lorraine B. Hall | Saint Cloud, FL |
| 3. | Kathleen Luckner | Pittsburgh, PA |
| 4. | Elaine B. Scott Trust Estate | Moline, IL |
| 5. | Frederick W Heiler Sr. TOD Michael D Heiler, subject to STA | Erie, PA |
| 6. | Dorothy M. Spomer, Trustee | Torrance, CA |
| 7. | The Wyne Trust Benjamin L. Wyne, Trustee | Mesa, AZ |
| 8. | Estate of Lester T. Sonner Glenn T. Sonner, Executor | Centereach, NY |
| 9. | Jeanette E. Thornton | North Chesterfield, VA |
| 10. | Conrad Heinemann | Chanhassen, MN |
| 11. | Rosemary Mattli | Litchfield, IL |
| 12. | Mary Lou Yindra | Ivoryton, CT |
| 13. | Charles A. Ballew | Bremerton, WA |
| 14. | Steven R. Schmideler | New Berlin, WI |
| 15. | Alan E. Alt | Morton, IL |
| 16. | Barbara J. Dash | Castle Rock, CO |
| 17. | Edward F. Dash | Castle Rock, CO |
| 18. | Howard Boersma | Portage, WI |
| 19. | Fred L. Sitz | Jonesboro, AR |
| 20. | Rita E. Miller | Timonium, MD |

| | | |
|---|---|---|
| 21. | Peter Kayavas and Charlotte A. Kayavas | Dunnellon, FL |
| 22. | Sally S. Lownsbery | Conestoga, PA |
| 23. | William J. Skoumal, Jr. | Lisle, IL |
| 24. | Annamaria F. Demiris | Woodstock, GA |
| 25. | Grace V. Proctor<br>    James Proctor, Executrix | Rocky Mount, NC |
| 26. | Mary Ellen Haberny | Stamford, CT |
| 27. | Carolyn C. Respess | Ashland, OR |
| 28. | Helen Vangorder | Napa, CA |
| 29. | Michael D. Mukai and Mary C. Mukai | Spokane, WA |
| 30. | Judith L. McLaren | Glen Ellyn, IL |
| 31. | Peter N. Souris and Georgia F. Souris | Gilbert, AZ |
| 32. | Sylvia Hudson (Sylvia Hudson Living Trust) | Oklahoma City, OK |
| 33. | Estate of Stanley C. Schade<br>    Carol A. Schade, Personal Representative | Sisseton, SD |
| 34. | Emily M. Clayton | Bosque Farms, NM |
| 35. | Carolyn H. Lane (Carolyn H. Lane REV TR) | Lafayette, CA |
| 36. | Ellen Agee | Christiansburg, VA |
| 37. | Rebecca L. Starr | Titusville, FL |
| 38. | Carmen C. Kraft (Carmen C. Kraft IRA) | Rio Rico, AZ |
| 39. | McGrath Living Trust U/A Dated April 13, 2001<br>    Gerald R. McGrath (TTE)<br>    Margaret Ann McGrath (TTE) | Savage, MN |
| 40. | Roland R. Shaw and Janet S. Shaw | Wilson, NC |

| | | |
|---|---|---|
| 41. | Kathryn A. Grace Living Trust U/A DTD March 27, 2021<br>    Kathryn A. Grace & Paul J. Grace TTEE | Newport News, VA |
| 42. | Jennifer Berthold | Reedley, CA |
| 43. | Mark S. Clare | Gasport, NY |
| 44. | Harriet W. Campbell | Cutler Bay, FL |
| 45. | Hapoalim (Switzerland) Ltd.<br>    Bank Hapoalim (Schweiz) AG<br>    Bank Hapoalim (Switzerland) Ltd.<br>    Bank Hapoalim (Switzerland) Ltd.-Zurich Head Office<br>    Bank Hapoalim (Switzerland) Limited-Zurich Branch<br>    Bank Hapoalim (Switzerland) Geneva Branch<br>    Bank Hapoalim (Switzerland) Luxembourg Branch<br>    Bank Hapoalim (Switzerland) Singapore Branch<br>    Hapoalim (Switzerland) Ltd., and all subsidiaries and branches | Zurich, Switzerland |
| 46. | Anne M. Clifford | Norristown, PA |
| 47. | Caroline Plante<br>    Jeanne M. Prestel, POA | Colorado Springs, CO |
| 48. | Carmen A. Cerza | Virginia Beach, VA |
| 49. | Joseph D. Russo and Helene L. Oback-Russo | New York, NY |